# EXHIBIT E

# Firm Resume

## Robbins Geller
## Rudman & Dowd LLP



Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") is a 200-lawyer firm with offices in Atlanta, Boca Raton, Chicago, Manhattan, Melville, Nashville, San Diego, San Francisco, Philadelphia and Washington, D.C. (www.rgrdlaw.com). The Firm is actively engaged in complex litigation, emphasizing securities, consumer, antitrust, insurance, healthcare, human rights and employment discrimination class actions, as well as intellectual property disputes. The Firm's unparalleled experience and capabilities in these fields are based upon the talents of its attorneys, who have successfully prosecuted thousands of class action lawsuits and numerous individual cases, recovering billions of dollars.

This successful track record stems from our experienced attorneys, including many who came to the Firm from federal or state law enforcement agencies. The Firm also includes several dozen former federal and state judicial clerks.

The Firm currently represents more institutional investors, including public and multi-employer pension funds and domestic and international financial institutions, in securities and corporate litigation than any other plaintiffs' securities law firm in the United States.

The Firm is committed to practicing law with the highest level of integrity in an ethical and professional manner. We are a diverse firm with lawyers and staff from all walks of life. Our lawyers and other employees are hired and promoted based on the quality of their work and their ability to treat others with respect and dignity.

We strive to be good corporate citizens and work with a sense of global responsibility. Contributing to our communities and environment is important to us. We often take cases on a pro bono basis and are committed to the rights of workers and to the extent possible, we contract with union vendors. We care about civil rights, workers' rights and treatment, workplace safety and environmental protection. Indeed, while we have built a reputation as the finest securities and consumer class action law firm in the nation, our lawyers have also worked tirelessly in less high-profile, but no less important, cases involving human rights and other social issues.

## Practice Areas and Services

### Securities Fraud

As recent corporate scandals demonstrate clearly, it has become all too common for companies and their executives – often with the help of their advisors, such as bankers, lawyers and accountants – to manipulate the market price of their securities by misleading the public about the company's financial condition or prospects for the future. This misleading information has the effect of artificially inflating the price of the company's securities above their true value. When the underlying truth is eventually revealed, the prices of these securities plummet, harming those innocent investors who relied upon the company's misrepresentations.

### TABLE OF CONTENTS

PRACTICE AREAS AND SERVICES     1
Securities Fraud ................................ 1
Shareholder Derivative and Corporate Governance Litigation . 5
Options Backdating Litigation ....... 7
Corporate Takeover Litigation ....... 8
Insurance .......................................... 9
Antitrust ......................................... 11
Consumer Fraud............................. 12
Intellectual Property...................... 13
Pro Bono ......................................... 14
Human Rights, Labor Practices and Public Policy........................... 15
Environment and Public Health ... 16
E-Discovery .................................... 17

INSTITUTIONAL CLIENTS     17
Public Fund Clients ....................... 17
Multi-Employer Clients................. 18
International Investors .................. 19
Additional Institutional Investors. 20

PROMINENT CASES, PRECEDENT-SETTING DECISIONS AND JUDICIAL COMMENDATIONS     20
Prominent Cases............................ 20

PRECEDENT-SETTING DECISIONS     27
Investor and Shareholder Rights 27
Insurance ........................................ 30
Consumer Protection.................... 30
Additional Judicial Commendations ............................. 32

ATTORNEY BIOGRAPHIES     35
Partners ........................................ 35
Of Counsel .................................... 59
Special Counsel ............................ 67
Forensic Accountants .................. 68

Robbins Geller is the leader in the fight to protect investors from corporate securities fraud.  We utilize a wide range of federal and state laws to provide investors with remedies, either by bringing a class action on behalf of all affected investors or, where appropriate, by bringing individual cases.

The Firm's reputation for excellence has been repeatedly noted by courts and has resulted in the appointment of Firm attorneys to lead roles in hundreds of complex class-action securities and other cases.   In the securities area alone, the Firm's attorneys have been responsible for a number of outstanding recoveries on behalf of investors.  Currently, Robbins Geller attorneys are lead or named counsel in hundreds of securities class action or large institutional-investor cases.  Some notable current and past cases include:

- ▪ *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.).  Robbins Geller attorneys and lead plaintiff The Regents of the University of California aggressively pursued numerous defendants, including many of Wall Street's biggest banks, and successfully obtained settlements in excess of *$7.3 billion* for the benefit of investors.  *This is the largest aggregate class action settlement not only in a securities class action, but in class action history*.

- ▪ *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D. Ill.).   Sole lead counsel Robbins Geller obtained a jury verdict on May 7, 2009, following a six-week trial in the Northern District of Illinois, on behalf of a class of investors led by plaintiffs PACE Industry Union-Management Pension Fund, the International Union of Operating Engineers, Local No. 132 Pension Plan, and Glickenhaus & Company.  On October 17, 2013, U.S. District Judge Ronald A. Guzman entered a judgment of $2.46 billion – *the largest judgment following a securities fraud class action trial in history* – against Household International (now HSBC Finance Corporation) and three of its former top executives, William Aldinger, David Schoenholz and Gary Gilmer.  The judgment has been remanded on appeal to retry certain aspects of the verdict.  Since the enactment of the PSLRA in 1995, trials in securities fraud cases have been rare.  Only a handful of such cases have gone to verdict since the passage of the PSLRA.

- ▪ *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.).  In the UnitedHealth case, Robbins Geller represented the California Public Employees' Retirement System ("CalPERS") and demonstrated its willingness to vigorously advocate for its institutional clients, even under the most difficult circumstances.  The Firm obtained an $895 million recovery on behalf of the UnitedHealth shareholders and former CEO William A. McGuire paid $30 million and returned stock options representing more than three million shares to the shareholders, bringing the total recovery for the class to over $925 million, the largest stock option backdating recovery ever, and *a recovery which is more than four times larger than the next largest options backdating recovery*.  Moreover, Robbins Geller obtained unprecedented corporate governance reforms, including election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired by executives via option exercise, and executive compensation reforms which tie pay to performance.

- ▪ *Alaska Elec. Pension Fund v. CitiGroup, Inc. (In re WorldCom Sec. Litig.)*, No. 03 Civ. 8269 (S.D.N.Y.).  Robbins Geller attorneys represented more than 50 private and public institutions that opted out of the class action case and sued WorldCom's bankers, officers and directors, and auditors in courts around the country for losses related to WorldCom bond offerings from 1998 to 2001.  The Firm's attorneys recovered more than $650 million for their clients, substantially more than they would have recovered as part of the class.

- ▪ *Luther v. Countrywide Fin. Corp.*, No. 12-cv-05125 (C.D. Cal.).  Robbins Geller attorneys secured a $500 million settlement for institutional and individual investors in what is the largest RMBS purchaser class action settlement in history, and one of the largest class action securities settlements of all time.  The unprecedented settlement resolves claims against Countrywide and Wall Street banks that issued the securities.  The action was the first securities class action case filed against originators and Wall Street banks as a result of the credit crisis.  As co-lead counsel Robbins Geller forged through six years of hard-fought litigation, oftentimes litigating issues of first impression, in order to secure the landmark settlement for its clients and the class.

- *In re Wachovia Preferred Sec. & Bond/Notes Litig.*, No. 09-cv-06351 (S.D.N.Y.).  On behalf of investors in bonds and preferred securities issued between 2006 and 2008, Robbins Geller and co-counsel obtained a significant settlement with Wachovia successor Wells Fargo & Company and Wachovia auditor KPMG LLP.  *The total settlement – $627 million – is the largest recovery under the Securities Act of 1933 and one of the 15 largest securities class action recoveries in history*. The settlement is also one of the biggest securities class action recoveries arising from the credit crisis. The lawsuit focused on Wachovia's exposure to "pick-a-pay" loans, which the bank's offering materials said were of "pristine credit quality," but which were actually allegedly made to subprime borrowers, and which ultimately massively impaired the bank's mortgage portfolio.  Robbins Geller served as co-lead counsel representing the City of Livonia Employees' Retirement System, Hawaii Sheet Metal Workers Pension Fund, and the investor class.

- *In re Cardinal Health, Inc. Sec. Litig.*, No. C2-04-575 (S.D. Ohio).  As sole lead counsel representing Cardinal Health shareholders, Robbins Geller obtained a recovery of $600 million for investors on behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, and the California Ironworkers Field Trust Fund.  At the time, the $600 million settlement was the tenth-largest settlement in the history of securities fraud litigation and is the largest-ever recovery in a securities fraud action in the Sixth Circuit.

- *AOL Time Warner Cases I & II*, JCCP Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles Cty.).  Robbins Geller represented The Regents of the University of California, six Ohio state pension funds, Rabo Bank (NL), the Scottish Widows Investment Partnership, several Australian public and private funds, insurance companies, and numerous additional institutional investors, both domestic and international, in state and federal court opt-out litigation stemming from Time Warner's disastrous 2001 merger with Internet high flier America Online.  After almost four years of litigation involving extensive discovery, the Firm secured combined settlements for its opt-out clients totaling over $629 million just weeks before The Regents' case pending in California state court was scheduled to go to trial.  The Regents' gross recovery of $246 million is the largest individual opt-out securities recovery in history.

- *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500-S (N.D. Ala.).  As court-appointed co-lead counsel, Robbins Geller attorneys obtained a combined recovery of $671 million from HealthSouth, its auditor Ernst & Young, and its investment banker, UBS, for the benefit of stockholder plaintiffs.  The settlement against HealthSouth represents one of the larger settlements in securities class action history and is considered among the top 15 settlements achieved after passage of the PSLRA.  Likewise, the settlement against Ernst & Young is one of the largest securities class action settlements entered into by an accounting firm since the passage of the PSLRA.

- *Jones v. Pfizer Inc.*, No. 1:10-cv-03864 (S.D.N.Y.).  Lead plaintiff Stichting Philips Pensioenfonds obtained a $400 million settlement on behalf of class members who purchased Pfizer Inc. common stock during the January 19, 2006 to January 23, 2009 class period.  The settlement against Pfizer resolves accusations that it misled investors about an alleged off-label drug marketing scheme.  As sole lead counsel, Robbins Geller attorneys helped achieve this exceptional result after five years of hard-fought litigation against the toughest and the brightest members of the securities defense bar by litigating this case all the way to trial.

- *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.).  As sole lead counsel representing The Regents of the University of California and the class of Dynegy investors, Robbins Geller attorneys obtained a combined settlement of $474 million from Dynegy, Citigroup, Inc. and Arthur Andersen LLP for their involvement in a clandestine financing scheme known as Project Alpha.  Most notably, the settlement agreement provides that Dynegy will appoint two board members to be nominated by The Regents, which Robbins Geller and The Regents believe will benefit all of Dynegy's stockholders.

- *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.).  In July 2001, the Firm filed the initial complaint in this action on behalf of its clients, long before any investigation into Qwest's financial statements was initiated by the SEC or Department of Justice.  After five years of litigation, lead plaintiffs entered into a settlement with Qwest and certain individual defendants that

provided a $400 million recovery for the class and created a mechanism that allowed the vast majority of class members to share in an additional $250 million recovered by the SEC. In 2008, Robbins Geller attorneys recovered an additional $45 million for the class in a settlement with defendants Joseph P. Nacchio and Robert S. Woodruff, the CEO and CFO, respectively, of Qwest during large portions of the class period.

- *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701 (S.D.N.Y.). Robbins Geller attorneys served as lead counsel for a class of investors and obtained court approval of a $388 million recovery in nine 2007 residential mortgage-backed securities offerings issued by J.P. Morgan. The settlement represents, on a percentage basis, the largest recovery ever achieved in an MBS purchaser class action. The result was achieved after more than five years of hard-fought litigation and an extensive investigation.

- *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.). Robbins Geller attorneys served as lead counsel for a class of investors that purchased AT&T common stock. The case charged defendants AT&T and its former Chairman and CEO, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, the largest IPO in American history. After two weeks of trial, and on the eve of scheduled testimony by Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million.

- *Silverman v. Motorola, Inc.*, No. 1:07-cv-04507 (N.D. Ill.). The Firm served as lead counsel on behalf of a class of investors in Motorola, Inc., ultimately recovering $200 million for investors just two months before the case was set for trial. This outstanding result was obtained despite the lack of an SEC investigation or any financial restatement.

- *Nieman v. Duke Energy Corp.*, No. 3:12-cv-00456 (W.D.N.C.). Robbins Geller, along with co-counsel, obtained a $146.25 million settlement on behalf of Duke Energy Corporation investors. The settlement resolves accusations that defendants misled investors regarding Duke's future leadership following its merger with Progress Energy, Inc., and specifically, their premeditated coup to oust William D. Johnson (CEO of Progress) and replace him with Duke's then-CEO, John Rogers. This historic settlement represents the largest recovery ever in a North Carolina securities fraud action, and one of the five largest recoveries in the Fourth Circuit.

- *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122 (D. Kan.). As co-lead counsel, Robbins Geller obtained a $131 million recovery for a class of Sprint investors. The settlement, secured after five years of hard-fought litigation, resolved claims that former Sprint executives misled investors concerning the success of Sprint's ill-advised merger with Nextel and the deteriorating credit quality of Sprint's customer base, artificially inflating the value of Sprint's securities.

- *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-cv-00882 (M.D. Tenn.). In the *Psychiatric Solutions* case, Robbins Geller represented lead plaintiff and class representative Central States, Southeast and Southwest Areas Pension Fund in litigation spanning more than four years. Psychiatric Solutions and its top executives were accused of insufficiently staffing their in-patient hospitals, downplaying the significance of regulatory investigations and manipulating their malpractice reserves. Just days before trial was set to commence, attorneys from Robbins Geller achieved a $65 million settlement which was the third-largest securities recovery ever in the district and the largest in a decade.

- *In re St. Jude Med., Inc. Sec. Litig.*, No. 0:10-cv-00851 (D. Minn.). After four and one half years of litigation and mere weeks before the jury selection, Robbins Geller obtained a $50 million settlement on behalf of investors in medical device company St. Jude Medical. The settlement resolves accusations that St. Jude Medical misled investors by utilizing heavily discounted end-of-quarter bulk sales to meet quarterly expectations, which created a false picture of demand by increasing customer inventory due of St. Jude Medical devices. The complaint alleged that the risk of St. Jude Medical's reliance on such bulk sales manifested when it failed to meet its forecast guidance for the third quarter of 2009, which the company had reaffirmed only weeks earlier.

Robbins Geller's securities practice is also strengthened by the existence of a strong appellate department, whose collective work has established numerous legal precedents.  The securities practice also utilizes an extensive group of in-house economic and damage analysts, investigators and forensic accountants to aid in the prosecution of complex securities issues.

## Shareholder Derivative and Corporate Governance Litigation

The Firm's shareholder derivative and corporate governance practice is focused on preserving corporate assets and enhancing long-term shareowner value.  Shareowner derivative actions are often brought by institutional investors to vindicate the rights of the corporation injured by its executives' misconduct, which can effect violations of the nation's securities, anti-corruption, false claims, cyber-security, labor, environmental and/or health & safety laws.

Robbins Geller attorneys have aided Firm clients in significantly enhancing shareowner value by obtaining hundreds of millions of dollars in financial clawbacks and successfully negotiating corporate governance enhancements.  Robbins Geller has worked with its institutional clients to address corporate misconduct such as options backdating, bribery of foreign officials, pollution, off-label marketing, and insider trading and related self-dealing.  Additionally, the Firm works closely with noted corporate governance consultants Robert Monks, Richard Bennett and their firm, ValueEdge Advisors LLC, to shape corporate governance practices that will benefit shareowners.

Robbins Geller's efforts have conferred substantial benefits upon shareowners, and the market effect of these benefits measures in the billions of dollars.  The Firm's significant achievements include:

- *City of Westland Police and Fire Retirement System v. Stumpf (Wells Fargo Derivative Litigation)*, No. 3:11-cv-02369 (N.D. Cal.).  Prosecuted shareholder derivative action on behalf of Wells Fargo & Co. alleging that Wells Fargo's executives allowed participation in the mass-processing of home foreclosure documents by engaging in widespread robo-signing, *i.e.*, the execution and submission of false legal documents in courts across the country without verification of their truth or accuracy, and failed to disclose Wells Fargo's lack of cooperation in a federal investigation into the bank's mortgage and foreclosure practices.  In settlement of the action, Wells Fargo agreed to provide $67 million in homeowner down-payment assistance, credit counseling and improvements to its mortgage servicing system.  The initiatives will be concentrated in cities severely impacted by the bank's foreclosure practices and the ensuing mortgage foreclosure crisis.  Additionally, Wells Fargo agreed to change its procedures for reviewing shareholder proposals and a strict ban on stock pledges by Wells Fargo board members.

- *In re Ormat Techs., Inc. Derivative Litig.*, No. CV10-00759 (Nev. Dist. Ct., Washoe Cty.).  Robbins Geller brought derivative claims for breach of fiduciary duty and unjust enrichment against the directors and certain officers of Ormat Technologies, Inc., a leading geothermal and recovered energy power business.  During the relevant time period, these Ormat insiders caused the company to engage in accounting manipulations that ultimately required restatement of the company's financial statements. The settlement in this action includes numerous corporate governance reforms designed to, among other things: (i) increase director independence; (ii) provide continuing education to directors; (iii) enhance the company's internal controls; (iv) make the company's board more independent; and (iv) strengthen the company's internal audit function.

- *In re Ormat Techs., Inc. Derivative Litig.*, No. CV10-00759 (Nev. Dist. Ct., Washoe Cty.).  Robbins Geller brought derivative claims for breach of fiduciary duty and unjust enrichment against the directors and certain officers of Ormat Technologies, Inc., a leading geothermal and recovered energy power business.  During the relevant time period, these Ormat insiders caused the company to engage in accounting manipulations that ultimately required restatement of the company's financial statements. The settlement in this action includes numerous corporate governance reforms designed to, among other things: (i) increase director independence; (ii) provide continuing education to directors; (iii) enhance the company's internal controls; (iv) make the company's board more independent; and (iv) strengthen the company's internal audit function.

- ***In re Alphatec Holdings, Inc. Derivative S'holder Litig.***, No. 37-2010-00058586 (Cal. Super. Ct., San Diego Cty.).  Obtained sweeping changes to Alphatec's governance, including separation of the Chairman and CEO positions, enhanced conflict of interest procedures to address related-party transactions, rigorous director independence standards requiring that at least a majority of directors be outside independent directors, and ongoing director education and training.

- ***In re Finisar Corp. Derivative Litig.***, No. C-06-07660 (N.D. Cal.).  Prosecuted shareholder derivative action on behalf of Finisar against certain of its current and former directors and officers for engaging in an alleged nearly decade-long stock option backdating scheme that was alleged to have inflicted substantial damage upon Finisar.  After obtaining a reversal of the district court's order dismissing the complaint for failing to adequately allege that a pre-suit demand was futile, Robbins Geller lawyers successfully prosecuted the derivative claims to resolution obtaining over $15 million in financial clawbacks for Finisar.  Robbins Geller attorneys also obtained significant changes to Finisar's stock option granting procedures and corporate governance.  As a part of the settlement, Finisar agreed to ban the repricing of stock options without first obtaining specific shareholder approval, prohibit the retrospective selection of grant dates for stock options and similar awards, limit the number of other boards on which Finisar directors may serve, require directors to own a minimum amount of Finisar shares, annually elect a Lead Independent Director whenever the position of Chairman and CEO are held by the same person, and require the board to appoint a Trading Compliance officer responsible for ensuring compliance with Finisar's insider trading policies.

- ***Loizides v. Schramm (Maxwell Technology Derivative Litigation)***, No. 37-2010-00097953 (Cal. Super. Ct., San Diego Cty.).  Prosecuted shareholder derivative claims arising from the company's alleged violations of the Foreign Corrupt Practices Act of 1977 ("FCPA").  As a result of Robbins Geller's efforts, Maxwell insiders agreed to adopt significant changes in Maxwell's internal controls and systems designed to protect Maxwell against future potential violations of the FCPA.  These corporate governance changes included, establishing the following, among other things: a compliance plan to improve board oversight of Maxwell's compliance processes and internal controls; a clear corporate policy prohibiting bribery and subcontracting kickbacks, whereby individuals are accountable; mandatory employee training requirements, including the comprehensive explanation of whistleblower provisions, to provide for confidential reporting of FCPA violations or other corruption; enhanced resources and internal control and compliance procedures for the audit committee to act quickly if an FCPA violation or other corruption is detected; an FCPA and Anti-Corruption Compliance department that has the authority and resources required to assess global operations and detect violations of the FCPA and other instances of corruption; a rigorous ethics and compliance program applicable to all directors, officers and employees, designed to prevent and detect violations of the FCPA and other applicable anti-corruption laws; an executive-level position of Chief Compliance Officer with direct board-level reporting responsibilities, who shall be responsible for overseeing and managing compliance issues within the company; a rigorous insider trading policy buttressed by enhanced review and supervision mechanisms and a requirement that all trades are timely disclosed; and enhanced provisions requiring that business entities are only acquired after thorough FCPA and anti-corruption due diligence by legal, accounting and compliance personnel at Maxwell.

- ***In re SciClone Pharm., Inc. S'holder Derivative Litig.***, No. CIV 499030 (Cal. Super Ct., San Mateo Cty.).  Robbins Geller attorneys successfully prosecuted the derivative claims on behalf of nominal party SciClone Pharmaceuticals, Inc., resulting in the adoption of state-of-the-art corporate governance reforms.  The corporate governance reforms included the establishment of an FCPA compliance coordinator; the adoption of an FCPA compliance program and code; and the adoption of additional internal controls and compliance functions.

- ***Policemen & Firemen Ret. Sys. of the City of Detroit v. Cornelison (Halliburton Derivative Litigation)***, No. 2009-29987 (Tex. Dist. Ct., Harris Cty.).  Prosecuted shareholder derivative claims on behalf of Halliburton Company against certain Halliburton insiders for breaches of fiduciary duty arising from Halliburton's alleged violations of the FCPA.  In the settlement, Halliburton agreed, among other things, to adopt strict intensive controls and systems designed to detect and deter the payment of bribes and other improper payments to foreign officials, to enhanced executive

compensation clawback, director stock ownership requirements, a limitation on the number of other boards that Halliburton directors may serve, a lead director charter, enhanced director independence standards, and the creation of a management compliance committee.

- *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.).  In the *UnitedHealth* case, our client, CalPERS, obtained sweeping corporate governance improvements, including the election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired by executives via option exercises, as well as executive compensation reforms that tie pay to performance.  In addition, the class obtained $925 million, the largest stock option backdating recovery ever and four times the next largest options backdating recovery.

- *In re Fossil, Inc. Derivative Litig.*, No. 3:06-cv-01672 (N.D. Tex.).  The settlement agreement included the following corporate governance changes: declassification of elected board members; retirement of three directors and addition of five new independent directors; two-thirds board independence requirements; corporate governance guidelines providing for "Majority Voting" election of directors; lead independent director requirements; revised accounting measurement dates of options; addition of standing finance committee; compensation clawbacks; director compensation standards; revised stock option plans and grant procedures; limited stock option granting authority, timing and pricing; enhanced education and training; and audit engagement partner rotation and outside audit firm review.

- *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Sinegal (Costco Derivative Litigation)*, No. 2:08-cv-01450 (W.D. Wash.).  The parties agreed to settlement terms providing for the following corporate governance changes: the amendment of Costco's bylaws to provide "Majority Voting" election of directors; the elimination of overlapping compensation and audit committee membership on common subject matters; enhanced Dodd-Frank requirements; enhanced internal audit standards and controls, and revised information-sharing procedures; revised compensation policies and procedures; revised stock option plans and grant procedures; limited stock option granting authority, timing and pricing; and enhanced ethics compliance standards and training.

- *In re F5 Networks, Inc. Derivative Litig.*, No. C-06-0794 (W.D. Wash.).  The parties agreed to the following corporate governance changes as part of the settlement: revised stock option plans and grant procedures; limited stock option granting authority, timing and pricing; "Majority Voting" election of directors; lead independent director requirements; director independence standards; elimination of director perquisites; and revised compensation practices.

## Options Backdating Litigation

As has been widely reported in the media, the stock options backdating scandal suddenly engulfed hundreds of publicly traded companies throughout the country in 2006.  Robbins Geller was at the forefront of investigating and prosecuting options backdating derivative and securities cases.  The Firm has recovered over $1 billion in damages on behalf of injured companies and shareholders.

- *In re KLA-Tencor Corp. S'holder Derivative Litig.*, No. C-06-03445 (N.D. Cal.).  After successfully opposing the special litigation committee of the board of directors' motion to terminate the derivative claims, Robbins Geller recovered $43.6 million in direct financial benefits for KLATencor, including $33.2 million in cash payments by certain former executives and their directors' and officers' insurance carriers.

- *In re Marvell Technology Grp. Ltd. Derivative Litig.*, No. C-06-03894 (N.D. Cal.).  Robbins Geller recovered $54.9 million in financial benefits, including $14.6 million in cash, for Marvell, in addition to extensive corporate governance reforms related to Marvell's stock option granting practices, board of directors' procedures and executive compensation.

- *In re KB Home S'holder Derivative Litig.*, No. 06-CV-05148 (C.D. Cal.).  Robbins Geller served as co-lead counsel for the plaintiffs and recovered more than $31 million in financial benefits, including

$21.5 million in cash, for KB Home, plus substantial corporate governance enhancements relating to KB Home's stock option granting practices, director elections and executive compensation practices.

## Corporate Takeover Litigation

Robbins Geller has earned a reputation as the leading law firm in representing shareholders in corporate takeover litigation.  Through its aggressive efforts in prosecuting corporate takeovers, the Firm has secured for shareholders billions of dollars of additional consideration as well as beneficial changes for shareholders in the context of mergers and acquisitions.

The Firm regularly prosecutes merger and acquisition cases post-merger, often through trial, to maximize the benefit for its shareholder class.  Some of these cases include:

- *In re Kinder Morgan, Inc. S'holders Litig.*, No. 06-C-801 (Kan. Dist. Ct., Shawnee Cty.).  In the largest recovery ever for corporate takeover litigation, the Firm negotiated a settlement fund of $200 million in 2010.

- I*n re Dole Food Co., Inc. Stockholder Litig.*, No. 8703-VCL (Del. Ch.).  Robbins Geller and co-counsel went to trial in the Delaware Court of Chancery on claims of breach of fiduciary duty on behalf of Dole Food Co., Inc. shareholders.  The litigation challenged the 2013 buyout of Dole by its billionaire Chief Executive Officer and Chairman, David H. Murdock.  On August 27, 2015, the court issued a post-trial ruling that Murdock and fellow director C. Michael Carter – who also served as Dole's General Counsel, Chief Operating Officer and Murdock's top lieutenant – had engaged in fraud and other misconduct in connection with the buyout and are liable to Dole's former stockholders for over $148 million, the largest trial verdict ever in a class action challenging a merger transaction.

- *In re Rural Metro Corp. Stockholders Litig.*, No. 6350-VCL (Del. Ch.).  Robbins Geller and its co-counsel were appointed lead counsel in this case after successfully objecting to an inadequate settlement that did not take into account evidence of defendants' conflicts of interest.  In a post-trial opinion, Delaware Vice Chancellor J. Travis Laster found defendant RBC Capital Markets, LLC liable for aiding and abetting Rural/Metro's board of directors' fiduciary duty breaches in the $438 million buyout of Rural/Metro, citing "the magnitude of the conflict between RBC's claims and the evidence."  RBC was ordered to pay nearly $100 million as a result of its wrongdoing, among the largest damage awards ever obtained against a bank over its role as a deal adviser.

- *In re Del Monte Foods Co. S'holders Litig.*, No. 6027-VCL (Del. Ch.).  Robbins Geller exposed the unseemly practice by investment bankers of participating on both sides of large merger and acquisition transactions and ultimately secured an $89 million settlement for shareholders of Del Monte.  For efforts in achieving these results, the Robbins Geller lawyers prosecuting the case were named Attorneys of the Year by *California Lawyer* magazine in 2012.

- *In re Chaparral Res., Inc. S'holders Litig.*, No. 2633-VCL (Del. Ch.).  After a full trial and a subsequent mediation before the Delaware Chancellor, the Firm obtained a common fund settlement of $41 million (or 45% increase above merger price) for both class and appraisal claims.

- *In re TD Banknorth S'holders Litig.*, No. 2557-VCL (Del. Ch.).  After objecting to a modest recovery of just a few cents per share, the Firm took over the litigation and obtained a common fund settlement of $50 million.

- *In re eMachines, Inc. Merger Litig.*, No. 01-CC-00156 (Cal. Super. Ct., Orange Cty.).  After four years of litigation, the Firm secured a common fund settlement of $24 million on the brink of trial.

- *In re Prime Hospitality, Inc. S'holders Litig.*, No. 652-N (Del. Ch.).  The Firm objected to a settlement that was unfair to the class and proceeded to litigate breach of fiduciary duty issues involving a sale of hotels to a private equity firm.  The litigation yielded a common fund of $25 million for shareholders.

- *In re Dollar Gen. Corp. S'holder Litig.*, No. 07MD-1 (Tenn. Cir. Ct., Davidson Cty.).  As lead counsel, the Firm secured a recovery of up to $57 million in cash for former Dollar General shareholders on the eve of trial.

- *In re UnitedGlobalCom, Inc. S'holder Litig.*, No. 1012-VCS (Del. Ch.).  The Firm secured a common fund settlement of $25 million just weeks before trial.

- *Harrah's Entertainment*, No. A529183 (Nev. Dist. Ct., Clark Cty.).  The Firm's active prosecution of the case on several fronts, both in federal and state court, assisted Harrah's shareholders in securing an additional $1.65 billion in merger consideration.

