UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Master No. 3:15-cv-07658-MAS-LHG <br><br> [~~PROPOSED~~] ORDER |

**WHEREAS**, on October 22, 2015, Plaintiff Laura Potter ("Potter") filed the first of four actions in this District against Defendants Valeant Pharmaceuticals International, Inc. ("Valeant"), J. Michael Pearson, Robert L. Rosiello, and Howard B. Schiller (together, "Defendants"), alleging claims under the federal securities laws that are governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4 (the "Related Actions") (Dkt. #1);

**WHEREAS**, the PSLRA requires that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B);

**WHEREAS**, on November 20, 2015, Potter filed a Motion for Expedited Discovery to Serve Subpoena on Non-Party (the "Philidor Discovery Motion") (Dkt. #9), seeking to obtain discovery from Philidor Rx Services, LLC ("Philidor");

**WHEREAS**, on December 3, 2015, this Court issued an Order granting the Philidor Discovery Motion (the "Philidor Discovery Order") (Dkt. #10) and Plaintiff thereafter served the subpoena upon Philidor;

**WHEREAS**, on December 17, 2015, Defendants filed a Motion for Reconsideration of the Philidor Discovery Order (the "Reconsideration Motion") (Dkt. #19), to which Potter filed an opposition (Dkt. #48) and Defendants filed a reply (Dkt. #51);

**WHEREAS**, on December 21, 2015, TIAA moved to consolidate the Related Actions and to be appointed Lead Plaintiff pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B) (Dkt. #22);

**WHEREAS**, on January 18, 2016, TIAA joined Potter's opposition to the Reconsideration Motion (Dkt. #52) and submitted supplemental briefing (Dkt. #55) to which Defendants submitted a further response (Dkt. #56);

**WHEREAS**, on May 27, 2016, TIAA filed a Motion to Partially Lift Discovery Stay and Serve Valeant with a Request for Production ("Valeant Discovery Motion") (Dkt. #65) and a Motion to Partially Lift Discovery Stay and Serve Document Preservation Subpoenas on Third Parties ("Non-Party Preservation Motion") (Dkt. #66), to which Defendants filed a joint opposition (Dkt. #74), TIAA filed a joint reply (Dkt. # 75), Defendants filed supplemental authority (Dkt. # 79), and TIAA filed a response to the supplemental authority (Dkt. #82); and

**WHEREAS**, on May 31, 2016, the Honorable Michael A. Shipp entered an Order consolidating the Related Actions and appointing TIAA as Lead Plaintiff and approving of TIAA's selection of Lead Counsel (Dkt. #67);

Having considered all of the aforementioned submissions of the parties, and for the reasons set forth at the hearing on July 11, 2016 (Dkt. #99) by the Court on the record, the Court **ORDERS** on this 22nd day of July, 2016, as follows:

    (a)    Defendants' Reconsideration Motion (Dkt. #19) is **GRANTED**;

    (b)    Upon reconsideration, the Philidor Discovery Order (Dkt. #10) is **VACATED** and Plaintiff's Philidor Discovery Motion (Dkt. #9) is **DENIED**, and enforcement of the subpoena already served on Philidor is **STAYED** until such time that discovery is authorized in this action;

    (c)    Plaintiff's Valeant Discovery Motion (Dkt. #65) is **DENIED**; and

    (d)    Plaintiff's Non-Party Preservation Motion (Dkt. #66) is **DENIED**.

_____
Honorable Lois H. Goodman
United States Magistrate Judge