UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>All Actions. | No. 3:15-CV-07658-MAS-LHG<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**Motion Day: January 3, 2017** |

## **PRICEWATERHOUSECOOPERS LLP'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE CONSOLIDATED COMPLAINT**

Dated:  December 14, 2016

KING & SPALDING LLP

James J. Capra, Jr. (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

CHIESA SHAHINIAN & GIANTOMASI PC

A. Ross Pearlson
James Van Splinter
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Facsimile: (973) 530-2300

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

# TABLE OF CONTENTS

**Page**

ARGUMENT ...................................................................................................................1

    I.     Plaintiff fails to plead that PwC's opinion statements were false .........................2

          A.    *Omnicare* controls with respect to Plaintiff's Section 11 claim against PwC. .............................................................................2

          B.    PwC's opinion statements do not contain "embedded facts that are untrue" and are not a "certification." ..........................................4

          C.    Plaintiff has failed to plead a factual omission by PwC. ..........................6

    II.    Plaintiff lacks standing to bring a Section 11 claim relating to the March 2015 stock offering .................................................................8

CONCLUSION ...............................................................................................................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Campbell Soup Co. Sec. Litig.*,
    145 F. Supp. 2d 574 (2001) ................................................................3

*In re Lehman Bros. Sec. & ERISA Litig.*,
    131 F. Supp. 3d 241 (S.D.N.Y. 2015)...................................................3

*In re OSG Sec. Litig.*,
    971 F. Supp. 2d 387 (S.D.N.Y. 2013)...................................................4

*In re Petrobras Sec. Litig.*,
    2016 WL 1533553 (S.D.N.Y. Feb. 19, 2016)......................................4-5

*In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 236 (S.D.N.Y. 2014) ..................5

*In re Velti PLC Sec. Litig.*,
    2015 WL 5736589 (N.D. Cal. Oct. 1, 2015)..........................................1

*Johnson v. CBD Energy Ltd.*,
    2016 WL 3654657 (S.D. Tex. July 6, 2016).............................1, 4, 5, 8

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    135 S. Ct. 1318 (2015)........................................................... *passim*

*Querub v. Moore Stephens Hong Kong*,
    649 F. App'x 55 (2d Cir. 2016) (Summary Order)....................... 1, 3, 4-5

*SEPTA v. Orrstown Fin. Servs., Inc.*,
    2015 WL 383349 (M.D. Pa. June 22, 2015)............................. 1, 3, 6-7

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
    645 F. App'x 72 (2d Cir. 2016) (Summary Order).................................3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007)..........................................................................8

*Yang v. Tibet Pharms., Inc.*,
    2015 WL 730036 (D.N.J. Feb. 20, 2015) ...........................................3-4

**Statutes**

15 U.S.C. § 77g(a)(1)................................................................................2

15 U.S.C. § 77k(a) ...............................................................................2, 6

15 U.S.C. § 78u-4(b)(3)(B)................................................................................................8

**Other Authorities**

17 C.F.R. § 230.405.........................................................................................................5

Federal Rule of Civil Procedure 8(a) ..............................................................................1

Federal Rule of Civil Procedure 12(b)(6) .....................................................................1, 8

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this reply brief in support of its motion to dismiss Count VII of the Consolidated Complaint pursuant to Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure [ECF 165] ("PwC Br." or "Motion").

## ARGUMENT

Plaintiffs devote most of their Opposition ("Opp.") to alleged misstatements by Valeant[1] and its officers and directors, over a three-year period, concerning the Company's business practices. The scant attention paid to PwC's Motion is unsurprising because only one plaintiff, the City of Tucson, asserts one claim against PwC. That claim is based on *opinions* in a single PwC audit report, dated February 25, 2015, on Valeant's 2014 financial statements, which Valeant incorporated by reference in its March 2015 stock prospectus. Compl. ¶ 563. PwC's opinions reflected its subjective judgment as to the presentation of Valeant's financial statements, Valeant's internal control over financial reporting, and the conduct of PwC's audit. Accordingly, the Supreme Court's *Omnicare*[2] decision is the controlling standard. *See Querub v. Moore Stephens Hong Kong*, 649 F. App'x 55, 58 (2d Cir. 2016) (Summary Order) ("Audit reports . . . are statements of opinion subject to the *Omnicare* standard for Section 11 claims.").

