UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>All Actions. | No. 3:15-CV-07658-MAS-LHG |

## PRICEWATERHOUSECOOPERS LLP'S AMENDED ANSWER AND DEFENSES TO CONSOLIDATED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8, Defendant PricewaterhouseCoopers LLP ("PwC") submits the following Answer, including Defenses, to the Consolidated Complaint ("Complaint") [Dkt. No. 80].

## PRELIMINARY STATEMENT

Only one plaintiff, the City of Tucson ("Plaintiff"), asserts one claim against PwC under Section 11 of the 1933 Securities Act, which is among the "Securities Act Claims" set forth in a separate section of the Complaint (the "Securities Act Complaint") from the section for claims under the 1934 Exchange Act. That claim is set forth in Count VII of the Complaint, paragraphs 669-712, which incorporates by reference paragraphs 551-571. Accordingly, PwC responds to paragraphs 551-571 and 669-712, as well as paragraphs 729-734, which set forth class action allegations applicable to Count VII. PwC does not respond to the portion of the Complaint that relates to claims under the Exchange Act (¶¶ 1-550) or to counts of the Security Act Complaint asserted against other defendants, namely, Counts III-VI (¶¶ 572-668) (which have been dismissed by Order dated April 28, 2017) and Counts VIII-IX (¶¶ 713-728). PwC's response to the applicable allegations is set forth below.

## ANSWER TO ALLEGATIONS OF SECURITIES ACT COMPLAINT (COUNT VII)

PwC responds to the allegations of Count VII of the Securities Act Complaint as follows:

551.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.  The remaining allegations set forth in paragraph 551 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 551 and denies that Plaintiff has stated any claim against PwC under Section 11 of the Securities Act or otherwise.

552.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.  The remaining allegations set forth in paragraph 552 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 552.

553.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.  PwC is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 553, except PwC admits that Pearson and Schiller participated in the preparation of filings in connection with this offering, and PwC admits, upon information and belief, that Pearson and Schiller participated in conference calls and meetings related to the March 2015 Stock Offering and participated in hiring underwriters in connection with this offering.

554.    PwC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 554, except PwC admits that, on information and

belief, Valeant raised money from the sale of securities and used certain proceeds to fund corporate acquisitions, and PwC refers to Pearson's and Schiller's respective employment agreements for a description of their terms.

555.    The allegations set forth in paragraph 555 are not directed at PwC, such that that no response is required.  To the extent a response may be deemed required, PwC is without knowledge or information sufficient to form a belief as to the truth of these allegations, except PwC admits that certain underwriters participated in the sale of the securities sold in the March 2015 Stock Offering.

556.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.

557.    PwC denies the allegations set forth in paragraph 557, except PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "purchased Valeant stock in the March 2015 Stock Offering described below from the Securities Act Defendants traceable to the registration statement and by means of the prospectus."

558.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.  As to the remaining allegations, PwC admits that Valeant is a corporation with its United States headquarters in this District and that Valeant completed a registered offering of 7,286,432 shares of common stock at a price of $199 per share for aggregate gross proceeds of approximately $1.45 billion pursuant to the March 2015 Stock Offering Materials. PwC otherwise denies the allegations of paragraph 558.

559.   PwC admits that Pearson was Valeant's CEO and served on Valeant's Board of Directors.  PwC admits that Pearson signed Valeant's June 10, 2013 shelf registration statement and prospectus ("Registration Statement") and Valeant's 2014 Form 10-K.  PwC admits that Valeant completed a registered offering of 7,286,432 shares of common stock at a price of $199 per share pursuant to the March 2015 Stock Offering Materials, and that the referenced Prospectus Supplement incorporated by reference Valeant's 2014 Form 10-K. PwC is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 559.

560.   PwC admits that Schiller was an Executive Vice President and CFO of Valeant and served on Valeant's Board of Directors.  PwC admits that Schiller signed Valeant's Registration Statement and 2014 Form 10-K.  PwC is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 560.

