**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Civil Action No. 15-7658 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Deborah Jorn's ("Jorn") Motion for Reconsideration. (ECF No. 220.) Plaintiffs the City of Tucson, together with and on behalf of the Tucson Supplemental Retirement System (the "City of Tucson") and Lead Plaintiff Teachers Insurance and Annuity Association of America-College Retirement Equities Fund ("TIAA-CREF") (collectively, "Plaintiffs") filed opposition. (ECF No. 224.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court DENIES Jorn's Motion for Reconsideration.

**I.    Background**

This securities class action is brought on behalf of purchasers of Valeant equity securities and senior notes between January 4, 2013 and March 15, 2016 (the "Class" and the "Class Period," respectively), alleging nine counts pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, and the Securities Act. (Compl. ¶ 1, ECF No. 80.) The Complaint alleges that Valeant engaged in deceptive practices, which Defendants concealed through materially false and misleading statements and omissions. (*Id.* ¶¶ 7-17.) Once Valeant's deceptive practices were disclosed to the

public, Valeant's stock price fell dramatically. (*Id.* ¶¶ 18-26.) Plaintiffs now seek compensatory damages, rescission, and litigation costs and attorneys' fees against Defendants.[1] (*Id.* at 279-80.)

In response to the Complaint, Defendants filed six motions to dismiss, one of which was filed by Jorn. (*See* Jorn's Mot. to Dismiss, ECF No. 169.) In its April 28, 2017 decision, the Court denied Jorn's motion to dismiss. (*See generally* Apr. 28, 2017 Mem. Op., ECF No. 216.) Jorn now seeks reconsideration of the Court's denial of her motion to dismiss. (Jorn's Mot., ECF No. 220.)

## II. Legal Standard

Reconsideration under Local Civil Rule 7.1 is an extraordinary remedy that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002). A motion for reconsideration may be based on one of three separate grounds: (1) an intervening change in controlling law; (2) new evidence not previously available; or (3) to correct a clear error of law or to prevent manifest injustice. *See id.* A motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the original decision was made. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to ask the Court to rethink what it has already thought through. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked." *Id.* (quoting *Resorts Int'l v. Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

---

[1] The Court adopts the definition for "Defendants" set forth in the April 28, 2017 Memorandum Opinion. (*See* Apr. 28, 2017 Mem. Op. 2 n.1, ECF No. 216.)

### III. Analysis

Jorn argues that "[t]he Court committed a clear error of law by overlooking Third Circuit precedent requiring that a plaintiff must specifically plead that the named defendant is individually associated with the alleged fraud." (Jorn's Moving Br. 5, ECF No. 220-1.) According to Jorn, the Complaint does not adequately plead scienter specifically with respect to Jorn and that the Court's April 28, 2017 Memorandum Opinion did not specifically address Jorn. (*Id.* at 7-13.)

Upon review of the parties' submissions, however, the Court disagrees with Jorn. First, all of Jorn's substantive arguments on her Motion for Reconsideration have already been raised with respect to her underlying motion to dismiss. (*See* Jorn's Mot. to Dismiss.) Accordingly, Jorn's arguments amount to a mere disagreement with the Court's decision, which is inappropriate for reconsideration. Additionally, Jorn appears to argue that the Court overlooked controlling precedent because it did not consider Jorn's specific scienter when deciding the six motions to dismiss in its April 28, 2017 Memorandum Opinion. The Court disagrees. The Court properly relied on controlling precedent when deciding Jorn's motion to dismiss and applied the relevant legal standards to Jorn. *See Cap. Inv. Funding, LLC v. Lancaster Grp. LLC*, No. 08-4714, 2015 U.S. Dist. LEXIS 136033, at *7 (D.N.J. Oct. 6, 2015) ("The fact that an issue was not explicitly mentioned by the court does not on its own entail that the court overlooked the matter in its initial consideration." (citation omitted)). Accordingly, the Court does not find that it committed a clear error of law or overlooked controlling authority in deciding Jorn's motion to dismiss.

## IV. Conclusion

For the reasons stated above, the Court DENIES Jorn's Motion for Reconsideration. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: September 5, 2017