ANDREW J. ENTWISTLE
aentwistle@entwistle-law.com
VINCENT R. CAPPUCCI (*Pro Hac Vice* forthcoming)
vcappucci@entwistle-law.com
ARTHUR V. NEALON (*Pro Hac Vice* forthcoming)
anealon@entwistle-law.com
ROBERT N. CAPPUCCI
rcappucci@entwistle-law.com
ENTWISTLE & CAPPUCCI LLP
299 Park Avenue, 20th Floor
New York, NY  10171
Telephone:  (212) 894-7200
Facsimile:  (212) 894-7272

CHRISTOPHER W. KINUM
CRITCHLEY, KINUM & DENOIA LLC
75 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 422-9200
cwkinum@critchleylaw.com
*Local Counsel for Plaintiff Timber Hill LLC*

MARC M. SELTZER (*Pro Hac Vice* submitted)
mseltzer@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150
*Attorneys for Plaintiff Timber Hill LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TIMBER HILL LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN and TANYA CARRO,<br><br>Defendants. | Case No.  3:18-cv-10246-MAS-LHG<br><br>CLASS ACTION<br><br>**MEMORANDUM IN SUPPORT OF MOTION OF TIMBER HILL LLC FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF LEAD COUNSEL AND CONSOLIDATION OF FUTURE RELATED ACTIONS ON BEHALF OF DERIVATIVES INVESTORS**<br><br>Motion Date: September 17, 2018 |
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>-----------------------------------------------------<br>This Document Relates To:<br><br>ALL ACTIONS | Master No. 3:15-cv-07658-MAS-LHG<br><br>CLASS ACTION |

EC.00090794.1

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ................................................................................................... 1

II. TIMBER HILL SHOULD BE APPOINTED LEAD PLAINTIFF ........................ 5

    A. The PSLRA Standard For Appointment Of Lead Plaintiff ....................... 5

    B. Timber Hill Has Satisfied The PSLRA Requirements And Should Be Appointed Lead Plaintiff ............................................................................ 7

        1. This Motion Is Timely And Proper ................................................. 7

        2. Timber Hill Believes It Has The Largest Financial Interest In The Relief Sought By The Class ............................................................. 8

        3. Timber Hill Satisfies Fed. R. Civ. P. 23 ......................................... 10

III. TIMBER HILL'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED ............... 13

IV. THE COURT SHOULD ORDER CONSOLIDATION OF ALL FUTURE RELATED DERIVATIVE SECURITIES ACTIONS .......................................... 14

# **TABLE OF AUTHORITIES**

**Cases**

*Hassine v. Jeffes*,
    846 F.2d 169 (3d Cir. 1988) .................................................................................. 11, 12

*In re Able Labs. Sec. Litig.*,
    425 F. Supp. 2d 562 (D.N.J. 2006) ............................................................................... 9

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) ....................................................................... 9, 10, 11, 12

*In re Lucent Techs., Inc. Sec. Litig.*,
    307 F. Supp. 2d 633 (D.N.J. 2004) ............................................................................. 11

*In re Schering-Plough Corp./Enhance Sec. Litig.*,
    No. 8-397 (DMC)(JAD), 2012 WL 4482032 (D.N.J. Sept. 25, 2012) ....................... 11

*Smith v. Antares Pharma, Inc.*,
    No. 17-8945 (MAS)(DEA), 2018 WL 3611067 (D.N.J. July 27, 2018) ...................... 9

**Statutes**

15 U.S.C. § 78u-4(a)(1) ....................................................................................................... 6

15 U.S.C. § 78u-4(a)(3)(A)(i) .......................................................................................... 6, 8

15 U.S.C. § 78u-4(a)(3)(A)(i)(I) .......................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ......................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B) ............................................................................................ 6, 10

15 U.S.C. § 78u-4(a)(3)(B)(i) .......................................................................................... 4, 6

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................ 4, 9

15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa) ...................................................................................... 8

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................................... 4, 7, 10

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) .................................................................................. 9

15 U.S.C. § 78u-4(a)(3)(B)(v) ............................................................................................ 13

