

Richard Hernandez
Partner
T. 973-848-8615
F. 973-297-6615
rhernandez@mccarter.com

McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07102-4056
T. 973.622.4444
F. 973.624.7070
www.mccarter.com

October 12, 2018

**VIA ECF**

The Honorable Lois H. Goodman
United States Magistrate Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**Re:**  *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*
Master File No. 15-7658 (MAS) (LHG)

Dear Judge Goodman:

On behalf of Defendant Valeant Pharmaceuticals International, Inc. and other defendants, we write in response to Your Honor's October 1, 2018 Order setting today as the deadline for motions to continue the stay of this matter (ECF No. 357).[1]

We understand that Jeffrey Ubben and the recently added ValueAct defendants intend to file a motion to dismiss the securities claims against them.  As a matter of statute, a stay of discovery will automatically be in effect upon the filing of any motion to dismiss Plaintiffs' First Amended Consolidated Complaint ("FAC").  The Private Securities Litigation Reform Act ("PSLRA") provides that: "[i]n any private action arising under [the federal securities laws], *all* discovery and other proceedings *shall* be stayed during the pendency of *any* motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to [(1)] preserve evidence or [(2)] to prevent undue prejudice to that party."  15 U.S.C. § 78u–4(b)(3)(B) (emphasis added).

Courts have interpreted the text of the PSLRA literally to mean that the stay automatically takes effect once any motion to dismiss is filed.  *See In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583 (WHP), 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) ("[T]here is nothing ambiguous about the meaning of 'any'" and "this Court is not at liberty to rewrite the statute to reflect a meaning it deems more desirable."); *see also Petrie v. Elec. Game Card, Inc*., 761 F.3d 959, 968 (9th Cir. 2014) ("When an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

---

[1] Defendants J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello, Deborah Jorn, Ari S. Kellen, Tanya Carro, Robert Ingram, Ronald H. Farmer, Colleen Goggins, Anders Lönner, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katharine B. Stevenson, Deutsche Bank Securities Inc., HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc., DNB Markets Inc., Barclays Capital Inc., Morgan Stanley & Co. LLC, RBC Capital Markets, LLC, and SunTrust Robinson Humphrey, Inc. join in this letter.

October 12, 2018
Page 2

dismiss the amended complaint also triggers a stay of any discovery."); *Fosbre v. Las Vegas Sands Corp.*, No. 2:10-CV-00765-KJD-GWF, 2012 WL 5879783, at *3 (D. Nev. Nov. 20, 2012) ("[I]t is proper to impose the stay of discovery pending the decision on the motion to dismiss the Second Amended Complaint, notwithstanding that the parties engaged in discovery prior to its filing.").

Indeed, courts in this District have held that "discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss failed." *Monk v. Johnson & Johnson*, No. 10-4841 (FLW), 2013 WL 436514, at *2 (D.N.J. Feb. 5, 2013) (holding that "the PSLRA's expansive language" required a stay of all claims raised in an amended complaint even though defendants sought only to dismiss a subset of those claims).  Thus, even if a forthcoming motion to dismiss applies only to a subset of claims, the plain language of the PSLRA triggers a stay of the entire action.

As the statute makes clear, the automatic stay may be lifted only on a showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to th[e] [requesting] party."  15 U.S.C. § 78u-4(b)(3)(B); *see 380544 Canada Inc. v. Aspen Tech., Inc.*, No. 07 Civ. 1204, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007) (a stay "may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice" while a motion to dismiss is pending).  A discovery request is "particularized when it is directed at specific persons, and it identifies specific types of evidence that fall within its scope," *Fisher v. Kanas*, No. 06-CV-1187 (ADS) (ETB), 2006 WL 2239038, at *2 (E.D.N.Y. Aug. 4, 2006); and the party seeking to lift the stay "bears the burden of showing undue prejudice." *Botton v. Ness Techs. Inc.*, No. 11-3950 (SRC) (MAS), 2011 WL 3438705, at *1 (D.N.J. Aug. 4, 2011) (Shipp, J.).

Accordingly, if a motion to dismiss is filed, the burden is on Plaintiffs to move to lift it. In the interim, Defendants are working with Plaintiffs to advance ongoing discovery.

Please do not hesitate to contact me if you have any questions.

Respectfully submitted,

*s/ Richard Hernandez*

Richard Hernandez

cc: All Counsel of Record (via ECF)