

O'Melveny & Myers LLP
Times Square Tower
7 Times Square
New York, NY 10036-6537

T: +1 212 326 2000
F: +1 212 326 2061
omm.com

File Number: 0886429-00031

October 12, 2018

**Allen W. Burton**
D: +1 212 326 2282
aburton@omm.com

**VIA ECF**

The Honorable Lois H. Goodman
United States Magistrate Judge
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re:   *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*
      Master File No. 15-7658 (MAS) (LHG)

Dear Judge Goodman:

We represent (i) newly joined defendants ValueAct Capital Management L.P., ValueAct Capital Master Fund, L.P., ValueAct Co-Invest Master Fund, L.P., VA Partners I, LLC, and ValueAct Holdings, L.P. (collectively, "ValueAct"), and (ii) defendant Jeffrey W. Ubben, a ValueAct principal who served on Valeant's board of directors. We respectfully submit this letter in response to Your Honor's October 1, 2018 Order regarding a discovery stay under the Private Securities Litigation Reform Act ("PSLRA") (ECF No. 357).

As we advised Your Honor during the September 26, 2018 conference, the ValueAct defendants and Mr. Ubben intend to move to dismiss the First Amended Complaint ("FAC") by the end of this month. Under the PSLRA's plain terms, that motion will trigger an automatic stay of discovery. *See* 15 U.S.C. § 78u–4(b)(3)(B) ("In any private action arising under [the federal securities laws], all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party."). And the weight of authority holds that "the pendency of any motion to dismiss" includes the time period between the filing of a complaint and any defendant's dismissal motion. *See, e.g.*, *In re JDS Uniphase Corp. Sec. Litig.*, 238 F. Supp. 2d 1127, 1133 (N.D. Cal. 2002) (although motion to dismiss not pending, time to respond to complaint had not elapsed, therefore discovery stay was in effect); *Carnegie Int'l Corp. Sec. Litig.*, 107 F. Supp. 2d 676, 682-83 (D. Md. 2000) (same); *In re Trump Hotel S'holder Derivative Litig.*, Civ. No. 96-7820, 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) (same); *cf. SG Cowen Secs. Corp. v. U.S. Dist. Court for N. Dist. of CA*, 189 F.3d 909, 912-13 (9th Cir. 1999) (citing S.Rep. No. 104–98, at 14 (1995)) ("The 'Stay of Discovery' provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions *only after the court has sustained the legal sufficiency of the complaint.*'") (emphasis in original).

The stay applies equally to the Exchange Act Section 10(b) and Securities Act Section 11 claims against Mr. Ubben that survived Mr. Ubben's motion to dismiss the Consolidated Complaint.  *See, e.g.*, *Monk v. Johnson & Johnson*, Civ. No. 10-4841, 2013 WL 436514, at *2 (D.N.J. Feb. 5, 2013) (holding that "discovery must be stayed pending all motions to dismiss, even if an earlier motion to dismiss failed"); *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 968 (9th Cir. 2014) ("When an amended complaint is filed after an earlier complaint has been upheld (at least in part), the bulk of district courts have ruled that filing a motion to dismiss the amended complaint also triggers a stay of any discovery."). That is because the PSLRA provides that "**all** discovery and other proceedings **shall** be stayed during the pendency of **any** motion to dismiss."  15 U.S.C. § 78u–4(b)(3)(B) (emphasis added).  As one court has observed, "there is nothing ambiguous about the meaning of 'any.'"  *In re Smith Barney Transfer Agent Litig.*, Civ. No. 05-7583, 2012 WL 1438241, at *2 (S.D.N.Y. Apr. 25, 2012) ("[T]his Court is not at liberty to rewrite the statute to reflect a meaning it deems more desirable.").

A stay of all discovery also makes good sense.  The insider-trading claims against ValueAct and Mr. Ubben are different as to subject matter and scope than the misrepresentation and other securities claims, and ValueAct and Mr. Ubben should not be forced to answer discovery until the new claims are tested by a motion to dismiss.  *See* H.R. Conf. Rep. No. 104-369, p. 32 (1995) ("[The PSLRA] reforms discovery rules to minimize costs incurred during the pendency of a motion to dismiss or a motion for summary judgment."); *see also id.* at 37 ("According to the general counsel of an investment bank, 'discovery costs account for roughly 80% of total litigation costs in securities fraud cases.' In addition, the threat that the time of key employees will be spent responding to discovery requests, including providing deposition testimony, often forces coercive settlements.").  Nor should Mr. Ubben be required to participate in two rounds of discovery; one now for Section 10(b) and Section 11 claims, and one later for the insider-trading claims.  Efficiency supports the statute's mandate that discovery from Mr. Ubben be stayed now as to all claims.

The automatic stay may be lifted only on a showing that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to th[e] [requesting] party."  15 U.S.C. § 78u-4(b)(3)(B); *see 380544 Canada Inc. v. Aspen Tech., Inc.*, Civ. No. 07-1204, 2007 WL 2049738, at *2 (S.D.N.Y. July 18, 2007) (a stay "may be lifted only if a court finds that doing so is necessary to preserve evidence or prevent undue prejudice" while a motion to dismiss is pending).  Thus, if Plaintiffs wish to have the automatic stay lifted as to ValueAct and Mr. Ubben, they must file a motion that makes a specific showing of undue prejudice as to those parties.  *Botton v. Ness Techs. Inc.*, Civ. No. 11-3950, 2011 WL 3438705, at *1 (D.N.J. Aug. 4, 2011) (Shipp, J.) (party seeking to lift automatic discovery stay "bears the burden of showing undue prejudice").  Plaintiffs have made no such motion, nor would any such motion have any merit.  The only theoretical prejudice that plaintiffs could conceivably cite is the delay inherent in the PSLRA's automatic stay.  That would not suffice.  *Monk*, 2013 WL 436514, at *2 ("[M]ere delay does not constitute undue prejudice, because delay is an inherent part of every stay of discovery required by the PSLRA.").  Moreover, the delay is a product of Plaintiffs' choices; waiting to amend until the last possible moment by adding insider-trading claims that are based

O'Melveny

entirely on facts known and allegations made two years ago in the original Consolidated Complaint.

For these reasons, and those in the other Defendants' October 12, 2018 letter, Plaintiffs should not be permitted to take discovery from ValueAct and Mr. Ubben until the Court decides their motion to dismiss the FAC.

Respectfully,

*s/ Allen W. Burton*

Allen W. Burton

cc:     All Counsel of Record (via ECF)

ALLEN W. BURTON
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000
(212) 326-2061
aburton@omm.com

Attorney for Defendants
ValueAct Capital Management
L.P., ValueAct Capital Master
Fund, L.P., ValueAct Co-Invest
Master Fund, L.P., VA Partners
I, LLC, ValueAct Holdings, L.P.,
and Jeffrey W. Ubben

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master File No. 3:15-cv-07658 (MAS) (LHG) |
| This Document Relates To: ALL ACTIONS. | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that, on this 12th day of October, 2018, copies of the foregoing letter were filed with the Clerk of the Court through the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: October 12, 2018
       New York, New York

Respectfully submitted,

*s/ Allen W. Burton*
_____
Allen W. Burton
O'MELVENY & MYERS LLP
7 Times Square
New York, New York 10036
(212) 326-2000
(212) 326-2061
aburton@omm.com

*Attorney for Defendants*
*ValueAct Capital Management L.P., ValueAct Capital Master Fund, L.P., ValueAct Co-Invest Master Fund, L.P., VA Partners I, LLC, ValueAct Holdings, L.P., and Jeffrey W. Ubben*