

May 17, 2019

Hon. Lois H. Goodman
United States District Court
　for the District of New Jersey
Clarkson S. Fisher Building
　& U.S. Courthouse
402 East State Street
Trenton, NJ  08608

   Re: <u>In re Valeant Pharmaceuticals International, Inc. Securities Litigation</u>
      Master No. 3:15-cv-07658-MAS-LHG
      Failure of Philidor Entities to Produce Documents

Dear Magistrate Judge Goodman:

  We write on behalf of Class Plaintiffs to request that the Court order the Philidor Entities to comply with the Court's Letter Opinion & Order (ECF No. 441) ("MTC Order") that granted Class Plaintiffs' Motion to Compel (ECF No. 386).  Over one month has passed since the MTC Order was entered on April 12, 2019, yet the Philidor Entities have failed to produce any documents to Class Plaintiffs.

  The subpoena to Philidor was initially issued on December 3, 2015, and subsequent subpoenas to the Philidor Entities were issued between June and August 2017.  ECF No. 386-1 at 4.  Class Plaintiffs have had numerous communications with counsel for the Philidor Entities since the subpoenas were issued and through the filing of the motion to compel.  On April 15, 2019, Class Plaintiffs informed counsel for the Philidor Entities of the MTC Order and requested production of "all documents already produced to investigating agencies and/or other regulators" by April 19, 2019.  *See* Exhibit A, attached hereto.[1]  This should have been an easy task, as those documents have already been collected and produced.  On April 17, 2019, counsel for the Philidor Entities responded that "we will do our best to produce the documents that you seek no later than next week," which would have been April 26, 2019.  *See* Exhibit B, attached hereto.

  The Philidor Entities failed to comply with the MTC Order, failed to produce the documents by their promised April 26, 2019 deadline, and failed to commit to a date certain for production. Instead, counsel for the Philidor Entities recently requested that Class Plaintiffs issue a new subpoena to ***former*** counsel for the Philidor Entities, Polsinelli PC.  *See* Exhibit C, attached hereto. There is no reason why Class Plaintiffs, having prevailed on a motion to compel against the Philidor

---

[1] Class Plaintiffs also stated that, for any responsive documents not produced to investigating agencies and/or other regulators, they would meet and confer with counsel for the Philidor Entities to discuss the application of search terms and custodians to that document pool.

Entities, should be put through the additional burden, expense, and delay of starting over with a new subpoena directed to the former law firm of the Philidor Entities.

Counsel for the Philidor Entities also suggested on May 16, 2019 that they would produce the documents in "about 3 weeks," but have offered no valid excuse for why they failed to meet their prior promise of production by April 26, 2019. *See id.* Instead, counsel suggested that a lack of funds was the reason, stating "the judge . . . would be unable to force us to spend money that we do not have in order to satisfy our production responsibility to Plaintiff." *See id.* The lack of funds argument makes no sense not only because it comes from an entity that was acquired for over $100 million by Valeant, but also because there is no clear reason why a lack of funds precluded production by April 26, 2019, but would not hinder production in "about 3 weeks." *Id*. Instead, the continued delays and request that Class Plaintiffs try to get the documents elsewhere, despite having prevailed on a motion to compel, suggest that the Philidor Entities have no intention of complying with their subpoena obligations or the MTC Order. Given all of these circumstances, Class Plaintiffs respectfully request the Court order production within seven days.

Under Rule 37(b)(2) of the Federal Rules of Civil Procedure, if a party fails to comply with a discovery order, a court may issue sanctions and just orders compelling compliance with the court's previous orders. *See Mayer Bros. Constr. Co., Inc. v. Dinsick Equip. Corp.*, No. 11-14 Erie, 2013 WL 4434912, at *2 (W.D. Pa. Aug. 16, 2013) (noting sanctions for failure to comply with a discovery order are "explicitly authorized by Rule 37," and holding party in contempt for failure to comply with the court's prior discovery orders); *see also* Fed. R. Civ. P. 37(b)(2)(A) (sanctions may include "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination").

Class Plaintiffs are not seeking sanctions at this time, but respectfully request entry of an Order instructing the Philidor Entities to produce all responsive documents no later than May 24, 2019. Class Plaintiffs are also available at the Court's convenience should Your Honor prefer a telephonic conference to address these issues.

Respectfully submitted,

Christopher A. Seeger
*Local Counsel for the Class Plaintiffs*

Encl.
cc: Counsel of Record by ECF