## Patterson Belknap Webb & Tyler LLP

1133 Avenue of the Americas    New York, NY 10036-6710    212.336.2000    fax 212.336.2222    www.pbwt.com

May 28, 2019

Peter C. Harvey
Partner
(212) 336-2810
Direct Fax: (212) 336-1217
pcharvey@pbwt.com

**VIA ELECTRONIC FILING**

Honorable Lois H. Goodman
United States Magistrate Judge
District of New Jersey
Clarkson S. Fisher Federal Building
  and United States Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

Re:     **In Re: Valeant Pharmaceuticals International, Inc. Securities
         Litigation
         Master No.: 15-cv-7658 (MAS) (LHG)**

Dear Magistrate Judge Goodman:

I write to respond to the April 25, 2019 correspondence sent to the Court
objecting to my serving as a Special Master in this proceeding.  None of the objections provide a
basis upon which this Court should conclude that my "impartiality might be reasonably
questioned" within the meaning of Rule 53 of the Federal Rules of Civil Procedure.  Moreover,
to the extent necessary, this Court is able to fashion an appropriate order to address any and all
concerns raised by counsel for Valeant Pharmaceuticals International, Inc. ("Valeant") and
private counsel for the Public Employees' Retirement System of Mississippi ("Mississippi
PERS").

1.      **Valeant**

None of Valeant's arguments meet the applicable standard.  The Affidavit that I
previously filed (*see* Affidavit of Peter C. Harvey, hereafter, "Harvey Aff.," dated April 17,
2019, Doc. No. 443), states unequivocally that I have not had any involvement in the Ryan
Weldon matter, and have no knowledge of either the factual or legal issues involved in that
matter.  Furthermore, the Affidavit makes it clear that Mr. Weldon is *not* a party in this case, and
that he retained one of my partners *after* he ended his Valeant employment to assist him in
connection with a separate matter; an investigation being conducted by the United States
Attorney's Office in Manhattan.  (Harvey Aff. ¶ 5.)  It is revealing that Valeant's counsel has not
suggested that Valeant has any interest in pursuing any issue with respect to Mr. Weldon.  Even
if it did so, I have made it clear that any application regarding Mr. Weldon would be referred to

Honorable Lois H. Goodman
May 28, 2019
Page 2

and decided by this Court, specifically, the Honorable Michael A. Shipp, United States District
Judge, and not by me acting as a Special Master.

Second, the cases referenced by counsel for Valeant do not present any genuine
issue as (1) there is no suggestion that I represented any party in the cases referenced by counsel,
(2) I have no knowledge about those cases, and (3) the cases have been concluded. (*see* April
25, 2019 letter of Richard Hernandez, Esq. at 2). Since I did not participate in any manner in
those cases, I do not have any knowledge arising from those matters that would influence any
decision I would make as a Special Master in this case. (*See* Harvey Affidavit ¶¶ 7-8.) Valeant
also has raised an issue concerning a litigation involving one of its subsidiaries. Again, I have no
knowledge about Valeant's subsidiary, Bausch & Lomb Incorporated, and did not participate in
the litigation referenced by Valeant's counsel. (Harvey Aff. ¶¶ 7, 15.) Similarly, it is doubtful
that Valeant has any direct knowledge of or participation in that particular civil action involving
its subsidiary.

Third, the fact that Johnson & Johnson has an indemnification agreement with
Valeant does not provide a basis for disqualification. In fact, even where a lawyer represents
*both* parties that are signatories to an indemnification agreement, disqualification is not
warranted. *See Deboles v. Amtrak,* 2012 U.S. Dist. LEXIS 79102, *5-7 (D. Nev. June 7, 2012).
(No conflict of interest appears where attorneys represented both defendants in the same action
even though the defendants are parties to an indemnity agreement.)

