UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER U.S. COURTHOUSE
402 EAST STATE STREET
ROOM 7050
TRENTON, NJ 08608
609-989-2114

May 31, 2019

## LETTER ORDER

Re:   IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC.
SECURITIES LITIGATION, CIV. NO. 15-7658 (MAS)(LHG)
IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC.
THIRD-PARTY PAYOR LITIGATION, CIV. NO. 16-3087 (MAS)(LHG)

Dear Counsel,

This matter comes before the Court by way of certain objections raised in response to the Court's proposed appointment of a Special Master under Federal Rule of Civil Procedure 53 for the titled matters. The Honorable Michael A. Shipp, U.S.D.J., has referred this issue to the undersigned for resolution. [15-7658 Docket Entry No. 451; 16-3087 Docket Entry No. 126].

The Court previously held that these matters were appropriate for the appointment of a Special Master. [15-7658 Docket Entry No. 421; 16-3087 Docket Entry No. 106]. On March 27, 2019, Judge Shipp conducted a telephone conference with counsel. During that conference, Judge Shipp proposed the appointment of former New Jersey Attorney General Peter C. Harvey, Esq. (the "Proposed Appointee") as Special Master in these matters. [15-7658 Docket Entry No. 433]. The parties were given until March 29, 2019 to file letters responding to the Proposed Appointee. [15-7658 Docket Entry No. 434].

In the Securities Litigation, Defendant Valeant Pharmaceuticals International, Inc. ("Valeant") and Plaintiff Public Employees' Retirement System of Mississippi ("Mississippi PERS") filed objections, while the Class Plaintiffs endorsed his appointment. Pursuant to Rule 53(b)(3), the Proposed Appointee filed one affidavit addressing both matters, that supported his appointment and disclosed any conflicts. In response, Plaintiffs repeated their endorsement of the Proposed Appointee, while Valeant and Mississippi PERS raised additional objections. [15-7658 Docket Entry Nos. 435–438,443,445–447].

In the Third-Party Payor Litigation, Valeant restated the objections it presented in the Securities Litigation. Defendants Andrew Davenport and Philidor RX Services stated their own objections. Plaintiffs endorsed the Proposed Appointee. In response to the Proposed Appointee's affidavit, Plaintiffs again endorsed his appointment, while Valeant duplicated the second round of objections it submitted in the Securities Litigation. [16-3087 Docket Entry Nos. 116–118,120,122,123]

The undersigned instructed the Proposed Appointee to respond to the parties' more recent objections by May 22, 2019. [15-7658 Docket Entry Nos. 451,456; 16-3087 Docket Entry Nos.

*In re Valeant Securities Litigation & In re Valeant Third-Party Payor Litigation*
Page 2 of 4

125,127]. He requested additional time, which was granted, and filed his response on May 28, 2019. [15-7658 Docket Entry No. 459].

Federal Rule of Civil Procedure 53 authorizes a district court to appoint a Special Master. Pursuant to the Rule, however, "[a] master must not have a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455, unless the parties, with the court's approval, consent to the appointment after the master discloses any potential grounds for disqualification." Fed. R. Civ. P. 53(a)(2).

Section 455(a) generally requires disqualification where "his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(b) lists five specific situations in which a master should be disqualified, including when the Special Master or anyone associated with him served as counsel regarding the matter at issue. 28 U.S.C. § 455(b) and (b)(2).

These protections are in place for a reason. "A fair trial in a fair tribunal is a basic requirement of due process. Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *Jenkins v. Sterlacci*, 849 F.2d 627, 631 (D.C. Cir. 1988) (affirming, after careful review, lower court's finding that evidence did not demonstrate actual bias of special master). In keeping with this concern for fairness, the Advisory Committee Notes for Rule 53 emphasize that "[s]pecial care must be taken to ensure that there is no actual or apparent conflict of interest involving a special master," and that "the disqualification standards established by § 455 are strict." Committee Notes to 2003 Amendment.

The parties in the Securities Litigation raise six separate objections to the proposed appointment. Two of them are based on the perceived individual conflicts of the Proposed Appointee (the "Individual Objections").[1] Four of them are based on perceived conflicts imputed based on representations by his firm, Patterson Belknap Webb & Tyler (the "Firm Objections").

Valeant's first Individual Objection is that the Proposed Appointee personally represented one of the named defendants in the Securities Litigation, Colleen Goggins, in a previous matter, *Monk v. Johnson & Johnson, et al.*, Civ No. 10-4841. The Proposed Appointee acknowledges that he represented Goggins and another Johnson & Johnson executive, both of whom were sued in their official capacities in an earlier litigation.[2] He asserts that although the case continued beyond 2013, he had no involvement after November of 2013 when the district court entered a final judgment, and he has had no communications with Goggins since that time. The Proposed Appointee observes that Goggins is no longer an employee of Johnson & Johnson, and has not been an executive in that company for a few years.

---

[1] Defendants Andrew Davenport and Philidor RX Services in the Third-Party Payor Litigation write separately to voice their objection to the Proposed Appointee because he has a background in criminal prosecution. Given that this is not a valid basis for disqualification contemplated by either Rule 53 or 28 U.S.C. § 455, the undersigned will address it no further.

