UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

CLARKSON S. FISHER FEDERAL BUILDING
& U.S. COURTHOUSE
402 EAST STATE STREET
TRENTON, N.J. 08608
609-989-200

**NOT FOR PUBLICATION**

**LETTER OPINION & ORDER**

**VIA CM/ECF**
All counsel of record

Re: *In re Valeant Pharmaceuticals International, Inc., Securities Litigation*, No. 15-7658;
*Timber Hill LLC, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 18-10246

Dear Counsel:

This matter comes before the Court upon Defendants Valeant Pharmaceuticals International, Inc., n/k/a Bausch Health Companies Inc., J. Michael Pearson, Howard B. Schiller, Robert L. Rosiello, Ari S. Kellen, Deborah Jorn, and Tanya Carro's (collectively, "Defendants") Motion to Dismiss and to Strike. (ECF No. 407.)[1] Lead Plaintiff Teachers Insurance and Annuity Association of America ("TIAA" or "Lead Plaintiff") opposed (ECF No. 416), and Plaintiff Timber Hill LLC ("Timber Hill") opposed as well (ECF No. 417). Defendants filed a single reply to both opposition briefs. (ECF No. 420.) The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motion to Dismiss and to Strike is denied.

**I.  BACKGROUND**

The Court has previously summarized many of the factual allegations at issue in this matter as well as the procedural history of Timber Hill's involvement in *In re Valeant*. (*See* Mem. Op., ECF No. 216; Mem. Op., ECF No. 392.) The Court, accordingly, recounts the factual allegations and procedural history only to the extent necessary to resolve the instant motion.

On June 6, 2018, Timber Hill filed a two-count putative class action complaint alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act"). (Compl. ¶¶ 449-462, *Timber Hill LLC v. Valeant Pharm. Int'l., Inc.* (*Timber Hill*), No. 18-10246 (D.N.J.), ECF No. 1.) Timber Hill seeks to represent a class of all "persons or entities that purchased call options on Valeant common stock and/or sold put options on Valeant common stock during the Class Period . . . ." (*Id.* ¶ 444.) Upon filing the complaint, *Timber Hill* joined 29 other actions filed in this Court against Defendants and other persons and entities, alleging similar violations of the 1934 Act, and other causes of action. (*See* Case Management Order No. 1, ECF

---

[1] Unless otherwise indicated, all citations to the record herein are to *In re Valeant Pharmaceuticals International, Inc., Securities Litigation* (*In re Valeant*), No. 15-7658 (D.N.J.).

No. 369 (noting that "30 individual suits have been filed in this Court involving similar issues of law and alleged facts".).)

On June 8, 2018, Lead Plaintiff notified the Court of the filing of Timber Hill's Complaint and requested that the Court consolidate *Timber Hill* into *In re Valeant*. (See June 8, 2018 Correspondence, ECF No. 317.) Pursuant to the Court's May 31, 2016 Order, *Timber Hill* was consolidated into *In re Valeant*. (Order, ECF No. 318.)

On June 18, 2018, Timber Hill timely sought relief from the Consolidation Order. (Mot. for Relief, ECF No. 322.) On November 7, 2018, the Court denied Timber Hill's Motion for Relief. (Order, ECF No. 393.) The Court's denial of Timber Hill's motion turned on several key principles. First, the Court found that Lead Plaintiff's putative class definition encompassed a portion of Timber Hill's proposed class. (Mem. Op. 11-12, ECF No. 392.) Second, the Court took the view that there would be "significant efficiencies and cost savings for the parties if Timber Hill remains consolidated" for the discovery phase of this litigation. (*Id.* at 12.) Third, the Court declined to indulge in hypotheticals regarding issues that may arise at future stages of the litigation. (*Id.* at 15-16.) The Court concluded by stating that if consolidation of *Timber Hill* is no longer appropriate at a later phase of the litigation, the Court would entertain a renewed motion for relief from consolidation. (*Id.* at 16.)

