# McElroy, Deutsch, Mulvaney & Carpenter, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

R E C E I V E D

JAN 2 7 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

DENNIS M. CAVANAUGH
Direct dial:  (973) 425-8838
dcavanaugh@mdmc-law.com

January 24, 2020

**Via Federal Express**
Clerk's Office
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608
609-989-2065

RE:   **In re Valeant Pharmaceuticals International, Inc. Securities
Litigation, Master File No. 15-cv-07658 (MAS)(LHG); In re Valeant
Pharmaceuticals International, Inc. Third-Party Payor Litigation, No.
16-cv-03087**

Dear Sir/Madam:

I have been appointed Special Master in the above referenced matters. Pursuant to
Magistrate Judge Goodman's instructions, enclosed please find an Order Granting Preliminary
Approval of Settlement to be uploaded to ECF. Should you have any questions, please do not
hesitate to contact the undersigned.

Very truly yours,

McElroy, Deutsch, Mulvaney & Carpenter, LLP

**/s/ Dennis M. Cavanaugh**

Dennis M. Cavanaugh, U.S.D.J. (Ret.)

NEW JERSEY        NEW YORK        PENNSYLVANIA        CONNECTICUT        MASSACHUSETTS        COLORADO        DELAWARE

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

RECEIVED

JAN 27 2020

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | ) Master No. 3:15-cv-07658-MAS-LHG ) ) <u>CLASS ACTION</u> ) |
| ———————————————— | ) Judge Michael A. Shipp ) Magistrate Judge Lois H. Goodman |
| This Document Relates To: | ) Special Master Hon. Dennis M. Cavanaugh, ) U.S.D.J. (Ret.) |
| Case No. 3:15-cv-07658-MAS-LHG. | ) ) ORDER GRANTING PRELIMINARY ) APPROVAL PURSUANT TO FED. R. ) CIV. P. 23(e)(1) AND PERMITTING ) NOTICE TO THE CLASS |

WHEREAS, an action pending before this Court is styled *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 3:15-cv-07658-MAS-LHG (D.N.J.) (the "Litigation");

WHEREAS, Lead Plaintiff having made a motion, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated December 15, 2019 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice as to all Defendants except PriceWaterhouseCoopers LLP ("PwC")[1] upon, and subject to, the terms and conditions set forth therein; and the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the exhibits annexed thereto;

---

[1]   "Defendants" refers to Valeant Pharmaceuticals International, Inc. ("Valeant") (n/k/a Bausch Health Companies Inc.); J. Michael Pearson; Howard B. Schiller; Robert L. Rosiello; Deborah Jorn; Ari S. Kellen; Tanya Carro; Jeffrey W. Ubben; Robert A. Ingram; Ronald H. Farmer; Colleen Goggins; Anders Lönner; Theo Melas-Kyriazi; Robert N. Power; Norma Provencio; Katharine B. Stevenson; Deutsche Bank Securities Inc.; HSBC Securities (USA) Inc.; MUFG Securities Americas Inc. f/k/a Mitsubishi UFJ Securities (USA) Inc.; DNB Markets, Inc.; Barclays Capital Inc.; Morgan Stanley & Co. LLC; RBC Capital Markets, LLC; Suntrust Robinson Humphrey, Inc.; ValueAct Capital Management, L.P.; VA Partners I, LLC; ValueAct Holdings, L.P; ValueAct Capital Master Fund, L.P.; ValueAct Co-Invest Master Fund, L.P.

- 1 -

WHEREAS, the Settling Parties having consented to the entry of this Order; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and the Settlement set forth therein as fair, reasonable and adequate, subject to further consideration at the Final Approval Hearing (as defined in ¶6 below).

2.     Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired Valeant Securities[2] between January 4, 2013 and March 15, 2016,

---

[2]  "Valeant Securities" means Valeant equity securities as defined in 15 U.S.C. §78c(11) and 17 C.F.R. §240.3a11-1, and Valeant debt securities, including Valeant common stock; options on Valeant common stock, defined to be the purchase or acquisition of call options and the sale of put options; and the following Valeant senior notes: (1) 5.375% senior notes due 2020; (2) 5.875% senior notes due 2023; (3) 6.125% senior notes due 2025; (4) 5.5% senior notes due 2023; (5) 5.625% senior notes due 2021; (6) 6.75% senior notes due 2018; (7) 7.5% senior notes due 2021; (8) 6.375% senior notes due 2020; (9) 7.25% senior notes due 2022; (10) 6.75% senior notes due 2021; or (11) 7.0% senior notes due 2020.  This definition does not include securities at issue in the Canadian Actions.

- 2 -

inclusive.  Excluded from the Class are Defendants and Former Defendants[3], present and former executive officers of Defendants and Former Defendants, and members of their immediate families, present and former directors of Defendants and Former Defendants, and members of their immediate families, any entity in which a Defendant or current or former director of a Defendant has control and/or a majority ownership interest, and the legal representatives, heirs, successors or assigns of any such excluded party.  For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Defendant or Former Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Defendant or Former Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Defendant or Former Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in Valeant Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition.  In other words, Defendants and Former

---

[3]   "Former Defendants" refers to Goldman Sachs & Co. LLC f/k/a Goldman Sachs & Co.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; CIBC World Markets Inc.; Citigroup Global Markets Inc.; DBS Bank Ltd.; TD Securities (USA) LLC; BMO Capital Markets Corp.; and SMBC Nikko Securities America, Inc.

- 3 -

Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities.

3.      The Class also excludes: (1) any person or entity which during the Class Period purchased or otherwise acquired Valeant Securities and has been promised or received a payment from or on behalf of the Valeant Defendants related to or arising from litigation related to its Class Period transactions in Valeant Securities other than a payment of attorneys fees or costs to counsel for such person or entity; (2) any Class Member on Exhibit A to the Final Judgment that validly and timely requested exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action; and (3) anyone on Exhibit B to the Final Judgment who has filed an individual action and not dismissed their claim and sought to be included in the Class.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, Lead Plaintiff together with named plaintiffs City of Tucson together with and on behalf of Tucson Supplemental Retirement System ("Tucson") and IBEW Local Union 481 Defined Contribution Plan and Trust ("IBEW") are preliminarily certified as Class Representatives for the Class and Robbins Geller Rudman & Dowd LLP is preliminarily appointed as Class Counsel for the Class.

5.     The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Final Approval Hearing described below.

6.     A hearing shall be held before this Court on May 27, 2020, at 10:00 a.m. (the "Final Approval Hearing"), at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Courtroom 1, Trenton, New Jersey 08608, to determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Class and should be approved by the Court; to determine whether a Judgment as provided in ¶1.13 of the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine whether the Class should be finally certified for purposes of the Settlement only; to determine the amount of attorneys' fees, charges and expenses that should be awarded to Lead Counsel; to determine any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); to hear any objections by Class Members to: (i) the Settlement or Plan of Allocation; (ii) the award of attorneys' fees and expenses to Lead Counsel; and (iii) awards to Plaintiffs pursuant to 15 U.S.C.

- 5 -

§78u-4(a)(4); and to consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to the Class.

7.      The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release, substantially in the forms annexed hereto as Exhibits A-1[4] and A-2, respectively.

8.      The Court approves the form of the Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice"), substantially in the form annexed hereto as Exhibit A-3.

9.      The firm of Gilardi & Co. LLC ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

10.     To the extent they have not already done so, Valeant and its counsel shall provide or cause Valeant's transfer agent to provide Lead Counsel and the Claims Administrator, without any charge to Plaintiffs or the Class, the last known names and addresses of all holders of record of Valeant common stock during the Class Period.

11.     Not later than February 6, 2020 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim and Release,

---

[4]    The Tables set forth in the Notice (Exhibit A-1) may be posted on the settlement website for potential Class Members' reference, rather than within the Notice.

4823-4133-1634.v1

substantially in the forms annexed hereto, to be mailed by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on the case-designated website, www.ValeantSecuritiesSettlement.com.

12.     Not later than February 13, 2020, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

13.     At least seven (7) calendar days prior to the Final Approval Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

14.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired Valeant Securities between January 4, 2013 and March 15, 2016, inclusive, as record owners but not as beneficial owners. Such nominee purchasers are directed, within fourteen (14) calendar days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim and Release to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim and Release promptly to such identified beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim and Release to their beneficial owners shall send a statement to the Claims Administrator

- 7 -

confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proof of Claim and Release to beneficial owners.

15.     The form and content of the notice program described herein and the methods set forth herein for notifying the Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

16.     All fees and expenses incurred in identifying and notifying Members of the Class shall be paid from the Settlement Fund and in no event shall any of the Released Persons bear any responsibility or liability for such fees or expenses.

17.     All Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by

- 8 -

submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

18.     Valeant shall provide within 10 days of the entry of this Order: (a) to Lead Counsel the identity of any person or entity that is excluded pursuant to ¶3(1) above; (b) to Lead Counsel the scope of any release(s) provided by such excluded parties; and (c) to the Claims Administrator, to the extent that it is in Valeant's possession, the anonymized underlying trading data of such excluded parties.  Valeant shall supplement this information within 5 business days of any person or entity being excluded pursuant to ¶3(1) above to the extent such exclusion occurs prior to the Final Approval Hearing.

19.     Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than May 6, 2020.  Any Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall nevertheless be bound by any final judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement

4823-4133-1634.v1

Fund is not materially delayed thereby.  No person shall have any claim against any Plaintiff, Plaintiffs' Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

20.   Any Member of the Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

21.   Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), by First-Class Mail such that it is postmarked no later than May 6, 2020.  A Request for Exclusion must be signed and state: (a) the name, address, and telephone number of the Person requesting exclusion; (b) the Person's purchases, acquisitions and sales of Valeant Securities between January 4, 2013 and March 15, 2016, inclusive (including the dates, the number of Valeant Securities purchased, acquired or sold, and price paid or received for each such purchase, acquisition or sale); and (c) that the Person wishes to be excluded from the Class.  The Request for Exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

- 10 -

22.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to seven (7) calendar days before the Final Approval Hearing, submit a written revocation of Request for Exclusion following the same instructions in ¶21 above.

23.     Lead Counsel shall cause to be provided to Defendants' Counsel copies of all Requests for Exclusion and a list of all Class Members who have requested exclusion, and any written revocation of Requests for Exclusion, within five (5) business days of receipt thereof and in any event at least fifteen (15) calendar days prior to the Final Approval Hearing.

24.     Any Member of the Class may appear at the Final Approval Hearing and object if he, she, or it has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, or why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with charges and expenses, should not be awarded or amounts to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) should not be awarded; provided, however, that no Class Member or any other Person shall be heard at the Final Approval Hearing or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or any attorneys' fees, together with charges and expenses, to be awarded to Lead Counsel or any award to Plaintiffs, unless the Person objecting has filed said written objections and copies of

- 11 -

any papers and briefs with the Clerk of the United States District Court for the District of New Jersey and mailed copies thereof by First-Class Mail to Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Simpson Thacher & Bartlett LLP, Craig S. Waldman, 425 Lexington Avenue, New York, NY 10017, no later than May 6, 2020. Any Member of the Class who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, or to the award of fees, charges and expenses to Lead Counsel or any award to Plaintiffs, unless otherwise ordered by the Court. Attendance at the Final Approval Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

25.     Any Class Member who does not object to the Settlement, the Plan of Allocation, or Lead Counsel's application for an award of attorneys' fees, charges and

- 12 -

expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees together with charges and expenses or any award to Plaintiffs.

26.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

27.    All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for attorneys' fees, charges and expenses and awards to Plaintiffs shall be filed and served no later than April 22, 2020, and any reply papers shall be filed and served no later than May 20, 2020.

28.    The Released Persons shall have no responsibility for the Plan of Allocation or any application for attorneys' fees, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.

29.    At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys'

- 13 -

fees, charges and expenses, should be approved.  The Court reserves the right to enter the Order and Final Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or charges and expenses.

30.  All reasonable expenses incurred in identifying and notifying Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation.  In the event the Court does not approve the Settlement, or it otherwise fails to become effective, neither Lead Plaintiff nor Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.12 or 2.14 of the Stipulation.

