**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

In re VALEANT PHARMACEUTICALS
INTERNATIONAL, INC. SECURITIES
LITIGATION

Civil Action No. 15-7658 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Timber Hill LLC's ("Timber Hill") Objection to the Order Granting Preliminary Approval of Settlement. (ECF No. 517.) Lead Plaintiff TIAA ("Lead Plaintiff") opposed (ECF No. 522), Defendant Valeant Pharmaceuticals International, Inc. n/k/a Bausch Health Companies Inc. ("Valeant") (ECF No. 523) opposed, and Timber Hill replied (ECF No. 526). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court denies Timber Hill's objection.

On May 31, 2016, the Court consolidated the several securities class actions filed against Valeant and appointed Lead Plaintiff in this matter (the "Securities Class Action"). (ECF No. 67.) On June 6, 2018, Timber Hill filed a class action complaint on behalf of all "persons or entities that purchased call options on Valeant common stock and/or sold put options on Valeant common stock." (Compl. ¶¶ 444, *Timber Hill LLC v. Valeant Pharm. Int'l, Inc.*, No. 18-10246, (D.N.J.), ECF No. 1.) The Court consolidated Timber Hill's complaint with the Securities Class Action for pretrial purposes. (Order, ECF No. 318.)

Timber Hill sought relief from consolidation, arguing that there were conflicts that justified separate counsel for options investors. (Mot. for Relief, ECF No. 322.) The Court denied relief from consolidation, finding that Lead Plaintiff's putative class definition encompassed a portion of Timber Hill's proposed class and that consolidation for the discovery phase would be efficient. (Consolidation Relief Mem. Op. 11–12, ECF No. 392.) The Court noted that, although Timber

Hill's case was consolidated with the Securities Class Action for pretrial purposes, "[c]onsolidation 'does not merge the suits into a single cause . . . or make those who are parties in one suit parties in another.'" (*Id.* at 3.) Although a party in its own case, Timber Hill was not a party—but an absent class member—in the Securities Class Action.

On September 10, 2019, the Court referred the Securities Class Action to the Special Master, Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.), to address pretrial matters. (Special Master Referral Order, ECF No. 484.) On January 23, 2020, the Special Master entered an order granting preliminary approval of the class action settlement and permitting notice to the class. (Preliminary Approval Order, ECF No. 510.) Magistrate Judge Lois H. Goodman adopted that order, (Judge Goodman Order, ECF No. 515), in accordance with this Court's procedure for orders of the Special Master related to non-dispositive issues, (*see* Special Master Referral Order ¶ 9). Relying on the procedure in the Court's Special Master Referral Order and Federal Rule of Civil Procedure 72, Timber Hill appeals Magistrate Judge Goodman's Order to this Court.

Where a magistrate judge resolves a non-dispositve issue, a "*party* may serve and file objections to the order." Fed. R. Civ. P. 72(a) (emphasis added); (*see* Special Master Referral Order ¶ 9 ("The *parties* may appeal any decision by Judge Goodman [on a non-dispositive matter] . . . according to the procedures provided for in Local Civil Rule 72.1(c)(1)." (emphasis added)). Upon such an objection, the "district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

Here, although the Court consolidated Timber Hill's case with the Securities Class Action for pretrial purposes, Timber Hill is not a party in the Securities Class Action. (*See* Consolidation Relief Mem. Op. 12 ("Consolidation 'does not merge the suits into a single cause . . . or make those who are parties in one suit parties in another.'").) Rather, Timber Hill is an absent class

2

member in this matter. Because Timber Hill is a non-party, Timber Hill may not object to Magistrate Judge Goodman's Order on a non-dispositive issue. (*See* Special Master Referral Order ¶ 9.) Timber Hill—like all absent class members—may object to final approval of the class action settlement in accordance with the Preliminary Approval Order adopted by Magistrate Judge Goodman.[1] (*See* Preliminary Approval Order ¶ 24; Judge Goodman Order.)

Accordingly,

**IT IS** on this 4th day of May 2020 **ORDERED** that Timber Hill's Objection to the Order Granting Preliminary Approval of Settlement. (ECF No. 517) is **DENIED**.

/s/ Michael A. Shipp

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[1] Insofar as a court may consider objections by absent class members at the preliminary approval stage, *see DeMarco v. AvalonBay Communities, Inc.*, No. 15-628, 2016 WL 5934704 (D.N.J. Oct. 12, 2016) (denying absent class member's motion to intervene, but granting leave to file a brief as amicus curiae); *see generally* MANUAL FOR COMPLEX LITIGATION § 21.632 (4th ed.) ("[I]t is often prudent to hear not only from counsel but also from the named plaintiffs, from other parties, and from attorneys who represent individual class members but did not participate in the settlement negotiations."), the Court finds that Magistrate Judge Goodman's Order adopting preliminary approval was not clearly erroneous or contrary to law. Considering that Timber Hill objected to Magistrate Judge Goodman's order after notice of preliminary approval was sent to class members, the Court also finds that judicial economy is served by considering Timber Hill's objections on final approval of the class action settlement.