UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No. 3:15-cv-07658-MAS-LHG |
| This Document Relates TO: | CLASS ACTION |
| Case No. 3:15-cv-07658-MAS-LHG | Judge Michael A. Shipp |
| | Magistrate Judge Lois H. Goodman |
| | Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.) |
| | CERTIFICATION OF ROBERT W. CLORE IN SUPPORT OF PRO HAC VICE ADMISSION |

I Robert W. Clore certify as follows:

1. I am Senior Appellate Counsel with the firm of Bandas Law Firm, PC, located at 500 North Shoreline Blvd., Suite 1020, Corpus Christi, Texas 78401, co-counsel for Cathy Lochridge in the captioned matter. I make this certification on my personal knowledge in support of the motion for my *pro hac vice* admission in

1

the captioned matter. I am fully familiar with the proposed settlement, request for class counsels' attorneys' fees, and Cathy Lochridge's objections thereto.

2. I a member in good standing of the bars of the State Bar of Texas (admitted 1999); the Supreme Court of Texas (admitted 1999); the United States District Court for the Southern District of Texas (admitted 2013); the United States District Court for the Northern District of Illinois (admitted 2017); the United States Courts of Appeals for the Second Circuit (admitted 2016), Third Circuit (admitted 2016), Fourth Circuit (admitted 2018), Fifth Circuit (admitted 2015), Sixth Circuit (admitted 2017), Seventh Circuit (admitted 2016), Eighth Circuit (admitted 2016), Ninth Circuit (admitted 2016), Tenth Circuit (admitted 2018), Eleventh Circuit (admitted 2018), and the United States Supreme Court (admitted 2017).

The names and addresses of the offices maintaining the rolls of members of the bar in these jurisdictions are as follows:

State Bar of Texas
Membership Department
P.O. Box 12487
Austin, Texas 78711

The Texas Supreme Court
Clerk's Office
P.O. Box 12248, Austin, Texas 78711

United States District Court for the Southern District of Texas
515 Rusk Avenue
Houston, Texas 77002

United States District Court for the Northern District of Illinois
Everett McKinley Dirksen United States Courthouse
Clerk, United States District Court
219 S. Dearborn Street
Chicago, Illinois 60604

United States Court of Appeals for the Second Circuit
Clerk's Office
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

United States Court of Appeals for the Third Circuit
Clerk's Office
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1790

United States Court of Appeals for the Fourth Circuit
Clerk's Office
1100 East Main Street, Suite 501
Richmond, Virginia 23219

United States Court of Appeals for the Fifth Circuit
Clerk's Office
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

United States Court of Appeals for the Sixth Circuit
Clerk's Office
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

United States Court of Appeals for the Seventh Circuit

Clerk's Office
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

United States Court of Appeals for the Eighth Circuit
Clerk's Office
Thomas F. Eagleton Courthouse
Room 24.329
111 South 10th Street
St. Louis, MO 63102

United States Court of Appeals for the Ninth Circuit Court
Clerk's Office
P.O. Box 193939
San Francisco, CA 94119-3939

United States Court of Appeals for the Tenth Circuit Court
Clerk's Office
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

United States Court of Appeals for the Eleventh Circuit Court
John Ley, Clerk of Court
56 Forsyth St., N.W.
Atlanta, Georgia 30303

United States Supreme Court
Clerk's Office
1 First Street, NE
Washington, DC 20543

3. I am not under suspension, nor have I ever been suspended or disbarred from any court. No disciplinary proceedings are pending against me, and no discipline has previously been imposed upon me in any jurisdiction. As discussed

4

below in paragraph 11 and Exhibit A, my *pro hac vice* admission was denied in one instance in *Cole v. NIBCO, Inc.*, No. 3-13-cv-07871, Dkt. 223 (D.N.J. Apr. 5, 2019).

4. I am conversant with the local civil rules of the United States District Court for the District of New Jersey and will abide by those rules.

5. Upon entry of the requested order, payment in the appropriate amount will be forwarded to the New Jersey Lawyers' Fund For Client Protection as provided by New Jersey Court Rule 1:28-2(a).

6. In accordance with Local Civil Rule 101.1(c)(3), upon entry of the requested order, payment in the amount of $150.00 will be forwarded to the Clerk, United States District Court.

7. I understand that in accordance with Local Civil Rule 101.1(c)(5), a lawyer admitted *pro hac vice* is within the disciplinary jurisdiction of this Court. I agree to comply with the requirements of Local Civil Rule 101.1(c). I agree to take no fee in any tort case in excess of New Jersey Court Rule 1:21-7 governing contingent fees.

8. Jerome J. Froelich, Jr. with the firm of McKenny and Froelich, has agreed to work with me as co-counsel in the litigation of this action. Mr. Froelich has more than 40 years' experience practicing law and is licensed in New Jersey and Georgie. He has been admitted in numerous federal courts across the country.

