SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
JENNIFER R. SCULLION
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No. 3:15-cv-07658-MAS-LHG |
| | CLASS ACTION |
| | Judge Michael A. Shipp |
| | Magistrate Judge Lois H. Goodman |
| This Document Relates To: | Special Master Dennis M. Cavanaugh, U.S.D.J. (ret.) |
| ALL ACTIONS. | MEMORANDUM IN OPPOSITION TO MOTION FOR *PRO HAC VICE* ADMISSION OF ROBERT W. CLORE |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ....................................................................................1

II.    BACKGROUND FACTS.......................................................................4

     A.    The Bandas Firm's History of Filing Meritless Objections.................4

     B.    Mr. Bandas's *Modus Operandi* in Filing Meritless Objections...........6

     C.    Mr. Bandas's Deceptive Behind-the-Scenes Tactics ...........................8

     D.    The Illinois Lawsuit and Injunction .......................................................9

     E.    The Recent Rule 23 Amendments Were Directed at
           Professional Objectors Like Mr. Bandas .............................................11

     F.    Mr. Bandas and Mr. Clore Were Recently Denied *Pro Hac Vice*
           Admission in This District ....................................................................12

     G.    Mr. Bandas Returns to the Unauthorized Practice of Law ................14

     H.    The Current Motion Seeking *Pro Hac Vice* Admission ....................15

III.    ARGUMENT........................................................................................17

     A.    Legal Standard....................................................................................17

     B.    Mr. Clore and the Bandas Firm Should Be Denied Admission
           *Pro Hac Vice* ....................................................................................18

           1.    The Motion Should Be Denied Due to the Bandas Firm's
                 Long History of Misconduct.....................................................18

           2.    The Motion Should Be Denied Because the Bandas Firm
                 Seeks to Represent a Serial Objector.......................................19

           3.    The Motion Should Be Denied Because Mr. Bandas Is
                 Engaging in the Unauthorized Practice of Law........................21

4812-3653-2924.v1

**Page**

     4.     Mr. Clore Should Be Denied Admission *Pro Hac Vice* Based on His Conduct...............................................................22

IV.    CONCLUSION....................................................................................26

4812-3653-2924.v1

# TABLE OF AUTHORITIES

**Page**

## CASES

*Brown v. Wal-Mart Stores, Inc.*,
No. 01L85, 2011 WL 12523823
(Ill. Cir. Ct. Sept. 14, 2011) ....................................................................5

*Chambers v. Whirlpool Corp.*,
214 F. Supp. 3d 877 (C.D. Cal. 2016) ..........................................7, 9

*Clark v. Gannett Co.*,
122 N.E.3d 376 (Ill. App. Ct. 2018) ......................................*passim*

*Dennings v. Clearwire Corp.*,
928 F. Supp. 2d 1270 (W.D. Wash. 2013) ...................................7

*Edelson PC v. Bandas Law Firm PC*,
No. 1:16-cv-11057, 2019 WL 272812
(N.D. Ill. Jan. 17, 2019) ................................................*passim*

*Edelson PC v. Bandas Law Firm PC*,
No. 16 C 11057, 2018 WL 723287
(N.D. Ill. Feb. 6, 2018) ....................................................................10

*Embry v. ACER Am. Corp.*,
No. C 09-01808 JW, 2012 WL 3777163
(N.D. Cal. Aug. 29, 2012)..................................................................5

*FDIC v. Nathan*,
804 F. Supp. 888 (S.D. Tex. 1992)..................................................3

*Garber v. Office of Comm'r of Baseball*,
No. 12-CV-03704 (VEC), 2017 WL 752183
(S.D.N.Y. Feb. 27, 2017)..................................................*passim*

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
281 F.R.D. 531 (N.D. Cal. 2012)..........................................5, 8, 12

*In re GE Co. Sec. Litig.*,
998 F. Supp. 2d 145 (S.D.N.Y. 2014) ......................................*passim*

- iii -

**Page**

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
  No. 09md2087 BTM (KSC), 2013 WL 5275618
  (S.D. Cal. Sept. 17, 2013) ............................................................................5, 6, 8

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
  No. 09md2087 BTM (KSC), 2014 WL 815394
  (S.D. Cal. Mar. 3, 2014) ................................................................................5, 8, 9

*In re Merck & Co., Inc.*,
  No. MDL 1658 (SRC), 2016 WL 4820620
  (D.N.J. Sept. 14, 2016) .........................................................................................4

*In re Roswold*,
  292 Kan. 136 (2011) ...........................................................................................23

*In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*,
  No. 11-MD-2247 ADM/JJK, 2012 WL 3984542
  (D. Minn. Sept. 11, 2012) .................................................................................13

*Kohlmayer v. Nat'l R.R. Passenger Corp.*,
  124 F. Supp. 2d 877 (D.N.J. 2000).................................................................18, 19

*Nwabueze v. AT&T Inc.*,
  No. C 09-01529 SI, 2013 WL 6199596
  (N.D. Cal. Nov. 27, 2013)...................................................................................20

*Nwabueze v. AT&T Inc.*,
  No. C 09-01529 SI, 2014 WL 324262
  (N.D. Cal. Jan. 29, 2014) ...................................................................................20

*Rawa v. Monsanto Co.*,
  No. 4:17CV01252 AGF, 2018 WL 2389040
  (E.D. Mo. May 25, 2018),
  *aff'd*, 934 F.3d 862 (8th Cir. 2019).....................................................................8

*Rossi v. Proctor & Gamble Co.*,
  No. 11-7238 (JLL), 2013 WL 5523098
  (D.N.J. Oct. 3, 2013).........................................................................................12

**Page**

*Swift v. Direct Buy, Inc.*,
    No. 2:11-CV-401-TLS, 2013 WL 5770633
    (N.D. Ind. Oct. 24, 2013) ...................................................................20

*Thoma v. A.H. Robins Co.*,
    100 F.R.D. 344 (D.N.J. 1983) .............................................................18

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 11 ..................................................................................................9
    Rule 23 ...........................................................................................11, 12
    Rule 23(e)(5)(B) ..................................................................................12
    Rule 137 ................................................................................................9

Local Civil Rules
    Rule 101.1(b) .......................................................................................18
    Rule 101.1(c)(1) ...................................................................................17

Texas Rules of Professional Conduct
    Rule 5.01 .............................................................................................21
    Rule 5.02 .............................................................................................22

## SECONDARY AUTHORITIES

4 William B. Rubenstein,
    *Newberg on Class Actions* (5th ed. 2019)
        §13:21 .........................................................................................11, 12

## I.    INTRODUCTION

Robert W. Clore's motion to be admitted *pro hac vice* as an attorney of the Bandas Law Firm, P.C. (the "Bandas Firm") should be denied, just as it was the last time he sought to be admitted in this District.   *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Apr. 5, 2019), ECF No. 223 (the "Cole Letter Order") (denying admission *pro hac vice* of Mr. Clore, Christopher A. Bandas, and the Bandas Firm).[1]  Mr. Clore is an associate of Mr. Bandas, who is the sole shareholder of the Bandas Firm[2] and a notorious serial objector who has been criticized numerous times by courts across the country for filing frivolous objections, engaging in the unauthorized practice of law, and defrauding courts.  *See infra* §II.A.-G.  Mr. Bandas was sued for his practice of filing meritless objections on behalf of pawn clients in an attempt to extract unearned fees, admitted engaging in unethical and improper conduct, and was the subject of the court injunction that was attached to Mr. Clore's *pro hac vice* motion.  *See Edelson PC v. Bandas Law Firm PC*, No. 1:16-cv-11057, 2019 WL 272812, at *1 (N.D. Ill. Jan. 17, 2019) (the "Bandas Injunction").  Notably,

---

[1]  Copies of all materials cited in this brief that are not part of the record and not available in Westlaw's database are included in the Appendix.

[2]  *See* Certification of Christopher A. Bandas in Support of *Pro Hac Vice* Admission, *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Feb. 27, 2019), ECF No. 182-2 (stating "I am an attorney and the sole shareholder of Bandas Law Firm, PC"). Also, the Bandas Firm's website lists five attorneys, and only Bandas has a title with the word "Partner."  *See* https://www.bandaslawfirm.com/our-team/ (last accessed May 15, 2020).

the objector here, Ms. Lochridge, and her son have agreed to serve as Mr. Bandas's clients in four prior meritless objections. *See infra* §III.B.2. Mr. Clore's *pro hac vice* motion in this case should be denied not only because of the Bandas Firm's record of bad faith objections that has brought it judicial scorn, but because Mr. Bandas is attempting to deceive this Court by not filing his own motion to be admitted *pro hac vice*, and in failing to do so engaging in the same unauthorized practice of law that led to the Bandas Injunction.

By way of background, after earning significant judicial scorn relating to his vexatious objections, Mr. Bandas began working behind the scenes on objections and filing them through purported *pro se* clients or local counsels to avoid entering an appearance and being subject to sanction. That is, "Bandas orchestrated other attorneys . . . to 'appear' on the various filings that Bandas drafted or prepared behind the scenes" and "Bandas' machinations were designed to avoid his professional responsibilities to the Court." *Garber v. Office of Comm'r of Baseball*, No. 12-CV-03704 (VEC), 2017 WL 752183, at *5 (S.D.N.Y. Feb. 27, 2017). As that misconduct came to light, Mr. Bandas was sued, and he admitted to engaging in the unauthorized practice of law through these practices, which led to the Bandas Injunction that he and his firm have now by judicial decree been ordered to attach to any *pro hac vice* motion filed. *See* Defendants' Motion for Leave to Amend Answer and Withdraw Counterclaim and for Judgment on the Pleadings at 2-3, *Edelson PC v. Bandas Law*

*Firm PC*, No. 1:16-cv-11057 (N.D. Ill. Jan. 15, 2019), ECF No. 175; Bandas Injunction, 2019 WL 272812.

At first, Mr. Bandas made efforts to comply with the Bandas Injunction, including last year when Mr. Bandas and his employee Mr. Clore moved to be admitted *pro hac vice* in this District.  *See Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Feb. 27, 2019), ECF No. 182 (Mr. Bandas's *pro hac vice* admission motion), ECF No. 183 (Mr. Clore's *pro hac vice* admission motion).  Not surprisingly, that motion was denied.  *See* Cole Letter Order at 3.  Having failed to be admitted in the *Cole* case, Mr. Bandas has defiantly retreated to his prior tactic of operating behind the scenes as he has "orchestrated" to have only his employee Mr. Clore move for *pro hac vice* admission in this case in an attempt to avoid the same result as the *Cole* case.  *See* ECF No. 551 (Mr. Clore's *pro hac vice* admission motion).  But Mr. Bandas is necessarily directing the objection as his associate cannot act except under the supervision and direction of Mr. Bandas.  *See infra* §III.B.3; *see also, e.g.*, *FDIC v. Nathan*, 804 F. Supp. 888, 897-98 (S.D. Tex. 1992) (denying law firm partner's motion to dismiss malpractice claims because "as a partner" he was "vicariously liable for the acts of the firm's partners and associates").

Mr. Bandas's relapse into working behind the scenes on objections without filing an appearance, along with the Bandas Firm's history of filing frivolous objections and using deceptive practices to do so, warrant denial of Mr. Clore and the

- 3 -

Bandas Firm's motion to be admitted in this case, as Magistrate Judge Bongiovanni did in the *Cole* case.

## II.    BACKGROUND FACTS

### A.    The Bandas Firm's History of Filing Meritless Objections

The Bandas Firm is perhaps the most notorious objector in the country.  As courts have recognized, professional objectors "'can make a living simply by filing frivolous appeals and thereby slowing down the execution of settlements'" because "'[t]he larger the settlement, the more cost-effective it is to pay the objectors rather than suffer the delay of waiting for an appeal to be resolved (even an expedited appeal).'" *In re Merck & Co., Inc.*, No. MDL 1658 (SRC), 2016 WL 4820620, at *2 (D.N.J. Sept. 14, 2016) (granting motion to require professional objector to post appeal bond).[3]  Courts throughout the country have documented the Bandas Firm's history of filing such meritless objections.

For example, in *Garber* the court described Mr. Bandas as a "professional" objector who "primarily seek[s] to obstruct or delay settlement proceedings so as to extract attorneys' fees in exchange for the withdrawal of the objection."  2017 WL 752183, at *4 n.9.  In overruling the objection, the court noted that it "joins the other courts throughout the country in finding that Bandas has orchestrated the filing of a frivolous objection in an attempt to throw a monkey wrench into the settlement

---

[3]    Citations are omitted and emphasis is added throughout unless otherwise indicated.

process and to extort a pay-off." *Id.* at *6.  Given the Bandas Firm's long history of similar misconduct, the court went further and ordered Mr. Bandas to provide a copy of the court's opinion criticizing his record of frivolous objections to any local counsel he seeks to work with in the Southern District of New York.  *Id.*[4]

After repeatedly criticizing Mr. Bandas, overruling his objections, and requiring him to post appeal bonds, courts began to warn that he would be referred to state disciplinary committees.  *See In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09md2087 BTM (KSC), 2014 WL 815394, at *3 (S.D. Cal. Mar. 3, 2014)

---

[4]   *See also In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012) (stating that "Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain"); *In re GE Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) (granting motion to require objector represented by Mr. Bandas to post appeal bond, and observing that Mr. Bandas "has been repeatedly admonished for pursuing frivolous appeals of objections to class action settlements"); *Brown v. Wal-Mart Stores, Inc.*, No. 01L85, 2011 WL 12523823, at *1 (Ill. Cir. Ct. Sept. 14, 2011) (striking objection, denying Mr. Bandas's motion seeking admission *pro hac vice*, and finding that "[t]he record before the Court demonstrates that Bandas is a professional objector who is improperly attempting to 'hijack' the settlement of this case from deserving class members and dedicated, hard working counsel, solely to coerce ill-gotten, inappropriate and unspecified 'legal fees'"); *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09md2087 BTM (KSC), 2013 WL 5275618, at *5 (S.D. Cal. Sept. 17, 2013) ("*Hydroxycut I*") (striking objections and finding that they "were filed for the improper purpose of obtaining a cash settlement in exchange for withdrawing the objections," and finding credible testimony that Mr. Bandas had demanded $400,000 to "make his objection go away" rather than "hold the settlement process up for two to three years through the appeal process"); *Embry v. ACER Am. Corp.*, No. C 09-01808 JW, 2012 WL 3777163, at *3 (N.D. Cal. Aug. 29, 2012) (finding Mr. Bandas in contempt of court for not complying with order to either post appeal bond or dismiss appeal); Minute Entry, *Dennings v. Clearwire Corp.*, No. 2:10-cv-01859 (W.D. Wash. Aug. 20, 2013), ECF No. 166 (revoking Mr. Bandas's authorization to practice in the Western District of Washington as sanction for failing to comply with appeal bond order).

("*Hydroxycut II*") (stating "the Court cautions Mr. Bandas that if he or employees under his direction continue to affix the signatures of others on declarations filed in this District, the Court may very well reconsider its decision not to refer the matter to the State Bar of Texas's Commission for Lawyer Discipline").  Thereafter, another court did make such a referral after noting that despite "earning condemnation for their antics from courts around the country" the Bandas Firm's "obstructionism continues." *Clark v. Gannett Co.*, 122 N.E.3d 376, 380 (Ill. App. Ct. 2018).

### B.   Mr. Bandas's *Modus Operandi* in Filing Meritless Objections

Mr. Bandas often pursues his objections by using individuals he has some direct or indirect relationship with to act as "clients" despite those clients either having no standing to object or holding a *de minimis* stake in the outcome.[5]  Several of Mr. Bandas's "clients" reappear in objection after objection with no benefit to anyone but Mr. Bandas.[6]  Sometimes Mr. Bandas's clients do not know that they have

---

[5]   *See, e.g.*, *GE*, 998 F. Supp. 2d at 155-56 (noting objector represented by Mr. Bandas held "0.06 shares" of stock and appealed "in bad faith"); *Hydroxycut I*, 2013 WL 5275618, at *5 (finding Mr. Bandas's client lacked standing to object and noting objector had used social media to solicit objectors for "'easy money'").

[6]   *See, e.g.*, Transcript of Final Settlement Approval Hearing at 71-75, *Cole v. NIBCO Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Apr. 8, 2019), ECF No. 234 (the "Cole Approval Tr.") (overruling objection, finding objector's certification that he was a class member was untrue, and noting the objector was a "serial objector" who had been represented by Mr. Bandas in the past); *Garber*, 2017 WL 752183, at *1, *6 (stating Mr. Bandas had represented the same objector "numerous" times before and the objector testified he had never received anything in any of the cases which was

objected or why they are objecting, and some pretend to act *pro se* to conceal his involvement.[7]   As discussed further below, this is the fifth case in which Ms. Lochridge or her son, Beau Lochridge,[8] have been used by the Bandas Firm, and all of the prior four objections were found to be meritless – in one Ms. Lochridge lacked standing, and in others she pretended to be acting *pro se*. *See infra* §III.B.2.

Once Mr. Bandas secures an objector with little or nothing to gain, he uses them as a vehicle to lodge a generic objection that could be lodged in every case, such as claiming that class counsel's requested fee is too high as was done in this case. *See* ECF No. 546.   In hypocritical fashion, Mr. Bandas argues that class counsel here should be limited to its lodestar or a modest multiplier, but then imposes no such

---

"gravely concerning" and "indicates that Bandas' settlement of objections has been without **any** benefit to his client") (emphasis in original).

[7]   *See, e.g.*, *Dennings v. Clearwire Corp.*, 928 F. Supp. 2d 1270, 1271 (W.D. Wash. 2013) (ordering objectors represented by Mr. Bandas to post appeal bond and noting that one objector "had no personal objection to the settlement, neither of them had read the settlement agreement or their own objections to it, and both have worked with the same attorney on other class action cases"); *Chambers v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 891 (C.D. Cal. 2016) (overruling objection and noting that the objection Mr. Bandas filed "contradicts several statements made by [the objector] during her deposition" and stating the discrepancy might "be explained by the fact that she never spoke with [co-counsel] or Mr. Bandas before the objection was filed"); *GE*, 998 F. Supp. 2d at 156 (stating that "while [the objector] is appearing *pro se* before this Court, he admits that he is 'represented in this matter' by attorney Christopher A. Bandas").

[8]   Public research confirms that Beau Lochridge is Cathy Lochridge's son. *See, e.g.*, *Dallas Morning News*, https://obits.dallasnews.com/obituaries/dallasmorningnews/obituary.aspx?n=dollie-smoot&pid=184578289&fhid=17330 (referring to Cathy Lochridge and her son Beau Lochridge).

limitation on his own fees and instead demands a massive multiplier on the *de minimis* work product he creates. *See, e.g.*, *Hydroxycut I*, 2013 WL 5275618, at *5 (noting that Mr. Bandas was pressuring the parties to pay $400,000, a month after the objection was filed, to "make his objection go away").

## C.    Mr. Bandas's Deceptive Behind-the-Scenes Tactics

As the criticisms mounted and frustration with Mr. Bandas's tactics increased, it became too risky for him to personally appear in cases, so he worked behind the scenes, using "*pro se*" clients, associates, or local counsel to carry out his misdeeds.[9] As class counsel and courts began to uncover these deceptive tactics, there was initially uncertainty as to whether courts had jurisdiction to sanction Mr. Bandas when he had not personally filed an appearance. For example, in *Hydroxycut II*, the court stated that the allegations that Bandas had ghost-written an objection and was seeking

---

[9]    *See, e.g.*, *GE*, 998 F. Supp. 2d at 156 (stating that "while [the objector] is appearing *pro se* before this Court, he admits that he is 'represented in this matter' by attorney Christopher A. Bandas"); *Garber*, 2017 WL 752183, at *5 (finding that "Bandas orchestrated other attorneys . . . to 'appear' on the various filings that Bandas drafted or prepared behind the scenes" and that "Bandas' machinations were designed to avoid his professional responsibilities to the Court"); *CRT*, 281 F.R.D. at 533 ("[The objector's] papers do not list counsel, but [class plaintiffs] showed that [the objector] previously objected to another class settlement in which he was assisted by attorney Christopher Bandas, a 'professional' or 'serial' objector located in Corpus Christi, Texas. In fact, [the objector's] objection in this case was postmarked in Corpus Christi, Texas, even though [the objector] lives and works in Denver, Colorado."); *Rawa v. Monsanto Co.*, No. 4:17CV01252 AGF, 2018 WL 2389040, at *4 n.2 (E.D. Mo. May 25, 2018) (overruling objection and noting the objector "states that he is represented by local counsel Peter Woods, but is also represented by Christopher Bandas and Robert Clore, who reserve the right to make an appearance" in the case despite having not done so), *aff'd*, 934 F.3d 862 (8th Cir. 2019).

"$400,000 to make the objections go away" were "serious and not taken lightly by the Court." 2014 WL 815394, at *1, *3.  However, the court declined to issue an order to show cause because "the Court questions whether it has personal jurisdiction over Mr. Bandas, who has never appeared in this case." *Id.* at *3.  Similarly, in *Chambers v. Whirlpool Corp.*, the court noted that "[p]laintiffs do not seek sanctions against Bandas because he did not enter an appearance in this case."  Minute Order at 2, No. 8:11-cv-01733-FMO-JCG (C.D. Cal. Sept. 30, 2017), ECF No. 394.  While the plaintiffs did seek sanctions against Mr. Bandas's co-counsel, the court denied the motion as untimely but stated it "has serious concerns about [Mr. Bandas's co-counsel's] motives in this case, as well as his diligence (along with Bandas) in representing his clients." *Id.* at 3-4.

### D.    The Illinois Lawsuit and Injunction

Mr. Bandas's deceptive behind-the-scenes tactics began to unravel as courts and litigants realized that, as the sole shareholder of the Bandas Firm, Mr. Bandas was engaging in the unauthorized practice of law by failing to enter an appearance.  For example, the Illinois Appellate Court observed that "[b]y not signing or appearing in court, Bandas has succeeded in circumventing the Rule 137," which is the Illinois equivalent of Federal Rule of Civil Procedure 11.  *Clark*, 122 N.E.3d at 390-93. However, the court referred Mr. Bandas for possible discipline by the Illinois Attorney Registration & Disciplinary Commission because, by orchestrating objections without

a license or *pro hac vice* admission, he was engaging in the unauthorized practice of law. *See id.* at 389-94.

Matters went from bad to worse for Mr. Bandas after plaintiff's counsel in *Clark* sued Mr. Bandas and the Bandas Firm in the Northern District of Illinois for, among other things, the unauthorized practice of law. *See Edelson PC v. Bandas Law Firm PC*, No. 16 C 11057, 2018 WL 723287, at *14 (N.D. Ill. Feb. 6, 2018). Effectively throwing himself on the mercy of the court, Mr. Bandas and the Bandas Firm conceded that their conduct in *Clark* constituted the unauthorized practice of law, and moved for leave to amend their answer to admit the allegations sufficient to state that claim. *See* Defendants' Motion for Leave to Amend Answer and Withdraw Counterclaim and for Judgment on the Pleadings at 2-3, *Edelson PC v. Bandas Law Firm PC*, No. 1:16-cv-11057 (N.D. Ill. Jan. 15, 2019), ECF No. 175. More specifically, Mr. Bandas and his firm stated that "[d]efendants wish to amend their pleading to admit that they have engaged in the unauthorized practice of law in Illinois," that "[d]efendants' unethical, improper, and misleading conduct in filing or causing to be filed objections to proposed class action settlements" made the plaintiffs "entitled to a permanent injunction," that defendants' conduct "placed self-interest and financial considerations above ethical obligations," "that their reputations before the courts of this jurisdiction and across the country have been gravely but justifiably

tarnished," and that "should [d]efendants continue to practice class litigation, they will carry the tattoo of these orders with them." *Id.*

Thereafter, the court entered a permanent injunction against both "[d]efendants The Bandas Law Firm, P.C. and Christopher A. Bandas." *See* Bandas Injunction, 2019 WL 272812, at *1. The Bandas Injunction prohibits certain conduct within Illinois, and also applies nationwide to permanently enjoin Mr. Bandas and the Bandas Firm from (1) "[s]eeking admission, *pro hac vice* or otherwise, to practice in any state or federal court without **fully and truthfully** responding to all questions on the application and without attaching a copy of this judgment," and (2) "fil[ing] or caus[ing] to be filed any objection to any proposed class action settlement in any state or federal court" unless the objection specifies the grounds, and any payment in connection with the objection is disclosed to and approved by the court. *Id.*

### E.   The Recent Rule 23 Amendments Were Directed at Professional Objectors Like Mr. Bandas

"In 2003, Congress amended Rule 23 to require court approval of the withdrawal of any objection, with the thought that this judicial oversight would terminate the practice of class counsel paying objectors to go away . . . ." *See* 4 William B. Rubenstein, *Newberg on Class Actions* §13:21 (5th ed. 2019) ("*Newberg*"). But professional objectors like Mr. Bandas simply evaded the rule by appealing class action approvals at the district court level and then extorting a fee in exchange for dismissal of the appeal. *See, e.g.*, *GE*, 998 F. Supp. 2d at 155-56 (concluding objector represented

- 11 -

by Mr. Bandas appealed "in bad faith"). The "rule was so easily evaded that Congress amended it again in 2018." *See* 4 *Newberg*, *supra*, §13:21.

Specifically, the Supreme Court recently approved additional amendments to Rule 23's objector provisions to require disclosure and court approval of any payments to objectors for withdrawing an objection, including on appeal. Fed. R. Civ. P. 23(e)(5)(B). In drafting the 2018 amendments to Rule 23, the Rules Committee received testimony that included examples of abusive objections, which included several objections that had been lodged by the Bandas Firm. *See* Testimony Submitted for Public Hearing on Proposed Amendments to the Federal Rules of Civil Procedure at 97-98 & n.3 (Nov. 3, 2016) (describing problem of professional objectors, predicting it would persist given the unethical nature of professional objector practice, and citing *CRT*, 281 F.R.D. at 533 n.3 (objector represented by Mr. Bandas), and *Rossi v. Proctor & Gamble Co.*, No. 11-7238 (JLL), 2013 WL 5523098, at \*7 n.2 (D.N.J. Oct. 3, 2013) (same)), *available at* https://www.uscourts.gov/file/21371/download.

Unfortunately, no amendment and no injunction is sufficient to stop Mr. Bandas from continuing to file meritless objections, as reflected by his attempt to object in *Cole* and again in this case through his associate.

### F.     Mr. Bandas and Mr. Clore Were Recently Denied *Pro Hac Vice* Admission in This District

Shortly after admitting to engaging in the unauthorized practice of law and "unethical, misleading, and improper conduct," Mr. Bandas sought *pro hac vice*

- 12 -

admission of himself and his associate, Mr. Clore, to object to a class action settlement in this District. *See Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Feb. 27, 2019), ECF No. 182 (Mr. Bandas's *pro hac vice* admission motion), ECF No. 183 (Mr. Clore's *pro hac vice* admission motion). Notably, the objector, Jeffrey Palmer, was the brother of a disbarred lawyer who had also been a professional objector. Cole Approval Tr. at 24. Palmer claimed he had objected only once before, but it was uncovered that he had two prior unidentified objections, including one case where the court found Palmer had "'evidenced bad faith and vexatious conduct'" for having claimed to be a class member when he was not and having claimed to be objecting *pro se* when being represented by his brother. *Id.* at 71-72 (referencing *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, No. 11-MD-2247 ADM/JJK, 2012 WL 3984542, at *3 (D. Minn. Sept. 11, 2012)). Palmer concealed his prior objections from his claim form, and plaintiff's counsel noted that, during his deposition, Mr. Palmer admitted that Mr. Clore was the primary attorney he worked with in completing his form and preparing for his deposition. *See id.*; Letter Brief at 5, *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Apr. 4, 2019), ECF No. 212-2.

Magistrate Judge Bongiovanni denied the motions to admit Mr. Clore and Mr. Bandas *pro hac vice* after noting the Bandas Injunction and that "several courts around the country have expressed skepticism that Mr. Bandas' objections to class

settlements have been made in good faith." Cole Letter Order at 2. Magistrate Judge Bongiovanni concluded that, in light of the purpose of the Federal Rules to "'secure the just, speedy, and inexpensive determination of every action and proceeding,'" the "Court is not persuaded that the admission of Messrs. Bandas and Clore will effectuate this aim" and "[a]s a result, the Court exercises its discretion against permitting their *pro hac vice* admission." *Id.* at 3. At the final approval hearing in *Cole* held three days later, where local counsel appeared on behalf of objector Palmer, Judge Wolfson overruled the objection and found Palmer's claim that he had forgotten about his prior objections to be "less than credible." Cole Approval Tr. at 9. In addition, Judge Wolfson expressed serious concerns about Palmer and the Bandas Firm, noting "a tortured history" between Palmer and the Bandas Firm and stating that the court "hope[d] that in the future Mr. Palmer thinks long and hard when he becomes an objector because he will have to deal with some of what I have to say in my opinion, ***and that goes as well for the Bandas law firm***." *Id*. at 24. Disregarding that advice, Mr. Clore on behalf of the Bandas Firm now seeks to be admitted in this case to represent a serial objector.

### G. Mr. Bandas Returns to the Unauthorized Practice of Law

Having admitted that his reputation is "gravely and justifiably tarnished," and having lost his bid to be admitted in this District, Mr. Bandas has retreated to his prior practice of engaging in the unauthorized practice of law by working behind the scenes.

- 14 -

For example, in *In re Syngenta AG MIR 162 Corn Litig.*, No. 2:14-md-02591-JWL-JPO (D. Kan.), Mr. Bandas only moved to admit Mr. Clore as counsel for an objector, but then submitted time at the end of the case showing Mr. Bandas had been supervising the objection behind the scenes, which was the tactic he admitted constituted the unauthorized practice of law that resulted in the Bandas Injunction. *Id.*, ECF No. 3670 (motion to admit Mr. Clore *pro hac vice*), ECF No. 4278-3, ¶¶7, 13 (seeking compensation for 74.5 hours of work by Mr. Bandas – "Sole Shareholder, Bandas Law Firm, P.C." – and stating Mr. Bandas "worked closely with Mr. Clore securing local counsel and responding to discovery and deposition requests, analyzing arguments for the objection and appellate briefs, and developing overall case strategy"). Although no one raised the issue and they got away with it in that case, Mr. Bandas and Mr. Clore should not be permitted to violate the ethical rules in this case.

## H.    The Current Motion Seeking *Pro Hac Vice* Admission

On May 5, 2020, Jerome J. Froelich Jr. sent a letter to counsel for Lead Plaintiff and Defendants representing that he was "local counsel" for Ms. Lochridge. Mr. Froelich asked counsel if they would "oppose a motion for the pro hac vice admission of attorney Robert Clore," stating he needed a response the same day. *See* Appendix, Tab 31. The letter did not mention the Bandas Firm, Mr. Bandas, the Bandas Injunction, or the Cole Letter Order. *Id.* Upon researching Mr. Clore, Lead Counsel responded that, given the denial of Mr. Clore and Mr. Bandas's motion for

- 15 -

*pro hac vice* admission in *Cole*, and their history of meritless objections, Lead Counsel opposed admission.

On May 6, 2020, objector Cathy Lochridge filed an objection to Lead Counsel's fee request. *See* ECF No. 546. The objection was signed by Mr. Froelich, and listed Mr. Clore of the Bandas Firm, "*[p]ro hac vice* admission pending," as additional counsel for Lochridge without listing Mr. Bandas, the sole shareholder of the firm. *Id.* While Mr. Froehlich purports to serve as "local counsel," his website identifies offices only in Georgia and describes him as an "Atlanta federal criminal defense attorney" who has "devoted his practice to defending people facing serious criminal accusations," and lacks any reference to securities class action work. *See* https://www.jffederalcriminaldefense.com/contact/ and https://www.jffederalcriminaldefense.com/practice-areas/ (last accessed May 15, 2020). Mr. Froelich has previously been held in contempt for failure to comply with a court order. *See* Order, *Johnson v. Gross*, No. 1:08-cv-0945-TCB (N.D. Ga. Apr. 22, 2016) (denying Mr. Froelich's motion to expunge contempt record). And this is at least the third time that Mr. Froelich has acted as local counsel for the Bandas Firm representing class action objectors.[10]

---

[10]   *See In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga.), ECF Nos. 881-882 (appearances of Mr. Froelich and Mr. Clore for objector); *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-01156 (N.D. Ga. Jan. 6, 2017), ECF No. 79 (Mr. Bandas's *pro hac vice* application filed by Mr. Froelich).

- 16 -

Concurrently with the filing of the objection, Mr. Clore moved for admission *pro hac vice*.  ECF No. 551.  In his supporting certification, Mr. Clore suggested he was not required to attach the Bandas Injunction, but was doing so "out of an abundance of caution."  *See* Certification of Robert W. Clore in Support of Pro Hac Vice Admission, ¶11, ECF No. 551-1 (the "Clore Cert.").  Neither Mr. Froelich nor Mr. Clore disclosed that, as the sole shareholder and only partner in the firm, Mr. Bandas is working on and supervising the matter.

However, there can be no doubt as to Mr. Bandas's involvement in the present objection, not only due to his role as the sole partner of the Bandas Firm and past relationship with objector Lochridge and her son, but also because Mr. Clore has admitted in prior cases that he acts at the direction of Mr. Bandas.  For example, in appearing on behalf of an objector in *Birchmeier v. Caribbean Cruise Line, Inc.*, Mr. Clore was unable to answer basic questions about the objection from the court and noted that he was just "an associate," which led the court to direct him to go into the hall and call Mr. Bandas to get the answers.  *See* Transcript of Proceedings at 33-39, No. 1:12-cv-04069 (N.D. Ill. Feb. 23, 2017), ECF No. 594.

## III.   ARGUMENT

### A.    Legal Standard

Under Local Rule 101.1(c)(1), "[a]ny member in good standing of the bar of any court of the United States or of the highest court of any state, who is not under

suspension or disbarment by any court and is ineligible for admission to the bar of this Court under L.Civ.R. 101.1(b), may *in the discretion of the Court*, on motion, be permitted to appear and participate in a particular case." Admission *pro hac vice* is a privilege, not a right. *Kohlmayer v. Nat'l R.R. Passenger Corp.*, 124 F. Supp. 2d 877, 880 (D.N.J. 2000) (affirming magistrate judge's denial of *pro hac vice* admission of attorney with documented history "replete with instances of grossly inappropriate, uncivilized, and unprofessional behavior by an attorney"). In addition, "the rule contemplates that Courts may deny admission *pro hac vice*, even though the applicant is not currently suspended or disbarred from the practice of law," and the court has "wide discretion in granting admission to practice *pro hac vice*." *Id.* at 879; *see also Thoma v. A.H. Robins Co.*, 100 F.R.D. 344, 348-49 (D.N.J. 1983) (denying admission *pro hac vice* and finding that where "out-of-state counsel has continually thwarted the progress of the litigation, it is appropriate to deny the motion to admit them *pro hac vice*").

### B. Mr. Clore and the Bandas Firm Should Be Denied Admission *Pro Hac Vice*

Just as Mr. Clore and the Bandas Firm's *pro hac vice* admission was denied in *Cole*, it should be denied in this case for several reasons.

#### 1. The Motion Should Be Denied Due to the Bandas Firm's Long History of Misconduct

As discussed herein, the Bandas Firm may be the most notorious serial objector in the country. *See supra* §II.A. Mr. Bandas and his firm have admitted to engaging in

- 18 -

the unauthorized practice of law and unethical conduct that only serves Mr. Bandas's financial interest, been routinely criticized by courts across the country, been denied *pro hac vice* admission in this District last year, and been subject to an injunction. *See supra* §II.A., D.-E. It is not overstatement to suggest that the Bandas Firm's primary business plan is to profit from meritless objections. Two years ago a court noted that Mr. Bandas has been "earning condemnation for [his] antics from courts across the country" and "[y]et, [his] obstructionism continues." *Clark*, 122 N.E.3d at 380. Denying the motion to be admitted *pro hac vice* is an effective way to stop it. *See also Kohlmayer*, 124 F. Supp. 2d at 882 (affirming denial of *pro hac vice* admission and concluding that "[w]hen forewarned with a substantial amount of evidence that an attorney is likely to hinder the litigation process, a court should not and cannot be forced to grant a *pro hac vice* application of that attorney"). As the court held in *Cole*, admitting Mr. Clore will delay and frustrate, not advance, resolution of this case. *See* Cole Letter Order at 3. Thus, the motion should be denied.

### 2.    The Motion Should Be Denied Because the Bandas Firm Seeks to Represent a Serial Objector

An independent basis to deny the motion is that the Bandas Firm is seeking admission to represent a serial objector. As noted, the Bandas Firm's *modus operandi* is to use purported "clients," often repeat clients, with little or no stake in the litigation, to advance objections that serve only the Bandas Firm's interest in attempting to extract an attorneys' fee by delaying distribution of the settlement and

- 19 -

class counsel's fees.  *See supra* §II.B.  Consistent with that pattern, Cathy Lochridge has a minimal stake in the outcome,[11] and she and her son have been objectors in four prior cases, losing in every case, being found to lack standing in one and purporting to act *pro se* to conceal Mr. Bandas's involvement in others.[12]

---

[11]   Notably, Ms. Lochridge bought just 15 shares of Valeant stock in a suspiciously timed transaction that occurred only 3 days after CEO Defendant Pearson appeared on a high-profile television program attempting to defend the company's allegedly improper business practices.  *See* Declaration of Cathy Lochridge, ¶3, ECF No. 547-1; CNBC Markets, *Valeant CEO: Allegations about our business not true* (Jan. 13 2015), *available at* https://www.cnbc.com/video/2015/01/13/valeant-ceo-allegations-about-our-business-not-true.html.

[12]   Mr. Bandas appeared in the first of the four losing objections by the Lochridges in 2012.  *See In re Bank of Am. Credit Protection Mktg. & Sales Practices Litig.*, No. 3:11-md-02269-TEH (N.D. Cal.), ECF No. 78 (objection by Beau Lochridge "represented by . . . Chris Bandas" filed on December 13, 2012), ECF Nos. 96-97 (orders granting final approval and fee request over objection).  Then, in early 2013, a court was considering sanctions against Mr. Bandas and ultimately decided to revoke his *pro hac vice* status.  *See* Minute Entry, *Dennings v. Clearwire Corp.*, No. 2:10-cv-01859 (W.D. Wash. Aug. 20, 2013), ECF No. 166.  Thereafter, Mr. Bandas concealed his involvement from the district courts by having the next three objections by the Lochridges filed *pro se*, and then he filed his appearance only on appeal: (1) *Swift v. DirectBuy, Inc.*, No. 2:11-cv-00401-PPS-PRC (N.D. Ind. Aug. 13, 2013), ECF No. 176 (purported *pro se* objection by Cathy Lochridge dated August 9, 2013); *Swift v. Direct Buy, Inc.*, No. 2:11-CV-401-TLS, 2013 WL 5770633, at *9 (N.D. Ind. Oct. 24, 2013) (overruling objection); *Swift v. DirectBuy, Inc.*, No. 13-3580 (7th Cir. Dec. 6, 2013), ECF No. 4 (Mr. Bandas's appearance on behalf of Lochridge on appeal); (2) *Smith v. Intuit, Inc.*, No. 5:12-cv-00222-EJD (N.D. Cal.), ECF No. 98 (purported *pro se* objection by Beau Lochridge dated August 26, 2013), ECF Nos. 104-105 (orders granting final approval of settlement and fees over objection), ECF No. 111 (transcript order by Mr. Bandas on behalf of Lochridge); and (3) *Nwabueze v. AT&T Inc.*, No. 3:09-cv-01529-SI (N.D. Cal.), ECF Nos. 213-214 (purported *pro se* objections by Ms. Lochridge and another objector dated August 29 and August 30, 2013); *Nwabueze v. AT&T Inc.*, No. C 09-01529 SI, 2013 WL 6199596, at *6 (N.D. Cal. Nov. 27, 2013) (finding that Lochridge lacked standing to assert objection and granting final approval to settlement over objections); *Nwabueze v. AT&T Inc.*, No. C 09-01529 SI, 2014 WL 324262 (N.D. Cal. Jan. 29, 2014) (awarding attorney's fees over objection); *Nwabueze*

### 3.   The Motion Should Be Denied Because Mr. Bandas Is Engaging in the Unauthorized Practice of Law

After losing his prior bid to be admitted *pro hac vice* in this District, Mr. Bandas has reverted to his old tactic of trying to conceal his involvement. Mr. Bandas had some success in avoiding sanction through this unethical practice in the past, wherein he would work "behind the scenes" on objections but file them either through "*pro se*" clients or local counsel "to avoid his professional responsibilities to the Court." *Garber*, 2017 WL 752183, at *5; *see also supra* §II.B. While some courts questioned their jurisdiction to sanction Mr. Bandas, the Illinois Appellate Court explained that, at a minimum, this constituted the unauthorized practice of law for which Mr. Bandas could be referred to state disciplinary committees. *See supra* §II.D. Mr. Bandas even admitted that it amounted to the unauthorized practice of law and was unethical. *Id.*

Stunningly, Mr. Bandas has still not learned his lesson, as despite his admission of wrongdoing and despite the Bandas Injunction, Mr. Bandas is directing his associate to seek admission alone in this case, to facilitate Mr. Bandas's unauthorized practice of law. ECF No. 551. As the only shareholder and partner in the Bandas Firm, Mr. Clore can act only under the supervision of Mr. Bandas (*e.g.*, by stepping outside of court to call Mr. Bandas for direction and approval). *See supra* §II.H.; *see also* Tex. R. Prof'l

---

*v. Pac. Bell Tel. Co.*, No. 13-17656 (9th Cir. Jan. 7, 2014), ECF No. 3 (Mr. Bandas's notice of appearance for the appealing "*pro se*" objector).

- 21 -

Conduct 5.01 (stating that law firm partner is subject to discipline for knowingly permitting misconduct by subordinate attorney). Mr. Clore cannot advance the fiction that Mr. Bandas is not involved because as the sole partner, Mr. Bandas is entitled to the fees the Bandas Firm will be seeking in connection with the Lochridge objection. Moreover, Mr. Clore is seeking to appear on behalf of the Bandas Firm, which itself admitted wrongdoing and is subject to the Bandas Injunction.

### 4. Mr. Clore Should Be Denied Admission *Pro Hac Vice* Based on His Conduct

Mr. Clore's conduct in submitting erroneous papers in support of his attempt to object in *Cole* is an additional ground to deny his *pro hac vice* motion. *See supra* §II.F. Moreover, Mr. Clore's conduct in facilitating Mr. Bandas's unauthorized practice of law in this and the *Syngenta* case is another reason to deny his admission *pro hac vice*. *See, e.g.*, Tex. R. Prof'l Conduct 5.02 (stating that subordinate lawyer can only rely upon a supervisory lawyer's "reasonable resolution" of an ambiguous professional conduct issue as a defense to discipline).

In addition, Mr. Clore's certification in support of his motion to be admitted in this case contains several material omissions and half-truths. Specifically, Mr. Clore (1) refers to himself as "Senior Appellate Counsel," (2) states that he is submitting the Bandas Injunction "out of an abundance of caution" even though he was not a "party to the action nor does it speak to me personally," and (3) states that he was denied *pro hac vice* admission in the *Cole* case based on "judicial criticisms of Mr. Bandas and an

- 22 -

omission from a 2019 list of all objections made by the Bandas Law Firm, even though I started working for the firm in 2016 and the omitted objection was filed in 2012 and no longer a part of the firm's records" and the "court found the error cause for concern given the criticisms against Mr. Bandas."  Clore Cert., ¶¶1, 11.

Mr. Clore's certification is misleading.  Mr. Clore is working under the direction and supervision of Mr. Bandas and assisting Mr. Bandas in the same unauthorized practice of law that led to the Bandas Injunction.  Notably, the Bandas Injunction stated that among the reasons for its issuance was that Mr. Bandas and the Bandas Firm "do not dispute" that their conduct included "contacting and arranging" for a local lawyer "to assist Defendants in the unauthorized practice of law" and "[s]oliciting attorneys . . . to sign pleadings or other documents drafted by Defendants in a case where Defendants do not appear."  Bandas Injunction, 2019 WL 272812, at *1.  Here, Mr. Clore – despite making it appear he is leading the case on his own – is an employee under the supervision of the sole partner of the Bandas Firm – Mr. Bandas.  In fact, when asked in open court for the Bandas Firm's position on an issue, Mr. Clore has had to leave the courtroom to call Mr. Bandas to get authority to respond.  *See supra* §II.H.  As evidenced by the four prior objections with Mr. Bandas, Ms. Lochridge and her son are Mr. Bandas's clients, not Mr. Clore's.  *See supra* §III.B.2.  Assisting another lawyer in engaging in the unauthorized practice of law can itself lead to sanction.  *See In re Roswold*, 292 Kan. 136, 137-38, 144 (2011)

(suspending Kansas attorney for permitting unlicensed attorney to act as "lead counsel" and engage in unauthorized practice of law).

Moreover, Mr. Clore did not volunteer the Bandas Injunction "out of an abundance of caution," but was required to submit it because it applies not only to Mr. Bandas but to the Bandas Firm on whose behalf Mr. Clore, as a non-owner and employee, is seeking to be admitted. Bandas Injunction, 2019 WL 272812, at *1.[13] And, contrary to his attempt to distance himself and the Bandas Firm's current practices from the firm's prior misconduct, the misconduct did not stop in 2016 when Mr. Clore joined the firm. For example, Mr. Clore, along with Mr. Froelich and Mr. Bandas, recently represented an objector in a losing objection that was subject to a stinging rebuke by Judge Thrash of the Northern District of Georgia. *See* Order at 6-7, *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga. May 11, 2020), ECF No. 1094 (ordering objector represented by Mr. Bandas and Mr. Clore to post appeal bond, and noting that the court previously found that the objector and other objectors in the case "'are serial objectors, that they have unsuccessfully asserted many of the same or similar objections in other class

---

[13] Mr. Clore previously failed to disclose the Bandas Injunction until class counsel called out the omission. *See* Supplemental Declaration of Class Counsel, ¶62, *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga. Dec. 5, 2019), ECF No. 900-1; Reply in Support of the Objection of Mikell West at 2 n.3, *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 1:17-md-02800-TWT (N.D. Ga. Dec. 13, 2019), ECF No. 930.

action settlements, that their objections are not in the best interests of the class, that there is no substantial likelihood their objections will be successful on appeal, and that the class would be best served by final resolution of their objections as soon as practicable so that class members can begin to benefit from the settlement'").[14]

Finally, Mr. Clore's attempt to distance himself from the omission of the past objection in *Cole* is also misleading. Mr. Clore suggests that the failure to list the prior objection was not his fault because the objection was made before he joined the firm, and the court was concerned about the omission because of "criticisms against Mr. Bandas." Clore Cert., ¶11. This severely downplays Mr. Clore's role in the criticisms leveled against not just Mr. Bandas, but the firm. Both Magistrate Judge Bongiovanni and Judge Wolfson expressly criticized the Bandas Firm. *See* Cole Letter Order at 3 (noting concern based on "a record like that associated with the Bandas Law Firm"); Cole Approval Tr. at 24 ("So I hope that in the future [the objector] thinks long and hard when [he] becomes an objector because he will have to deal with some of what I have to say in my opinion, and that goes as well for the Bandas law firm. I have found it very disturbing."). Mr. Clore's attempt to blame the omission on record retention omits that that Judge Wolfson found that explanation unpersuasive. *See* Cole Approval Tr. at 9 ("With regard to the Bandas firm and the failure to have uncovered

---

[14]   *See also* Bandas Injunction, 2019 WL 272812 (2019); Cole Letter Order (2019); *Clark*, 122 N.E.3d at 392-93 (2018); *Garber*, 2017 WL 752183, at *2 (2017).

the prior representation, and some arguments being made as to how this was 2012 and there is a retention policy in Texas of about 5 years, when you identify the other cases that the Bandas firm objected to there are ones that preceded that date as well.  So I don't think that's the reason it was not uncovered.").  Notably, Mr. Clore prepared the deficient list.  *See* Cole Letter Order at 3 (noting Bandas Firm's explanation that omission was "a mistake on the part of Mr. Clore").

Mr. Clore's deceptive tactics in seeking to be admitted *pro hac vice* in the *Cole* case without full disclosure, and in this case through misleading disclosures, is another reason to deny the motion.

## IV.   CONCLUSION

For the reasons set forth herein, Lead Plaintiff respectfully requests that this Court deny Mr. Clore's motion for admission *pro hac vice*, and award any such further relief as it deems appropriate.

DATED:  May 18, 2020                    Respectfully submitted,

                                        SEEGER WEISS LLP
                                        CHRISTOPHER A. SEEGER
                                        JENNIFER R. SCULLION


                                              /s/ Christopher A. Seeger
                                        CHRISTOPHER A. SEEGER

                                        55 Challenger Road, 6th Floor
                                        Ridgefield Park, NJ  07660
                                        Telephone:  212/584-0700
                                        212/584-0799 (fax)
                                        cseeger@seegerweiss.com
                                        jscullion@seegerweiss.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JACK REISE
ROBERT J. ROBBINS
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

4812-3653-2924.v1