SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
JENNIFER R. SCULLION
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | ) | Master No. 3:15-cv-07658-MAS-LHG |
| | ) | CLASS ACTION |
| | ) | Judge Michael A. Shipp<br>Magistrate Judge Lois H. Goodman |
| This Document Relates To: | ) | Special Master Dennis M. Cavanaugh, U.S.D.J. (ret.) |
| ALL ACTIONS. | ) | SUR-REPLY MEMORANDUM IN OPPOSITION TO MOTION FOR *PRO HAC VICE* ADMISSION OF ROBERT W. CLORE |

# TABLE OF CONTENTS

**Page**

I. ARGUMENT ..... 1

A. The Reply Fails to Respond to Arguments Relevant to the Opposition to the *Pro Hac Vice* Motion ..... 1

B. The Reply Makes Irrelevant and Inaccurate Claims ..... 2

II. CONCLUSION ..... 7

# TABLE OF AUTHORITIES

**Page**

## CASES

*Cole v. NIBCO, Inc.*,
No. 3:13-cv-07871-FLW-TJB (D.N.J. Apr. 5, 2019)......................................1, 7

*In re Auto. Parts Antitrust Litig.*,
No. 12-md-02311, 2017 WL 3499291 (E.D. Mich. July 10, 2017).....................5

*In re Babies*,
315 B.R. 785 (Bankr. N.D. Ga. 2004)..................................................................3

*In re Gen. Elec. Co. Sec. Litig.*,
998 F. Supp. 2d 145 (S.D.N.Y. 2014)..................................................................2

*In re Merck & Co., Inc. Sec., Deriv. & "ERISA" Litig.*,
No. 05-1151 (SRC)(CLW), 2016 WL 11575090 (D.N.J. June 28, 2016) ...........5

*In re Schering-Plough Corp. Enhance Sec. Litig.*,
No. 08-397 (DMC)(JAD), 2013 WL 5505744 (D.N.J. Oct. 1, 2013)..................4

*In re Syngenta AG MIR162 Corn Litig.*,
No. 2:14-md-02591 (D. Kan. Jan. 23, 2015)........................................................5

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
535 F. Supp. 2d 249 (D.N.H. 2007)......................................................................5

*Kornell v. Haverhill Ret. Sys.*,
790 F. App'x 296 (2d Cir. 2019)..........................................................................5

*Wall v. Altium Grp., LLC*,
No. 2:16-cv-01044-MRH, 2019 WL 3068606 (W.D. Pa. July 12, 2019)............2

## SECONDARY AUTHORITIES

ABA Comm. of Professional Ethics, Op. No. 316 (1967) .......................................3

Brian T. Fitzpatrick, *The End of Objector Blackmail?*,
62 Vand. L. Rev. 1623 (2009)..............................................................................2

# I. ARGUMENT

## A. The Reply Fails to Respond to Arguments Relevant to the Opposition to the *Pro Hac Vice* Motion

The only relevant issue raised by the briefing before the Court is whether Robert W. Clore's motion to be admitted *pro hac vice* should be denied. Yet, his reply [ECF No. 564] fails to respond to any of the arguments raised in Lead Plaintiff's opposition [ECF No. 558], including that Mr. Clore's *pro hac vice* admission should be denied for the same reasons his and Christopher A. Bandas' *pro hac vice* motions were denied in *Cole v. NIBCO, Inc.*, No. 3:13-cv-07871-FLW-TJB (D.N.J. Apr. 5, 2019), ECF No. 223. Mr. Clore's reply fails to distinguish *Cole.*

Instead of explaining why they should be admitted in this case after being denied in *Cole*, the Bandas Law Firm, PC ("Bandas Firm") tried to evade Mr. Bandas' "tarnished" reputation by having only Mr. Clore move for *pro hac vice* admission in this case. *See* ECF No. 558 at 10-11. But the opposition explained that: (1) this was a frequent tactic of Mr. Bandas; (2) Mr. Bandas has previously admitted using a front person constitutes the unauthorized practice of law; (3) Mr. Clore is an employee who can only act at the direction of Mr. Bandas, the sole shareholder and partner of the Bandas Firm; and (4) Mr. Clore demonstrated his inability to act alone by needing to delay a hearing to step into the hallway and call Mr. Bandas in another case where they objected. *Id.* at 2-4, 8-11, 14-15, 17, 21-22. The reply fails to respond to any of these points. The reply does not explain why

Mr. Bandas did not seek admission in this case. Neither does it explain why Mr. Bandas admitted to another court that his conduct was "unethical, improper, and misleading" and constituted the unauthorized practice of law, but denies it in this case. *Id.* at 10-11.[1]

### B. The Reply Makes Irrelevant and Inaccurate Claims

Rather than respond to the arguments in opposition to Mr. Clore's motion, the reply is devoted to inaccurate and legally unsupported accusations against the excellent Settlement achieved here and the lawyers that fought for years to achieve it. These arguments have no place in a motion for *pro hac vice* admission, but given the nature of the claims they warrant a short response.

First, Mr. Bandas fails in comparing his failure to move for admission to lawyers from Court-appointed Lead Counsel because not every lawyer in a large law firm needs to move for admission; rather, only those whose conduct constitutes the practice of law, such as leading the litigation and attending hearings. *Cf. Wall v.*

[1] Nor does Mr. Clore explain the relationship between Mr. Bandas and the Lochridge family that led to Cathy Lochridge and her son serving as clients in four prior losing objections (even purporting to act *pro se*) nor the suspicious timing of her purchase of stock in this case. *See* ECF No. 558 at 20 n.11 & 12; *In re Gen. Elec. Co. Sec. Litig.*, 998 F. Supp. 2d 145, 156 (S.D.N.Y. 2014) (objector's "relationship with Bandas, a known vexatious appellant, further supports a finding that [the objector] brings this appeal in bad faith"); Brian T. Fitzpatrick, *The End of Objector Blackmail?*, 62 Vand. L. Rev. 1623, 1637 n.68 (2009) (stating "professional objectors" may "team up" with individuals "that buy small numbers of shares of stock in a number of publicly traded companies" to object).

*Altium Grp., LLC*, No. 2:16-cv-01044-MRH, 2019 WL 3068606, at *11 (W.D. Pa. July 12, 2019) (holding in fee shifting case that attorney did not need to be admitted to bill time when working at admitted attorney's direction).

Here, Lead Counsel ensured that the lawyers controlling the case were admitted but additional lawyers carrying out work under the oversight of and at the direction of Lead Counsel were not required to be admitted. *Cf.* ABA Comm. of Professional Ethics, Op. No. 316 (1967). Similarly, while Frank Johnson may manage his firm, the comparison to him also falls short because he is not running this case and his firm's work has been at the direction of Court-appointed Lead Counsel. In contrast, Mr. Bandas is necessarily the lead attorney for the Lochridge objection as he is the only partner of his firm and is (ethically) required to supervise Mr. Clore and lead the objection on behalf of his current and former client. *See* ECF No. 558 at 1 n.2; ABA Comm. of Professional Ethics, Op. No. 316 (1967) (adding that admitted attorney "must have the ability to make and be responsible for making decisions for the lawyer group").[2] As noted, the reply never even attempts to differentiate Mr. Bandas' conduct in this case from the conduct he previously

---

[2] *See also In re Babies*, 315 B.R. 785, 794 (Bankr. N.D. Ga. 2004) (holding that out-of-state attorneys who were "properly characterized as ***lead*** counsel" must be admitted *pro hac vice* otherwise their conduct would "constitute[] practice in this Court without being admitted").

admitted amounted to the unauthorized practice of law in Illinois. *See* ECF No. 558 at 8-11.

Second, the other criticisms of Class counsel raised for the first time in reply are both irrelevant to this motion and meritless. The reply incorrectly claims that attorney Cecilia E. Rutherford's time should be stricken because she was temporarily suspended by the State Bar of California for eight days during July 2019. However, that brief suspension was due to an inadvertent, late payment of bar dues – an oversight she quickly corrected – and she did not bill any time to this case during that period. *See* Declaration of Cecilia E. Rutherford, submitted herewith, ¶¶4-5.

The reply also improperly delves into the merits of motions pending before Special Master Cavanaugh, claiming Lead Counsel engaged in "inexcusable" conduct and "deliberately omitted" to cite one non-precedential district court decision relied on by Ms. Lochridge in her objection. ECF No. 564 at 2. But that decision is not controlling adverse authority as it is from a district court outside this Circuit and it followed a lodestar-driven approach that the same Court acknowledged was inconsistent with Third Circuit law. *See* ECF No. 559 at 12-14. In contrast, Lead Counsel identified 19 cases within the Third Circuit and nearly 100 cases overall that support the fee request, and it is the Bandas Firm that "deliberately" ignored relevant law within the Third Circuit in its objection. *See, e.g.*, *In re Schering-Plough Corp. Enhance Sec. Litig.*, No. 08-397 (DMC)(JAD), 2013 WL

5505744, at *35 (D.N.J. Oct. 1, 2013) (stating objection that "the fee award should be based on the lodestar method" is "a position incompatible with well-settled controlling Third Circuit case law, ***none of which is even mentioned in the [objection]***") (emphasis added).[3] Tellingly, there is not a single citation to legal authority in support of any of these inflammatory attacks in the reply. *See generally* ECF No. 564.[4]

Third, the reply in support of Mr. Clore's *pro hac vice* motion improperly seeks to add untimely argument in support of the objection pending before Special Master Cavanaugh. *See* ECF No. 510, ¶24 (requiring objections to be filed "no later than May 6, 2020," and stating that "[a]ny Member of the Class who does not . . . shall be deemed to have waived such objection"); *see also In re Auto. Parts Antitrust*

---

[3] *See also In re Merck & Co., Inc. Sec., Deriv. & "ERISA" Litig.*, No. 05-1151 (SRC) (CLW), 2016 WL 11575090, at *5-8 (D.N.J. June 28, 2016) (approving 20% fee on $1.062 billion settlement); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 266 (D.N.H. 2007) (awarding 14.5% of $3.2 billion); *Kornell v. Haverhill Ret. Sys.*, 790 F. App'x 296 (2d Cir. 2019) (affirming 13% fee on $2.3 billion settlement); ECF Nos. 539-2 at 26-27 and 559-2 (listing additional cases with fees at or well above 13%).

[4] In disagreeing with the description of *Syngenta*, Mr. Clore refers to an order that only provided that attorneys already appearing in transferred cases "need not enter an additional appearance or seek pro hac vice admission[.]" Order, *In re Syngenta AG MIR162 Corn Litig.*, No. 2:14-md-02591 (D. Kan. Jan. 23, 2015), ECF No. 69. Because Mr. Clore did not have a pre-existing appearance, he moved to be admitted, and the Bandas Firm fails to explain why Mr. Bandas did not move even though he controlled the objection and billed time. *See* ECF No. 558 at 15, 21-22.

*Litig.*, No. 12-md-02311, 2017 WL 3499291, at *7 (E.D. Mich. July 10, 2017) (striking objection submitted by Mr. Bandas' client for failure to comply with procedural objection requirements in court order). Lead Counsel responds here only as a consequence of Mr. Clore's improper insertion of the issue into his *pro hac vice* briefing.

The reply claims the fee request is undeserved because the Settlement in this case was a poor result based on an inaccurate recognized loss estimate offered to compare recognized losses of Valeant securities, not for the purpose suggested by the Bandas Firm. *See* ECF No. 559 at 25. The Bandas Firm fails to explain how the Settlement can be considered anything but an excellent result in light of, among other things: (1) it being the ninth largest securities class action settlement in history and the largest in this District in almost two decades; (2) the reaction of financial analysts commenting on the Settlement, characterizing it as "much larger" than expected; (3) the overwhelming support of the Class and lack of objections to the Settlement amount from any institutional investors; and (4) the fact that it represents nearly 150% of Valeant's cash. *See* ECF Nos. 539-1 at 1, 559 at 1-4. In suggesting Valeant could have paid tens of billions of dollars more, the Bandas Firm fails to explain how that is possible when analysts previously speculated Valeant could go bankrupt under its existing debt load, and its stock has declined another 40% since the COVID-19 pandemic. *Id.* at 1, 10. Speculation is no substitute for factual and legal

support, and the attempt to bolster Ms. Lochridge's objection through a reply in support of a *pro hac vice* motion is both untimely and meritless. *See supra*.

All the collateral issues improperly injected in the reply only serve to reinforce, as Magistrate Judge Bongiovanni held in *Cole*, that granting Mr. Clore's motion would not "effectuate th[e] aim" of the Federal Rules to provide "the just, speedy, and inexpensive determination of every action and proceeding." ECF No. 558-1 at 3, 14.

## II. CONCLUSION

For the reasons set forth herein and in Lead Plaintiff's opposition [ECF No. 558], Lead Plaintiff respectfully requests that this Court deny Mr. Clore's motion for admission *pro hac vice*.

DATED: May 25, 2020

Respectfully submitted,

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
JENNIFER R. SCULLION

*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER

55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: 212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
jscullion@seegerweiss.com

Local Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
DARREN J. ROBBINS
THEODORE J. PINTAR
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
JACK REISE
ROBERT J. ROBBINS
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: 561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs