# ENTWISTLE & CAPPUCCI LLP

Entwistle & Cappucci LLP
299 Park Avenue
20th Floor
New York, NY 10171

(212) 894-7200 Main
(212) 894-7272 Fax
www.entwistle-law.com

July 23, 2020

**VIA ECF**
Hon. Michael A. Shipp
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
Trenton, NJ 08608

   Re: *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, **Master File No. 15-7658 MAS-LHG**

Dear Judge Shipp:

  We write in brief response to Lead Plaintiff's letter request to strike the Declaration of Michael A. Marek, CFA ("Marek Declaration") (Doc. No. 600). Initially, we note that a motion to strike is not properly made as an aside in a transmittal letter and should be denied on that basis alone. *See* L.R. 7.1 (b).

  Lead Plaintiff's request is misplaced for at least three additional reasons. First, the Marek Declaration properly addresses arguments raised in Lead Plaintiff's opposition, arguments to which Timber Hill is entitled to respond. *Portillo v. National Freight, Inc.*, 2020 WL 3542335, at *8 (D.N.J. June 30, 2020) (denying motion to strike noting plaintiffs entitled to respond to arguments raised in defendants' opposition); *Elizabethtown Water Co. v. Hardford Cas. Ins. Co.*, 998 F. Supp. 447, 458 (D.N.J. 1998) (denying motion to strike because the party "properly responded to [the opposing party's] argument and factual recitation"); *see also Machulsky v. Hall*, 210 F.Supp.2d 531, 534 (D.N.J. 2002). Second, this Court has broad discretion to accept all properly presented evidence in connection with its *de novo* review. *In re Intel Corp. Microprocessor Antitrust Litig.*, 2012 WL 4497405, at *3 (D. Del. 2012) (allowing additional evidence not submitted to Special Master). Third, Rule 23 requires that the Court parse the factual issues in addressing the certification of a settlement class and approval of the plan of allocation with heightened scrutiny. *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 534 (3d Cir. 2004) (where class certification was not litigated in an adversarial context, the Court must be "even 'more scrupulous than usual' when examining the fairness of the proposed settlement.") (citation omitted); *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 299 (3d Cir. 2005).

  For these reasons, Lead Plaintiff's request to strike should be denied and Timber Hill's Objection should be sustained.

Hon. Michael A. Shipp
July 23, 2020
Page 2 of 2

                           Respectfully,

                           */s/ Andrew J. Entwistle*
                           Andrew J. Entwistle

                           */s/ Marc M. Seltzer*
                           Marc M. Seltzer
                           SUSMAN GODFREY L.L.P

                           */s/ Michael Critchley, Sr.*
                           Michael Critchley, Sr.
                           CRITCHLEY, KINUM
                              & DENOIA LLC

cc:     Counsel of Record