# EXHIBIT 1

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  973/639-9100
973/639-9393 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No. 3:15-cv-07658-MAS-LHG |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | Judge Michael A. Shipp<br>Magistrate Judge Lois H. Goodman |
| 3:15-cv-07658-MAS-LHG | Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.) |

## MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT

# TABLE OF CONTENTS

**Page**

I.      FACTUAL BACKGROUND...........................................................................1

II.     RELEVANT PROCEDURAL HISTORY .....................................................4

III.    ARGUMENT.................................................................................................7

      A.   Legal Standard....................................................................................7

      B.   The Court Should Grant Plaintiff Leave to File the SAC to Add
          the Section 10(b) Claim Against PwC ................................................8

          1.   PwC Will Not Be Prejudiced by Filing of the SAC ..................9

          2.   There Is No Undue Delay ........................................................11

          3.   Granting Leave to File the SAC Will Not Be Futile ...............13

      C.   Amendment Will Promote Judicial Economy and Effective
          Case Management ..............................................................................17

IV.     CONCLUSION............................................................................................18

# TABLE OF AUTHORITIES

**Page**

## CASES

*Boileau v. Bethlehem Steel Corp.*,
  730 F.2d 929 (3d Cir. 1984) ..............................................................................11

*Colonial Sur. Co. v. Alpha Software Corp.*,
  No. 2:17-CV-01701-ES-SCM, 2019 WL 2137365 (D.N.J. May 16,
  2019) ...........................................................................................................9, 13

*Foman v. Davis*,
  371 U.S. 178 (1962)..........................................................................................8

*Harrison Beverage Co. v. Dribeck Importers, Inc.*,
  133 F.R.D. 463 (D.N.J. 1990)..........................................................................13

*Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*,
  663 F.2d 419 (3d Cir. 1981) ...............................................................................9

*High 5 Games, LLC v. Marks*,
  No. 13-7161 (JMV), 2018 WL 2134038 (D.N.J. May 9, 2018)................*passim*

*In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
  No. 15-7658 (MAS) (LHG), 2019 WL 2724075 (June 30, 2019) ....................14

*Leased Optical Dep'ts-Montgomery Ward, Inc. v. Opti-Center, Inc.*,
  120 F.R.D. 476 (D.N.J. 1988)..........................................................................8

*Lord Abbett Inv. Trust-Lord Abbett Short Duration Income Fund v.*
  *Valeant Pharms. Int'l Inc.*,
  No. 17-6365 (MAS) (LHG), 2018 WL 3637514 (D.N.J. July 31,
  2018) ...................................................................................................2, 11, 15

*Mullin v. Balicki*,
  875 F.3d 140 (3d Cir. 2017) ................................................................7, 8, 11, 17

*Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*,
  106 F. Supp. 2d 761 (D.N.J. 2000)..................................................................13

*Rosenzweig v. Transworld Sys., Inc.*,
  No. CV 16-227 (JMV), 2016 WL 5106995 (D.N.J. Sept. 20, 2016) ................13

**Page**

**STATUTES, RULES AND REGULATIONS**

Federal Rule of Civil Procedure
   15(a)(2) ..........................................................................................1, 7

**SECONDARY AUTHORITIES**

6 Wright, Miller & Kane, *Fed. Practice & Procedure* §1488 (3d ed.
   Aug. 2019 Update)...........................................................................11

Cases\4814-3441-4767.v1-12/16/19

All of the claims against the various defendants have been settled, subject to Court approval, except the claim asserted by the City of Tucson together with and on behalf of the Tucson Supplemental Retirement System ("Tucson" or "Plaintiff") against defendant PricewaterhouseCoopers LLP ("PwC"). Plaintiff respectfully submits this Motion for Leave to Amend the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(2) to add specific, discrete allegations that PwC violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder.[1] For the Court's convenience, the proposed Second Amended Consolidated Complaint ("SAC") is attached as Exhibit A and a redlined proposed SAC is attached as Exhibit B. The new allegations are contained in ¶¶55, 561-648.

## I.    FACTUAL BACKGROUND

The Court is very familiar with the allegations in this case, which has been pending for over four years. While Plaintiff asserted Section 10(b) and Section (11) claims against Valeant and certain of its officers and directors, Plaintiff asserted only strict liability Section 11 claims against PwC and certain banks. In contrast, an

---

[1]    Without conceding that the designations were properly made, Plaintiff seeks leave to file the proposed SAC under seal pursuant to Local Civ. Rule 5.3(c) to ensure compliance with the Stipulation and Confidentiality Order in this action concerning materials PwC designated as "Confidential" or "Highly Confidential." ECF No. 244.

individual action, *Lord Abbett Inv. Trust-Lord Abbett Short Duration Income Fund v. Valeant Pharms. Int'l Inc.*, No. 17-6365 (MAS) (LHG) (D.N.J.), was subsequently filed alleging a fraud-based Section 10(b) claim against PwC.  Judge Shipp dismissed the fraud claim against PwC.  *See* 2018 WL 3637514 (D.N.J. July 31, 2018).

After Judge Shipp denied PwC's motion to dismiss the claim in this case, the parties began discovery.  Through ongoing discovery, Plaintiff has been able to obtain and review ██████████████████████████████, and now believes it has sufficient evidence, as set forth in the SAC, to allege a Section 10(b) claim against PwC.  The false and misleading statements alleged against PwC are not new – they are the same false and misleading statements upheld by Judge Shipp that Plaintiff alleged for the Section 11 claim against PwC.  What is new is that the discovery now provides Plaintiff a basis to allege a strong inference of scienter against PwC.

By way of background, PwC is and at all relevant times was Valeant's outside auditor.  ¶55.[2]  PwC certified Valeant's 2014 10-K as complying with GAAP and included a February 25, 2015 Audit Report relating to the financial statements, financial statement schedule, and the purported effectiveness of Valeant's internal

---

[2]   Citations to "¶__" refer to paragraphs of the proposed SAC.

control over financial reporting ("2014 Audit Report").  *Id.*  PwC also signed the 2014 Audit Report and provided its consent to incorporate by reference the 2014 Audit Report into Valeant's 2014 10-K.  *Id.*  As detailed in the order denying PwC's motion to dismiss the Consolidated Complaint, PwC's statements were adequately alleged to be false and misleading because, in part, Valeant and PwC admitted as much in the restatement process wherein Valeant restated those financial statements.  *See* ECF No. 216 at 15, 28-29.

The discovery-based allegations set forth in the SAC support a strong inference of scienter, *i.e.*, that PwC acted knowingly or with recklessness in making the false and misleading statements.  ¶¶564-569.  In summary, the SAC alleges that at the time PwC certified Valeant's financial statements as complying with GAAP, it knew of or recklessly disregarded all of the material information it later acknowledged was sufficient to show that Valeant's financial statements were not prepared in accordance with GAAP.



████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████   ¶566.  Valeant has admitted to material weaknesses in its internal controls and that its financial statements were not prepared in accordance with GAAP.  ¶569. Valeant restated its 2014 financial statements, which PwC audited, because Valeant's revenue, net income, and earnings per share ("EPS") were all overstated. *Id*.  The SAC alleges that PwC is liable under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder for its false and misleading statements in the 2014 10-K and in the 2014 Audit Report incorporated therein, which failed to disclose the overstated financial results, Valeant's acquisition and control of Philidor, and the material weaknesses in Valeant's internal controls.  *Id*.

## II.   RELEVANT PROCEDURAL HISTORY

Given the settlement with all other defendants, which is subject to Court approval, the only remaining claim is Count Seven of the Consolidated Complaint alleging PwC violated Section 11 of the Securities Act of 1933 ("Securities Act") in connection with Valeant's March 2015 Stock Offering.  ECF No. 80 at ¶¶669-712. As noted, following the filing of the nearly 300-page Consolidated Complaint (ECF No. 80) and hundreds of pages of briefing and lengthy oral argument, on April 28, 2017, the Court denied defendants' motions to dismiss the 10(b) and 20(a) Exchange

Act claims against Valeant and its officers and directors and denied the motion to dismiss the Section 11, 12(a)(2) and 15 Securities Act claims with respect to Valeant's March 2015 stock offering against Valeant, PwC, and certain underwriter banks.  ECF No. 216.

Following the Court's April 28, 2017 ruling, PwC answered the Consolidated Complaint by essentially denying all the non-objectively verifiable allegations.  ECF No. 234.  On May 5, 2017 and October 11, 2017, and September 26, 2019, Plaintiffs served documents requests on PwC and, after serving objections, PwC first began producing documents on July 25, 2017 and has continued doing so through November 26, 2019.

During the last two years, discovery has been stayed a few times.  First, the case was partially stayed on November 29, 2017, during the pendency of the criminal trial against Philidor's former CEO, Andrew Davenport, and a former Valeant executive, Gary Tanner.  ECF No. 291.  Although limited categories of document discovery continued, the case remained stayed until June 5, 2018, when the Court issued a Letter Order lifting the stay.  ECF No. 316.

The second stay was entered as a result of Plaintiffs filing the FAC on September 20, 2018, to add insider trading claims against Jeffrey Ubben and the ValueAct Defendants, but not PwC.  ECF No. 352.  On October 10, 2018, Magistrate Judge Goodman entered a consent order accepting the filing of the FAC *nunc pro*

*tunc*.  ECF No. 366.[3]  Although no Order was entered, the parties abided by the terms of their November 13, 2018 stipulation and proposed order to the Court agreeing to stay party discovery during the pendency of the motion to dismiss the insider trading claims.  Document discovery of non-parties was not part of the agreement, so it continued.

On June 30, 2019, the Court denied the ValueAct Defendants' motion to dismiss.  ECF Nos. 462-463.  Thereafter the parties resumed all discovery.

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████

Document discovery is ongoing and has included requests for production, requests for admission, and interrogatories.  Plaintiffs have served document subpoenas on more than 150 third parties.  To date, Plaintiffs have produced 300,000 documents to defendants totaling more than 1.5 million pages, and have received more than 2.4 million documents from defendants and third parties exceeding 11 million pages, including 84,000 documents produced by PwC.  As noted, PwC's most recent document production occurred on November 26, 2019, and included an

---

[3]    Plaintiffs and defendants stipulated to the dismissal of Counts Five, Six, Seven, and Eight of the FAC, without prejudice, consistent with the Court's April 28, 2017 Order.  ECF No. 362-1.  The Court entered an Order adopting the stipulation on October 5, 2018.  ECF No. 363.

additional 4,700 documents totaling 41,000 pages.  On November 6, 2019, Plaintiff Tucson served its first requests for admission and first interrogatories to PwC.  PwC's responses were due on December 6, 2019, and PwC requested a 60-day extension of time to respond, to which Plaintiffs agreed.

Following the appointment of the Honorable Judge Cavanaugh (Ret.) as Special Master, on October 16, 2019, Judge Cavanaugh entered an Order adopting the parties' proposed Joint Discovery Plan.  Under that schedule, the fact discovery cutoff is February 18, 2021, and dispositive motions will not be fully briefed until April 28, 2022.  No trial date has been set.

## III.  ARGUMENT

### A.  Legal Standard

The liberal standard for amending a pleading is governed by Federal Rule of Civil Procedure 15, which does not place a time limit on when amendment is permissible, but instructs courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This liberal amendment regime helps effectuate the general policy embodied in the Federal Rules favoring resolution of cases on their merits." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017).[4]  "A decision on whether to permit amendment of the pleadings generally falls within the District

---

[4]   Internal citations omitted and emphasis added, unless otherwise noted.

Court's discretion." *Id.* at 150; *see also High 5 Games, LLC v. Marks*, No. 13-7161 (JMV), 2018 WL 2134038, at *3 (D.N.J. May 9, 2018).

In particular, "[t]he Third Circuit has 'made clear that there is to be a liberal use of Rule 15 to amend complaints so as to state additional causes of action.'" *Marks*, 2018 WL 2134038, at *3 (quoting *Leased Optical Dep'ts-Montgomery Ward, Inc. v. Opti-Center, Inc.*, 120 F.R.D. 476, 479 (D.N.J. 1988)). Thus, leave to amend is freely granted unless there has been undue delay or prejudice, bad faith or dilatory motive on behalf of the movant, repeated failure to cure deficiencies by amendments previously allowed, or futility. *See id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## B.    The Court Should Grant Plaintiff Leave to File the SAC to Add the Section 10(b) Claim Against PwC

PwC knew it was at risk of a Section 10(b) claim when it signed its false audit report, but at least by the time of the filing of the class action asserting a Section 11 claim PwC was on notice. Moreover, it was on notice of the potential claim when the *Lord Abbett* individual action was filed asserting a Section 10(b) claim against PwC. While PwC succeeded in arguing there was insufficient information, prior to discovery, to allege scienter in the *Lord Abbett* case, discovery has provided Plaintiff the information previously lacking. Having agreed to a lengthy discovery schedule, PwC can hardly claim that the parties are too late to amend or that PwC will suffer any prejudice. As set forth below, the Court should allow the filing of the SAC

8

because it does not prejudice PwC, there has been no undue delay, amendment would not be futile, and judicial efficiency supports amendment.

### 1.    PwC Will Not Be Prejudiced by Filing of the SAC

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." *See Marks*, 2018 WL 2134038, at *3.  But, the prejudice must be more than incidental.  *Id.*  Rather, "[t]he party opposing amendment must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [plaintiff's] amendments been timely.  *Colonial Sur. Co. v. Alpha Software Corp.*, No. 2:17-CV-01701-ES-SCM, 2019 WL 2137365, at *5 (D.N.J. May 16, 2019).  The Third Circuit has acknowledged that although "[t]he exact nature and degree of prejudice necessary for denial of an amendment is not readily susceptible to a precise formula . . . the defendants must show that the amendment would adversely affect their ability to defend adequately the case." *Id.*

Prejudice is generally evaluated by looking at whether the amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the nonmoving party from bringing a timely action in another forum.  *Marks*, 2018 WL 2134038, at *3; *see also Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (stating the

objecting party "has a heavier burden than merely claiming prejudice, it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . .")).

Here, the elements of the new claim largely overlap with the existing Section 11 claim.  PwC was already preparing to defend its audit report, and the SAC only requires PwC to defend its state of mind.  The parties have engaged in extensive document discovery and PwC will be unable to show that the Section 10(b) claim will materially change the document discovery it seeks or will need to produce. Depositions and expert discovery have not been completed, the deadline for merits discovery is not for more than a year, and dispositive motions will not be fully briefed until April 2022.  Having agreed to such a generous schedule, PwC still has plenty of time to complete any additional discovery it needs to defend the claim.

This case is like *Marks*, where amendment was allowed in a case that had been "pending for a number of years," discovery issues were "being guided by a Special Master" but "[d]epositions have not begun," and "[d]ispositive motions have not been filed and are a long way off," and "[n]o trial date has been set."  *Marks*, 2018 WL 2134038, at *3.  Moreover, the proposed amendment in this case "will introduce some slightly different theories and subjects into the case" but will "still involve the same general parties and issues."  *See id*.  The Exchange Act claim alleged in the proposed SAC arises from the same facts and circumstances as the rest of the case,

involves the same documents, and the same categories of false statements already alleged in the FAC.  Thus, PwC cannot demonstrate unfair prejudice rising to the level necessary in the Third Circuit to warrant denial of this Motion.

### 2.    There Is No Undue Delay

"Delay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party."  *Marks*, 2018 WL 2134038, at *3. Amendments have been permitted even ten years into litigation.  *See Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984) (holding district court erred in denying amendment ten years after original complaint when there was no demonstrated prejudice).  There is "no presumptive period in which. . . delay becomes 'undue,' the question of undue delay requires that we focus on the movant's reasons for not amending sooner."  *Mullin*, 875 F.3d at 151; *see also* 6 Wright, Miller & Kane, *Fed. Practice & Procedure* §1488 (3d ed. Aug. 2019 Update) ("It would be unreasonable to restrict a party's ability to amend to a particular stage of the action inasmuch as the need to amend may not appear until after discovery has been completed or testimony has been taken at trial.").

Here, PwC argued successfully that information available prior to discovery was insufficient to allege scienter resulting in the grant of its motion to dismiss a Section 10(b) claim brought in an individual action relating to its audit report for Valeant.  *Lord Abbett*, 2018 WL 3637514.  Having done so, PwC can hardly argue

that Plaintiff should have brought the claim before discovery. Given the multiple discovery stays and the massive volume of documents to be reviewed in this case, as set forth above, PwC also cannot claim that Plaintiff delayed in bringing the claim. In fact, PwC is still producing documents with its latest production coming on November 26, 2019, and PwC has still not answered Tucson's pending interrogatories and requests for admission. ███████████████████████ ████████████████████████████████████████████████ ████████████████████████ PwC simply cannot argue there has been any delay, much less undue delay.

Again, this case is like *Marks*, which held:

> Delay is not a serious issue in this case. As has already been explained, the amendment will not cause Defendants to suffer any undue prejudice. The absence of prejudice renders any arguable delay materially irrelevant. Moreover, the motion is not brought on the eve of trial or after Defendants have prevailed on a summary judgment motion.... [D]espite the age of the case, the fact is [plaintiff] brought its motion to amend relatively early in the proceedings—before document discovery was complete; before any depositions were held; before summary judgment motions were filed; and before any Markman proceeding was held.

*Marks*, 2018 WL 2134038, at *4.

Plaintiff's deliberate approach to adding this claim against PwC does not constitute undue delay and the Motion should be granted.

### 3.    Granting Leave to File the SAC Will Not Be Futile

An amendment is only "'futile' if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Colonial Sur. Co.*, 2019 WL 2137365, at *3.  "Thus in determining futility the same legal standard employed under a Rule 12(b)(6) motion to dismiss is applied."  *Id.*

However, "[g]iven the liberal standard for the amendment of pleadings, 'courts place a heavy burden on opponents who wish to declare a proposed amendment futile.'"  *Marks*, 2018 WL 2134038, at *4 (quoting *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)). And the evaluation of futility under Rule 15 does ***not*** contemplate substantive motion practice on the merits of the claims:

> If a proposed amendment is not clearly futile, then denial of leave to amend is improper.  This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted defense appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit.

*Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990); *see also Rosenzweig v. Transworld Sys., Inc.*, No. CV 16-227 (JMV), 2016 WL 5106995, at *2 (D.N.J. Sept. 20, 2016).  "Effectively, this means that the proposed amendment must be frivolous or advance a claim or defense that is legally insufficient on its face." *Marks*, 2018 WL 2134038, at *4.

Since PwC is planning to file a motion to dismiss, as defendants in securities cases always do, there is no reason to brief the matter twice and futility can be deferred to a ruling on the motion to dismiss where the issue can be fully briefed. To the extent the issue is considered now, as noted, it is a lower bar. Because Judge Shipp already denied PwC's motion to dismiss the Section 11 claim, the only new issue to resolve is PwC's scienter. *See In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, No. 15-7658 (MAS) (LHG), 2019 WL 2724075, at *5 (D.N.J. June 30, 2019) (refusing to reconsider arguments previously raised in motions to dismiss and already rejected by the Court). ████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████

For example, in issuing the restatement in March 2016, Valeant stated, and PwC concurred, the restatement was necessary because the Philidor sales reflected improper transactions outside of the normal course of business, including fulfillment of unusually large orders and the shipping of alternative, different products not requested or needed in the normal course in order to make up for revenue deficiencies and maintain total sales order value. ¶¶605-606. ████████████

██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

███████████████████████████████   *See* 2018 WL 3637514.

In that case, PwC argued the allegations against it amounted to only negligence and

emphasized that in the "fifty-eight paragraphs related to scienter, PwC is mentioned

only once, and it is in the context of Philidor's actions." *Id.* at *3.  Judge Shipp went

on to find the *Lord Abbett* plaintiffs' "own argument relies on what a 'reasonable

accountant' should have concluded" and stated that this was "clearly suggesting a

negligence standard – not 'conscious misbehavior or recklessness.'"  *Id.*

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██

████████████████████████████████████████

████████████████████████████████████████████



████████████████████

████ This is more than enough to survive a motion to dismiss, or even a motion for summary judgment, much less to demonstrate that amendment would not be "clearly futile." The Motion should be granted.

## C. Amendment Will Promote Judicial Economy and Effective Case Management

Finally, "[j]udicial efficiency and effective case management are matters that can be considered in deciding whether amendment should be allowed." *Marks*, 2018 WL 2134038, at *5 ("In this four-plus-year-old case, one might think these considerations favor denial of the amendment. But we suspect the opposite is true."); *see also Mullin*, 875 F.3d at 157 ("Judicial economy is an equitable consideration that can be considered in deciding whether amendment should be allowed.").

Despite any modest delay that might be encountered by filing of the SAC, "it makes sense for the parties and the Court to allow these parties to litigate all their issues in one place and with one judge." *Marks*, 2018 WL 2134038, at *5 (finding amendment promoted judicial efficiency because if denied, the plaintiff "could simply file a new case with the same contentiousness, the same discovery problems, the same costs – just under a new docket number.").

Allowing amendment now makes sense because on December 10, 2019, PwC submitted a motion for judgment on the pleadings as to Count IX of the FAC. Under the briefing schedule agreed to by PwC, that motion will not be fully briefed until

March 11, 2020.  Filing of the SAC now, while PwC's motion is pending, will allow the Court, Plaintiff, and PwC to more firmly establish the contours of the litigation going forward in light of the settlement with all of the other Defendants and Former Defendants.  This presents "[a]n additional practical reason to grant amendment" and the Motion should be granted.  *See Marks*, 2018 WL 2134038, at *5.

## IV.    CONCLUSION

For the foregoing reasons, the Motion for Leave to Amend should be granted.

DATED:  December 17, 2019         SEEGER WEISS LLP
                                  CHRISTOPHER A. SEEGER
                                  DAVID R. BUCHANAN


                                  */s/ Christopher A. Seeger*
                                  CHRISTOPHER A. SEEGER

                                  55 Challenger Road, 6th Floor
                                  Ridgefield Park, NJ  07660
                                  Telephone:  973/639-9100
                                  973/639-9393 (fax)
                                  cseeger@seegerweiss.com
                                  dbuchanan@seegerweiss.com

                                  Local Counsel

                                  ROBBINS GELLER RUDMAN
                                    & DOWD LLP
                                  JAMES E. BARZ
                                  FRANK RICHTER
                                  200 South Wacker Drive, 31st Floor
                                  Chicago, IL  60606
                                  Telephone:  312/674-4674
                                  312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
ROBERT R. HENSSLER JR.
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
KATHLEEN DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served

via e-mail on all counsel listed on the attached service list on this 17th day of

December, 2019:


*/s/ Christopher A. Seeger*
CHRISTOPHER A. SEEGER

Service List
*In re Valeant Pharmaceuticals International, Inc. Securities Litigation*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.)

| | | |
|---|---|---|
| Darren J. Robbins<br>Tor Gronborg<br>X. Jay Alvarez<br>Robert R. Henssler<br>Matthew I. Alpert<br>Christopher R. Kinnon<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>James E. Barz<br>Frank A. Richter<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>200 South Wacker Drive,<br>31st Floor<br>Chicago, IL  60606<br>Telephone: 312/674-4674<br>312/674-4676 (fax)<br><br>Jack Reise<br>Robert J. Robbins<br>Kathleen B. Douglas<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>120 East Palmetto Park Road,<br>Suite 500<br>Boca Raton, FL  33432<br>Telephone: 561/750-3000<br>561/750-3364 (fax) | *Lead Counsel for Plaintiffs* | Valeant@rgrdlaw.com |

| | | |
|---|---|---|
| Christopher A. Seeger<br>David R. Buchanan<br>Jennifer Scullion<br>SEEGER WEISS LLP<br>55 Challenger Road, 6th Floor<br>Ridgefield Park, NJ  07660<br>Telephone: 973/639-9100<br>973/639-9393 (fax) | *Local Counsel for Plaintiffs* | cseeger@seegerweiss.com<br>dbuchanan@seegerweiss.com<br>jscullion@seegerweiss.com |
| Richard Hernandez<br>Omar Bareentto<br>McCARTER & ENGLISH, LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102<br>Telephone: 973/622-4444<br>973/297-6615 (fax)<br><br>Paul C. Curnin<br>Jonathan K. Youngwood<br>Craig S. Waldman<br>Daniel J. Stujenske<br>Dean McGee<br>Kavitha S. Sivashanker<br>SIMPSON THACHER & BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY  10017<br>Telephone: 212/455-2641<br>212/455-2502 (fax) | *Attorneys for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Anders Lönner, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katherine B. Stevenson and Jeffrey Ubben* | List-Defendants-Valeant@lists.stblaw.com |

| | | |
|---|---|---|
| James J. Capra, Jr.<br>Evan Claire Ennis<br>Christina M. Conroy<br>James P. Cusick<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>Telephone: 212/556-2100<br>212/556-2222 (fax)<br><br>Kenneth Y. Turnbull<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue, NW<br>Washington, DC  20006-4707<br>Telephone: 202/737-0500<br>202/626-3737 (fax)<br><br>A. Ross Pearlson<br>Ilana Levin<br>CHIESA SHAHINIAN &<br>    GIANTOMASI PC<br>One Boland Drive<br>West Orange, NJ  07052<br>Telephone: 973/325-1500<br>973/325-1501 (fax) | *Attorneys for Defendant PricewaterhouseCoopers LLP* | jcapra@kslaw.com<br>eennis@kslaw.com<br>kturnbull@kslaw.com<br>cconroy@kslaw.com<br>jcusick@kslaw.com<br>adepalma@kslaw.com<br>jcmccullough@kslaw.com<br>shosein@kslaw.com<br><br><br><br><br><br><br><br><br><br>rpearlson@csglaw.com<br>ilevin@csglaw.com |

| | | |
|---|---|---|
| Bruce E. Yannett<br>Matthew J. Petrozziello<br>DEBEVOISE & PLIMPTON<br>  LLP<br>919 Third Avenue<br>New York, NY  10022<br>Telephone: 212/909-6000<br>212/909-6836 (fax)<br><br>Jonathan R. Tuttle<br>Ada Fernandez Johnson<br>Anna Moody<br>Mark D. Flinn<br>Meredith E. Stewart<br>DEBEVOISE & PLIMPTON<br>  LLP<br>801 Pennsylvania Avenue<br>N.W.<br>Washington, D.C.  20004<br>Telephone: 202/383-8000<br>202/383-8118 (fax) | *Attorneys for Defendant J.*<br>*Michael Pearson* | beyannett@debevoise.com<br>mjpetrozziello@debevoise.com<br>afjohnson@debevoise.com<br>jrtuttle@debevoise.com<br>amoody@debevoise.com<br>mflinn@debevoise.com<br>mestewart@debevoise.com |
| Richard A. Rosen<br>Jeffrey Newton<br>Maxwell Kosman<br>William E. Freeland<br>PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON<br>  LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>Telephone: 212/373-3000<br>212/492-0305 (fax)<br><br>Mark A. Berman<br>Robin D. Fineman<br>Jeremy B. Stein<br>HARTMANN DOHERTY<br>  ROSA BERMAN &<br>  BULBULIA, LLC<br>65 Route 4 East<br>River Edge, New Jersey 07661<br>Telephone: 201/441-9056<br>201/441-9435 (fax) | *Attorneys for the Bank*<br>*Offering Defendants* | rrosen@paulweiss.com<br>jnewton@paulweiss.com<br>mkosman@paulweiss.com<br>wfreeland@paulweiss.com<br><br><br><br><br><br>mberman@hdrbb.com<br>rfineman@hdrbb.com<br>jstein@hdrbb.com |

24

| | | |
|---|---|---|
| Barry A. Bohrer<br>Robert E. Griffin<br>SCHULTE ROTH & ZABEL<br>  LLP<br>919 Third Avenue<br>New York, NY  10022<br>Telephone: 212/756-2000<br>212/593-5955 (fax) | *Attorneys for Defendant<br>Deborah Jorn* | barry.bohrer@srz.com<br>robert.griffin@srz.com |
| | | |
| Benjamin Sokoly<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY  10166<br>Telephone: 212/294-6700<br>212/294-4700 (fax)<br><br>Robert Y. Sperling<br>Joseph L. Motto<br>Katherine Hundt<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL  60601<br>Telephone: 312/558-5600<br>312/558-5700 (fax) | *Attorneys for Defendant<br>Howard B. Schiller* | bsokoly@winston.com<br>jmotto@winston.com<br>rsperling@winston.com<br>khundt@winston.com |
| | | |

| | | |
|---|---|---|
| William J. Schwartz<br>Laura Grossfield Birger<br>Lauren Gerber Lee<br>Kaitland Kennelly<br>Sarah Lightdale<br>COOLEY LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone: 212/479-6000<br>212/479-6275 (fax) | *Attorneys for Defendant<br>Tanya Carro* | wschwartz@cooley.com<br>lbirger@cooley.com<br>lglee@cooley.com<br>kkennelly@cooley.com<br>slightdale@cooley.com |
| Richard Hernandez<br>Omar Bareentto<br>McCARTER & ENGLISH,<br>  LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: 973/622-4444<br>973/624-7070 (fax) | | rhernandez@mccarter.com<br>obareentto@mccarter.com |
| | | |

| | | |
|---|---|---|
| Jonathan Rosenberg<br>Allen Burton<br>Dimitri D. Portnoi<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY 10036-6537<br>Telephone: 212/326-2000<br>212/326-2061 (fax)<br><br>Margaret L. Carter<br>Dimitri D. Portnoi<br>Michael J. Simeone<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA 90071<br>Telephone: 213/430-6000<br>213/430-6407 (fax) | *Attorneys for Defendants ValueAct Capital Management L.P., ValueAct Capital Master Fund, L.P., ValueAct Co-Invest Master Fund, L.P., VA Partners I, LLC ValueAct Holdings, L.P. and Jeffrey W. Ubben* | jrosenberg@omm.com<br>aburton@omm.com<br>mcarter@omm.com<br>dportnoi@omm.com<br>msimeone@omm.com |
| Kevin G. Walsh<br>Kate E. Janukowicz<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, NJ 07102<br>Telephone: 973/596-4500<br>973/596-0545 (fax) | | kwalsh@gibbonslaw.com<br>kjanukowicz@gibbonslaw.com |