- *In re Chiron S'holder Deal Litig.*, No. RG 05-230567 (Cal. Super. Ct., Alameda Cty.).  The Firm's efforts helped to obtain an additional $800 million in increased merger consideration for Chiron shareholders.

- *In re PeopleSoft, Inc. S'holder Litig.*, No. RG-03100291 (Cal. Super. Ct., Alameda Cty.).  The Firm successfully objected to a proposed compromise of class claims arising from takeover defenses by PeopleSoft, Inc. to thwart an acquisition by Oracle Corp., resulting in shareholders receiving an increase of over $900 million in merger consideration.

- *ACS S'holder Litig.*, No. CC-09-07377-C (Tex. Cty. Ct., Dallas Cty.).  The Firm forced ACS's acquirer, Xerox, to make significant concessions by which shareholders would not be locked out of receiving more money from another buyer.

## Insurance

Fraud and collusion in the insurance industry by executives, agents, brokers, lenders and others is one of the most costly crimes in the United States.  Some experts have estimated the annual cost of white collar crime in the insurance industry to be over $120 billion nationally.  Recent legislative proposals seek to curtail anti-competitive behavior within the industry.  However, in the absence of comprehensive regulation, Robbins Geller has played a critical role as private attorney general in protecting the rights of consumers against insurance fraud and other unfair business practices within the insurance industry.

Robbins Geller attorneys have long been at the forefront of litigating race discrimination issues within the life insurance industry.  For example, the Firm has fought the practice by certain insurers of charging African-Americans and other people of color more for life insurance than similarly situated Caucasians.  The Firm recovered over $400 million for African-Americans and other minorities as redress for civil rights abuses, including landmark recoveries in *McNeil v. American General Life & Accident Insurance Company*; *Thompson v. Metropolitan Life Insurance Company*; and *Williams v. United Insurance Company of America*.

The Firm's attorneys fight on behalf of elderly victims targeted for the sale of deferred annuity products with hidden sales loads and illusory bonus features.  Sales agents for life insurance companies such as Allianz Life Insurance Company of North America, Midland National Life Insurance Company, and National Western Life Insurance Company targeted senior citizens for these annuities with lengthy investment horizons and high sales commissions.  The Firm recovered millions of dollars for elderly victims and seeks to ensure that senior citizens are afforded full and accurate information regarding deferred annuities.

Robbins Geller attorneys also stopped the fraudulent sale of life insurance policies based on misrepresentations about how the life insurance policy would perform, the costs of the policy, and whether premiums would "vanish." Purchasers were also misled about the financing of a new life insurance policy, falling victim to a "replacement" or "churning" sales scheme where they were convinced to use loans, partial surrenders or withdrawals of cash values from an existing permanent life insurance policy to purchase a new policy.

- **Brokerage "Pay to Play" Cases**.  On behalf of individuals, governmental entities, businesses, and non-profits, Robbins Geller has sued the largest commercial and employee benefit insurance brokers and insurers for unfair and deceptive business practices.  While purporting to provide independent, unbiased advice as to the best policy, the brokers failed to adequately disclose that they had entered

into separate "pay to play" agreements with certain third-party insurance companies. These agreements provide additional compensation to the brokers based on such factors as profitability, growth and the volume of insurance that they place with a particular insurer, and are akin to a profit-sharing arrangement between the brokers and the insurance companies. These agreements create a conflict of interest since the brokers have a direct financial interest in selling their customers only the insurance products offered by those insurance companies with which the brokers have such agreements.

Robbins Geller attorneys were among the first to uncover and pursue the allegations of these practices in the insurance industry in both state and federal courts. On behalf of the California Insurance Commissioner, the Firm brought an injunctive case against the biggest employee benefit insurers and local San Diego brokerage, ULR, which resulted in major changes to the way they did business. The Firm also sued on behalf of the City and County of San Francisco to recover losses due to these practices. Finally, Robbins Geller represents a putative nationwide class of individuals, businesses, employers, and governmental entities against the largest brokerage houses and insurers in the nation. To date, the Firm has obtained over $200 million on behalf of policyholders and enacted landmark business reforms.

- **Discriminatory Credit Scoring and Redlining Cases**. Robbins Geller attorneys have prosecuted cases concerning countrywide schemes of alleged discrimination carried out by Nationwide, Allstate, and other insurance companies against African-American and other persons of color who are purchasers of homeowner and automobile insurance policies. Such discrimination includes alleged redlining and the improper use of "credit scores," which disparately impact minority communities. Plaintiffs in these actions have alleged that the insurance companies' corporate-driven scheme of intentional racial discrimination includes refusing coverage and/or charging them higher premiums for homeowners and automobile insurance. On behalf of the class of aggrieved policyholders, the Firm has recovered over $400 million for these predatory and racist policies.

- **Senior Annuities**. Robbins Geller has prosecuted numerous cases against insurance companies and their agents who targeted senior citizens for the sale of deferred annuities. Plaintiffs alleged that the insurers misrepresented or failed to disclose to senior consumers material facts concerning the costs associated with their fixed and equity indexed deferred annuities and enticed seniors to buy the annuities by promising them illusory up-front bonuses. As a result of the Firm's efforts, hundreds of millions of dollars in economic relief has been made available to seniors who have been harmed by these practices. Notable recoveries include:

  - *Negrete v. Allianz Life Ins. Co. of N. Am.*, No. CV-05-6838 (C.D. Cal.). Robbins Geller attorneys served as co-lead counsel on behalf of a nationwide RICO class consisting of over 200,000 senior citizens who had purchased deferred annuities issued by Allianz Life Insurance Company of North America. In March 2015, after nine years of litigation, District Judge Christina A. Snyder granted final approval of a class action settlement that made available in excess of $250 million in cash payments and other benefits to class members. In approving the settlement, the Court praised the effort of the Firm and noted that "counsel has represented their clients with great skill and they are to be complimented."

  - *In re Am. Equity Annuity Practices & Sales Litig.*, No. CV-05-6735 (C.D. Cal.). As co-lead counsel, Robbins Geller attorneys secured a settlement that made available $129 million in economic benefits to a nationwide class of 114,000 senior citizens.

  - *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, MDL No. 07-1825 (C.D. Cal.). After four years of litigation, the Firm secured a settlement that made available $79.5 million in economic benefits to a nationwide class of 70,000 senior citizens.

  - *Negrete v. Fidelity & Guar. Life Ins. Co.*, No. CV-05-6837 (C.D. Cal.). The Firm's efforts resulted in a settlement under which Fidelity made available $52.7 in benefits to 56,000 class members across the country.

- *In re Nat'l Western Life Ins. Deferred Annuities Litig.*, No. 05-CV-1018 (S.D. Cal.).  The Firm litigated this action for more than eight years.  On the eve of trial, the Firm negotiated a settlement providing over $21 million in value to a nationwide class of 12,000 senior citizens.

## Antitrust

Robbins Geller's antitrust practice focuses on representing businesses and individuals who have been the victims of price-fixing, unlawful monopolization, market allocation, tying and other anti-competitive conduct.  The Firm has taken a leading role in many of the largest federal and state price-fixing, monopolization, market allocation and tying cases throughout the United States.

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 05 MDL No. 1720 (E.D.N.Y.).  Robbins Geller attorneys are co-lead counsel in a case that has resulted in the largest-ever antitrust class action settlement.  In December 2013, the district judge granted final approval of a settlement that will provide approximately $5.7 billion to class members, in addition to injunctive relief.  Plaintiffs, merchants that accept Visa or MasterCard, alleged that the defendants' collective imposition of rules governing payment card acceptance violated federal and state antitrust laws.  The court commended class counsel for "achieving substantial value" for the class through their "extraordinary efforts," and said they litigated the case with "skill and tenacity."  The trial court's final approval decision is currently on appeal.

- *Dahl v. Bain Capital Partners, LLC*, No. 07-cv-12388-EFH (D. Mass).  Robbins Geller attorneys served as co-lead counsel on behalf of shareholders in this action against the nation's largest private equity firms who colluded to restrain competition to suppress prices paid to shareholders of public companies in connection with leveraged buyouts.  After nearly seven years of hard-fought litigation, in March 2015, the court approved several settlements totaling $590.5 million.  The aggregate settlement is the largest class action antitrust settlement ever in which no civil or criminal government action was taken.

- *Alaska Elec. Pension Fund v. Bank of America Corporation*, No. 14-cv-07126-JMF (S.D.N.Y.).  Robbins Geller attorneys are prosecuting antitrust claims against 13 major banks and broker ICAP plc who are alleged to have conspired to manipulate the ISDAfix rate, the key interest rate for a broad range of interest rate derivatives and other financial instruments.  The class action is brought on behalf of investors and market participants who entered into an interest rate derivative transaction during an eight-year period from 2006 to 2014.

- *In re Currency Conversion Fee Antitrust Litig.*, 01 MDL No. 1409 (S.D.N.Y.).  Robbins Geller attorneys recovered $336 million for credit and debit cardholders in this multi-district litigation in which the Firm served as co-lead counsel.  The court praised the Firm as "indefatigable" and noted that the Firm's lawyers "represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar."

- *In re Aftermarket Automotive Lighting Products Antitrust Litig.*, 09 MDL No. 2007 (C.D. Cal.).  Robbins Geller attorneys are co-lead counsel in this multi-district litigation in which plaintiffs allege that defendants conspired to fix prices and allocate markets for automotive lighting products.  The last defendants settled just before the scheduled trial, resulting in total settlements of more than $50 million.  Commenting on the quality of representation, the court commended the Firm for "expend[ing] substantial and skilled time and efforts in an efficient manner to bring this action to conclusion."

- *In re Dig. Music Antitrust Litig.*, 06 MDL No. 1780 (S.D.N.Y.).  Robbins Geller attorneys are co-lead counsel in an action against the major music labels (Sony-BMG, EMI, Universal and Warner Music Group) in a case involving music that can be downloaded digitally from the Internet.  Plaintiffs allege that defendants restrained the development of digital downloads and agreed to fix the distribution price of digital downloads at supracompetitive prices.  Plaintiffs also allege that as a result of defendants' restraint of the development of digital downloads, and the market and price for downloads, defendants were able to maintain the prices of their CDs at supracompetitive levels.  The Second Circuit Court of Appeals upheld plaintiffs' complaint, reversing the trial court's dismissal.  Discovery is ongoing.

- *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.).  Robbins Geller attorneys served as co-lead counsel in this case in which investors alleged that NASDAQ market-makers set and maintained artificially wide spreads pursuant to an industry-wide conspiracy.  After three and one half years of intense litigation, the case settled for a total of $1.027 billion, at the time the largest ever antitrust settlement.

- *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 02 MDL No. 1486 (N.D. Cal.).  Robbins Geller attorneys served on the executive committee in this multi-district class action in which a class of purchasers of dynamic random access memory (or DRAM) chips alleged that the leading manufacturers of semiconductor products fixed the price of DRAM chips from the fall of 2001 through at least the end of June 2002.  The case settled for more than $300 million.

- *Microsoft I-V Cases*, JCCP No. 4106 (Cal. Super. Ct., San Francisco Cty.).  Robbins Geller attorneys served on the executive committee in these consolidated cases in which California indirect purchasers challenged Microsoft's illegal exercise of monopoly power in the operating system, word processing and spreadsheet markets.  In a settlement approved by the court, class counsel obtained an unprecedented $1.1 billion worth of relief for the business and consumer class members who purchased the Microsoft products.

## Consumer Fraud

In our consumer-based economy, working families who purchase products and services must receive truthful information so they can make meaningful choices about how to spend their hard-earned money.  When financial institutions and other corporations deceive consumers or take advantage of unequal bargaining power, class action suits provide, in many instances, the only realistic means for an individual to right a corporate wrong.

Robbins Geller attorneys represent consumers around the country in a variety of important, complex class actions.  Our attorneys have taken a leading role in many of the largest federal and state consumer fraud, environmental, human rights and public health cases throughout the United States.  The Firm is also actively involved in many cases relating to banks and the financial services industry, pursuing claims on behalf of individuals victimized by abusive telemarketing practices, abusive mortgage lending practices, market timing violations in the sale of variable annuities, and deceptive consumer credit lending practices in violation of the Truth-In-Lending Act.  Below are a few representative samples of our robust, nationwide consumer practice.

- *Bank Overdraft Fees Litigation*.  The banking industry charges consumers exorbitant amounts for "overdraft" of their checking accounts, even if the customer did not authorize a charge beyond the available balance and even if the account would not have been overdrawn had the transactions been ordered chronologically as they occurred – that is, banks reorder transactions to maximize such fees.  The Firm brought lawsuits against major banks to stop this practice and recover these false fees.  These cases have recovered over $500 million thus far from a dozen banks and we continue to investigate other banks engaging in this practice.

- *Chase Bank Home Equity Line of Credit Litigation*.  In October 2008, after receiving $25 billion in TARP funding to encourage lending institutions to provide businesses and consumers with access to credit, Chase Bank began unilaterally suspending its customers' home equity lines of credit.  Plaintiffs charge that Chase Bank did so using an unreliable computer model that did not reliably estimate the actual value of its customers' homes, in breach of the borrowers' contracts.  The Firm brought a lawsuit to secure damages on behalf of borrowers whose credit lines were improperly suspended.  In early 2013, the court approved a settlement that restored billions of dollars of credit to tens of thousands of borrowers, while requiring Chase to make cash payments to former customers.  The total value of this settlement is projected between $3 and $4 billion.

- *Visa and MasterCard Fees*.  After years of litigation and a six-month trial, Robbins Geller attorneys won one of the largest consumer-protection verdicts ever awarded in the United States.  The Firm's attorneys represented California consumers in an action against Visa and MasterCard for intentionally imposing and concealing a fee from cardholders.  The court ordered Visa and MasterCard to return

$800 million in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the court ordered full disclosure of the hidden fee.

- *West Telemarketing Case.* Robbins Geller attorneys secured a $39 million settlement for class members caught up in a telemarketing scheme where consumers were charged for an unwanted membership program after purchasing Tae-Bo exercise videos. Under the settlement, consumers were entitled to claim between one and one-half to three times the amount of all fees they unknowingly paid.

- *Dannon Activia®.* Robbins Geller attorneys secured the largest ever settlement for a false advertising case involving a food product. The case alleged that Dannon's advertising for its Activia® and DanActive® branded products and their benefits from "probiotic" bacteria were overstated. As part of the nationwide settlement, Dannon agreed to modify its advertising and establish a fund of up to $45 million to compensate consumers for their purchases of Activia® and DanActive®.

- *Mattel Lead Paint Toys.* In 2006-2007, toy manufacturing giant Mattel, and its subsidiary Fisher-Price, announced the recall of over 14 million toys made in China due to hazardous lead and dangerous magnets. Robbins Geller attorneys filed lawsuits on behalf of millions of parents and other consumers who purchased or received toys for children that were marketed as safe but were later recalled because they were dangerous. The Firm's attorneys reached a landmark settlement for millions of dollars in refunds and lead testing reimbursements, as well as important testing requirements to ensure that Mattel's toys are safe for consumers in the future.

- *Tenet Healthcare Cases.* Robbins Geller attorneys were co-lead counsel in a class action alleging a fraudulent scheme of corporate misconduct, resulting in the overcharging of uninsured patients by the Tenet chain of hospitals. The Firm's attorneys represented uninsured patients of Tenet hospitals nationwide who were overcharged by Tenet's admittedly "aggressive pricing strategy," which resulted in price gouging of the uninsured. The case was settled with Tenet changing its practices and making refunds to patients.

- *Pet Food Products Liability Litigation.* Robbins Geller served as co-lead counsel in this massive, 100+ case products liability MDL in the District of New Jersey concerning the death and injury to thousands of the nation's cats and dogs due to tainted pet food. The case settled for $24 million.

- *Sony Gaming Networks & Customer Data Security Breach Litigation.* Serving as a member of the Plaintiffs' Steering Committee in charge of the case, Paul J. Geller and his team led the efforts of plaintiffs' counsel to obtain a precedential opinion denying-in-part Sony's motion to dismiss claims involving the breach of Sony's gaming network, leading to a pending $15 million settlement.

- *Trump University.* Robbins Geller is currently serving as co-lead counsel in two class action lawsuits alleging Donald J. Trump and his so-called "Trump University" misleadingly marketed "Live Events" seminars and mentorships as teaching Trump's "real-estate techniques" through his "hand-picked" "professors" at his so-called university. Judge Curiel of the Southern District of California has certified two class action lawsuits: a class of California, Florida and New York "students," including subclasses of senior citizens in California and Florida and a nationwide class for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").

## Intellectual Property

Individual inventors, universities, and research organizations provide the fundamental research behind many existing and emerging technologies. Every year, the majority of U.S. patents are issued to this group of inventors. Through this fundamental research, these inventors provide a significant competitive advantage to this country. Unfortunately, while responsible for most of the inventions that issue into U.S. patents every year, individual inventors, universities and research organizations receive very little of the licensing revenues for U.S. patents. Large companies reap 99% of all patent licensing revenues.

Robbins Geller enforces the rights of these inventors by filing and litigating patent infringement cases against infringing entities. Our attorneys have decades of patent litigation experience in a variety of technical

applications. This experience, combined with the Firm's extensive resources, gives individual inventors the ability to enforce their patent rights against even the largest infringing companies.

Our attorneys have experience handling cases involving a broad range of technologies, including:

- biochemistry

- telecommunications

- medical devices

- medical diagnostics

- networking systems

- computer hardware devices and software

- mechanical devices

- video gaming technologies

- audio and video recording devices

## Pro Bono

Robbins Geller attorneys have a distinguished record of *pro bono* work. The Firm's lawyers have been named finalists for the San Diego Volunteer Lawyer Program's *Pro Bono* Law Firm of the Year Award, for their work on a disability-rights case. The Firm's lawyers have also been nominated for the California State Bar President's *Pro Bono* Law Firm of the Year award, praised by the State Bar President for "dedication to the provision of *pro bono* legal services to the poor" and "extending legal services to underserved communities."

Lawyers from the Firm currently represent *pro bono* clients through the San Diego Volunteer Lawyer Program and the San Francisco Bar Association Volunteer Legal Services Program. Those efforts include representing tenants in eviction proceedings against major banks involved in "robo-signing" foreclosure documents and defending several consumer collection actions.

In 2013, Regis Worley, an associate in the Firm's San Diego office, successfully obtained political asylum for a Nicaraguan immigrant who was persecuted by the Sandinistas on account of his political opinions. This *pro bono* representation spanned a period of approximately four years and included a successful appeal to the Board of Immigration Appeals. Mr. Worley's tenacity was recognized through his receipt of Casa Cornelia Law Center's "Inn of Court Pro Bono Publico Award" for outstanding contribution to the legal profession representing victims of human and civil rights violations.

In 2010, Robbins Geller partner Lucas F. Olts represented 19 San Diego County children diagnosed with Autism Spectrum Disorder in the appeal of a decision to terminate state funding for a crucial therapy. Mr. Olts successfully tried the consolidated action before the Office of Administrative Hearings, resulting in a complete reinstatement of funding and allowing other children to obtain the treatment.

In 2010, Christopher M. Wood, an associate in the Firm's San Francisco office, began providing amicus briefing in an appeal to the Ninth Circuit from a Board of Immigration Appeals decision to deport a person who had pled no contest to a broadly drafted section of the Penal Code. Consistent with practice in California state courts, the prosecutor had substituted the word "and" for the word "or" when describing the section of the Penal Code in the charging document. The issue was whether the no contest plea was an admission of only the elements necessary for a conviction, or whether the plea was a complete admission of every allegation. Mr. Wood drafted 3 briefs explaining that, based on 145 years of California precedent, the Ninth Circuit should hold that a no contest plea standing alone constituted an admission of enough elements to support a conviction and nothing more. After briefing had been completed, a separate panel of the Ninth Circuit issued a decision adopting several of the arguments of Mr. Wood's briefing. In October 2012, the Ninth Circuit issued an order granting the petition sought by Mr. Wood's case and remanding it back to the Board of Immigration Appeals.

As another example, one of the Firm's lawyers obtained political asylum, after an initial application for political asylum had been denied, for an impoverished Somali family whose ethnic minority faced systematic persecution and genocidal violence in Somalia.  The family's female children also faced forced genital mutilation if returned to Somalia.

The Firm's lawyers worked as cooperating attorneys with the ACLU in a class action filed on behalf of welfare applicants subject to San Diego County's "Project 100%" program, which sent investigators from the D.A.'s office (Public Assistance Fraud Division) to enter and search the home of every person applying for welfare benefits, and to interrogate neighbors and employers – never explaining they had no reason to suspect wrongdoing.  Real relief was had when the County admitted that food-stamp eligibility could not hinge upon the Project 100% "home visits," and again when the district court ruled that unconsented "collateral contacts" violated state regulations.  The district court's ruling that CalWORKs aid to needy families could be made contingent upon consent to the D.A.'s "home visits" and "walk throughs," was affirmed by the Ninth Circuit with eight judges vigorously dissenting from denial of en banc rehearing.  *Sanchez v. County of San Diego*, 464 F.3d 916 (9th Cir. 2006), *reh'g denied* 483 F.3d 965 (9th Cir. 2007), and *cert. denied*, 552 U.S. 1038 (2007).  The decision was noted by the *Harvard Law Review* (*Ninth Circuit Upholds Conditioning Receipt of Welfare Benefits on Consent to Suspicionless Home Visits*, 120 Harv. L. Rev. 1996 (2007)), *The New York Times* (Adam Lipak, *Full Constitutional Protection for Some, but No Privacy for the Poor*, N.Y. Times July 16, 2007), and even *The Colbert Report* (Season 3, Episode 3, Orginally broadcast by Comedy Central on July 23, 2007).

Senior appellate partner Eric Alan Isaacson has in a variety of cases filed *amicus curiae* briefs on behalf of religious organizations and clergy supporting civil rights, opposing government-backed religious-viewpoint discrimination, and generally upholding the American traditions of religious freedom and church-state separation.  Organizations represented as *amici curiae* in such matters have included the California Council of Churches, Union for Reform Judaism, Jewish Reconstructionist Federation, United Church of Christ, Unitarian Universalist Association of Congregations, Unitarian Universalist Legislative Ministry – California, and California Faith for Equality.

## Human Rights, Labor Practices and Public Policy

Robbins Geller attorneys have a long tradition of representing the victims of unfair labor practices and violations of human rights.  These include:

- *Does I v. The Gap, Inc.*, No. 01 0031 (D. N. Mar. I.).  In this groundbreaking case, Robbins Geller attorneys represented a class of 30,000 garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top U.S. retailers such as The Gap, Target and J.C. Penney.  In the first action of its kind, Robbins Geller attorneys pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act, and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan.  This case was a companion to two other actions: *Does I v. Advance Textile Corp.*, No. 99 0002 (D. N. Mar. I.), which alleged overtime violations by the garment factories under the Fair Labor Standards Act and local labor law, and *UNITE v. The Gap, Inc.*, No. 300474 (Cal. Super. Ct., San Francisco Cty.), which alleged violations of California's Unfair Practices Law by the U.S. retailers.  These actions resulted in a settlement of approximately $20 million that included a comprehensive monitoring program to address past violations by the factories and prevent future ones.  The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts at bringing about the precedent-setting settlement of the actions.

- *Liberty Mutual Overtime Cases*, No. JCCP 4234 (Cal. Super. Ct., Los Angeles Cty.).  Robbins Geller attorneys served as co-lead counsel on behalf of 1,600 current and former insurance claims adjusters at Liberty Mutual Insurance Company and several of its subsidiaries.  Plaintiffs brought the case to recover unpaid overtime compensation and associated penalties, alleging that Liberty Mutual had misclassified its claims adjusters as exempt from overtime under California law.  After 13 years of complex and exhaustive litigation, Robbins Geller secured a settlement in which Liberty Mutual agreed to pay $65 million into a fund to compensate the class of claims adjusters for unpaid overtime.  The

Liberty Mutual action is one of a few claims adjuster overtime actions brought in California or elsewhere to result in a successful outcome for plaintiffs since 2004.

- *Veliz v. Cintas Corp.*, No. 5:03-cv-01180 (N.D. Cal.).  Brought against one of the nation's largest commercial laundries for violations of the Fair Labor Standards Act for misclassifying truck drivers as salesmen to avoid payment of overtime.

- *Kasky v. Nike, Inc.*, 27 Cal. 4th 939 (2002).  The California Supreme Court upheld claims that an apparel manufacturer misled the public regarding its exploitative labor practices, thereby violating California statutes prohibiting unfair competition and false advertising.  The Court rejected defense contentions that any misconduct was protected by the First Amendment, finding the heightened constitutional protection afforded to noncommercial speech inappropriate in such a circumstance.

Shareholder derivative litigation brought by Robbins Geller attorneys at times also involves stopping anti-union activities, including:

- *Southern Pacific/Overnite*.  A shareholder action stemming from several hundred million dollars in loss of value in the company due to systematic violations by Overnite of U.S. labor laws.

- *Massey Energy*.  A shareholder action against an anti-union employer for flagrant violations of environmental laws resulting in multi-million-dollar penalties.

- *Crown Petroleum*.  A shareholder action against a Texas-based oil company for self-dealing and breach of fiduciary duty while also involved in a union lockout.

## Environment and Public Health

Robbins Geller attorneys have also represented plaintiffs in class actions related to environmental law.  The Firm's attorneys represented, on a *pro bono* basis, the Sierra Club and the National Economic Development and Law Center as *amici curiae* in a federal suit designed to uphold the federal and state use of project labor agreements ("PLAs").  The suit represented a legal challenge to President Bush's Executive Order 13202, which prohibits the use of project labor agreements on construction projects receiving federal funds.  Our *amici* brief in the matter outlined and stressed the significant environmental and socio-economic benefits associated with the use of PLAs on large-scale construction projects.

Attorneys with Robbins Geller have been involved in several other significant environmental cases, including:

- *Public Citizen v. U.S. D.O.T.*   Robbins Geller attorneys represented a coalition of labor, environmental, industry and public health organizations including Public Citizen, The International Brotherhood of Teamsters, California AFL-CIO and California Trucking Industry in a challenge to a decision by the Bush administration to lift a Congressionally-imposed "moratorium" on cross-border trucking from Mexico on the basis that such trucks do not conform to emission controls under the Clean Air Act, and further, that the administration did not first complete a comprehensive environmental impact analysis as required by the National Environmental Policy Act.  The suit was dismissed by the United States Supreme Court, the Court holding that because the D.O.T. lacked discretion to prevent crossborder trucking, an environmental assessment was not required.

- *Sierra Club v. AK Steel*.  Brought on behalf of the Sierra Club for massive emissions of air and water pollution by a steel mill, including homes of workers living in the adjacent communities, in violation of the Federal Clean Air Act, Resource Conservation Recovery Act and the Clean Water Act.

- *MTBE Litigation*.  Brought on behalf of various water districts for befouling public drinking water with MTBE, a gasoline additive linked to cancer.

- *Exxon Valdez*.  Brought on behalf of fisherman and Alaska residents for billions of dollars in damages resulting from the greatest oil spill in U.S. history.

- *Avila Beach*.  A citizens' suit against UNOCAL for leakage from the oil company pipeline so severe it literally destroyed the town of Avila Beach, California.

Federal laws such as the Clean Water Act, the Clean Air Act, and the Resource Conservation and Recovery Act and state laws such as California's Proposition 65 exist to protect the environment and the public from abuses by corporate and government organizations. Companies can be found liable for negligence, trespass or intentional environmental damage, be forced to pay for reparations and to come into compliance with existing laws. Prominent cases litigated by Robbins Geller attorneys include representing more than 4,000 individuals suing for personal injury and property damage related to the Stringfellow Dump Site in Southern California, participation in the Exxon Valdez oil spill litigation, and litigation involving the toxic spill arising from a Southern Pacific train derailment near Dunsmuir, California.

Robbins Geller attorneys have led the fight against Big Tobacco since 1991. As an example, Robbins Geller attorneys filed the case that helped get rid of Joe Camel, representing various public and private plaintiffs, including the State of Arkansas, the general public in California, the cities of San Francisco, Los Angeles and Birmingham, 14 counties in California, and the working men and women of this country in the Union Pension and Welfare Fund cases that have been filed in 40 states. In 1992, Robbins Geller attorneys filed the first case in the country that alleged a conspiracy by the Big Tobacco companies.

### E-Discovery

Electronic discovery has become a highly talked about and central concern in complex litigation. The skill and ability of attorneys combined with the performance of cutting-edge technology has been known to weigh heavily in settlement strategy and trial outcomes. For more than ten years, Robbins Geller has been a leader in e-discovery and document-intensive litigation. The Firm has successfully litigated some of the largest and most complex shareholder and antitrust actions in history. With 200 attorneys and a support staff of hundreds of litigation, forensic and technology specialists, Robbins Geller is uniquely qualified to efficiently and effectively handle the demands of document-intensive litigation.

As the size and stakes of complex litigation continue to increase, it is more important than ever to retain counsel with advanced technological resources and a successful track record of results. The Robbins Geller e-discovery practice group is led by highly experienced attorneys and employs a dedicated staff with more than 75 years of combined experience. The Firm's attorneys have extensive knowledge in drafting and negotiating sophisticated e-discovery protocols, including those involving the use of predictive coding. Additionally, through the use of cutting-edge technology, the Firm is able to perform sophisticated analytics in order to expedite the document review process and uncover critical evidence, all while minimizing valuable time and costs for its clients.

## Institutional Clients

### Public Fund Clients

Robbins Geller advises or has represented numerous public funds, including:

- Alaska Department of Revenue

- Alaska State Pension Investment Board

- California Public Employees' Retirement System

- California State Teachers' Retirement System

- City of Birmingham Retirement & Relief Fund

- Illinois State Board of Investment

- Los Angeles County Employees Retirement Association

- Milwaukee Employees' Retirement System

- New Hampshire Retirement System

- New Mexico Educational Retirement Board
- New Mexico Public Employees Retirement Association
- New Mexico State Investment Council
- Ohio Bureau of Workers' Compensation
- Ohio Police and Fire Pension Fund
- Ohio Public Employees' Retirement System
- Ohio State Highway Patrol Retirement System
- Public Employee Retirement System of Idaho
- School Employees Retirement System of Ohio
- State Teachers Retirement System of Ohio
- State Universities Retirement System of Illinois
- Teachers' Retirement System of the State of Illinois
- Tennessee Consolidated Retirement System
- The Regents of the University of California
- Vermont Pension Investment Committee
- Washington State Investment Board
- West Virginia Investment Management Board

## Multi-Employer Clients

Robbins Geller advises or has represented numerous multi-employer funds, including:

- 1199 SEIU Greater New York Pension Fund
- Alaska Electrical Pension Fund
- Alaska Ironworkers Pension Trust
- Carpenters Pension Fund of Illinois
- Carpenters Pension Fund of West Virginia
- Central States, Southeast and Southwest Areas Pension Fund
- Construction Workers Pension Trust Fund - Lake County and Vicinity
- Employer-Teamsters Local Nos. 175 & 505 Pension Trust Fund
- Heavy & General Laborers' Local 472 & 172 Pension & Annuity Funds
- IBEW Local 90 Pension Fund
- IBEW Local Union No. 58 Pension Fund
- Indiana Laborers Pension Fund
- International Brotherhood of Electrical Workers Local 697 Pension Fund

- Laborers Local 100 and 397 Pension Fund
- Laborers Pension Trust Fund for Northern Nevada
- Massachusetts Laborers' Annuity Fund
- Material Yard Workers Local 1175 Benefit Funds
- National Retirement Fund
- New England Carpenters Guaranteed Annuity Fund
- New England Carpenters Pension Fund
- New England Health Care Employees Pension Fund
- Operating Engineers Construction Industry and Miscellaneous Pension Fund
- Pipefitters Local No. 636 Defined Benefit Plan
- Plumbers and Pipefitters Local Union No. 630 Pension-Annuity Trust Fund
- Plumbers and Pipefitters National Pension Fund
- Plumbers Local Union No. 519 Pension Trust Fund
- Plumbers' Union Local No. 12 Pension Fund
- SEIU Pension Plans Master Trust
- Southwest Carpenters Pension Trust
- Western Pennsylvania Electrical Employees Pension Fund

## International Investors

Robbins Geller advises or has represented numerous international investors, including:

- Abu Dhabi Commercial Bank
- China Development Industrial Bank
- Commerzbank AG
- Global Investment Services Limited
- Gulf International Bank B.S.C
- ING Investment Management
- Mn Services B.V.
- National Agricultural Cooperative Federation
- Ontario Municipal Employees Retirement System
- Royal Park Investments
- Scottish Widows Investment Partnership Limited
- Stichting Philips Pensioenfonds
- The Bank of N.T. Butterfield & Son Limited

- The City of Edinburgh Council on Behalf of the Lothian Pension Fund

- The Council of the Borough of South Tyneside Acting in its Capacity as the Administering Authority of the Tyne and Wear Pension Fund

- The London Pensions Fund Authority

- Wirral MBC on Behalf of the Merseyside Pension Fund

- Wolverhampton City Council, Administering Authority for the West Midlands Metropolitan Authorities Pension Fund

## Additional Institutional Investors

Robbins Geller advises or has represented additional institutional investors, including:

- Northwestern Mutual Life Insurance Company

- Standard Life Investments

- The Union Central Life Insurance Company

## Prominent Cases, Precedent-Setting Decisions and Judicial Commendations

## Prominent Cases

Robbins Geller attorneys obtained outstanding results in some of the most notorious and well-known cases, frequently earning judicial commendations for the quality of their representation.

- ***In re Enron Corp. Sec. Litig.***, No. H-01-3624 (S.D. Tex.). Investors lost billions of dollars as a result of the massive fraud at Enron. In appointing Robbins Geller lawyers as sole lead counsel to represent the interests of Enron investors, the court found that the Firm's zealous prosecution and level of "insight" set it apart from its peers. Robbins Geller attorneys and lead plaintiff The Regents of the University of California aggressively pursued numerous defendants, including many of Wall Street's biggest banks, and successfully obtained settlements in excess of ***$7.3 billion*** for the benefit of investors. ***This is the largest aggregate class action settlement not only in a securities class action, but in class action history***.

  The court overseeing this action had utmost praise for Robbins Geller's efforts and stated that "[t]he experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country." *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008).

  The court further commented: "[I]n the face of extraordinary obstacles, the skills, expertise, commitment, and tenacity of [Robbins Geller] in this litigation cannot be overstated. Not to be overlooked are the unparalleled results, . . . which demonstrate counsel's clearly superlative litigating and negotiating skills." *Id.* at 789.

  The court stated that the Firm's attorneys "are to be commended for their zealousness, their diligence, their perseverance, their creativity, the enormous breadth and depth of their investigations and analysis, and their expertise in all areas of securities law on behalf of the proposed class." *Id.*

  In addition, the court noted, "This Court considers [Robbins Geller] 'a lion' at the securities bar on the national level," noting that the Lead Plaintiff selected Robbins Geller because of the Firm's "outstanding reputation, experience, and success in securities litigation nationwide." *Id.* at 790.

  The court further stated that "Lead Counsel's fearsome reputation and successful track record undoubtedly were substantial factors in . . . obtaining these recoveries." *Id.*

Finally, Judge Harmon stated: "As this Court has explained [this is] an extraordinary group of attorneys who achieved the largest settlement fund ever despite the great odds against them." *Id.* at 828.

- *Jaffe v. Household Int'l, Inc.*, No. 02-C-05893 (N.D. Ill). Sole lead counsel Robbins Geller obtained a jury verdict on May 7, 2009, following a six-week trial in the Northern District of Illinois, on behalf of a class of investors led by plaintiffs PACE Industry Union-Management Pension Fund, the International Union of Operating Engineers, Local No. 132 Pension Plan, and Glickenhaus & Company. On October 17, 2013, U.S. District Judge Ronald A. Guzman entered a judgment of $2.46 billion – *the largest judgment following a securities fraud class action trial in history* – against Household International (now HSBC Finance Corporation) and three of its former top executives, William Aldinger, David Schoenholz and Gary Gilmer. The judgment has been remanded on appeal to retry certain aspects of the verdict. Since the enactment of the PSLRA in 1995, trials in securities fraud cases have been rare. Only a handful of such cases have gone to verdict since the passage of the PSLRA.

- *In re UnitedHealth Grp. Inc. PSLRA Litig.*, No. 06-CV-1691 (D. Minn.). In the *UnitedHealth* case, Robbins Geller represented the California Public Employees' Retirement System ("CalPERS") and demonstrated its willingness to vigorously advocate for its institutional clients, even under the most difficult circumstances. For example, in 2006, the issue of high-level executives backdating stock options made national headlines. During that time, many law firms, including Robbins Geller, brought shareholder derivative lawsuits against the companies' boards of directors for breaches of their fiduciary duties or for improperly granting backdated options. Rather than pursuing a shareholder derivative case, the Firm filed a securities fraud class action against the company on behalf of CalPERS. In doing so, Robbins Geller faced significant and unprecedented legal obstacles with respect to loss causation, *i.e.*, that defendants' actions were responsible for causing the stock losses. Despite these legal hurdles, Robbins Geller obtained an $895 million recovery on behalf of the UnitedHealth shareholders. Shortly after reaching the $895 million settlement with UnitedHealth, the remaining corporate defendants, including former CEO William A. McGuire, also settled. Mr. McGuire paid $30 million and returned stock options representing more than three million shares to the shareholders. The total recovery for the class was over $925 million, the largest stock option backdating recovery ever, and *a recovery which is more than four times larger than the next largest options backdating recovery*. Moreover, Robbins Geller obtained unprecedented corporate governance reforms, including election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired by executives via option exercise, and executive compensation reforms which tie pay to performance.

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 05 MDL No. 1720 (E.D.N.Y.). In this antitrust class action brought on behalf of merchants that accept Visa and MasterCard credit and debit cards, Robbins Geller, acting as co-lead counsel, obtained the *largest-ever class action antitrust settlement*. United States District Judge John Gleeson recently approved the estimated $5.7 billion settlement, which also provides merchants unprecedented injunctive relief that will lower their costs of doing business. As Judge Gleeson put it: "For the first time, merchants will be empowered to expose hidden bank fees to their customers, educate them about those fees, and use that information to influence their customers' choices of payment methods. In short, the settlement gives merchants an opportunity at the point of sale to stimulate the sort of network price competition that can exert the downward pressure on interchange fees they seek." *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 986 F. Supp. 2d 207, 218 (E.D.N.Y. 2013). The judge praised Robbins Geller and its co-lead counsel for taking on the "unusually risky" case, and for "achieving substantial value for the class" through their "extraordinary efforts." They "litigated the case with skill and tenacity, as would be expected to achieve such a result," the judge said. *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 991 F. Supp. 2d 437, 441-42 (E.D.N.Y. 2014).

- *Alaska Elec. Pension Fund v. CitiGroup, Inc. (In re WorldCom Sec. Litig.)*, No. 03 Civ. 8269 (S.D.N.Y.). Robbins Geller attorneys represented more than 50 private and public institutions that opted out of the class action case and sued WorldCom's bankers, officers and directors, and auditors in courts around the country for losses related to WorldCom bond offerings from 1998 to

2001.  The Firm's clients included major public institutions from across the country such as CalPERS, CalSTRS, the state pension funds of Maine, Illinois, New Mexico and West Virginia, union pension funds, and private entities such as AIG and Northwestern Mutual.  Robbins Geller attorneys recovered more than $650 million for their clients, substantially more than they would have recovered as part of the class.

- **Luther v. Countrywide Fin. Corp.**, No. 12-cv-05125 (C.D. Cal.).  Robbins Geller attorneys secured a $500 million settlement for institutional and individual investors in what is the largest RMBS purchaser class action settlement in history, and one of the largest class action securities settlements of all time.  The unprecedented settlement resolves claims against Countrywide and Wall Street banks that issued the securities.  The action was the first securities class action case filed against originators and Wall Street banks as a result of the credit crisis.  As co-lead counsel Robbins Geller forged through six years of hard-fought litigation, oftentimes litigating issues of first impression, in order to secure the landmark settlement for its clients and the class.

  In approving the settlement, Judge Mariana R. Pfaelzer repeatedly complimented plaintiffs' attorneys, noting that it was "beyond serious dispute that Class Counsel has vigorously prosecuted the Settlement Actions on both the state and federal level over the last six years." Judge Pfaelzer also commented that "[w]ithout a settlement, these cases would continue indefinitely, resulting in significant risks to recovery and continued litigation costs. It is difficult to understate the risks to recovery if litigation had continued."  *Me. State Ret. Sys. v. Countrywide Fin. Corp.*, No. 2:10-CV-00302, 2013 U.S. Dist. LEXIS 179190, at *44, *56 (C.D. Cal. Dec. 5, 2013).

  Judge Pfaelzer further noted that the proposed $500 million settlement represents one of the "largest MBS class action settlements to date.  Indeed, this settlement easily surpasses the next largest . . . MBS settlement."  *Id.* at *59.

- **In re Wachovia Preferred Sec. & Bond/Notes Litig.**, No. 09-cv-06351 (S.D.N.Y.).  In litigation over bonds and preferred securities, issued by Wachovia between 2006 and 2008, Robbins Geller and co-counsel obtained a significant settlement with Wachovia successor Wells Fargo & Company ($590 million) and Wachovia auditor KPMG LLP ($37 million).  *The total settlement – $627 million – is the largest recovery under the Securities Act of 1933 and one of the 15 largest securities class action recoveries in history*.  The settlement is also one of the biggest securities class action recoveries arising from the credit crisis.

  As alleged in the complaint, the offering materials for the bonds and preferred securities misstated and failed to disclose the true nature and quality of Wachovia's mortgage loan portfolio, which exposed the bank and misled investors to tens of billions of dollars in losses on mortgage-related assets.  In reality, Wachovia employed high-risk underwriting standards and made loans to subprime borrowers, contrary to the offering materials and their statements of "pristine credit quality."  Robbins Geller served as co-lead counsel representing the City of Livonia Employees' Retirement System, Hawaii Sheet Metal Workers Pension Fund, and the investor class.

- **In re Cardinal Health, Inc. Sec. Litig.**, No. C2-04-575 (S.D. Ohio).  As sole lead counsel representing Cardinal Health shareholders, Robbins Geller obtained a recovery of $600 million for investors.  On behalf of the lead plaintiffs, Amalgamated Bank, the New Mexico State Investment Council, and the California Ironworkers Field Trust Fund, the Firm aggressively pursued class claims and won notable courtroom victories, including a favorable decision on defendants' motion to dismiss.  *In re Cardinal Health, Inc. Sec. Litigs.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006).  At the time, the $600 million settlement was the tenth-largest settlement in the history of securities fraud litigation and is the largest-ever recovery in a securities fraud action in the Sixth Circuit.  Judge Marbley commented:

  > The quality of representation in this case was superb.  Lead Counsel, [Robbins Geller], are nationally recognized leaders in complex securities litigation class actions.  The quality of the representation is demonstrated by the substantial benefit achieved for the Class and the efficient, effective prosecution and resolution of this action.  Lead Counsel defeated a volley of motions to dismiss, thwarting well-formed challenges from prominent and capable attorneys from six different law firms.

*In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 768 (S.D. Ohio 2007).

- *AOL Time Warner Cases I & II*, JCCP Nos. 4322 & 4325 (Cal. Super. Ct., Los Angeles Cty.). Robbins Geller represented The Regents of the University of California, six Ohio state pension funds, Rabo Bank (NL), the Scottish Widows Investment Partnership, several Australian public and private funds, insurance companies, and numerous additional institutional investors, both domestic and international, in state and federal court opt-out litigation stemming from Time Warner's disastrous 2001 merger with Internet high flier America Online.  Robbins Geller attorneys exposed a massive and sophisticated accounting fraud involving America Online's e-commerce and advertising revenue. After almost four years of litigation involving extensive discovery, the Firm secured combined settlements for its opt-out clients totaling over $629 million just weeks before The Regents' case pending in California state court was scheduled to go to trial.  The Regents' gross recovery of $246 million is the largest individual opt-out securities recovery in history.

- *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 1:08-cv-07508-SAS-DCF (S.D.N.Y.), and *King County, Washington v. IKB Deutsche Industriebank AG*, No. 1:09-cv-08387-SAS (S.D.N.Y.).  The Firm represented multiple institutional investors in successfully pursuing recoveries from two failed structured investment vehicles, each of which had been rated "AAA" by Standard & Poors and Moody's, but which failed fantastically in 2007.  The matter settled just prior to trial in 2013.  This result was only made possible after Robbins Geller lawyers beat back the rating agencies' longtime argument that ratings were opinions protected by the First Amendment.

- *In re HealthSouth Corp. Sec. Litig.*, No. CV-03-BE-1500-S (N.D. Ala.).  As court-appointed co-lead counsel, Robbins Geller attorneys obtained a combined recovery of $671 million from HealthSouth, its auditor Ernst & Young, and its investment banker, UBS, for the benefit of stockholder plaintiffs.  The settlement against HealthSouth represents one of the larger settlements in securities class action history and is considered among the top 15 settlements achieved after passage of the PSLRA.  Likewise, the settlement against Ernst & Young is one of the largest securities class action settlements entered into by an accounting firm since the passage of the PSLRA.  HealthSouth and its financial advisors perpetrated one of the largest and most pervasive frauds in the history of U.S. healthcare, prompting Congressional and law enforcement inquiry and resulting in guilty pleas of 16 former HealthSouth executives in related federal criminal prosecutions.  In March 2009, Judge Karon Bowdre commented in the *HealthSouth* class certification opinion: "The court has had many opportunities since November 2001 to examine the work of class counsel and the supervision by the Class Representatives.  The court find both to be far more than adequate." *In re HealthSouth Corp. Sec. Litig.*, 257 F.R.D. 260, 275 (N.D. Ala. 2009).

- *In re Dynegy Inc. Sec. Litig.*, No. H-02-1571 (S.D. Tex.).  As sole lead counsel representing The Regents of the University of California and the class of Dynegy investors, Robbins Geller attorneys obtained a combined settlement of $474 million from Dynegy, Citigroup, Inc. and Arthur Andersen LLP for their involvement in a clandestine financing scheme known as Project Alpha.  Given Dynegy's limited ability to pay, Robbins Geller attorneys structured a settlement (reached shortly before the commencement of trial) that maximized plaintiffs' recovery without bankrupting the company.  Most notably, the settlement agreement provides that Dynegy will appoint two board members to be nominated by The Regents, which Robbins Geller and The Regents believe will benefit all of Dynegy's stockholders.

- *Jones v. Pfizer Inc.*, No. 1:10-cv-03864 (S.D.N.Y.).  Lead plaintiff Stichting Philips Pensioenfonds obtained a $400 million settlement on behalf of class members who purchased Pfizer Inc. common stock during the January 19, 2006 to January 23, 2009 class period.  The settlement against Pfizer resolves accusations that it misled investors about an alleged off-label drug marketing scheme.  As sole lead counsel, Robbins Geller attorneys helped achieve this exceptional result after five years of hard-fought litigation against the toughest and the brightest members of the securities defense bar by litigating this case all the way to trial.

In approving the settlement, United States District Judge Alvin K. Hellerstein commended the Firm, noting that "[w]ithout the quality and the toughness that you have exhibited, our society would not be

as good as it is with all its problems.  So from me to you is a vote of thanks for devoting yourself to this work and doing it well. . . .  You did a really good job.  Congratulations."

- *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 01-cv-1451 (D. Colo.).  Robbins Geller attorneys served as lead counsel for a class of investors that purchased Qwest securities.  In July 2001, the Firm filed the initial complaint in this action on behalf of its clients, long before any investigation into Qwest's financial statements was initiated by the SEC or Department of Justice.  After five years of litigation, lead plaintiffs entered into a settlement with Qwest and certain individual defendants that provided a $400 million recovery for the class and created a mechanism that allowed the vast majority of class members to share in an additional $250 million recovered by the SEC.  In 2008, Robbins Geller attorneys recovered an additional $45 million for the class in a settlement with defendants Joseph P. Nacchio and Robert S. Woodruff, the CEO and CFO, respectively, of Qwest during large portions of the class period.

- *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701 (S.D.N.Y.).  Robbins Geller attorneys served as lead counsel for a class of investors and obtained court approval of a $388 million recovery in nine 2007 residential mortgage-backed securities offerings issued by J.P. Morgan.  The settlement represents, on a percentage basis, the largest recovery ever achieved in an MBS purchaser class action.  The result was achieved after more than five years of hard-fought litigation and an extensive investigation.  In granting approval of the settlement, the court stated the following about Robbins Geller attorneys litigating the case: "[T]here is no question in my mind that this is a very good result for the class and that the plaintiffs' counsel fought the case very hard with extensive discovery, a lot of depositions, several rounds of briefing of various legal issues going all the way through class certification."

- *Silverman v. Motorola, Inc.*, No. 1:07-cv-04507 (N.D. Ill.).  The Firm served as lead counsel on behalf of a class of investors in Motorola, Inc., ultimately recovering $200 million for investors just two months before the case was set for trial.  This outstanding result was obtained despite the lack of an SEC investigation or any financial restatement.  In May 2012, the Honorable Amy J. St. Eve of the Northern District of Illinois commented: "The representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity."  *Silverman v. Motorola, Inc.*, No. 07 C 4507, 2012 U.S. Dist. LEXIS 63477, at *11 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013).

  In affirming the district court's award of attorneys' fees, the Seventh Circuit noted that "no other law firm was willing to serve as lead counsel.  Lack of competition not only implies a higher fee but also suggests that most members of the securities bar saw this litigation as too risky for their practices."  *Silverman v. Motorola Sols., Inc.*, 739 F.3d 956, 958 (7th Cir. Ill. 2013).

- *In re AT&T Corp. Sec. Litig.*, MDL No. 1399 (D.N.J.).  Robbins Geller attorneys served as lead counsel for a class of investors that purchased AT&T common stock.  The case charged defendants AT&T and its former Chairman and CEO, C. Michael Armstrong, with violations of the federal securities laws in connection with AT&T's April 2000 initial public offering of its wireless tracking stock, the largest IPO in American history.  After two weeks of trial, and on the eve of scheduled testimony by Armstrong and infamous telecom analyst Jack Grubman, defendants agreed to settle the case for $100 million.  In granting approval of the settlement, the court stated the following about the Robbins Geller attorneys handling the case:

  > Lead Counsel are highly skilled attorneys with great experience in prosecuting complex securities action[s], and their professionalism and diligence displayed during [this] litigation substantiates this characterization.  The Court notes that Lead Counsel displayed excellent lawyering skills through their consistent preparedness during court proceedings, arguments and the trial, and their well-written and thoroughly researched submissions to the Court.  Undoubtedly, the attentive and persistent effort of Lead Counsel was integral in achieving the excellent result for the Class.

*In re AT&T Corp. Sec. Litig.*, MDL No. 1399, 2005 U.S. Dist. LEXIS 46144, at *28-*29 (D.N.J. Apr. 25, 2005), *aff'd*, 455 F.3d 160 (3d Cir. 2006).

- *In re Dollar Gen. Corp. Sec. Litig.*, No. 01-CV-00388 (M.D. Tenn.).  Robbins Geller attorneys served as lead counsel in this case in which the Firm recovered $172.5 million for investors.  The *Dollar General* settlement was the largest shareholder class action recovery ever in Tennessee.

- *Carpenters Health & Welfare Fund v. Coca-Cola Co.*, No. 00-CV-2838 (N.D. Ga.).  As co-lead counsel representing Coca-Cola shareholders, Robbins Geller attorneys obtained a recovery of $137.5 million after nearly eight years of litigation.  Robbins Geller attorneys traveled to three continents to uncover the evidence that ultimately resulted in the settlement of this hard-fought litigation.  The case concerned Coca-Cola's shipping of excess concentrate at the end of financial reporting periods for the sole purpose of meeting analyst earnings expectations, as well as the company's failure to properly account for certain impaired foreign bottling assets.

- *Schwartz v. TXU Corp.*, No. 02-CV-2243 (N.D. Tex.).  As co-lead counsel, Robbins Geller attorneys obtained a recovery of over $149 million for a class of purchasers of TXU securities.  The recovery compensated class members for damages they incurred as a result of their purchases of TXU securities at inflated prices.  Defendants had inflated the price of these securities by concealing the fact that TXU's operating earnings were declining due to a deteriorating gas pipeline and the failure of the company's European operations.

- *In re Doral Fin. Corp. Sec. Litig.*, 05 MDL No. 1706 (S.D.N.Y.).  In July 2007, the Honorable Richard Owen of the Southern District of New York approved the $129 million settlement, finding in his order:

  > The services provided by Lead Counsel [Robbins Geller] were efficient and highly successful, resulting in an outstanding recovery for the Class without the substantial expense, risk and delay of continued litigation.  Such efficiency and effectiveness supports the requested fee percentage.

  > Cases brought under the federal securities laws are notably difficult and notoriously uncertain. . . .  Despite the novelty and difficulty of the issues raised, Lead Plaintiffs' counsel secured an excellent result for the Class.

  > . . . Based upon Lead Plaintiff's counsel's diligent efforts on behalf of the Class, as well as their skill and reputations, Lead Plaintiff's counsel were able to negotiate a very favorable result for the Class. . . .  The ability of [Robbins Geller] to obtain such a favorable partial settlement for the Class in the face of such formidable opposition confirms the superior quality of their representation . . . .

  *In re Doral Fin. Corp. Sec. Litig.*, No. 1:05-md-01706, Order at 4-5 (S.D.N.Y. July 17, 2007).

- *In re NASDAQ Market-Makers Antitrust Litig.*, MDL No. 1023 (S.D.N.Y.).  Robbins Geller attorneys served as court-appointed co-lead counsel for a class of investors.  The class alleged that the NASDAQ market-makers set and maintained wide spreads pursuant to an industry-wide conspiracy in one of the largest and most important antitrust cases in recent history.  After three and one half years of intense litigation, the case was settled for a total of $1.027 billion, at the time the largest ever antitrust settlement.  An excerpt from the court's opinion reads:

  > Counsel for the Plaintiffs are preeminent in the field of class action litigation, and the roster of counsel for the Defendants includes some of the largest, most successful and well regarded law firms in the country.  It is difficult to conceive of better representation than the parties to this action achieved.

  *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998).

- *In re Exxon Valdez*, No. A89 095 Civ. (D. Alaska), and *In re Exxon Valdez Oil Spill Litig.*, No. 3 AN 89 2533 (Alaska Super. Ct., 3d Jud. Dist.).  Robbins Geller attorneys served on the Plaintiffs'

Coordinating Committee and Plaintiffs' Law Committee in this massive litigation resulting from the Exxon Valdez oil spill in Alaska in March 1989. The jury awarded hundreds of millions in compensatory damages, as well as $5 billion in punitive damages (the latter were later reduced by the U.S. Supreme Court to $507 million).

▪ *Mangini v. R.J. Reynolds Tobacco Co.*, No. 939359 (Cal. Super. Ct., San Francisco Cty.). In this case, R.J. Reynolds admitted that "the *Mangini* action, and the way that it was vigorously litigated, was an early, significant and unique driver of the overall legal and social controversy regarding underage smoking that led to the decision to phase out the Joe Camel Campaign."

▪ *Does I v. The Gap, Inc.*, No. 01 0031 (D. N. Mar. I.). In this groundbreaking case, Robbins Geller attorneys represented a class of 30,000 garment workers who alleged that they had worked under sweatshop conditions in garment factories in Saipan that produced clothing for top U.S. retailers such as The Gap, Target and J.C. Penney. In the first action of its kind, Robbins Geller attorneys pursued claims against the factories and the retailers alleging violations of RICO, the Alien Tort Claims Act, and the Law of Nations based on the alleged systemic labor and human rights abuses occurring in Saipan. This case was a companion to two other actions: *Does I v. Advance Textile Corp.*, No. 99 0002 (D. N. Mar. I.), which alleged overtime violations by the garment factories under the Fair Labor Standards Act and local labor law, and *UNITE v. The Gap, Inc.*, No. 300474 (Cal. Super. Ct., San Francisco Cty.), which alleged violations of California's Unfair Practices Law by the U.S. retailers. These actions resulted in a settlement of approximately $20 million that included a comprehensive monitoring program to address past violations by the factories and prevent future ones. The members of the litigation team were honored as Trial Lawyers of the Year by the Trial Lawyers for Public Justice in recognition of the team's efforts in bringing about the precedent-setting settlement of the actions.

▪ *Hall v. NCAA (Restricted Earnings Coach Antitrust Litigation)*, No. 94-2392 (D. Kan.). Robbins Geller attorneys were lead counsel and lead trial counsel for one of three classes of coaches in these consolidated price-fixing actions against the National Collegiate Athletic Association. On May 4, 1998, the jury returned verdicts in favor of the three classes for more than $70 million.

▪ *In re Prison Realty Sec. Litig.*, No. 3:99-0452 (M.D. Tenn.). Robbins Geller attorneys served as lead counsel for the class, obtaining a $105 million recovery.

▪ *In re Honeywell Int'l, Inc. Sec. Litig.*, No. 00-cv-03605 (D.N.J.). Robbins Geller attorneys served as lead counsel for a class of investors that purchased Honeywell common stock. The case charged Honeywell and its top officers with violations of the federal securities laws, alleging the defendants made false public statements concerning Honeywell's merger with Allied Signal, Inc. and that defendants falsified Honeywell's financial statements. After extensive discovery, Robbins Geller attorneys obtained a $100 million settlement for the class.

▪ *Schwartz v. Visa Int'l*, No. 822404-4 (Cal. Super. Ct., Alameda Cty.). After years of litigation and a six-month trial, Robbins Geller attorneys won one of the largest consumer protection verdicts ever awarded in the United States. Robbins Geller attorneys represented California consumers in an action against Visa and MasterCard for intentionally imposing and concealing a fee from their cardholders. The court ordered Visa and MasterCard to return $800 million in cardholder losses, which represented 100% of the amount illegally taken, plus 2% interest. In addition, the court ordered full disclosure of the hidden fee.

▪ *Thompson v. Metro. Life Ins. Co.*, No. 00-cv-5071 (S.D.N.Y.). Robbins Geller attorneys served as lead counsel and obtained $145 million for the class in a settlement involving racial discrimination claims in the sale of life insurance.

▪ *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, MDL No. 1061 (D.N.J.). In one of the first cases of its kind, Robbins Geller attorneys obtained a settlement of $4 billion for deceptive sales practices in connection with the sale of life insurance involving the "vanishing premium" sales scheme.

## Precedent-Setting Decisions

Robbins Geller attorneys operate at the forefront of litigation. Our work often changes the legal landscape, resulting in an environment that is more-favorable for obtaining recoveries for our clients.

## Investor and Shareholder Rights

- *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, 693 F.3d 145 (2d Cir. 2012), *cert. denied*, _U.S._, 133 S. Ct. 1624 (2013). In a securities fraud action involving mortgage-backed securities, the Second Circuit rejected the concept of "tranche" standing and found that a lead plaintiff has class standing to pursue claims on behalf of purchasers of securities that were backed by pools of mortgages originated by the same lenders who had originated mortgages backing the lead plaintiff's securities. The court noted that, given those common lenders, the lead plaintiff's claims as to its purchases implicated "the same set of concerns" that purchasers in several of the other offerings possessed. The court also rejected the notion that the lead plaintiff lacked standing to represent investors in different tranches.

- *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694 (9th Cir. 2012). The panel reversed in part and affirmed in part the dismissal of investors' securities fraud class action alleging violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 and SEC Rule 10b-5 in connection with a restatement of financial results of the company in which the investors had purchased stock.

  The panel held that the third amended complaint adequately pleaded the §10(b), §20A and Rule 10b-5 claims. Considering the allegations of scienter holistically, as the U.S. Supreme Court directed in *Matrixx Initiatives, Inc. v. Siracusano*, _U.S._, 131 S. Ct. 1309, 1324 (2011), the panel concluded that the inference that the defendant company and its chief executive officer and former chief financial officer were deliberately reckless as to the truth of their financial reports and related public statements following a merger was at least as compelling as any opposing inference.

- *Fox v. JAMDAT Mobile, Inc.*, 185 Cal. App. 4th 1068 (2010). Concluding that Delaware's shareholder ratification doctrine did not bar the claims, the California Court of Appeal reversed dismissal of a shareholder class action alleging breach of fiduciary duty in a corporate merger.

- *In re Constar Int'l Inc. Sec. Litig.*, 585 F.3d 774 (3d Cir. 2009). The Third Circuit flatly rejected defense contentions that where relief is sought under §11 of the Securities Act of 1933, which imposes liability when securities are issued pursuant to an incomplete or misleading registration statement, class certification should depend upon findings concerning market efficiency and loss causation.

- *Matrixx Initiatives, Inc. v. Siracusano*, _U.S._, 131 S. Ct. 1309 (2011), *aff'g* 585 F.3d 1167 (9th Cir. 2009). In a securities fraud action involving the defendants' failure to disclose a possible link between the company's popular cold remedy and a life-altering side effect observed in some users, the U.S. Supreme Court unanimously affirmed the Ninth Circuit's (a) rejection of a bright-line "statistical significance" materiality standard, and (b) holding that plaintiffs had successfully pleaded a strong inference of the defendants' scienter.

- *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F.3d 221 (5th Cir. 2009). Aided by former U.S. Supreme Court Justice O'Connor's presence on the panel, the Fifth Circuit reversed a district court order denying class certification and also reversed an order granting summary judgment to defendants. The court held that the district court applied an incorrect fact-for-fact standard of loss causation, and that genuine issues of fact on loss causation precluded summary judgment.

- *In re F5 Networks, Inc., Derivative Litig.*, 207 P.3d 433 (Wash. 2009). In a derivative action alleging unlawful stock option backdating, the Supreme Court of Washington ruled that shareholders need not make a pre-suit demand on the board of directors where this step would be futile, agreeing with plaintiffs that favorable Delaware case law should be followed as persuasive authority.

- ***Lormand v. US Unwired, Inc.***, 565 F.3d 228 (5th Cir. 2009).  In a rare win for investors in the Fifth Circuit, the court reversed an order of dismissal, holding that safe harbor warnings were not meaningful when the facts alleged established a strong inference that defendants knew their forecasts were false.  The court also held that plaintiffs sufficiently alleged loss causation.

- ***Institutional Inv'rs Grp. v. Avaya, Inc.***, 564 F.3d 242 (3d Cir. 2009).  In a victory for investors in the Third Circuit, the court reversed an order of dismissal, holding that shareholders pled with particularity why the company's repeated denials of price discounts on products were false and misleading when the totality of facts alleged established a strong inference that defendants knew their denials were false.

- ***Alaska Elec. Pension Fund v. Pharmacia Corp.***, 554 F.3d 342 (3d Cir. 2009).  The Third Circuit held that claims filed for violation of §10(b) of the Securities Exchange Act of 1934 were timely, adopting investors' argument that because scienter is a critical element of the claims, the time for filing them cannot begin to run until the defendants' fraudulent state of mind should be apparent.

- ***Rael v. Page***, 222 P.3d 678 (N.M. Ct. App. 2009).  In this shareholder class and derivative action, Robbins Geller attorneys obtained an appellate decision reversing the trial court's dismissal of the complaint alleging serious director misconduct in connection with the merger of SunCal Companies and Westland Development Co., Inc., a New Mexico company with large and historic landholdings and other assets in the Albuquerque area.  The appellate court held that plaintiff's claims for breach of fiduciary duty were direct, not derivative, because they constituted an attack on the validity or fairness of the merger and the conduct of the directors.  Although New Mexico law had not addressed this question directly, at the urging of the Firm's attorneys, the court relied on Delaware law for guidance, rejecting the "special injury" test for determining the direct versus derivative inquiry and instead applying more recent Delaware case law.

- ***Lane v. Page***, No. 06-cv-1071 (D.N.M. 2012).  In May 2012, while granting final approval of the settlement in the federal component of the Westland cases, Judge Browning in the District of New Mexico commented:

  > Class Counsel are highly skilled and specialized attorneys who use their substantial experience and expertise to prosecute complex securities class actions.  In possibly one of the best known and most prominent recent securities cases, Robbins Geller served as sole lead counsel – *In re Enron Corp. Sec. Litig.*, No. H-01-3624 (S.D. Tex.).  *See* Report at 3.  The Court has previously noted that the class would "receive high caliber legal representation" from class counsel, and throughout the course of the litigation the Court has been impressed with the quality of representation on each side.  *Lane v. Page*, 250 F.R.D. at 647

  *Lane v. Page*, 862 F. Supp. 2d 1182, 1253-54 (D.N.M. 2012).

  In addition, Judge Browning stated, "'Few plaintiffs' law firms could have devoted the kind of time, skill, and financial resources over a five-year period necessary to achieve the pre- and post-Merger benefits obtained for the class here.' . . .  [Robbins Geller is] both skilled and experienced, and used those skills and experience for the benefit of the class [Robbins Geller is] both skilled and experienced, and used those skills and experience for the benefit of the class."  *Id.* at 1254.

- ***Luther v. Countrywide Home Loans Servicing LP***, 533 F.3d 1031 (9th Cir. 2008).  In a case of first impression, the Ninth Circuit held that the Securities Act of 1933's specific non-removal features had not been trumped by the general removal provisions of the Class Action Fairness Act of 2005.

- ***In re Gilead Scis. Sec. Litig.***, 536 F.3d 1049 (9th Cir. 2008).  The Ninth Circuit upheld defrauded investors' loss causation theory as plausible, ruling that a limited temporal gap between the time defendants' misrepresentation was publicly revealed and the subsequent decline in stock value was reasonable where the public had not immediately understood the impact of defendants' fraud.

- ▪ ***In re WorldCom Sec. Litig.***, 496 F.3d 245 (2d Cir. 2007).  The Second Circuit held that the filing of a class action complaint tolls the limitations period for all members of the class, including those who choose to opt out of the class action and file their own individual actions without waiting to see whether the district court certifies a class – reversing the decision below and effectively overruling multiple district court rulings that *American Pipe* tolling did not apply under these circumstances.

- ▪ ***In re Merck & Co. Sec., Derivative & ERISA Litig.***, 493 F.3d 393 (3d Cir. 2007).  In a shareholder derivative suit appeal, the Third Circuit held that the general rule that discovery may not be used to supplement demand-futility allegations does not apply where the defendants enter a voluntary stipulation to produce materials relevant to demand futility without providing for any limitation as to their use.  In April 2007, the Honorable D. Brooks Smith praised Robbins Geller partner Joe Daley's efforts in this litigation:

  > Thank you very much Mr. Daley and a thank you to all counsel.  As Judge Cowen mentioned, this was an exquisitely well-briefed case; it was also an extremely well-argued case, and we thank counsel for their respective jobs here in the matter, which we will take under advisement.  Thank you.

  *In re Merck & Co., Inc. Sec., Derivative & ERISA Litig.*, No. 06-2911, Transcript at 35:37-36:00 (3d Cir. Apr. 12, 2007).

- ▪ ***Alaska Elec. Pension Fund v. Brown***, 941 A.2d 1011 (Del. 2007).  The Supreme Court of Delaware held that the Alaska Electrical Pension Fund, for purposes of the "corporate benefit" attorney-fee doctrine, was presumed to have caused a substantial increase in the tender offer price paid in a "going private" buyout transaction.  The Court of Chancery originally ruled that Alaska's counsel, Robbins Geller, was not entitled to an award of attorney fees, but Delaware's high court, in its published opinion, reversed and remanded for further proceedings.

- ▪ ***Crandon Capital Partners v. Shelk***, 157 P.3d 176 (Or. 2007).  Oregon's Supreme Court ruled that a shareholder plaintiff in a derivative action may still seek attorney fees even if the defendants took actions to moot the underlying claims.  The Firm's attorneys convinced Oregon's highest court to take the case, and reverse, despite the contrary position articulated by both the trial court and the Oregon Court of Appeals.

- ▪ ***In re Qwest Commc'ns Int'l***, 450 F.3d 1179 (10th Cir. 2006).  In a case of first impression, the Tenth Circuit held that a corporation's deliberate release of purportedly privileged materials to governmental agencies was not a "selective waiver" of the privileges such that the corporation could refuse to produce the same materials to non-governmental plaintiffs in private securities fraud litigation.

- ▪ ***In re Guidant S'holders Derivative Litig.***, 841 N.E.2d 571 (Ind. 2006).  Answering a certified question from a federal court, the Supreme Court of Indiana unanimously held that a pre-suit demand in a derivative action is excused if the demand would be a futile gesture.  The court adopted a "demand futility" standard and rejected defendants' call for a "universal demand" standard that might have immediately ended the case.

- ▪ ***Denver Area Meat Cutters v. Clayton***, 209 S.W.3d 584 (Tenn. Ct. App. 2006).  The Tennessee Court of Appeals rejected an objector's challenge to a class action settlement arising out of Warren Buffet's 2003 acquisition of Tennessee-based Clayton Homes.  In their effort to secure relief for Clayton Homes stockholders, the Firm's attorneys obtained a temporary injunction of the Buffet acquisition for six weeks in 2003 while the matter was litigated in the courts.  The temporary halt to Buffet's acquisition received national press attention.

- ▪ ***DeJulius v. New Eng. Health Care Emps. Pension Fund***, 429 F.3d 935 (10th Cir. 2005).  The Tenth Circuit held that the multi-faceted notice of a $50 million settlement in a securities fraud class action had been the best notice practicable under the circumstances, and thus satisfied both constitutional due process and Rule 23 of the Federal Rules of Civil Procedure.

- ***In re Daou Sys.***, 411 F.3d 1006 (9th Cir. 2005). The Ninth Circuit sustained investors' allegations of accounting fraud and ruled that loss causation was adequately alleged by pleading that the value of the stock they purchased declined when the issuer's true financial condition was revealed.

- ***Barrie v. Intervoice-Brite, Inc.***, 397 F.3d 249 (5th Cir.), *reh'g denied and opinion modified*, 409 F.3d 653 (5th Cir. 2005). The Fifth Circuit upheld investors' accounting-fraud claims, holding that fraud is pled as to both defendants when one knowingly utters a false statement and the other knowingly fails to correct it, even if the complaint does not specify who spoke and who listened.

- ***City of Monroe Emps. Ret. Sys. v. Bridgestone Corp.***, 399 F.3d 651 (6th Cir. 2005). The Sixth Circuit held that a statement regarding objective data supposedly supporting a corporation's belief that its tires were safe was actionable where jurors could have found a reasonable basis to believe the corporation was aware of undisclosed facts seriously undermining the statement's accuracy.

- ***Ill. Mun. Ret. Fund v. Citigroup, Inc.***, 391 F.3d 844 (7th Cir. 2004). The Seventh Circuit upheld a district court's decision that the Illinois Municipal Retirement Fund was entitled to litigate its claims under the Securities Act of 1933 against WorldCom's underwriters before a state court rather than before the federal forum sought by the defendants.

- ***Nursing Home Pension Fund, Local 144 v. Oracle Corp.***, 380 F.3d 1226 (9th Cir. 2004). The Ninth Circuit ruled that defendants' fraudulent intent could be inferred from allegations concerning their false representations, insider stock sales and improper accounting methods.

- ***Southland Sec. Corp. v. INSpire Ins. Sols. Inc.***, 365 F.3d 353 (5th Cir. 2004). The Fifth Circuit sustained allegations that an issuer's CEO made fraudulent statements in connection with a contract announcement.

## Insurance

- ***Smith v. Am. Family Mut. Ins. Co.***, 289 S.W.3d 675 (Mo. Ct. App. 2009). Capping nearly a decade of hotly contested litigation, the Missouri Court of Appeals reversed the trial court's judgment notwithstanding the verdict for auto insurer American Family and reinstated a unanimous jury verdict for the plaintiff class.

- ***Troyk v. Farmers Grp., Inc.***, 171 Cal. App. 4th 1305 (2009). The California Court of Appeal held that Farmers Insurance's practice of levying a "service charge" on one-month auto insurance policies, without specifying the charge in the policy, violated California's Insurance Code.

- ***Lebrilla v. Farmers Grp., Inc.***, 119 Cal. App. 4th 1070 (2004). Reversing the trial court, the California Court of Appeal ordered class certification of a suit against Farmers, one of the largest automobile insurers in California, and ruled that Farmers' standard automobile policy requires it to provide parts that are as good as those made by vehicle's manufacturer. The case involved Farmers' practice of using inferior imitation parts when repairing insureds' vehicles.

- ***In re Monumental Life Ins. Co.***, 365 F.3d 408, 416 (5th Cir. 2004). The Fifth Circuit Court of Appeals reversed a district court's denial of class certification in a case filed by African-Americans seeking to remedy racially discriminatory insurance practices. The Fifth Circuit held that a monetary relief claim is viable in a Rule 23(b)(2) class if it flows directly from liability to the class as a whole and is capable of classwide "'computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances.'"

## Consumer Protection

- ***Kwikset Corp. v. Superior Court***, 51 Cal. 4th 310 (2011). In a leading decision interpreting the scope of Proposition 64's new standing requirements under California's Unfair Competition Law (UCL), the California Supreme Court held that consumers alleging that a manufacturer has misrepresented its product have "lost money or property" within the meaning of the initiative, and thus have standing to sue under the UCL, if they "can truthfully allege that they were deceived by a product's label into spending money to purchase the product, and would not have purchased it

otherwise." *Id.* at 317. *Kwikset* involved allegations, proven at trial, that defendants violated California's "Made in the U.S.A." statute by representing on their labels that their products were "Made in U.S.A." or "All-American Made" when, in fact, the products were substantially made with foreign parts and labor.

- *Safeco Ins. Co. of Am. v. Superior Court*, 173 Cal. App. 4th 814 (2009).  In a class action against auto insurer Safeco, the California Court of Appeal agreed that the plaintiff should have access to discovery to identify a new class representative after her standing to sue was challenged.

- *Consumer Privacy Cases*, 175 Cal. App. 4th 545 (2009).  The California Court of Appeal rejected objections to a nationwide class action settlement benefiting Bank of America customers.

- *Koponen v. Pac. Gas & Elec. Co.*, 165 Cal. App. 4th 345 (2008).  The Firm's attorneys obtained a published decision reversing the trial court's dismissal of the action, and holding that the plaintiff's claims for damages arising from the utility's unauthorized use of rights-of-way or easements obtained from the plaintiff and other landowners were not barred by a statute limiting the authority of California courts to review or correct decisions of the California Public Utilities Commission.

- *Sanford v. MemberWorks, Inc.*, 483 F.3d 956 (9th Cir. 2007).  In a telemarketing-fraud case, where the plaintiff consumer insisted she had never entered the contractual arrangement that defendants said bound her to arbitrate individual claims to the exclusion of pursuing class claims, the Ninth Circuit reversed an order compelling arbitration – allowing the plaintiff to litigate on behalf of a class.

- *Ritt v. Billy Blanks Enters.*, 870 N.E.2d 212 (Ohio Ct. App. 2007).  In the Ohio analog to the West case, the Ohio Court of Appeals approved certification of a class of Ohio residents seeking relief under Ohio's consumer protection laws for the same telemarketing fraud.

- *Haw. Med. Ass'n v. Haw. Med. Serv. Ass'n*, 148 P.3d 1179 (Haw. 2006).  The Supreme Court of Hawaii ruled that claims of unfair competition were not subject to arbitration and that claims of tortious interference with prospective economic advantage were adequately alleged.

- *Branick v. Downey Sav. & Loan Ass'n*, 39 Cal. 4th 235 (2006).  Robbins Geller attorneys were part of a team of lawyers that briefed this case before the Supreme Court of California.  The court issued a unanimous decision holding that new plaintiffs may be substituted, if necessary, to preserve actions pending when Proposition 64 was passed by California voters in 2004.  Proposition 64 amended California's Unfair Competition Law and was aggressively cited by defense lawyers in an effort to dismiss cases after the initiative was adopted.

- *McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457 (2006).  The California Court of Appeal reversed the trial court, holding that plaintiff's theories attacking a variety of allegedly inflated mortgage-related fees were actionable.

- *West Corp. v. Superior Court*, 116 Cal. App. 4th 1167 (2004).  The California Court of Appeal upheld the trial court's finding that jurisdiction in California was appropriate over the out-of-state corporate defendant whose telemarketing was aimed at California residents.  Exercise of jurisdiction was found to be in keeping with considerations of fair play and substantial justice.

- *Kruse v. Wells Fargo Home Mortg., Inc.*, 383 F.3d 49 (2d Cir. 2004), and *Santiago v. GMAC Mortg. Grp., Inc.*, 417 F.3d 384 (3d Cir. 2005).  In two groundbreaking federal appellate decisions, the Second and Third Circuits each ruled that the Real Estate Settlement Practices Act prohibits marking up home loan-related fees and charges.

## Additional Judicial Commendations

Robbins Geller attorneys have been praised by countless judges all over the country for the quality of their representation in class-action lawsuits. In addition to the judicial commendations set forth in the Prominent Cases and Precedent-Setting Decisions sections, judges have acknowledged the successful results of the Firm and its attorneys with the following plaudits:

- In August 2015, at the final approval hearing for the settlement, the Honorable Karen M. Humphreys praised Robbins Geller's "extraordinary efforts" and "excellent lawyering," noting that the settlement "really does signal that the best is yet to come for your clients and for your prodigious labor as professionals. . . . I wish more citizens in our country could have an appreciation of what this [settlement] truly represents." *Bennett v. Sprint Nextel Corp.*, No. 2:09-cv-02122-EFM-KMH, Transcript at 8, 25 (D. Kan. Aug. 12, 2015).

- In July 2015, in approving the settlement, the Honorable Douglas L. Rayes of the District of Arizona stated: "Settlement of the case during pendency of appeal for more than an insignificant amount is rare. The settlement here is substantial and provides favorable recovery for the settlement class under these circumstances." He continued, noting, "[a]s against the objective measures of . . . settlements [in] other similar cases, [the recovery] is on the high end." *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, No. 2:06-cv-02674-DLR, Transcript at 8, 11 (D. Ariz. July 28, 2015).

- In June 2015, at the conclusion of the hearing for final approval of the settlement, the Honorable Susan Richard Nelson of the District of Minnesota noted that it was "a pleasure to be able to preside over a case like this," praising Robbins Geller in achieving "an outstanding [result] for [its] clients," as she was "very impressed with the work done on th[e] case." *In re St. Jude Med., Inc. Sec. Litig.*, No. 0:10-cv-00851-SRN-TNL, Transcript at 7 (D. Minn. June 12, 2015).

- In May 2015, at the fairness hearing on the settlement, the Honorable William G. Young noted that the case was "very well litigated" by Robbins Geller attorneys, adding that "I don't just say that as a matter of form. . . . I thank you for the vigorous litigation that I've been permitted to be a part of." *Courtney v. Avid Tech., Inc.*, No. 1:13-cv-10686-WGY, Transcript at 8-9 (D. Mass May 12, 2015).

- In January 2015, the Honorable William J. Haynes, Jr. of the Middle District of Tennessee described the settlement as a "highly favorable result achieved for the Class" through Robbins Geller's "diligent prosecution . . . [and] quality of legal services." The settlement represents the third largest securities recovery ever in the Middle District of Tennessee and the largest in more than a decade. *Garden City Emps.' Ret. Sys. v. Psychiatric Solutions, Inc.*, No. 3:09-cv-00882, Order at 1 (M.D. Tenn. Jan. 16, 2015).

- In September 2014, in approving the settlement for shareholders, Vice Chancellor John W. Noble noted "[t]he litigation caused a substantial benefit for the class. It is unusual to see a $29 million recovery." Vice Chancellor Noble characterized the litigation as "novel" and "not easy," but "[t]he lawyers took a case and made something of it." The Court commended Robbins Geller's efforts in obtaining this result: "The standing and ability of counsel cannot be questioned" and "the benefits achieved by plaintiffs' counsel in this case cannot be ignored." *In re Gardner Denver, Inc. S'holder Litig.*, No. 8505-VCN, Transcript at 26-28 (Del. Ch. Sept. 3, 2014).

- In May 2014, at the conclusion of the hearing for final approval of the settlement, the Honorable Elihu M. Berle stated: "I would finally like to congratulate counsel on their efforts to resolve this case, on excellent work – it was the best interest of the class – and to the exhibition of professionalism. So I do thank you for all your efforts." *Liberty Mutual Overtime Cases*, No. JCCP 4234, Transcript at 20:1-5 (Cal. Super. Ct., Los Angeles Cty. May 29, 2014).

- In March 2014, Ninth Circuit Judge J. Clifford Wallace (presiding) expressed the gratitude of the court: "Thank you. I want to especially thank counsel for this argument. This is a very complicated case and I think we were assisted no matter how we come out by competent counsel coming well prepared. . . . It was a model of the type of an exercise that we appreciate. Thank you very much for

your work . . . you were of service to the court." *Eclectic Properties East, LLC v. The Marcus & Millichap Co.*, No. 12-16526, Transcript (9th Cir. Mar. 14, 2014).

- In February 2014, in approving a settlement, Judge Edward M. Chen noted the "very substantial risks" in the case and recognized Robbins Geller had performed "extensive work on the case." *In re VeriFone Holdings, Inc. Sec. Litig.*, No. C-07-6140, 2014 U.S. Dist. LEXIS 20044, at *5, *11-*12 (N.D. Cal. Feb. 18, 2014).

- In August 2013, in granting final approval of the settlement, the Honorable Richard J. Sullivan stated: "Lead Counsel is to be commended for this result: it expended considerable effort and resources over the course of the action researching, investigating, and prosecuting the claims, at significant risk to itself, and in a skillful and efficient manner, to achieve an outstanding recovery for class members. Indeed, the result – and the class's embrace of it – is a testament to the experience and tenacity Lead Counsel brought to bear." *City of Livonia Emps. Ret. Sys. v. Wyeth*, No. 07 Civ. 10329, 2013 U.S. Dist. LEXIS 113658, at *13 (S.D.N.Y. Aug. 7, 2013).

- In July 2013, in granting final approval of the settlement, the Honorable William H. Alsup stated that Robbins Geller did "excellent work in this case," and continued, "I look forward to seeing you on the next case." *Fraser v. Asus Comput. Int'l*, No. C 12-0652, Transcript at 12:2-3 (N.D. Cal. July 11, 2013).

- In June 2013, in certifying the class, U.S. District Judge James G. Carr recognized Robbins Geller's steadfast commitment to the class, noting that "plaintiffs, with the help of Robbins Geller, have twice successfully appealed this court's orders granting defendants' motion to dismiss." *Plumbers & Pipefitters Nat'l Pension Fund v. Burns*, 292 F.R.D. 515, 524 (N.D. Ohio 2013).

- In November 2012, in granting appointment of lead plaintiff, Chief Judge James F. Holderman commended Robbins Geller for its "substantial experience in securities class action litigation and is recognized as 'one of the most successful law firms in securities class actions, if not the preeminent one, in the country.' *In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.)." He continued further that, "'Robbins Geller attorneys are responsible for obtaining the largest securities fraud class action recovery ever [$7.3 billion in *Enron*], as well as the largest recoveries in the Fifth, Sixth, Eighth, Tenth and Eleventh Circuits.'" *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 U.S. Dist. LEXIS 161441 at *21 (N.D. Ill. Nov. 9, 2012).

- In June 2012, in granting plaintiffs' motion for class certification, the Honorable Inge Prytz Johnson noted that other courts have referred to Robbins Geller as "'one of the most successful law firms in securities class actions . . . in the country.'" *Local 703, I.B. v. Regions Fin. Corp.*, 282 F.R.D. 607, 616 (N.D. Ala. 2012) (quoting *In re Enron Corp. Sec. Litig.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008)).

- In June 2012, in granting final approval of the settlement, the Honorable Barbara S. Jones commented that "class counsel's representation, from the work that I saw, appeared to me to be of the highest quality." *In re CIT Grp. Inc. Sec. Litig.*, No. 08 Civ. 6613, Transcript at 9:16-18 (S.D.N.Y. June 13, 2012).

- In March 2012, in granting certification for the class, Judge Robert W. Sweet referenced the *Enron* case, agreeing that Robbins Geller's "'clearly superlative litigating and negotiating skills'" give the Firm an "'outstanding reputation, experience, and success in securities litigation nationwide,'" thus, "'[t]he experience, ability, and reputation of the attorneys of [Robbins Geller] is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country.'" *Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 158 (S.D.N.Y. 2012).

- In March 2011, in denying defendants' motion to dismiss, Judge Richard Sullivan commented: "Let me thank you all. . . . [The motion] was well argued . . . and . . . well briefed . . . . I certainly appreciate having good lawyers who put the time in to be prepared . . . ." *Anegada Master Fund Ltd. v. PxRE Grp. Ltd.*, No. 08-cv-10584, Transcript at 83 (S.D.N.Y. Mar. 16, 2011).

- In January 2011, the court praised Robbins Geller attorneys: "They have gotten very good results for stockholders. . . . [Robbins Geller has] such a good track record." *In re Compellent Technologies, Inc. S'holder Litig.*, No. 6084-VCL, Transcript at 20-21 (Del. Ch. Jan. 13, 2011).

- In August 2010, in reviewing the settlement papers submitted by the Firm, Judge Carlos Murguia stated that Robbins Geller performed "a commendable job of addressing the relevant issues with great detail and in a comprehensive manner . . . . The court respects the [Firm's] experience in the field of derivative [litigation]." *Alaska Elec. Pension Fund v. Olofson*, No. 08-cv-02344-CM-JPO (D. Kan.) (Aug. 20, 2010 e-mail from court re: settlement papers).

- In June 2009, Judge Ira Warshawsky praised the Firm's efforts in *In re Aeroflex, Inc. S'holder Litig.*: "There is no doubt that the law firms involved in this matter represented in my opinion the cream of the crop of class action business law and mergers and acquisition litigators, and from a judicial point of view it was a pleasure working with them." *In re Aeroflex, Inc. S'holder Litig.*, No. 003943/07, Transcript at 25:14-18 (N.Y. Sup. Ct., Nassau Cty. June 30, 2009).

- In March 2009, in granting class certification, the Honorable Robert Sweet of the Southern District of New York commented in *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 74 (S.D.N.Y. 2009): "As to the second prong, the Specialist Firms have not challenged, in this motion, the qualifications, experience, or ability of counsel for Lead Plaintiff, [Robbins Geller], to conduct this litigation. Given [Robbins Geller's] substantial experience in securities class action litigation and the extensive discovery already conducted in this case, this element of adequacy has also been satisfied."

- In June 2008, the court commented, "Plaintiffs' lead counsel in this litigation, [Robbins Geller], has demonstrated its considerable expertise in shareholder litigation, diligently advocating the rights of Home Depot shareholders in this Litigation. [Robbins Geller] has acted with substantial skill and professionalism in representing the plaintiffs and the interests of Home Depot and its shareholders in prosecuting this case." *City of Pontiac General Employees' Ret. Sys. v. Langone*, No. 2006-122302, Findings of Fact in Support of Order and Final Judgment at 2 (Ga. Super. Ct., Fulton Cty. June 10, 2008).

- In a December 2006 hearing on the $50 million consumer privacy class action settlement in *Kehoe v. Fidelity Fed. Bank & Trust*, No. 03-80593-CIV (S.D. Fla.), United States District Court Judge Daniel T.K. Hurley said the following:

  > First, I thank counsel. As I said repeatedly on both sides, we have been very, very fortunate. We have had fine lawyers on both sides. The issues in the case are significant issues. We are talking about issues dealing with consumer protection and privacy. Something that is increasingly important today in our society. . . . I want you to know I thought long and hard about this. I am absolutely satisfied that the settlement is a fair and reasonable settlement. . . . I thank the lawyers on both sides for the extraordinary effort that has been brought to bear here . . . .

  *Kehoe v. Fidelity Fed. Bank & Trust*, No. 03-80593-CIV, Transcript at 26, 28-29 (S.D. Fla. Dec. 7, 2007).

- In *Stanley v. Safeskin Corp.*, No. 99 CV 454 (S.D. Cal.), where Robbins Geller attorneys obtained $55 million for the class of investors, Judge Moskowitz stated:

  > I said this once before, and I'll say it again. I thought the way that your firm handled this case was outstanding. This was not an easy case. It was a complicated case, and every step of the way, I thought they did a very professional job.

  *Stanley v. Safeskin Corp.*, No. 99 CV 454, Transcript at 13 (S.D. Cal. May 25, 2004).

## Attorney Biographies

### Partners



**Mario Alba Jr.**

Mario Alba Jr. is a partner in the Firm's Melville office. Mr. Alba has served as lead counsel in numerous cases and is responsible for initiating, investigating, researching, and filing securities and consumer fraud class actions. He is also an integral member of a team that is in constant contact with clients who wish to become actively involved in the litigation of securities fraud. In addition, Mr. Alba is active in all phases of the Firm's lead plaintiff motion practice.

Prior to joining the Robbins Geller, Mr. Alba was involved in civil litigation in the area of no-fault insurance as well as contractual work.

| Education | B.S., St. John's University, 1999; J.D., Hofstra University School of Law, 2002 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2012-2013; B.S., Dean's List, St. John's University, 1999; Selected as participant in Hofstra Moot Court Seminar, Hofstra University School of Law |



**Susan K. Alexander**

Susan K. Alexander is a partner in the Firm's San Francisco office and focuses on federal appeals of securities fraud class actions. With nearly 30 years of federal appellate experience, she has argued on behalf of defrauded investors in circuit courts throughout the United States. Representative results include *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 750 F.3d 227 (2d Cir. 2014) (reversing dismissal of securities fraud complaint, focused on loss causation); *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114 (2d Cir. 2012) (reversing dismissal of §11 claim); *City of Pontiac Gen. Emps. Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169 (2d Cir. 2011) (reversing dismissal of securities fraud complaint, focused on statute of limitations*); In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) (reversing dismissal of securities fraud complaint, focused on loss causation); and *Barrie v. Intervoice-Brite, Inc.*, 397 F.3d 249 (5th Cir. 2005) (reversing dismissal of securities fraud complaint, focused on scienter). Ms. Alexander's prior appellate work was with the California Appellate Project ("CAP"), where she prepared appeals and petitions for writs of *habeas corpus* on behalf of individuals sentenced to death. At CAP, and subsequently in private practice, she litigated and consulted on death penalty direct and collateral appeals for ten years.

| Education | B.A., Stanford University, 1983; J.D., University of California, Los Angeles, 1986 |
|---|---|
| Honors/ Awards | Super Lawyer, 2015; American Academy of Appellate Lawyers; California Academy of Appellate Lawyers; Ninth Circuit Advisory Rules Committee; Appellate Delegate, Ninth Circuit Judicial Conference; ABA Council of Appellate Lawyers |

## Aelish M. Baig



Aelish Marie Baig is a partner in the Firm's San Francisco office and focuses her practice on securities class action litigation in federal court. Ms. Baig has litigated a number of cases through jury trial, resulting in multi-million dollar awards or settlements for her clients. She has prosecuted numerous securities fraud actions filed against corporations such as Huffy, Pall and Verizon. Ms. Baig was part of the litigation and trial team in *White v. Cellco Partnership d/b/a Verizon Wireless*, which ultimately settled for $21 million and Verizon's agreement to an injunction restricting its ability to impose early termination fees in future subscriber agreements. She also prosecuted numerous stock option backdating actions, securing tens of millions of dollars in cash recoveries, as well as the implementation of comprehensive corporate governance enhancements for companies victimized by fraudulent stock option practices. Her clients have included the Counties of Santa Clara and Santa Cruz, as well as state, county and municipal pension funds across the country.

| Education | B.A., Brown University, 1992; J.D., Washington College of Law at American University, 1998 |
|---|---|
| Honors/Awards | Super Lawyer, 2012-2013; J.D., *Cum Laude*, Washington College of Law at American University, 1998; Senior Editor, *Administrative Law Review*, Washington College of Law at American University |

## Randall J. Baron



Randall J. Baron is a partner in the Firm's San Diego office and specializes in securities litigation, corporate takeover litigation and breach of fiduciary duty actions. For more than a decade, Mr. Baron has headed up a team of lawyers whose accomplishments include obtaining instrumental rulings both at injunction and trial phases, establishing liability of financial advisors and investment banks. He has been responsible for recovering hundreds of millions of dollars in additional consideration for shareholders. A few notable achievements over the years include: *In re Kinder Morgan, Inc. S'holders Litig.* (Kan. Dist. Ct., Shawnee Cty.), where Mr. Baron obtained an unprecedented $200 million common fund for former Kinder Morgan shareholders, the largest merger & acquisition recovery in history; *In re Rural/Metro Corp. Stockholders Litig.* (Del. Ch.), where Mr. Baron and co-counsel obtained nearly $100 million for shareholders against Royal Bank of Canada Capital Markets LLC; *In re Del Monte Foods Co. S'holders Litig.* (Del. Ch.), where Mr. Baron exposed the unseemly practice by investment bankers of participating on both sides of large merger and acquisition transactions and ultimately secured an $89 million settlement for shareholders of Del Monte; *In re WorldCom Sec. Litig.* (S.D.N.Y.), where Mr. Baron was one of the lead attorneys representing about 75 public and private institutional investors that filed and settled individual actions and more than $657 million was recovered, the largest opt-out (non-class) securities action in history; and *In re Dollar Gen. Corp. S'holder Litig.* (Tenn. Cir. Ct., Davidson Cty.), where Mr. Baron was lead trial counsel and helped to secure a settlement of up to $57 million in a common fund shortly before trial. Prior to joining the Firm, Mr. Baron served as a Deputy District Attorney from 1990-1997 in Los Angeles County.

| Education | B.A., University of Colorado at Boulder, 1987; J.D., University of San Diego School of Law, 1990 |
|---|---|
| Honors/Awards | Benchmark Litigation Star, 2016; Super Lawyer, 2014-2015; Mergers & Acquisitions Trailblazer, *The National Law Journal*, 2015; Litigator of the Week, *The American Lawyer*, October 16, 2014; Attorney of the Year, *California Lawyer*, 2012; One of the Top 500 Lawyers, *Lawdragon*, 2011; Litigator of the Week, *The American Lawyer*, October 7, 2011; J.D., *Cum Laude*, University of San Diego School of Law, 1990 |

## James E. Barz



James E. Barz is a former federal prosecutor and a registered CPA. Mr. Barz is a trial lawyer who has tried 18 federal and state jury trials to verdict and has argued 9 cases in the Seventh Circuit. Prior to joining the Firm, he was a partner in one of the largest law firms in Chicago. He currently is the partner in charge of the Chicago office and since joining the Firm in 2011 has represented defrauded investors in multiple cases securing settlements of $600 million. Since 2008, Mr. Barz has been an Adjunct Professor at Northwestern University School of Law where he teaches Trial Advocacy.

| Education | B.B.A., Loyola University Chicago, School of Business Administration, 1995; J.D., Northwestern University School of Law, 1998 |
|---|---|
| Honors/ Awards | B.B.A., *Summa Cum Laude*, Loyola University Chicago, School of Business Administration, 1995; J.D., *Cum Laude*, Northwestern University School of Law, 1998 |

## Alexandra S. Bernay



Alexandra S. Bernay is a partner in the San Diego office of Robbins Geller, where she specializes in antitrust and unfair competition class-action litigation. Ms. Bernay has also worked on some of the Firm's largest securities fraud class actions, including the *Enron* litigation, which recovered an unprecedented $7.3 billion for investors. Her current practice focuses on the prosecution of antitrust and consumer fraud cases. She is on the litigation team prosecuting *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.* She is also a member of the litigation team involved in *In re Dig. Music Antitrust Litig.*, among other cases in the Firm's antitrust practice area. Ms. Bernay is also actively involved in the consumer action on behalf of bank customers who were overcharged for debit card transactions, *In re Checking Account Overdraft Litig.*

| Education | B.A., Humboldt State University, 1997; J.D., University of San Diego School of Law, 2000 |
|---|---|
| Honors/ Awards | Litigator of the Week, *Global Competition Review*, October 1, 2014 |

## Douglas R. Britton



Douglas R. Britton is a partner in the Firm's San Diego office and represents shareholders in securities class actions. Mr. Britton has secured settlements exceeding $1 billion and significant corporate governance enhancements to improve corporate functioning. Notable achievements include *In re WorldCom, Inc. Sec. & "ERISA" Litig.*, where he was one of the lead partners that represented a number of opt-out institutional investors and secured an unprecedented recovery of $651 million; *In re SureBeam Corp. Sec. Litig.*, where he was the lead trial counsel and secured an impressive recovery of $32.75 million; and *In re Amazon.com, Inc. Sec. Litig.*, where he was one of the lead attorneys securing a $27.5 million recovery for investors.

| Education | B.B.A., Washburn University, 1991; J.D., Pepperdine University School of Law, 1996 |
|---|---|
| Honors/ Awards | J.D., *Cum Laude*, Pepperdine University School of Law, 1996 |

## Luke O. Brooks



Luke O. Brooks is a partner in the Firm's San Diego office and is a member of the securities litigation practice group. Notably, Mr. Brooks was on the trial team that won a jury verdict and judgment of $2.46 billion in the *Household* securities fraud class action against one of the world's largest subprime lenders. The judgment was appealed and there will be a trial on certain aspects of the verdict. Mr. Brooks will serve as one of the trial attorneys in the new trial.

| Education | B.A., University of Massachusetts at Amherst, 1997; J.D., University of San Francisco, 2000 |
|---|---|
| Honors/ Awards | Member, *University of San Francisco Law Review*, University of San Francisco |

## Andrew J. Brown



Andrew J. Brown is a partner in the Firm's San Diego office where his practice focuses on securities fraud, shareholder derivative and corporate litigation. Mr. Brown has worked on a variety of cases, recovering over a billion dollars for investors and achieving precedent-setting changes in corporate practices. Mr. Brown's cases include: *In re UnitedHealth Grp. Inc. PSLRA Litig.* ($895 million settlement); *In re Constar Int'l Inc. Sec. Litig.* ($23.5 million settlement); *Freidus v. Barclays Bank Plc,* 734 F.3d 132 (2d Cir. 2013); *In re Questcor Sec. Litig.,* 2013 U.S. Dist. LEXIS 142865 (C.D. Cal. 2013) ($38 million settlement); and *Local 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.,* 762 F.3d 1248 (11th Cir. 2014) ($90 million settlement). Prior to joining the Firm in 2000, Mr. Brown worked as a trial lawyer for the San Diego County Public Defender's Office. He later opened his own firm in San Diego, representing consumers and insureds in lawsuits against major insurance companies.

| Education | B.A., University of Chicago, 1988; J.D., University of California, Hastings College of the Law, 1992 |
|---|---|

## Spencer A. Burkholz



Spencer A. Burkholz is a partner in the Firm's San Diego office and a member of the Firm's Executive and Management Committees. Mr. Burkholz has 19 years of experience in prosecuting securities class actions and private actions on behalf of large institutional investors. He was one of the lead trial attorneys in *Jaffe v. Household Int'l, Inc.,* which resulted in a judgment for plaintiffs providing $2.46 billion for the shareholder class. The judgment was appealed and there will be a trial on certain aspects of the verdict. Mr. Burkholz will serve as one of the lead trial attorneys in the new trial. Mr. Burkholz has also recovered billions of dollars for injured shareholders in cases such as *Enron* ($7.3 billion), *WorldCom* ($657 million), *Countrywide* ($500 million) and *Qwest* ($445 million). He is currently representing large institutional investors in actions involving the credit crisis.

| Education | B.A., Clark University, 1985; J.D., University of Virginia School of Law, 1989 |
|---|---|
| Honors/ Awards | Benchmark Local Litigation Star, 2015; 2016; Super Lawyer, 2015; Top Lawyer in San Diego, *San Diego Magazine,* 2013-2015; B.A., *Cum Laude,* Clark University, 1985; *Phi Beta Kappa,* Clark University, 1985 |

## Joseph D. Daley



Joseph D. Daley is a partner in the Firm's San Diego office, serves on the Firm's Securities Hiring Committee, and is a member of the Firm's Appellate Practice Group. Precedents include: *Rosenbloom v. Pyott* ("*Allergan*"), 765 F.3d 1137 (9th Cir. 2014); *Freidus v. Barclays Bank Plc,* 734 F.3d 132 (2d Cir. 2013); *Silverman v. Motorola Sols., Inc.,* 739 F.3d 956 (7th Cir. 2013); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.,* 693 F.3d 145 (2d Cir. 2012), *cert. denied,* __ U.S. __, 133 S. Ct. 1624 (2013); *Frank v. Dana Corp.* ("*Dana II*"), 646 F.3d 954 (6th Cir. 2011); *Siracusano v. Matrixx Initiatives, Inc.,* 585 F.3d 1167 (9th Cir. 2009), *aff'd,* __ U.S. __, 131 S. Ct. 1309 (2011); *In re HealthSouth Corp. Sec. Litig.,* 334 F. App'x 248 (11th Cir. 2009); *Frank v. Dana Corp.* ("*Dana I*"), 547 F.3d 564 (6th Cir. 2008); *Luther v. Countrywide Home Loans Servicing LP,* 533 F.3d 1031 (9th Cir. 2008); *In re Merck & Co. Sec., Derivative & ERISA Litig.,* 493 F.3d 393 (3d Cir. 2007); and *In re Qwest Commc'ns Int'l,* 450 F.3d 1179 (10th Cir. 2006). Mr. Daley is admitted to practice before the U.S. Supreme Court, as well as before 12 U.S. Courts of Appeals around the nation.

| Education | B.S., Jacksonville University, 1981; J.D., University of San Diego School of Law, 1996 |
|---|---|
| Honors/ Awards | Super Lawyer, 2011-2012, 2014-2015; Appellate Moot Court Board, Order of the Barristers, University of San Diego School of Law; Best Advocate Award (Traynore Constitutional Law Moot Court Competition), First Place and Best Briefs (Alumni Torts Moot Court Competition and USD Jessup International Law Moot Court Competition) |

## Patrick W. Daniels



Patrick W. Daniels is a founding partner of the Firm and a member of the Firm's Management Committee. Mr. Daniels counsels private and state government pension funds, central banks and fund managers in the United States, Australia, United Arab Emirates, United Kingdom, the Netherlands, and other countries within the European Union on issues related to corporate fraud in the United States securities markets and on "best practices" in the corporate governance of publicly traded companies. He has represented dozens of institutional investors in some of the largest and most significant shareholder actions in the United States, including the *Enron*, *WorldCom*, *AOL Time Warner* and *BP* actions.

| Education | B.A., University of California, Berkeley, 1993; J.D., University of San Diego School of Law, 1997 |
|---|---|
| Honors/ Awards | One of the Most 20 Most Influential Lawyers in the State of California Under 40 Years of Age, *Daily Journal*; Rising Star of Corporate Governance, Yale School of Management's Milstein Center for Corporate Governance & Performance; B.A., *Cum Laude*, University of California, Berkeley, 1993 |

## Stuart A. Davidson



Stuart A. Davidson is a partner in the Firm's Boca Raton office and currently devotes his time to the representation of investors in class actions involving mergers and acquisitions, in prosecuting derivative lawsuits on behalf of public corporations, and in prosecuting a number of consumer fraud cases throughout the nation. Since joining the Firm, Mr. Davidson has obtained multi-million dollar recoveries for healthcare providers, consumers and shareholders, including cases involving Aetna Health, Vista Healthplan, Fidelity Federal Bank & Trust, and UnitedGlobalCom. He was a former lead trial attorney in the Felony Division of the Broward County, Florida Public Defender's Office. During his tenure at the Public Defender's Office, Mr. Davidson tried over 30 jury trials and represented individuals charged with a variety of offenses, including life and capital felonies.

| Education | B.A., State University of New York at Geneseo, 1993; J.D., Nova Southeastern University Shepard Broad Law Center, 1996 |
|---|---|
| Honors/ Awards | J.D., *Summa Cum Laude*, Nova Southeastern University Shepard Broad Law Center, 1996; Associate Editor, *Nova Law Review*, Book Awards in Trial Advocacy, Criminal Pretrial Practice and International Law |

## Jason C. Davis



Jason C. Davis is a partner in the Firm's San Francisco office. His practice focuses on securities class actions and complex litigation involving equities, fixed-income, synthetic and structured securities issued in public and private transactions. He was on the trial team that won a unanimous jury verdict in the *Household* class action against one of the world's largest subprime lenders. The judgment was appealed and there will be a trial on certain aspects of the verdict.

Previously, Mr. Davis focused on cross-border transactions, mergers and acquisitions at Cravath, Swaine and Moore LLP in New York.

| Education | B.A., Syracuse University, 1998; J.D., University of California at Berkeley, Boalt Hall School of Law, 2002 |
|---|---|
| Honors/ Awards | B.A., *Summa Cum Laude*, Syracuse University, 1998; International Relations Scholar of the year, Syracuse University; Teaching fellow, examination awards, Moot court award, University of California at Berkeley, Boalt Hall School of Law |

## Mark J. Dearman



Mark J. Dearman is a partner in the Firm's Boca Raton office. Mr. Dearman devotes his practice to protecting the rights of those who have been harmed by corporate misconduct. Notably, he was involved as lead or co-lead trial counsel in *In re Burger King Holdings, Inc. S'holder Litig.*; *The Board of Trustees of the Southern California IBEW-NECA v. The Bank of New York Mellon Corp.*; *POM Wonderful LLC Mktg. & Sales Practices Litig.*; *Gutierrez v. Home Depot U.S.A., Inc.*; and *Pelkey v. McNeil Consumer Health Care*. Prior to joining the Firm, he founded Dearman & Gerson, where he defended Fortune 500 companies, with an emphasis on complex commercial litigation, consumer claims, and mass torts (products liability and personal injury), and has obtained extensive jury trial experience throughout the United States. Having represented defendants for so many years before joining the Firm, Mr. Dearman has a unique perspective that enables him to represent clients effectively.

| Education | B.A., University of Florida, 1990; J.D., Nova Southeastern University, 1993 |
|---|---|
| Honors/ Awards | AV rated by Martindale-Hubbell; Super Lawyer, 2014-2015; In top 1.5% of Florida Civil Trial Lawyers in *Florida Trend*'s Florida Legal Elite, 2006, 2004 |

## Michael J. Dowd



Michael J. Dowd is a founding partner in the Firm's San Diego office and a member of the Firm's Executive and Management Committees. Mr. Dowd is responsible for prosecuting complex securities cases and has obtained significant recoveries for investors in cases such as *UnitedHealth* ($925 million), *WorldCom* ($657 million), *AOL Time Warner* ($629 million), *Qwest* ($445 million) and *Pfizer* ($400 million). Mr. Dowd served as lead trial counsel in *Jaffe v. Household Int'l, Inc.* in the Northern District of Illinois, a securities class action which, in October 2013, resulted in a judgment for plaintiffs providing $2.46 billion for the injured shareholder class. The judgment has been remanded on appeal to retry certain aspects of the verdict. Mr. Dowd will serve as lead trial counsel in the new trial. Mr. Dowd also served as the lead trial lawyer in *In re AT&T Corp. Sec. Litig.*, which was tried in the District of New Jersey and settled after only two weeks of trial for $100 million.

Mr. Dowd served as an Assistant United States Attorney in the Southern District of California from 1987-1991, and again from 1994-1998.

| Education | B.A., Fordham University, 1981; J.D., University of Michigan School of Law, 1984 |
|---|---|
| Honors/ Awards | Best Lawyers, *U.S.News*, 2015; Super Lawyer, 2010-2015; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; One of the Top 500 Lawyers, *Lawdragon*, 2014; Benchmark Litigation Star, 2013; Attorney of the Year, *California Lawyer*, 2010; Top 100 Lawyers, *Daily Journal*, 2009; Director's Award for Superior Performance, United States Attorney's Office; B.A., *Magna Cum Laude*, Fordham University, 1981 |

## Travis E. Downs III



Travis E. Downs III is a partner in the Firm's San Diego office and focuses his practice on the prosecution of shareholder and securities litigation, including shareholder derivative litigation on behalf of corporations. Mr. Downs has extensive experience in federal and state shareholder litigation and recently led a team of lawyers who successfully prosecuted over 65 stock option backdating derivative actions pending in state and federal courts across the country, including *In re Marvell Tech. Grp., Inc. Derivative Litig.* ($54 million in financial relief and extensive corporate governance enhancements); *In re KLA-Tencor Corp. Derivative Litig.* ($42.6 million in financial relief and significant corporate governance reforms); *In re McAfee, Inc. Derivative Litig.* ($30 million in financial relief and corporate governance enhancements); *In re Activision Corp. Derivative Litig.* ($24.3 million in financial relief and extensive corporate governance reforms); and *In re Juniper Networks, Inc. Derivative Litig.* ($22.7 million in financial relief and significant corporate governance enhancements).

| Education | B.A., Whitworth University, 1985; J.D., University of Washington School of Law, 1990 |
|---|---|
| Honors/ Awards | Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; Board of Trustees, Whitworth University; Super Lawyer, 2008; B.A., Honors, Whitworth University, 1985 |

## Daniel S. Drosman



Daniel S. Drosman is a partner in the Firm's San Diego office and a member of the Firm's Management Committee. Mr. Drosman focuses his practice on securities fraud and other complex civil litigation and has obtained significant recoveries for investors in cases such as *Morgan Stanley*, *Cisco Systems*, *Coca-Cola*, *Petco*, *PMI* and *America West*. Mr. Drosman served as one of the lead trial attorneys in *Jaffe v. Household Int'l, Inc.* in the Northern District of Illinois, which resulted in a jury verdict and judgment of $2.46 billion for plaintiffs. The judgment was appealed and there will be a trial on certain aspects of the verdict. Mr. Drosman will serve as one of the lead trial attorneys in the new trial. He also led a group of attorneys prosecuting fraud claims against the credit rating agencies, where he was distinguished as one of the few plaintiffs' counsel to overcome the credit rating agencies' motions to dismiss.

Prior to joining the Firm, Mr. Drosman served as an Assistant District Attorney for the Manhattan District Attorney's Office, and an Assistant United States Attorney in the Southern District of California, where he investigated and prosecuted violations of the federal narcotics, immigration, and official corruption law.

| Education | B.A., Reed College, 1990; J.D., Harvard Law School, 1993 |
|---|---|
| Honors/ Awards | Department of Justice Special Achievement Award, Sustained Superior Performance of Duty; B.A., Honors, Reed College, 1990; *Phi Beta Kappa*, Reed College, 1990 |

## Thomas E. Egler



Thomas E. Egler is a partner in the Firm's San Diego office and focuses his practice on the prosecution of securities class actions on behalf of defrauded shareholders. He is responsible for prosecuting securities fraud class actions and has obtained recoveries for investors in litigation involving WorldCom ($657 million), AOL Time Warner ($629 million), and Qwest ($445 million), as well as dozens of other actions. Prior to joining the Firm, Mr. Egler was a law clerk to the Honorable Donald E. Ziegler, Chief Judge, United States District Court, Western District of Pennsylvania.

| Education | B.A., Northwestern University, 1989; J.D., The Catholic University of America, Columbus School of Law, 1995 |
|---|---|
| Honors/ Awards | Associate Editor, *The Catholic University Law Review* |

## Jason A. Forge



Jason A. Forge is a partner in the Firm's San Diego office, specializing in complex investigations, litigation and trials. As a federal prosecutor and private practitioner, he has conducted dozens of jury and bench trials in federal and state courts, including the month-long trial of a defense contractor who conspired with Congressman Randy "Duke" Cunningham in the largest bribery scheme in congressional history. Mr. Forge has taught trial practice techniques on local and national levels. He has also written and argued many state and federal appeals, including an en banc argument in the Ninth Circuit. While at the Firm, Mr. Forge has been a key member of litigation teams that have successfully defeated motions to dismiss against several prominent defendants, including the first securities fraud case against Wal-Mart Stores, Inc. and civil RICO cases against Donald J. Trump and Scotts Miracle-Gro. In a case against another prominent defendant, Pfizer Inc., Mr. Forge led an investigation that uncovered key documents that Pfizer had not produced in discovery. Although fact discovery in the case had already closed, the district judge ruled that the documents had been improperly withheld, and ordered that discovery be reopened, including the reopening of the depositions of Pfizer's former CEO, CFO and General Counsel. Less than six months after completing these depositions, Pfizer settled the case for $400 million.

| Education | B.B.A., The University of Michigan Ross School of Business, 1990; J.D., The University of Michigan Law School, 1993 |
|---|---|
| Honors/ Awards | Two-time recipient of one of Department of Justice's highest awards: Director's Award for Superior Performance by Litigation Team; numerous commendations from Federal Bureau of Investigation (including commendation from FBI Director Robert Mueller III), Internal Revenue Service, and Defense Criminal Investigative Service; J.D., *Magna Cum Laude*, Order of the Coif, The University of Michigan Law School, 1993; B.B.A., High Distinction, The University of Michigan Ross School of Business, 1990 |

## Paul J. Geller



Paul J. Geller is a founding partner of the Firm, a member of the Firm's Executive and Management Committees, and head of the Firm's Boca Raton office. Mr. Geller's 22 years of securities litigation experience is broad, and he has handled cases in each of the Firm's practice areas. Notably, before devoting his practice to the representation of shareholders and consumers, Mr. Geller defended companies in high-stakes class action litigation. Mr. Geller's securities fraud successes include class actions against Massey Energy ($265 million recovery) and Lernout & Hauspie Speech Products, N.V. ($115 million recovery). In the derivative arena, Mr. Geller was lead derivative counsel in a case against Prison Realty Trust (aggregate recovery of $120 million). In the corporate takeover area, Mr. Geller led cases against the boards of directors of Outback Steakhouse ($30 million additional consideration to shareholders) and Intermedia Corp. ($38 million settlement). Finally, he has handled many consumer fraud class actions, including cases against Fidelity Federal for privacy violations ($50 million) and against Dannon for falsely advertising the health benefits of yogurt products ($45 million settlement).

| Education | B.S., University of Florida, 1990; J.D., Emory University School of Law, 1993 |
|---|---|
| Honors/ Awards | Rated AV by Martindale-Hubbell; Fellow, Litigation Counsel of America (LCA) Proven Trial Lawyers; Super Lawyer, 2007-2015; Benchmark Litigation Star, 2013; One of Florida's Top Lawyers, *Law & Politics*; One of the Nation's Top 500 Lawyers, *Lawdragon*; One of the Nation's Top 40 Under 40, *The National Law Journal*; Editor, *Emory Law Journal*; Order of the Coif, Emory University School of Law; "Florida Super Lawyer," *Law & Politics;* "Legal Elite," *South Fla. Bus. Journal*; "Most Effective Lawyer Award," *American Law Media* |

## Jonah H. Goldstein



Jonah H. Goldstein is a partner in the Firm's San Diego office and responsible for prosecuting complex securities cases and obtaining recoveries for investors. He also represents corporate whistleblowers who report violations of the securities laws. Mr. Goldstein has achieved significant settlements on behalf of investors including in *In re HealthSouth Sec. Litig.* (over $670 million recovered against HealthSouth, UBS and Ernst & Young) and *In re Cisco Sec. Litig.* (approximately $100 million). He also served on the Firm's trial team in *In re AT&T Corp. Sec. Litig.*, which settled after two weeks of trial for $100 million. Prior to joining the Firm, Mr. Goldstein served as a law clerk for the Honorable William H. Erickson on the Colorado Supreme Court and as an Assistant United States Attorney for the Southern District of California, where he tried numerous cases and briefed and argued appeals before the Ninth Circuit Court of Appeals.

| Education | B.A., Duke University, 1991; J.D., University of Denver College of Law, 1995 |
|---|---|
| Honors/ Awards | Comments Editor, *University of Denver Law Review*, University of Denver College of Law |

## Benny C. Goodman III



Benny C. Goodman III is a partner in the Firm's San Diego office and concentrates his practice on shareholder derivative and securities class actions. He has achieved groundbreaking settlements as lead counsel in a number of shareholder derivative actions related to stock option backdating by corporate insiders, including *In re KB Home S'holder Derivative Litig.* (extensive corporate governance changes, over $80 million cash back to the company); *In re Affiliated Comput. Servs. Derivative Litig.* ($30 million recovery); and *Gunther v. Tomasetta* (corporate governance overhaul, including shareholder nominated directors, and cash payment to Vitesse Semiconductor Corporation from corporate insiders). Mr. Goodman also represented over 60 public and private institutional investors that filed and settled individual actions in the *WorldCom* securities litigation. Additionally, he successfully litigated several other notable securities class actions against companies such as Infonet Services Corporation, Global Crossing, and Fleming Companies, Inc., each of which resulted in significant recoveries for shareholders.

| Education | B.S., Arizona State University, 1994; J.D., University of San Diego School of Law, 2000 |
|---|---|

## Elise J. Grace

Elise J. Grace is a partner in the San Diego office and responsible for advising the Firm's state and government pension fund clients on issues related to securities fraud and corporate governance. Ms. Grace serves as the Editor-in-Chief of the Firm's Corporate Governance Bulletin and is a frequent lecturer on securities fraud, shareholder litigation, and options for institutional investors seeking to recover losses caused by securities and accounting fraud.  She has prosecuted various significant securities fraud class actions, including the *AOL Time Warner* state and federal securities opt-out litigations, which resulted in a combined settlement of $629 million for defrauded shareholders.  Prior to joining the Firm, Ms. Grace was an associate at Brobeck Phleger & Harrison LLP and Clifford Chance LLP, where she defended various Fortune 500 companies in securities class actions and complex business litigation.

| Education | B.A., University of California, Los Angeles, 1993; J.D., Pepperdine School of Law, 1999 |
| Honors/ Awards | J.D., *Magna Cum Laude*, Pepperdine School of Law, 1999; AMJUR American Jurisprudence Awards - Conflict of Laws; Remedies; Moot Court Oral Advocacy; Dean's Academic Scholarship, Pepperdine School of Law; B.A., *Summa Cum Laude*, University of California, Los Angeles, 1993; B.A., *Phi Beta Kappa*, University of California, Los Angeles, 1993 |

## John K. Grant



John K. Grant is a partner in the Firm's San Francisco office where he devotes his practice to representing investors in securities fraud class actions.  Mr. Grant has been lead or co-lead counsel in numerous securities actions and recovered tens of millions of dollars for shareholders. His cases include: *In re Micron Tech, Inc. Sec. Litig.* ($42 million recovery); *Perera v. Chiron Corp.* ($40 million recovery); *King v. CBT Grp., PLC* ($32 million recovery); and *In re Exodus Commc'ns, Inc. Sec. Litig.* ($5 million recovery).

| Education | B.A., Brigham Young University, 1988; J.D., University of Texas at Austin, 1990 |

## Tor Gronborg



Tor Gronborg is a partner in the Firm's San Diego office and a member of the Management Committee. He has served as lead or co-lead counsel in numerous securities fraud cases that have collectively recovered more than $1 billion for investors.  Mr. Gronborg's work has included significant recoveries against corporations such as Cardinal Health ($600 million), Motorola ($200 million), Prison Realty ($104 million), CIT Group ($75 million) and, most recently, Wyeth ($67.5 million).  On three separate occasions, his pleadings have been upheld by the federal Courts of Appeals (*Broudo v. Dura Pharms., Inc.*, 339 F.3d 933 (9th Cir. 2003), *rev'd on other grounds*, 554 U.S. 336 (2005); *In re Daou Sys.*, 411 F.3d 1006 (9th Cir. 2005); *Staehr v. Hartford Fin.Servs. Grp.*, 547 F.3d 406 (2d Cir. 2008)), and he has been responsible for a number of significant rulings, including *Silverman v. Motorola, Inc.*, 798 F. Supp. 2d 954 (N.D. Ill. 2011); *Roth v. Aon Corp.*, 2008 U.S. Dist. LEXIS 18471 (N.D. Ill. 2008); *In re Cardinal Health, Inc. Sec. Litigs.*, 426 F. Supp. 2d 688 (S.D. Ohio 2006); and *In re Dura Pharms., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005 (S.D. Cal. 2006).

| Education | B.A., University of California, Santa Barbara, 1991; Rotary International Scholar, University of Lancaster, U.K., 1992; J.D., University of California, Berkeley, 1995 |
| Honors/ Awards | Super Lawyer, 2013-2015; Moot Court Board Member, University of California, Berkeley; AFL-CIO history scholarship, University of California, Santa Barbara |

## Ellen Gusikoff Stewart



Ellen Gusikoff Stewart is a partner in the Firm's San Diego office and practices in the Firm's settlement department, negotiating and documenting the Firm's complex securities, merger, ERISA and derivative action settlements.  Recent settlements include: *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.* (M.D. Tenn. 2015) ($65 million); *City of Sterling Heights Gen. Emps.' Ret. Sys v. Hospira, Inc.* (N.D. Ill. 2014) ($60 million); *Landmen Partners Inc. v. The Blackstone Grp. L.P.* (S.D.N.Y. 2013) ($85 million); and *The Board of Trustees of the Operating Engineers Pension Trust v. JPMorgan Chase Bank, N.A.* (S.D.N.Y. 2013) ($23 million).

| Education | B.A., Muhlenberg College, 1986; J.D., Case Western Reserve University, 1989 |
| Honors/ Awards | Peer-Rated by Martindale-Hubbell |

## Robert Henssler

Robert Henssler is a partner in the Firm's San Diego office and focuses his practice on securities fraud actions. Mr. Henssler has served as counsel in various cases that have collectively recovered more than $1 billion for investors, including *In re Enron Corp. Sec. Litig.*, *Landmen Partners Inc. v. The Blackstone Grp. L.P.* and *In re CIT Grp. Inc. Sec. Litig.* He has been responsible for a number of significant rulings, including: *In re Novatel Wireless Sec. Litig.*, 846 F. Supp. 2d 1104 (S.D. Cal. 2012); *In re Novatel Wireless Sec. Litig.*, 830 F. Supp. 2d 996 (S.D. Cal. 2011); and *Richman v. Goldman Sachs Grp., Inc.*, 868 F. Supp. 2d 261 (S.D.N.Y. 2012).

| | |
|---|---|
| **Education** | B.A., University of New Hampshire, 1997; J.D., University of San Diego School of Law, 2001 |

## Dennis J. Herman

Dennis J. Herman is a partner in the Firm's San Francisco office where he focuses his practice on securities class actions. He has led or been significantly involved in the prosecution of numerous securities fraud claims that have resulted in substantial recoveries for investors, including settled actions against Massey Energy ($265 million), Coca-Cola ($137 million), VeriSign ($78 million), Psychiatric Solutions, Inc. ($65 million), St. Jude Medical, Inc. ($50 million), NorthWestern ($40 million), BancorpSouth ($29.5 million), America Service Group ($15 million), Specialty Laboratories ($12 million), Stellent ($12 million) and Threshold Pharmaceuticals ($10 million).

| | |
|---|---|
| **Education** | B.S., Syracuse University, 1982; J.D., Stanford Law School, 1992 |
| **Honors/ Awards** | Order of the Coif, Stanford Law School; Urban A. Sontheimer Award (graduating second in his class), Stanford Law School; Award-winning Investigative Newspaper Reporter and Editor in California and Connecticut |

## John Herman

John Herman is a partner at the Firm, the Chair of the Firm's Intellectual Property Practice and manages the Firm's Atlanta office. Mr. Herman has spent his career enforcing the intellectual property rights of famous inventors and innovators against infringers throughout the United States. He has assisted patent owners in collecting hundreds of millions of dollars in royalties. Mr. Herman is recognized by his peers as being among the leading intellectual property litigators in the country. His noteworthy cases include representing renowned inventor Ed Phillips in the landmark case of *Phillips v. AWH Corp.*; representing pioneers of mesh technology – David Petite, Edwin Brownrigg and SIPCo – in connection with their product portfolio; and acting as plaintiffs' counsel in the Home Depot shareholder derivative action, which achieved landmark corporate governance reforms for investors.

| | |
|---|---|
| **Education** | B.S., Marquette University, 1988; J.D., Vanderbilt University Law School, 1992 |
| **Honors/ Awards** | Super Lawyer, 2005-2010; Top 100 Georgia Super Lawyers list; John Wade Scholar, Vanderbilt University Law School; Editor-in-Chief, *Vanderbilt Journal*, Vanderbilt University Law School; B.S., *Summa Cum Laude*, Marquette University, 1988 |

## Eric Alan Isaacson



Eric Alan Isaacson is a partner in the Firm's San Diego office and has prosecuted many securities fraud class actions, including *In re Apple Comput. Sec. Litig.* Since the early 1990s, Mr. Issacson's practice has focused primarily on appellate matters in cases that have produced dozens of published precedents, including *Alaska Elec. Pension Fund v. Pharmacia Corp.*, 554 F.3d 342 (3d Cir. 2009); *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007); and *In re WorldCom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007). He has also authored a number of publications, including *What's Brewing in Dura v. Broudo? The Plaintiffs' Attorneys Review the Supreme Court's Opinion and Its Import for Securities-Fraud Litigation* (co-authored with Patrick J. Coughlin and Joseph D. Daley), 37 Loy. U. Chi. LJ. 1 (2005); and *Securities Class Actions in the United States* (co-authored with Patrick J. Coughlin), Litigation Issues in the Distribution of Securities: An International Perspective 399 (Kluwer Int'l/Int'l Bar Ass'n, 1997).

| Education | B.A., Ohio University, 1982; J.D., Duke University School of Law, 1985 |
|---|---|
| Honors/ Awards | Super Lawyer, 2008-2015; American Constitution Society San Diego Lawyer's Chapter, Third Annual "Roberto Alvarez Award," 2014; St. Paul Foundation for International Reconciliation, "Hero Award," 2013; Democrats for Equality "Eleanor Roosevelt Award for Community Service," 2012; Unitarian Universalist Association "President's Annual Award for Volunteer Service," 2009; California State Bar "Wiley W. Manuel Certificate for Pro Bono Legal Services," 2003; San Diego Volunteer Lawyer Program "Distinguished Service Award," 2002; J.D., High Honors, Order of the Coif, Duke University School of Law, 1985; Comment Editor, *Duke Law Journal*, Moot Court Board, Duke University School of Law |

## James I. Jaconette



James I. Jaconette is a partner in the Firm's San Diego office and focuses his practice on securities class action and shareholder derivative litigation. He has served as one of the lead counsel in securities cases with recoveries to individual and institutional investors totaling over $8 billion. He also advises institutional investors, including hedge funds, pension funds and financial institutions. Landmark securities actions in which he contributed in a primary litigating role include *In re Informix Corp. Sec. Litig.*, and *In re Dynegy Inc. Sec. Litig.* and *In re Enron Corp. Sec. Litig.*, where he represented lead plaintiff The Regents of the University of California. In addition, Mr. Jaconette has extensive experience in options backdating matters.

| Education | B.A., San Diego State University, 1989; M.B.A., San Diego State University, 1992; J.D., University of California Hastings College of the Law, 1995 |
|---|---|
| Honors/ Awards | J.D., *Cum Laude*, University of California Hastings College of the Law, 1995; Associate Articles Editor, *Hastings Law Journal*, University of California Hastings College of the Law; B.A., with Honors and Distinction, San Diego State University, 1989 |

## Rachel L. Jensen



Rachel L. Jensen is a partner in the Firm's San Diego office and focuses her practice on consumer, antitrust and securities fraud class actions. Ms. Jensen has played a key role in recovering hundreds of millions of dollars for individuals, government entities, and businesses injured by fraudulent schemes, anti-competitive conduct, and hazardous products placed in the stream of commerce, including: *In re Ins. Brokerage Antitrust Litig.* ($200 million recovered for policyholders who paid inflated premiums due to kickback scheme among major insurers and brokers); *In re Mattel, Inc., Toy Lead Paint Prods. Liab. Litig.* ($50 million in refunds and other relief for Mattel and Fisher-Price toys made in China with lead and dangerous magnets); *In re Nat'l Western Life Ins. Deferred Annuities Litig.* ($25 million in relief to senior citizens targeted for exorbitant deferred annuities that would not mature in their lifetime); *In re Checking Account Overdraft Litig.* ($500 million in settlements with major banks that manipulated customers' debit transactions to maximize overdraft fees); and *In re Groupon Mktg. & Sales Practices Litig.* ($8.5 million in refunds for consumers sold vouchers with illegal expiration dates). Prior to joining the Firm, Ms. Jensen was an associate at Morrison & Foerster in San Francisco and later served as a clerk to the Honorable Warren J. Ferguson of the Ninth Circuit Court of Appeals. She also worked abroad as a law clerk in the Office of the Prosecutor at the International Criminal Tribunal for Rwanda (ICTR) and at the International Criminal Tribunal for the Former Yugoslavia (ICTY).

| Education | B.A., Florida State University, 1997; University of Oxford, International Human Rights Law Program at New College, Summer 1998; J.D., Georgetown University Law School, 2000 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015; Nominated for 2011 Woman of the Year, *San Diego Magazine*; Editor-in-Chief, *First Annual Review of Gender and Sexuality Law*, Georgetown University Law School; Dean's List 1998-1999; B.A., *Cum Laude*, Florida State University's Honors Program, 1997; *Phi Beta Kappa* |

## Peter M. Jones



Peter M. Jones is partner in the Firm's Atlanta office. Although Mr. Jones primarily focuses on patent litigation, he has experience handling a wide range of complex litigation matters, including product liability actions and commercial disputes. Prior to joining the Firm, Mr. Jones practiced at King & Spalding LLP and clerked for the Honorable J.L. Edmondson, then Chief Judge of the United States Court of Appeals for the Eleventh Circuit.

| Education | B.A., University of the South, 1999; J.D., University of Georgia School of Law, 2003 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2012-2013; Member, *Georgia Law Review*, Order of the Barristers, University of Georgia School of Law |

## Evan J. Kaufman



Evan J. Kaufman is a partner in the Firm's Melville office and focuses his practice in the area of complex litigation in federal and state courts including securities, corporate mergers and acquisitions, derivative, and consumer fraud class actions. Mr. Kaufman has served as lead counsel or played a significant role in numerous actions, including *In re TD Banknorth S'holders Litig.* ($50 million recovery); *In re Gen. Elec. Co. ERISA Litig.* ($40 million cost to GE, including significant improvements to GE's employee retirement plan, and benefits to GE plan participants valued in excess of $100 million); Energy*Solutions*, Inc. Sec. Litig. ($26 million recovery); Lockheed Martin Corp. Sec. Litig. ($19.5 million recovery); *In re Warner Chilcott Ltd. Sec. Litig.* ($16.5 million recovery); and *In re Giant Interactive Grp., Inc. Sec. Litig.* ($13 million recovery).

| Education | B.A., University of Michigan, 1992; J.D., Fordham University School of Law, 1995 |
|---|---|
| Honors/ Awards | Super Lawyer, 2013-2015; Member, *Fordham International Law Journal*, Fordham University School of Law |

## David A. Knotts



David A. Knotts is a partner in the Firm's San Diego office and currently focuses his practice on securities class action litigation in the context of mergers and acquisitions, representing both individual shareholders and institutional investors. In connection with that work, he has been counsel of record for shareholders on a number of significant decisions from the Delaware Court of Chancery.

Prior to joining Robbins Geller, Mr. Knotts was an associate at one of the largest law firms in the world and represented corporate clients in various aspects of state and federal litigation, including major antitrust matters, trade secret disputes, unfair competition claims, and intellectual property litigation.

| Education | B.S., University of Pittsburgh, 2001; J.D., Cornell Law School, 2004 |
|---|---|
| Honors/ Awards | Wiley W. Manuel Award for Pro Bono Legal Services, State Bar of California; Casa Cornelia Inns of Court; J.D., *Cum Laude*, Cornell Law School, 2004 |

## Laurie L. Largent



Laurie L. Largent is a partner in the Firm's San Diego, California office. Her practice focuses on securities class action and shareholder derivative litigation and she has helped recover millions of dollars for injured shareholders. She earned her Bachelor of Business Administration degree from the University of Oklahoma in 1985 and her Juris Doctor degree from the University of Tulsa in 1988. While at the University of Tulsa, Ms. Largent served as a member of the *Energy Law Journal* and is the author of *Prospective Remedies Under NGA Section 5; Office of Consumers' Counsel v. FERC*, 23 Tulsa L.J. 613 (1988). She has also served as an Adjunct Business Law Professor at Southwestern College in Chula Vista, California. Prior to joining the Firm, Ms. Largent was in private practice for 15 years specializing in complex litigation, handling both trials and appeals in state and federal courts for plaintiffs and defendants.

| Education | B.B.A., University of Oklahoma, 1985; J.D., University of Tulsa, 1988 |
|---|---|
| Honors/ Awards | Board Member, San Diego County Bar Foundation, 2014-present; Board Member, San Diego Volunteer Lawyer Program, 2014-present |

## Arthur C. Leahy



Arthur C. Leahy is a founding partner in the Firm's San Diego office and a member of the Firm's Executive and Management Committees. Mr. Leahy has nearly 20 years of experience successfully litigating securities actions and derivative cases. He has recovered well over a billion dollars for the Firm's clients and has negotiated comprehensive pro-investor corporate governance reforms at several large public companies. Mr. Leahy was part of the Firm's trial team in the AT&T securities litigation, which AT&T and its former officers paid $100 million to settle after two weeks of trial. Prior to joining the Firm, he served as a judicial extern for the Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, and served as a judicial law clerk for the Honorable Alan C. Kay of the United States District Court for the District of Hawaii.

| Education | B.A., Point Loma College, 1987; J.D., University of San Diego School of Law, 1990 |
|---|---|
| Honors/ Awards | Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; J.D., *Cum Laude*, University of San Diego School of Law, 1990; Managing Editor, *San Diego Law Review*, University of San Diego School of Law |

## Jeffrey D. Light



Jeffrey D. Light is a partner in the Firm's San Diego office and also currently serves as a Judge Pro Tem for the San Diego County Superior Court. Mr. Light practices in the Firm's settlement department, negotiating, documenting, and obtaining court approval of the Firm's complex securities, merger, consumer and derivative actions. These settlements include *In re VeriFone Holdings , Inc. Sec. Litig.* ($95 million recovery); *Louisiana Mun. Police Ret. Sys. v. KPMG, LLP* ($31.6 million recovery); *In re Kinder Morgan, Inc. S'holders Litig.* ($200 million recovery); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.* ($400 million recovery); *In re Currency Conversion Fee Antitrust Litig.* ($336 million recovery); and *In re AT&T Corp. Sec. Litig.* ($100 million recovery). Prior to joining the Firm, he served as a law clerk to the Honorable Louise DeCarl Adler, United States Bankruptcy Court, Southern District of California, and the Honorable James Meyers, Chief Judge, United States Bankruptcy Court, Southern District of California.

| Education | B.A., San Diego State University, 1987; J.D., University of San Diego School of Law, 1991 |
|---|---|
| Honors/ Awards | Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; J.D., *Cum Laude*, University of San Diego School of Law, 1991; Judge Pro Tem, San Diego Superior Court; American Jurisprudence Award in Constitutional Law |

## Nathan R. Lindell



Nathan R. Lindell is a partner in the Firm's San Diego office, where his practice focuses on representing aggrieved investors in complex civil litigation. Mr. Lindell has helped achieve numerous significant recoveries for investors, including: *In re Enron Corp. Sec. Litig.* ($7.3 billion recovery); *In re HealthSouth Corp. Sec. Litig.* ($671 million recovery); *Luther v. Countrywide Fin. Corp.* ($500 million recovery); *In re Morgan Stanley Mortgage Pass-Through Certificates Litig.* ($95 million recovery); *Massachusetts Bricklayers and Masons Trust Funds v. Deutsche Alt-A Securities, Inc.* ($32.5 million recovery); *City of Ann Arbor Employees' Ret. Sys. v. Citigroup Mortgage Loan Trust Inc.* ($24.9 million recovery); and *Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp.* ($21.2 million recovery). Mr. Lindell is also a member of the litigation team responsible for securing a landmark victory from the Second Circuit Court of Appeals in its precedent-setting *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.* decision, which dramatically expanded the scope of permissible class actions asserting claims under the Securities Act of 1933 on behalf of mortgage-backed securities investors.

| Education | B.S., Princeton University, 2003; J.D., University of San Diego School of Law, 2006 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015; Charles W. Caldwell Alumni Scholarship, University of San Diego School of Law; CALI/AmJur Award in Sports and the Law |

## Ryan Llorens



Ryan Llorens is a partner in the Firm's San Diego office. Mr. Llorens' practice focuses on litigating complex securities fraud cases. He has worked on a number of securities cases that have resulted in significant recoveries for investors, including *In re HealthSouth Corp. Sec. Litig.* ($670 million); *AOL Time Warner* ($629 million); *In re AT&T Corp. Sec. Litig.* ($100 million); *In re Fleming Cos. Sec. Litig.* ($95 million); and *In re Cooper Cos., Inc. Sec Litig.* ($27 million).

| Education | B.A., Pitzer College, 1997; J.D., University of San Diego School of Law, 2002 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015 |

## Mark T. Millkey



Mark T. Millkey is a partner in the Firm's Melville office. He has significant experience in the areas of securities and consumer litigation, as well as in federal and state court appeals.

During his career, Mr. Millkey has worked on a major consumer litigation against MetLife that resulted in a benefit to the class of approximately $1.7 billion, as well as a securities class action against Royal Dutch/Shell that settled for a minimum cash benefit to the class of $130 million and a contingent value of more than $180 million. Since joining Robbins Geller, he has worked on securities class actions that have resulted in approximately $300 million in settlements.

| Education | B.A., Yale University, 1981; M.A., University of Virginia, 1983; J.D., University of Virginia, 1987 |
|---|---|
| Honors/ Awards | Super Lawyer, 2013-2015 |

## David W. Mitchell



David W. Mitchell is a partner in the Firm's San Diego office and focuses his practice on securities fraud, antitrust and derivative litigation. He also leads each of the Firm's antitrust benchmark litigations as well as the Firm's pay-for-delay actions. Mr. Mitchell has achieved significant settlements on behalf of plaintiffs in numerous cases, including *Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc.*, which settled for $67.5 million, and *In re Currency Conversion Fee Antitrust Litig.*, which settled for $336 million. Mr. Mitchell has served as lead or co-lead counsel in numerous cases, including most recently *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.* and *Dahl v. Bain Capital Partners, LLC.* Mr. Mitchell is also plaintiffs' trial counsel in *In re Text Messaging Antitrust Litig.*

Prior to joining the Firm, he served as an Assistant United States Attorney in the Southern District of California and prosecuted cases involving narcotics trafficking, bank robbery, murder-for-hire, alien smuggling, and terrorism. Mr. Mitchell has tried nearly 20 cases to verdict before federal criminal juries and made numerous appellate arguments before the Ninth Circuit Court of Appeals.

| Education | B.A., University of Richmond, 1995; J.D., University of San Diego School of Law, 1998 |
|---|---|
| Honors/ Awards | Member, Enright Inn of Court; Antitrust Trailblazer, *The National Law Journal*, 2015; "Best of the Bar," *San Diego Business Journal*, 2014 |

## Danielle S. Myers



Danielle S. Myers is a partner in the Firm's San Diego office, and focuses her practice on complex securities litigation. In particular, Ms. Myers interacts with the Firm's individual and institutional clients in connection with lead plaintiff applications. She has secured appointment of the Firm's clients as lead plaintiff in numerous cases, including *In re Plains All American Pipeline, L.P. Sec. Litig.* (S.D. Tex.), *Marcus v. J.C. Penney Co., Inc.* (E.D. Tex.), *In re Hot Topic, Inc. Sec. Litig.* (C.D. Cal.), *Smilovits v. First Solar, Inc.* (D. Ariz.), *City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc.* (N.D. Ill.), *In re Goldman Sachs Grp., Inc. Sec. Litig.* (S.D.N.Y.) and *Buettgen v. Harless* (N.D. Tex.). In addition, Ms. Myers has obtained significant recoveries for shareholders in several cases, including: *In re Hot Topic, Inc. Sec. Litig.*, No. 2:13-cv-02939 (C.D. Cal.) ($14.9 million recovery preliminarily approved); *Genesee Cty. Emps.' Ret. Sys. v. Thornburg Mortg., Inc.*, No. 1:09-cv-00300 (D.N.M.) ($11.25 million recovery); *Goldstein v. Tongxin Int'l Ltd.*, No. 2:11-cv-00348 (C.D. Cal.) ($3 million recovery); and *Lane v. Page*, No. Civ-06-1071 (D.N.M.) (pre-merger increase in cash consideration and post-merger cash settlement).

| Education | B.A., University of California at San Diego, 1997; J.D., University of San Diego, 2008 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015; One of the "Five Associates to Watch in 2012," *Daily Journal*; Member, *San Diego Law Review*; CALI Excellence Award in Statutory Interpretation |

## Eric I. Niehaus



Eric I. Niehaus is a partner in the Firm's San Diego office, where his practice focuses on complex securities and derivative litigation. His efforts have resulted in numerous multi-million dollar recoveries to shareholders and extensive corporate governance changes. Recent examples include: *In re NYSE Specialists Sec. Litig.* (S.D.N.Y.); *In re Novatel Wireless Sec. Litig.* (S.D. Cal.); *Batwin v. Occam Networks, Inc.* (C.D. Cal.); Commc'ns Workers of Am. Plan for Emps.' Pensions and Death Benefits v. CSK Auto Corp. (D. Ariz.); *Marie Raymond Revocable Trust v. Mat Five* (Del. Ch.); and *Kelleher v. ADVO, Inc.* (D. Conn.). Mr. Niehaus is currently prosecuting cases against several financial institutions arising from their role in the collapse of the mortgage-backed securities market. Prior to joining the Firm, Mr. Niehaus worked as a Market Maker on the American Stock Exchange in New York, and the Pacific Stock Exchange in San Francisco.

| Education | B.S., University of Southern California, 1999; J.D., California Western School of Law, 2005 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015; J.D., *Cum Laude*, California Western School of Law, 2005; Member, *California Western Law Review* |

## Brian O. O'Mara



Brian O. O'Mara is a partner in the Firm's San Diego office. His practice focuses on complex securities and antitrust litigation. Since 2003, Mr. O'Mara has served as lead or co-lead counsel in numerous shareholder and antitrust actions, including: *In re Aluminum Warehousing Antitrust Litig.* (S.D.N.Y.); *In re CIT Grp. Inc. Sec. Litig.* (S.D.N.Y.) ($75 million recovery); *Bennett v. Sprint Nextel Corp.* (D. Kan.) ($131 million recovery); *In re MGM Mirage Sec. Litig.* (D. Nev.) ($75 million recovery, pending); *C.D.T.S. No. 1 v. UBS AG* (S.D.N.Y.); and *Alaska Electrical Pension Fund v. Bank of America Corp.* (S.D.N.Y.). Mr. O'Mara has been responsible for a number of significant rulings, including: *Bennett v. Sprint Nextel Corp.*, 298 F.R.D. 498 (D. Kan. 2014); *In re MGM Mirage Sec. Litig.*, No. 2:09-cv-01558, 2013 U.S. Dist. LEXIS 139356 (D. Nev. Sept. 26, 2013*); In re Constar Int'l, Inc. Sec. Litig.*, No. 03-5020, 2008 U.S. Dist. LEXIS 16966 (E.D. Pa. Mar. 5, 2008), *aff'd*, 585 F.3d 774 (3d Cir. 2009); *In re Direct Gen. Corp. Sec. Litig.*, No. 3:05-0077, 2006 U.S. Dist. LEXIS 56128 (M.D. Tenn. Aug. 8, 2006); and *In re Dura Pharm., Inc. Sec. Litig.*, 452 F. Supp. 2d 1005 (S.D. Cal. 2006). Prior to joining the Firm, he served as law clerk to the Honorable Jerome M. Polaha of the Second Judicial District Court of the State of Nevada.

| Education | B.A., University of Kansas, 1997; J.D., DePaul University, College of Law, 2002 |
|---|---|
| Honors/ Awards | CALI Excellence Award in Securities Regulation, DePaul University, College of Law |

## Lucas F. Olts



Lucas F. Olts is a partner in the Firm's San Diego office, where his practice focuses on securities litigation on behalf of individual and institutional investors. He served as co-lead counsel in *In re Wachovia Preferred Securities and Bond/Notes Litig.*, which recovered $627 million under the Securities Act of 1933. He also served as lead counsel in *Siracusano v. Matrixx Initiatives, Inc.*, in which the U.S. Supreme Court unanimously affirmed the decision of the Ninth Circuit that plaintiffs stated a claim for securities fraud under §10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. Prior to joining the Firm, Mr. Olts served as a Deputy District Attorney for the County of Sacramento, where he tried numerous cases to verdict, including crimes of domestic violence, child abuse and sexual assault.

| Education | B.A., University of California, Santa Barbara, 2001; J.D., University of San Diego School of Law, 2004 |
|---|---|

## Steven W. Pepich



Steven W. Pepich is a partner in the Firm's San Diego office. His practice primarily focuses on securities class action litigation, but he has also represented plaintiffs in a wide variety of complex civil cases, including mass tort, royalty, civil rights, human rights, ERISA and employment law actions. Mr. Pepich has participated in the successful prosecution of numerous securities class actions, including *Carpenters Health & Welfare Fund v. Coca-Cola Co.* ($137.5 million recovery); *In re Fleming Cos. Sec.* ($95 million recovery); and *In re Boeing Sec. Litig.* ($92 million recovery). He was also a member of the plaintiffs' trial team in *Mynaf v. Taco Bell Corp.*, which settled after two months at trial on terms favorable to two plaintiff classes of restaurant workers for recovery of unpaid wages, and a member of the plaintiffs' trial team in *Newman v. Stringfellow*, where after a nine-month trial, all claims for exposure to toxic chemicals were resolved for $109 million.

| Education | B.S., Utah State University, 1980; J.D., DePaul University, 1983 |
|---|---|

## Daniel J. Pfefferbaum



Daniel J. Pfefferbaum is a partner in the Firm's San Francisco office, where his practice focuses on complex securities litigation. He has been a member of litigation teams that have recovered more than $100 million for investors, including *In re PMI Grp., Inc. Sec. Litig.* (N.D. Cal.) ($31.25 million recovery), *In re Accuray Inc. Sec. Litig.* (N.D. Cal) ($13.5 million recovery), *Twinde v. Threshold Pharm., Inc.* (N.D. Cal.) ($10 million recovery), *Cunha v. Hansen Nat. Corp.* (C.D. Cal. ($16.25 million recovery – pending) and *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.* (M.D. Tenn.) ($65 million recovery – pending).

| Education | B.A., Pomona College, 2002; J.D., University of San Francisco School of Law, 2006; LL.M. in Taxation, New York University School of Law, 2007 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2013-2015 |

## Theodore J. Pintar



Theodore J. Pintar is a partner in the Firm's San Diego office. Mr. Pintar has over 20 years of experience prosecuting securities fraud actions and over 15 years of experience prosecuting insurance-related consumer class actions, with recoveries in excess of $1 billion. He was a member of the litigation team in the *AOL Time Warner* securities opt-out actions, which resulted in a global settlement of $629 million. Mr. Pintar participated in the successful prosecution of insurance-related and consumer class actions which concern the following: the deceptive sale of annuities and life insurance, including actions against Manufacturer's Life ($555 million settlement value), Principal Mutual Life Insurance Company ($380+ million settlement value) and Allianz Life Insurance Co. of N. Am. ($250 million settlement value); homeowners insurance, including an action against Allstate ($50 million settlement); and automobile insurance companies under Proposition 103, including the Auto Club ($32 million settlement) and GEICO.

| Education | B.A., University of California, Berkeley, 1984; J.D., University of Utah College of Law, 1987 |
|---|---|
| Honors/ Awards | Super Lawyer, 2014-2015; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; CAOC Consumer Attorney of the Year Award Finalist, 2015; Note and Comment Editor, *Journal of Contemporary Law*, University of Utah College of Law; Note and Comment Editor, *Journal of Energy Law and Policy*, University of Utah College of Law |

## Willow E. Radcliffe



Willow E. Radcliffe is a partner in the Firm's San Francisco office and concentrates her practice on securities class action litigation in federal court. Ms. Radcliffe has been significantly involved in the prosecution of numerous securities fraud claims, including actions filed against Flowserve, NorthWestern and Ashworth, and has represented plaintiffs in other complex actions, including a class action against a major bank regarding the adequacy of disclosures made to consumers in California related to Access Checks. Prior to joining the Firm, she clerked for the Honorable Maria-Elena James, Magistrate Judge for the United States District Court for the Northern District of California.

| Education | B.A., University of California, Los Angeles 1994; J.D., Seton Hall University School of Law, 1998 |
|---|---|
| Honors/ Awards | J.D., *Cum Laude*, Seton Hall University School of Law, 1998; Most Outstanding Clinician Award; Constitutional Law Scholar Award |

## Mark S. Reich



Mark S. Reich is a partner in the Firm's Melville office. He focuses his practice on corporate takeover, consumer fraud and securities litigation. Mr. Reich's notable achievements include: *In re Aramark Corp. S'holders Litig.* ($222 million increase in consideration paid to shareholders and substantial reduction to management's voting power – from 37% to 3.5% – in connection with approval of going-private transaction); *In re TD Banknorth S'holders Litig.* ($50 million recovery for shareholders); *In re Delphi Fin. Grp. S'holders Litig.* ($49 million post-merger settlement for Class A Delphi shareholders); and *In re Gen. Elec. Co. ERISA Litig.* (structural changes to company's 401(k) plan valued at over $100 million, benefiting current and future plan participants).

| Education | B.A., Queens College, 1997; J.D., Brooklyn Law School, 2000 |
|---|---|
| Honors/ Awards | Super Lawyer, 2013-2015; Member, *The Journal of Law and Policy*, Brooklyn Law School; Member, Moot Court Honor Society, Brooklyn Law School |

## Jack Reise



Jack Reise is a partner in the Firm's Boca Raton office. Mr. Reise devotes a substantial portion of his practice to representing shareholders in actions brought under the federal securities laws. He has served as lead counsel in over 50 cases brought nationwide and is currently serving as lead counsel in more than a dozen cases. Recent notable actions include a series of cases involving mutual funds charged with improperly valuing their net assets, which settled for a total of over $50 million; *In re NewPower Holdings Sec. Litig.* ($41 million settlement); *In re Red Hat Sec. Litig.* ($20 million settlement); and *In re AFC Enters., Inc. Sec. Litig.* ($17.2 million settlement). Mr. Reise started his legal career representing individuals suffering from their exposure back in the 1950s and 1960s to the debilitating affects of asbestos.

| Education | B.A., Binghamton University, 1992; J.D., University of Miami School of Law, 1995 |
|---|---|
| Honors/ Awards | American Jurisprudence Book Award in Contracts; J.D., *Cum Laude*, University of Miami School of Law, 1995; *University of Miami Inter-American Law Review*, University of Miami School of Law |

## Darren J. Robbins



Darren J. Robbins is a founding partner of Robbins Geller and a member of its Executive and Management Committees. Mr. Robbins has served as lead counsel in more than 100 securities actions and has recovered billions of dollars for injured shareholders. One of the hallmarks of Mr. Robbins' practice has been his focus on corporate governance reform. For example, in *UnitedHealth*, a securities fraud class action arising out of an options backdating scandal, Mr. Robbins represented lead plaintiff CalPERS and was able to obtain the cancellation of more than 3.6 million stock options held by the company's former CEO and secure a record $925 million cash recovery for shareholders. In addition, Mr. Robbins obtained sweeping corporate governance reforms, including the election of a shareholder-nominated member to the company's board of directors, a mandatory holding period for shares acquired via option exercise, and compensation reforms that tied executive pay to performance.

| Education | B.S., University of Southern California, 1990; M.A., University of Southern California, 1990; J.D., Vanderbilt Law School, 1993 |
|---|---|
| Honors/ Awards | Top 50 Lawyers in San Diego, *Super Lawyers*, 2015; Super Lawyer, 2013-2015; Leading Lawyer, *Chambers USA*, 2014-2015; Benchmark Local Litigation Star, 2013-2016; Best Lawyers, *U.S.News*, 2010-2015; One of the Top 500 Lawyers, *Lawdragon*; One of the Top 100 Lawyers Shaping the Future, *Daily Journal*; One of the "Young Litigators 45 and Under," *The American Lawyer*; Attorney of the Year, *California Lawyer*; Managing Editor, *Vanderbilt Journal of Transnational Law*, Vanderbilt Law School |

## Robert J. Robbins



Robert J. Robbins is a partner in the Firm's Boca Raton office. He focuses his practice on the representation of individuals and institutional investors in class actions brought pursuant to the federal securities laws. Mr. Robbins has been a member of litigation teams responsible for the successful prosecution of many securities class actions, including: *Hospira* ($60 million recovery); *Body Central* ($3.425 million recovery); *R.H. Donnelley* ($25 million recovery); *Cryo Cell Int'l, Inc.* ($7 million recovery); *TECO Energy, Inc.* ($17.35 million recovery); *Newpark Resources, Inc.* ($9.24 million recovery); *Mannatech, Inc.* ($11.5 million recovery); *Spiegel* ($17.5 million recovery); *Gainsco* ($4 million recovery); and *AFC Enterprises* ($17.2 million recovery).

| Education | B.S., University of Florida, 1999; J.D., University of Florida College of Law, 2002 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015; J.D., High Honors, University of Florida College of Law, 2002; Member, *Journal of Law and Public Policy*, University of Florida College of Law; Member, *Phi Delta Phi*, University of Florida College of Law; *Pro bono* certificate, Circuit Court of the Eighth Judicial Circuit of Florida; Order of the Coif |

## Henry Rosen



Henry Rosen is a partner in the Firm's San Diego office and a member of the Firm's Hiring Committee and Technology Committee, which focuses on applications to digitally manage documents produced during litigation and internally generate research files. Mr. Rosen has significant experience prosecuting every aspect of securities fraud class actions, including largescale accounting scandals, and has obtained hundreds of millions of dollars on behalf of defrauded investors. Prominent cases include *In re Cardinal Health, Inc. Sec. Litig.*, in which he recovered $600 million. This $600 million settlement is the largest recovery ever in a securities fraud class action in the Sixth Circuit, and remains one of the largest settlements in the history of securities fraud litigation. Additional recoveries include *First Energy* ($89.5 million); *Safeskin* ($55 million); *Storage Tech* ($55 million); and *FirstWorld Commc'ns* ($25.9 million). Major clients include Minebea Co., Ltd., a Japanese manufacturing company represented in securities fraud arbitration against a United States investment bank.

| Education | B.A., University of California, San Diego, 1984; J.D., University of Denver, 1988 |
|---|---|
| Honors/ Awards | Editor-in-Chief, *University of Denver Law Review*, University of Denver |

## David A. Rosenfeld



David A. Rosenfeld is a partner in the Firm's Melville office and focuses his practice on securities and corporate takeover litigation. He is currently prosecuting many cases involving widespread financial fraud, ranging from options backdating to Bernie Madoff, as well as litigation concerning collateralized debt obligations and credit default swaps. Mr. Rosenfeld has been appointed as lead counsel in dozens of securities fraud cases and has successfully recovered hundreds of millions of dollars for defrauded shareholders. For example, he was appointed as lead counsel in the securities fraud lawsuit against First BanCorp, which provided shareholders with a $74.25 million recovery. He also served as lead counsel in *In re Aramark Corp. S'holders Litig.*, which resulted in a $222 million increase in consideration paid to shareholders of Aramark and a dramatic reduction to management's voting power in connection with shareholder approval of the going-private transaction (reduced from 37% to 3.5%).

| Education | B.S., Yeshiva University, 1996; J.D., Benjamin N. Cardozo School of Law, 1999 |
|---|---|
| Honors/ Awards | Advisory Board Member of *Stafford's Securities Class Action Reporter*; Benchmark Future Star, 2016; Super Lawyer, 2014-2015; Super Lawyer "Rising Star," 2011-2013 |

## Robert M. Rothman



Robert M. Rothman is a partner in the Firm's Melville office. Mr. Rothman has extensive experience litigating cases involving investment fraud, consumer fraud and antitrust violations. He also lectures to institutional investors throughout the world. Mr. Rothman has served as lead counsel in numerous class actions alleging violations of securities laws, including cases against First Bancorp ($74.25 million recovery), Spiegel ($17.5 million recovery), NBTY ($16 million recovery), and The Children's Place ($12 million recovery). He actively represents shareholders in connection with going-private transactions and tender offers. For example, in connection with a tender offer made by Citigroup, he secured an increase of more than $38 million over what was originally offered to shareholders

| Education | B.A., State University of New York at Binghamton, 1990; J.D., Hofstra University School of Law, 1993 |
|---|---|
| Honors/ Awards | Super Lawyer, 2011, 2013-2015; Dean's Academic Scholarship Award, Hofstra University School of Law; J.D., with Distinction, Hofstra University School of Law, 1993; Member, *Hofstra Law Review*, Hofstra University School of Law |

## Samuel H. Rudman



Samuel H. Rudman is a founding member of the Firm, a member of the Firm's Executive and Management Committees, and manages the Firm's New York offices. His practice focuses on recognizing and investigating securities fraud, and initiating securities and shareholder class actions to vindicate shareholder rights and recover shareholder losses. A former attorney with the SEC, Mr. Rudman has recovered hundreds of millions of dollars for shareholders, including a $200 million recovery in *Motorola*, a $129 million recovery in *Doral Financial*, an $85 million recovery in *Blackstone*, a $74 million recovery in *First BanCorp*, a $65 million recovery in *Forest Labs* and a $50 million recovery in *TD Banknorth*.

| Education | B.A., Binghamton University, 1989; J.D., Brooklyn Law School, 1992 |
|---|---|
| Honors/ Awards | Super Lawyer, 2007-2015; Leading Lawyer, *Chambers USA*, 2014-2015; Benchmark Local Litigation Star, 2013-2016; Benchmark Litigation Star, 2013, 2016; Dean's Merit Scholar, Brooklyn Law School; Moot Court Honor Society, Brooklyn Law School; Member, *Brooklyn Journal of International Law*, Brooklyn Law School |

## Joseph Russello



Joseph Russello is a partner in the Firm's Melville office, where he concentrates his practice on prosecuting shareholder class action and breach of fiduciary duty claims, as well as complex commercial litigation and consumer class actions.

Mr. Russello has played a vital role in recovering millions of dollars for aggrieved investors, including those of NBTY, Inc. ($16 million); LaBranche & Co., Inc. ($13 million); The Children's Place Retail Stores, Inc. ($12 million); Prestige Brands Holdings, Inc. ($11 million); and Jarden Corporation ($8 million). He also has significant experience in corporate takeover and breach of fiduciary duty litigation. In expedited litigation in the Delaware Court of Chancery involving Mat Five LLC, for example, his efforts paved the way for an "opt-out" settlement that offered investors more than $38 million in increased cash benefits. In addition, he played an integral role in convincing the Delaware Court of Chancery to enjoin Oracle Corporation's $1 billion acquisition of Art Technology Group, Inc. pending the disclosure of material information. He also has experience in litigating consumer class actions.

Prior to joining the Firm, Mr. Russello practiced in the professional liability group at Rivkin Radler LLP, where he defended attorneys, accountants and other professionals in state and federal litigation and assisted in evaluating and resolving complex insurance coverage matters.

| Education | B.A., Gettysburg College, 1998; J.D., Hofstra University School of Law, 2001 |
| Honors/Awards | Super Lawyer, 2014-2015 |

## Scott Saham



Scott Saham is a partner in the Firm's San Diego office whose practice areas include securities and other complex litigation. Mr. Saham recently served as lead counsel prosecuting the *Pharmacia* securities litigation in the District of New Jersey, which resulted in a $164 million settlement. He was also lead counsel in the *Coca-Cola* securities litigation, which resulted in a $137.5 million settlement after nearly eight years of litigation. Mr. Saham also recently obtained reversal of the initial dismissal of the landmark *Countrywide* mortgage-backed securities action, reported as *Luther v. Countrywide Fin. Corp.*, 195 Cal. App. 4th 789 (2011). Following this ruling which revived the action, the case settled for $500 million. Prior to joining the Firm, he served as an Assistant United States Attorney in the Southern District of California, where he tried over 20 felony jury trials.

| Education | B.A., University of Michigan, 1992; J.D., University of Michigan Law School, 1995 |

## Stephanie Schroder



Stephanie Schroder is a partner in the Firm's San Diego office. Ms. Schroder has significant experience prosecuting securities fraud class actions and shareholder derivative actions. Her practice also focuses on advising institutional investors, including multi-employer and public pension funds, on issues related to corporate fraud in the United States securities markets. Currently, she is representing clients that have suffered losses from the Madoff fraud in the *Austin Capital* and *Meridian Capital* litigations.

Ms. Schroder has obtained millions of dollars on behalf of defrauded investors. Prominent cases include *AT&T* ($100 million recovery at trial); *FirstEnergy* ($89.5 million recovery); *FirstWorld Commc'ns* ($25.9 million recovery). Major clients include the Pension Trust Fund for Operating Engineers, the Kentucky State District Council of Carpenters Pension Trust Fund, the Laborers Pension Trust Fund for Northern California, the Construction Laborers Pension Trust for Southern California, and the Iron Workers Mid-South Pension Fund.

| Education | B.A., University of Kentucky, 1997; J.D., University of Kentucky College of Law, 2000 |

## Jessica T. Shinnefield



Jessica T. Shinnefield is a partner in the Firm's San Diego office and currently focuses on initiating, investigating and prosecuting new securities fraud class actions. Ms. Shinnefield was a member of the litigation teams that obtained significant recoveries for investors in cases such as *AOL Time Warner*, *Cisco Systems, Aon* and *Petco*. Ms. Shinnefield was also a member of the litigation team prosecuting actions against investment banks and leading national credit rating agencies for their roles in structuring and rating structured investment vehicles backed by toxic assets. These cases are among the first to successfully allege fraud against the rating agencies, whose ratings have traditionally been protected by the First Amendment. She is currently litigating several securities actions, including an action against Omnicare, in which she helped obtain a favorable ruling from the U.S. Supreme Court.

| Education | B.A., University of California at Santa Barbara, B.A., 2001; J.D., University of San Diego School of Law, 2004 |
| Honors/Awards | Super Lawyer "Rising Star," 2015; B.A., *Phi Beta Kappa*, University of California at Santa Barbara, 2001 |

{}

## Elizabeth A. Shonson



Elizabeth A. Shonson is a partner in the Firm's Boca Raton office. Ms. Shonson concentrates her practice on representing investors in class actions brought pursuant to the federal securities laws. Ms. Shonson has litigated numerous securities fraud class actions nationwide, helping achieve significant recoveries for aggrieved investors. Ms. Shonson has been a member of the litigation teams responsible for recouping millions of dollars for defrauded investors, including: *In re Massey Energy Co. Sec. Litig.* (S.D. W.Va.) ($265 million); *Eshe Fund v. Fifth Third Bancorp* (S.D. Ohio) ($16 million); *City of St. Clair Shores Gen. Emps. Ret. Sys. v. Lender Processing Servs., Inc.* (M.D. Fla.) ($14 million); and *In re Synovus Fin. Corp.* (N.D. Ga.) ($11.75 million)

| Education | B.A., Syracuse University, 2001; J.D., University of Florida Levin College of Law, 2005 |
| --- | --- |
| Honors/ Awards | J.D., *Cum Laude*, University of Florida Levin College of Law, 2005; Editor-in-Chief, *Journal of Technology Law & Policy*; Phi Delta Phi; B.A., with Honors, *Summa Cum Laude*, Syracuse University, 2001; Phi Beta Kappa |

## Trig Smith



Trig Smith is a partner in the Firm's San Diego office. Mr. Smith focuses on complex securities class actions in which he has helped obtain significant recoveries for investors in cases such as *Cardinal Health* ($600 million); *Qwest* ($445 million); *Forest Labs.* ($65 million); *Accredo* ($33 million); and *Exide* ($13.7 million).

| Education | B.S., University of Colorado, Denver, 1995; M.S., University of Colorado, Denver, 1997; J.D., Brooklyn Law School, 2000 |
| --- | --- |
| Honors/ Awards | Member, *Brooklyn Journal of International Law*, Brooklyn Law School; CALI Excellence Award in Legal Writing, Brooklyn Law School |

## Mark Solomon



Mark Solomon is a partner in the Firm's San Diego office. He regularly represents both United States and United Kingdom-based pension funds and asset managers in class and non-class securities litigation. Mr. Solomon has spearheaded the prosecution of many significant cases and has obtained substantial recoveries and judgments for plaintiffs through settlement, summary adjudications and trial. He played a pivotal role in *In re Helionetics*, where plaintiffs won a unanimous $15.4 million jury verdict, and in many other cases, among them: *Schwartz v. TXU* ($150 million plus significant corporate governance reforms); *In re Informix Corp. Sec. Litig.* ($142 million); *Rosen v. Macromedia, Inc.* ($48 million); *In re Cmty. Psychiatric Ctrs. Sec. Litig.* ($42.5 million); *In re Advanced Micro Devices Sec. Litig.* ($34 million); and *In re Tele-Commc'ns, Inc. Sec. Litig.* ($33 million).

| Education | B.A., Trinity College, Cambridge University, England, 1985; L.L.M., Harvard Law School, 1986; Inns of Court School of Law, Degree of Utter Barrister, England, 1987 |
| --- | --- |
| Honors/ Awards | Lizette Bentwich Law Prize, Trinity College, 1983 and 1984; Hollond Travelling Studentship, 1985; Harvard Law School Fellowship, 1985-1986; Member and Hardwicke Scholar of the Honourable Society of Lincoln's Inn |

## Susan Goss Taylor



Susan Goss Taylor is a partner in the Firm's San Diego office. Ms. Taylor has been responsible for prosecuting securities fraud class actions and has obtained recoveries for investors in litigation involving *WorldCom* ($657 million), *AOL Time Warner* ($629 million), *Qwest* ($445 million) and *Motorola* ($200 million). She also served as counsel on the Microsoft, DRAM and Private Equity antitrust litigation teams, as well as on a number of consumer actions alleging false and misleading advertising and unfair business practices against major corporations such as General Motors, Saturn, Mercedes-Benz USA, LLC, BMG Direct Marketing, Inc., and Ameriquest Mortgage Company. Prior to joining the Firm, she served as a Special Assistant United States Attorney for the Southern District of California, where she obtained considerable trial experience prosecuting drug smuggling and alien smuggling cases.

| Education | B.A., Pennsylvania State University, 1994; J.D., The Catholic University of America, Columbus School of Law, 1997 |
| --- | --- |
| Honors/ Awards | Super Lawyer, 2015; Member, Moot Court Team, The Catholic University of America, Columbus School of Law |

## David C. Walton



David C. Walton is a partner in the Firm's San Diego office and a member of the Firm's Executive and Management Committees. He specializes in pursuing financial fraud claims, using his background as a Certified Public Accountant and Certified Fraud Examiner to prosecute securities law violations on behalf of investors. Mr. Walton has investigated and participated in the litigation of many large accounting scandals, including Enron, WorldCom, AOL Time Warner, HealthSouth, Countrywide, and Dynegy, and numerous companies implicated in stock option backdating. In 2003-2004, he served as a member of the California Board of Accountancy, which is responsible for regulating the accounting profession in California.

| Education | B.A., University of Utah, 1988; J.D., University of Southern California Law Center, 1993 |
|---|---|
| Honors/ Awards | Super Lawyer, 2015; Member, *Southern California Law Review*, University of Southern California Law Center; Hale Moot Court Honors Program, University of Southern California Law Center; Appointed to California State Board of Accountancy, 2004 |

## Douglas Wilens



Douglas Wilens is a partner in the Firm's Boca Raton office. Mr. Wilens is a member of the Firm's appellate practice group, participating in numerous appeals in federal and state courts across the country. Most notably, Mr. Wilens handled successful appeals in the First Circuit Court of Appeals in *Mass. Ret. Sys. v. CVS Caremark Corp.*, 716 F.3d 229 (1st Cir. 2013) (reversal of order granting motion to dismiss), and in the Fifth Circuit Court of Appeals in *Lormand v. US Unwired, Inc.*, 565 F.3d 228 (5th Cir. 2009) (reversal of order granting motion to dismiss). Mr. Wilens is also involved in the Firm's lead plaintiff practice group, handling lead plaintiff issues arising under the PSLRA.

Prior to joining the Firm, Mr. Wilens was an associate at a nationally recognized firm, where he litigated complex actions on behalf of numerous professional sports leagues, including the National Basketball Association, the National Hockey League and Major League Soccer. He has also served as an adjunct professor at Florida Atlantic University and Nova Southeastern University, where he taught undergraduate and graduate-level business law classes.

| Education | B.S., University of Florida, 1992; J.D., University of Florida College of Law, 1995 |
|---|---|
| Honors/ Awards | Book Award for Legal Drafting, University of Florida College of Law; J.D., with Honors, University of Florida College of Law, 1995 |

## Shawn A. Williams



Shawn A. Williams is a partner in Robbins Geller Rudman & Dowd LLP's San Francisco office and a member of the Firm's Management Committee. Mr. Williams' practice focuses on securities class actions. Mr. Williams was among the lead class counsel for the Firm recovering investor losses in notable cases, including: *In re Krispy Kreme Doughnuts, Inc. Sec. Litig.* ($75 million); *In re Veritas Software Corp. Sec. Litig.* ($35 million); *In re Cadence Design Sys. Sec. Litig.* ($38 million); and *In re Accuray Inc. Sec. Litig.* ($13.5 million). Mr. Williams is also among the Firm's lead attorneys prosecuting shareholder derivative actions, securing tens of millions of dollars in cash recoveries and negotiating the implementation of comprehensive corporate governance enhancements, such as *In re McAfee, Inc. Derivative Litig.*; *In re Marvell Tech. Grp. Ltd. Derivative Litig.*; *In re KLA Tencor S'holder Derivative Litig.*; and *The Home Depot, Inc. Derivative Litig.* Prior to joining the Firm in 2000, Mr. Williams served for 5 years as an Assistant District Attorney in the Manhattan District Attorney's Office, where he tried over 20 cases to New York City juries and led white-collar fraud grand jury investigations.

| Education | B.A., The State of University of New York at Albany, 1991; J.D., University of Illinois, 1995 |
|---|---|
| Honors/ Awards | Super Lawyer, 2014; Board Member, California Bar Foundation, 2012-present |

## David T. Wissbroecker



David T. Wissbroecker is a partner in the Firm's San Diego and Chicago offices and focuses his practice on securities class action litigation in the context of mergers and acquisitions, representing both individual shareholders and institutional investors. Mr. Wissbroecker has litigated numerous high profile cases in Delaware and other jurisdictions, including shareholder class actions challenging the acquisitions of Kinder Morgan, Del Monte Foods, Affiliated Computer Services and Rural Metro. As part of the deal litigation team at Robbins Geller, Mr. Wissbroecker has helped secure monetary recoveries for shareholders that collectively exceed $600 million. Prior to joining the Firm, Mr. Wissbroecker served as a staff attorney for the United States Court of Appeals for the Seventh Circuit, and then as a law clerk for the Honorable John L. Coffey, Circuit Judge for the Seventh Circuit.

| Education | B.A., Arizona State University, 1998; J.D., University of Illinois College of Law, 2003 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2015; J.D., *Magna Cum Laude*, University of Illinois College of Law, 2003; B.A., *Cum Laude*, Arizona State University, 1998 |

## Christopher M. Wood



Christopher M. Wood is a partner in the Firm's Nashville office, where his practice focuses on complex securities litigation. Mr. Wood has been a member of litigation teams responsible for recovering hundreds of millions of dollars for investors, including *In re Massey Energy Co. Sec. Litig.* (S.D. W. Va.) ($265 million recovery), *In re VeriFone Holdings, Inc. Sec. Litig.* (N.D. Cal.) ($95 million recovery), *Garden City Emps.' Ret. Sys. v. Psychiatric Sols., Inc.* (M.D. Tenn.) ($65 million recovery), *In re Micron Tech., Inc. Sec. Litig.* (D. Idaho) ($42 million recovery) and *Winslow v. BancorpSouth, Inc.* (M.D. Tenn.) ($29.5 million recovery). Mr. Wood has provided *pro bono* legal services through the San Francisco Bar Association's Volunteer Legal Services Program, the Ninth Circuit's Pro Bono Program, Volunteer Lawyers & Professionals for the Arts, and Tennessee Justice for Our Neighbors.

| Education | J.D., University of San Francisco School of Law, 2006; B.A., Vanderbilt University, 2003 |
|---|---|
| Honors/ Awards | Super Lawyer "Rising Star," 2011-2013, 2015 |

## Debra J. Wyman



Debra J. Wyman is a partner in the Firm's San Diego office who specializes in securities litigation. She has litigated numerous cases against public companies in state and federal courts that have resulted in over $1 billion in securities fraud recoveries. Ms. Wyman was a member of the trial team in *In re AT&T Corp. Sec. Litig.*, which was tried in the United States District Court, District of New Jersey, and settled after only two weeks of trial for $100 million. She recently prosecuted a complex securities and accounting fraud case against HealthSouth Corporation, one of the largest and longest-running corporate frauds in history, in which $671 million was recovered for defrauded HealthSouth investors.

| Education | B.A., University of California Irvine, 1990; J.D., University of San Diego School of Law, 1997 |
|---|---|

## Of Counsel

### Laura M. Andracchio

Laura M. Andracchio focuses primarily on litigation under the federal securities laws. She has litigated dozens of cases against public companies in federal and state courts throughout the country, and has contributed to hundreds of millions of dollars in recoveries for injured investors. Ms. Andracchio was a lead member of the trial team in *In re AT&T Corp. Sec. Litig.*, which settled for $100 million after two weeks of trial in district court in New Jersey. Prior to trial, Ms. Andracchio was responsible for managing and litigating the case, which was pending for four years. She also led the litigation team in *Brody v. Hellman*, a case against Qwest and former directors of U.S. West seeking an unpaid dividend, recovering $50 million. In addition, she was the lead litigator in *In re PCom, Inc. Sec. Litig.*, which resulted in a $16 million recovery for the plaintiff class. Most recently, Ms. Andracchio has been focusing primarily on residential mortgage-backed securities litigation on behalf of investors against Wall Street financial institutions in federal courts.

| Education | J.D., Duquesne University School of Law, 1989; B.A., Bucknell University, 1986 |
| Honors/ Awards | Order of the Barristers, J.D., with honors, Duquesne University School of Law, 1989 |

### Randi D. Bandman



Randi D. Bandman has directed numerous complex securities cases at the Firm, such as the pending case of *In re BP plc Derivative Litig.*, a case brought to address the alleged utter failure of BP to ensure the safety of its operation in the United States, including Alaska, and which caused such devastating results as in the Deepwater Horizon oil spill, the worst environmental disaster in history. Ms. Bandman was instrumental in the Firm's development of representing coordinated groups of institutional investors in private opt-out cases that resulted in historical recoveries, such as in WorldCom and AOL Time Warner. Through her years at the Firm, she has represented hundreds of institutional investors, including domestic and non-U.S. investors, in some of the largest and most successful shareholder class actions ever prosecuted, resulting in billions of dollars of recoveries, involving such companies as Enron, Unocal and Boeing. Ms. Bandman was also instrumental in the landmark 1998 state settlement with the tobacco companies for $12.5 billion.

| Education | B.A., University of California, Los Angeles; J.D., University of Southern California |

### Lea Malani Bays

Lea Malani Bays is Of Counsel to the Firm and is based in the Firm's San Diego Office. She focuses on electronic discovery issues and has lectured on issues related to the production of ESI. Prior to joining Robbins Geller, Ms. Bays was a Litigation Associate at Kaye Scholer LLP's Melville office. She has experience in a wide range of litigation, including complex securities litigation, commercial contract disputes, business torts, antitrust, civil fraud, and trust and estate litigation.

| Education | B.A., University of California, Santa Cruz, 1997; J.D., New York Law School, 2007 |
| Honors/ Awards | J.D., *Magna Cum Laude*, New York Law School, 2007; Executive Editor, *New York Law School Law Review*; Legal Aid Society's Pro Bono Publico Award; NYSBA Empire State Counsel; Professor Stephen J. Ellmann Clinical Legal Education Prize; John Marshall Harlan Scholars Program, Justice Action Center |

### Mary K. Blasy

Mary K. Blasy is Of Counsel in the Firm's Melville office where she focuses on the investigation, commencement, and prosecution of securities fraud class actions and shareholder derivative suits. Working with others, she has recovered hundreds of millions of dollars for investors in class actions against Reliance Acceptance Corp. ($66 million); Sprint Corp. ($50 million); Titan Corporation ($15+ million); Martha Stewart Omni-Media, Inc. ($30 million); and Coca-Cola Co. ($137.5 million). Ms. Blasy has also been responsible for prosecuting numerous complex shareholder derivative actions against corporate malefactors to address violations of the nation's securities, environmental and labor laws, obtaining corporate governance enhancements valued by the market in the billions of dollars.

In 2014, the Presiding Justice of the Appellate Division of the Second Department of the Supreme Court of the State of New York appointed Ms. Blasy to serve as a member of the Independent Judicial Election Qualification Commission, which reviews the qualifications of candidates seeking public election to New York State Supreme Courts in the 10th Judicial District. Ms. Blasy has also been selected to participate on the 2015 Law 360 Securities Editorial Advisory Board.

| Education | B.A., California State University, Sacramento, 1996; J.D., UCLA School of Law, 2000 |
| Honors/ Awards | Law 360 Securities Editorial Advisory Board, 2015; Member, Independent Judicial Election Qualification Commission, 2014-present |

## Bruce Boyens

Bruce Boyens has served as Of Counsel to the Firm since 2001. A private practitioner in Denver, Colorado since 1990, Mr. Boyens specializes in issues relating to labor and environmental law, labor organizing, labor education, union elections, internal union governance and alternative dispute resolutions. In this capacity, he previously served as a Regional Director for the International Brotherhood of Teamsters elections in 1991 and 1995, and developed and taught collective bargaining and labor law courses for the George Meany Center, Kennedy School of Government, Harvard University, and the Kentucky Nurses Association, among others.

In addition, Mr. Boyens served as the Western Regional Director and Counsel for the United Mine Workers from 1983-1990, where he was the chief negotiator in over 30 major agreements, and represented the United Mine Workers in all legal matters. From 1973-1977, he served as General Counsel to District 17 of the United Mine Workers Association, and also worked as an underground coal miner during that time.

| Education | J.D., University of Kentucky College of Law, 1973; Harvard University, Certificate in Environmental Policy and Management |

## Christopher Collins



Christopher Collins is Of Counsel in the Firm's San Diego office. His practice areas include antitrust, consumer protection and tobacco litigation. Mr. Collins served as co-lead counsel in *Wholesale Elec. Antitrust Cases I & II*, charging an antitrust conspiracy by wholesale electricity suppliers and traders of electricity in California's newly deregulated wholesale electricity market wherein plaintiffs secured a global settlement for California consumers, businesses and local governments valued at more than $1.1 billion. He was also involved in California's tobacco litigation, which resulted in the $25.5 billion recovery for California and its local entities. Mr. Collins is currently counsel on the MemberWorks upsell litigation, as well as a number of consumer actions alleging false and misleading advertising and unfair business practices against major corporations. He formerly served as a Deputy District Attorney for Imperial County.

| Education | B.A., Sonoma State University, 1988; J.D., Thomas Jefferson School of Law, 1995 |

## Patrick J. Coughlin



Patrick J. Coughlin is Of Counsel to the Firm and has served as lead counsel in several major securities matters, including one of the earliest and largest class action securities cases to go to trial, *In re Apple Comput. Sec. Litig.* Additional prominent securities class actions prosecuted by Mr. Coughlin include the *Enron* litigation ($7.3 billion recovery); the *Qwest* litigation ($445 million recovery); and the *HealthSouth* litigation ($671 million recovery). Mr. Coughlin was formerly an Assistant United States Attorney in the District of Columbia and the Southern District of California, handling complex white-collar fraud matters.

| Education | B.S., Santa Clara University, 1977; J.D., Golden Gate University, 1983 |
| Honors/ Awards | Super Lawyer, 2004-2015; Antitrust Trailblazer, *The National Law Journal*, 2015; Leading Lawyer, *Chambers USA*, 2014-2015; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; Best Lawyers, *U.S.News*, 2006-2015; Top 100 Lawyers, *Daily Journal*, 2008; Lawdragon 500 Leading Lawyers in America, 2009, 2008, 2006 |

## L. Thomas Galloway

L. Thomas Galloway is Of Counsel to the Firm. Mr. Galloway is the founding partner of Galloway & Associates PLLC, a law firm that specializes in the representation of institutional investors – namely, public and multi-employer pension funds. He is also President of the Galloway Family Foundation, which funds investigative journalism into human rights abuses around the world.

| Education | B.A., Florida State University, 1967; J.D., University of Virginia School of Law, 1972 |
| Honors/ Awards | Articles Editor, *University of Virginia Law Review*, University of Virginia School of Law; *Phi Beta Kappa*, University of Virginia School of Law; Trial Lawyer of the Year in the United States, 2003 |

## Edward M. Gergosian



Edward M. Gergosian is Of Counsel in the Firm's San Diego office. Mr. Gergosian has practiced solely in complex litigation for 28 years, first with a nationwide securities and antitrust class action firm, managing its San Diego office, and thereafter as a founding member of his own firm. He has actively participated in the leadership and successful prosecution of several securities and antitrust class actions and shareholder derivative actions, including *In re 3Com Corp. Sec. Litig.* (which settled for $259 million); *In re Informix Corp. Sec. Litig.* (which settled for $142 million); and the Carbon Fiber antitrust litigation (which settled for $60 million). Mr. Gergosian was part of the team that prosecuted the *AOL Time Warner* state and federal court securities opt-out actions, which settled for $629 million. He also obtained a jury verdict in excess of $14 million in a consumer class action captioned *Gutierrez v. Charles J. Givens Organization*.

| Education | B.A., Michigan State University, 1975; J.D., University of San Diego School of Law, 1982 |
| Honors/ Awards | Super Lawyer, 2014-2015; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; J.D., *Cum Laude*, University of San Diego School of Law, 1982 |

## Mitchell D. Gravo



Mitchell D. Gravo is Of Counsel to the Firm and concentrates his practice on government relations. He represents clients before the Alaska Congressional delegation, the Alaska Legislature, the Alaska State Government and the Municipality of Anchorage.

Mr. Gravo's clients include Anchorage Economic Development Corporation, Anchorage Convention and Visitors Bureau, UST Public Affairs, Inc., International Brotherhood of Electrical Workers, Alaska Seafood International, Distilled Spirits Council of America, RIM Architects, Anchorage Police Department Employees Association, Fred Meyer, and the Automobile Manufacturer's Association. Prior to joining the Firm, he served as an intern with the Municipality of Anchorage, and then served as a law clerk to Superior Court Judge J. Justin Ripley.

| Education | B.A., Ohio State University; J.D., University of San Diego School of Law |

## Helen J. Hodges



Helen J. Hodges is Of Counsel to the Firm and is based in the Firm's San Diego office. Ms. Hodges has been involved in numerous securities class actions, including *Knapp v. Gomez*, in which a plaintiffs' verdict was returned in a Rule 10b-5 class action; *Nat'l Health Labs*, which settled for $64 million; *Thurber v. Mattel*, which settled for $122 million; and *Dynegy*, which settled for $474 million. More recently, she focused on the prosecution of *Enron*, where a record recovery ($7.3 billion) was obtained for investors.

| Education | B.S., Oklahoma State University, 1979; J.D., University of Oklahoma, 1983 |
| Honors/ Awards | Rated AV by Martindale-Hubbell; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; Super Lawyer, 2007; Oklahoma State University Foundation Board of Trustees, 2013 |

## David J. Hoffa



David J. Hoffa is based in Michigan and works out of the Firm's Washington, D.C. office. Since 2006, Mr. Hoffa has been serving as a liaison to over 110 institutional investors in portfolio monitoring, securities litigation and claims filing matters. His practice focuses on providing a variety of legal and consulting services to U.S. state and municipal employee retirement systems, single and multi-employer U.S. Taft-Hartley benefit funds, as well as a leader on the Firm's Israel institutional investor outreach team. Mr. Hoffa also serves as a member of the Firm's lead plaintiff advisory team, and advises public and multi-employer pension funds around the country on issues related to fiduciary responsibility, legislative and regulatory updates, and "best practices" in the corporate governance of publicly traded companies.

Early in his legal career, Mr. Hoffa worked for a law firm based in Birmingham, Michigan, where he appeared regularly in Michigan state court in litigation pertaining to business, construction and employment related matters. Mr. Hoffa has also appeared before the Michigan Court of Appeals on several occasions.

| Education | B.A., Michigan State University, 1993; J.D., Michigan State University College of Law, 2000 |

## Steven F. Hubachek



Steven F. Hubachek is Of Counsel to the Firm and is based in the Firm's San Diego office. He is a member of the Firm's appellate group. Prior to joining Robbins Geller, Mr. Hubachek was Chief Appellate Attorney for Federal Defenders of San Diego, Inc. In that capacity, he oversaw Federal Defenders' appellate practice and argued over one hundred appeals, including three cases before the U.S. Supreme Court and seven cases before en banc panels of the Ninth Circuit Court of Appeals.

| Education | B.A., University of California, Berkeley, 1983; J.D., Hastings College of the Law, 1987 |
|---|---|
| Honors/ Awards | Top Lawyer in San Diego, *San Diego Magazine*, 2014-2015; Assistant Federal Public Defender of the Year, National Federal Public Defenders Association, 2011; Appellate Attorney of the Year, San Diego Criminal Defense Bar Association, 2011 (co-recipient); President's Award for Outstanding Volunteer Service, Mid City Little League, San Diego, 2011; E. Stanley Conant Award for exceptional and unselfish devotion to protecting the rights of the indigent accused, 2009 (joint recipient); Super Lawyer, 2007-2009; *The Daily Transcript* Top Attorneys, 2007; AV rated by Martindale-Hubbell; J.D., *Cum Laude*, Order of the Coif, Thurston Honor Society, Hastings College of Law, 1987 |

## Frank J. Janecek, Jr.



Frank J. Janecek, Jr. is Of Counsel in the Firm's San Diego office and practices in the areas of consumer/antitrust, Proposition 65, taxpayer and tobacco litigation. He served as co-lead counsel, as well as court appointed liaison counsel, in *Wholesale Elec. Antitrust Cases I & II*, charging an antitrust conspiracy by wholesale electricity suppliers and traders of electricity in California's newly deregulated wholesale electricity market. In conjunction with the Governor of the State of California, the California State Attorney General, the California Public Utilities Commission, the California Electricity Oversight Board, a number of other state and local governmental entities and agencies, and California's large, investor-owned electric utilities, plaintiffs secured a global settlement for California consumers, businesses and local governments valued at more than $1.1 billion. Mr. Janecek also chaired several of the litigation committees in California's tobacco litigation, which resulted in the $25.5 billion recovery for California and its local entities, and also handled a constitutional challenge to the State of California's Smog Impact Fee in *Ramos v. Dep't of Motor Vehicles*, which resulted in more than a million California residents receiving full refunds and interest, totaling $665 million.

| Education | B.S., University of California, Davis, 1987; J.D., Loyola Law School, 1991 |
|---|---|
| Honors/ Awards | Super Lawyer, 2013-2015 |

## Nancy M. Juda



Nancy M. Juda is Of Counsel to the Firm and is based in the Firm's Washington, D.C. office. She concentrates her practice on employee benefits law and works in the Firm's Institutional Outreach Department. Using her extensive experience representing union pension funds, Ms. Juda advises Taft-Hartley fund trustees regarding their options for seeking redress for losses due to securities fraud. She also represents workers in ERISA class actions involving breach of fiduciary duty claims against corporate plan sponsors and fiduciaries.

Prior to joining the Firm, Ms. Juda was employed by the United Mine Workers of America Health & Retirement Funds, where she practiced in the area of employee benefits law. Ms. Juda was also associated with union-side labor law firms in Washington, D.C., where she represented the trustees of Taft-Hartley pension and welfare funds on qualification, compliance, fiduciary, and transactional issues under ERISA and the Internal Revenue Code.

| Education | B.A., St. Lawrence University, 1988; J.D., American University, 1992 |
|---|---|

## Andrew S. Love



Andrew S. Love is Of Counsel in the Firm's San Francisco office and focuses on federal appeals of securities fraud class actions. Mr. Love has close to three decades of appellate experience in state and federal court. He has briefed and/or argued appeals on behalf of defrauded investors in the U.S. Courts of Appeals as well as in the California appellate courts. Prior to joining the Firm, Mr. Love represented inmates on California's death row in appellate and habeas corpus proceedings, successfully arguing capital cases in both the California Supreme Court and the Ninth Circuit. During his many years as a death penalty lawyer, Mr. Love co-chaired the Capital Case Defense Seminar (2004-2013), recognized as the largest conference for death penalty practitioners in the country. Mr. Love regularly presented at the seminar and at other conferences on a wide variety of topics geared towards effective appellate practice. In 2008, he was on the faculty of the National Institute for Trial Advocacy's Post-Conviction Skills Seminar. He has also written several articles on appellate advocacy and capital punishment that have appeared in *The Daily Journal*, *CACJ Forum* (a quarterly magazine published by the California Attorneys for Criminal Justice), *American Constitution Society*, and other publications.

| Education | University of Vermont, 1981; J.D., University of San Francisco School of Law, 1985 |
| Honors/Awards | J.D., *Cum Laude*, University of San Francisco School of Law, 1985; McAuliffe Honor Society, University of San Francisco School of Law, 1982-1985 |

## Jerry E. Martin



Jerry E. Martin served as the presidentially appointed United States Attorney for the Middle District of Tennessee from May 2010 to April 2013. As U.S. Attorney, he made prosecuting financial, tax and health care fraud a top priority. During his tenure, Mr. Martin co-chaired the Attorney General's Advisory Committee's Health Care Fraud Working Group.

Mr. Martin specializes in representing individuals who wish to blow the whistle to expose fraud and abuse committed by federal contractors, health care providers, tax cheats or those who violate the securities laws.

Mr. Martin has been recognized as a national leader in combatting fraud and has addressed numerous groups and associations such as Taxpayers Against Fraud and the National Association of Attorney Generals. In 2012, he was the keynote speaker at the American Bar Association's Annual Health Care Fraud Conference.

| Education | B.A., Dartmouth College, 1996; J.D., Stanford University, 1999 |

## Ruby Menon



Ruby Menon is Of Counsel to the Firm and serves as a member of the Firm's legal, advisory and business development group. She also serves as the liaison to the Firm's many institutional investor clients in the United States and abroad. For over 12 years, Ms. Menon served as Chief Legal Counsel to two large multi-employer retirement plans, developing her expertise in many areas of employee benefits and pension administration, including legislative initiatives and regulatory affairs, investments, tax, fiduciary compliance and plan administration.

| Education | B.A., Indiana University, 1985; J.D., Indiana University School of Law, 1988 |

## Eugene Mikolajczyk



Eugene Mikolajczyk is Of Counsel to the Firm and is based in the Firm's San Diego Office. Mr. Mikolajczyk has over 30 years' experience prosecuting shareholder and securities litigation cases as both individual and class actions. Among the cases are *Heckmann v. Ahmanson*, in which the court granted a preliminary injunction to prevent a corporate raider from exacting greenmail from a large domestic media/entertainment company.

Mr. Mikolajczyk was a primary litigation counsel in an international coalition of attorneys and human rights groups that won a historic settlement with major U.S. clothing retailers and manufacturers on behalf of a class of over 50,000 predominantly female Chinese garment workers, in an action seeking to hold the Saipan garment industry responsible for creating a system of indentured servitude and forced labor. The coalition obtained an unprecedented agreement for supervision of working conditions in the Saipan factories by an independent NGO, as well as a substantial multi-million dollar compensation award for the workers.

| Education | B.S., Elizabethtown College, 1974; J.D., Dickinson School of Law, Penn State University, 1978 |

## Keith F. Park



Keith F. Park is Of Counsel in the Firm's San Diego office. Mr. Park is responsible for prosecuting complex securities cases and has overseen the court approval process in more than 1,000 securities class action and shareholder derivative settlements, including actions involving Enron ($7.3 billion recovery); UnitedHealth ($925 million recovery and corporate governance reforms); Dynegy ($474 million recovery and corporate governance reforms); 3Com ($259 million recovery); Dollar General ($162 million recovery); Mattel ($122 million recovery); and Prison Realty ($105 million recovery). He is also responsible for obtaining significant corporate governance changes relating to compensation of senior executives and directors; stock trading by directors, executive officers and key employees; internal and external audit functions; and financial reporting and board independence.

| Education | B.A., University of California, Santa Barbara, 1968; J.D., Hastings College of Law, 1972 |
|---|---|
| Honors/ Awards | Super Lawyer, 2008-2015; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015 |

## Roxana Pierce



Roxana Pierce is Of Counsel to the Firm and focuses her practice on securities litigation, arbitration, negotiations, contracts, international trade, real estate transactions and project development. She has represented clients in over 72 countries, with extensive experience in the Middle East, Asia, Russia, the former Soviet Union, the Caribbean and India. Ms. Pierce counsels institutional investors on recourse available to them when the investors have been victims of fraud or other schemes. Ms. Pierce's client base includes large institutional investors, international banks, asset managers, foreign governments, multi-national corporations, sovereign wealth funds and high net worth individuals.

Ms. Pierce has counseled international clients since 1994. She has spearheaded the contract negotiations for hundreds of projects, including several valued at over $1 billion, and typically conducts her negotiations with the leadership of foreign governments and the leadership of Fortune 500 corporations, foreign and domestic. Ms. Pierce presently represents several European legacy banks in litigation concerning the 2008 financial crisis.

| Education | B.A., Pepperdine University, 1988; J.D., Thomas Jefferson School of Law, 1994 |
|---|---|
| Honors/ Awards | Certificate of Accomplishment, Export-Import Bank of the United States |

## Christopher P. Seefer



Christopher P. Seefer is Of Counsel in the Firm's San Francisco office. Mr. Seefer concentrates his practice in securities class action litigation. One recent notable recovery was a $30 million settlement with UTStarcom in 2010, a recovery that dwarfed a $150,000 penalty obtained by the SEC. Prior to joining the Firm, he was a Fraud Investigator with the Office of Thrift Supervision, Department of the Treasury (1990-1999), and a field examiner with the Office of Thrift Supervision (1986-1990).

| Education | B.A., University of California Berkeley, 1984; M.B.A., University of California, Berkeley, 1990; J.D., Golden Gate University School of Law, 1998 |
|---|---|

## Arthur L. Shingler III



Arthur L. Shingler III is Of Counsel to the Firm and is based in the Firm's San Diego office. Mr. Shingler has successfully represented both public and private sector clients in hundreds of complex, multi-party actions with billions of dollars in dispute. Throughout his career, he has obtained outstanding results for those he has represented in cases generally encompassing shareholder derivative and securities litigation, unfair business practices litigation, publicity rights and advertising litigation, ERISA litigation, and other insurance, health care, employment and commercial disputes.

Representative matters in which Mr. Shingler served as lead litigation or settlement counsel include, among others: *In re Royal Dutch/Shell ERISA Litig.* ($90 million settlement); *In re Priceline.com Sec. Litig.* ($80 million settlement); *In re General Motors ERISA Litig.* ($37.5 million settlement, in addition to significant revision of retirement plan administration); *Wood v. Ionatron, Inc.* ($6.5 million settlement); *In re Lattice Semiconductor Corp. Derivative Litig.* (corporate governance settlement, including substantial revision of board policies and executive management); *In re 360networks Class Action Sec. Litig.* ($7 million settlement); and *Rothschild v. Tyco Int'l (US), Inc.*, 83 Cal. App. 4th 488 (2000) (shaped scope of California's Unfair Practices Act as related to limits of State's False Claims Act).

| Education | B.A., Point Loma Nazarene College, 1989; J.D., Boston University School of Law, 1995 |
|---|---|
| Honors/ Awards | B.A., *Cum Laude*, Point Loma Nazarene College, 1989 |

## Leonard B. Simon



Leonard B. Simon is Of Counsel to the Firm. His practice has been devoted heavily to litigation in the federal courts, including both the prosecution and defense of major class actions and other complex litigation in the securities and antitrust fields. Mr. Simon has also handled a substantial number of complex appellate matters, arguing cases in the U.S. Supreme Court, several federal Courts of Appeals, and several California appellate courts. He has served as plaintiffs' co-lead counsel in dozens of class actions, including *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.* (settled for $240 million) and *In re NASDAQ Market-Makers Antitrust Litig.* (settled for more than $1 billion), and was centrally involved in the prosecution of *In re Washington Pub. Power Supply Sys. Sec. Litig.*, the largest securities class action ever litigated.

Mr. Simon is an Adjunct Professor of Law at Duke University, the University of San Diego, and the University of Southern California Law Schools. He is an Editor of California Federal Court Practice and has authored a law review article on the PSLRA.

| Education | B.A., Union College, 1970; J.D., Duke University School of Law, 1973 |
|---|---|
| Honors/ Awards | Super Lawyer, 2008-2015; J.D., Order of the Coif and with Distinction, Duke University School of Law, 1973 |

## Laura S. Stein



Laura S. Stein is Of Counsel to the Firm and has practiced in the areas of securities class action litigation, complex litigation and legislative law. In a unique partnership with her mother, attorney Sandra Stein, also Of Counsel to the Firm, the Steins focus on minimizing losses suffered by shareholders due to corporate fraud and breaches of fiduciary duty. The Steins also seek to deter future violations of federal and state securities laws by reinforcing the standards of good corporate governance. The Steins work with over 500 institutional investors across the nation and abroad, and their clients have served as lead plaintiff in successful cases where billions of dollars were recovered for defrauded investors against such companies as AOL Time Warner, Tyco, Cardinal Health, AT&T, Hanover Compressor, First Bancorp, Enron, Dynegy, Honeywell International and Bridgestone.

Ms. Stein is Special Counsel to the Institute for Law and Economic Policy (ILEP), a think tank that develops policy positions on selected issues involving the administration of justice within the American legal system. She has also served as Counsel to the Annenberg Institute of Public Service at the University of Pennsylvania.

| Education | B.A., University of Pennsylvania, 1992; J.D., University of Pennsylvania Law School, 1995 |
|---|---|

## Sandra Stein



Sandra Stein is Of Counsel to the Firm and concentrates her practice in securities class action litigation, legislative law and antitrust litigation. In a unique partnership with her daughter, Laura Stein, also Of Counsel to the Firm, the Steins focus on minimizing losses suffered by shareholders due to corporate fraud and breaches of fiduciary duty.

Previously, Ms. Stein served as Counsel to United States Senator Arlen Specter of Pennsylvania. During her service in the United States Senate, Ms. Stein was a member of Senator Specter's legal staff and a member of the United States Senate Judiciary Committee staff. She is also the Founder of the Institute for Law and Economic Policy (ILEP), a think tank that develops policy positions on selected issues involving the administration of justice within the American legal system. Ms. Stein has also produced numerous public service documentaries for which she was nominated for an Emmy and received an ACE award, cable television's highest award for excellence in programming.

| Education | B.S., University of Pennsylvania, 1961; J.D., Temple University School of Law, 1966 |
|---|---|
| Honors/ Awards | Nominated for an Emmy and received an ACE award for public service documentaries |

## John J. Stoia, Jr.



John J. Stoia, Jr. is Of Counsel to the Firm and is based in the Firm's San Diego office.  Mr. Stoia was a founding partner of Robbins Geller, previously known as Coughlin Stoia Geller Rudman & Robbins LLP.  He has worked on dozens of nationwide complex securities class actions, including *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, which arose out of the collapse of Lincoln Savings & Loan and Charles Keating's empire.  Mr. Stoia was a member of the plaintiffs' trial team, which obtained verdicts against Mr. Keating and his co-defendants in excess of $3 billion and settlements of over $240 million.

Mr. Stoia has brought over 50 nationwide class actions against life insurance companies and recovered over $10 billion on behalf of victims of insurance fraud due to deceptive sales practices and discrimination.  He has also represented numerous large institutional investors who suffered hundreds of millions of dollars in losses as a result of major financial scandals, including AOL Time Warner and WorldCom.

| Education | B.S., University of Tulsa, 1983; J.D., University of Tulsa, 1986; LL.M. Georgetown University Law Center, 1987 |
|---|---|
| Honors/ Awards | Super Lawyer, 2007-2015; Top Lawyer in San Diego, *San Diego Magazine*, 2013-2015; Litigator of the Month, *The National Law Journal*, July 2000; LL.M. Top of Class, Georgetown University Law Center |

## Phong L. Tran



Phong L. Tran is Of Counsel to the Firm and is based in the San Diego office.  He focuses his practice on complex securities, consumer, antitrust and corporate takeover litigation.  Mr. Tran has litigated numerous class actions and has helped to recover hundreds of millions of dollars for injured investors and consumers.

Mr. Tran's notable cases include *Dahl v. Bain Capital Partners, LLC*, a Sherman Act antitrust action against some of the largest private equity firms in the world.  The aggregate settlement of $590.5 million is the largest class action antitrust settlement ever in which no civil or criminal government action was taken.  He has also prosecuted several RICO class action cases involving the deceptive marketing and sale of annuities to senior citizens, including cases against Midland National Life Insurance Company ($80 million settlement), Fidelity & Guarantee Life Insurance Company ($53 million settlement), and National Western Life Insurance Company ($21 million settlement).  Additionally, Mr. Tran successfully represented consumers in the "Daily Deal" class action cases against LivingSocial and Groupon.

Prior to joining the Firm, Mr. Tran was a Special Assistant United States Attorney for the Southern District of California.  He then became a Deputy City Attorney with the San Diego City Attorney's Office and later joined a boutique trial practice law firm, where he litigated white-collar criminal defense and legal malpractice matters.

| Education | B.B.A., University of San Diego, 1996; J.D., UCLA School of Law, 1999 |
|---|---|

## Special Counsel

### Bruce Gamble



Bruce Gamble is Special Counsel to the Firm and a member of the Institutional Outreach Department.

Mr. Gamble serves as a liaison with the Firm's institutional investor clients in the United States and abroad, advising them on securities litigation matters.  Previously, he was General Counsel and Chief Compliance Officer for the District of Columbia Retirement Board, where he served as chief legal advisor to the Board of Trustees and staff.  Mr. Gamble's experience also includes serving as Chief Executive Officer of two national trade associations and several senior level staff positions on Capitol Hill.

| Education | B.S., University of Louisville, 1979; J.D., Georgetown University Law Center, 1989 |
|---|---|
| Honors/ Awards | Executive Board Member, National Association of Public Pension Attorneys, 2000-2006; American Banker selection as one of the most promising U.S. bank executives under 40 years of age, 1992 |

### Carlton R. Jones

Carlton R. Jones is Special Counsel to the Firm and is a member of the Intellectual Property group in the Atlanta office.  Although Mr. Jones primarily focuses on patent litigation, he has experience handling a variety of legal matters of a technical nature, including performing invention patentability analysis and licensing work for the Centers for Disease Control as well as litigation involving internet streaming-audio licensing disputes and medical technologies.  He is a registered Patent Attorney with the United States Patent and Trademark Office.

| Education | B.S., Georgia Institute of Technology, 2006; J.D., Georgia State University College of Law, 2009 |
|---|---|

### Tricia L. McCormick



Tricia L. McCormick is Special Counsel to the Firm and focuses primarily on the prosecution of securities class actions.  Ms. McCormick has litigated numerous cases against public companies in state and federal courts that resulted in hundreds of millions of dollars in recoveries for investors.  She is also a member of a team that is in constant contact with clients who wish to become actively involved in the litigation of securities fraud.  In addition, Ms. McCormick is active in all phases of the Firm's lead plaintiff motion practice.

| Education | B.A., University of Michigan, 1995; J.D., University of San Diego School of Law, 1998 |
|---|---|
| Honors/ Awards | J.D., *Cum Laude*, University of San Diego School of Law, 1998 |

## Forensic Accountants

### R. Steven Aronica

R. Steven Aronica is a Certified Public Accountant licensed in the States of New York and Georgia and is a member of the American Institute of Certified Public Accountants, the Institute of Internal Auditors and the Association of Certified Fraud Examiners.  Mr. Aronica has been instrumental in the prosecution of numerous financial and accounting fraud civil litigation claims against companies that include Lucent Technologies, Tyco, Oxford Health Plans, Computer Associates, Aetna, WorldCom, Vivendi, AOL Time Warner, Ikon, Doral Financial, First BanCorp, Acclaim Entertainment, Pall Corporation, iStar Financial, Hibernia Foods, NBTY, Tommy Hilfiger, Lockheed Martin, the Blackstone Group and Motorola.  In addition, he assisted in the prosecution of numerous civil claims against the major United States public accounting firms.

Mr. Aronica has been employed in the practice of financial accounting for more than 30 years, including public accounting, where he was responsible for providing clients with a wide range of accounting and auditing services; the investment bank Drexel Burnham Lambert, Inc., where he held positions with accounting and financial reporting responsibilities; and at the SEC, where he held various positions in the divisions of Corporation Finance and Enforcement and participated in the prosecution of both criminal and civil fraud claims.

| Education | B.B.A., University of Georgia, 1979 |
| --- | --- |

### Andrew J. Rudolph



Andrew J. Rudolph is the Director of the Firm's Forensic Accounting Department, which provides in-house forensic accounting expertise in connection with securities fraud litigation against national and foreign companies.  He has directed hundreds of financial statement fraud investigations, which were instrumental in recovering billions of dollars for defrauded investors.  Prominent cases include *Qwest*, *HealthSouth*, *WorldCom*, *Boeing*, *Honeywell*, *Vivendi*, *Aurora Foods*, *Informix*, *Platinum Software*, *AOL Time Warner*, and *UnitedHealth*.

Mr. Rudolph is a Certified Fraud Examiner and a Certified Public Accountant licensed to practice in California.  He is an active member of the American Institute of Certified Public Accountants, California's Society of Certified Public Accountants, and the Association of Certified Fraud Examiners.  His 20 years of public accounting, consulting and forensic accounting experience includes financial fraud investigation, auditor malpractice, auditing of public and private companies, business litigation consulting, due diligence investigations and taxation.

| Education | B.A., Central Connecticut State University, 1985 |
| --- | --- |

### Christopher Yurcek



Christopher Yurcek is the Assistant Director of the Firm's Forensic Accounting Department, which provides in-house forensic accounting and litigation expertise in connection with major securities fraud litigation. He has directed the Firm's forensic accounting efforts on numerous high-profile cases, including *In re Enron Corp. Sec. Litig.* and *Jaffe v. Household Int'l, Inc.*, which resulted in a jury verdict and judgment of $2.46 billion (the judgment was appealed and there will be a trial on certain aspects of the verdict).  Other prominent cases include *HealthSouth*, *UnitedHealth*, *Vesta*, *Informix*, *Mattel*, *Coca-Cola* and *Media Vision*.

Mr. Yurcek has over 20 years of accounting, auditing, and consulting experience in areas including financial statement audit, forensic accounting and fraud investigation, auditor malpractice, turn-around consulting, business litigation and business valuation.  He is a Certified Public Accountant licensed in California, holds a Certified in Financial Forensics (CFF) Credential from the American Institute of Certified Public Accountants, and is a member of the California Society of CPAs and the Association of Certified Fraud Examiners.

| Education | B.A., University of California, Santa Barbara, 1985 |
| --- | --- |