Federal courts, applying *Omnicare*, have dismissed Section 11 claims against auditors on the pleadings where, as here, plaintiff does not allege that the "auditor 'either did not in fact hold that opinion or knew that it had no reasonable basis for it.'" *Johnson v. CBD Energy Ltd.*, 2016 WL 3654657, at *10 (S.D. Tex. July 6, 2016) (citation omitted); *see also In re Velti PLC Sec. Litig.*, 2015 WL 5736589, at *18-19 (N.D. Cal. Oct. 1, 2015); *SEPTA v. Orrstown Fin. Servs., Inc.*, 2015 WL 383349, at *33-34 (M.D. Pa. June 22, 2015). This Court should do likewise because, significantly, Plaintiff does *not* dispute that it has failed to plead any such allegations.

---

[1] All terms have the same meaning as in PwC's Brief, at iv-v (Table of Defined Terms).

[2] *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 135 S. Ct. 1318 (2015).

Instead, Plaintiff does everything it can to avoid *Omnicare*'s impact on its Section 11 claim against PwC, going so far as to claim that PwC's opinions are "statements of fact" to which *Omnicare* does not apply.  Opp. at 135, 141-45.  Even when purporting to address *Omnicare*, Plaintiff relies, erroneously, on district court cases that were decided *before* that Supreme Court decision and that are inconsistent with it.  *Id.* at 133-34.  This Court should follow *Omnicare*, the controlling precedent, and dismiss the Section 11 claim against PwC.  As explained below, the dismissal should be with prejudice.

I.  **Plaintiff fails to plead that PwC's opinion statements were false.**

  A.  ***Omnicare* controls with respect to Plaintiff's Section 11 claim against PwC.**

Plaintiff's Section 11 claim is based solely on PwC's audit report.  Compl. ¶ 563.[3]  The statements in that report—which are explicitly presented as PwC's "opinion[s]" (*id.* ¶ 692)—are statements of opinion to which *Omnicare* applies.  PwC Br. at 8-9, 11-13.  An auditor may be liable under Section 11 based upon material misstatements in an issuer's financial statements, but only subject to the strictures of *Omnicare*, which distinguishes statements of opinion from statements of fact and establishes a substantially more difficult legal test for pleading the falsity of an opinion statement.  135 S. Ct. at 1325-26.  Under Section 11, an opinion statement, such as PwC's audit opinions, is not an "untrue statement of a material fact," 15 U.S.C. § 77k(a), unless "the speaker [does not] actually hold[] the stated belief."  *Omnicare*, 135 S. Ct. at 1326.  Plaintiff does *not* allege in its Complaint that PwC did not believe its opinion statements, and Plaintiff does not contend otherwise in its Opposition.

---

[3] Plaintiff also refers in passing to PwC's March 13, 2015 consent (Opp. at 136 n.70), which is a standard letter by an auditor allowing a company to incorporate by reference the auditor's report in the company's securities registration.  15 U.S.C. § 77g(a)(1).  Plaintiff does not allege that PwC's statement—that "We hereby consent . . ." (Compl. ¶ 706)—was false.  Nor could Plaintiff do so because, as Plaintiff alleges, PwC did consent.  *See id.* ¶¶ 563, 705.  In any event, Plaintiff does not identify any untrue statement of fact in PwC's consent.

Instead, Plaintiff argues that *Omnicare* does not apply and points to district court decisions that largely pre-date the Supreme Court's decision. Opp. at 141-45. That argument simply wishes away the multiple decisions holding that audit opinions are statements of opinion subject to the *Omnicare* standard for Section 11 claims. *See* PwC Br. at 11-13 (citing cases). These decisions include one by a district court in this Circuit, *see SEPTA*, 2015 WL 3833849, at *33-34, and one by the Second Circuit Court of Appeals, *Querub*, 649 Fed. App'x at 58.[4]

Plaintiff also claims that it has made "allegations not present in other cases." Opp. at 142 (citing Compl. ¶¶ 688-90). But Plaintiff simply refers in these paragraphs to auditing standards, which other courts *have* considered, holding that even "a cursory examination of many of the relevant auditing standards" confirms that audit reports are "statements of opinion." *In re Lehman Bros. Sec. & ERISA Litig.*, 131 F. Supp. 3d 241, 250-51 & n.44 (S.D.N.Y. 2015); *see also* PwC Br. 12 (citing AU 230, which notes the "judgment" applied in an audit). Nor is there any distinction between PwC's audit report here, *see* Capra Ex. F (ECF 165-8), and those that courts have considered in concluding that "[a]udit reports . . involve[e] considerable subjective judgment." *Querub*, 649 Fed. App'x at 58. Indeed, the auditing standards compel auditors to issue reports in a standard form that identifies their statements as "*our opinion*." *See* AU 508.08 (Capra Ex. C) (ECF 165-5) (emphasis added).

For these reasons, Plaintiff's substantial reliance on pre-*Omnicare* decisions is misplaced and misleading. For example, Plaintiff asserts that Judge Hochberg's decision in *Yang v. Tibet Pharms., Inc.*, 2015 WL 730036 (D.N.J. Feb. 20, 2015), "lends support to the view that

---

[4] *See also Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 645 F. App'x 72, 75-76 (2d Cir. 2016) (Summary Order) (applying *Omnicare* to audit opinions on Section 18 claim). Absent precedent, courts in the Third Circuit often look to Second Circuit decisions concerning the federal securities laws. *See, e.g., In re Campbell Soup Co. Sec. Litig.*, 145 F. Supp. 2d 574, 600-02 (2001) (adopting Second Circuit approach to inquiry notice for Section 10(b) claim).

*Omnicare* should not apply to audit opinions." Opp. at 143. Reaching her decision *before Omnicare*, Judge Hochberg could not have even considered this issue.[5] Since then, courts have consistently held that audit opinions are statements of opinion subject to *Omnicare*. *See* PwC Br. at 12-13. This Court should do likewise and dismiss Count VII as to PwC.

**B.      PwC's opinion statements do not contain "embedded facts that are untrue" and are not a "certification."**

In the alternative, Plaintiff argues that it has satisfied its burden under *Omnicare*, asserting that PwC is liable for Valeant's alleged misstatements in the Company's financial statements because: (i) Valeant's financial statements are "embedded statements of untrue facts" within PwC's audit opinion (Opp. at 138-39); or (ii) as the auditor, PwC "certified" the financial statements and is strictly liable for Valeant's alleged misstatements therein (*id.* at 133-35). Neither argument is availing.[6]

First, as another court has recognized, while an auditor's opinion relates *to* a company's financial statements, those financial statements "do not appear *in* the audit report," particularly not "in the way the *Omnicare* Court set out" for embedded statements of fact. *Johnson*, 2016 WL 3654657, at *12 (emphasis added). Moreover, Plaintiff's primary authority for its "embedded facts" assertion, a Southern District of New York decision in *In re Petrobras Sec. Litig.*, 2016 WL 1533553 (S.D.N.Y. Feb. 19, 2016) (Opp. at 139), is flatly inconsistent with the Second Circuit's subsequent decision in *Querub*.

---

[5] Similarly, Plaintiff relies on *In re OSG Sec. Litig.*, 971 F. Supp. 2d 387 (S.D.N.Y. 2013) (Opp. at 143-44), but that court's observation that an auditor's couching of its statement as an opinion is a "meaningless . . . semantic choice" (*id.* at 399) is at odds with the Supreme Court's subsequent directive that courts examine the form of the statement made. *Omnicare*, 135 S. Ct. at 1325-26.

[6] PwC did not "waive" any argument regarding "embedded facts." *See* Opp. at 132-33. Rather, PwC addressed "embedded facts" by pointing out that there are no such facts in its opinions in the sense contemplated by *Omnicare*. *See* PwC Br. at 13 & n.7.

In *Querub*, the company's financial statements contained a "fundamental" accounting error regarding the following "fact": the company asserted that it had a 90% ownership stake in a subsidiary when, in reality, the company's chairman had transferred that interest to himself, leaving the parent company a mere "shell . . ., lacking any operations or source of revenue." *In re Puda Coal Sec. Inc., Litig.*, 30 F. Supp. 3d 230, 236 (S.D.N.Y. 2014). If the "embedded facts" theory were correct, then the Second Circuit should have held that the auditor was liable for the company's admitted factual misstatement. Instead, it affirmed dismissal of the Section 11 claim against the auditor because there was "no evidence that [the auditor] did not believe its 'clean audit opinions' . . . [or] omitted material facts about the basis for its audit reports." *Querub*, 649 Fed. App'x at 58. The *Johnson* court, responding to the same argument Plaintiff makes here, recognized that the Second Circuit's *Querub* decision "directly contradicts" the embedded facts proposition that the *Petrobras* district court had put forward, and further concluded that the "*Petrobras* court misreads the 'embedded statement of fact' concept discussed in *Omnicare*." *Johnson*, 2016 WL 3654657, at *11, 12. Although PwC previously cited these authorities (PwC Br. at 13 n.7), Plaintiff offers no response to them.

Second, Plaintiff's attempt to categorize PwC's audit opinion as a "certification" (Opp. at 133-35) of Valeant's financial statements does not change this analysis. There is no difference between an audit opinion and an audit "certification" in this context. The SEC has defined the term "certified" for purposes of Section 11 claims to mean providing an audit opinion: "The term *certified*, when used in regard to financial statements, means examined and reported upon with an *opinion* expressed by an independent public or certified public accountant." 17 C.F.R. § 230.405 (emphasis added). *Johnson* rejected an identical "auditor certification" argument, 2016 WL 3654657, at *10-11, and, again, Plaintiff does not even mention this recent decision.

### C.     Plaintiff has failed to plead a factual omission by PwC.

Finally, Plaintiff asserts that it has pleaded an omission by PwC.  Opp. at 139-41.  But that assertion has no basis in the Complaint itself.  Plaintiff only alleges misstatements, *e.g.*, that PwC's opinion misstated that Valeant's financial statements complied with GAAP, when the financial statements allegedly did not do so.  Compl. ¶ 693(a).  Plaintiff refers to such alleged misstatements as misstatements "*and/or*" omissions (*id.* ¶ 693), but that boilerplate reference to the statutory language does not convert an alleged misstatement into an alleged omission.[7] Indeed, Plaintiff does not identify what *fact* PwC omitted from its audit opinion, or how or why PwC "omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a).  Absent a well-pleaded allegation in the Complaint, Plaintiff has no basis to argue about alleged omissions.

In any event, the argument is unavailing.  Plaintiff's omissions argument appears to be that PwC "did not have a reasonable basis for its opinions."  Opp. at 139-40 (citing *Omnicare*). Under *Omnicare*, however, pleading a factual omission is "no small task."  135 S. Ct. at 1332.  It requires that a plaintiff "identify particular (and material) facts going to the basis for the [speaker's] opinion—facts about the inquiry the [speaker] did or did not conduct or the knowledge it did or did not have—whose omission makes the opinion statement at issue misleading." *Id.*

Here, Plaintiff has made only conclusory allegations that PwC's audit failed to comply with PCAOB Auditing Standards, for example, that PwC failed to exercise "due professional care."  Compl. ¶ 697.  These allegations are no different than those that a court in the Third Circuit recently rejected as insufficient under an omissions theory.  In *SEPTA*, the plaintiff

---

[7] PwC did not "waive" an argument regarding omissions.  *See* Opp. at 132-33.  Rather, PwC addressed omissions by pointing out that Plaintiff did not plead one.  *See* PwC Br. at 8 n.5.

"offer[ed] little more than the conclusory assertion that [the auditor's] opinions . . . 'lacked a reasonable basis.'" 2015 WL 3833849, at *34.  Specifically, the plaintiff "fail[ed] to identify actual and material steps taken or not taken by [the auditor] in its audit or knowledge it did or did not have in the formation of its opinion, instead claiming that any reasonable audit would have uncovered a material fact whose omission renders the opinion misleading." *Id.*  Those allegations were "not enough to meet the *Omnicare* standard" for alleging an omission. *Id.*

The same is true here.  Plaintiff's allegations of purported audit negligence are entirely conclusory and thus insufficient.  Plaintiff's only *factual* allegation is that "PwC reviewed and discussed the Philidor Sales Transactions with [Tanya] Carro, Valeant's former Corporate Controller, during its 2014 audit, and prior to the issuance of the 2014 Audit Report." Compl. ¶ 696; Opp. at 140.  But Plaintiff does not plead any particularized facts as to what specific information Carro provided to PwC, much less how any such information would have been inconsistent with the opinions PwC reached at the conclusion of its audit.  In short, this single allegation does not show *anything* about what "knowledge [PwC] did or did not have in the formation of its opinion," and therefore does not suffice to plead an omission. *SEPTA*, 2015 WL 3833849, at *34.  Accordingly, the Court should dismiss the Section 11 claim.

Plaintiff cannot fill this hole through an amendment.  Its other allegations foreclose any future proffer that Carro provided information to PwC during its audit that called into question Valeant's accounting for certain sales to Philidor, such that PwC lacked a reasonable basis for its opinions, but issued them nonetheless.  Indeed, Plaintiff alleges just the opposite.  It relies heavily on Valeant's restatement and findings from the Ad Hoc Committee of Valeant's Board (Compl. ¶¶ 41-42, 302-03), including that Carro provided "incorrect information" to PwC during its audit, *i.e.*, information that did not identify the limited accounting error that occurred in the

fourth quarter of 2014. *See* Capra Ex. E (ECF 165-7) (Valeant 2015 Form 10-K excerpts); Compl. ¶ 41; Opp. at 108.[8]   Additionally, Plaintiff disclaims any allegation of fraud or recklessness as to PwC. Compl. ¶¶ 551, 669. That disclaimer is inconsistent with any allegation that PwC did not actually hold its audit opinions. *See Johnson*, 2016 WL 3654657, at *12 (amendment "would be futile" in light of identical fraud disclaimer as to Section 11 claim against auditor).

## II.     Plaintiff lacks standing to bring a Section 11 claim relating to the March 2015 stock offering.

For the reasons set forth in Part III of the Bank Offering Defendants' Reply Memorandum of Law, filed December 14, 2016, which PwC incorporates by reference herein, Plaintiff does not plausibly allege that it purchased shares in the March 2015 stock offering, and Plaintiff has abandoned any argument regarding the traceability of shares to that offering. Accordingly, the Court should also dismiss the claim against PwC for lack of standing.

## CONCLUSION

For all the foregoing reasons, this Court should apply controlling Supreme Court precedent and dismiss Count VII of the Complaint as to PwC with prejudice.

---

[8] Plaintiff's argument that PwC asks the Court to draw an inference in PwC's favor based on Valeant's restatement misses the point. Opp. at 140 n.73 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). First, the assertion that Carro provided incorrect information to PwC is not an "inference," but *Plaintiff's own allegation* (Compl. ¶ 41), drawn from the restatement on which Plaintiff heavily relies (*id.* ¶ 302, *passim*). *See Tellabs*, 551 U.S. at 322 (on Rule 12 "courts must consider . . . documents incorporated into the complaint by reference"). Second, PwC is not asking the Court to draw any inference, but instead pointing out the futility of any amendment. Finally, Plaintiff's argument that dismissal should be without prejudice because discovery might reveal information as to PwC, Opp. at 157 n.86, is inconsistent with the Private Securities Litigation Reform Act, which requires that a plaintiff plead a viable claim in advance of discovery. 15 U.S.C. § 78u-4(b)(3)(B).

Dated: December 14, 2016

Respectfully submitted,

CHIESA SHAHINIAN & GIANTOMASI PC

By:   /s/ A. Ross Pearlson
       A. Ross Pearlson
       James Van Splinter
       One Boland Drive
       West Orange, NJ 07052
       Telephone: (973) 530-2100
       Facsimile: (973) 530-2300

KING & SPALDING LLP

James J. Capra, Jr. (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Facsimile:  (212) 556-2222

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*