561.   PwC admits the allegations set forth in paragraph 561.

562.   Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.  As to the March 2015 Stock Offering, the allegations set forth in paragraph 562 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 562.

563.   PwC admits that it served as Valeant's independent auditor at the time of the March 2015 Stock Offering and continues to do so today.  PwC admits that Valeant's 2014 Form 10-K included PwC's Report of Independent Registered Accounting Firm ("PwC's Audit Report") relating to Valeant's financial statements, financial statement schedule, and the

effectiveness of Valeant's internal control over financial reporting for the year ended December 31, 2014.  PwC admits that it consented to the incorporation by reference of that Audit Report in the March 2015 Prospectus Supplement.  PwC admits that it was paid approximately $13.4 million, $12.6 million, and $19.9 in audit fees in connection with its 2013, 2014, and 2015 audits, respectively.  PwC otherwise denies the allegations of paragraph 563, including but not limited to denying Plaintiff's characterizations of PwC's Audit Report as "certif[ying] Valeant's 2014 10-K."

564.    The allegations set forth in paragraph 564 are not directed at PwC, such that no response is required.  To the extent a response may be deemed required, PwC admits that HSBC Securities (USA) Inc. ("HSBC"); Mitsubishi UFJ Securities (USA), Inc. ("MUFJ"); DNB Markets Inc. ("DNB Markets"); Barclays Capital, Inc. ("Barclays"); Morgan Stanley & Co. LLC ("Morgan Stanley"); RBC Capital Markets; and SunTrust Robinson Humphrey, Inc. ("SunTrust") (collectively, the "Stock Underwriter Defendants") served as underwriters in connection with the March 2015 Stock Offering.

565.    The allegations set forth in paragraph 565 are not directed at PwC, such that no response is required.  To the extent a response may be deemed required, PwC admits that the Stock Underwriter Defendants served as underwriters in connection with the March 2015 Stock Offering.  PwC is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 565.

566.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.

5

567.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.  As to the remaining allegations, PwC admits that the Stock Underwriter Defendants served as underwriters in connection with the March 2015 Stock Offering.

568.    Paragraph 568 contains no factual allegations and requires no response.

569.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.

570.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.

571.    Plaintiffs' claims concerning four alleged debt "offerings" are directed to defendants other than PwC and have been dismissed by Order dated April 28, 2017, such that no response to those allegations is required.

[For the reasons given above, PwC is not responding to paragraphs 572-668 of the Complaint.]

669.    PwC repeats and re-alleges its responses to Paragraphs 551-571 as if fully set forth herein.

670.    The allegations set forth in paragraph 670 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff

purchased Valeant common stock in the March 2015 Stock Offering and otherwise denies the allegations set forth in paragraph 670.

671.    PwC admits that on March 16, 2015, Valeant announced a $1.45 billion offering of its common shares, that on March 17, 2017 Valeant announced that it would issue 7,286,432 common shares at a price of $199.00 per share and that it intended to use proceeds of the offering to fund the purchase of Salix and related costs, and that Valeant made certain SEC filings in connection with its March 2015 offering.  PwC admits that the March 2015 Stock Offering was conducted pursuant to the March 2015 Stock Offering Materials.  PwC otherwise denies  the allegations set forth in paragraph 671.

672.    PwC admits that Valeant filed the June 2013 Registration Statement and that it had 23 pages, including an exhibit index and excluding exhibits, cover pages, and a table of contents.  PwC admits that the allegations set forth in paragraph 672 accurately quote a portion of the June 2013 Registration Statement.  PwC admits that Valeant's 2012 financial statements showed, among other things, approximately $3.5 billion in annual revenues and approximately $11 billion in long-term debt.  PwC otherwise denies the allegations set forth in paragraph 672.

673.    PwC admits that Valeant filed the March 2015 Prospectus Supplement on March 16, 2015 and that it filed the June 2013 Registration Statement on June 10, 2013.  PwC admits that the allegations set forth in paragraph 673 accurately quote a portion of the March 2015 Prospectus Supplement (subject to the alterations noted in brackets).  PwC admits that Valeant's 2014 10-K reported total annual revenues of approximately $8.3 billion and reported that it had approximately 16,800 employees.  PwC otherwise denies the allegations of paragraph 673.

674.    PwC admits that Valeant filed the March 2015 Prospectus Supplement and that it contained  additional  new  information  as  compared  to  the  June  2013  Registration  Statement.

PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation as to what information investors may deem "fundamental to assessing the value of the March 2015 Stock Offering." PwC otherwise denies the allegations of paragraph 674, including but not limited to characterizations of information contained in the March 2015 Prospectus Supplement.

675. PwC admits the allegations set forth in paragraph 675.

676. PwC admits, on information and belief, that on March 27, 2015 Valeant issued 7,286,432 shares of Valeant common stock and that the March 2015 Prospectus Supplement identified the Stock Underwriter Defendants as underwriters associated with this offering, the number of shares each underwriter had agreed to purchase, and underwriting discounts and commissions. PwC is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 676.

677. The allegations set forth in paragraph 677 purport to state legal conclusions to which no response is required. To the extent a response is required, PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff "purchased shares of Valeant common stock in the March 2015 Stock Offering pursuant to the March 2015 Stock Offering Materials," and PwC otherwise denies the allegations set forth in paragraph 677.

678. PwC admits that Valeant issued the March 2015 Stock Offering Materials. PwC admits that the allegations set forth in paragraph 678(a) and 678(c) accurately quote portions of the March 2015 Stock Offering Materials, but denies that the original document quoted is in bold font or otherwise emphasized. PwC denies that the allegations set forth in paragraph 678(b) accurately quote portions of the March 2015 Stock Offering Materials. PwC otherwise denies the allegations set forth in paragraph 678.

679.    PwC denies the allegations set forth in paragraph 679, except PwC admits that Valeant issued the March 2015 Stock Offering Materials and PwC admits that the allegations accurately quote portions of the March 2015 Stock Offering Materials (subject to the alterations noted in brackets).

680.    PwC admits that Valeant's 2014 Form 10-K was incorporated by reference in the March 2015 Prospectus Supplement and included certain statements and SOX certifications by members of Valeant's management, but PwC denies Plaintiff's characterizations of those statements.

681.    The allegations set forth in paragraph 681 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 681.

682.    The allegations set forth in paragraph 682 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC admits that the allegations set forth in paragraph 682 accurately quote portions of 17 C.F.R. §229.303.

683.    The allegations set forth in paragraph 683 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 683.

684.    The allegations set forth in paragraph 684 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies that the allegations set forth in paragraph 684 accurately cite Item 503 of SEC Regulation S-K, which is set forth at 17 C.F.R. § 229.503 (not § 299.503), but admits that the allegations accurately quote a portion of Item 503 of SEC Regulation S-K.  PwC otherwise denies the allegations set forth in paragraph 684.

685.    The allegations set forth in paragraph 685 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 685.

686.    PwC admits that it served as Valeant's independent auditor during the Class Period and continues to do so today.  PwC admits that Valeant's 2014 Form 10-K was incorporated by reference in the March 2015 Prospectus Supplement; that Valeant's 2014 Form 10-K included PwC's Audit Report relating to Valeant's financial statements, financial statement schedule, and the effectiveness of Valeant's internal control over financial reporting for the year ended December 31, 2014; and that PwC consented to the incorporation by reference of that Audit Report in the March 2015 Prospectus Supplement.  PwC otherwise denies the allegations set forth in paragraph 686, including but not limited to denying that PwC "certified Valeant's financial statements."

687.    PwC admits that PwC audited, and that Valeant restated, Valeant's consolidated financial statements for the year ended December 31, 2014, and that Valeant and its Audit and Risk Committee concluded that material weaknesses in the Company's internal control over financial reporting existed, as set forth in Valeant's 2015 Form 10-K.  PwC admits that Valeant's 2015 Form 10-K reported a reduction of previously-reported revenue by approximately $58 million, previously-reported net income by approximately $33 million, and basic and diluted earnings per share by $0.09.  PwC otherwise denies the allegations set forth in paragraph 687.

688.    The allegations set forth in paragraph 688 purport to characterize auditing standards and the purpose of an audit, and thus do not constitute factual allegations to which a response is required.  To the extent a response may be deemed required, PwC admits that the objective of the ordinary audit of financial statements by the independent auditor is the

10

expression of an opinion on the fairness with which they present, in all material respects, financial position, results of operations, and its cash flows in conformity with generally accepted accounting principles.  PwC admits that the American Institute of Certified Public Accountants ("AICPA") and Public Company Accounting Oversight Board ("PCAOB") have issued auditing standards.  PwC admits that, in accordance with PCAOB auditing standards, PwC issued an Audit Report relating to Valeant's financial statements, financial statement schedule, and the effectiveness of Valeant's internal control over financial reporting for the year ended December 31, 2014.  With respect to the allegations set forth in footnote 90 of paragraph 688, PwC admits that they accurately quote a portion of AICPA Statement on Standards for Consulting Services No. 1, but denies that this standard applied to PwC's audit and denies that this standard contains the definition of "attest" that is set forth in the footnote.  PwC otherwise denies the allegations set forth in paragraph 688.

689.    The allegations set forth in paragraph 689 purport to characterize auditing standards, and thus do not constitute factual allegations to which a response is required.  To the extent a response may be deemed required, PwC admits that the allegations set forth in paragraph 689 accurately quote portions of AU § 110 and AU § 230.  PwC otherwise denies the allegations set forth in paragraph 689, including but not limited to denying that the quoted portion of AU § 150 was the applicable standard in place at the time of PwC's 2014 audit.

690.    The allegations set forth in paragraph 690 purport to characterize auditing and accounting standards, and thus do not constitute factual allegations to which a response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 690, except PwC admits that the allegations set forth in footnote 91 of paragraph 690 accurately quote a portion of the Statement of Financial Accounting Concepts No. 8.

691.    PwC admits that Valeant restated its audited consolidated financial statements for the year ended December 31, 2014, and that Valeant and its Audit and Risk Committee concluded that material weaknesses in the Company's internal control over financial reporting existed, as set forth in Valeant's 2015 Form 10-K.  PwC admits that Valeant's 2015 Form 10-K reported a reduction of previously-reported revenue by approximately $58 million, previously-reported net income by approximately $33 million, and basic and diluted earnings per share by $0.09.  PwC otherwise denies the allegations set forth in paragraph 691.

692.    PwC admits that it provided a 2014 Audit Report.   PwC admits that the allegations set forth in paragraph 692 accurately quote portions of its 2014 Audit Report, but denies that the quoted portions are "actionable statements."

693.    The allegations set forth in the text of paragraph 693 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies that its Audit Report contained any untrue statements of material fact and/or omitted to state material facts.  With respect to the allegations set forth in footnote 92, PwC admits that, on March 21, 2016, Valeant filed a Form 8-K stating that Valeant and its Audit and Risk Committee had concluded that certain of the Company's previously-issued audited and unaudited financial statements should no longer be relied upon.  PwC otherwise denies the allegations set forth in footnote 92.  With respect to the allegations set forth in footnote 93, PwC admits that Valeant disclosed material weaknesses in its internal control over financial reporting in its 2015 Form 10-K, filed on April 29, 2016.  PwC otherwise denies the allegations set forth in footnote 93.

694.    PwC admits that Valeant filed its 2015 Form 10-K on April 29, 2016.  PwC otherwise denies the allegations set forth in paragraph 694.

695.    PwC admits that Valeant's 2015 Form 10-K reported a reduction of previously-reported revenue by approximately $58 million, and basic and diluted earnings per share by $0.09.  PwC otherwise denies the allegations set forth in paragraph 695.

696.    PwC admits that, prior to PwC's provision of its 2014 Audit Report, PwC was aware of Valeant's December 15, 2014 purchase option agreement to acquire Philidor.  PwC otherwise denies the allegations set forth in paragraph 696.

697.    PwC denies the allegations set forth in paragraph 697, except PwC admits that the allegations set forth in paragraph 697 accurately quote portions of the referenced auditing standards.

698.    PwC denies the allegations set forth in paragraph 698, except PwC admits that the allegations set forth in paragraph 698 accurately quote a portion of the referenced auditing standard (subject to the alterations noted in brackets).

699.    PwC admits that, in June 2014, the PCAOB issued Auditing Standard No. 18 ("Related Parties").  PwC admits that the allegations set forth in paragraph 699 accurately quote a portion of AS 18 and accurately quote a portion of PCAOB Release No. 2014-002.  PwC otherwise denies the allegations set forth in paragraph 699.

700.    PwC denies the allegations set forth in paragraph 700.

701.    PwC denies the allegations set forth in paragraph 701, except PwC admits that it was required to conduct its audits in accordance with the applicable standards of the Public Company Accounting Oversight Board and admits that the allegations set forth in paragraph 701 accurately quote a portion of AS 5.

702.    PwC admits that the allegations set forth in paragraph 702 accurately quote a portion of AS 5.

703.     PwC denies the allegations set forth in paragraph 703, except PwC admits that Valeant and its Audit and Risk Committee concluded that material weaknesses in the Company's internal control over financial reporting existed that contributed to misstatements in certain of Valeant's consolidated audited and unaudited financial statements, as set forth in Valeant's 2015 Form 10-K.

704.     PwC denies the allegations set forth in paragraph 704, except PwC admits that Valeant's 2014 Form 10-K included PwC's Audit Report and that the 2014 Form 10-K was incorporated by reference in the March 2015 Stock Offering Materials.

705.     PwC denies the allegations set forth in paragraph 705.

706.     PwC admits that the allegations set forth in paragraph 706 accurately quote a portion of its March 13, 2015 consent, but PwC denies that its consent was an "actionable statement."

707.     PwC denies the allegations set forth in paragraph 707.

708.     The allegations set forth in paragraph 708 purport to state legal conclusions to which no response is required. To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 708.

709.     PwC admits that it consented to the incorporation by reference in Valeant's March 2015 Prospectus Supplement of PwC's Audit Report and that Valeant's Prospectus Supplement refers to PwC as "experts in auditing and accounting."  PwC otherwise denies the allegations set forth in paragraph 709.

710.     The allegations set forth in paragraph 710 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 710.

711.    The allegations set forth in paragraph 711 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 711.

712.    The allegations set forth in paragraph 712 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Tucson purchased stock in the March 2015 Stock Offering, and PwC otherwise denies the allegations set forth in paragraph 712.

[For the reasons given above, PwC is not responding to paragraphs 713-728 of the Complaint.]

729.    The allegations set forth in paragraph 729 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC is without knowledge or information sufficient to form a belief as to the truth of the allegation that Tucson purchased Valeant's stock in the March 2015 Stock Offering and PwC otherwise denies the allegations set forth in paragraph 729.

730.    The allegations set forth in paragraph 730 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC admits that Valeant stock trades on the NYSE and that, according to Valeant's 2015 10-K, the number of outstanding shares of common stock as of April 22, 2016 was 343,019,770.  PwC otherwise denies the allegations set forth in paragraph 730.

731.    The allegations set forth in paragraph 731 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 731.

732.    The allegations set forth in paragraph 732 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 732.

733.    The allegations set forth in paragraph 733 purport to state legal conclusions to which no response is required.  To the extent a response may be deemed required, PwC denies the allegations set forth in paragraph 733.

## PLAINTIFF'S PRAYER FOR RELIEF

PwC denies that Plaintiff is entitled to any relief against PwC.

734.    PwC admits that Plaintiffs have demanded a jury trial.

## GENERAL DENIAL

To the extent not specifically admitted above, including (but not limited to) every instance where PwC is without knowledge or information sufficient to form a belief as to the truth of the allegations, PwC denies all allegations of the Complaint, including those in paragraphs 1-550, 572-668, 713-728, and all headings and legal conclusions, to the extent they may be deemed allegations.  Any allegation which PwC admits is admitted only as to the specific facts admitted, and not as to any characterization, implication, speculation, or conclusion contained therein or in the Complaint as a whole.  Further, in each case where PwC admits that Plaintiffs have accurately quoted a portion of a document, PwC does not thereby admit any allegation concerning the document's application, any characterization of the document or portion thereof, or that the selective quotation fairly represents the document as a whole.

## AFFIRMATIVE AND OTHER DEFENSES

PwC will rely on all defenses lawfully available to it at the time of trial and reserves the right to amend its Affirmative and Other Defenses, if necessary, if discovery in this action makes

known facts that support such defenses.  PwC also incorporates by reference any and all other defenses asserted by any other defendants to the extent those defenses are applicable to PwC.  By virtue of alleging these defenses, PwC does not adopt or assume any burden of proof, persuasion, or production not otherwise legally assigned to it, and PwC does not concede that facts contrary to one or more of the averments below would support liability as to PwC.

## FIRST DEFENSE

The Complaint fails to state any claim against PwC upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to assert its claim against PwC.

## THIRD DEFENSE

Plaintiff's claim is barred in whole or part because, in PwC's 2014 Audit Report incorporated by reference in the March 2015 Stock Offering Documents, PwC did not make any statements that were false or misleading when made or omit to state any material facts that were necessary in order to make any statement made therein not false or misleading.

## FOURTH DEFENSE

Plaintiff's claim is barred in whole or part because, in Valeant's 2014 audited financial statements and in PwC's 2014 Audit Report incorporated by reference in the March 2015 Stock Offering Documents, the statements challenged by Plaintiff were matters of opinion that, at the time those statements were made, were genuinely believed by the speaker.

## FIFTH DEFENSE

Plaintiff's claim is barred in whole or part because, in Valeant's 2014 audited financial statements and in PwC's 2014 Audit Report incorporated by reference in the March 2015 Stock Offering Documents, any alleged misrepresentations or omissions were not material.

**SIXTH DEFENSE**

Plaintiff's claim is barred in whole or part because, as to Valeant's 2014 audited financial statements and PwC's 2014 Audit Report incorporated by reference in the March 2015 Stock Offering Documents, PwC, after reasonable investigation, had reasonable grounds to believe and did believe, at the time such part of these Offering Documents became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statement therein not misleading.

**SEVENTH DEFENSE**

Plaintiff's claim is barred in whole or part because any alleged damages were not proximately caused by any alleged misrepresentations or omissions in Valeant's 2014 audited financial statements or in PwC's 2014 Audit Report incorporated by reference in March 2015 Stock Offering Documents.

**EIGHTH DEFENSE**

Plaintiff's claim is barred in whole or part because, in acquiring Valeant's stock, Plaintiff did not rely upon, nor was it misled by, any alleged misrepresentations or omissions in Valeant's 2014 audited financial statements or in PwC's 2014 Audit Report incorporated by reference in the March 2015 Stock Offering Documents.

**NINTH DEFENSE**

Plaintiff's claim is barred in whole or part by the safe harbor provisions of the Private Securities Litigation Reform Act of 1995 or the bespeaks caution doctrine.

**TENTH DEFENSE**

Plaintiff's claim is barred in whole or part because any alleged damages were the result of intervening or superseding events, acts, or omissions of other parties, or industry or market conditions over which PwC had no control and for which PwC cannot be held liable to Plaintiff.

## ELEVENTH DEFENSE

PwC is not liable under Section 11 of the 1933 Securities Act for damages in excess of the price at which the shares were offered.

## TWELFTH DEFENSE

PwC is entitled to recover contribution and/or indemnification from others for any liability it incurs.

## THIRTEENTH DEFENSE

This case should not be certified as a class action because the class as alleged by Plaintiff does not satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

## FOURTEENTH DEFENSE

Plaintiff's claim is barred in whole or part by one or more of the doctrines of acquiescence, consent, estoppel, ratification, unclean hands, or waiver.

## FIFTEENTH DEFENSE

Any damages sustained by Plaintiff must be reduced, diminished, and/or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than PwC, including Plaintiff, under the principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility, comparative fault, and failure to mitigate damages.

## SIXTEENTH DEFENSE

Plaintiff's claim is barred in whole or part to the extent Plaintiff's purchases were not domestic transactions as required by *Morrison v. National Australia Bank Ltd.*, 561 U.S. 247 (2010).

## SEVENTEENTH DEFENSE

Plaintiff's claim against PwC is barred, in whole or in part, by the applicable statutes of limitations and/or statutes of repose.

### EIGHTEENTH DEFENSE

Plaintiff's claim is barred in whole or part to the extent that it relates to alleged misstatements or omissions that were neither made by PwC nor contained within Valeant's 2014 audited financial statements incorporated by reference in the March 2015 Stock Offering Documents.

### NINETEENTH DEFENSE

Plaintiff's claim is barred in whole or part because at the time Plaintiff acquired Valeant's stock, it knew or should have known of any alleged untrue statement of material fact, or of any alleged omission of a material fact required to be stated or necessary to make the statement therein not misleading, in Valeant's 2014 audited financial statements or in PwC's 2014 Audit Report incorporated by reference in the March 2015 Stock Offering Documents.

### TWENTIETH DEFENSE

PwC adopts and incorporates by reference herein any applicable affirmative or other defenses asserted or to be asserted by any of the other defendants to the extent that PwC may share in such a defense.

### TWENTY-FIRST DEFENSE

PwC reserves the right to raise any additional defenses, cross-claims, and third-party claims, not asserted herein of which it may become aware through discovery or other investigation, as may be appropriate at a later time.

**WHEREFORE**, PwC prays for relief and judgment:

A.  Denying Plaintiff the relief sought in the Complaint;

B.  Dismissing the Complaint with prejudice;

C.  Ordering that Plaintiff take nothing and that judgment be entered against Plaintiff;

D.  Awarding PwC costs and expenses, including attorneys' and expert fees; and

E.  Granting such other and further relief as the Court may deem just and proper.

Dated:    August 18, 2017

CHIESA SHAHINIAN & GIANTOMASI PC

By:    /s/ A. Ross Pearlson
        A. Ross Pearlson
        James Van Splinter
        One Boland Drive
        West Orange, NJ 07052
        Telephone: (973) 530-2100
        Facsimile: (973) 530-2300

KING & SPALDING LLP

        James J. Capra, Jr. (admitted *pro hac vice*)
        1185 Avenue of the Americas
        New York, NY 10036-4003
        Telephone:  (212) 556-2100
        Facsimile:  (212) 556-2222

        Kenneth Y. Turnbull (admitted *pro hac vice*)
        1700 Pennsylvania Avenue, NW
        Washington, DC 20006-4707
        Telephone:  (202) 737-0500
        Facsimile:  (202) 626-3737

        *Attorneys for Defendant*
        *PricewaterhouseCoopers LLP*