15 U.S.C. § 78u-4(b)(3)(B) .................................................................................................. 1

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995),
  reprinted in 1995 U.S.C.C.A.N. 730 (1995) .............................................................................. 13

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................................. 7, 12

Fed. R. Civ. P. 23(a) ........................................................................................................................ 10

Fed. R. Civ. P. 23(a)(3) .................................................................................................................... 11

Fed. R. Civ. P. 23(a)(4) .............................................................................................................. 11, 12

Plaintiff Timber Hill LLC ("Timber Hill") respectfully submits this memorandum of points and authorities in support of its motion pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(b)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for the entry of an Order: (1) appointing Timber Hill as Lead Plaintiff for a proposed class (the "Derivatives Class") consisting of: purchasers of call options on Valeant Pharmaceuticals International, Inc. ("Valeant") common stock and sellers of put options on Valeant common stock during the period January 4, 2013 through August 11, 2016, inclusive (the "Class Period"); (2) approving Timber Hill's selection of Entwistle & Cappucci LLP ("Entwistle & Cappucci") and Susman Godfrey L.L.P. ("Susman Godfrey") to serve as Co-Lead Counsel for the Derivatives Class; and (3) consolidating any subsequently filed, removed or transferred related actions on behalf of derivative securities investors under the caption *In re Valeant Pharmaceuticals International, Inc. Derivatives Litigation*.

**I.     INTRODUCTION**

At the time of this filing, Timber Hill's action, captioned *Timber Hill LLC v. Valeant Pharmaceuticals International, Inc.*, Case No. 3:18-cv-10246-MAS-LHG (the "Derivatives Action"), has been consolidated with *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, Case No. 3:15-cv-07658-MAS-LHG (the "Stock and Senior Note Purchaser Action"). Currently pending before the Court is Timber Hill's motion for relief from consolidation. ECF No. 322. In its motion for relief, Timber Hill respectfully requests that the Court allow the Derivatives Action to continue as a separate action. In the instant motion, Timber Hill seeks an order appointing it as Lead Plaintiff for the proposed Derivatives Class, approval of its selection of Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel, and such other relief as the

Court may deem just and proper. TIAA argues in its August 6, 2018 letter to the Court that this motion is premature because the Court has not yet acted on Timber Hill's motion regarding consolidation of the cases, but in light of the statutory deadlines for this motion, Timber Hill was constrained to file this motion at this time.

On June 24, 2016, TIAA, Lead Plaintiff in the Stock and Senior Note Purchaser Action, filed its consolidated complaint on behalf of "***purchasers of Valeant equity securities and senior notes***" against Valeant and related defendants,[1] alleging that the defendants violated the federal securities laws by making false and misleading statements concerning: (i) Valeant's business strategy and financial results; (ii) Valeant's relationship with entities over which Valeant purported to have limited or no control; (iii) the adequacy of Valeant's internal controls; and (iv) Valeant's commitment to compliance with governing laws and regulations. ECF No. 79, at ¶¶ 132-301. Following extensive briefing, on April 28, 2017, the Court denied in large part defendants' motions to dismiss TIAA's claims. ECF No. 217.

In its prior filings, TIAA did not seek to represent persons or entities that purchased or sold options on Valeant common stock. In fact, TIAA's own PSLRA certification omits any reference to derivative securities investors, or its investments in Valeant derivative securities.[2] The class of call option purchasers and put option sellers Timber Hill seeks to represent simply does not fall within TIAA's stated class definition.

---

[1] The other defendants are J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello, Deborah Jorn, Ari S. Kellen and Tanya Carro.

[2] *See* ECF No. 22-1, at 8 (discussing TIAA losses from purchases of stock); ECF No. 22-3 (Robbins Geller Notice announcing lawsuit on behalf of purchasers of Valeant stock); ECF No. 22-4 (Robbins Geller Certification containing only common stock transactions); ECF No. 22-5 (TIAA loss analysis from common stock trades); ECF No. 22-6 (TIAA Declaration In Support of Motion for appointment as Lead Plaintiff stating "TIAA purchased hundreds of millions of Valeant [] stock during the Class Period); and ECF No. 80-2 (TIAA Certification filed with consolidated complaint reflecting common stock and note purchases.).

Accordingly, on June 6, 2018, Timber Hill filed its action in order to protect the interests of the Derivatives Class, encompassing all persons or entities that purchased call options and sold put options on Valeant common stock during the Class Period.  *See* Derivatives Action, ECF No. 1.

On June 8, 2018, TIAA filed a letter (Derivatives Action, ECF No. 3) requesting that the Derivatives Action be consolidated pursuant to the Court's May 31, 2016 Consolidation Order, which directs that subsequently filed securities class actions shall be consolidated "absent an order of the court."  ECF No. 67.  On June 11, 2018, the Court automatically consolidated Timber Hill's action with the Stock and Senior Note Purchaser Action.  As noted in TIAA's June 8, 2018 letter, the Consolidation Order permitted Timber Hill to object to consolidation within 10 days.

Subsequently, on June 18, 2018, Timber Hill filed its Motion for Relief from Consolidation Order, requesting that the Court coordinate, but not consolidate, the related actions.  ECF No. 322.  TIAA opposed Timber Hill's motion, for the first time taking the position that its proposed class consisting of  "***purchasers of Valeant equity securities and senior notes***" subsumed Timber Hill's class of call option purchasers and put option sellers.  ECF No. 323.

As noted by Timber Hill, TIAA's position is at odds with the allegations made in its consolidated complaint and its other filings, as well as the understanding of defendants.  ECF No. 322.  Indeed, TIAA's decision to represent solely a class of *purchasers*, by definition, excluded put option *sellers* who are members of Timber Hill's class.  TIAA, in an about face, now says the class it seeks to represent includes derivatives investors.  But that position is contrary to the prior PSLRA notices regarding the previously filed cases which referenced only Valeant common stock.  Further, TIAA's sworn certification only lists trades in Valeant common stock — in spite of TIAA now claiming to have made trades in options.

As indicated in Timber Hill's moving brief (ECF No. 322), TIAA's opposition to Timber Hill's request to coordinate, not consolidate, the actions is based largely on its attempt to recount the class definition to include options so that it can extinguish these meritorious claims. Derivatives Class members incurred significant harm when they purchased call options and sold put options at prices that did not reflect their true value. Specifically, as alleged in Timber Hill's complaint, defendants' misstatements and omissions of material facts caused the prices of Valeant call options to be artificially inflated during the Class Period and the prices of Valeant put options to be artificially deflated during the Class Period. Derivatives Action, ECF No. 1 at ¶ 14. In the absence of Timber Hill's action, those investor's claims would be lost.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether such movant has made a *prima facie* showing that it is a typical and adequate class representative under Fed. R. Civ. P. Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Timber Hill satisfies all of the statutory requirements for appointment as Lead Plaintiff for the Derivatives Class. Specifically, Timber Hill: (1) has timely filed this motion for appointment as Lead Plaintiff; (2) believes it has the largest financial interest in this litigation; and (3) will adequately represent the interests of the Derivatives Class since it satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23(a). *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). There is no question that Timber Hill's claims arising from purchases of Valeant call options and sales of Valeant put options are typical of those of other investors whose losses stem from purchases of Valeant call options and sales of Valeant put options, claims which were, presumably by design, excluded by TIAA in the Stock and Senior Note Purchaser Action. In addition, Timber Hill can

adequately represent the interests of the Derivatives Class since it has no conflicts with other class members, and has chosen highly qualified Lead Counsel who can vigorously pursue this litigation on behalf of the Derivatives Class.

As a large institutional investor, Timber Hill is an ideal Lead Plaintiff to represent the Derivatives Class. Timber Hill is a sophisticated institution that employs numerous investment professionals. Moreover, Timber Hill has previously participated in other complex securities litigation matters, and has served in a leadership role. In the present action, Timber Hill has committed the resources necessary to vigorously pursue claims on behalf of the Derivatives Class, and has been actively involved in this action since its inception. Among other things, Timber Hill has: (i) filed the only complaint on behalf of the Derivatives Class; (ii) filed a motion for relief from consolidation on behalf of the Derivatives Class; and (iii) opposed TIAA's attempts to consolidate and extinguish the claims of the Derivatives Class. Timber Hill's selection of Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel should likewise be approved by the Court because, pursuant to the PSLRA, the presumptive Lead Plaintiff is entitled to select the Lead Counsel of its choosing. Entwistle & Cappucci has extensive experience in the successful prosecution of securities class actions, and will more than adequately represent the interests of all Derivatives Class members. Timber Hill also seeks the appointment of Co-Lead Counsel Susman Godfrey, a firm with a nationwide reputation of excellence in the litigation of complex commercial, securities and antitrust cases.

## II.   TIMBER HILL SHOULD BE APPOINTED LEAD PLAINTIFF

### A.   The PSLRA Standard For Appointment Of Lead Plaintiff

The PSLRA sets forth the Lead Plaintiff selection procedures for "each private right of action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the

Federal Rules of Civil Procedure." 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B). Specifically, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, provides that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class--
> (I)   of the pendency of the action, the claims asserted therein, and the purported class period; and
> (II)  that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Section 21D(a)(3)(B)(i) directs the Court to consider any motions by a purported class member to serve as Lead Plaintiff in response to any such notice by no later than 90 days after the date of publication of the aforementioned notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). Under this section, the Court shall consider any motion made by a class member and shall appoint as Lead Plaintiff the member or members that the Court determined to be "most capable of adequately representing the interests of class members." *Id*.

The PSLRA requires the Court to adopt a rebuttable presumption that the "most adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to [the aforementioned] notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may only be rebutted by proof from a class member that the "most adequate plaintiff": (i) "will not fairly and adequately protect the interests of the class," or (ii) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." As discussed more fully below, neither of these factors applies to Timber Hill.

### B. Timber Hill Has Satisfied The PSLRA Requirements And Should Be Appointed Lead Plaintiff

Timber Hill should be appointed Lead Plaintiff of the Derivatives Class because it has satisfied all of the PSLRA's requirements, is believed to have the largest financial interest in this litigation and otherwise meets the requirements of Fed. R. Civ. P. 23.

#### 1. This Motion Is Timely And Proper

Timber Hill has demonstrated its readiness to serve as a representative of the Derivatives Class by filing the only complaint in this case on behalf of derivatives investors. Timber Hill has also signed a certification setting forth its transactions in call options and put options during the Class Period. *See* Declaration of Andrew J. Entwistle in Support of Motion of Timber Hill LLC for Appointment as Lead Plaintiff, Approval of Selection of Lead Counsel and Consolidation of Future Related Actions on Behalf of Derivatives Investors ("Entwistle Decl."), Ex. A. In addition, Timber Hill has been actively involved in all case developments. To date, Timber Hill has, among other things: (i) filed the only complaint on behalf of the Derivatives Class; (ii) filed for relief from consolidation with the Stock and Senior Note Purchaser Action; (iii) otherwise vigorously opposed the Stock and Senior Note Purchaser Action Lead Plaintiff's attempt to consolidate the actions and extinguish the claims of the Derivatives Class. In addition, Timber Hill has committed substantial resources to pursue claims on behalf of the class.

Timber Hill's motion to serve as Lead Plaintiff is also timely. As noted above, Timber Hill's complaint was filed in this Court on June 6, 2018. On June 8, 2018, Timber Hill, through its counsel, published a notice of pendency of this action pursuant to Section 21D(a)(3)(A)(i) of the Exchange Act on *Business Wire*, a widely-distributed, business-oriented news service (the "Derivatives Notice"). *See* Entwistle Decl., Ex. C. The Derivatives Notice properly informed putative class members of the pendency of this action, the specific legal claims asserted in the complaint, the proposed class period and the 60-day deadline by which other class members must move this Court to be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(I) & (II). The instant motion is being filed on August 7, 2018, which is within 60 days from the publication of the Derivatives Class Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

Finally, Timber Hill has selected and retained competent counsel to represent it and other members of the Derivatives Class. Specifically, Timber Hill has selected Entwistle & Cappucci and Susman Godfrey, both experienced and well-qualified firms, to co-lead this litigation, and both firms have agreed to a fee structure that is designed to achieve the greatest possible recovery for the class. The firm resumes of Entwistle & Cappucci and Susman Godfrey, Timber Hill's choice of Co-Lead Counsel, are attached as Exhibit D and Exhibit E, respectively, to the Entwistle Declaration. Accordingly, Timber Hill has satisfied the individual requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i) and (a)(3)(B)(iii)(aa).

**2. Timber Hill Believes It Has The Largest Financial Interest In The Relief Sought By The Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for appointment as Lead Plaintiff is the entity or group of persons that has the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). In order to do so, the district court "should consider (1) the number of shares that the movant purchased

during the putative class period; (2) the total net funds expended by the plaintiffs during the class period; and (3) the approximate losses suffered by the plaintiffs." *Smith v. Antares Pharma, Inc.*, No. 17-8945 (MAS)(DEA), 2018 WL 3611067, at *2 (D.N.J. July 27, 2018); *see also In re Cendant Corp. Litig.,* 264 F.3d 201, 262 (3d Cir. 2001); *In re Able Labs. Sec. Litig*., 425 F. Supp. 2d 562, 567 (D.N.J. 2006). However, "[t]he most critical among these factors is the approximate loss suffered." *Smith*, 2018 WL 3611067, at *2. In light of these factors, Timber Hill believes it has the largest financial interest in this action.

During the Class Period, as evidenced by the accompanying certification and damage analysis (*See* Entwistle Decl., Exs. A and B), Timber Hill purchased 47,204 Valeant call options, relating to underlying Valeant common stock valued at *$637,072,900*. *Id*. Additionally, Timber Hill sold 51,058 put options during the Class Period, and the aggregate value of the underlying Valeant common stock that Timber Hill had the obligation to sell under these put options totaled *$606,384,150*. *Id*. The total aggregate value of Valeant common stock underlying Timber Hill's call option sales and put option purchases is *$1,243,457,050*.[3] *Id*. The total losses incurred by Timber Hill as a result of its Class Period purchases in call options and sales in put options referencing Valeant common stock amount to *$11,974,061.00*. *See* Entwistle Decl., Ex. B. Timber Hill is presently unaware of any other Derivatives Class member with a larger financial interest in the outcome of this litigation who has sought to be appointed as Lead Plaintiff of the class. Accordingly, Timber Hill has the largest financial interest and is thus the presumptive "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

---

[3] These calculations are solely for purposes of this motion, and are not meant to represent the amount of, or method of, calculation of damages Timber Hill may present at trial.

### 3. Timber Hill Satisfies Fed. R. Civ. P. 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B). Rule 23(a) provides that an action may be certified as a class action only if the following requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* Fed. R. Civ. P. 23(a)

The PSLRA establishes a presumption that the "most adequate plaintiff" is the "person or group of persons that has either filed the complaint or made a motion in response to a notice . . . ; in the determination of the court, has the largest financial interest in the relief sought by the class; and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Cendant*, 264 F.3d at 222-23. The party moving for appointment as lead plaintiff need only make a preliminary showing of the typicality and adequacy prongs of Rule 23(a) – as "the initial inquiry as to whether the movant with the largest losses satisfies the typicality and adequacy requirements need not be extensive." *Cendant*, 264 F.3d at 264.

As set forth below, Timber Hill satisfies both the typicality and adequacy requirements of Rule 23.

#### a. Timber Hill's Claims Are Typical Of The Derivatives Class

Timber Hill meets the typicality requirements of Fed. R. Civ. P. 23(a)(3). Rule 23(a)(3) provides that the claims or defenses of the representative parties must be typical of those of the

class. *See* Fed. R. Civ. P. 23(a)(3). The test of typicality is "whether the circumstances of the movant with the largest losses 'are markedly different or the legal theory upon which the claims [of that movant] are based differ[ ] from that upon which the claims of other class members will perforce be based.'" *Cendant*, 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir. 1988)). Typicality is satisfied as long as the putative lead plaintiff and the class can "point to the same broad course of alleged fraudulent conduct to support a claim for relief." *In re Lucent Techs., Inc. Sec. Litig.*, 307 F. Supp. 2d 633, 640 (D.N.J. 2004).

This factor is only destroyed "where the defenses against named plaintiffs are likely to consume a significant portion of the litigant's time and energy and where there is a danger that preoccupation with defenses unique to the representatives will cause absent class members to suffer." *In re Schering-Plough Corp./Enhance Sec. Litig.*, No. 8-397 (DMC)(JAD), 2012 WL 4482032, at *4 (D.N.J. Sept. 25, 2012).

Here, there is no question that Timber Hill's claims – arising from purchases of call options on Valeant common stock and sales of put options on Valeant common stock – are typical of those of other investors whose losses stem from purchases of such call options and sales of such put options, claims which were, presumably by design, excluded by TIAA in the Stock and Senior Note Purchaser Action.

### b. Timber Hill Will Fairly And Adequately Represent The Interests Of The Derivatives Class

Timber Hill also satisfies the adequacy requirements of Fed. R. Civ. P. 23(a)(4). Under Fed. R. Civ. P. 23(a)(4), the representative parties must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its adequacy inquiry to the existence of any conflict between the interests of Timber Hill and the other members of the Derivatives Class. Thus, in determining whether adequacy under Fed. R. Civ. P. 23(a)(4) is satisfied, the Court inquires

whether a proposed Lead Plaintiff "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class." *Cendant*, 264 F.3d at 265 (citing *Hassine*, 846 F.2d at 177).

As evidenced by Timber Hill's substantial losses resulting from its purchases of call options on Valeant common stock and sales of put options on Valeant common stock during the Class Period, its interests are clearly aligned with the interests of the other members of the class it seeks to represent. There is also no antagonism between Timber Hill's interests and those of the other members of the class. As detailed above, Timber Hill shares identical or substantially similar questions of law and fact with the other members of the proposed class and its claims are typical of the members of the class.

Timber Hill has also taken significant steps which demonstrate that it will protect the interests of the class. Among other things, Timber Hill has: (i) filed the only complaint on behalf of the Derivatives Class; (ii) filed for relief from the consolidation order; and (iii) opposed TIAA's opposition to Timber Hill's motion. Moreover, Timber Hill has retained competent and experienced counsel to prosecute these claims and to investigate further the facts giving rise to this action. Timber Hill's proposed Co-Lead Counsel are highly qualified, experienced in the prosecution of class actions involving federal and state securities law claims, and able successfully to conduct this complex litigation in a professional manner. Thus, Timber Hill satisfies the typicality and adequacy requirements of Fed. R. Civ. P. 23 for the purposes of this motion.

### c. Timber Hill Is An Ideal Plaintiff To Represent The Derivatives Class

As an institutional investor, Timber Hill also satisfies the PSLRA's goal of encouraging institutional investors to "take the reins" in securities class actions. *See* H.R. Conf. Rep. No. 104-

369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 755 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representations in securities class actions."). Timber Hill is a sophisticated institutional investor with a substantial financial stake in this litigation. Timber Hill will have every incentive to vigorously pursue this case and to obtain the best possible recovery for the Derivatives Class. Appointing Timber Hill as Lead Plaintiff of the Derivatives Class would satisfy the PSLRA's aim of having the plaintiff class represented by an institutional investor with a significant stake in the outcome of the litigation.

### III. TIMBER HILL'S CHOICE OF LEAD COUNSEL SHOULD BE APPROVED

As the presumptive Lead Plaintiff, Timber Hill's selection of the law firms of Entwistle & Cappucci and Susman Godfrey to serve as Co-Lead Counsel, pursuant to 15 U.S.C. 78u-4(a)(3)(B)(v), should be approved by the Court.

As reflected in its firm resume, Entwistle & Cappucci possesses extensive experience litigating securities class actions, having successfully prosecuted some of the largest and highest-profile securities class actions in history (*See* Entwistle Decl., Ex. C). Entwistle & Cappucci has distinguished itself as one of the nation's premier complex litigation firms, and currently serves as Lead Counsel and as a member of Plaintiffs' Executive Committee in many high-profile securities class actions pending throughout the country.

In recent years, Entwistle & Cappucci has secured billions of dollars in recoveries on behalf of defrauded public and private institutional investors, including: *In re Royal Ahold, N.V. Securities and ERISA Litigation.*, MDL 03-01539 (D. Md.) (obtaining $1.1 billion recovery for class of investors); and *In re BankAmerica Securities Litigation*, No. 99-1264-CEJ (E.D. Mo.) (obtaining $490 million recovery for class of investors).

Since the firm's founding in 1980, Susman Godfrey has served as lead counsel in hundreds of class actions and other complex commercial disputes in courts throughout the country. Susman Godfrey's practice is dedicated exclusively to litigating and trying lawsuits. The firm has represented clients in some of the largest and most complex cases ever litigated, and has demonstrated that it has the ability and resources to handle those cases effectively and efficiently.

Susman Godfrey's experience, track record of success and staying power are reflected in its wide recognition as one of the nation's leading trial firms, including by The American Lawyer in its first-ever "Litigation Boutique of the Year" competition and, by being named to National Law Journal's "America's Elite Trial Lawyers" list. The firm's lawyers are consistently recognized as "Super Lawyers" and "Rising Stars" in the states where they practice. Susman Godfrey currently has approximately 130 lawyers nationwide in its four offices, over 90% of whom served as law clerks to federal judges.

The law firm of Susman Godfrey is also a nationally prominent firm with a specialty in complex commercial and securities litigation. Susman Godfrey has handled numerous private as well as class action cases resulting in highly significant recoveries for defrauded investors. Susman Godfrey will also provide the members of the Derivatives Class with unparalleled legal representation throughout the course of this litigation.

Accordingly, the Court should approve Timber Hill's selection of Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel in this case.

### IV. THE COURT SHOULD ORDER CONSOLIDATION OF ALL FUTURE RELATED DERIVATIVE SECURITIES ACTIONS

Timber Hill respectfully requests that the Court order any subsequently filed action related to the claims asserted in the above-captioned action brought on behalf of Valeant derivatives investors be consolidated with the present action. Additionally, Timber Hill further requests that

every future pleading in the above-captioned action have the caption: *In re Valeant Pharmaceuticals International, Inc. Derivatives Litigation.*

## V. CONCLUSION

For the foregoing reasons, Timber Hill respectfully requests that the Court: (i) appoint Timber Hill as Lead Plaintiff for the Derivatives Class; and (ii) approve its selection of Entwistle & Cappucci and Susman Godfrey as Co-Lead Counsel for the Derivatives Class; and (iii) order the consolidation of any subsequently filed, removed or transferred related actions on behalf of Valeant derivatives investors under the caption *In re Valeant Pharmaceuticals International, Inc. Derivatives Litigation.*

Dated: August 7, 2018

Respectfully Submitted,

*/s/ Andrew J. Entwistle*
Andrew J. Entwistle
aentwistle@entwistle-law.com
Vincent R. Cappucci (*Pro Hac Vice* forthcoming)
vcappucci@entwistle-law.com
Arthur V. Nealon (*Pro Hac Vice* forthcoming)
anealon@entwistle-law.com
Robert N. Cappucci
rcappucci@entwistle-law.com
**ENTWISTLE & CAPPUCCI LLP**
299 Park Avenue, 20th Floor
New York, NY 10171
Telephone: (212) 894-7200
Facsimile: (212) 894-7272

MARC M. SELTZER (*Pro Hac Vice* submitted)
mseltzer@susmangodfrey.com
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA  90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

*Attorneys for Plaintiff Timber Hill LLC*

>Christopher W. Kinum
>**CRITCHLEY, KINUM & DENOIA LLC**
>75 Livingston Avenue
>Roseland, New Jersey 07068
>Telephone: (973) 422-9200
>cwkinum@critchleylaw.com
>
>*Local Counsel for Plaintiff Timber Hill LLC*