Fourth, Valeant points to another matter that ended in *2013, not 2017*. In fact, my
involvement concluded with the entry of the November 21, 2013 Order and Final Judgment by
the Honorable Freda L. Wolfson, now Chief Judge. *See Monk v. Johnson, et al.*, Civil Action
No. 10-4841 (FLW)(DEA), (Doc. Nos. 127-1, 131.) (*See also* **EXHIBIT A** attached to this
letter.) That matter was the subject of several dispositive and discovery motions before Judge
Wolfson and Magistrate Judge Douglas Arpert, respectively. I represented two executives of
Johnson & Johnson, including Colleen Goggins, who were sued in their official capacities. The
matter was referred to mediation – without the participation of *any* individual defendant – where
it was settled. I had no involvement in the matter after the entry of the Final Judgment, although
my name remained on the docket even though the matter had been closed by the Clerk of the
Court in 2013. Ms. Goggins is no longer employed by Johnson & Johnson, and has not been an
executive in that company for a few years. To the extent that I have had any communication
with Ms. Goggins, or anyone acting on her behalf, I have not done so since 2013.

2.      **Mississippi PERS**

Regarding Mississippi PERS' arguments, none of that agency's objections
precludes my service as Special Master in this case.

The Court should note that Mississippi PERS is not a party in the litigation
pending against Johnson & Johnson in Mississippi. The only plaintiff in that case is the State of

Honorable Lois H. Goodman
May 28, 2019
Page 3

Mississippi.  The State Attorney General, Jim Hood, is acting as the lawyer for the state in that case.  Both Valeant and Johnson & Johnson are co-defendants.  (*See* Harvey Aff. ¶ 6.)  Both companies are opposing the claim by the state under the Mississippi consumer fraud statute.[1]  Valeant and Johnson & Johnson are represented by separate local counsel and separate national counsel.  (Harvey Aff. ¶ 6.)  That Valeant has joined in the arguments made in Mississippi state court by Johnson & Johnson, apparently, is nothing more than a cost saving measure on the part of Valeant, and does not establish any joint defense arrangement.  In fact, Mississippi PERS probably has no knowledge or evidence of how Valeant conducts its defense in the Mississippi litigation and, thus, cannot credibly assert that Valeant's defense is "intertwined" with Johnson & Johnson.  It is not.

Additionally, Mississippi PERS is represented in this case by two different private law firms, specifically, Labaton Sucharow LLP and Kasowitz Benson Torres LLP.  Those two law firms, presumably, have made the arguments on behalf of Mississippi PERS.  The Mississippi Attorney General has not made any arguments before this Court and has not otherwise appeared in this case as counsel or as a party.

This Court should adopt the position of the other plaintiffs' lawyers in this case and find that no conflict exists pursuant to 28 U.S.C. § 455(a) and that Rule 53 permits my service as a Special Master in this case.  *See* Letter of Christopher A. Seegar, Esq., dated April 23, 2019 (Civil Action No. 15-7658, Doc. No. 445), and Letter of James E. Cecchi, Esq., dated April 24, 2019 (Civil Action No. 16-3087, Doc. No. 122).

Respectfully submitted,

Peter C. Harvey

---

[1] This litigation has been stayed as of January 30, 2019, pending a review of an interlocutory appeal to the Mississippi Supreme Court of certain legal issues.  It is unlikely that there will be a trial in the Fall of 2019.

# EXHIBIT A

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 5 of 12 PageID: 13307
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 1 of 8 PageID: 2942
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 1 of 8 PageID: 2917

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RONALD MONK, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, WILLIAM C. WELDON, DOMINIC J. CARUSO, COLLEEN A. GOGGINS and PETER LUTHER,<br><br>Defendants. | Civil Action No. 10-4841 (FLW) (DEA)<br><br><br>**ORDER AND FINAL JUDGMENT** |

WHEREAS, a consolidated class action is pending in this Court captioned *Monk v. Johnson & Johnson et al.*, Civil Action No. 10-4841 (FLW) (DEA) (the "Action"); and

WHEREAS, this matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement dated August 6, 2013 (the "Preliminary Approval Order"), on the application of the Parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated July 15, 2013 (the "Stipulation") entered into by plaintiff Sjunde AP-Fonden (the "Lead Plaintiff"), on behalf of itself and the Class (as defined herein), and the following defendants: Johnson & Johnson ("J&J" or the "Company"), Dominic J. Caruso, and Colleen A. Goggins (the "Defendants"), by and through their respective counsel; and

WHEREAS, due and adequate notice having been given to the Class, which was preliminarily certified by the Court for settlement purposes in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein; and

WHERAEAS the Court having conducted a Fairness Hearing on November 14, 2013, and, good cause appearing for the reasons set forth on the record at that time,

IT IS THIS 21st day of November, 2013

ORDERED, ADJUDGED, AND DECREED as follows:

RECEIVED

NOV 2 1 2013

AT 8:30_____M
WILLIAM T. WALSH CLERK

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 6 of 12 PageID: 13308
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 2 of 8 PageID: 2943
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 2 of 8 PageID: 2918

1.      This Order and Final Judgment (the "Judgment") incorporates by reference the definitions in the Stipulation and all terms used herein shall have the same meanings as set forth in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action, and over all Parties to the Action, including all members of the Class.

3.      The Court hereby affirms its determinations in the Preliminary Approval Order certifying, for purposes of effectuating the Settlement, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons and entities who purchased J&J common stock from October 14, 2008, to July 21, 2010, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class are (i) the Defendants, (ii) the Dismissed Defendants, (iii) the officers and directors of the Company or its subsidiaries or affiliates, (iv) members of the immediate families of the Individual Defendants and Dismissed Defendants and each of their legal representatives, heirs, successors, or assigns, and (v) any entity in which any Defendant or Dismissed Defendant has or had a controlling interest. Also excluded from the Class are all persons and entities who exclude themselves from the Class by requesting exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing ("Notice"), as listed on Exhibit A hereto.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order certifying Lead Plaintiff Sjunde AP-Fonden as Class Representative for the Class and appointing Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Class.

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 7 of 12 PageID: 13309
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 3 of 8 PageID: 2944
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 3 of 8 PageID: 2919

5.     Notice has been given to the Class, pursuant to and in the manner directed by the Preliminary Approval Order, proof of the mailing of the Notice was filed with the Court by Lead Counsel, and a full opportunity to be heard has been offered to all Parties, the Class, and Persons in interest.  The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Fed. R. Civ. P. 23, and it is further determined that all members of the Class are bound by the Judgment herein.

6.     Copies of the Notice were mailed to over 2.1 million potential Class Members or their nominees and only five objections were received in connection with the Settlement.  The Court has considered the objections and found them to be without merit.

7.     Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to Lead Plaintiff and the Class.  The Court further finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties and is in the best interest of the Class.  The Court further finds that the record is sufficiently developed and complete to have enabled the Parties to have adequately evaluated and considered their positions.  Accordingly, the Settlement embodied in the Stipulation is hereby finally approved in all respects.  The Parties are hereby directed to perform its terms.

8.     The Action and all claims included therein, as well as all of the Released Claims (defined in the Stipulation and in Paragraph 9(b) below) are dismissed with prejudice as to Lead Plaintiff and the other members of the Class, and as against each and all of the Released Parties

3

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 8 of 12 PageID: 13310
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 4 of 8 PageID: 2945
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 4 of 8 PageID: 2920

(defined in the Stipulation and in Paragraph 9(a) below). The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.      As used in this Judgment, the terms "Released Parties," "Released Claims," "Settled Parties' Claims," and "Unknown Claims" shall have the meanings as provided in the Stipulation, and specified below:

(a)      "Released Parties" means the Defendants and the current and former officers, directors, partners, members, parents, subsidiaries, controlling persons, affiliates, employees, agents, attorneys, auditors, underwriters, insurers, representatives, heirs, predecessors, successors in interest, and assigns of the Defendants.

(b)      "Released Claims" means any and all claims, debts, demands, rights or causes of action, or liabilities whatsoever, whether based on federal, state, common, or foreign law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class, and/or individual in nature, including both known claims and Unknown Claims, that: (i) have been asserted in this Action by Lead Plaintiff and/or the members of the Class or any of them against any of the Released Parties; or (ii) could have been asserted in any forum by Lead Plaintiff and/or the members of the Class or any of them against any of the Released Parties which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and which relate to the purchase of J&J common stock during the Class Period.

(c)      "Settled Parties' Claims" means any and all claims, debts, demands, rights, or causes of action or liabilities whatsoever, whether based on federal, state, foreign, or common law or any other law, rule, or regulation, whether fixed or contingent, accrued or un-

4

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 9 of 12 PageID: 13311
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 5 of 8 PageID: 2946
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 5 of 8 PageID: 2921

accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class and/or individual in nature, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Released Parties or any of them or the successors and assigns of any of them against the Lead Plaintiff, any Class Member or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (except for claims to enforce the Settlement).

      (d)    "Unknown Claims" means any and all Released Claims that Lead Plaintiff and/or any Class Member does not know or suspect to exist in his, her, or its favor as of the Effective Date and any Settled Parties' Claims that any Released Party does not know or suspect to exist in his, her, or its favor as of the Effective Date, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to any and all Released Claims and Settled Parties' Claims, the Parties stipulate and agree that upon the Effective Date, Lead Plaintiff, and Defendants shall expressly waive, and each Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall expressly have waived, any and all provisions, rights and benefits conferred by any law of any state of the United States, or principle of common law or otherwise, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties acknowledge, and Class Members and Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Parties' Claims was separately bargained for and was a key element of the Settlement.

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 10 of 12 PageID: 13312
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 6 of 8 PageID: 2947
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 6 of 8 PageID: 2922

10.     Upon the Effective Date, each of the Class Members shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every Released Claim against the Released Persons, regardless of whether or not such Class Member executes and delivers a Claim Form.

11.     Upon the Effective Date, the Released Parties shall be deemed by operation of law to have fully, finally, and forever released, relinquished, waived, discharged, and dismissed each and every of the Settled Parties' Claims against Lead Plaintiff, and their respective attorneys, and all other Class Members.

12.     The Stipulation and all negotiations, statements, and proceedings in connection therewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Lead Plaintiff, any Defendant, any member of the Class, or any other Person, of any liability or wrongdoing of any nature by them, or any of them, and shall not be offered or received in evidence in any action or proceeding (except an action to enforce this Stipulation and Settlement contemplated thereby), or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that the Lead Plaintiff, any member of the Class, or any other Person, has or has not suffered any damage.

13.     Any order approving or modifying the Plan of Allocation set forth in the Notice or the application for attorneys' fees and reimbursement of Litigation Expenses shall not disturb or affect the finality of this Judgment, the Stipulation, or the Settlement contained therein.

14.     The Court finds, pursuant to 15 U.S.C. § 78u-4(c)(1), that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 11 of 12 PageID: 13313
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 7 of 8 PageID: 2948
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 7 of 8 PageID: 2923

15.     Only those Class Members filing a valid Claim Form shall be entitled to participate in the Settlement and to receive a distribution from the Settlement Fund. The Claim Form to be executed by the Class Members shall further release all Released Claims against the Released Parties. All Class Members shall, as of the Effective Date, be bound by the releases set forth herein whether or not they submit a valid and timely Claim Form.

16.     No Authorized Claimant shall have any claim against Lead Plaintiff, Plaintiffs' Counsel, the Claims Administrator, or any other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Settlement and Plan of Allocation as approved by the Court and further orders of the Court. No Authorized Claimant shall have any claim against the Defendants, Defendants' Counsel, or any of the Released Parties with respect to the investment or distribution of the Net Settlement Fund, the determination, administration, calculation, or payment of claims, the administration of the escrow account, or any losses incurred in connection therewith, the Plan of Allocation, or the giving of notice to Class Members.

17.     The Stipulation may be filed in an action to enforce or interpret the terms of the Stipulation, the Settlement contained therein, and any other documents executed in connection with the performance of the agreements embodied therein. Any Person may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18.     Without affecting the finality of this Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Action, the Lead Plaintiff, the Class, and the

7

Case 3:15-cv-07658-MAS-LHG   Document 459   Filed 05/28/19   Page 12 of 12 PageID: 13314
Case 3:10-cv-04841-FLW-DEA   Document 131   Filed 11/21/13   Page 8 of 8 PageID: 2949
Case 3:10-cv-04841-FLW-DEA   Document 127-1   Filed 11/20/13   Page 8 of 8 PageID: 2924

Released Parties for the purposes of: (1) supervising the implementation, enforcement, construction, and interpretation of the Stipulation, the Plan of Allocation, and this Judgment; (2) hearing and determining any application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses; and (3) supervising the distribution of the Settlement Fund.

19.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

20.     The Court reserves decision on an award of administrative expenses *Pending Further Submissions* and will issue an order at a later time with respect to *reasonable* administrative expenses.

21.     There is no reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.


FREDA L. WOLFSON, U.S.D.J.


8