[2] The Proposed Appointee's prior representation of Defendant Colleen Goggins was not disclosed in his affidavit attesting that he has not represented any party in either the Securities or Third-Party Payor Litigations but was addressed in response to the objections. [15-7658 Docket Entry No. 443].

*In re Valeant Securities Litigation & In re Valeant Third-Party Payor Litigation*
Page 3 of 4

  Mississippi PERS asserts a second Individual Objection based on the Proposed Appointee's ongoing representation of Johnson & Johnson adverse to the State of Mississippi in *The State of Mississippi, ex rel. v. Johnson & Johnson, et al.*, in Mississippi chancery court. That case involves the Shower to Shower product line, sold by Johnson & Johnson to Valeant. Mississippi PERS raises concerns about the adversarial relationship between Johnson & Johnson, as represented by the Proposed Appointee, and the State of Mississippi.  Mississippi PERS raises a second concern based on the same case:  Valeant is a co-defendant with Johnson & Johnson, and Mississippi PERS believes that Valeant and Johnson & Johnson's defenses are intertwined.  Proposed Appointee responds to the objection by asserting that he represents Johnson & Johnson only and that Valeant has its own counsel.  Affidavit at ¶6.  By way of rebuttal, Mississippi PERS submits an affidavit from a Mississippi Special Attorney General attesting that Valeant and Johnson & Johnson have evidenced coordinated activity in the Mississippi suit.  Neville Declaration at ¶11–13 [Docket Entry No. 447].  The Special Attorney General also states that Valeant's most recent SEC Form 8-K filing revealed that Johnson & Johnson had recently agreed to indemnify Valeant for lawsuits related to Shower to Shower.  *Id*. at ¶15.

  Valeant and Mississippi PERS also raise Firm Objections.  Valeant asserts that Patterson Belknap is currently representing Ryan Weldon, a former Valeant employee.  Specifically, the firm represents Weldon in connection with his receipt of a third-party subpoena served on him by Plaintiffs in the Securities Litigation.  Valeant is indemnifying Weldon and is paying Patterson Belknap's fees for representing him.  The Proposed Appointee responds that he has not worked personally on any matter related to Mr. Weldon.  Affidavit at ¶ 5.  He also offers to recuse himself from any dispute relating to the Weldon subpoena, and to instead direct the parties to seek a ruling from Judge Shipp.  *Id*.

  In a second Firm Objection, Valeant states that Patterson Belknap previously represented Valeant in a patent dispute that closed in 2015, *Allergan USA Inc. v. Medicis Aesthetics Inc.*, Civ. No. 13-1436.  In its first letter, Valeant asserts that Plaintiffs in the Securities Litigation are seeking attorney-client privileged communications involving Patterson Belknap, as well as Patterson Belknap's attorney work product from that case.  This would potentially place privilege disputes involving Patterson Belknap before the Proposed Appointee.  The Proposed Appointee does not respond to this objection in either his affidavit or his subsequent letter.

  Taken individually, each of the objections raised by the parties in these matters would give the Court pause.  Taken together, it is impossible to conclude that the impartiality of the Proposed Appointee cannot reasonably be questioned.

  The Court starts with the issues as to Defendant Colleen Goggins.  The Proposed Appointee directly represented Ms. Goggins, a named defendant in this very case. The Proposed Appointee's prior attorney-client relationship with Defendant Colleen Goggins, even if it concluded several years ago, raises reasonable questions with respect to his impartiality.  Such a question as to impartiality could be waived under Rule 53 but it has not been.  Likewise his representation of Johnson & Johnson in Mississippi and its allegedly close relationship with Valeant as co-defendants raise concerns that have not been waived.

*In re Valeant Securities Litigation & In re Valeant Third-Party Payor Litigation*
Page 4 of 4

      While the Proposed Appointee volunteers to recuse himself from disputes related to Ryan Weldon, his firm's client, this does not answer the issue. In the Court's view, this is more than a technical question. Patterson Belknap's representation of Weldon with regard to a subpoena *in this case* runs afoul of § 455(b)(2), which provides a basis for disqualification when "a lawyer with whom he … practiced law served during such association as a lawyer concerning the matter." The Weldon representation by Patterson Belknap certainly concerns the matter.

      The Court reaches a similar conclusion with respect to the objection raised based upon Patterson Belknap's representation of Johnson & Johnson in a prior patent case, from which Securities Plaintiffs are seeking privileged documents. This raises the specter of putting a dispute as to attorney-client privilege or attorney work product in front of the Proposed Appointee involving documents from his own firm. The Proposed Appointee does not address this issue, but the only resolution to that dilemma apparent to the undersigned would be for the Special Master to also recuse himself from those disputes.

      The Court is not satisfied that these issues can or should be cured by the recusal of the Proposed Appointee. Furthermore, recusal would not serve the purpose of the Court in appointing a Special Master in the first place. This could of course be different if the need for recusal came up after the Special Master was appointed and involved in the case. That is not so here.

      The Court certainly has the greatest respect for the proposed appointee's qualifications and abilities, as well as his willingness to assist the Court in this and other matters. There is little doubt that if appointed he would acquit himself capably and with the highest level of integrity. But Rule 53 and 28 U.S.C. § 455 require more. They require a master whose impartiality cannot be reasonably questioned. Unfortunately, this is not the case here. The undersigned therefore finds that his appointment in this instance would not be appropriate.

      **IT IS SO ORDERED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**