To date, Timber Hill has not renewed its motion for relief. Instead, on November 13, 2018, Timber Hill sent Defendants Waiver of Service forms, and on November 30, 2018 Timber Hill filed executed version of the forms. (*See* Waivers of Service, *Timber Hill*, ECF Nos. 6-10.) This, of course, triggered Defendants' obligation to file a responsive pleading pursuant to Federal Rule of Civil Procedure 12. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii), (b). Defendants filed the instant motion on January 14, 2019. (Defs.' Mot. to Dismiss, ECF No. 407.) TIAA opposed Defendants' motion. (Lead Pl.'s Opp'n Br., ECF No. 416.) Timber Hill also opposed. (Pl.'s Opp'n Br., ECF No. 417). On February 13, 2019, Defendants replied. (Defs.' Reply Br., ECF No. 420.)

## II. DISCUSSION

Defendants attack Timber Hill's complaint on two fronts: (1) Defendants move to strike Timber Hill's class allegations; and (2) Defendants argue Timber Hill's claims are untimely. (*See* Defs.' Moving Br. 1, ECF No. 407-1.) TIAA opposes, arguing Timber Hill's Complaint "is inoperative and not the proper subject of a motion to dismiss or strike . . . ." (Lead Pl.'s Opp'n Br. 3.) TIAA also argues that motions to dismiss non-operative complaints are moot. (*Id.* at 5.) TIAA opines that "ruling on these motions is a pointless exercise and wasteful of judicial resources . . . ." (*Id.* at 4.) Timber Hill opposes, responding to the substantive merits of Defendants' arguments. (*See generally* Pl.'s Opp'n Br.) On reply, "Defendants [did] not challenge TIAA's assertion[] that Timber Hill's Complaint is a legal nullity . . . ." (Defs.' Reply Br. 2.)

"Federal Rule of Civil Procedure 42(a) grants trial courts broad discretion to 'streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues' by consolidating related cases." *United States v. 662 Boxes of Ephedrine*, 590 F. Supp. 2d 703, 707 (D.N.J. 2008) (quoting *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999)). While "consolidation is permitted as a matter of convenience and economy in administration, [consolidation] does not merge the suits into a single

2

cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933) (discussing the predecessor to Federal Rule of Civil Procedure 42). "Thus, while a consolidation order may result in a single unit of litigation, such an order does not create a single case for" certain purposes. *Cella v. Togum Constructeur Ensembleier en Industrie Alimentaire*, 173 F.3d 909, 912 (3d Cir. 1999).

Here, *Timber Hill* was consolidated with *In re Valeant*, but the Court explicitly recognized that a situation may develop where *Timber Hill* may be granted relief from the consolidation order. The Court, accordingly, agrees with TIAA and Defendants that Timber Hill's complaint is a legal nullity at this point in the litigation. Therefore, reaching the merits of Defendants' motions would be a waste of judicial resources. Additionally, addressing Defendants' arguments at this juncture undermines the efficiency the Court sought to achieve by consolidating *Timber Hill*, and other matters, into *In re Valeant*. While there are numerous scenarios in which Timber Hill's complaint, or a portion of the same, may be revived, none of those scenarios are before the Court. For the Court to consider Defendants' arguments, it must ignore that *Timber Hill* was consolidated and consider Timber Hill's complaint in a hypothetical posture in which it is not a nullity. Like before, the Court declines to engage in such speculative analysis and will address Defendants' arguments if and when they are concretely and properly brought before the Court. The Court, accordingly, declines to reach the merits of Defendants' motion at this time.

### III. ORDER

Based on the foregoing, the Court's inherent ability to control matters on its docket, and for other good cause shown,

IT IS on this 15th day of August, 2019 **ORDERED** that:

1. Defendants' Motion to Dismiss and to Strike (ECF No. 407) is **DENIED** without prejudice.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

3