31.  Neither this Order nor the Stipulation, nor any of their respective terms or provisions, nor any of the negotiations, discussions, proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order may be construed as an admission or concession by the Defendants or any other Released Persons of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or offered or received in evidence, or otherwise used by any person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released

- 14 -

Persons, Lead Plaintiff, Class Members, and each of their counsel may file the Stipulation, and/or this Order and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

32.     All proceedings in the Litigation against the Defendants are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  The Litigation will continue as to PwC. Pending final determination of whether the Settlement should be approved, neither the Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

33.     The Court reserves the right to alter the time or the date of the Final Approval Hearing without further notice to Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

34.     If the Settlement fails to become effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s)

thereof, except as expressly provided in the Stipulation, and this Order shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and they shall be deemed to have reverted to their respective litigation positions as of November 21, 2019.

IT IS SO ORDERED.

DATED: _1/23/2020_

THE HONORABLE DENNIS M.
CAVANAUGH U.S.D.J. (RET.)

- 16 -

4823-4133-1634.v1

**EXHIBIT A-1**

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | ) ) ) ) ) ) |
| This Document Relates To: | ) ) ) |
| Case No. 3:15-cv-07658-MAS-LHG. | ) ) ) |

Master No. 3:15-cv-07658-MAS-LHG

CLASS ACTION

Judge Michael A. Shipp

Magistrate Judge Lois H. Goodman

Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.)

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED VALEANT PHARMACEUTICALS INTERNATIONAL, INC. ("VALEANT," NOW KNOWN AS BAUSCH HEALTH COMPANIES INC.) COMMON STOCK, VALEANT DEBT SECURITIES, OR CALL OPTIONS ON VALEANT COMMON STOCK, OR SOLD PUT OPTIONS ON VALEANT COMMON STOCK, DURING THE PERIOD BETWEEN JANUARY 4, 2013 AND MARCH 15, 2016, INCLUSIVE (THE "CLASS PERIOD")**

**NOTICE OF PENDENCY OF CLASS ACTION: Please be advised that your rights may be affected by the above-captioned class action lawsuit pending in this Court (the "Litigation") if you purchased or otherwise acquired Valeant Securities[1] during the Class Period.[2]**

**NOTICE OF SETTLEMENT: Please also be advised that Lead Plaintiff TIAA, on behalf of the Class (as defined at page 5 below), has reached a proposed settlement of the Litigation for a total of $1,210,000,000.00 in cash that will resolve all claims in the Litigation against the Released Persons (the "Settlement").[3]**

---

[1] "Valeant Securities" means Valeant equity securities as defined in 15 U.S.C. §78c(11) and 17 C.F.R. §240.3a11-1, and Valeant debt securities, including Valeant common stock; options on Valeant common stock, defined to be the purchase or acquisition of call options and the sale of put options; and the following Valeant senior notes: (1) 5.375% senior notes due 2020; (2) 5.875% senior notes due 2023; (3) 6.125% senior notes due 2025; (4) 5.5% senior notes due 2023; (5) 5.625% senior notes due 2021; (6) 6.75% senior notes due 2018; (7) 7.5% senior notes due 2021; (8) 6.375% senior notes due 2020; (9) 7.25% senior notes due 2022; (10) 6.75% senior notes due 2021; or (11) 7.0% senior notes due 2020. Valeant Securities does not include securities at issue in the Canadian Actions.

[2] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated December 15, 2019 (the "Stipulation"), which is available on the website www.ValeantSecuritiesSettlement.com.

[3] The Settlement does not include, and does not release, any claims against defendant PricewaterhouseCoopers LLP ("PwC").

**IN ORDER TO QUALIFY FOR A SETTLEMENT PAYMENT, YOU MUST TIMELY SUBMIT A PROOF OF CLAIM AND RELEASE FORM BY MAY 6, 2020.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

### WHY SHOULD I READ THIS NOTICE?

This Notice is given pursuant to an order issued by the United States District Court for the District of New Jersey (the "Court"). This Notice serves to inform you of the pendency and proposed settlement of the above-captioned class action lawsuit for $1,210,000,000.00 in cash and the hearing (the "Final Approval Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation, by and between Lead Plaintiff TIAA, on behalf of itself and the Class (as defined below), on the one hand, and Defendants Valeant, current and former officers and directors of Valeant,[4] the Stock Underwriter Defendants,[5] the ValueAct Defendants[6] (collectively, "Defendants"), and the Former Defendants,[7] on the other hand. Defendant PwC is not a party to the Settlement.

---

[4] The current and former officer and director defendants include the following: J. Michael Pearson; Howard B. Schiller; Robert L. Rosiello; Deborah Jorn; Ari S. Kellen; Tanya Carro; Jeffrey W. Ubben; Robert A. Ingram; Ronald H. Farmer; Colleen Goggins; Anders Lönner; Theo Melas-Kyriazi; Robert N. Power; Norma Provencio; and Katharine B. Stevenson.

[5] The "Stock Underwriter Defendants" include the following: Deutsche Bank Securities Inc.; HSBC Securities (USA) Inc.; MUFG Securities Americas Inc. f/k/a Mitsubishi UFJ Securities (USA) Inc.; DNB Markets, Inc.; Barclays Capital Inc.; Morgan Stanley & Co. LLC; RBC Capital Markets, LLC; and Suntrust Robinson Humphrey, Inc.

[6] The "ValueAct Defendants" include the following: ValueAct Capital Management, L.P.; VA Partners I, LLC; ValueAct Holdings, L.P.; ValueAct Capital Master Fund, L.P.; ValueAct Co-Invest Master Fund, L.P.

[7] The "Former Defendants" include the following: Goldman Sachs & Co. LLC f/k/a Goldman Sachs & Co.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner &

**This Notice is intended to inform you how the pendency of this class action and the proposed Settlement may affect your rights and what steps you may take in relation to it. This Notice is NOT an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit or whether the Defendants and Former Defendants engaged in any wrongdoing.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM AND RELEASE** | The only way to be eligible to receive a payment from the Settlement. **Proofs of Claim and Release must be postmarked (if mailed) or received (if submitted online) on or before May 6, 2020.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | Receive no payment. This is the only option that potentially allows you to ever be part of any other lawsuit against the Defendants and Former Defendants or any other Released Persons about the legal claims related to the issues raised in this Litigation. **A written request for exclusion must be postmarked on or before May 6, 2020.** |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION** | Write to the Court about why you do not like the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. **Objections must be filed with the Court and served on the parties on or before May 6, 2020.** |
| **GO TO THE HEARING ON MAY 27, 2020, AND FILE A NOTICE OF INTENTION TO APPEAR** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be filed with the Court and served on the parties on or before May 6, 2020. If you submit a written objection, you may (but you do not have to) attend the hearing.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Class Member, which means that you give up your right to ever be part of any other lawsuit against the Defendants and Former Defendants or any other Released Persons about |

Smith Inc.; CIBC World Markets Inc.; Citigroup Global Markets Inc.; DBS Bank Ltd.; TD Securities (USA) LLC; BMO Capital Markets Corp.; SMBC Nikko Securities America, Inc.

| | the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |
|---|---|

## SUMMARY OF THIS NOTICE

### Description of the Litigation and the Class

This Notice relates to a proposed settlement of claims in a pending securities class action brought by Valeant investors alleging, among other things, that Defendants and Former Defendants violated the federal securities laws by making materially false and misleading statements or omitting to state facts necessary to make statements made not misleading in public filings and other public statements during the Class Period. A more detailed description of the Litigation is set forth on pages 7–8 below. The "Class" means all Persons who purchased or otherwise acquired Valeant Securities between January 4, 2013 and March 15, 2016, inclusive. Those excluded from the Class are described in pages 9–10 below. The proposed Settlement, if approved by the Court, will settle claims of the Class against the Released Persons, as defined on page 41 below.

### Statement of Class Recovery

Pursuant to the Settlement described herein, a $1,210,000,000.00 settlement fund has been established (the "Settlement Amount"). The Settlement Amount together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less: (a) any taxes and tax expenses; (b) any Notice and Administration Expenses; and (c) any attorneys' fees and litigation charges and expenses (including any awards to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class) awarded by the Court, will be distributed to Class Members in accordance with a plan of allocation that is approved by the Court. The proposed plan of allocation (the "Plan of Allocation") is set forth on pages 12–35 below. Based on Lead Plaintiff's estimate of the number of Valeant Securities eligible to recover, the average distribution under the Plan of Allocation is roughly $2.13 per common share, before deduction of any taxes on the income earned on the Settlement Fund, Notice and Administration Expenses, and attorneys' fees and expenses (including any awards to Plaintiffs) as determined by the Court. **Class Members should note, however, that these are only estimates.** A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claims as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less

than these estimated average amounts. *See* Plan of Allocation set forth and discussed at pages 12–35 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages per security, if any, that would be recoverable if the Class prevailed on each claim alleged. Defendants and Former Defendants deny that they are liable to the Class and deny that the Class has suffered any injury or damages. The issues on which the parties disagree are many, but include: (1) whether Defendants and Former Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants and Former Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the prices of Valeant Securities were allegedly artificially inflated (if at all) during the Class Period; (4) the amount, if any, by which the prices of Valeant Securities were allegedly artificially inflated (if at all) during the Class Period; (5) the effect of various market forces on the prices of Valeant Securities at various times during the Class Period; (6) the extent to which external factors influenced the prices of Valeant Securities at various times during the Class Period; (7) the extent to which the various matters that Plaintiffs alleged were materially false or misleading influenced (if at all) the prices of Valeant Securities at various times during the Class Period; and (8) the extent to which the various allegedly adverse material facts that Lead Plaintiff alleged were omitted influenced (if at all) the prices of Valeant Securities during the Class Period.

### Statement of Attorneys' Fees and Expenses Sought

Lead Counsel will apply to the Court on behalf of all Plaintiffs' Counsel for an award of attorneys' fees not to exceed thirteen percent of the Settlement Amount, plus charges and expenses not to exceed $3 million, including award(s) to Plaintiffs of no more than $175,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, plus interest earned on these amounts at the same rate as earned by the Settlement Fund. Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. The requested fee is the result of a negotiation between Lead Counsel and Lead Plaintiff that was designed to align the interests of Lead Counsel and the Class in maximizing the net recovery for the Class. The requested attorneys' fees, charges and expenses amount to an average cost of

approximately $0.28 per common share. The average cost per damaged share will vary depending on the number of acceptable Proofs of Claim and Release submitted.

### Further Information

For further information regarding the Litigation or this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-824-0721, or visit the website www.ValeantSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, www.rgrdlaw.com.

**Please Do Not Call the Court or Defendants or Former Defendants with Questions About the Settlement.**

### Reasons for the Settlement

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after trial, and likely appeals, a process that could last several years into the future.

Defendants and Former Defendants have denied and continue to deny each and all of the claims alleged by Lead Plaintiff in the Litigation. Defendants and Former Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendants and Former Defendants also have denied and continue to deny, among other things, the allegations that Lead Plaintiff or the Class has suffered any damage, or that Lead Plaintiff or the Class was harmed by the conduct alleged in the Litigation. For Defendants and Former Defendants, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants and Former Defendants have concluded that further conduct of this Litigation could be expensive, protracted and distracting.

## WHAT IS THIS LAWSUIT ABOUT?

## THE ALLEGATIONS

The Litigation is currently pending in the United States District Court for the District of New Jersey before the Honorable Michael A. Shipp (the "Court"). The Litigation was referred to Special Master Judge Dennis M. Cavanaugh, U.S.D.J. (ret), on September 10, 2019. The initial complaint in this action was filed on October 22, 2015. On May 31, 2016, the Court consolidated Civil Action Nos. 15-cv-07679, 15-cv-07746, and 15-cv-07809 with this action and appointed TIAA as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel.

Plaintiffs filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") on June 24, 2016. Plaintiffs later filed the First Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Amended Complaint") on September 20, 2018. The Complaint and Amended Complaint allege that certain Defendants and Former Defendants are liable for violations of the Securities Act of 1933 and/or the Securities Exchange Act of 1934 resulting from materially false and misleading statements or omissions of material facts necessary to make statements made by those Defendants and Former Defendants in public filings and other public statements not misleading. Among other things, Plaintiffs allege that those Defendants and Former Defendants are liable for false and misleading statements regarding Valeant's business operations and financial performance. Plaintiffs further allege that when the truth regarding Valeant's true business, operations, and prospects was revealed, artificial inflation was removed from the prices of Valeant Securities damaging members of the Class. The Amended Complaint also alleges that certain Defendants violated the Securities Exchange Act of 1934 by selling Valeant Securities while in possession of material, nonpublic information. Defendants and Former Defendants deny each and all of Plaintiffs' allegations. Defendants and Former Defendants contend that they are not liable for any such alleged false or misleading statements and that all information required to be disclosed by the federal securities laws was so disclosed. Defendants also contend that their actions did not cause Plaintiffs' alleged loss, and the Valeant Defendants contend that they did not act with scienter. Defendants and Former Defendants further deny that any Defendant sold Valeant Securities while in possession of material, nonpublic information or that they sold such Valeant Securities on the basis of material, nonpublic information.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO LEAD PLAINTIFF OR TO THE CLASS. THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE**

**COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LITIGATION OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.   THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PENDENCY AND PROPOSED SETTLEMENT OF THIS ACTION AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

## PROCEDURAL HISTORY

The parties vigorously litigated this case for four years.  The parties submitted extensive briefing regarding a motion to lift the discovery stay and after the nearly 300-page consolidated Complaint was filed, the parties briefed and argued six initial motions to dismiss filed by 34 Defendants and Former Defendants.  After nearly 400 pages of briefing and a lengthy hearing, the Court denied the motions to dismiss in substantial part, and dismissed all claims against the Former Defendants.  The parties then engaged in extensive fact and class-related discovery involving Class Representatives, Defendants and Former Defendants, and approximately 150 non-parties, which included the exchange of over 13 million pages of documents.  Plaintiffs also conducted interviews of former Valeant employees and certain third parties and reviewed the public record, including statements submitted as part of Congressional hearings.  Plaintiffs moved for class certification on September 28, 2018. Defendants' time to respond to Plaintiffs' motion for class certification has not yet elapsed, and the Court has not ruled on Plaintiffs' motion.  Plaintiffs amended the Complaint to add insider trading claims against the ValueAct Defendants and Defendant Ubben.  The ValueAct Defendants and Defendant Ubben moved to dismiss the insider trading claims and after the parties exchanged 70 additional pages of briefing, the Court denied the ValueAct Defendants' motion to dismiss.   The ValueAct Defendants and Defendant Ubben continue to deny the insider trading allegations.

During the course of the Litigation, the parties engaged an experienced and neutral third-party mediator, Eric D. Green, and held direct settlement discussions. The parties exchanged lengthy and detailed briefs and Lead Counsel met in person with the mediator and counsel for the Valeant Defendants on September 17, 2018, but were unable to reach an agreement. During the following year counsel for the parties engaged in numerous teleconferences with the mediator.  On November 6, 2019, the parties attended another in person mediation after exchanging supplemental mediation briefs.  Once again the parties were unable to reach an agreement.  Then, in response to a mediator's proposal, on November 22, 2019, the Settling Parties agreed to settle the Litigation with all Defendants and Former Defendants, except PwC, in return for a cash payment of $1,210,000,000 for the benefit of the Class.

## HOW DO I KNOW IF I AM A CLASS MEMBER?

If you purchased or otherwise acquired Valeant Securities during the period between January 4, 2013 and March 15, 2016, inclusive, and are not otherwise excluded, you are a Class Member. As set forth in the Stipulation, excluded from the Class are: Defendants and Former Defendants, present and former executive officers of Defendants and Former Defendants, and members of their immediate families, present and former directors of Defendants and Former Defendants, and members of their immediate families, any entity in which a Defendant or current or former director of a Defendant has control and/or a majority ownership interest, and the legal representatives, heirs, successors or assigns of any such excluded party. For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Defendant or Former Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Defendant or Former Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Defendant or Former Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in Valeant Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition. In other words, Defendants and Former Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities. The Class also excludes: (1) any person or entity which during the Class Period purchased or otherwise acquired Valeant Securities and has been promised or received a payment from or on behalf of the Valeant Defendants related to or arising from litigation related to its Class Period transactions in Valeant Securities other than a payment of attorneys fees or costs to counsel for such person or entity; (2) any Class Member on Exhibit A to the Final Judgment that validly and timely requested exclusion in accordance with the requirements set by the Court in this Notice; and (3) anyone on Exhibit B to the Final Judgment who has filed an individual action and not dismissed their claim and sought to be included in the Class.

**PLEASE NOTE:** Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim and Release that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before May 6, 2020.

- 10 -

## WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?

The Settlement, if approved, will result in the creation of a cash settlement fund of $1,210,000,000.00. This fund, plus accrued interest and minus the costs of this Notice and all costs associated with the administration of the Settlement, any taxes and tax expenses, as well as attorneys' fees and expenses, and any award to Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class, as approved by the Court (the "Net Settlement Fund"), will be distributed to eligible Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, members of the Class who timely submit valid Claim Forms that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Claim Forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the settlement website, www.ValeantSecuritiesSettlement.com.

The Plan of Allocation is intended to compensate Class Members who purchased or acquired Valeant common stock, call options, and/or certain bonds[8],

---

[8]   There are eleven (11) bonds eligible for Exchange Act claims: (i) the 5.375% senior notes due 2020, CUSIP 91831AAA (the "AAA Notes"); (ii) the 5.875% senior notes due 2023, CUSIP 91831AAB (the "AAB Notes"); (iii) the 6.125% senior notes due 2025, CUSIP 91831AAC (the "AAC Notes"); (iv) the 7.5% senior notes due 2021, CUSIP 92912EAA (the "EAA Notes"); (v) the 6.75% senior notes due 2018, CUSIP 92912EAC (the "EAC Notes"); (vi) the 6.375% senior notes due 2020, CUSIP 91829KAA (the "KAA Notes"); (vii) the 5.625% senior notes due 2021, CUSIP 91911KAD (the "KAD Notes"); (viii) the 5.5% senior notes due 2023, CUSIP 91911KAE (the "KAE Notes"); (ix) the 7.0% senior notes due 2020, CUSIP 91911XAM (the "XAM Notes"); (x) the 6.75% senior notes due 2021, CUSIP 91911XAQ (the "XAQ Notes"); and (xi) the 7.25% senior notes due 2022, CUSIP 91911XAS (the "XAS Notes").

and/or sold put options during the Class Period and were damaged thereby under the Securities Exchange Act of 1934 ("Exchange Act") and Class Members who purchased or acquired Valeant common stock[9] pursuant to certain registration statements or offering materials[10] and were damaged thereby under the Securities Act of 1933 ("Securities Act"). Collectively, the Valeant common stock, call options, put options, and bonds that were damaged under the Exchange Act are referred to as the "Exchange Act Securities." Shares of Valeant common stock that were damaged under the Securities Act are referred to as the "Securities Act Securities." No other securities other than the Exchange Act Securities and Securities Act Securities are eligible for compensation under the Settlement.[11]

In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the prices of the Valeant Securities. As the result of the alleged corrective disclosures, artificial inflation was removed from the prices of Valeant Securities on September 28, 2015, September 29, 2015, October 5, 2015, October 15, 2015, October 19, 2015, October 20, 2015, October 21, 2015, October 22, 2015, October 26, 2015, October 29, 2015, October 30, 2015, November 4, 2015, November 5, 2015, February 19, 2016, February 22, 2016, February 29, 2016, March 15, 2016, and June 7, 2016.

## ALLOCATION OF THE NET SETTLEMENT FUND

As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis according to recognized claims for Class Member's Exchange Act damages (which will be calculated based on the claimant's purchases of Valeant Exchange Act Securities during the Class Period) and Class Member's Securities Act damages

---

[9]   Bonds are not eligible for Securities Act claims under this Plan of Allocation. Neither call options purchased nor put options sold are eligible for Securities Act claims under this Plan of Allocation.

[10]   These registration statements were: the March 16, 2015 Form 424(b)5 Prospectus Supplement (to the shelf registration and prospectus dated June 10, 2013), and the March 18, 2015 Form 424(b)5 Prospectus Supplement (to the prospectus dated June 10, 2013). Collectively, the "March 2015 Offering Materials."

[11]   The Exchange Act Securities and the Securities Act Securities are referred to collectively as the "Valeant Securities" or as a "Valeant Security."

(which will be calculated based on the claimant's purchases of Valeant Securities Act Securities pursuant to a Registration Statement).[12]

The Net Settlement Fund will be allocated to Authorized Claimants as follows: (a) at least 95% of the Net Settlement Fund will be allocated collectively to Valeant common stock and the specified Valeant debt securities; and (b) no more than 5% of the Net Settlement Fund will be allocated to options on Valeant common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

For each Class Period purchase of a Valeant Security that is properly documented, a "Recognized Loss Amount" will be calculated for that security according to the formulas described below. Such Recognized Loss Amounts will be aggregated across all Valeant Securities to determine the "Overall Recognized Loss Amounts" for each Class Member.

The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

## I. EXCHANGE ACT RECOGNIZED LOSS AMOUNTS

For the Exchange Act Securities, estimated damages and the Plan were developed based on event study analysis, which determines how much artificial inflation was in the prices of such securities on each day during the Class Period by measuring how much the prices declined as a result of disclosures that corrected the alleged misrepresentations and omissions. An Exchange Act Recognized Loss Amount is calculated for each Class Member who purchased Exchange Act Securities during the Class Period based on when that claimant purchased and sold the securities, or retained the securities beyond the end of the Class Period.

---

[12] Unless otherwise indicated, any transactions in Valeant Exchange Act Securities or Securities Act Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Based on the formulas presented below, an "Exchange Act Recognized Loss Amount" will be calculated for each purchase or acquisition of Valeant Exchange Act Securities during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

### A.  Calculation of Exchange Act Recognized Loss Amount for Class Members with 10(b) Claims

#### 1.  Valeant Common Stock

1. For each share of Valeant common stock purchased or otherwise acquired during the Class Period, the claim per share shall be as follows:

(a)  Sold with an equal, or greater, level of percent inflation (see Table-A), the Exchange Act Recognized Loss Amount is zero.

(b)  Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)  Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of:

(i)  the purchase price multiplied by the percent inflation at the time of purchase (see Table-A) less the sales price multiplied by the percent inflation at the time of sale (see Table-A); and

(ii)  the difference between the purchase price and the sales price.

(d)  Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *least* of:

(i)  the purchase price multiplied by the percent inflation at the time of purchase (see Table-A);

(ii)  the difference between the purchase price and the sales price; and

- 14 -

(iii)    the difference between the purchase price and the average closing price up to the date of sale as set forth in Table-C below.

(e)    Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of:

(i)    the purchase price multiplied by the percent inflation at the time of purchase (see Table-A); and

(ii)    the difference between the purchase price and $24.43 per share.[13]

## 2.    Valeant AAA Note

For each $100 of par of Valeant AAA Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)    Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)    Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)    Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the

---

[13] Under Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Exchange Act Recognized Loss Amounts for Valeant common stock are reduced to an appropriate extent by taking into account the closing prices of Valeant common stock during the 90-day look-back period. The mean (average) closing price for Valeant common stock during this 90-day look-back period was $24.43 per share as shown in Table-C.

- 15 -

inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)     Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)     Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $89.74 per $100 of par.[14]

### 3.     Valeant AAB Note

For each $100 of par of Valeant AAB Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)     Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)     Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)     Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

---

[14] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant AAA Notes are reduced to an appropriate extent by taking into account the closing prices for Valeant AAA Notes during the 90-day look-back period. The mean (average) price for Valeant AAA Notes during this 90-day look-back period was $89.74 per $100 of par as shown in Table-C.

(d)    Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)    Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $84.32 per $100 of par.[15]

### 4.    Valeant AAC Note

For each $100 of par of Valeant AAC Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)    Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)    Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)    Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)    Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the

---

[15]  Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant AAB Notes are reduced to an appropriate extent by taking into account the closing prices for Valeant AAB Notes during the 90-day look-back period.  The mean (average) price for Valeant AAB Notes during this 90-day look-back period was $84.32 per $100 of par as shown in Table-C.

inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)     Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $83.72 per $100 of par.[16]

### 5.     Valeant EAA Note

For each $100 of par of Valeant EAA Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)     Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)     Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)     Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)     Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

---

[16] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant AAC Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant AAC Notes during the 90-day look-back period.  The mean (average) price for Valeant AAC Notes during this 90-day look-back period was $83.72 per $100 of par as shown in Table-C.

(e)   Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $92.70 per $100 of par.[17]

**6.   Valeant EAC Note**

For each $100 of par of Valeant EAC Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)   Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)   Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)   Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)   Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)   Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[17] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant EAA Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant EAA Notes during the 90-day look-back period.  The mean (average) price for Valeant EAA Notes during this 90-day look-back period was $92.70 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $98.55 per $100 of par.[18]

### 7.   Valeant KAA Note

For each $100 of par of Valeant KAA Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)   Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)   Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)   Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)   Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)   Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[18]   Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant EAC Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant EAC Notes during the 90-day look-back period. The mean (average) price for Valeant EAC Notes during this 90-day look-back period was $98.55 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $90.45 per $100 of par.[19]

### 8.    Valeant KAD Note

For each $100 of par of Valeant KAD Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)    Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)    Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)    Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)    Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)    Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[19] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant KAA Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant KAA Notes during the 90-day look-back period. The mean (average) price for Valeant KAA Notes during this 90-day look-back period was $90.45 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $85.97 per $100 of par.[20]

9.    **Valeant KAE Note**

For each $100 of par of Valeant KAE Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)    Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)    Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)    Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)    Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)    Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[20] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant KAD Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant KAD Notes during the 90-day look-back period.  The mean (average) price for Valeant KAD Notes during this 90-day look-back period was $85.97 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $83.15 per $100 of par.[21]

### 10.   Valeant XAM Note

For each $100 of par of Valeant XAM Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)   Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)   Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)   Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)   Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)   Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[21] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant KAE Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant KAE Notes during the 90-day look-back period.  The mean (average) price for Valeant KAE Notes during this 90-day look-back period was $83.15 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $93.37 per $100 of par.[22]

### 11.   Valeant XAQ Note

For each $100 of par of Valeant XAQ Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)   Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)   Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)   Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)   Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)   Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[22] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant XAM Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant XAM Notes during the 90-day look-back period. The mean (average) price for Valeant XAM Notes during this 90-day look-back period was $93.37 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $90.19 per $100 of par.[23]

### 12. Valeant XAS Note

For each $100 of par of Valeant XAS Notes purchased or otherwise acquired during any of the periods shown below in Table-B, and:

(a)     Sold within the same period, the Exchange Act Recognized Loss Amount is zero.

(b)     Sold prior to September 28, 2015, the Exchange Act Recognized Loss Amount per share is zero.

(c)     Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Exchange Act Recognized Loss Amount per share is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); and (ii) the purchase price less the sales price.

(d)     Retained at the end of June 7, 2016, and sold on or before September 2, 2016, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *least* of: (i) the inflation at purchase per $100 of par less the inflation at sale per $100 of par (see Table-B); (ii) the purchase price less the sales price; and (iii) the difference between the purchase price and the average price up to the date of sale as set forth in Table-C below.

(e)     Held as of the close of trading on September 2, 2016, or sold thereafter, the Exchange Act Recognized Loss Amount per $100 of par is equal to the *lesser* of: (i) the inflation at purchase per $100 of par less the inflation at

---

[23] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant XAQ Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant XAQ Notes during the 90-day look-back period. The mean (average) price for Valeant XAQ Notes during this 90-day look-back period was $90.19 per $100 of par as shown in Table-C.

sale per $100 of par (see Table-B); and (ii) the difference between the purchase price and $89.85 per $100 of par.[24]

### 13. Options

In order to have an Exchange Act Recognized Loss Amount for options on Valeant common stock, the option contract must have been purchased or written (sold) *and* the position remained open through at least one of the following dates: September 28, 2015, September 29, 2015, October 5, 2015, October 15, 2015, October 19, 2015, October 20, 2015, October 21, 2015, October 22, 2015, October 26, 2015, October 29, 2015, October 30, 2015, November 4, 2015, November 5, 2015, February 19, 2016, February 22, 2016, February 29, 2016, March 15, 2016, and/or June 7, 2016.[25]

    1.    For <u>call options</u> on Valeant common stock <u>purchased or otherwise acquired</u> during the Class Period, and:

    (a)    Closed (through sale, exercise or expiration) before September 28, 2015, the Exchange Act Recognized Loss Amount is zero.

    (b)    Closed (through sale, exercise or expiration) without being held through at least one of the above-mentioned disclosures (*see* page 26), the Exchange Act Recognized Loss Amount is zero.

---

[24] Consistent with the requirements of Section 21(D)(e)(1) of the Exchange Act, Exchange Act Recognized Loss Amounts for Valeant XAS Notes are reduced to an appropriate extent by taking into account the closing prices of Valeant XAS Notes during the 90-day look-back period. The mean (average) price for Valeant XAS Notes during this 90-day look-back period was $89.85 per $100 of par as shown in Table-C.

[25] To participate in the Settlement, claimants must provide adequate documentation to establish that each call option and put option purchased or sold remained open through at least one of the disclosures identified above. With respect to shares of Valeant common stock purchased or sold through the exercise of an option, the purchase/sale date of the Valeant common stock is the exercise date of the option, and the purchase/sale price of the Valeant common stock is the exercise price of the option.

(c)     Held though at least one of the above-mentioned disclosures (*see* page 26), the Exchange Act Recognized Loss Amount is the difference between the price paid for the call option less the proceeds received upon settlement of the call option contract.

2.     For call options on Valeant common stock written or otherwise sold, the Exchange Act Recognized Loss Amount is zero.

3.     For put options on Valeant common stock written or otherwise sold during the Class Period, and:

(a)     Closed (through purchase, exercise or expiration) before September 28, 2015, the Exchange Act Recognized Loss Amount is zero.

(b)     Closed (through purchase, exercise or expiration) without being held through at least one of the above-mentioned disclosures (*see* page 26), the Exchange Act Recognized Loss Amount is zero.

(c)     Held though at least one of the above-mentioned disclosures (*see* page 26), the Exchange Act Recognized Loss Amount is the difference between the amount(s) paid upon settlement of the put option contract less the initial proceeds received upon the sale of the put option contract.

4.     For put options on Valeant common stock purchased or otherwise acquired, the Exchange Act Recognized Loss Amount is zero.

**B.     Calculation of Exchange Act Recognized Loss Amount for Class Members with 20A Claims**

**1.     Valeant Common Stock**

Based on the formulas stated below, an "Exchange Act Recognized Loss Amount" will be calculated for each purchase or acquisition of Valeant common stock between June 10, 2015 and June 15, 2015, inclusive, that is listed on the Claim Form and for which adequate documentation is provided.

For each share of Valeant common stock purchased or otherwise acquired between June 10, 2015 and June 15, 2015, inclusive, and:

(a)     Sold prior to September 28, 2015, the Recognized Loss Amount per share is zero.

- 27 -

(b)     Sold on or after September 28, 2015 and prior to the close of trading on June 7, 2016, the Recognized Loss Amount per share is the difference between the purchase price and the sale price.

(c)     Retained at the end of June 7, 2016, the Recognized Loss Amount per share is the difference between the purchase price and $24.64.

Class Members who did not purchase or otherwise acquire Valeant common stock between June 10, 2015 and June 15, 2015, inclusive, do not have a valid Section 20A Claim under this Plan of Allocation. Class Members with Section 20A Claims in connection with their purchases or acquisitions of Valeant common stock between June 10, 2015 and June 15, 2015, inclusive, shall forfeit their Section 10(b) Claims in connection with those purchases.

## II.     SECURITIES ACT RECOGNIZED LOSS AMOUNTS

Securities Act claims were asserted with respect to Valeant Securities Act Securities purchased or otherwise acquired pursuant or traceable to the March 2015 Offering Materials.  The Section 11 Securities Act claims asserted in the Litigation serve as the basis for the calculation of Securities Act Recognized Loss Amounts. Section 11 provides a statutory formula for the calculation of damages under that provision.  The formula set forth below, developed by Plaintiffs' damages expert generally tracks the statutory scheme for causation and damages. For purposes of the calculations, June 24, 2016 is the date of suit, and is the proxy for the date of judgment.

Based on the formulas stated below, a "Securities Act Recognized Loss Amount" will be calculated for each purchase/acquisition of Valeant Securities Act Securities.  If a Securities Act Recognized Loss Amount calculates to a negative number or zero under the formula below, that number will be zero.

For the Securities Act Securities, a Securities Act Recognized Loss Amount will be calculated as set forth below for each purchase or other acquisition of a security pursuant or traceable to a Registration Statement.  The calculation of a Securities Act Recognized Loss Amount will depend upon several factors, including (i) when the security was purchased or otherwise acquired; and (ii) whether the security was sold, and if so, when it was sold, and for what amount.  The "value" of a security on the date on which a complaint was first filed alleging claims under Section 11 of the Securities Act is relevant for purposes of calculating damages for securities still held as of that date under Section 11(e). This "value" is measured by the closing price on June 24, 2016, which is the date the complaint was filed.

## A.   Valeant's March 2015 Secondary Stock Offering

For each share of Valeant common stock purchased or acquired pursuant to the Company's March 2015 Offering Materials, and

(a)   Sold prior to September 28, 2015, the Securities Act Recognized Loss Amount per share is zero.

(b)   Sold on or after September 28, 2015, and prior to the close of trading on June 24, 2016, the Securities Act Recognized Loss Amount per share is equal to the *lesser* of:

(i)   the purchase/acquisition price per share (not to exceed $199.00, the issue price of the March Offering) multiplied by the percent inflation at the time of purchase (see Table A) less the sales price multiplied by the percent inflation at the time of sale (see Table A); and

(ii)   the purchase/acquisition price per share (not to exceed $199.00, the issue price of the March Offering) less the sales price per share.

(c)   Retained as of the close of trading on June 24, 2016, or, sold on or after June 25, 2016, the Recognized Loss Amount for each share shall be the *lesser* of:

(i)   the purchase/acquisition price per share (not to exceed $199.00, the issue price of the March Offering) multiplied by the percent inflation at the time of purchase (see Table A); and

(ii)   $178.73 per share (equal to $199.00 less $20.27).

Class Members with Section 11 Claims in connection with their purchases or acquisitions of Valeant common stock pursuant to the March 2015 Offering Materials will receive either Recognized Loss Amounts under their Section 11 Claims or their Section 10(b) Claims in connection with those purchases, whichever results in the larger Recognized Loss Amount, but not both.

## ADDITIONAL PROVISIONS

If a Class Member held Valeant Securities at the beginning of the Class Period or made multiple purchases, acquisitions or sales of Valeant Securities during or after the Class Period, the starting point for calculating a claimant's Recognized Loss is to match the claimant's holdings, purchases and acquisitions to their sales using the

FIFO (*i.e.*, first-in-first-out) method. Under the FIFO method, Valeant Securities sold during the Class Period will be matched, in chronological order, first against the respective securities held at the beginning of the Class Period. The remaining sales of Valeant Securities during the Class Period will then be matched, in chronological order against the respective security purchased or acquired during the Class Period.

Purchases or acquisitions and sales of Valeant Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Valeant Securities during the Class Period shall not be deemed a purchase, acquisition or sale of Valeant Securities for the calculation of Recognized Loss, unless (i) the donor or decedent purchased or otherwise acquired such Valeant Securities during the Class Period; (ii) no Proof of Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Valeant Securities; and (iii) it is specifically so provided in the instrument of gift or assignment.

With respect to all of a Claimant's transactions in Valeant Securities during the Class Period, the Claims Administrator will determine if each Claimant had a "market gain" or "market loss." If a Claimant had an overall market gain, the value of the Claimant's "Recognized Claim" shall be zero and such Claimants shall be bound by the Settlement. If the Claimant had an overall market loss, the value of the Claimant's Recognized Claim shall be the *lesser* of the (a) overall market loss; and (b) the Overall Recognized Loss Amounts as calculated above.

An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of the Recognized Claim of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. Given the costs of distribution, the Net Settlement Fund will be allocated among all Authorized Claimants whose distribution amount is $10.00 or greater.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants

in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Lead Plaintiff's counsel, or any of the Released Persons, based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail to complete and submit a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Settlement, including the terms of any judgment entered and the releases given.

**TABLE-A**
**Valeant Common Stock Inflation**

| Date Range | | Inflation as Percent of Purchase Price |
|---|---|---|
| 1/4/2013 | 3/27/2013 | 56.98% |
| 3/28/2013 | 6/27/2013 | 58.43% |
| 6/28/2013 | 9/29/2013 | 59.92% |
| 9/30/2013 | 12/30/2013 | 62.02% |
| 12/31/2013 | 3/30/2014 | 64.83% |
| 3/31/2014 | 6/29/2014 | 67.40% |
| 6/30/2014 | 9/29/2014 | 70.18% |
| 9/30/2014 | 12/30/2014 | 72.98% |
| 12/31/2014 | 3/30/2015 | 82.64% |
| 3/31/2015 | 6/29/2015 | 87.77% |
| 6/30/2015 | 9/27/2015 | 91.49% |
| 9/28/2015 | 9/28/2015 | 90.29% |
| 9/29/2015 | 10/4/2015 | 89.71% |
| 10/5/2015 | 10/14/2015 | 88.50% |
| 10/15/2015 | 10/18/2015 | 87.64% |
| 10/19/2015 | 10/19/2015 | 86.57% |
| 10/20/2015 | 10/20/2015 | 85.36% |
| 10/21/2015 | 10/21/2015 | 82.04% |
| 10/22/2015 | 10/25/2015 | 80.37% |
| 10/26/2015 | 10/28/2015 | 79.16% |
| 10/29/2015 | 10/29/2015 | 78.05% |
| 10/30/2015 | 11/3/2015 | 74.19% |
| 11/4/2015 | 11/4/2015 | 72.69% |
| 11/5/2015 | 2/18/2016 | 70.76% |
| 2/19/2016 | 2/21/2016 | 67.76% |
| 2/22/2016 | 2/28/2016 | 63.67% |
| 2/29/2016 | 3/14/2016 | 56.63% |
| 3/15/2016 | 6/6/2016 | 12.85% |
| On and after 6/7/2016 | | 0.00% |

## TABLE-B
### Inflation Per $100 Par Value

| Start Date | End Date | AAA Note | AAB Note | AAC Note | EAA Note | EAC Note | KAA Note | KAD Note | KAE Note | XAM Note | XAQ Note | XAS Note |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1/4/2013 | 3/27/2013 | | | | | | $2.29 | | | $1.93 | $2.87 | $3.08 |
| 3/28/2013 | 6/27/2013 | | | | | | $3.24 | | | $2.55 | $3.79 | $3.74 |
| 6/28/2013 | 9/29/2013 | | | | $4.81 | $4.77 | $4.22 | | | $3.19 | $4.73 | $4.42 |
| 9/30/2013 | 11/14/2013 | | | | $6.04 | $5.99 | $5.59 | | | $4.08 | $6.05 | $5.38 |
| 11/15/2013 | 12/30/2013 | | | | $6.04 | $5.99 | $5.59 | $7.16 | | $4.08 | $6.05 | $5.38 |
| 12/31/2013 | 3/30/2014 | | | | $7.69 | $7.61 | $7.43 | $8.91 | | $5.28 | $7.82 | $6.66 |
| 3/31/2014 | 6/29/2014 | | | | $9.21 | $9.10 | $9.11 | $10.51 | | $6.37 | $9.44 | $7.83 |
| 6/30/2014 | 9/29/2014 | | | | $10.84 | $10.70 | $10.93 | $12.24 | | $7.55 | $11.19 | $9.09 |
| 9/30/2014 | 12/30/2014 | | | | $12.49 | $12.32 | $12.76 | $13.99 | | $8.74 | $12.95 | $10.37 |
| 12/31/2014 | 1/14/2015 | | | | $22.88 | $22.53 | $22.83 | $25.84 | | $19.59 | $21.40 | $16.85 |
| 1/15/2015 | 3/12/2015 | | | | $22.88 | $22.53 | $22.83 | $25.84 | $28.91 | $19.59 | $21.40 | $16.85 |
| 3/13/2015 | 3/30/2015 | $23.36 | $28.97 | $30.08 | $22.88 | $22.53 | $22.83 | $25.84 | $28.91 | $19.59 | $21.40 | $16.85 |
| 3/31/2015 | 6/29/2015 | $28.15 | $34.42 | $36.44 | $27.44 | $27.01 | $27.42 | $30.94 | $34.41 | $23.98 | $25.41 | $19.87 |
| 6/30/2015 | 9/27/2015 | $30.53 | $37.10 | $39.32 | $29.63 | $29.16 | $29.85 | $33.26 | $37.12 | $25.56 | $27.75 | $21.56 |
| 9/28/2015 | 9/28/2015 | $29.52 | $34.71 | $36.88 | $28.02 | $27.51 | $29.85 | $30.40 | $37.12 | $24.54 | $27.75 | $21.56 |
| 9/29/2015 | 10/4/2015 | $29.52 | $34.71 | $36.88 | $28.02 | $27.51 | $28.88 | $30.40 | $33.67 | $24.54 | $26.32 | $20.92 |
| 10/5/2015 | 10/14/2015 | $28.35 | $32.90 | $34.92 | $28.02 | $27.51 | $27.96 | $30.40 | $31.82 | $24.54 | $26.32 | $20.92 |
| 10/15/2015 | 10/19/2015 | $27.25 | $31.61 | $33.51 | $26.76 | $26.23 | $27.05 | $29.28 | $30.35 | $24.54 | $25.44 | $19.75 |
| 10/20/2015 | 10/20/2015 | $27.25 | $30.72 | $33.51 | $26.76 | $26.23 | $26.35 | $29.28 | $30.35 | $24.54 | $25.44 | $19.75 |
| 10/21/2015 | 10/21/2015 | $21.81 | $25.13 | $28.10 | $19.97 | $19.37 | $21.78 | $23.07 | $23.82 | $18.25 | $18.87 | $12.59 |
| 10/22/2015 | 10/25/2015 | $21.81 | $23.30 | $28.10 | $19.97 | $19.37 | $18.16 | $21.43 | $23.82 | $16.73 | $16.08 | $9.91 |
| 10/26/2015 | 10/28/2015 | $18.61 | $21.66 | $26.06 | $19.97 | $19.37 | $16.54 | $19.60 | $21.07 | $16.73 | $12.20 | $8.22 |
| 10/29/2015 | 10/29/2015 | $18.61 | $21.66 | $23.54 | $19.97 | $19.37 | $16.54 | $17.81 | $21.07 | $16.73 | $12.20 | $8.22 |
| 10/30/2015 | 11/3/2015 | $17.00 | $21.66 | $23.54 | $18.01 | $17.45 | $15.11 | $17.81 | $21.07 | $16.73 | $9.50 | $5.61 |
| 11/4/2015 | 11/4/2015 | $17.00 | $19.41 | $23.54 | $18.01 | $17.45 | $15.11 | $17.81 | $21.07 | $16.73 | $9.50 | $5.61 |
| 11/5/2015 | 2/20/2016 | $16.11 | $19.41 | $23.54 | $17.12 | $16.57 | $14.18 | $16.66 | $19.87 | $15.60 | $8.18 | $3.57 |
| 2/22/2016 | 2/28/2016 | $13.31 | $16.84 | $16.89 | $17.12 | $16.57 | $14.18 | $13.18 | $16.62 | $13.35 | $8.18 | $3.57 |
| 2/29/2016 | 3/14/2016 | $9.62 | $10.14 | $10.87 | $11.00 | $10.49 | $10.11 | $10.48 | $9.79 | $8.75 | $5.25 | $3.57 |
| 3/15/2016 | thereafter | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

## TABLE-C
### Valeant Securities Average Closing Prices
### June 7, 2016 – September 2, 2016

| Date | Common Stock | AAA Note | AAB Note | AAC Note | EAA Note | EAC Note | KAA Note | KAD Note | KAE Note | XAM Note | XAQ Note | XAS Note |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/7/2016 | $24.64 | $87.25 | $82.63 | $82.00 | $90.25 | $96.75 | $88.00 | $84.00 | $82.06 | $91.00 | $87.50 | $86.56 |
| 6/8/2016 | $24.28 | $87.53 | $82.81 | $82.25 | $90.26 | $97.06 | $88.38 | $84.00 | $82.16 | $91.13 | $87.75 | $86.66 |
| 6/9/2016 | $24.68 | $87.75 | $83.21 | $82.65 | $90.59 | $97.38 | $88.52 | $84.00 | $82.44 | $91.13 | $87.80 | $87.27 |
| 6/10/2016 | $24.55 | $87.38 | $82.82 | $82.48 | $90.57 | $97.39 | $88.21 | $83.75 | $81.99 | $91.13 | $87.56 | $87.27 |
| 6/13/2016 | $24.39 | $87.32 | $82.70 | $82.22 | $90.50 | $97.41 | $88.17 | $83.75 | $81.94 | $91.17 | $87.38 | $86.96 |
| 6/14/2016 | $24.35 | $87.23 | $82.67 | $82.41 | $90.38 | $97.55 | $88.18 | $83.57 | $81.99 | $91.13 | $87.36 | $86.91 |
| 6/15/2016 | $24.25 | $87.20 | $82.65 | $82.37 | $90.39 | $97.65 | $88.15 | $83.51 | $82.07 | $91.15 | $87.30 | $86.91 |
| 6/16/2016 | $24.02 | $87.17 | $82.60 | $82.17 | $90.26 | $97.69 | $88.17 | $83.43 | $81.84 | $90.92 | $87.30 | $86.80 |
| 6/17/2016 | $23.80 | $87.15 | $82.60 | $82.09 | $90.26 | $97.67 | $88.11 | $83.43 | $81.84 | $90.92 | $87.30 | $86.72 |
| 6/20/2016 | $23.67 | $87.16 | $82.54 | $82.03 | $90.25 | $97.70 | $88.11 | $83.44 | $81.86 | $90.92 | $87.30 | $86.75 |
| 6/21/2016 | $23.49 | $87.14 | $82.43 | $81.96 | $90.27 | $97.68 | $88.12 | $83.20 | $81.86 | $90.85 | $87.31 | $86.78 |
| 6/22/2016 | $23.34 | $87.13 | $82.38 | $81.88 | $90.24 | $97.65 | $88.13 | $83.23 | $81.82 | $90.81 | $87.28 | $86.80 |
| 6/23/2016 | $23.25 | $87.16 | $82.32 | $81.84 | $90.14 | $97.62 | $88.10 | $83.23 | $81.76 | $90.78 | $87.28 | $86.80 |
| 6/24/2016 | $23.04 | $87.04 | $82.22 | $81.73 | $90.14 | $97.56 | $88.01 | $83.14 | $81.76 | $90.57 | $87.28 | $86.80 |
| 6/27/2016 | $22.75 | $86.87 | $82.01 | $81.55 | $89.94 | $97.46 | $87.81 | $82.85 | $81.45 | $90.57 | $87.28 | $86.80 |
| 6/28/2016 | $22.58 | $86.75 | $81.87 | $81.40 | $89.76 | $97.36 | $87.67 | $82.70 | $81.29 | $90.57 | $87.28 | $86.59 |
| 6/29/2016 | $22.44 | $86.69 | $81.78 | $81.38 | $89.67 | $97.31 | $87.60 | $82.68 | $81.21 | $90.39 | $87.12 | $86.54 |
| 6/30/2016 | $22.32 | $86.63 | $81.72 | $81.34 | $89.60 | $97.27 | $87.51 | $82.67 | $81.15 | $90.27 | $87.00 | $86.50 |
| 7/1/2016 | $22.22 | $86.62 | $81.72 | $81.32 | $89.60 | $97.25 | $87.57 | $82.67 | $81.15 | $90.25 | $86.95 | $86.50 |
| 7/5/2016 | $22.10 | $86.64 | $81.73 | $81.32 | $89.60 | $97.25 | $87.59 | $82.72 | $81.12 | $90.23 | $86.95 | $86.47 |
| 7/6/2016 | $22.15 | $86.78 | $81.81 | $81.38 | $89.62 | $97.28 | $87.72 | $82.85 | $81.16 | $90.31 | $86.92 | $86.54 |
| 7/7/2016 | $22.21 | $86.90 | $81.89 | $81.46 | $89.70 | $97.33 | $87.85 | $82.96 | $81.23 | $90.45 | $86.92 | $86.63 |
| 7/8/2016 | $22.26 | $87.06 | $82.02 | $81.58 | $89.82 | $97.42 | $88.03 | $83.11 | $81.34 | $90.63 | $87.09 | $86.80 |
| 7/11/2016 | $22.29 | $87.23 | $82.19 | $81.72 | $89.99 | $97.50 | $88.21 | $83.32 | $81.50 | $90.86 | $87.30 | $87.06 |
| 7/12/2016 | $22.33 | $87.40 | $82.34 | $81.85 | $90.18 | $97.59 | $88.37 | $83.53 | $81.64 | $91.10 | $87.53 | $87.29 |
| 7/13/2016 | $22.30 | $87.50 | $82.41 | $81.90 | $90.28 | $97.61 | $88.49 | $83.69 | $81.69 | $91.30 | $87.68 | $87.43 |
| 7/14/2016 | $22.33 | $87.60 | $82.48 | $81.97 | $90.39 | $97.63 | $88.60 | $83.81 | $81.75 | $91.30 | $87.80 | $87.55 |
| 7/15/2016 | $22.35 | $87.69 | $82.53 | $82.01 | $90.47 | $97.63 | $88.67 | $83.88 | $81.77 | $91.39 | $87.88 | $87.63 |
| 7/18/2016 | $22.39 | $87.76 | $82.56 | $82.03 | $90.53 | $97.63 | $88.74 | $83.93 | $81.80 | $91.46 | $87.93 | $87.63 |
| 7/19/2016 | $22.42 | $87.81 | $82.57 | $82.07 | $90.58 | $97.63 | $88.79 | $83.93 | $81.80 | $91.53 | $87.93 | $87.70 |
| 7/20/2016 | $22.49 | $87.86 | $82.61 | $82.11 | $90.64 | $97.65 | $88.86 | $84.00 | $81.86 | $91.61 | $87.93 | $87.78 |
| 7/21/2016 | $22.56 | $87.92 | $82.67 | $82.15 | $90.67 | $97.67 | $88.93 | $84.06 | $81.92 | $91.69 | $87.93 | $87.88 |
| 7/22/2016 | $22.56 | $87.96 | $82.72 | $82.18 | $90.72 | $97.68 | $88.97 | $84.06 | $81.92 | $91.76 | $87.93 | $87.98 |
| 7/25/2016 | $22.57 | $87.99 | $82.74 | $82.20 | $90.76 | $97.67 | $89.01 | $84.13 | $81.92 | $91.76 | $87.98 | $88.06 |
| 7/26/2016 | $22.59 | $88.00 | $82.74 | $82.20 | $90.79 | $97.67 | $89.04 | $84.13 | $81.91 | $91.79 | $87.98 | $88.06 |
| 7/27/2016 | $22.61 | $88.03 | $82.75 | $82.22 | $90.81 | $97.69 | $89.07 | $84.17 | $81.92 | $91.84 | $88.02 | $88.13 |

| Date | Common Stock | AAA Note | AAB Note | AAC Note | EAA Note | EAC Note | KAA Note | KAD Note | KAE Note | XAM Note | XAQ Note | XAS Note |
|------|------|------|------|------|------|------|------|------|------|------|------|------|
| 7/28/2016 | $22.62 | $88.06 | $82.77 | $82.26 | $90.86 | $97.70 | $89.10 | $84.20 | $81.94 | $91.88 | $88.06 | $88.20 |
| 7/29/2016 | $22.62 | $88.10 | $82.79 | $82.28 | $90.92 | $97.71 | $89.13 | $84.26 | $81.96 | $91.95 | $88.06 | $88.20 |
| 8/1/2016 | $22.57 | $88.12 | $82.80 | $82.29 | $90.96 | $97.72 | $89.17 | $84.26 | $81.95 | $91.95 | $88.12 | $88.28 |
| 8/2/2016 | $22.54 | $88.14 | $82.78 | $82.28 | $90.96 | $97.73 | $89.18 | $84.26 | $81.94 | $91.97 | $88.14 | $88.29 |
| 8/3/2016 | $22.53 | $88.15 | $82.78 | $82.27 | $90.93 | $97.74 | $89.17 | $84.26 | $81.93 | $91.99 | $88.18 | $88.29 |
| 8/4/2016 | $22.53 | $88.15 | $82.77 | $82.27 | $90.93 | $97.75 | $89.18 | $84.26 | $81.93 | $92.01 | $88.21 | $88.29 |
| 8/5/2016 | $22.51 | $88.15 | $82.77 | $82.26 | $90.92 | $97.77 | $89.18 | $84.26 | $81.93 | $92.01 | $88.21 | $88.30 |
| 8/8/2016 | $22.51 | $88.14 | $82.77 | $82.26 | $90.91 | $97.78 | $89.20 | $84.27 | $81.93 | $92.02 | $88.21 | $88.31 |
| 8/9/2016 | $22.64 | $88.25 | $82.87 | $82.37 | $91.01 | $97.84 | $89.29 | $84.41 | $82.05 | $92.14 | $88.37 | $88.46 |
| 8/10/2016 | $22.74 | $88.37 | $82.99 | $82.49 | $91.14 | $97.91 | $89.41 | $84.56 | $82.19 | $92.26 | $88.55 | $88.62 |
| 8/11/2016 | $22.78 | $88.45 | $83.09 | $82.56 | $91.24 | $97.96 | $89.48 | $84.66 | $82.26 | $92.33 | $88.68 | $88.75 |
| 8/12/2016 | $22.82 | $88.52 | $83.16 | $82.63 | $91.33 | $98.00 | $89.48 | $84.75 | $82.26 | $92.40 | $88.68 | $88.85 |
| 8/15/2016 | $22.90 | $88.60 | $83.24 | $82.71 | $91.42 | $98.03 | $89.57 | $84.83 | $82.35 | $92.48 | $88.78 | $88.96 |
| 8/16/2016 | $22.97 | $88.67 | $83.32 | $82.79 | $91.50 | $98.06 | $89.65 | $84.83 | $82.35 | $92.55 | $88.91 | $89.07 |
| 8/17/2016 | $23.11 | $88.76 | $83.41 | $82.88 | $91.62 | $98.10 | $89.76 | $84.96 | $82.47 | $92.64 | $89.06 | $89.22 |
| 8/18/2016 | $23.23 | $88.83 | $83.49 | $82.97 | $91.73 | $98.13 | $89.84 | $85.08 | $82.56 | $92.75 | $89.19 | $89.35 |
| 8/19/2016 | $23.33 | $88.90 | $83.56 | $83.06 | $91.83 | $98.16 | $89.84 | $85.19 | $82.56 | $92.84 | $89.19 | $89.46 |
| 8/22/2016 | $23.48 | $88.98 | $83.64 | $83.15 | $91.95 | $98.20 | $89.94 | $85.30 | $82.67 | $92.84 | $89.32 | $89.46 |
| 8/23/2016 | $23.62 | $89.06 | $83.73 | $83.24 | $92.06 | $98.25 | $89.94 | $85.43 | $82.77 | $92.94 | $89.49 | $89.59 |
| 8/24/2016 | $23.74 | $89.15 | $83.82 | $83.34 | $92.18 | $98.31 | $90.04 | $85.54 | $82.88 | $93.05 | $89.49 | $89.73 |
| 8/25/2016 | $23.87 | $89.24 | $83.91 | $83.42 | $92.29 | $98.35 | $90.13 | $85.66 | $82.97 | $93.16 | $89.63 | $89.73 |
| 8/26/2016 | $23.99 | $89.33 | $83.98 | $83.50 | $92.29 | $98.35 | $90.22 | $85.77 | $82.97 | $93.16 | $89.63 | $89.73 |
| 8/29/2016 | $24.10 | $89.41 | $84.06 | $83.50 | $92.29 | $98.40 | $90.22 | $85.77 | $82.97 | $93.27 | $89.79 | $89.73 |
| 8/30/2016 | $24.20 | $89.50 | $84.13 | $83.59 | $92.40 | $98.44 | $90.27 | $85.88 | $82.97 | $93.27 | $89.93 | $89.85 |
| 8/31/2016 | $24.28 | $89.58 | $84.20 | $83.66 | $92.51 | $98.48 | $90.36 | $85.97 | $83.07 | $93.27 | $90.07 | $89.85 |
| 9/1/2016 | $24.36 | $89.66 | $84.26 | $83.72 | $92.61 | $98.51 | $90.36 | $85.97 | $83.15 | $93.37 | $90.07 | $89.85 |
| 9/2/2016 | $24.43 | $89.74 | $84.32 | $83.72 | $92.70 | $98.55 | $90.45 | $85.97 | $83.15 | $93.37 | $90.19 | $89.85 |

## DO I NEED TO CONTACT LEAD COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No. If you have received this Notice and timely submit your Proof of Claim and Release to the designated address, you need not contact Lead Counsel. If your address changes, please contact the Claims Administrator at:

*Valeant Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43337
Providence, RI 02940-3337
Telephone: 1-866-524-0721
www.ValeantSecuritiesSettlement.com

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it. If the Stipulation is terminated, the Litigation will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Settlement was reached after contested motion practice directed to the sufficiency of Lead Plaintiff's claims. The parties also completed certain document discovery. Nevertheless, the Court has not reached any final decisions in connection with Lead Plaintiff's claims against Defendants. Instead, Lead Plaintiff and Defendants, along with the Former Defendants, have agreed to this Settlement, which was reached with the substantial assistance of a highly respected mediator. In reaching the Settlement, the parties have avoided the cost, delay and uncertainty of further litigation.

As in any litigation, Lead Plaintiff and the Class would face an uncertain outcome if they did not agree to the Settlement. If Lead Plaintiff succeeded at trial, Defendants would likely file appeals that would postpone final resolution of the case. Continuation of the Litigation against Defendants could result in a judgment greater than this Settlement. Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Lead Plaintiff and Lead Counsel believe that this Settlement is fair and reasonable to the Members of the Class. They have reached this conclusion for several reasons. Specifically, if the Settlement is approved, the Class will receive a certain and immediate monetary recovery. Additionally, Lead Counsel believes that the significant and immediate benefits of the Settlement, when weighed against the significant risk, delay and uncertainty of continued litigation, are a very favorable result for the Class.

Defendants and Former Defendants are entering into this Settlement because it would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation, and the uncertainty and risks inherent in any litigation. Defendants and Former Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in the Stipulation.

## WHO REPRESENTS THE CLASS?

The following attorneys are counsel for the Class:

Theodore J. Pintar
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900

If you have any questions about the Litigation, or the Settlement, you are entitled to consult with Lead Counsel by contacting counsel at the phone number listed above.

You may obtain a copy of the Stipulation by contacting the Claims Administrator at:

*Valeant Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43337
Providence, RI 02940-3337
Telephone: 1-866-824-0721
www.ValeantSecuritiesSettlement.com

## HOW WILL THE LEAD PLAINTIFF'S LAWYERS BE PAID?

Lead Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Final Approval Hearing. Lead Counsel will apply for an attorneys' fee award for Plaintiffs' Counsel in the amount of up to thirteen percent of the Settlement Amount, plus payment of Plaintiffs' Counsel's charges and expenses incurred in connection with this Litigation in an amount not to exceed $3 million, including any award(s) to Plaintiffs of no more than $175,000 in the aggregate pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and charges and expenses requested will be the only payment to Plaintiffs' Counsel for their efforts in achieving this outstanding Settlement and for their risk in undertaking this representation on a wholly contingent basis. The fees requested will compensate Plaintiffs' Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Lead Counsel.

## HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

You may request to be excluded from the Class. To do so, you must mail a written request stating that you wish to be excluded from the Class to:

> *Valeant Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> EXCLUSIONS
> 3301 Kerner Blvd.
> San Rafael, CA  94901

The request for exclusion must state: (1) your name, address, and telephone number; (2) all purchases, acquisitions and sales of Valeant Securities made from January 4, 2013 through March 15, 2016, inclusive, including the dates and prices of each purchase, acquisition or sale, and the amount of Valeant Securities purchased, otherwise acquired or sold; and (3) that you wish to be excluded from the Class. *YOUR EXCLUSION REQUEST MUST BE POSTMARKED ON OR BEFORE MAY 6, 2020*. If you submit a valid and timely request for exclusion, you shall have no rights under the Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment.

If you exclude yourself from the Class, you should understand that Defendants and Former Defendants and the other Released Persons will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under the applicable statutes of limitations or statutes of repose.

Excluding yourself from the Class is the only option that allows you to be part of any other current or future lawsuit against Defendants and Former Defendants or any of the other Released Persons concerning the Released Claims. Please note, however, that if you decide to exclude yourself from the Class, you may be time-barred from asserting the claims covered by the Litigation by applicable statutes of limitations or statutes of repose.

### CAN I OBJECT TO THE SETTLEMENT, THE REQUESTED ATTORNEYS' FEES, THE REQUESTED PAYMENT OF EXPENSES AND/OR THE PLAN OF ALLOCATION?

Yes.  If you are a Class Member and do not exclude yourself from the Class, you may object to the terms of the Settlement.  Whether or not you object to the terms of the Settlement, you may also object to the requested attorneys' fees, charges and expenses, Plaintiffs' request for awards for representing the Class and/or the Plan of Allocation.  In order for any objection to be considered, you must file a written statement, accompanied by proof of Class membership, with the Court and send a copy to Lead Counsel and Valeant's Counsel, at the addresses listed below by **May 6, 2020**.  The objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class.  The objection must also state with specificity the grounds for the objection.  The Court's address is Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608; Lead Counsel's address is Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, c/o Theodore J. Pintar; Valeant's Counsel's address is Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, c/o Craig S. Waldman.  Attendance at the Final Approval Hearing is not necessary; however, persons wishing to be heard orally at the Final Approval Hearing are required to indicate in their written objection their intention to appear at the hearing and identify any witnesses they may call to testify and exhibits, if any, they intend to introduce into evidence.

## WHAT ARE MY RIGHTS AND OBLIGATIONS UNDER THE SETTLEMENT?

If you are a Class Member and you do not exclude yourself from the Class, you may receive the benefit of, and you will be bound by, the terms of the Settlement described in this Notice, upon approval by the Court.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely complete and return the Proof of Claim and Release that accompanies this Notice. A Proof of Claim and Release is enclosed with this Notice and also may be downloaded at www.ValeantSecuritiesSettlement.com. Read the instructions carefully; fill out the Proof of Claim and Release; sign it; and mail or submit it online so that it is **postmarked (if mailed) or received (if submitted online) no later than May 6, 2020**. The Proof of Claim and Release may be submitted online at www.ValeantSecuritiesSettlement.com. If you do not submit a timely Proof of Claim and Release with all of the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the release contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

If the Settlement is approved by the Court, the Court will enter a Judgment. If the Judgment becomes final pursuant to the terms of the Stipulation, all Class Members shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged any and all of the Released Persons from all Released Claims.

- "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with both: (i) the purchase or other acquisition of Valeant Securities by Lead Plaintiff or any other Class Member between January 4, 2013 and March 15, 2016, inclusive; and (ii) the allegations, transactions, acts,

facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation. Released Claims do not include claims to enforce the Settlement, shareholder derivative claims on behalf of Valeant, governmental agency actions against the Released Persons, claims asserted in the RICO Class Action, the Canadian Actions, or the claims that are or could be asserted in this Litigation against PwC.

- "Related Parties" means each Defendant and Former Defendants' respective present and former parents, subsidiaries, divisions, controlling persons, associates, entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), consultants, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers of each of them; as well as the predecessors, successors, estates, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them, in their capacity as such. Related Parties does not include PwC.

- "Released Persons" means each and all of the Defendants, Former Defendants and their Related Parties. Released Persons does not include PwC.

- "Unknown Claims" means: (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Persons, and (b) any and all Released Defendants' Claims

against Plaintiffs, the Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and

- 42 -

release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. This paragraph does not affect any claims for contractual or other indemnification rights between or among the Defendants and Former Defendants. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## THE FINAL APPROVAL HEARING

The Court will hold a Final Approval Hearing on May 27, 2020, at 10:00 a.m., before the Honorable Dennis M. Cavanaugh, U.S.D.J. (Ret.), Special Master, at the United States District Court for the District of New Jersey, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Courtroom 1, Trenton, New Jersey 08608, for the purpose of determining whether: (1) the Settlement as set forth in the Stipulation for $1,210,000,000.00 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Class should be finally certified pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for purposes of settlement only; (3) Judgment as provided under the Stipulation should be entered; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund and, if so, in what amount; (5) to award Plaintiffs an amount pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class out of the Settlement Fund and, if so, in what amount; and (6) the Plan of Allocation should be approved by the Court. The Court may adjourn or continue the Final Approval Hearing without further notice to Members of the Class.

Any Class Member may appear at the Final Approval Hearing and be heard on any of the foregoing matters; provided, however, that no such person shall be heard unless his, her, or its objection is made in writing and is filed, together with proof of membership in the Class and with copies of all other papers and briefs to be submitted

by him, her, or it to the Court at the Final Approval Hearing, with the Court no later than May 6, 2020, and showing proof of service on the following counsel:

| | |
|---|---|
| Theodore J. Pintar | Craig S. Waldman |
| **ROBBINS GELLER RUDMAN** | **SIMPSON THACHER &** |
| **& DOWD LLP** | **BARTLETT LLP** |
| 655 West Broadway, Suite 1900 | 425 Lexington Avenue |
| San Diego, CA 92101 | New York, NY 10017 |
| | |
| *Attorneys for Lead Plaintiff* | *Attorneys for Valeant* |

Unless otherwise directed by the Court, any Class Member who does not make his, her or its objection in the manner provided shall be deemed to have waived all objections to this Settlement and shall be foreclosed from raising (in this or any other proceeding or on any appeal) any objection and any untimely objection shall be barred.

If you hire an attorney (at your own expense) to represent you for purposes of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the address set out above) by no later than May 6, 2020.

## INJUNCTION

The Court has issued an order enjoining all Class Members from instituting, commencing, maintaining or prosecuting any action in any court or tribunal that asserts Released Claims against any Released Persons, pending final determination by the Court of whether the Settlement should be approved.

## HOW DO I OBTAIN ADDITIONAL INFORMATION?

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Litigation may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the United States District Court for the District of New Jersey. For a fee, all papers filed in this Litigation are available at www.pacer.gov. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim and Release and proposed Judgment may be obtained by contacting the Claims Administrator at:

*Valeant Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43337
Providence, RI 02940-3337
Email: info@ValeantSecuritiesSettlement.com
Telephone: 1-866-524-0721
www.ValeantSecuritiesSettlement.com

In addition, you may contact Rick Nelson, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1(800)449-4900, if you have any questions about the Litigation or the Settlement.

## DO NOT WRITE TO OR TELEPHONE THE COURT FOR INFORMATION

## SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

If you hold any Valeant Securities purchased or acquired during the Class Period, as a nominee for a beneficial owner, then, within fourteen (14) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Valeant Securities Litigation*
c/o Gilardi & Co. LLC
P.O. Box 43337
Providence, RI 02940-3337
E-mail: info@ValeantSecuritiesSettlement.com
Telephone: 1-866-524-0721
www.ValeantSecuritiesSettlement.com

If you choose to mail the Notice and Proof of Claim and Release yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been

- 45 -

incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED:                              BY ORDER OF THE
   1 / 23 / 2020                    UNITED STATES DISTRICT COURT
                                    DISTRICT OF NEW JERSEY

**EXHIBIT A-2**

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | ) ) ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| Case No. 3:15-cv-07658-MAS-LHG. | ) ) |

Master No. 3:15-cv-07658-MAS-LHG

CLASS ACTION

Judge Michael A. Shipp

Magistrate Judge Lois H. Goodman

Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.)

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## I.   GENERAL INSTRUCTIONS

1.   To recover as a member of the Class based on your claims in the action entitled *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 3:15-cv-07658-MAS-LHG (the "Litigation"), you must complete and, on page 20 hereof, sign this Proof of Claim and Release.  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Proof of Claim and Release form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.   Submission of this Proof of Claim and Release form, however, does not assure that you will share in the proceeds of the Settlement.

3.   YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM AND RELEASE FORM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN MAY 6, 2020, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR

IN THIS CASE, AT THE FOLLOWING ADDRESS:

> *Valeant Securities Settlement*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 43337
> Providence, RI 02940-3337
> Online Submissions: www.ValeantSecuritiesSettlement.com

---

[1]   This Proof of Claim and Release incorporates by reference the definitions in the Stipulation of Settlement ("Stipulation"), which can be obtained at www.ValeantSecuritiesSettlement.com.

If you are NOT a member of the Class (as defined in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim and Release form.

4.      If you are a member of the Class and you did not timely request exclusion from the Class, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM AND RELEASE FORM.

## II.   CLAIMANT IDENTIFICATION

You are a member of the Class if you purchased or otherwise acquired Valeant Pharmaceuticals International, Inc. ("Valeant" n/k/a Bausch Health Companies Inc.) common stock, stock options or debt securities between January 4, 2013 and March 15, 2016, inclusive ("Valeant Securities"[2]).  Excluded from the Class are Defendants and Former Defendants, present and former executive officers of Defendants and Former Defendants, and members of their immediate families, present and former directors of Defendants and Former Defendants, and members of their immediate families, any

---

[2]  "Valeant Securities" means Valeant equity securities as defined in 15 U.S.C. §78c(11) and 17 C.F.R. §240.3a11-1, and Valeant debt securities, including Valeant common stock; options on Valeant common stock, defined to be the purchase or acquisition of call options and the sale of put options; and the following Valeant senior notes: (1) 5.375% senior notes due 2020; (2) 5.875% senior notes due 2023; (3) 6.125% senior notes due 2025; (4) 5.5% senior notes due 2023; (5) 5.625% senior notes due 2021; (6) 6.75% senior notes due 2018; (7) 7.5% senior notes due 2021; (8) 6.375% senior notes due 2020; (9) 7.25% senior notes due 2022; (10) 6.75% senior notes due 2021; or (11) 7.0% senior notes due 2020.  Valeant Securities does not include securities at issue in the Canadian Actions.

entity in which a Defendant or current or former director of a Defendant has control and/or a majority ownership interest, and the legal representatives, heirs, successors or assigns of any such excluded party. For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Defendant or Former Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Defendant or Former Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Defendant or Former Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in Valeant Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition. In other words, Defendants and Former Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities. The Class also excludes: (1) any person or entity which during the Class Period purchased or otherwise acquired Valeant Securities and has been promised or received a payment from or on behalf of the Valeant Defendants related to or arising from litigation related to its Class Period transactions in Valeant Securities other than a payment of attorneys fees or costs to counsel for such person or entity; (2) any Class Member on Exhibit A to the Final Judgment that validly and

- 3 -

timely requested exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action; and (3) anyone on Exhibit B to the Final Judgment who has filed an individual action and not dismissed their claim and sought to be included in the Class.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the securities which form the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE VALEANT SECURITIES UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this claim. Executors, administrators, guardians, conservators and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member. Such

- 4 -

evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All claimants MUST submit a manually signed paper Proof of Claim and Release form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Valeant Common Stock," Part III of this form entitled "Schedule of Transactions in Valeant Debt Securities" and Part IV of this form entitled "Schedule of Transactions in Valeant Stock Options" to supply all required details of your transaction(s) in Valeant Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases and acquisitions and *all* of your sales of Valeant common stock, debt securities and stock options on Valeant common stock between January 4, 2013 and September 2, 2016, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the Valeant common stock and debt securities you held at the close of trading on January 3, 2013, March 15, 2016, and September 2, 2016.  Failure to report all such transactions may result in the rejection of your claim.

If your claim includes transactions in Valeant debt securities, you must include the 3-letter type of the Valeant Note which you purchased in the space provided in the column labeled "Valeant Note Identifier." This three letter code is included in the CUSIP for each note; for example, CUSIP 91831AAA is referred to as the Valeant AAA Note. As stated in the Plan of Allocation, the Valeant debt securities are as follows, with the correct 3-letter identifier from the CUSIP listed in parentheses for each: Valeant AAA Notes (AAA); Valeant AAB Notes (AAB); Valeant AAC Notes (AAC); Valeant EAA Notes (EAA); Valeant EAC Notes (EAC); Valeant KAA Notes (KAA); Valeant KAD Notes (KAD); Valeant KAE Notes (KAE); Valeant XAM Notes (XAM); Valeant XAQ Notes (XAQ); and Valeant XAS Notes (XAS).

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of Valeant common stock, and the date of a "short sale" is deemed to be the date of sale of Valeant common stock.

For each transaction, you must provide, together with this claim form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in Valeant Securities. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

*In re Valeant Pharmaceuticals International, Inc. Securities Litigation*

No. 3:15-cv-07658-MAS-LHG

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online)
No Later Than:

May 6, 2020

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS**

**OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN VALEANT**

**SECURITIES.  FAILURE TO PROVIDE THIS DOCUMENTATION COULD**

**DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION**

**OF YOUR CLAIM.**

- 8 -

## PART I:     CLAIMANT IDENTIFICATION

```
┌─ PART I: CLAIMANT IDENTIFICATION ──────────────────────────────────────────┐
│ Last Name                                      M.I.   First Name            │
│ [      ][      ][      ][      ][      ]       [   ]  [                  ]   │
│                                                                            │
│ Last Name (Co-Beneficial Owner)                M.I.   First Name (Co-Beneficial Owner) │
│ [      ][      ][      ][      ][      ]       [   ]  [                  ]   │
│                                                                            │
│ ○ IRA    ○ Joint Tenancy    ○ Employee        ○ Individual    ○ Other____  │
│ Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA   (specify) │
│                                                                            │
│ Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above) │
│                                                                            │
│ Account#/Fund# (Not Necessary for Individual Filers)                        │
│                                                                            │
│ Social Security Number              Taxpayer Identification Number          │
│ [   ] - [  ] - [     ]     or       [   ] - [               ]              │
│                                                                            │
│ Telephone Number (Primary Daytime)  Telephone Number (Alternate)           │
│ [   ] - [   ] - [     ]             [   ] - [   ] - [     ]                │
│                                                                            │
│ Email Address                                                              │
│                                                                            │
│ ┌─ MAILING INFORMATION ──────────────────────────────────────────────┐    │
│ │ Address                                                             │    │
│ │                                                                     │    │
│ │ Address                                                             │    │
│ │                                                                     │    │
│ │ City                                  State    Zip Code             │    │
│ │                                                                     │    │
│ │ Foreign Province          Foreign Postal Code   Foreign Country Name/Abbreviation │    │
│ └─────────────────────────────────────────────────────────────────────┘    │
└────────────────────────────────────────────────────────────────────────────┘
```

## PART II:     SCHEDULE OF TRANSACTIONS IN VALEANT COMMON STOCK

A.    Number of shares of Valeant common stock held at the close of trading on January 3, 2013:

Proof Enclosed?
○ Y
○ N

B.    Purchases or acquisitions of Valeant common stock between January 4, 2013 and September 2, 2016, inclusive:

| | PURCHASES | | | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
|---|---|---|---|---|---|
| | Trade Date(s) of Shares (List Chronologically) | | Number of Shares Purchased or Acquired | | |
| | M M   D D   Y Y Y Y | | | | |
| 1. | / | / | | $ . 00 | Y N |
| 2. | / | / | | $ . 00 | Y N |
| 3. | / | / | | $ . 00 | Y N |
| 4. | / | / | | $ . 00 | Y N |
| 5. | / | / | | $ . 00 | Y N |

IMPORTANT:   (i) If any purchase listed covered a "short sale," please mark Yes:   Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

/ /

Mo        Day        Year              Merger Shares                    Company

C.    Sales of Valeant common stock between January 4, 2013 and September 2, 2016, inclusive:

| | SALES | | | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
|---|---|---|---|---|---|
| | Trade Date(s) of Shares (List Chronologically) | | Number of Shares Sold | | |
| | M M   D D   Y Y Y Y | | | | |
| 1. | / | / | | $ . 0 0 | Y N |
| 2. | / | / | | $ . 0 0 | Y N |
| 3. | / | / | | $ . 0 0 | Y N |
| 4. | / | / | | $ . 0 0 | Y N |

D.    Number of shares of Valeant common stock held at the close of trading on March 15, 2016:

Proof Enclosed?
Y
N

E.    Number of shares of Valeant common stock held at the close of trading on September 2, 2016:

Proof Enclosed?
Y
N

- 10 -

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 20.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

PART III:   SCHEDULE OF TRANSACTIONS IN VALEANT DEBT SECURITIES

A.   Holdings as of January 3, 2013 of Valeant Debt Securities.

| Note Identifier | Number of Units Held |
|---|---|
| | |
| | |
| | |
| | |

B.   Purchases or Acquisitions of Valeant Debt Securities between January 4,

2013 and September 2, 2016, inclusive:

| Trade Date Month Day Year | Note Identifier | Number of Units Purchased or Acquired | Total Purchase or Acquisition Price |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

C.   Sales of Valeant Debt Securities between January 4, 2013 and September

2, 2016, inclusive:

| Trade Date Month Day Year | Note Identifier | Number of Units Sold | Total Sales Price |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

C.    Face value of Valeant Debt Securities held at the close of trading on March 15, 2016: _____

D.    Face value of Valeant Debt Securities held at the close of trading on September 2, 2016: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 20.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

PART IV:   SCHEDULE OF TRANSACTIONS IN VALEANT STOCK
OPTIONS

A.   Purchases or acquisitions of options on Valeant common stock between
January 4, 2013 and September 2, 2016, inclusive:

| PURCHASES | | | | | |
|---|---|---|---|---|---|
| | Trade Date(s) of Options (List Chronologically) | Number of Options Purchased or Acquired | | Total Purchase or Acquisition Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Purchase Enclosed? |
| | M M   D D   Y Y Y Y | | | | |
| 1. | /   / | | $ | . 00 | Y N |
| 2. | /   / | | $ | . 00 | Y N |
| 3. | /   / | | $ | . 00 | Y N |
| 4. | /   / | | $ | . 00 | Y N |
| 5. | /   / | | $ | . 00 | Y N |

B.   Sales of stock options on Valeant common stock between January 4,
2013 and September 2, 2016, inclusive:

| SALES | | | | |
|---|---|---|---|---|
| | Trade Date(s) of Options (List Chronologically) | Number of Options Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| | M M   D D   Y Y Y Y | | | |
| 1. | /   / | | $ . 0 0 | Y N |
| 2. | /   / | | $ . 0 0 | Y N |
| 3. | /   / | | $ . 0 0 | Y N |
| 4. | /   / | | $ . 0 0 | Y N |

If you require additional space, attach extra schedules in the same format as

above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 20. FAILURE**

**TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR**

**THE REJECTION OF YOUR CLAIM.**

## IV.   SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim and Release under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of New Jersey with respect to my (our) claim as a Class Member and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with transactions in Valeant Securities during the Class Period and know of no other person having done so on my (our) behalf.

## V.   RELEASES

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge from the Released Claims each and all of the Released Persons.

2.    "Released Persons" means each and all of the Defendants, Former Defendants and their Related Parties. Released Persons does not include PwC.

3.    "Released Claims" means any and all rights, liabilities, suits, debts, obligations, demands, damages, losses, judgment matters, issues, claims (including Unknown Claims), and causes of action of every nature and description whatsoever, in

- 15 -

law, equity, or otherwise, whether accrued or unaccrued, fixed or contingent, liquidated or unliquidated, whether arising under federal, state, local, statutory, common law, foreign law, or any other law, rule, or regulation, and whether class and/or individual in nature, concerning, based on, arising out of, or in connection with both: (i) the purchase or other acquisition of Valeant Securities by Lead Plaintiff or any other Class Member between January 4, 2013 and March 15, 2016, inclusive; and (ii) the allegations, transactions, acts, facts, matters, occurrences, disclosures, statements, filings, representations, omissions, or events that were or could have been alleged or asserted in the Litigation. Released Claims do not include claims to enforce the Settlement, shareholder derivative claims on behalf of Valeant, governmental agency actions against the Released Persons, claims asserted in the RICO Class Action, the Canadian Actions, or the claims that are or could be asserted in this Litigation against PwC.

4.      "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims, that arise out of, are based upon, or relate in any way to the institution, prosecution, or settlement of the claims against Defendants or Former Defendants in the Litigation, except for claims relating to the enforcement of the Settlement or contractual or other indemnification rights.

5.      "Unknown Claims" means: (a) any and all Released Claims which the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or

might have affected his, her, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement or seek exclusion from the Class; and (b) any and all Released Defendants' Claims that the Released Persons do not know or suspect to exist in his, her, or its favor at the time of the release of the Plaintiffs, the Class and Plaintiffs' Counsel, which, if known by him, her, or it, might have affected his, her, or its settlement and release of Plaintiffs, the Class and Plaintiffs' Counsel. With respect to (a) any and all Released Claims against the Released Persons, and (b) any and all Released Defendants' Claims against Plaintiffs, the Class and Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have expressly waived, the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive and each Releasing Plaintiff Party and Released Person shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Persons acknowledge that they may hereafter discover

- 17 -

facts in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Claims against the Released Persons, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Persons shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against the Plaintiffs, the Class and Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-

contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. This paragraph does not affect any claims for contractual or other indemnification rights between or among the Defendants and Former Defendants. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Persons shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

6.     These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

7.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

8.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, acquisitions and sales of Valeant Securities during the Class Period and the number of shares of Valeant common stock and face value of debt securities held by me (us) at the close of trading on January 3, 2013, March 15, 2016, and September 2, 2016.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct and that the claimant has not previously received or been promised a payment from or on behalf of the Valeant Defendants, other than a payment of attorneys fees or costs to counsel, related to or arising from litigation related to Class Period transactions in Valeant Securities.

Executed this_____ day of _____ in _____
                                        (Month/Year)                              (City/State/Country)

_____          _____
(Sign your name here)                       (Sign your name here)

_____          _____
(Type or print your name here)              (Type or print your name here)

_____          _____
(Capacity of person(s) signing, e.g.,       (Capacity of person(s) signing, e.g.,
Beneficial Purchaser, Executor or Administrator)    Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. Do not send originals of certificates.
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. Do not use red pen or highlighter on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM AND RELEASE FORM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN MAY 6, 2020, ADDRESSED AS FOLLOWS:**

*Valeant Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 43337
Providence, RI 02940-3337
www.ValeantSecuritiesSettlement.com

- 20 -

**EXHIBIT A-3**

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | ) ) ) ) |
| | ) |
| This Document Relates To: | ) ) |
| Case No. 3:15-cv-07658-MAS-LHG. | ) ) ) |

Master No. 3:15-cv-07658-MAS-LHG

<u>CLASS ACTION</u>

Judge Michael A. Shipp

Magistrate Judge Lois H. Goodman

Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.)

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

EXHIBIT A-3

**TO:  ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED VALEANT PHARMACEUTICALS INTERNATIONAL, INC. ("VALEANT," NOW KNOWN AS BAUSCH HEALTH COMPANIES INC.) COMMON STOCK, VALEANT DEBT SECURITIES, OR CALL OPTIONS ON VALEANT COMMON STOCK, OR SOLD PUT OPTIONS ON VALEANT COMMON STOCK, DURING THE PERIOD BETWEEN JANUARY 4, 2013 AND MARCH 15, 2016, INCLUSIVE (THE "CLASS PERIOD")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on May 27, 2020, at 10:00 a.m., before the Honorable Dennis M. Cavanaugh, U.S.D.J. (Ret.), Special Master, at the Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Courtroom 1, Trenton, New Jersey 08608, to determine whether: (1) the proposed settlement (the "Settlement") of the above- captioned action as set forth in the Stipulation of Settlement ("Stipulation") for $1,210,000,000.00 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered dismissing the Litigation against all Defendants with prejudice except PriceWaterhouseCoopers LLP ("PwC"); (3) the Class should be finally certified for purposes of the Settlement only; (4) to award Lead Counsel attorneys' fees and charges and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (5) to award Plaintiffs out of the Settlement Fund pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class and, if so, in what amount; and (6) the Plan of

- 2 -

Allocation should be approved by the Court as fair, reasonable and adequate.

IF YOU PURCHASED OR OTHERWISE ACQUIRED VALEANT SECURITIES[2] BETWEEN JANUARY 4, 2013 AND MARCH 15, 2016, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form by mail **(postmarked no later than May 6, 2020)** or electronically **(no later than May 6, 2020)**. Your failure to submit your Proof of Claim and Release by May 6, 2020, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. To exclude yourself from the Class,

---

[2] "Valeant Securities" means Valeant equity securities as defined in 15 U.S.C. §78c(11) and 17 C.F.R. §240.3a11-1, and Valeant debt securities, including Valeant common stock; options on Valeant common stock, defined to be the purchase or acquisition of call options and the sale of put options; and the following Valeant senior notes: (1) 5.375% senior notes due 2020; (2) 5.875% senior notes due 2023; (3) 6.125% senior notes due 2025; (4) 5.5% senior notes due 2023; (5) 5.625% senior notes due 2021; (6) 6.75% senior notes due 2018; (7) 7.5% senior notes due 2021; (8) 6.375% senior notes due 2020; (9) 7.25% senior notes due 2022; (10) 6.75% senior notes due 2021; or (11) 7.0% senior notes due 2020. This definition does not include securities at issue in the Canadian Actions.

you must submit a written request for exclusion so that it is postmarked no later than May 6, 2020, in accordance with the instructions set forth in the Notice.  If you request exclusion, you will not recover money pursuant to the Settlement.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to exclude yourself from the Class or to object to the Settlement), and a Proof of Claim and Release, you may obtain these documents, as well as a copy of the Stipulation and other settlement documents, online at www.ValeantSecuritiesSettlement.com, or by writing to:

*Valeant Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box 43337
Providence, RI  02940

Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim and Release, may be made to a representative of Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Rick Nelson
c/o Shareholder Relations
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  800/449-4900

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES

- 4 -

AND/OR THE AWARDS TO PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)

IN CONNECTION WITH THEIR REPRESENTATION OF THE CLASS. ANY

OBJECTIONS MUST BE FILED WITH THE COURT AND MAILED TO LEAD

COUNSEL AND VALEANT'S COUNSEL **BY MAY 6, 2020,** IN THE

MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _1/23/2020_            BY ORDER OF THE
                             UNITED STATES DISTRICT COURT
                             DISTRICT OF NEW JERSEY