9. I understand that if I am admitted to appear and participate *pro hac vice:*

(a) I shall abide by the rules governing the courts of the State of New Jersey, including all disciplinary rules;

(b) I shall consent to the appointment of the Clerk of the Supreme Court of the State of New Jersey as an agent upon whom service may be made for all actions against me and/or my firm that may arise out of my participation in connection with this matter;

(c) I shall notify this Court immediately of any matter affecting my standing at the bar of any other court;

(d) I shall have all pleadings, briefs, and other papers filed with the Court signed by an attorney of record authorized to practice in this state;

(e) no delay in discovery, motions, trial or any other proceeding shall occur or be requested by reason of my inability to be in attendance;

(f) automatic termination of my *pro hac vice* admission will occur for my failure to make the required annual payment to the Ethics Financial Committee and the New Jersey Lawyers' Fund for Client Protection, proof of which payment shall be made by certification to the Court no later than February 15th of each year;

(g) I shall submit to this Court's jurisdiction for discipline; and

(h) I shall abide by the rules contained in L. Civ. R. 101.1(c).

10. I am also in the process of seeking admission to practice in the State of

New Jersey. If admitted, intend to apply for general admission for the District of New Jersey. I respectfully request that this Court grant this application on behalf of Objector Cathy Lochridge in the above-captioned matter so that I may appear and participate *pro hac vice* on her behalf, including participating at the fairness hearing.

11. Attached to this certificate as Exhibit A is a disclosure of an injunction entered against an attorney in the same firm, Christopher Bandas, and the firm itself related to representation of objecting class members. Although I was not a party to the action nor does it speak to me personally, I submit it to the Court out of an abundance of caution. Exhibit A also lists the one instance in which I was denied *pro hac vice* admission based on a discussion of judicial criticisms of Mr. Bandas and an omission from a 2019 list of all objections made by the Bandas Law Firm, even though I started working for the firm in 2016 and the omitted objection was filed in 2012 and no longer a part of the firm's records. *Cole v. NIBCO, Inc.*, No. 3-13-cv-07871, Dkt. 223 (D.N.J. Apr. 5, 2019); *see also* Dkt. 214-1 at 3-4. Because the omission was a case in which Mr. Bandas previously represented the same client, the court found the error cause for concern given the criticisms against Mr. Bandas. No other court has denied my request for admission to practice, *pro hac vice* or otherwise. As noted, I am admitted to and in good standing with the United States District Court for the Southern District of Texas and the Northern

District of Illinois, the United States Court of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and the Eleventh Circuits, and the United States Supreme Court.

I certify under penalty of perjury that the foregoing statements made by me are true.

DATED: May 6, 2020

_____
Robert W. Clore

# EXHIBIT A

Although Mr. Clore was not a party to the action and is not named in the injunction, out of an abundance of caution Mr. Clore hereby discloses and attaches an injunction entered against Christopher Bandas, an attorney at the same law firm as Mr. Clore, as well as against the law firm itself. *Edelson P.C. v. The Bandas Law Firm*, 2019 WL 272812 (N.D. Ill. Jan. 17, 2019).

Mr. Clore further discloses that his *pro hac vice* admission was once denied based on a discussion of judicial criticisms of Mr. Bandas and an omission from a 2019 list of all objections ever made by the Bandas Law Firm, even though Mr. Clore started working for the firm in 2016 and the omitted objection was filed in 2012 and no longer a part of the firm's records. *Cole v. NIBCO, Inc.*, No. 3-13-cv-07871, Dkt. 223 (D.N.J. Apr. 5, 2019); *see also* Dkt. 214-1 at 3-4. Because the omission was a case in which Mr. Bandas previously represented the same client, the court found the error cause for concern given the criticisms against Mr. Bandas.

No other court has denied Mr. Clore admission to practice, *pro hac vice* or otherwise. Mr. Clore is admitted to and in good standing with the United States District Court for the Southern District of Texas and the Northern District of Illinois, the United States Court of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and the Eleventh Circuits, and the United States Supreme Court.

Mr. Clore, rated AV Preeminent with Martindale-Hubbell, would further note he has never filed an objection in bad faith and has never been sanctioned by any court for filing a frivolous objection (or for anything else). Mr. Clore has been licensed to practice law in Texas since 1999. He is a member in good standing of the State Bar of Texas and is admitted to practice in various federal courts across the nation. He has 18 years' experience in civil appeals and litigation. He graduated *magna cum laude* from St. Mary's University School of Law, served as Articles Editor with the St. Mary's Law Journal, and clerked for two years at the Thirteenth Court of Appeals, State of Texas. He then worked as appellate counsel for several respected defense firms in Texas before joining the Bandas Law Firm to represent plaintiffs in 2016.

Since joining the Bandas Law Firm in 2016, he has assisted in returning millions of dollars to settlement classes and otherwise improving settlements. *See e.g., In re Syngenta AG MIR 162 Corn Litig.*, 14-md-2591-JWL, Transcript of Hearing at 7-10, Dkt. 4318 (D. Kan. Jan. 3, 2020) (finding that Mr. Clore's client provided significant monetary benefits ($3 million) and nonmonetary benefits to the class); *see also Syngenta*, 14-md-2591-JWL, Dkts. 4307, 4308; *In re Lumber*

*Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, No. 18-2351, 2020 WL 1140842 (4th Cir. Mar. 10, 2020) (reversing fee award as violative of CAFA based on briefing and arguments from Mr. Clore); *In re Optical Disk Drive Prods. Antitrust Litig.*, 19-15538 (9th Cir.) (appeal from a case in which the objection of Mr. Clore's client resulted in the partial unsealing of a bid and the return of $650,268.62 in expenses to the class; Mr. Clore's client seeks the return of tens of millions more for the benefit of the class); Jenna Greene, *Daily Dicta: Class Action Objectors Can Be Annoying—But This One Has a Point*, Law.com (Apr. 15, 2020) (discussing Mr. Clore's advocacy before the Ninth Circuit that hopes to return tens of millions of fees to the class members); *see also Hagens Berman's $31 Million Consumer Antitrust Fee Award at Risk*, Bloomberg Law (Oct. 21, 2019),[1] Dorothy Atkins, *9th Circuit Judge "Concerned" Over Hagens Berman's $42 M Fees*, Law360 (Oct. 21, 2019).[2]

DATED: May 6, 2020

_____
Robert W. Clore

---

[1] https://news.bloomberglaw.com/class-action/hagens-bermans-31-million-consumer-antitrust-fee-award-at-risk.
[2] https://www.law360.com/appellate/articles/1211568/9th-circ-judge-concerned-over-hagens-berman-s-42m-fees.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| EDELSON PC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE BANDAS LAW FIRM PC, et al<br><br>　　　　Defendants. | Case No. 1:16-cv-11057 |

**FINAL JUDGMENT ORDER**

IT IS HEREBY ADJUDGED and DECREED that final judgment is entered in this matter on Count V of Plaintiff Edelson PC's complaint in favor of Plaintiff and against Christopher Bandas and the Bandas Law Firm PC ("Defendants").

**I.　REASONS FOR ISSUANCE OF INJUNCTION**

Defendants do not dispute that that they engaged in the unauthorized practice of law in *Clark v. Gannett Co., Inc.* Defendants further do not dispute that they engaged in the following conduct without obtaining authorization from the Illinois Supreme Court to practice law in Illinois: agreeing to represent Gary Stewart in the *Gannett* litigation, drafting the objection of Stewart in *Gannett*, providing legal advice to Stewart related to *Gannett*, contacting and arranging for C. Jeffrey Thut to appear in Defendants' stead in *Gannett*, allowing C. Jeffrey Thut to assist Defendants in the unauthorized practice of law, representing Stewart in discussions with class counsel regarding Stewart's objection, entering into negotiations with class counsel in *Gannett* on behalf of Stewart, and agreeing to resolve Stewart's objection in exchange for $225,000 in

attorneys' fees with no changes to the settlement agreement. Accordingly, the Court finds that issuance of a permanent injunction against Defendants is appropriate.

## II. ACTS RESTRAINED OR REQUIRED

Defendants The Bandas Law Firm, P.C. and Christopher A. Bandas are hereby restrained and permanently enjoined from engaging in the following actions:

1. Providing any advice or other service requiring the use of any degree of legal skill or knowledge related to any state or federal court proceedings in the State of Illinois, regardless of whether Defendants or their clients are physically located within the State of Illinois, without obtaining admission to the bar of Illinois or leave to appear *pro hac vice* from the court before which the proceeding is pending. The restrained advice and services include but are not limited to providing legal advice, acting as general counsel, drafting documents, negotiating, or accepting payment of attorneys' fees.

2. Soliciting attorneys located in the State of Illinois to sign pleadings or other documents drafted by Defendants in a case where Defendants do not appear;

3. Paying, or offering to pay, or to loan any client any monies in connection with any class action objection unless such payment is awarded or expressly approved by a court;

4. Seeking admission, *pro hac vice* or otherwise, to practice in any state or federal court without fully and truthfully responding to all questions on the application and without attaching a copy of this judgment;

5. Defendants shall not file or cause to be filed any objection to any proposed class action settlement in any state or federal court unless:

a. Such objection states whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also states with specificity the grounds for the objection; and

b. Any payment in connection with the objection is disclosed and approved by the court and, unless approved by the court after a hearing, no payment or other consideration is provided in connection with forgoing or withdrawing the objection or forgoing dismissing, or abandoning an appeal from a judgment approving the proposal;

6. Defendants, having consulted with their clients, shall immediately and unconditionally withdraw objections and filings related thereto any and all objections now pending in Illinois state and federal courts, including *Clark v. Gannett Co., Inc.* Defendants shall have no further direct or indirect involvement in those matters, and Defendants shall accept no compensation of any kind related to those matters.

### III. CONTINUING JURISDICTION

Without affecting the finality of this judgment, the Court retains jurisdiction to enforce the injunction set forth herein.

### IV. COSTS

Defendants shall pay Plaintiff's costs in the amount of $5,447.65.

### V. NO JUST REASON FOR DELAY

The Court finds pursuant to Rule 54(b) that is no just reason for delay of entry of this judgment.

**IT IS SO ORDERED.**

_____
REBECCA R. PALLMEYER
United States District Judge

JUDGMENT ENTERED: _January 17, 2019_

_____
CLERK, U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS