# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>This Document Applies To:<br><br>No. 3:15-CV-07658-MAS-LHG | Case No. 3:15-CV-07658-MAS-LHG<br><br>JUDGE MICHAEL A SHIPP<br>JUDGE LOIS H. GOODMAN<br><br>JUDGE DENNIS CAVANAUGH, RET.<br>SPECIAL MASTER |

**DECLARATION OF KENNETH Y. TURNBULL IN CONNECTION WITH
DEFENDANT PRICEWATERHOUSECOOPERS LLP'S OPPOSITION TO
<u>NAMED PLAINTIFF TUCSON'S MOTION FOR LEAVE TO AMEND COMPLAINT</u>**

KENNETH Y. TURNBULL hereby declares pursuant to 28 U.S.C. § 1746:

1.      I am a partner in the law firm of King & Spalding LLP and an attorney of record for Defendant PricewaterhouseCoopers LLP ("PwC") in the above-captioned action.  I am a member of the bars of the State of Maryland and the District of Columbia and have been admitted *pro hac vice* in this proceeding.  I respectfully submit this Declaration in connection with PwC's Opposition to the Motion for Leave to Amend Complaint by named plaintiff, the City of Tucson together with and on behalf of the Tucson Supplemental Retirement System ("Tucson") (December 17, 2019).

**PwC's Production of its Audit Workpapers**

2.      On July 25, 2017, PwC produced its audit workpapers associated with PwC's annual audit and quarterly reviews of the financial statements of Valeant Pharmaceuticals International, Inc. ("Valeant") for the fiscal year ending December 31, 2014 in response to Plaintiffs' First Request for Production of Documents to PwC, served May 5, 2017.  *See* PwC's Production Letter, attached as Exhibit 1.

3.      On August 18, 2017, PwC produced its audit workpapers associated with PwC's annual audit and quarterly reviews of Valeant's financial statements for the fiscal year ending December 31, 2015 in response to Plaintiffs' First Request for Production of Documents to PwC, served May 5, 2017.  *See* PwC's Production Letter, attached as Exhibit 2.

**Information Relevant to the September 21, 2018 Amendment Deadline**

4.      Copies of the parties' proposed Joint Discovery Plans, dated July 3, 2018 and September 7, 2018, are attached respectively as Exhibits 3 and 4.

5.      On September 26, 2018, the Court held an in-person conference, the Honorable Lois H. Goodman presiding, which I attended along with other PwC counsel.  The conference was not transcribed.  At that conference, Judge Goodman asked if counsel for Class Plaintiffs

had obtained the consent of other parties or leave of court to file Plaintiffs' First Amended Consolidated Complaint (filed September 20, 2018) (ECF 352).  Class Plaintiffs' counsel stated, in substance, that they had not, but that the amendment should be allowed because Class Plaintiffs had filed it before the September 21, 2018 deadline for leave to amend reflected in the parties' Joint Discovery Plan.  Judge Goodman directed Class Plaintiffs to seek an Order permitting this amendment.  A copy of the October 10, 2018 Consent Order (ECF 366) submitted by the parties and ordered by the Court is attached as Exhibit 5.

6.    On August 5, 2019, the parties submitted a revised Joint Discovery Plan (ECF 477), and on September 30, 2019, they re-submitted this schedule to newly-appointed Special Master Cavanaugh (ECF 487), who "so ordered" it on October 16, 2019.  A copy of the Court's Order, docketed on October 22, 2019 (ECF 492), is attached as Exhibit 6.

**The Parties' Tolling Agreement**

7.    PwC entered into a tolling agreement with Tucson effective July 19, 2019, which terminated on December 16, 2019.

**Court Decision in *Hound Partners***

8.    A true and correct copy of the portion of the June 19, 2019 hearing transcript reflecting the court's decision in *Hound Partners Offshore Fund, LP v. Valeant Pharm. Int'l, Inc.*, No. MER-L-2185-18 (N.J. Sup. Ct.) (pp. 1–4, 62–75), followed by the Court's June 24, 2019 Order, are collectively attached as Exhibit 7.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: District of Columbia
       February 18, 2020

                                      /s/ Kenneth Y. Turnbull
                                      Kenneth Y. Turnbull

# Exhibit 1

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kenneth Y. Turnbull
Direct Dial: +1 202 626 2644
Direct Fax: +1 202 626 3737
kturnbull@kslaw.com

July 25, 2017

**VIA OVERNIGHT DELIVERY**

Robert R. Henssler, Jr.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

  **Re:** *In re Valeant Pharmaceuticals International, Inc. Securities Litigation, No.*
  *3:15-cv-07658-MAS-LHG*

Dear Counsel:

On behalf of PricewaterhouseCoopers LLP ("PwC"), we are producing the enclosed documents in partial response to Plaintiffs' First Request for Production of Documents to Defendant PwC, dated May 5, 2017. Specifically, we are producing electronic and external audit working papers associated with PwC's annual audits and quarterly reviews of the financial statements of Valeant Pharmaceuticals International, Inc. ("Valeant") for the fiscal year ending December 31, 2014. Our production is further described in, and made pursuant to, PwC's Responses and Objections to Plaintiffs' First Request for Production of Documents, dated June 5, 2017 ("Responses and Objections").

We are producing the documents on the enclosed hard drive, labeled PwC_VPI_DNJ_001, which includes fixed image TIFF, OCR text, and native Excel files, as well as load files compatible with Relativity, Concordance and Summation. The hard drive is encrypted with a password protected self-extracting zip file. The password will be provided separately. Both the hard drive and the TIFF images it contains have been marked "Confidential" pursuant to the terms of the Stipulation and Confidentiality Order entered by the Court on July 18, 2017 and should be treated accordingly. Please also note that, while it is impractical for us to label the native Excel files with a confidentiality designation, they are confidential and should be treated accordingly. Please also note that these native files are subject to inadvertent alteration during the course of your review.

July 25, 2017
Page 2

*Electronic Work Papers*

The Bates ranges associated with these documents are as follows:

| Electronic Database | Bates Range |
|---|---|
| Valeant Pharmaceuticals International, Inc. 2014 Q1 Review | PwC_VPI_DNJ_00000001 - PwC_VPI_DNJ_00004428 |
| Valeant Pharmaceuticals International, Inc. 2014 Q2 Review | PwC_VPI_DNJ_00004750 - PwC_VPI_DNJ_00009728 |
| Valeant Pharmaceuticals International, Inc. 2014 Q3 Review | PwC_VPI_DNJ_00010193 - PwC_VPI_DNJ_00014852 |
| Valeant Pharmaceuticals International, Inc. 2014 Audit | PwC_VPI_DNJ_00015522 - PwC_VPI_DNJ_00068736 |

*External Work Papers*

The Bates ranges associated with these documents are as follows:

| External Workpapers | Bates Range |
|---|---|
| Valeant Pharmaceuticals International, Inc. 2014 Q1 Review | PwC_VPI_DNJ_00004429 - PwC_VPI_DNJ_00004749 |
| Valeant Pharmaceuticals International, Inc. 2014 Q2 Review | PwC_VPI_DNJ_00009729 - PwC_VPI_DNJ_00010192 |
| Valeant Pharmaceuticals International, Inc. 2014 Q3 Review | PwC_VPI_DNJ_00014853 - PwC_VPI_DNJ_00015521 |
| Valeant Pharmaceuticals International, Inc. 2014 Audit | PwC_VPI_DNJ_00068737 - PwC_VPI_DNJ_00070380 |

We have redacted certain material from the documents on the grounds of PwC's attorney-client privilege and will provide a privilege log for such documents. Additionally, Valeant has asserted privilege over certain documents and will also provide a privilege log.

We are continuing to review and process additional documents for production.

\* \* \* \*

PwC does not intend to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production, whether such privilege or protection is held by PwC or its clients. If it were found that production of any of the information contained herein constitutes disclosure of otherwise privileged matters, such disclosure would be inadvertent and subject to the claw-back provision in paragraph 2 of the Confidentiality Order.

July 25, 2017
Page 3


If you have any questions, please feel free to contact me or my colleague Christina Conroy (212-556-2123).

Sincerely,

Kenneth Y. Turnbull

Kenneth Y. Turnbull


Enclosures

# Exhibit 2

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Kenneth Y. Turnbull
Direct Dial: +1 202 626 2644
Direct Fax: +1 202 626 3737
kturnbull@kslaw.com

August 18, 2017

**VIA EMAIL**

Robert R. Henssler, Jr.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

     **Re:**    *In re Valeant Pharmaceuticals International, Inc. Securities Litigation, No. 3:15-cv-07658-MAS-LHG*

Dear Counsel:

On behalf of PricewaterhouseCoopers LLP ("PwC"), we are producing the enclosed documents in partial response to Plaintiffs' First Request for Production of Documents to Defendant PwC, dated May 5, 2017. Specifically, we are producing electronic and external audit working papers associated with PwC's annual audits and quarterly reviews of the financial statements of Valeant Pharmaceuticals International, Inc. ("Valeant") for the fiscal year ending December 31, 2015. Valeant has asserted privilege over certain documents and will provide a privilege log. Our production is further described in, and made pursuant to, PwC's Responses and Objections to Plaintiffs' First Request for Production of Documents, dated June 5, 2017 ("Responses and Objections").

We are producing the documents via FTP in a multi-part RAR file labeled PwC_VPI_DNJ_002, which includes fixed image TIFF, OCR text, and native Excel files, as well as load files compatible with Relativity, Concordance and Summation. The self-extracting zip file is encrypted for added security. The access information and password will be provided separately. Both the zip files and the TIFF images they contain have been marked "Confidential" pursuant to the terms of the Stipulation and Confidentiality Order entered by the Court on July 18, 2017 and should be treated accordingly. Please also note that, while it is impractical for us to label the native Excel files with a confidentiality designation, they are also confidential and should be treated as such. Please also note that these native files are subject to inadvertent alteration during the course of your review.

August 18, 2017
Page 2

*Electronic Work Papers*

The Bates ranges associated with these documents are as follows:

| Electronic Database | Bates Range |
|---|---|
| Valeant Pharmaceuticals International, Inc. 2015 Q1 Review | PwC_VPI_DNJ_00070381 - PwC_VPI_DNJ_00076327 |
| Valeant Pharmaceuticals International, Inc. 2015 Q2 Review | PwC_VPI_DNJ_00076699 - PwC_VPI_DNJ_00080988 |
| Valeant Pharmaceuticals International, Inc. 2015 Q3 Review | PwC_VPI_DNJ_00081425 - PwC_VPI_DNJ_00086666 |
| Valeant Pharmaceuticals International, Inc. 2015 Audit | PwC_VPI_DNJ_00087117 - PwC_VPI_DNJ_00144169 |
| Valeant Pharmaceuticals International, Inc. 2015 Audit – Ad Hoc Committee | PwC_VPI_DNJ_00146263 - PwC_VPI_DNJ_00151947 |

*External Work Papers*

The Bates ranges associated with these documents are as follows:

| External Workpapers | Bates Range |
|---|---|
| Valeant Pharmaceuticals International, Inc. 2015 Q1 Review | PwC_VPI_DNJ_00076328 - PwC_VPI_DNJ_00076698 |
| Valeant Pharmaceuticals International, Inc. 2015 Q2 Review | PwC_VPI_DNJ_00080989 - PwC_VPI_DNJ_00081424 |
| Valeant Pharmaceuticals International, Inc. 2015 Q3 Review | PwC_VPI_DNJ_00086667 - PwC_VPI_DNJ_00087116 |
| Valeant Pharmaceuticals International, Inc. 2015 Audit | PwC_VPI_DNJ_00144170 - PwC_VPI_DNJ_00146262 |

Valeant has asserted privilege over certain documents and will provide a privilege log.

* * * *

PwC does not intend to, and does not, waive any applicable privilege or other legal basis under which information may not be subject to production, whether such privilege or protection is held by PwC or its clients. If it were found that production of any of the information contained herein constitutes disclosure of otherwise privileged matters, such disclosure would be inadvertent and subject to the claw-back provision in paragraph 2 of the Confidentiality Order.

August 18, 2017
Page 3

If you have any questions, please feel free to contact me or my colleague Christina Conroy (212-556-2123).

Sincerely,

Kenneth Y. Turnbull

Enclosures

# Exhibit 3

## Turnbull, Kenneth

| | |
|---|---|
| **From:** | Ward, Robert <rward@mccarter.com> |
| **Sent:** | Tuesday, July 3, 2018 6:45 PM |
| **To:** | 'lhg_orders@njd.uscourts.gov' |
| **Cc:** | Hernandez, Richard; 'Valeant@rgrdlaw.com'; 'FRichter@rgrdlaw.com'; Jennifer Scullion; 'dbuchanan@seegerweiss.com'; 'pcurnin@stblaw.com'; 'CWaldman@stblaw.com'; 'DStujenske@stblaw.com'; 'Dean.McGee@stblaw.com'; 'hswinter@debevoise.com'; 'beyannett@debevoise.com'; 'afjohnson@debevoise.com'; 'jrtuttle@debevoise.com'; 'jrichter@winston.com'; 'rsperling@winston.com'; 'jmotto@winston.com'; 'epapez@winston.com'; 'wschwartz@cooley.com'; 'lbirger@cooley.com'; 'lglee@cooley.com'; 'michael.yaeger@srz.com'; 'cara.david@srz.com'; 'matthew.moses@srz.com'; 'rpearlson@csglaw.com'; 'jvansplinter@csglaw.com'; Capra, Jim; Turnbull, Kenneth; 'mberman@hdrbb.com'; 'rfineman@hdrbb.com'; 'rrosen@paulweiss.com'; Conroy, Christina; 'ssadighi@lowenstein.com'; 'hta@hgtlaw.com'; 'shallowell@labaton.com'; 'stountas@kasowitz.com'; 'dberger@gelaw.com'; 'mmiarmi@lchb.com'; 'jreiser@cohenmilstein.com'; 'david@dstlegal.com'; 'Rich.Gluck@blbglaw.com'; 'DavidK@blbglaw.com'; 'sfineman@lchb.com'; James Cecchi; 'JonathanU@blbglaw.com'; Ward, Robert |
| **Subject:** | Valeant Securities Litigation - Joint Discovery Plan |
| **Attachments:** | VRX - Joint Discovery Plan.docx; VRX - Joint Discovery Plan.pdf |

Dear Judge Goodman,

On behalf of all parties, attached please find a Joint Discovery Plan for the Court's consideration.

Respectfully,

Robert N. Ward



**Robert N. Ward | Associate**
McCARTER & ENGLISH, LLP

100 Mulberry Street, Four Gateway Center | Newark, New Jersey 07102
T: 973-848-8313
F: 973-297-3756
rward@mccarter.com | www.mccarter.com

BOSTON | HARTFORD | STAMFORD | NEW YORK | NEWARK
EAST BRUNSWICK | PHILADELPHIA | WILMINGTON | WASHINGTON, DC

**Think Green! Please consider the impact on the environment before printing this e-mail.**

This email message from the law firm of McCarter & English, LLP is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No.: 3:15-cv-07658-MAS-LHG |
| T. ROWE PRICE GROWTH STOCK FUND, INC., et al., <br><br> Plaintiffs, <br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants, | Civil Case No. 3:16-cv-05034-MAS-LHG |
| EQUITY TRUSTEES LIMITED AS RESPONSIBLE ENTITY FOR T. ROWE PRICE GLOBAL EQUITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants, <br><br> Captions continued on next page | Civil Case No. 3:16-cv-06127-MAS-LHG |

- 1 -

| | |
|---|---|
| PRINCIPAL FUNDS, et al., | Civil Case No. 3:16-cv-06128-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| BLOOMBERGSEN PARTNERS FUND, LP, et al., | Civil Case No. 3:16-cv-07212-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| DISCOVERY GLOBAL CITIZENS MASTER FUND, LTD., et al., | Civil Case No. 3:16-cv-07321-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| MSD TORCHLIGHT PARTNERS, L.P., et al., | Civil Case No. 3:16-cv-07324-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| BLUEMOUNTAIN FOINAVEN MASTER FUND, L.P., et al., | Civil Case No. 3:16-cv-07328-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| INCLINE GLOBAL MASTER LP, INC., et al., | Civil Case No. 3:16-cv-07494-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| VALIC COMPANY I, et al., | Civil Case No. 3:16-cv-07496-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| JANUS ASPEN SERIES, et al., | Civil Case No. 3:16-cv-07497-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| LORD ABBETT INVESTMENT TRUST - LORD ABBETT SHORT DURATION INCOME FUND, | Civil Case No. 3:17-cv-06365-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| OKUMUS OPPORTUNISTIC VALUE FUND, LTD., | Civil Case No. 3:17-cv-06513-MAS-LHG |
| Plaintiff, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD., et al., | Civil Case No. 3:17-cv-07552-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, | Civil Case No. 3-17-cv-07625-MAS-LHG |
| Plaintiff, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| THE BOEING COMPANY EMPLOYEE RETIREMENT PLANS MASTER TRUST, et al., | Civil Case No. 3:17-cv-07636-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| FÖRSTA AP-FONDEN, et al., | Civil Case No. 3:17-cv-12088-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| STATE BOARD OF ADMINISTRATION OF FLORIDA, | Civil Case No. 3:17-cv-12808-MAS-LHG |
| Plaintiff, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |

Captions continued on next page

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants, | Civil Case No. 3:17-cv-13488-MAS-LHG |
| NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants, | Civil Case No. 3:18-cv-00032-MAS-LHG |
| GMO TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants, | Civil Case No. 3:18-cv-00089-MAS-LGH |
| Captions continued on next page | |

| | |
|---|---|
| BLACKROCK GLOBAL ALLOCATION FUND, INC., et al., | Civil Case No. 3:18-cv-00343-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| COLONIAL FIRST STATE INVESTMENTS LIMITED AS RESPONSIBLE ENTITY FOR COMMONWEALTH GLOBAL SHARES FUND 1, et al., | Civil Case No. 3:18-cv-00383-MAS-LGH |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| AHUJA, et al., | Civil Case No. 3:18-cv-00846-MAS-LGH |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| BRAHMAN PARTNERS II, L.P., et al., | Civil Case No. 3:18-cv-00893-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | Civil Case No. 3:18-cv-01223-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| SENZAR HEALTHCARE MASTER FUND, LP, et al., | Civil Case No. 3:18-cv-02286-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

- 9 -

| | |
|---|---|
| 2012 DYNASTY US LLC, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>　　　　　　　　　Defendants. | Civil Case No. 3:18-cv-08595-MAS-LHG |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.1(b), the Class Action Plaintiffs, Opt-Out Litigation Plaintiffs, and Defendants submit this Joint Discovery Plan.

## I.    BRIEF STATEMENT OF FACTS AND LEGAL ISSUES

### A.    Class Action

The securities class action, *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, Master No. 3:15-cv-07658-MAS-LHG (the "Class Action"), is brought on behalf of a putative class of purchasers of Valeant equity securities and senior notes between January 4, 2013 and March 15, 2016 (the "Class" and "Class Period," respectively), originally alleging nine counts pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, and the Securities Act of 1933 ("Securities Act") (Dkt. No. 80).  Lead Plaintiff, Teachers Insurance and Annuity Association

of America ("TIAA"), and named plaintiff, City of Tucson, together with and on behalf of the Tucson Supplemental Retirement System ("City of Tucson"), allege that Valeant engaged in deceptive practices, which Defendants concealed through materially false and misleading statements and omissions.  Plaintiffs allege that once Valeant's deceptive practices were disclosed to the public, the price of Valeant securities fell dramatically.  Plaintiffs now seek compensatory damages and any other appropriate relief to which they are entitled.  Not all claims are directed against each of the Defendants, some of whom are named only under one or a few counts.  Defendants deny all liability as to all claims asserted against them.

On April 28, 2017, the Court denied Defendants' motions to dismiss with regard to Counts One, Two, Seven, Eight, and Nine, and granted Defendants' motions to dismiss, without prejudice, with regard to Counts Three, Four, Five, and Six of the Class Action complaint.[1]  All Defendants in the Class Action have answered the Class Action complaint.

---

[1]  Following the Court's ruling on the motions to dismiss, the Defendants are:  the "Valeant Defendants" (Valeant Pharmaceuticals International, Inc., ("Valeant"), Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Anders Lonner, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katherine B. Stevenson, and Jeffrey W. Ubben), separately represented individual defendants J. Michael Pearson, Howard B. Schiller, Tanya Carro, and Deborah Jorn;  PricewaterhouseCoopers LLP ("PwC");  and, the "Stock Underwriter Defendants" (Deutsche Bank Securities, Inc., HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc., DNB Markets, Inc., Barclays Capital, Inc.,

On July 21, 2017, the parties to the Class Action exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

On October 12, 2017, all parties in the Class Action appeared before Magistrate Judge Goodman to discuss a jointly proposed scheduling order. Prior to entry of a scheduling order, on October 19, 2017, the Court entered an Order to Show Cause (Dkt. No. 273) as to whether the Court should stay the Class Action and the Opt-Out Litigations. Following briefing, on November 29, 2017, the Court entered the Stipulation and Order Regarding Partial Stay (Dkt. No. 291) (the "Stay"), which stayed certain proceedings and discovery in the Class Action and the Opt-Out Litigations during the pendency of the criminal trial involving Philidor RX Services, LLC's ("Philidor") former CEO, Andrew Davenport, and former Valeant employee Gary Tanner.

On June 5, 2018, the Court issued a Letter Order lifting the stay in the Class Action. Dkt. No. 316.

On June 11, 2018, the Court issued a Letter Order consolidating into the Class Action the case styled *Timber Hill LLC v. Valeant Pharms. Int'l, Inc., et al.*, No. 18-cv-10246 (D.N.J.), a recently-filed securities class action arising under the same facts and alleging violations of the same securities laws as the Class Action.

---

Morgan Stanley & Co. LLC, RBC Capital Markets, and SunTrust Robinson Humphrey, Inc.).

Dkt. No. 318.  On June 18, 2018, Timber Hill LLC filed a motion seeking relief from the Consolidation Order.  Dkt. No. 322.  On July 2, 2018, Lead Plaintiff TIAA filed its opposition to Timber Hill's motion.  Dkt. No. 323.

### B.    Opt-Out Litigations

Twenty-eight cases have been filed by individual investors and groups of investors in Valeant securities (the "Opt-Out Litigations").  Some of the Opt-Out Litigations plead causes of action not pled in the Class Action, including claims under New Jersey's RICO statute, Section 18 of the Securities Exchange Act of 1934, and New Jersey common law.[2]  The status of the Opt-Out Litigations is as follows:

### 1.    Cases With Motions to Dismiss Pending[3]

- *Pentwater Equity Opportunities Master Fund LTD v. Valeant Pharmaceuticals International, Inc., et al*., No. 3:17-cv-07552, (Filed 9/27/17)

- *Blackrock Global Allocation Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00343, (Filed 1/9/18)

- *Senzar Healthcare Master Fund, LP and Blue Rock Liquid Alpha Fund, L.P., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 2:18-cv-02286, (Filed 2/16/18)

---

[2]   Not all Defendants in the Class Action are named in each of the Opt-Out Litigations.

[3]   In some of the cases certain defendants have filed motions to dismiss all claims against them.

- *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund et al. v. Valeant Pharmaceuticals International Inc., et al.*, No. 3:17-cv-06365, (Filed 8/23/17)

- *Public Employees' Retirement System of Mississippi v. Valeant Pharmaceuticals International Inc., et al.*, No. 3:17-cv-07625, (Filed 9/28/17)

- *The Boeing Company Employee Retirement Plans Master Trust and the Boeing Company Employee Savings Plans Master Trust v. Valeant Pharmaceuticals International Inc., et al.*, No. 3:17-cv-07636, (Filed 9/28/17)

- *New York City Employees' Retirement System, et. al. v. Valeant Pharmaceuticals International Inc., et. al.*, No. 3:18-cv-00032, (Filed 1/2/18)

- *Hound Partners Offshore Fund, LP, Hound Partners Long master, LP, and Hound Partners Concentrated Master, LP v. Valeant Pharmaceuticals International Inc., et. al.*, No. 1:18-cv-00076, (Filed 1/4/18)[4]

- *2012 Dynasty UC LLC, et al., v. Valeant Pharmaceuticals International Inc., et al.*, No. 18-cv-08595, (Filed 4/30/18)

## 2. Cases With Motions to Dismiss Resolved on January 12, 2018

- *T. Rowe Price Growth Stock Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-05034, (Filed 8/15/16)

- *Equity Trustees Limited as Responsible for T. Rowe Price Global Equity Fund, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-06127, (Filed 9/26/16)

- *Principal Funds, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-06128, (Filed 9/27/16)

- *BloombergSen Partners Fund LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07212, (Filed 10/13/16)

---

[4] Plaintiffs in *Hound Partners* declined an invitation to participate in this Joint Discovery Plan.

- *Discovery Global Citizens Master Fund, Ltd., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07321, (Filed 10/14/16)

- *MSD Torchlight Partners, L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07324, (Filed 10/14/16)

- *BlueMountain Foinaven Master Fund L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07328, (Filed 10/14/16)

- *Incline Global Master LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07494, (Filed 10/18/16)

- *VALIC Company I, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07496, (Filed 10/18/16)

- *Janus Aspen Series, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07497, (Filed 10/18/16)

### 3.    Cases Where No Motions To Dismiss Will Be Filed

- *Okumus Opportunistic Value Fund, Ltd. v. Valeant Pharmaceuticals International, et al.*, No. 3:17-cv-6513, (Filed 8/29/17) (Motions to dismiss filed and withdrawn pursuant to stipulation)

- *Första AP-Fonden, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 2:17-cv-12088, (Filed 11/27/17)

- *State Board of Administration of Florida v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-12808, (Filed 12/07/17)

- *The Regents of the University of California v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-13488, (Filed 12/21/17)

- *GMO Trust, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, 3:18-cv-00089, (Filed 1/03/18)

- *Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Shares Fund 1, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00383, (Filed 1/10/18)

- *Bharat Ahuja, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00846, (Filed 1/19/18)

- *Brahman Capital Corp., et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00893, (Filed 1/22/18)

- *The Prudential Insurance Company of America, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-01223, (Filed 1/29/18)

## II.   DISCOVERY CONDUCTED TO DATE IN THE CLASS ACTION

### A.   Party Discovery in the Class Action

Prior to the Stay, Class Plaintiffs served their First Request for Production of Documents to Defendants Valeant and PwC, which, among other things, requested reproduction of documents provided to certain Investigating Agencies. Defendant Valeant has completed production in response to Class Plaintiffs' First Requests. PwC has previously made a substantial production of documents in response to the First Requests and intends to make a supplemental production of additional documents that have been recently produced or will be produced to the Investigating Agencies. Valeant's production to certain Investigating Agencies is ongoing, and Valeant is supplementing its productions to Class Plaintiffs on an ongoing basis. Class Plaintiffs are in the process of reviewing the documents produced and the parties are discussing matters relating to the production, privilege assertions, and discovery disputes.

Class Plaintiffs also served requests for production of documents on each of the Stock Underwriter Defendants, who produced responsive documents, and served Valeant with Lead Plaintiff's first set of interrogatories, to which Valeant responded and subsequently provided supplemental responses on June 12, 2018.

On June 9, 2017 and June 30, 2017, the Stock Underwriter Defendants and PwC, respectively, served their first requests for production of documents on City of Tucson.  The City of Tucson has responded to the document requests.

On September 15, 2017, the Valeant Defendants served TIAA and City of Tucson with the Valeant Defendants' first request for production of documents. TIAA and City of Tucson provided written responses and objections on October 16, 2017.  Class Plaintiffs will meet and confer with the Valeant Defendants to agree on deadlines for production of responsive documents.

On September 18, 2017, PwC served City of Tucson with PwC's second request for production of documents.  City of Tucson provided written responses and Objections on October 18, 2017.

On October 11 and 17, 2017, Class Plaintiffs served their second request for production of documents on PwC and Valeant, respectively.   The response deadlines for these second requests for production were impacted by the stay, and Class Plaintiffs will meet and confer with Valeant to agree on deadlines for written responses and the production of responsive documents.  PwC agreed to serve written responses on June 27 and will meet and confer with Plaintiffs to discuss a reasonable timeline for production of the documents that PwC agrees to produce pursuant to those responses.

### B.     Third Party Discovery in the Class Action

Prior to the Stay, Class Plaintiffs served subpoenas on more than 100 third parties, including Philidor, investment banks, and analysts, Valeant investors and consultants, entities related to Valeant and Philidor, pharmacy benefit managers, and former employees of Valeant and Philidor.   Some of those third parties completed production prior to the Stay, but the majority had not produced documents.   Class Plaintiffs are in the process of reviewing the documents that were produced and are resuming the extensive meet and confers with the other third parties to determine the scope of discovery disputes, negotiate objections, and to discuss the parameters of production, such as the use of search terms and identification of document custodians.

### C.     Existing Discovery Disputes in the Class Action

Prior to entry of the Stay, Class Plaintiffs had discovery disputes with non-parties Philidor and Cambria Pharmacies, Inc., which were the subject of joint letters submitted to Magistrate Judge Goodman on October 13, 2017.   Class Plaintiffs are meeting and conferring with Philidor and Cambria to determine whether the discovery disputes remain following resolution of the Davenport-Tanner criminal trial, and will advise the Court accordingly.

### D.     Additional Discovery Needed in the Class Action

During the Rule 26(f) conference, the parties agreed that the scope of discovery was likely to be commensurate with complex litigation of this nature.

The parties deferred addressing any amendment to the statutory limits for depositions (Rule 30(a)(2)) and interrogatories (Rule 33(a)(1)), until after document discovery has commenced.  The parties agreed to reserve their rights to seek discovery relevant to claims or defenses identified during discovery and to object to such discovery requests.  The parties anticipate requesting and/or producing computer-based or other electronically stored information and have and will continue to confer regarding the form and scope of such production at the appropriate time.

The parties to the Class Action and Opt-Out Litigations have agreed that depositions in these and related cases will be coordinated subject to the parties agreeing to a deposition protocol before the commencement of depositions.  If the parties are unable to reach an agreement concerning a deposition protocol, the parties will submit competing proposals to the Court.

## III.   DISCOVERY IN THE OPT-OUT LITIGATIONS

As a consequence of the temporary Stay, discovery was partially stayed in the Opt-Out Litigations.  Pursuant to the Stipulation and Order Regarding Partial Stay entered in the Class Action and certain of the Opt-Out Litigations, Defendant Valeant has provided certain Opt-Out Litigation plaintiffs with access to the materials they produced in the Class Action in response to the Class Plaintiffs' first set of document requests, subject to the Confidentiality Order.

Answers in the Opt-Out Litigations are due on July 20, 2018 or, in cases with motions to dismiss pending, forty-five days after those motions to dismiss are resolved.  Valeant expects to further discuss discovery with plaintiffs in the Opt-Out Litigations at that time.

## IV.  ESTIMATE ON THE TIME NEEDED TO COMPLETE DISCOVERY

The parties in all actions have proposed the schedule in the table below:

| Action | Proposed Dates |
|---|---|
| Deadline to amend pleadings and/or join additional parties without leave of Court | September 21, 2018 |
| Class Plaintiffs to Serve Defendants with Class Certification Motion | September 21, 2018 |
| Defendants to Serve Class Plaintiffs with Opposition to Class Certification Motion | March 21, 2019 |
| Class Plaintiffs to Serve Defendants with Reply in Support of Class Certification, Notify Court of Completion of Class Certification Briefing, and file all class certification briefing with the Court | May 6, 2019 |
| Deadline for service of all interrogatories, requests for admission, and requests for production | 45 days before Fact Discovery Cutoff |
| Fact Discovery Cutoff | September 19, 2019 |
| Deadline for Plaintiffs to serve expert reports | 60 days after Fact Discovery Cutoff |
| Deadline for Defendants to serve expert reports | 90 days after Plaintiffs serve expert reports |

| Action | Proposed Dates |
|---|---|
| Deadline for Plaintiffs to serve rebuttal reports | 60 days after Defendants serve expert reports |
| Expert Discovery Cutoff | 60 days after Plaintiffs serve rebuttal expert reports |
| Deadline to file Dispositive Motion(s) | 60 days after Expert Discovery Cutoff |
| Opposition(s) to Dispositive Motion(s) | 60 days after Dispositive Motion(s) filed |
| Reply in support of Dispositive Motion(s) | 45 days after Opposition to Dispositive Motion(s) filed |
| Deadline for objection(s) to proposed expert testimony under FRE 702 | 90 days before the final pretrial conference |
| Opposition to any objection(s) to proposed expert testimony under FRE 702 | 60 days before the final pretrial conference |
| Reply in support of any objection(s) to proposed expert testimony under FRE 702 | 30 days before the final pretrial conference |
| Deadline for parties to designate potential trial witnesses and proposed exhibits | 45 days before the final pretrial conference |
| Deadline for parties to file a joint set of jury instructions, proposed jury instructions which are objected to by any other party and points and authorities in support of and in opposition to the objected to instructions | 45 days before the final pretrial conference |
| Final Pretrial Conference | TBD |
| Proposed Trial Date | TBD |

## V.  EXPERT TESTIMONY

The parties in the Class Action and the Opt-Out Litigations anticipate that expert testimony will be necessary.

## VI.  LIMITATIONS ON DISCOVERY DEVICES

None requested at this time.

## VII.  SPECIAL DISCOVERY NEEDS

None known at this time.

## VIII.  CONFIDENTIALITY ORDER

### A.  Class Action

On June 18, 2017, the Court entered an Order approving the parties' Stipulation and Confidentiality Order in the Class Action.  *See* Dkt. No. 244.

### B.  Opt-Out Litigations

The Confidentiality Order has also been entered in certain of the Opt-Out Litigations.  *See, e.g.*, *T. Rowe Price* Action (Dkt. No. 89); *CFSIL* Action (Dkt. No. 24); *NYCERS* Action (Dkt. No. 42); *Ahuja* Action (Dkt. No. 22).

## IX.  DISPUTE RESOLUTION

The parties do not believe there is a need for alternative dispute resolution, appointment of a special master, or other special procedure at this time.

Dated:  July 3, 2018

Dated: July 3, 2018

**SEEGER WEISS LLP**

/s/ Christopher A. Seeger
Christopher A. Seeger
David R. Buchanan
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Fax: (973) 639-9393

*Local Counsel for Plaintiffs in Case No. 15-cv-07658*

**ROBBINS GELLER RUDMAN & DOWD LLP**

Darren J. Robbins
Tor Gronborg
X. Jay Alvarez
Matthew I. Alpert
Debahish Bakshi
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423

James E. Barz
Frank A. Richter
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Fax: (312) 674-4676

Jack Reise
Robert J. Robbins
Kathleen B. Douglas
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Fax: (561) 750-3364

John C. Herman
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.

**McCARTER & ENGLISH LLP**

/s/ Richard Hernandez
Richard Hernandez
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 848-8615
Fax: (973) 297-6615

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Anders Lönner, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katharine B. Stevenson, Jeffrey W. Ubben and Tanya Carro in Case No. 15-cv-07658*

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, and Tanya Carro in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06513, 17-cv-07552, 17-cv-12088, 17-cv-12808, 17-cv-13488, 18-cv-00383, 18-cv-00846, 18-cv-02286*

*Local Counsel for Valeant Pharmaceuticals International, Inc. in Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07328, 16-cv-07494, 16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-00893*

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Tanya Carro in Case Nos. 17-cv-06365, 17-cv-07625, 17-cv-07636, 18-cv-00032, 18-cv-08595*

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen, and local counsel for Tanya Carro in Case No. 18-cv-00343*

Atlanta, GA 30326
Telephone: (404) 504-6500
Fax: (404) 504-6501

*Counsel for Plaintiffs in Case No. 15-cv-07658*

**CARELLA, BRYNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

*/s/* James E. Cecchi
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Fax: (973) 994-1744

*Local Counsel for Plaintiffs in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-07552, 17-cv-12808, 17-cv-13488*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Salvatore J. Graziano
Jonathan D. Uslaner
David Kaplan
Richard D. Gluck
Brandon Marsh
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Fax: (858) 793-0323

*Counsel for Plaintiffs in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-07552, 17-cv-12808, 17-cv-13488*

**LOWENSTEIN SANDLER LLP**

*/s/* Lawrence M. Rolnick
Lawrence M. Rolnick
Marc B. Kramer
Zachary D. Rosenbaum

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/* Francis X. Riley III
Francis X. Riley III
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (609) 452-3145
Fax: (609) 452-3122

*Local Counsel for Valeant Pharmaceuticals International, Inc. and J. Michael Pearson in Case No. 18-cv-01223*

**SIMPSON THACHER & BARTLETT LLP**

Paul C. Curnin (admitted *pro hac vice*)
Craig S. Waldman (admitted *pro hac vice*)
Daniel J. Stujenske (admitted *pro hac vice*)
Dean McGee (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502

*Counsel for the Valeant Defendants in Case No. 15-cv-07658*

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06513, 17-cv-07552, 17-cv-12088, 17-cv-12808, 17-cv-13488, 18-cv-00383, 18-cv-00846, 18-cv-02286*

*Counsel for Valeant Pharmaceuticals International, Inc. in Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07328, 16-cv-07494, 16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-00893*

*Counsel for Valeant Pharmaceuticals International, Inc. and Robert L. Rosiello in Case Nos. 17-cv-06365, 17-cv-07625, 17-cv-07636, 18-cv-00032, 18-cv-08595*

- 24 -

Thomas E. Redburn, Jr.
Sheila A. Sadighi
Michael J. Hampson
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Fax: (973) 597-2400

*Counsel for Plaintiffs in Case Nos.*
*16-cv-07321, 16-cv-07324, 16-cv-07328,*
*16-cv-07494, 16-cv-07496, 16-cv-07497,*
*18-cv-00089, 18-cv-00893, 18-cv-01223*

**WHIPPLE AZZARELLO, LLC**

/s/ John A. Azzarello
John A. Azzarello
161 Madison Avenue, Suite 325
Morristown, NJ 07960
Telephone: (973) 267-7300
Fax: (973) 267-0031

*Local Counsel for Plaintiffs in Case No.*
*17-cv-06365*

**KASOWITZ BENSON TORRES LLP**

/s/ Stephen W. Tountas
Stephen W. Tountas
One Gateway Center
Suite 2600
Newark, NJ 07102
Telephone: (973) 645-9462
Fax: (973) 643-2030

*Local Counsel for Plaintiffs in Case Nos.*
*17-cv-07636 and 18-cv-08595*

*Counsel for Plaintiffs in Case No.*
*17-cv-07625*

**LABATON SUCHAROW LLP**

Serena P. Hallowell
Jonathan Gardner
Eric J. Belfi

*Counsel for Valeant Pharmaceuticals*
*International, Inc. and J. Michael Pearson in*
*18-cv-01223*

**COOLEY LLP**

William J Schwartz (admitted *pro hac vice*)
Laura Grossfield Birger (admitted *pro hac vice*)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00343,*
*18-cv-00383, 18-cv-00846, 18-cv-02286,*
*18-cv-08595*

**DEBEVOISE & PLIMPTON LLP**

/s/ Holly S. Wintermute
Holly S. Wintermute
Bruce E. Yannett (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (admitted *pro hac vice*)
Ada Fernandez Johnson (admitted *pro hac vice*)
801 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 383-8036
Fax: (202) 383-8118

*Counsel for J. Michael Pearson in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 16-cv-07321,*
*16-cv-07324, 16-cv-07328, 16-cv-07494,*
*16-cv-07496, 16-cv-07497, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*

Thomas W. Watson
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Plaintiffs in Case Nos.*
*17-cv-06365, 17-cv-07625, 17-cv-07636,*
*18-cv-08595*

**STONE BONNER & ROCCO LLP**

*/s/* Patrick L. Rocco
Patrick L. Rocco
James P. Bonner
447 Springfield Avenue, Second Floor
Summit, NJ 07901
Telephone:  (908) 516-2045
Facsimile:  (908) 516-2049

Ralph M. Stone
1700 Broadway 41st Fl.
New York, NY 10019
Telephone:  (212) 239-4340

*Local Counsel for Plaintiffs in Case No.*
*17-cv-06513*

**DIETRICH SIBEN THORPE LLP**

Matthew P. Siben
500 Australian Avenue South, Suite 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883

David A. Thorpe
Shawn M. Hayes
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone:  (310) 300-8450
Facsimile:  (310) 300-8041

*Counsel for Plaintiffs in Case No.*
*17-cv-06513*

*17-cv-13488, 18-cv-00032, 18-cv-00089,*
*18-cv-00343, 18-cv-00383, 18-cv-00846,*
*18-cv-00893, 18-cv-02286, 18-cv-08595*

**CHIESA SHAHINIAN & GIANTOMASI PC**

*/s/* A. Ross Pearlson
A. Ross Pearlson
James Van Splinter
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Fax: (973) 530-2300

*Local Counsel for PricewaterhouseCoopers LLP*
*in Case Nos. 15-cv-07658, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 18-cv-00032,*
*18-cv-08595*

**KING & SPALDING LLP**

James J. Capra, Jr. (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Fax:  (212) 556-2222

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone:  (202) 737-0500
Fax:  (202) 626-3737

*Counsel for PricewaterhouseCoopers LLP in Case*
*Nos. 15-cv-07658, 17-cv-06365, 17-cv-07625,*
*17-cv-07636, 18-cv-00032, 18-cv-08595*

**HARTMANN DOHERTY ROSA BERMAN &**
**BULBULIA, LLC**

*/s/* Mark A. Berman
Mark A. Berman
Robin D. Fineman
65 Route 4 East
River Edge, NJ 07661

**LITE DEPALMA GREENBERG, LLC**

*/s/* Bruce D. Greenberg
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858

*Local Counsel for Plaintiffs in Case No. 17-cv-12088*

**GRANT & EISENHOFER, P.A.**

Jay W. Eisenhofer
Daniel L. Berger
Caitlin M. Moyna
Jing-Li Yu
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501

*Counsel for Plaintiffs in Case No. 17-cv-12088*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/* Michael B. Eisenkraft
Michael B. Eisenkraft
88 Pine Street 14th Floor
New York, NY 10005
Telephone: (212) 838-7797

Steven J. Toll
Julie Goldsmith Reiser
S. Douglas Bunch
Adam H. Farra
1100 New York Avenue, N.W. 5th Floor
Washington, D.C. 20005
Telephone: (202) 408-4600

*Counsel for Plaintiffs in Case No. 18-cv-00032*

Telephone: (201) 441-9056
Fax: (201) 441-9435

*Local Counsel for the Stock Underwriter Defendants in Case No. 15-cv-07658*

*Local Counsel for Deutsche Bank Securities Inc. and Barclays Capital Inc. in Case No. 18-cv-00032*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Richard A. Rosen (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990

*Counsel for the Stock Underwriter Defendants in Case No. 15-cv-07658*

*Counsel for Deutsche Bank Securities Inc. and Barclays Capital Inc. in Case No. 18-cv-00032*

**SCHULTE ROTH & ZABEL LLP**

*/s/* Cara David
Cara David
Barry A. Bohrer (admitted *pro hac vice*)
Michael L. Yaeger (admitted *pro hac vice*)
919 Third Avenue
New York, NY  10022
Telephone: (212) 756-2000
Fax:

*Counsel for Debora Jorn in Case Nos. 15-cv-07658, 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-07552, 17-cv-12088, 17-cv-12808, 17-cv-13488, 18-cv-00343, 18-cv-00383, 18-cv-00846, 18-cv-02286*

**WINSTON & STRAWN LLP**

*/s/* James S. Richter

**BRESSLER, AMERY & ROSS, P.C.**

*/s/* David J. Libowsky
David J. Libowsky
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Telephone: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs in Case Nos.
18-cv-00343 and 18-cv-02286*

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**

Steven E. Fineman
Daniel P. Chiplock
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Fax: (212) 355-9592

Richard M. Heimann
Bruce W. Leppla
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Fax: (415) 956-1008

Sharon M. Lee
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Telephone: (206) 739-9059

*Counsel for Plaintiffs in Case No.
18-cv-00343 and 18-cv-02286*

**SKOLOFF & WOLFE, P.C.**

*/s/* Jonathan W. Wolfe
Jonathan W. Wolfe
293 Eisenhower Parkway
Livingston, NJ 07039
Telephone: (973) 992-0900

James S. Richter
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700

Robert Y. Sperling (admitted *pro hac vice*)
Joseph L. Motto (admitted *pro hac vice*)
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600

Elizabeth P. Papez (admitted *pro hac vice*)
1700 K Street, N.W.
Washington, D.C.  20006-3817
Telephone:  (202) 282-5000

*Counsel for Howard B. Schiller in Case Nos.
15-cv-07658, 16-cv-05034, 16-cv-06127,
16-cv-06128, 16-cv-07212, 16-cv-07321,
16-cv-07324, 16-cv-07328, 16-cv-07494,
16-cv-07496, 16-cv-07497, 17-cv-06365,
17-cv-07625, 17-cv-07636, 17-cv-06513,
17-cv-07552, 17-cv-12088, 17-cv-12808,
17-cv-13488, 18-cv-00032, 18-cv-00089,
18-cv-00343, 18-cv-00383, 18-cv-00846,
18-cv-00893, 18-cv-01223, 18-cv-02286,
18-cv-08595*

*Local Counsel for Plaintiffs in Case No. 18-cv-00383*

**HUNG G. TA, ESQ. PLLC**

<u>/s/</u> Hung G. Ta
Hung G. Ta
JooYun Kim
Natalia D. Williams
250 Park Avenue, Seventh Floor
New York, NY 10177
Telephone: (646) 453-7288
Fax: (973) 994-1744

*Counsel for Plaintiffs in Case Nos. 18-cv-00383 and 18-cv-00846*

**SAFIRSTEIN METCALF LLP**

Peter Safirstein
Elizabeth Metcalf
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2845

*Counsel for Plaintiffs in Case No. 18-cv-00846*

**KYROS LAW, PC**

Konstantine Kyros
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921

*Counsel for Plaintiffs in Case No. 18-cv-00846*

# Exhibit 4



September 7, 2018

Magistrate Judge Goodman
United States District Court
  for the District of New Jersey
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      Re:    <u>Valeant Pharmaceuticals International, Inc. Securities Litigation</u>
            Master No.: 3:15-cv-07658-MAS-LHG:  Proposed Joint Discovery Plan

Dear Magistrate Judge Goodman:

In accordance with Your August 24, 2018 Order (Dkt. No. 341), we enclose a proposed Joint Discovery Plan agreed to by the parties.  This proposed plan maintains the essential aspects of the schedule reflected in the proposed Joint Discovery Plan submitted on July 3, 2018 by e-mail from the McCarter & English firm.

The Class Plaintiffs respectfully suggest that a status conference may not be needed in view of the parties' agreement on the proposed Joint Discovery Plan.  If a conference is scheduled, however, Class Plaintiffs respectfully request that it be scheduled for September 20 (or another date convenient to the Court) to accommodate scheduling conflicts that Class Plaintiffs have on September 13, 2018.  Counsel for Defendants are available on September 20.

                      Respectfully submitted,

                      Christopher A. Seeger
                      *Local Counsel for the Class Plaintiffs*

Encl.
cc:  Counsel of Record for each party

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No.: 3:15-cv-07658-MAS-LHG |
| T. ROWE PRICE GROWTH STOCK FUND, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants, | Civil Case No. 3:16-cv-05034-MAS-LHG |
| EQUITY TRUSTEES LIMITED AS RESPONSIBLE ENTITY FOR T. ROWE PRICE GLOBAL EQUITY FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants,<br><br>Captions continued on next page | Civil Case No. 3:16-cv-06127-MAS-LHG |

- 1 -

| | |
|---|---|
| PRINCIPAL FUNDS, et al., | Civil Case No. 3:16-cv-06128-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| BLOOMBERGSEN PARTNERS FUND, LP, et al., | Civil Case No. 3:16-cv-07212-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| DISCOVERY GLOBAL CITIZENS MASTER FUND, LTD., et al., | Civil Case No. 3:16-cv-07321-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| MSD TORCHLIGHT PARTNERS, L.P., et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>              Defendants, | Civil Case No. 3:16-cv-07324-MAS-LHG |
| BLUEMOUNTAIN FOINAVEN MASTER FUND, L.P., et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>              Defendants, | Civil Case No. 3:16-cv-07328-MAS-LHG |
| INCLINE GLOBAL MASTER LP, INC., et al.,<br><br>              Plaintiffs,<br><br>    v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>              Defendants,<br><br>Captions continued on next page | Civil Case No. 3:16-cv-07494-MAS-LHG |

| | |
|---|---|
| VALIC COMPANY I, et al., | Civil Case No. 3:16-cv-07496-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| JANUS ASPEN SERIES, et al., | Civil Case No. 3:16-cv-07497-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| LORD ABBETT INVESTMENT TRUST - LORD ABBETT SHORT DURATION INCOME FUND, | Civil Case No. 3:17-cv-06365-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| OKUMUS OPPORTUNISTIC VALUE FUND, LTD., | Civil Case No. 3:17-cv-06513-MAS-LHG |
| Plaintiff, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD., et al., | Civil Case No. 3:17-cv-07552-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, | Civil Case No. 3-17-cv-07625-MAS-LHG |
| Plaintiff, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| THE BOEING COMPANY EMPLOYEE RETIREMENT PLANS MASTER TRUST, et al., | Civil Case No. 3:17-cv-07636-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| FÖRSTA AP-FONDEN, et al., | Civil Case No. 3:17-cv-12088-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| STATE BOARD OF ADMINISTRATION OF FLORIDA, | Civil Case No. 3:17-cv-12808-MAS-LHG |
| Plaintiff, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |

Captions continued on next page

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants, | Civil Case No. 3:17-cv-13488-MAS-LHG |
| NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants, | Civil Case No. 3:18-cv-00032-MAS-LHG |
| GMO TRUST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al.,<br><br>Defendants,<br><br>Captions continued on next page | Civil Case No. 3:18-cv-00089-MAS-LGH |

| | |
|---|---|
| BLACKROCK GLOBAL ALLOCATION FUND, INC., et al., | Civil Case No. 3:18-cv-00343-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| COLONIAL FIRST STATE INVESTMENTS LIMITED AS RESPONSIBLE ENTITY FOR COMMONWEALTH GLOBAL SHARES FUND 1, et al., | Civil Case No. 3:18-cv-00383-MAS-LGH |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| AHUJA, et al., | Civil Case No. 3:18-cv-00846-MAS-LGH |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

Captions continued on next page

- 8 -

| | |
|---|---|
| BRAHMAN PARTNERS II, L.P., et al., | Civil Case No. 3:18-cv-00893-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., | Civil Case No. 3:18-cv-01223-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| SENZAR HEALTHCARE MASTER FUND, LP, et al., | Civil Case No. 3:18-cv-02286-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants, | |
| Captions continued on next page | |

| | |
|---|---|
| 2012 DYNASTY US LLC, et al., | Civil Case No. 3:18-cv-08595-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |
| CATALYST DYNAMIC ALPHA FUND, et al., | Civil Case No. 3:18-cv-12673-MAS-LHG |
| Plaintiffs, | |
| v. | |
| VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., | |
| Defendants. | |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.1(b), the Class Action Plaintiffs, Opt-Out Litigation Plaintiffs, and Defendants submit this Joint Discovery Plan.

## I.   BRIEF STATEMENT OF FACTS AND LEGAL ISSUES

### A.   Class Action

The securities class action, *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, Master No. 3:15-cv-07658-MAS-LHG (the "Class Action"), is brought on behalf

- 10 -

of a putative class of purchasers of Valeant equity securities and senior notes between January 4, 2013 and March 15, 2016 (the "Class" and "Class Period," respectively), originally alleging nine counts pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, and the Securities Act of 1933 ("Securities Act") (Dkt. No. 80).  Lead Plaintiff, Teachers Insurance and Annuity Association of America ("TIAA"), and named plaintiff, City of Tucson, together with and on behalf of the Tucson Supplemental Retirement System ("City of Tucson"), allege that Valeant engaged in deceptive practices, which Defendants concealed through materially false and misleading statements and omissions.  Plaintiffs allege that once Valeant's deceptive practices were disclosed to the public, the price of Valeant securities fell dramatically.  Plaintiffs now seek compensatory damages and any other appropriate relief to which they are entitled.  Not all claims are directed against each of the Defendants, some of whom are named only under one or a few counts.  Defendants deny all liability as to all claims asserted against them.

On April 28, 2017, the Court denied Defendants' motions to dismiss with regard to Counts One, Two, Seven, Eight, and Nine, and granted Defendants' motions to dismiss, without prejudice, with regard to Counts Three, Four, Five, and

Six of the Class Action complaint.[1]   All Defendants in the Class Action have answered the Class Action complaint.

On July 21, 2017, the parties to the Class Action exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

On October 12, 2017, all parties in the Class Action appeared before Magistrate Judge Goodman to discuss a jointly proposed scheduling order.  Prior to entry of a scheduling order, on October 19, 2017, the Court entered an Order to Show Cause (Dkt. No. 273) as to whether the Court should stay the Class Action and the Opt-Out Litigations.  Following briefing, on November 29, 2017, the Court entered the Stipulation and Order Regarding Partial Stay (Dkt. No. 291) (the "Stay"), which stayed certain proceedings and discovery in the Class Action and the Opt-Out Litigations during the pendency of the criminal trial involving Philidor RX Services, LLC's ("Philidor") former CEO, Andrew Davenport, and former Valeant employee Gary Tanner.

---

[1]   Following the Court's ruling on the motions to dismiss, the Defendants are:  the "Valeant Defendants" (Valeant Pharmaceuticals International, Inc., ("Valeant"), Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Anders Lonner, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katherine B. Stevenson, and Jeffrey W. Ubben), separately represented individual defendants J. Michael Pearson, Howard B. Schiller, Tanya Carro, and Deborah Jorn; PricewaterhouseCoopers LLP ("PwC"); and, the "Stock Underwriter Defendants" (Deutsche Bank Securities, Inc., HSBC Securities (USA) Inc., Mitsubishi UFJ Securities (USA), Inc., DNB Markets, Inc., Barclays Capital, Inc., Morgan Stanley & Co. LLC, RBC Capital Markets, and SunTrust Robinson Humphrey, Inc.).

On June 5, 2018, the Court issued a Letter Order lifting the stay in the Class Action.  Dkt. No. 316.

On June 11, 2018, the Court issued a Letter Order consolidating into the Class Action the case styled *Timber Hill LLC v. Valeant Pharms. Int'l, Inc., et al.*, No. 18-cv-10246 (D.N.J.), a recently-filed securities class action arising under the same facts and alleging violations of the same securities laws as the Class Action. Dkt. No. 318.  On June 18, 2018, Timber Hill LLC filed a motion seeking relief from the Consolidation Order.  Dkt. No. 322.  On July 2, 2018, Lead Plaintiff TIAA filed its opposition to Timber Hill's motion.  Dkt. No. 323.

### B.    Opt-Out Litigations

Twenty-nine cases have been filed by individual investors and groups of investors in Valeant securities (the "Opt-Out Litigations").  Some of the Opt-Out Litigations plead causes of action not pled in the Class Action, including claims under New Jersey's RICO statute, Section 18 of the Securities Exchange Act of 1934, and New Jersey common law.[2]  The status of the Opt-Out Litigations is as follows:

---

[2]   Not all Defendants in the Class Action are named in each of the Opt-Out Litigations.

### 1.     Cases With Motions to Dismiss Pending[3]

- *Pentwater Equity Opportunities Master Fund LTD v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-07552, (Filed 9/27/17)

- *Blackrock Global Allocation Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00343, (Filed 1/9/18)

- *Senzar Healthcare Master Fund, LP and Blue Rock Liquid Alpha Fund, L.P., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 2:18-cv-02286, (Filed 2/16/18)

- *New York City Employees' Retirement System, et. al. v. Valeant Pharmaceuticals International Inc., et. al.*, No. 3:18-cv-00032, (Filed 1/2/18)

- *Hound Partners Offshore Fund, LP, Hound Partners Long master, LP, and Hound Partners Concentrated Master, LP v. Valeant Pharmaceuticals International Inc., et. al.*, No. 1:18-cv-00076, (Filed 1/4/18)[4]

- *2012 Dynasty UC LLC, et al., v. Valeant Pharmaceuticals International Inc., et al.*, No. 18-cv-08595, (Filed 4/30/18)

### 2.     Cases With Motions to Dismiss Resolved on January 12, 2018

- *T. Rowe Price Growth Stock Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-05034, (Filed 8/15/16)

- *Equity Trustees Limited as Responsible for T. Rowe Price Global Equity Fund, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-06127, (Filed 9/26/16)

- *Principal Funds, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-06128, (Filed 9/27/16)

---

[3]   In some of the cases certain defendants have filed motions to dismiss all claims against them.

[4] Plaintiffs in *Hound Partners* declined an invitation to participate in this Joint Discovery Plan.

- *BloombergSen Partners Fund LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07212, (Filed 10/13/16)

- *Discovery Global Citizens Master Fund, Ltd., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07321, (Filed 10/14/16)

- *MSD Torchlight Partners, L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07324, (Filed 10/14/16)

- *BlueMountain Foinaven Master Fund L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07328, (Filed 10/14/16)

- *Incline Global Master LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07494, (Filed 10/18/16)

- *VALIC Company I, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07496, (Filed 10/18/16)

- *Janus Aspen Series, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07497, (Filed 10/18/16)

### 3. Cases With Motions to Dismiss Resolved on July 31, 2018

- *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund et al. v. Valeant Pharmaceuticals International Inc., et al.*, No. 3:17-cv-06365, (Filed 8/23/17)

- *Public Employees' Retirement System of Mississippi v. Valeant Pharmaceuticals International Inc., et al.*, No. 3:17-cv-07625, (Filed 9/28/17)

- *The Boeing Company Employee Retirement Plans Master Trust and the Boeing Company Employee Savings Plans Master Trust v. Valeant Pharmaceuticals International Inc., et al.*, No. 3:17-cv-07636, (Filed 9/28/17)

### 4. Cases Where No Motions To Dismiss Will Be Filed

- *Okumus Opportunistic Value Fund, Ltd. v. Valeant Pharmaceuticals International, et al.*, No. 3:17-cv-6513, (Filed 8/29/17) (Motions to dismiss filed and withdrawn pursuant to stipulation)

- *Första AP-Fonden, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 2:17-cv-12088, (Filed 11/27/17)

- *State Board of Administration of Florida v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-12808, (Filed 12/07/17)

- *The Regents of the University of California v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-13488, (Filed 12/21/17)

- *GMO Trust, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, 3:18-cv-00089, (Filed 1/03/18)

- *Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Shares Fund 1, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00383, (Filed 1/10/18)

- *Bharat Ahuja, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00846, (Filed 1/19/18)

- *Brahman Capital Corp., et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00893, (Filed 1/22/18)

- *The Prudential Insurance Company of America, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-01223, (Filed 1/29/18)

### 5.    Cases Where Motions To Dismiss Have Not Yet Been Filed

- *Catalyst Dynamic Alpha Fund, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-12673, (Filed 8/10/18)

## II.    DISCOVERY CONDUCTED TO DATE IN THE CLASS ACTION

### A.    Party Discovery in the Class Action

Prior to the Stay, Class Plaintiffs served their First Request for Production of Documents to Defendants Valeant and PwC, which, among other things, requested reproduction of documents provided to certain Investigating Agencies.  Defendant Valeant has completed production in response to Class Plaintiffs' First Requests.

PwC has previously made a substantial production of documents in response to the First Requests and intends to make a supplemental production of additional documents that have been recently produced or will be produced to the Investigating Agencies. Valeant's production to certain Investigating Agencies is ongoing, and Valeant is supplementing its productions to Class Plaintiffs on an ongoing basis. Class Plaintiffs are in the process of reviewing the documents produced and the parties are discussing matters relating to the production, privilege assertions, and discovery disputes.

Class Plaintiffs also served requests for production of documents on each of the Stock Underwriter Defendants, who produced responsive documents, and served Valeant with Lead Plaintiff's first set of interrogatories, to which Valeant responded and subsequently provided supplemental responses on June 12, 2018.

On June 9, 2017 and June 30, 2017, the Stock Underwriter Defendants and PwC, respectively, served their first requests for production of documents on City of Tucson. The City of Tucson has responded to the document requests.

On September 15, 2017, the Valeant Defendants served TIAA and City of Tucson with the Valeant Defendants' first request for production of documents. TIAA and City of Tucson provided written responses and objections on October 16, 2017. On August 20, 2018, Class Plaintiffs made a production of documents in response to the Valeant Defendants' first requests for production of documents.

Plaintiffs will meet and confer with the Valeant Defendants to agree on deadlines for further production of responsive documents.

On September 18, 2017, PwC served City of Tucson with PwC's second request for production of documents. City of Tucson provided written responses and Objections on October 18, 2017. PwC and City of Tucson have begun to meet and confer to discuss the written responses and the production of documents pursuant to those responses.

On October 11 and 17, 2017, Class Plaintiffs served their second request for production of documents on PwC and Valeant, respectively. The response deadlines for these second requests for production were impacted by the stay, and Class Plaintiffs will meet and confer with Valeant to agree on deadlines for written responses and the production of responsive documents. PwC served written responses on June 27 and has begun to meet and confer with Plaintiffs to discuss a reasonable timeline for production of the documents that PwC agrees to produce pursuant to those responses.

**B.      Third Party Discovery in the Class Action**

Prior to the Stay, Class Plaintiffs served subpoenas on more than 100 third parties, including Philidor, investment banks, and analysts, Valeant investors and consultants, entities related to Valeant and Philidor, pharmacy benefit managers, and former employees of Valeant and Philidor. Some of those third parties

completed production prior to the Stay, but the majority had not produced documents.  Class Plaintiffs are in the process of reviewing the documents that were produced and are resuming the extensive meet and confers with the other third parties to determine the scope of discovery disputes, negotiate objections, and to discuss the parameters of production, such as the use of search terms and identification of document custodians.

### C.   Existing Discovery Disputes in the Class Action

Prior to entry of the Stay, Class Plaintiffs had discovery disputes with non-parties Philidor and Cambria Pharmacies, Inc., which were the subject of joint letters submitted to Magistrate Judge Goodman on October 13, 2017.  Class Plaintiffs are meeting and conferring with Philidor and Cambria to determine whether the discovery disputes remain following resolution of the Davenport-Tanner criminal trial, and will advise the Court accordingly.

### D.   Additional Discovery Needed in the Class Action

During the Rule 26(f) conference, the parties agreed that the scope of discovery was likely to be commensurate with complex litigation of this nature. The parties deferred addressing any amendment to the statutory limits for depositions (Rule 30(a)(2)) and interrogatories (Rule 33(a)(1)), until after document discovery has commenced.  The parties agreed to reserve their rights to seek discovery relevant to claims or defenses identified during discovery and to

object to such discovery requests. The parties anticipate requesting and/or producing computer-based or other electronically stored information and have and will continue to confer regarding the form and scope of such production at the appropriate time.

The parties to the Class Action and Opt-Out Litigations have agreed that depositions in these and related cases will be coordinated subject to the parties agreeing to a deposition protocol before the commencement of depositions. If the parties are unable to reach an agreement concerning a deposition protocol, the parties will submit competing proposals to the Court.

## III.   DISCOVERY IN THE OPT-OUT LITIGATIONS

As a consequence of the temporary Stay, discovery was partially stayed in the Opt-Out Litigations. Pursuant to the Stipulation and Order Regarding Partial Stay entered in the Class Action and certain of the Opt-Out Litigations, Defendant Valeant has provided certain Opt-Out Litigation plaintiffs with access to the materials they produced in the Class Action in response to the Class Plaintiffs' first set of document requests, subject to the Confidentiality Order.

Answers in certain Opt-Out Litigations were served on July 20, 2018. Answers in the *Lord Abbett*, *Boeing*, and *Mississippi PERS* actions will be served on September 14, 2018. Additional answers will be served in cases with pending motions to dismiss, forty-five days after those motions to dismiss are resolved.

Valeant expects to further discuss discovery with plaintiffs in the Opt-Out

Litigations at that time.

## IV.   ESTIMATE ON THE TIME NEEDED TO COMPLETE DISCOVERY

The parties in all actions have proposed the schedule in the table below:

| Action | Proposed Dates |
|---|---|
| Deadline to amend pleadings and/or join additional parties without leave of Court | September 21, 2018 |
| Class Plaintiffs to Serve Defendants with Class Certification Motion | September 21, 2018 |
| Defendants to Serve Class Plaintiffs with Opposition to Class Certification Motion | March 21, 2019 |
| Class Plaintiffs to Serve Defendants with Reply in Support of Class Certification, Notify Court of Completion of Class Certification Briefing, and file all class certification briefing with the Court | May 6, 2019 |
| Deadline for service of all interrogatories, requests for admission, and requests for production | 45 days before Fact Discovery Cutoff |
| Fact Discovery Cutoff | September 19, 2019 |
| Deadline for Plaintiffs to serve expert reports | 60 days after Fact Discovery Cutoff |
| Deadline for Defendants to serve expert reports | 90 days after Plaintiffs serve expert reports |
| Deadline for Plaintiffs to serve rebuttal reports | 60 days after Defendants serve expert reports |

| Action | Proposed Dates |
|---|---|
| Expert Discovery Cutoff | 60 days after Plaintiffs serve rebuttal expert reports |
| Deadline to file Dispositive Motion(s) | 60 days after Expert Discovery Cutoff |
| Opposition(s) to Dispositive Motion(s) | 60 days after Dispositive Motion(s) filed |
| Reply in support of Dispositive Motion(s) | 45 days after Opposition to Dispositive Motion(s) filed |
| Deadline for objection(s) to proposed expert testimony under FRE 702 | 90 days before the final pretrial conference |
| Opposition to any objection(s) to proposed expert testimony under FRE 702 | 60 days before the final pretrial conference |
| Reply in support of any objection(s) to proposed expert testimony under FRE 702 | 30 days before the final pretrial conference |
| Deadline for parties to designate potential trial witnesses and proposed exhibits | 45 days before the final pretrial conference |
| Deadline for parties to file a joint set of jury instructions, proposed jury instructions which are objected to by any other party and points and authorities in support of and in opposition to the objected to instructions | 45 days before the final pretrial conference |
| Final Pretrial Conference | TBD |
| Proposed Trial Date | TBD |

## V.    EXPERT TESTIMONY

The parties in the Class Action and the Opt-Out Litigations anticipate that expert testimony will be necessary.

## VI.   LIMITATIONS ON DISCOVERY DEVICES

None requested at this time.

## VII.   SPECIAL DISCOVERY NEEDS

None known at this time.

## VIII.   CONFIDENTIALITY ORDER

### A.   Class Action

On June 18, 2017, the Court entered an Order approving the parties' Stipulation and Confidentiality Order in the Class Action.  *See* Dkt. No. 244.

### B.   Opt-Out Litigations

The Confidentiality Order has also been entered in certain of the Opt-Out Litigations.  *See, e.g.*, *T. Rowe Price* Action (Dkt. No. 89); *CFSIL* Action (Dkt. No. 24); *NYCERS* Action (Dkt. No. 42); *Ahuja* Action (Dkt. No. 22).

## IX.   DISPUTE RESOLUTION

The parties do not believe there is a need for alternative dispute resolution, appointment of a special master, or other special procedure at this time.

Dated:  September 7, 2018

**SEEGER WEISS LLP**

*/s/ Christopher A. Seeger*
Christopher A. Seeger
David R. Buchanan
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Fax: (973) 639-9393

*Local Counsel for Plaintiffs in Case No. 15-cv-07658*

**ROBBINS GELLER RUDMAN & DOWD LLP**

Darren J. Robbins
Tor Gronborg
X. Jay Alvarez
Matthew I. Alpert
Debahish Bakshi
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423

James E. Barz
Frank A. Richter
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Fax: (312) 674-4676

Jack Reise
Robert J. Robbins
Kathleen B. Douglas
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Fax: (561) 750-3364

John C. Herman
Monarch Tower, Suite 1650
3424 Peachtree Road, N.E.

**McCARTER & ENGLISH LLP**

*/s/ Richard Hernandez*
Richard Hernandez
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 848-8615
Fax: (973) 297-6615

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Anders Lönner, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katharine B. Stevenson, Jeffrey W. Ubben and Tanya Carro in Case No. 15-cv-07658*

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, and Tanya Carro in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06513, 17-cv-07552, 17-cv-12088, 17-cv-12808, 17-cv-13488, 18-cv-00383, 18-cv-00846, 18-cv-02286*

*Local Counsel for Valeant Pharmaceuticals International, Inc. in Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07328, 16-cv-07494, 16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-00893*

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Tanya Carro in Case Nos. 17-cv-06365, 17-cv-07625, 17-cv-07636, 18-cv-00032, 18-cv-08595*

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen, and local counsel for Tanya Carro in Case No. 18-cv-00343*

Atlanta, GA 30326
Telephone: (404) 504-6500
Fax: (404) 504-6501

*Counsel for Plaintiffs in Case No.*
*15-cv-07658*

**CARELLA, BRYNE, CECCHI,**
**OLSTEIN, BRODY & AGNELLO, P.C.**

*/s/* James E. Cecchi
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Fax: (973) 994-1744

*Local Counsel for Plaintiffs in Case Nos.*
*16-cv-05034, 16-cv-06127, 16-cv-06128,*
*16-cv-07212, 17-cv-07552, 17-cv-12808,*
*17-cv-13488*

**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**

Salvatore J. Graziano
Jonathan D. Uslaner
David Kaplan
Richard D. Gluck
Brandon Marsh
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 793-0070
Fax: (858) 793-0323

*Counsel for Plaintiffs in Case Nos.*
*16-cv-05034, 16-cv-06127, 16-cv-06128,*
*16-cv-07212, 17-cv-07552, 17-cv-12808,*
*17-cv-13488*

**LOWENSTEIN SANDLER LLP**

*/s/* Lawrence M. Rolnick
Lawrence M. Rolnick
Marc B. Kramer
Zachary D. Rosenbaum

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/* Francis X. Riley III
Francis X. Riley III
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (609) 452-3145
Fax: (609) 452-3122

*Local Counsel for Valeant Pharmaceuticals*
*International, Inc. in Case No. 18-cv-01223*

**SIMPSON THACHER & BARTLETT LLP**

Paul C. Curnin (admitted *pro hac vice*)
Craig S. Waldman (admitted *pro hac vice*)
Daniel J. Stujenske (admitted *pro hac vice*)
Dean McGee (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502

*Counsel for the Valeant Defendants in Case No.*
*15-cv-07658*

*Counsel for Valeant Pharmaceuticals*
*International, Inc., Robert L. Rosiello, and Ari S.*
*Kellen in Case Nos. 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00383, 18-cv-00846,*
*18-cv-02286*

*Counsel for Valeant Pharmaceuticals*
*International, Inc. in Case Nos. 16-cv-07321,*
*16-cv-07324, 16-cv-07328, 16-cv-07494,*
*16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-*
*00893, 18-cv-01223*

*Counsel for Valeant Pharmaceuticals*
*International, Inc. and Robert L. Rosiello in Case*
*Nos. 17-cv-06365, 17-cv-07625, 17-cv-07636,*
*18-cv-00032, 18-cv-08595*

Thomas E. Redburn, Jr.
Sheila A. Sadighi
Michael J. Hampson
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Fax: (973) 597-2400

*Counsel for Plaintiffs in Case Nos.*
*16-cv-07321, 16-cv-07324, 16-cv-07328,*
*16-cv-07494, 16-cv-07496, 16-cv-07497,*
*18-cv-00089, 18-cv-00893, 18-cv-01223*

**WHIPPLE AZZARELLO, LLC**

*/s/* John A. Azzarello
John A. Azzarello
161 Madison Avenue, Suite 325
Morristown, NJ 07960
Telephone: (973) 267-7300
Fax: (973) 267-0031

*Local Counsel for Plaintiffs in Case No.*
*17-cv-06365*

**KASOWITZ BENSON TORRES LLP**

*/s/* Stephen W. Tountas
Stephen W. Tountas
One Gateway Center
Suite 2600
Newark, NJ 07102
Telephone: (973) 645-9462
Fax: (973) 643-2030

*Local Counsel for Plaintiffs in Case Nos.*
*17-cv-07636 and 18-cv-08595*

*Counsel for Plaintiffs in Case Nos.*
*17-cv-07625 and 18-cv-12673*

**LABATON SUCHAROW LLP**

Serena P. Hallowell
Jonathan Gardner
Eric J. Belfi

**COOLEY LLP**

William J Schwartz (admitted *pro hac vice*)
Laura Grossfield Birger (admitted *pro hac vice*)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00343,*
*18-cv-00383, 18-cv-00846, 18-cv-02286,*
*18-cv-08595*

**DEBEVOISE & PLIMPTON LLP**

/s/ Holly S. Wintermute
Holly S. Wintermute
Bruce E. Yannett (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (admitted *pro hac vice*)
Ada Fernandez Johnson (admitted *pro hac vice*)
801 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 383-8036
Fax: (202) 383-8118

*Counsel for J. Michael Pearson in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 16-cv-07321,*
*16-cv-07324, 16-cv-07328, 16-cv-07494,*
*16-cv-07496, 16-cv-07497, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00089,*
*18-cv-00343, 18-cv-00383, 18-cv-00846,*
*18-cv-00893, 18-cv-02286, 18-cv-08595*

Thomas W. Watson
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Plaintiffs in Case Nos.*
*17-cv-06365, 17-cv-07625, 17-cv-07636,*
*18-cv-08595*

**STONE BONNER & ROCCO LLP**

/s/ Patrick L. Rocco
Patrick L. Rocco
James P. Bonner
447 Springfield Avenue, Second Floor
Summit, NJ 07901
Telephone:  (908) 516-2045
Facsimile:  (908) 516-2049

Ralph M. Stone
1700 Broadway 41st Fl.
New York, NY 10019
Telephone:  (212) 239-4340

*Local Counsel for Plaintiffs in Case No.*
*17-cv-06513*

**DIETRICH SIBEN THORPE LLP**

Matthew P. Siben
500 Australian Avenue South, Suite 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883

David A. Thorpe
Shawn M. Hayes
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone:  (310) 300-8450
Facsimile:  (310) 300-8041

*Counsel for Plaintiffs in Case No.*
*17-cv-06513*

**MENZ BONNER KOMAR &**
**KOENIGSBERG LLP**

/s/ Patrick D. Bonner, Jr.
Patrick D. Bonner, Jr.
125 Half Mile Road, Suite 200
Red Bank, NJ 07701
Telephone: (732) 933-2757
Fax: (914) 997-4117

*Counsel for J. Michael Pearson in Case No.*
*18-cv-01223*

**CHIESA SHAHINIAN & GIANTOMASI PC**

/s/ A. Ross Pearlson
A. Ross Pearlson
James Van Splinter
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Fax: (973) 530-2300

*Local Counsel for PricewaterhouseCoopers LLP*
*in Case Nos. 15-cv-07658, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 18-cv-00032,*
*18-cv-08595*

**KING & SPALDING LLP**

James J. Capra, Jr. (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone:  (212) 556-2100
Fax:  (212) 556-2222

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone:  (202) 737-0500
Fax:  (202) 626-3737

*Counsel for PricewaterhouseCoopers LLP in Case*
*Nos. 15-cv-07658, 17-cv-06365, 17-cv-07625,*
*17-cv-07636, 18-cv-00032, 18-cv-08595*

**LITE DEPALMA GREENBERG, LLC**

*/s/* Bruce D. Greenberg
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858

*Local Counsel for Plaintiffs in Case No. 17-cv-12088*

**GRANT & EISENHOFER, P.A.**

Jay W. Eisenhofer
Daniel L. Berger
Caitlin M. Moyna
Jing-Li Yu
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501

*Counsel for Plaintiffs in Case No. 17-cv-12088*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/* Michael B. Eisenkraft
Michael B. Eisenkraft
88 Pine Street 14th Floor
New York, NY 10005
Telephone: (212) 838-7797

Steven J. Toll
Julie Goldsmith Reiser
S. Douglas Bunch
Adam H. Farra
1100 New York Avenue, N.W. 5th Floor
Washington, D.C. 20005
Telephone: (202) 408-4600

*Counsel for Plaintiffs in Case No. 18-cv-00032*

**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**

*/s/* Mark A. Berman
Mark A. Berman
Robin D. Fineman
65 Route 4 East
River Edge, NJ 07661
Telephone: (201) 441-9056
Fax: (201) 441-9435

*Local Counsel for the Stock Underwriter Defendants in Case No. 15-cv-07658*

*Local Counsel for Deutsche Bank Securities Inc. and Barclays Capital Inc. in Case No. 18-cv-00032*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Richard A. Rosen (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990

*Counsel for the Stock Underwriter Defendants in Case No. 15-cv-07658*

*Counsel for Deutsche Bank Securities Inc. and Barclays Capital Inc. in Case No. 18-cv-00032*

**SCHULTE ROTH & ZABEL LLP**

*/s/* Cara David
Cara David
Barry A. Bohrer (admitted *pro hac vice*)
Michael L. Yaeger (admitted *pro hac vice*)
919 Third Avenue
New York, NY  10022
Telephone: (212) 756-2000
Fax:

*Counsel for Debora Jorn in Case Nos.*

**BRESSLER, AMERY & ROSS, P.C.**

*/s/* David J. Libowsky
David J. Libowsky
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Telephone: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs in Case Nos.*
*18-cv-00343 and 18-cv-02286*

**LIEFF CABRASER HEIMANN &**
**BERNSTEIN, LLP**

Steven E. Fineman
Daniel P. Chiplock
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Fax: (212) 355-9592

Richard M. Heimann
Bruce W. Leppla
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Fax: (415) 956-1008

Sharon M. Lee
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Telephone: (206) 739-9059

*Counsel for Plaintiffs in Case No.*
*18-cv-00343 and 18-cv-02286*

**SKOLOFF & WOLFE, P.C.**

*/s/* Jonathan W. Wolfe
Jonathan W. Wolfe
293 Eisenhower Parkway
Livingston, NJ 07039
Telephone: (973) 992-0900

*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 17-cv-07552,*
*17-cv-12088, 17-cv-12808, 17-cv-13488,*
*18-cv-00343, 18-cv-00383, 18-cv-00846,*
*18-cv-02286*

**WINSTON & STRAWN LLP**

*/s/* James S. Richter
James S. Richter
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700

Robert Y. Sperling (admitted *pro hac vice*)
Joseph L. Motto (admitted *pro hac vice*)
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600

Elizabeth P. Papez (admitted *pro hac vice*)
1700 K Street, N.W.
Washington, D.C.  20006-3817
Telephone:  (202) 282-5000

*Counsel for Howard B. Schiller in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 16-cv-07321,*
*16-cv-07324, 16-cv-07328, 16-cv-07494,*
*16-cv-07496, 16-cv-07497, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00089,*
*18-cv-00343, 18-cv-00383, 18-cv-00846,*
*18-cv-00893, 18-cv-01223, 18-cv-02286,*
*18-cv-08595*

*Local Counsel for Plaintiffs in Case No.*
*18-cv-00383*

**HUNG G. TA, ESQ. PLLC**

*/s/* Hung G. Ta
Hung G. Ta
JooYun Kim
Natalia D. Williams
250 Park Avenue, Seventh Floor
New York, NY 10177
Telephone: (646) 453-7288
Fax: (973) 994-1744

*Counsel for Plaintiffs in Case Nos.*
*18-cv-00383 and 18-cv-00846*

**SAFIRSTEIN METCALF LLP**

Peter Safirstein
Elizabeth Metcalf
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2845

*Counsel for Plaintiffs in Case No.*
*18-cv-00846*

**KYROS LAW, PC**

Konstantine Kyros
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921

*Counsel for Plaintiffs in Case No.*
*18-cv-00846*

# Exhibit 5

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | )  Master No. 3:15-cv-07658-MAS-LHG )  )  CLASS ACTION ) |
| ―――――――――――――――――――――― | )  CONSENT ORDER |
| This Document Relates To: | ) |
| ALL ACTIONS. | ) ) ) |
| ―――――――――――――――――――――― | ) |

THIS MATTER having been opened to the Court by Seeger Weiss LLP, local counsel to the Class Plaintiffs, seeking an order permitting Class Plaintiffs to amend the Consolidated Complaint, and all Defendants named in the Consolidated Complaint having consented to Class Plaintiffs amending without leave of Court on or before September 21, 2018, and the Court having considered this matter;

IT IS on this /0ᵗʰ day of October, 2018,

ORDERED as follows:

1.      Class Plaintiffs are permitted to amend the Consolidated Complaint pursuant to Fed. R. Civ. P. 15(a)(2); and

2.      The First Amended Consolidated Complaint filed by the Class Plaintiffs on September 20, 2018 [Dkt. 352] is accepted for filing *nunc pro tunc*

_____

HON. MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE
LOIS H. GOODMAN, USMJ

- 2 -

# Exhibit 6



UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

RECEIVE

OCT 17 2019

AT 8:30_____M
WILLIAM T. WALSH
CLERK

IN RE VALEANT
PHARMACEUTICALS
INTERNATIONAL, INC.
SECURITIES LITIGATION

THIS DOCUMENT RELATES TO
ALL CASES

Master No.: 3:15-cv-07658-MAS-LHG

JUDGE MICHAEL A. SHIPP
JUDGE LOIS H. GOODMAN

JUDGE DENNIS CAVANAUGH, RET.
SPECIAL MASTER

### JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 26.1(b), the Class

Action Plaintiffs, Opt-Out Litigation Plaintiffs, and Defendants submit this Joint

Discovery Plan.

## I.   BRIEF STATEMENT OF FACTS AND LEGAL ISSUES

### A.   Class Action

The securities class action, *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, Master

No. 3:15-cv-07658-MAS-LHG (the "Class Action"), is brought on behalf of a

putative class of purchasers of Valeant equity securities and senior notes between

January 4, 2013 and March 15, 2016 (the "Class" and "Class Period," respectively).

The Consolidated Complaint filed on June 24, 2016 originally alleged nine counts

pursuant to the Securities Exchange Act of 1934 ("Exchange Act"), Securities and

Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5, and the

- 1 -

Securities Act of 1933 ("Securities Act"), ECF. No. 80.[1]  Lead Plaintiff, Teachers

Insurance and Annuity Association of America ("TIAA"), named plaintiff, City of

Tucson, together with and on behalf of the Tucson Supplemental Retirement System

("City of Tucson"), and additional named plaintiff IBEW Local Union 481 Defined

Contribution Plan and Trust ("IBEW") (collectively, "Class Plaintiffs") allege that

Valeant engaged in deceptive practices, which Defendants concealed through

materially false and misleading statements and omissions.  Plaintiffs allege that once

Valeant's deceptive practices were disclosed to the public, the price of Valeant

securities fell dramatically.  Plaintiffs now seek compensatory damages and any

other appropriate relief to which they are entitled.  Not all claims are directed against

each of the Defendants, some of whom are named only under one or a few counts.

Defendants deny all liability as to all claims asserted against them.

On April 28, 2017, the Court denied Defendants' motions to dismiss with

regard to Counts One, Two, Seven, Eight, and Nine, and granted Defendants'

motions to dismiss, without prejudice, with regard to Counts Three, Four, Five, and

---

[1]  On September 20, 2018, Class Plaintiffs filed the First Amended Consolidated Complaint ("FAC") naming additional defendants and bringing two additional counts under the Exchange Act.  ECF No. 352.

Six of the Consolidated Complaint.[2]  All remaining Defendants in the Class Action

answered this complaint following the Court's April 2017 ruling.

On July 11, 2017, the parties to the Class Action submitted a proposed Joint

Discovery Plan to the Court.  No order was entered on the proposed Joint Discovery

Plan.

On July 21, 2017, the parties to the Class Action exchanged their initial

disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

On October 12, 2017, the parties in the Class Action appeared before

Magistrate Judge Goodman to discuss a jointly proposed scheduling order.  Prior to

entry of a scheduling order, on October 19, 2017, the Court entered an Order to Show

Cause (ECF No. 273) as to whether the Court should stay the Class Action and the

Opt-Out Litigations during the pendency of the criminal trial involving Philidor RX

Services, LLC's ("Philidor") former CEO, Andrew Davenport, and former Valeant

---

[2]  Following the Court's ruling on the motions to dismiss, the remaining Defendants
were:  the "Valeant Defendants" (Valeant Pharmaceuticals International, Inc.,
("Valeant"), Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins,
Robert A. Ingram, Anders Lönner, Theo Melas-Kyriazi, Robert N. Power, Norma
Provencio, Katherine B. Stevenson, and Jeffrey W. Ubben), separately represented
individual defendants J. Michael Pearson, Howard B. Schiller, Tanya Carro, and
Deborah Jorn; PricewaterhouseCoopers LLP ("PwC"); and, the "Stock Underwriter
Defendants" (Deutsche Bank Securities, Inc., HSBC Securities (USA) Inc.,
Mitsubishi UFJ Securities (USA), Inc., DNB Markets, Inc., Barclays Capital, Inc.,
Morgan Stanley & Co. LLC, RBC Capital Markets, and SunTrust Robinson
Humphrey, Inc.).

- 3 -

employee Gary Tanner. Following briefing, on November 29, 2017, the Court entered the Stipulation and Order Regarding Partial Stay (ECF No. 291) (the "Stay"), which stayed certain proceedings and discovery in the Class Action and the Opt-Out Litigations.

On June 5, 2018, the Court issued a Letter Order lifting the stay in the Class Action. ECF No. 316.

On June 11, 2018, the Court issued a Letter Order consolidating into the Class Action the case styled *Timber Hill LLC v. Valeant Pharms. Int'l, Inc., et al.*, No. 18-cv-10246 (D.N.J.), a recently-filed securities class action arising under the same facts and alleging violations of the same securities laws as the Class Action. ECF No. 318. On June 18, 2018, Timber Hill LLC filed a motion seeking relief from the Consolidation Order. ECF No. 322. On July 2, 2018, Lead Plaintiff TIAA filed its opposition to Timber Hill's motion. ECF No. 323. Timber Hill replied (ECF No. 325) and Lead Plaintiff filed a motion to file a sur-reply (ECF No. 329). On November 7, 2018, the Court issued a Memorandum Opinion (ECF No. 392) and Order (ECF No. 393) denying Timber Hill's motion for relief from the Consolidation Order, denying Timber Hill's motion for appointment as lead plaintiff (ECF No. 334) as moot and denying Lead Plaintiff's motion to strike (ECF No. 335) as moot.

On July 3, 2018, the parties submitted a revised proposed Joint Discovery Plan to the Court. No order was entered on the revised proposed Joint Discovery Plan.

On September 7, 2018, the parties submitted another, similar proposed Joint Discovery Plan. No order was entered on this proposed Joint Discovery Plan.

On September 20, 2018, consistent with the deadline set forth in the parties' proposed Joint Discovery Plans referenced in the preceding paragraph, Class Plaintiffs filed the FAC naming additional defendants and bringing insider trading claims (*see* Counts III and IV of the FAC). ECF No. 352. The FAC's insider trading claims are brought against ValueAct Capital Management L.P., ValueAct Capital Master Fund, L.P., ValueAct Co-Invest Master Fund, L.P., VA Partners I, LLC, ValueAct Holdings, L.P., and Defendant Ubben (collectively, the "ValueAct Defendants").

On September 26, 2018, counsel for all parties appeared before Magistrate Judge Goodman at an in-person status conference. During the conference, the parties and the Court addressed the July 3, 2018 proposed Joint Discovery Plan, the amendment of the Consolidated Complaint, the anticipated motion to dismiss from the ValueAct Defendants, and the potential impact of that motion on the parties' proposed discovery plan, including whether discovery would be stayed by operation of the PSLRA. Judge Goodman directed that Class Plaintiffs seek an order permitting the amendment of the Consolidated Complaint. On October 10, 2018, Judge Goodman entered a consent order accepting the filing of the FAC *nunc pro tunc.* ECF No. 366. Additionally, several parties subsequently submitted letters to

- 5 -

the Court regarding whether discovery should be stayed (*see* ECF Nos. 370-373). On November 13, 2018, the parties submitted a stipulation and proposed order to the Court in an effort to address whether the PSLRA discovery stay applied. ECF No. 396. Although the Court did not issue an order on the stipulation, the parties abided by its terms and agreed to stay discovery as to the parties in this actions while allowing document discovery of non-parties to continue.

On September 28, 2018, Class Plaintiffs served their motion for class certification, accompanying memorandum of law, and supporting declarations and exhibits on Defendants. Following the Court's previous instructions, the parties will submit all class certification briefing to the Special Master when the motion is fully briefed pursuant to the schedule established by the Special Master.

On October 4, 2018, counsel for Class Plaintiffs and Defendants stipulated to the dismissal of Counts V, VI, VII, and VIII of the FAC without prejudice pursuant to the Court's April 28, 2017 Order, including dismissing without prejudice all claims against Goldman Sachs, J.P. Morgan, Merrill Lynch, CIBC, Citigroup, DBS, TD, BMO, and SMBC. ECF No. 362-1. The Court entered an Order adopting the stipulation on October 5, 2018. ECF No. 363.

On October 24, 2018, the following defendants filed their answers to the FAC: (i) the Stock Underwriter Defendants (Deutsche Bank, HSBC, MUFJ, DNB, Barclays, Morgan Stanley, RBC, and SunTrust) (ECF No. 375); (ii) Schiller (ECF

No. 376); (iii) PwC (ECF No. 377); (iv) Pearson (ECF No. 378); (v) Valeant, Farmer, Goggins, Ingram, Kellen, Lönner, Melas-Kyriazi, Power, Provencio, Rosiello, and Stevenson (ECF No. 379); (vi) Carro (ECF No 380); and (vii) Jorn (ECF No. 381).

On October 31, 2018, the ValueAct Defendants moved to dismiss Count I against defendant Ubben, and Counts III and IV in their entirety. ECF No. 387. Class Plaintiffs opposed on November 19, 2018 (ECF No. 401), and the ValueAct Defendants replied on November 28, 2018 (ECF No. 404).

On January 14, 2019, Defendants Valeant, Pearson, Schiller, Rosiello, Kellen, Jorn, and Carro moved to dismiss the Timber Hill action. ECF No. 407. On February 5, 2019, Class Plaintiffs opposed the motion to dismiss and moved to strike it (ECF No. 416) and Timber Hill filed a separate opposition to the motion to dismiss (ECF No. 417). Defendants filed their reply on February 13, 2019. ECF No. 420.

On June 30, 2019, the Court issued a Memorandum Opinion and Order denying the ValueAct Defendants' motion to dismiss. ECF Nos. 462-463. On July 29, 2019, the ValueAct Defendants moved for a certificate of appealability to immediately appeal the Court's denial of the ValueAct Defendants' motion to dismiss. ECF No. 474. Class Plaintiffs opposed the motion on August 20, 2019 (ECF No. 482) and the ValueAct Defendants replied on August 27, 2019 (ECF No. 483). That motion remains pending.

- 7 -

On August 15, 2019, the Court issued a Memorandum Opinion and Order denying the motions to dismiss and strike the Timber Hill action, because the Timber Hill complaint is a "legal nullity at this point in the litigation." ECF No. 481.

### B. Opt-Out Litigations

Thirty-one cases have been filed by individual investors and groups of investors in Valeant securities (the "Opt-Out Litigations"). Some of the Opt-Out Litigations plead causes of action not pled in the Class Action, including claims under New Jersey's RICO statute, Section 18 of the Securities Exchange Act of 1934, and New Jersey common law.[3] The status of the Opt-Out Litigations is as follows:

### 1. Cases With Motions to Dismiss Pending

- *Catalyst Dynamic Alpha Fund, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-12673, (Filed 8/10/18)[4]

### 2. Cases With Motions to Dismiss Resolved on January 12, 2018

- *T. Rowe Price Growth Stock Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-05034, (Filed 8/15/16)

---

[3] Not all Defendants in the Class Action are named in each of the Opt-Out Litigations.

[4] The Court granted Defendants' motion to dismiss the initial Complaint on May 30, 2019, but granted Plaintiffs leave to file an amended complaint. Plaintiffs filed an Amended Complaint on July 1, 2019. Defendants moved to dismiss the Amended Complaint on August 15, 2019 and the parties will complete briefing on the motion to dismiss the Amended Complaint on October 14, 2019.

- *Equity Trustees Limited as Responsible for T. Rowe Price Global Equity Fund, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-06127, (Filed 9/26/16)

- *Principal Funds, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-06128, (Filed 9/27/16)

- *BloombergSen Partners Fund LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07212, (Filed 10/13/16)

- *Discovery Global Citizens Master Fund, Ltd., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07321, (Filed 10/14/16)

- *MSD Torchlight Partners, L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07324, (Filed 10/14/16)

- *BlueMountain Foinaven Master Fund L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07328, (Filed 10/14/16)

- *Incline Global Master LP, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07494, (Filed 10/18/16)

- *VALIC Company I, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07496, (Filed 10/18/16)

- *Janus Aspen Series, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:16-cv-07497, (Filed 10/18/16)

### 3. Cases With Motions to Dismiss Resolved on July 31, 2018

- *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-06365, (Filed 8/23/17)

- *Public Employees' Retirement System of Mississippi v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-07625, (Filed 9/28/17)

- *The Boeing Company Employee Retirement Plans Master Trust and the Boeing Company Employee Savings Plans Master Trust v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-07636, (Filed 9/28/17)

### 4. Cases With Motions to Dismiss Resolved on September 14, 2018

- *Pentwater Equity Opportunities Master Fund LTD v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-07552, (Filed 9/27/17)

- *Hound Partners Offshore Fund, LP, Hound Partners Long Master, LP, and Hound Partners Concentrated Master, LP v. Valeant Pharmaceuticals International, Inc.*, et al., No. 3:18-cv-08705, (Filed 1/4/18)

- *Blackrock Global Allocation Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00343, (Filed 1/9/18)

### 5. Cases With Motions to Dismiss Resolved On September 26, 2018

- *New York City Employees' Retirement System, et al. v. Valeant Pharmaceuticals International, Inc., et. al.*, No. 3:18-cv-00032, (Filed 1/2/18)

### 6. Cases With Motions to Dismiss Resolved on December 10, 2018

- *2012 Dynasty UC LLC, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 18-cv-08595, (Filed 4/30/18)

### 7. Cases With Motions to Dismiss Resolved on September 10, 2019

- *Northwestern Mutual Life Insurance Co., et al. v. Valeant Pharmaceuticals Inc., et al.*, No 3:18-cv-15286, (Filed 10/24/18)

- *Bahaa Aly, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-17393, (Filed 12/19/18) (dismissed in full)

### 8. Cases Where No Motions to Dismiss Will Be Filed

- *Okumus Opportunistic Value Fund, Ltd. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-6513, (Filed 8/29/17) (Motions to dismiss filed and withdrawn pursuant to stipulation)

- *Första AP-Fonden, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 2:17-cv-12088, (Filed 11/27/17)

- *State Board of Administration of Florida v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-12808, (Filed 12/07/17)

- *The Regents of the University of California v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:17-cv-13488, (Filed 12/21/17)

- *GMO Trust, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, 3:18-cv-00089, (Filed 1/03/18)

- *Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Shares Fund 1, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00383, (Filed 1/10/18)

- *Bharat Ahuja, et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00846, (Filed 1/19/18)

- *Brahman Capital Corp., et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-00893, (Filed 1/22/18)

- *The Prudential Insurance Company of America, et al., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 3:18-cv-01223, (Filed 1/29/18)

### 9. Cases That Have Been Voluntarily Dismissed

- *Senzar Healthcare Master Fund, LP and Blue Rock Liquid Alpha Fund, L.P., v. Valeant Pharmaceuticals International, Inc., et al.*, No. 2:18-cv-02286, (Filed 2/16/18)

## II. DISCOVERY CONDUCTED TO DATE IN THE CLASS ACTION

### A. Party Discovery in the Class Action

Prior to the Stay, Class Plaintiffs served their First Request for Production of Documents to Defendants Valeant and PwC, which, among other things, requested reproduction of documents provided to certain Investigating Agencies. Defendants Valeant and PwC have made several productions in response to Class Plaintiffs' First Requests. Valeant's production to certain Investigating Agencies is ongoing, and

Valeant is supplementing its productions to Class Plaintiffs on an ongoing basis. Class Plaintiffs are in the process of reviewing the documents produced and the parties are discussing matters relating to the production, privilege assertions, time period objections, and discovery disputes.

Class Plaintiffs also served requests for production of documents on each of the Stock Underwriter Defendants, who produced certain responsive documents, and served Valeant with Lead Plaintiff's first set of interrogatories, to which Valeant responded and subsequently provided supplemental responses on June 12, 2018. Class Plaintiffs are meeting and conferring with Valeant regarding the sufficiency of the responses and supplemental responses to the interrogatories.

On June 9, 2017 and June 30, 2017, the Stock Underwriter Defendants and PwC, respectively, served their first requests for production of documents on City of Tucson. The City of Tucson has responded to the document requests and produced documents on July 13, 2017, September 28, 2018 and August 23, 2019. On September 15, 2017, the Valeant Defendants served TIAA and City of Tucson with the Valeant Defendants' first request for production of documents. TIAA and City of Tucson provided written responses and objections on October 16, 2017. On August 20, 2018 and September 6, 2019, TIAA produced documents in response to the Valeant Defendants' first requests for production of documents. Class Plaintiffs

- 12 -

will meet and confer with the Valeant Defendants regarding further production of responsive documents.

On September 18, 2017, PwC served City of Tucson with PwC's second request for production of documents. City of Tucson provided written responses and objections on October 18, 2017.

On October 11 and 17, 2017, Class Plaintiffs served their second request for production of documents on PwC and Valeant, respectively. The response deadlines for these second requests for production were impacted by the filing of the ValueAct Defendants' motion to dismiss. PwC served written responses and objections on June 27, 2018. Valeant served written responses and objections on July 10, 2018. Valeant and PwC will continue to meet and confer with Class Plaintiffs regarding production of the documents that Valeant and PwC agree to produce pursuant to those responses and objections.

On October 2, 2018, certain Valeant defendants served their second requests for production relating to TIAA's representation of the putative class. TIAA provided written responses and objections on September 9, 2019. On October 18, 2018, certain Valeant defendants served IBEW with their first requests for production of documents. IBEW provided written responses and objections on August 28, 2019. Counsel for Class Plaintiffs and Defendants will meet and confer regarding the deadlines for responses to these discovery requests.

- 13 -

On October 18, 2018, PwC served City of Tucson with its third request for production of documents and first set of interrogatories. City of Tucson provided written responses and objections to PwC's third request for production of documents on September 20, 2019. PwC will meet and confer with City of Tucson regarding City of Tucson's objections and the documents that City of Tucson has agreed to produce. City of Tucson has not responded to PwC's first set of interrogatories.

On July 3, 2019, Lead Plaintiff TIAA served Valeant with its second set of interrogatories and first set of requests for admission. Valeant served responses and objections on September 13, 2019.

### B. Third Party Discovery in the Class Action

Class Plaintiffs served subpoenas on more than 100 third parties, including Philidor, investment banks, and analysts, Valeant investors and consultants, entities related to Valeant and Philidor, pharmacy benefit managers, and former employees of Valeant and Philidor. Some of those third parties completed production prior to the Stay, but the majority had not produced documents. Certain third parties continued to produce documents during and after the agreed stay of party discovery pending resolution of the ValueAct Defendants' motion to dismiss. Class Plaintiffs have been reviewing the documents that were produced and conducting numerous meet and confers with the other third parties to determine the scope of discovery disputes, negotiate objections, and to discuss the parameters of production, such as

- 14 -

the use of search terms and identification of document custodians. Class Plaintiffs also recently served additional third party subpoenas.

Certain defendants have served subpoenas on more than 30 third parties, including Class Plaintiffs' investment advisors and other investment analysts. Defendants have been reviewing the documents produced and conducting numerous meet and confers with the third parties to determine the scope of discovery disputes, negotiate objections, and to discuss the parameters of production, such as the use of search terms and identification of document custodians.

**C.    Existing Discovery Disputes in the Class Action**

Prior to entry of the Stay, Class Plaintiffs had discovery disputes with non-parties Philidor and Cambria Pharmacies, Inc., which were the subject of joint letters submitted to Magistrate Judge Goodman on October 13, 2017. Following resolution of the Davenport-Tanner criminal trial, Class Plaintiffs began meeting and conferring with Philidor and Cambria to determine whether the discovery disputes remained.

On October 26, 2018, Class Plaintiffs filed their motion to compel non-parties Philidor and the Philidor Network Entities (collectively, the "Philidor Entities") to produce documents in response to subpoenas. ECF No. 386. Following briefing, on April 12, 2019, the Court issued a Letter Opinion & Order granting Class Plaintiffs' motion. ECF No. 441. On May 17, 2019, Class Plaintiffs submitted a letter to

- 15 -

Magistrate Judge Goodman requesting that the Court order the Philidor Entities to comply with the Letter Opinion & Order. ECF No. 452. The Philidor Entities responded on May 23, 2019 (ECF No. 453) and Class Plaintiffs filed a responsive letter on May 24, 2019 (ECF No. 454). To date, the Philidor Entities have not produced any documents to Class Plaintiffs in response to the Letter Opinion & Order granting the motion to compel.

### D. Additional Discovery Needed in the Class Action

During the Rule 26(f) conference, the parties agreed that the scope of discovery was likely to be commensurate with complex litigation of this nature. The parties deferred addressing any amendment to the statutory limits for depositions (Rule 30(a)(2)) and interrogatories (Rule 33(a)(1)), until after document discovery has commenced. The parties agreed to reserve their rights to seek discovery relevant to claims or defenses identified during discovery and to object to such discovery requests. The parties anticipate requesting and/or producing computer-based or other electronically stored information and an Electronic Discovery Protocol was entered on October 16, 2017. ECF No. 271.

The parties to the Class Action and Opt-Out Litigations have agreed that depositions in these and related cases will be coordinated subject to the parties agreeing to a deposition protocol before the commencement of depositions. If the

parties are unable to reach an agreement concerning a deposition protocol, the parties will submit competing proposals to the Special Master.

## III.    DISCOVERY IN THE OPT-OUT LITIGATIONS

As a result of the temporary Stay, discovery was partially stayed in the Opt-Out Litigations.  Pursuant to the Stipulation and Order Regarding Partial Stay entered in the Class Action and certain of the Opt-Out Litigations, Defendant Valeant has provided certain Opt-Out Litigation plaintiffs with access to the materials they produced in the Class Action in response to the Class Plaintiffs' first set of document requests, subject to the Confidentiality Order.

The relevant Valeant Defendants in each of the Opt-Out Litigations served first requests for production of documents in all of the Opt-Out Litigations in October 2018, with the exception of the *2012 Dynasty* action, where requests were served in July 2019 and the *Blackrock* action, where requests were served in August 2019.  Requests have not yet been served in the *Catalyst* and *Northwestern* actions. Plaintiffs in each of the Opt-Out Litigations in which document requests were served provided written responses and objections in July 2019 with the exception of the *2012 Dynasty* action where responses and objections were provided in August 2019 and the *Blackrock* action where responses were provided in September 2019.

Answers have been filed in all pending Opt-Out Litigations except for *Catalyst* and *Northwestern*.  The parties agreed by stipulation that Defendants will

- 17 -

file answers in *Northwestern* by November 12, 2019. A motion to dismiss *Catalyst*

remains pending.

## IV.   ESTIMATE ON THE TIME NEEDED TO COMPLETE DISCOVERY

The parties in all actions have proposed the schedule for discovery and trial-

related deadlines in the table below:

| Action | Proposed Dates |
|---|---|
| Deadline for substantial completion of document productions related to class certification issues, with productions to be made on a rolling basis in advance of this date | December 2, 2019 |
| Deadline for completion of depositions sought by Defendants related to class certification issues | January 21, 2020 |
| Deadline for Defendants to serve Class Plaintiffs with Opposition to Class Certification Motion | February 13, 2020 |
| Deadline for completion of depositions sought by Plaintiffs related to class certification issues | March 31, 2020 |
| Deadline for Class Plaintiffs to serve Defendants with Reply in Support of Class Certification, Notify Court of Completion of Class Certification Briefing, and file all class certification briefing with the Court | May 1, 2020 |

| Action | Proposed Dates |
|---|---|
| Deadline for substantial completion of any document productions in response to any requests for production served by November 15, 2019, with productions in response to those requests to be made on a rolling basis in advance of this date | May 6, 2020 |
| Deadline to meet and confer regarding protocol for depositions | May 6, 2020 |
| Deadline for service of all interrogatories, requests for admission, and requests for production | December 21, 2020 |
| Fact Discovery Cutoff | February 18, 2021 |
| Deadline to serve affirmative expert reports | May 17, 2021 |
| Deadline to serve rebuttal expert reports | August 23, 2021 |
| Deadline to serve reply expert reports | November 1, 2021 |
| Expert Discovery Cutoff | November 15, 2021 |
| Deadline to file Dispositive Motion(s) | January 18, 2021 |
| Deadline to file Opposition(s) to Dispositive Motion(s) | March 14, 2022 |
| Deadline to file Reply in support of Dispositive Motion(s) | April 28, 2022 |
| Deadline for objection(s) to proposed expert testimony under FRE 702 | 90 days before the final pretrial conference |
| Opposition to any objection(s) to proposed expert testimony under FRE 702 | 60 days before the final pretrial conference |

| Action | Proposed Dates |
|---|---|
| Reply in support of any objection(s) to proposed expert testimony under FRE 702 | 30 days before the final pretrial conference |
| Deadline for parties to designate potential trial witnesses and proposed exhibits | 45 days before the final pretrial conference |
| Deadline for parties to file a joint set of jury instructions, proposed jury instructions which are objected to by any other party and points and authorities in support of and in opposition to the objected to instructions | 45 days before the final pretrial conference |
| Final Pretrial Conference | TBD |
| Proposed Trial Date | TBD |

## V.    EXPERT TESTIMONY

The parties in the Class Action and the Opt-Out Litigations anticipate that expert testimony will be necessary.

## VI.    LIMITATIONS ON DISCOVERY DEVICES

None requested at this time.

## VII.    SPECIAL DISCOVERY NEEDS

None known at this time.

## VIII.  CONFIDENTIALITY ORDER

### A.     Class Action

On June 18, 2017, the Court entered an Order approving the parties' Stipulation and Confidentiality Order in the Class Action.  *See* ECF No. 244.  On March 12, 2019, the Court entered an Order approving the parties' Amended Stipulation and Confidentiality Order.  ECF No. 429.

### B.     Opt-Out Litigations

The Confidentiality Order has also been entered in certain of the Opt-Out Litigations.  *See, e.g.*, *T. Rowe Price* Action (ECF No. 89); *CFSIL* Action (ECF No. 24); *NYCERS* Action (ECF No. 42); *Ahuja* Action (ECF No. 22).

## IX.    DISPUTE RESOLUTION

The parties do not believe there is a need for alternative dispute resolution. On September 10, 2019, Judge Shipp appointed Judge Dennis M. Cavanaugh as the Special Master to resolve all pending and future discovery disputes, and issue reports and recommendations regarding all pending and future motions, and all pre-trial motions. ECF No. 484.

Dated:  September 30, 2019

**SO ORDERED**

*Dennis M. Cavanaugh*

10/16/19

**SEEGER WEISS LLP**

*/s/ Christopher A. Seeger*
Christopher A. Seeger
David R. Buchanan
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Fax: (973) 639-9393

*Local Counsel for Plaintiffs in Case No. 15-cv-07658*

**ROBBINS GELLER RUDMAN & DOWD LLP**

*/s/ Darren J. Robbins*
Darren J. Robbins
Tor Gronborg
X. Jay Alvarez
Robert R. Henssler
Matthew I. Alpert
Debahish Bakshi
Christopher R. Kinnon
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423

James E. Barz
Frank A. Richter
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Fax: (312) 674-4676

Jack Reise
Robert J. Robbins
Kathleen B. Douglas
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Fax: (561) 750-3364

*Counsel for Plaintiffs in Case No. 15-cv-07658*

**McCARTER & ENGLISH LLP**

*/s/ Richard Hernandez*
Richard Hernandez
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 848-8615
Fax: (973) 297-6615

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, Ronald H. Farmer, Colleen Goggins, Robert A. Ingram, Theo Melas-Kyriazi, Robert N. Power, Norma Provencio, Katharine B. Stevenson, and Tanya Carro in Case Nos. 15-cv-07658, 18-cv-08705*

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, and Tanya Carro in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06513, 17-cv-07552, 17-cv-12088, 17-cv-12808, 17-cv-13488, 18-cv-00383, 18-cv-00846*

*Local Counsel for Valeant Pharmaceuticals International, Inc. in Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07328, 16-cv-07494, 16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-00893*

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Tanya Carro in Case Nos. 17-cv-06365, 17-cv-07625, 17-cv-07636, 18-cv-00032, 18-cv-08595, 18-cv-12673, 18-cv-15286*

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen, and local counsel for Tanya Carro in Case No. 18-cv-00343*

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Francis X. Riley III*
Francis X. Riley III

- 22 -

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

*/s/ James E. Cecchi*
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Fax: (973) 994-1744

*Local Counsel for Plaintiffs in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06365, 17-cv-07552, 17-cv-12808, 17-cv-13488*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano
Jonathan D. Uslaner
Richard D. Gluck
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

*Counsel for Plaintiffs in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06365, 17-cv-07552, 17-cv-12808, 17-cv-13488*

**LOWENSTEIN SANDLER LLP**

*/s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
Marc B. Kramer
Zachary D. Rosenbaum
Thomas E. Redburn, Jr.
Sheila A. Sadighi
Michael J. Hampson
One Lowenstein Drive
Roseland, NJ 07068
Telephone: (973) 597-2500
Fax: (973) 597-2400

650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (609) 452-3145
Fax: (609) 452-3122

*Local Counsel for Valeant Pharmaceuticals International, Inc. in Case No. 18-cv-01223*

**SIMPSON THACHER & BARTLETT LLP**

*/s/ Paul C. Curnin*
Paul C. Curnin (admitted *pro hac vice*)
Craig S. Waldman (admitted *pro hac vice*)
Dean McGee (admitted *pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502

*Counsel for the Valeant Defendants in Case Nos. 15-cv-07658, 18-cv-08705*

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06513, 17-cv-07552, 17-cv-12088, 17-cv-12808, 17-cv-13488, 18-cv-00383, 18-cv-00846*

*Counsel for Valeant Pharmaceuticals International, Inc. in Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07328, 16-cv-07494, 16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-00893, 18-cv-01223*

*Counsel for Valeant Pharmaceuticals International, Inc. and Robert L. Rosiello in Case Nos. 17-cv-06365, 17-cv-07625, 17-cv-07636, 18-cv-00032, 18-cv-08595, 18-cv-12673, 18-cv-15286*

**COOLEY LLP**

*/s/ William J. Schwartz*

*Counsel for Plaintiffs in Case Nos.*
*16-cv-07321, 16-cv-07324, 16-cv-07328,*
*16-cv-07494, 16-cv-07496, 16-cv-07497,*
*18-cv-00089, 18-cv-00893, 18-cv-01223*

## KASOWITZ BENSON TORRES LLP

*/s/ Stephen W. Tountas*
Stephen W. Tountas
One Gateway Center
Suite 2600
Newark, NJ 07102
Telephone: (973) 645-9462
Fax: (973) 643-2030

*Local Counsel for Plaintiffs in Case Nos.*
*17-cv-07636, 18-cv-08595, 18-cv-15286*

*Counsel for Plaintiffs in Case Nos.*
*17-cv-07625 and 18-cv-12673*

## LABATON SUCHAROW LLP

*/s/ Serena P. Hallowell*
Serena P. Hallowell
Jonathan Gardner
Eric J. Belfi
Thomas W. Watson
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Plaintiffs in Case Nos.*
*17-cv-06365, 17-cv-07625, 17-cv-07636,*
*18-cv-08595, 18-cv-15286*

## STONE BONNER & ROCCO LLP

*/s/ Patrick L. Rocco*
Patrick L. Rocco
James P. Bonner
447 Springfield Avenue, Second Floor
Summit, NJ 07901
Telephone: (908) 516-2045
Facsimile: (908) 516-2049

William J Schwartz (admitted *pro hac vice*)
Sarah Lightdale (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00343,*
*18-cv-00383, 18-cv-00846, 18-cv-08595, 18-*
*cv-12673, 18-cv-15286*

## DEBEVOISE & PLIMPTON LLP

*/s/ Matthew Petrozziello*
Matthew Petrozziello
Bruce E. Yannett (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (admitted *pro hac vice*)
Ada Fernandez Johnson (admitted *pro hac vice*)
801 Pennsylvania Ave. NW
Washington, D.C. 20004
Telephone: (202) 383-8036
Fax: (202) 383-8118

*Counsel for J. Michael Pearson in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 16-cv-07321,*
*16-cv-07324, 16-cv-07328, 16-cv-07494,*
*16-cv-07496, 16-cv-07497, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00089,*
*18-cv-00343, 18-cv-00383, 18-cv-00846,*
*18-cv-00893, 18-cv-08595, 18-cv-12673, 18-*
*cv-15286*

- 24 -

Ralph M. Stone
1700 Broadway 41st Fl.
New York, NY 10019
Telephone: (212) 239-4340

*Local Counsel for Plaintiffs in Case No.
17-cv-06513*

## DIETRICH SIBEN THORPE LLP

*/s/ Matthew P. Siben*
Matthew P. Siben
500 Australian Avenue South, Suite 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883

David A. Thorpe
Shawn M. Hayes
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone: (310) 300-8450
Facsimile: (310) 300-8041

*Counsel for Plaintiffs in Case No.
17-cv-06513*

## LITE DEPALMA GREENBERG, LLC

*/s/ Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858

*Local Counsel for Plaintiffs in Case No. 17-
cv-12088*

## GRANT & EISENHOFER P.A.

*/s/ Jay W. Eisenhofer*

## MENZ BONNER KOMAR & KOENIGSBERG LLP

*/s/ Patrick D. Bonner, Jr.*
Patrick D. Bonner, Jr.
125 Half Mile Road, Suite 200
Red Bank, NJ 07701
Telephone: (732) 933-2757
Fax: (914) 997-4117

*Counsel for J. Michael Pearson in Case No.
18-cv-01223*

## CHIESA SHAHINIAN & GIANTOMASI PC

*/s/ A. Ross Pearlson*
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Fax: (973) 530-2300

*Local Counsel for PricewaterhouseCoopers
LLP in Case Nos. 15-cv-07658, 17-cv-06365,
17-cv-07625, 17-cv-07636, 18-cv-00032,
18-cv-08595, 18-cv-08705*

## KING & SPALDING LLP

*/s/ James J. Capra, Jr.*
James J. Capra, Jr. (admitted *pro hac vice*)
James P. Cusick (admitted *pro hac vice*)
Christina M. Conroy (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Fax: (212) 556-2222

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone: (202) 737-0500
Fax: (202) 626-3737

- 25 -

Jay W. Eisenhofer
Daniel L. Berger
Caitlin M. Moyna
Jonathan D. Park
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501

*Counsel for Plaintiffs in Case No. 17-cv-12088*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Michael B. Eisenkraft*
Michael B. Eisenkraft
88 Pine Street 14th Floor
New York, NY 10005
Telephone: (212) 838-7797

Steven J. Toll
Julie Goldsmith Reiser
S. Douglas Bunch
1100 New York Avenue, N.W. 5th Floor
Washington, D.C. 20005
Telephone: (202) 408-4600

*Counsel for Plaintiffs in Case No. 18-cv-00032*

**BRESSLER, AMERY & ROSS, P.C.**

*/s/ David J. Libowsky*
David J. Libowsky
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Telephone: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs in Case No. 18-cv-00343*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

*Counsel for PricewaterhouseCoopers LLP in Case Nos. 15-cv-07658, 17-cv-06365, 17-cv-07625, 17-cv-07636, 18-cv-00032, 18-cv-08595, 18-cv-08705*

**HARTMANN DOHERTY ROSA BERMAN & BULBULIA, LLC**

*/s/ Mark A. Berman*
Mark A. Berman
Robin D. Fineman
65 Route 4 East
River Edge, NJ 07661
Telephone: (201) 441-9056
Fax: (201) 441-9435

*Local Counsel for the Stock Underwriter Defendants in Case No. 15-cv-07658*

*Local Counsel for Deutsche Bank Securities Inc. and Barclays Capital Inc. in Case No. 18-cv-00032*

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/ Richard A. Rosen*
Richard A. Rosen (admitted *pro hac vice*)
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Fax: (212) 757-3990

*Counsel for the Stock Underwriter Defendants in Case No. 15-cv-07658*

*Counsel for Deutsche Bank Securities Inc. and Barclays Capital Inc. in Case No. 18-cv-00032*

**SCHULTE ROTH & ZABEL LLP**

*/s/ Robert E. Griffin*
Robert E. Griffin
Barry A. Bohrer (admitted *pro hac vice*)

*/s/ Steven E. Fineman*
Steven E. Fineman
Daniel P. Chiplock
Michael J. Miarmi
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Fax: (212) 355-9592

Richard M. Heimann
Bruce W. Leppla
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Fax: (415) 956-1008

Sharon M. Lee
2101 Fourth Avenue, Suite 1900
Seattle, WA 98121
Telephone: (206) 739-9059

*Counsel for Plaintiffs in Case No.*
*18-cv-00343*

## SKOLOFF & WOLFE, P.C.

*/s/ Jonathan W. Wolfe*
Jonathan W. Wolfe
293 Eisenhower Parkway
Livingston, NJ 07039
Telephone: (973) 992-0900

*Local Counsel for Plaintiffs in Case No.*
*18-cv-00383*

## HUNG G. TA, ESQ. PLLC

*/s/ Hung G. Ta*
Hung G. Ta
JooYun Kim
Natalia D. Williams
250 Park Avenue, Seventh Floor
New York, NY 10177
Telephone: (646) 453-7288
Fax: (973) 994-1744

919 Third Avenue
New York, NY 10022
Telephone: (212) 756-2000
Fax: (212) 593-5955

*Counsel for Deborah Jorn in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 17-cv-07552,*
*17-cv-12088, 17-cv-12808, 17-cv-13488,*
*18-cv-00343, 18-cv-00383, 18-cv-00846*

## WINSTON & STRAWN LLP

*/s/ Benjamin Sokoly*
Benjamin Sokoly
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700

Robert Y. Sperling (admitted *pro hac vice*)
Joseph L. Motto (admitted *pro hac vice*)
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600

*Counsel for Howard B. Schiller in Case Nos.*
*15-cv-07658, 16-cv-05034, 16-cv-06127,*
*16-cv-06128, 16-cv-07212, 16-cv-07321,*
*16-cv-07324, 16-cv-07328, 16-cv-07494,*
*16-cv-07496, 16-cv-07497, 17-cv-06365,*
*17-cv-07625, 17-cv-07636, 17-cv-06513,*
*17-cv-07552, 17-cv-12088, 17-cv-12808,*
*17-cv-13488, 18-cv-00032, 18-cv-00089,*
*18-cv-00343, 18-cv-00846, 18-cv-00893,*
*18-cv-01223, 18-cv-08595, 18-cv-12673, 18-*
*cv-15286*

*Counsel for Plaintiffs in Case Nos.*
*18-cv-00383 and 18-cv-00846*

**SAFIRSTEIN METCALF LLP**

*/s/ Peter Safirstein*
Peter Safirstein
Elizabeth Metcalf
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2845

*Local Counsel for Plaintiffs in Case No.*
*18-cv-00846*

**KYROS LAW, PC**

*/s/ Konstantine Kyros*
Konstantine Kyros
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921

*Counsel for Plaintiffs in Case No. 18-cv-00846*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

*/s/ Robert S. Loigman*
Robert S. Loigman
Rollo Baker
Kathryn Bonacorsi
Jesse Bernstein
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Plaintiffs in Case No.* 18-cv-08705

**CALCAGNI & KANEFSKY, LLP**

*/s/ Eric T. Kanefsky*
Eric T. Kanefsky
Samuel S. Cornish
One Newark Center

**ROBINSON MILLER**

*/s/ Keith J. Miller*
Keith J. Miller
Justin T. Quinn
110 Edison Place, Suite 302
Newark, NJ 07102
Telephone: (973) 690-5400

*Counsel for Howard B. Schiller in Case No.*
*18-cv-00383*

**O'MELVENY MYERS LLP**

*/s/ Allen W. Burton*
Allen W. Burton
Jonathan Rosenberg (admitted *pro hac vice*)
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Fax: (212) 326-2061

*Counsel for the Insider Trading Defendants in*
*Case No. 15-cv-07658*

**GIBBONS P.C.**

*/s/ Kate E. Janukowicz*
Kate E. Janukowicz, Esq.
One Gateway Center
Newark, New Jersey 07102
Telephone: (973) 596-4913

*Local Counsel for the Insider Trading*
*Defendants in Case No. 15-cv-07658*

- 28 -

1085 Raymond Blvd., 14th Floor
Newark, NJ 07102
T: (862) 397-1796

*Counsel for Plaintiffs in Case No.* 18-cv-08705

# **Exhibit 7**

```
 1                          SUPERIOR COURT OF NEW JERSEY
                           LAW DIVISION, CIVIL PART
 2                         MERCER COUNTY
                           DOCKET NO. MER-L-2185-18
 3                         APPELLATE DKT. NO.

 4   HOUND PARTNERS        )
     OFFSHORE FUND, LP, ET )
 5   AL,                   )            TRANSCRIPT
                           )
 6        Plaintiffs,      )               OF
                           )
 7        vs.              )     MOTION TO DISMISS AND
                           )          DECISION
 8   VALEANT               )
     PHARMACEUTICALS       )
 9   INTERNATIONAL INC., ET)
     AL,                   )
10                         )
          Defendants.      )
11
                           Place:  Mercer County Courthouse
12                         209 South Broad Street
                           Trenton, NJ 08650
13
                           Date:   June 19, 2019
14
     BEFORE:
15
        HON. PAUL INNES, J.S.C.
16
     TRANSCRIPT ORDERED BY:
17
        MARTIN B. GANDELMAN, ESQ.
18       (Calcagni & Kanefsky, LLP)

19   APPEARANCES:
        ERIC T. KANEFSKY, ESQ.
20       (Calcagni & Kanefsky, LLP)
        Attorney for the Plaintiff
21
        CHAD JOHNSON, ESQ.
22      JESSE BERNSTEIN, ESQ.
        (Quinn Emanuel Urquhart & Sullivan, LLP)
23      Attorney for the Plaintiff

24      A. ROSS PEARLSON, ESQ.
        (Chiesa Shahinian & Giantomasi PC)
25      Attorney for the Defendant
```

2

1   APPEARANCES (CONT'D):

2     JAMES P. CUSICK, ESQ.
      (King & Spaulding, LLP)
3     Attorney for the Defendant, PricewaterhouseCoopers,
      LLP

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20
                          Transcriber, Dena Page
21                        eScribers, LLC
                          352 Seventh Avenue, Ste. #604
22                        New York, NY 10001
                          (973)406-2250
23                        operations@escribers.net
                          Audio Recorded
24                        Recording Operator, Patrice Flim

25

3

1                          I N D E X

2    THE COURT
     Motion to dismiss complaints against          71
3    PwC granted.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1          THE COURT:  This is the matter of Hound

2    Partners Offshore Fund -- let's wait till everybody

3    gets settled -- Hound Partners Offshore Fund LP, Hound

4    Partners Long Master LP and Hound Partners Concentrated

5    Master LP v. Valeant Pharmaceuticals International

6    Incorporated, now known as Bausch Health Companies,

7    Incorporated, J. Michael Pearson, Howard B. Schiller,

8    Robert L. Rosiello, Deborah Jorn, Ari S. Kellen, Tanya

9    Carro, and PricewaterhouseCoopers LLP, docket number

10   MERL-2185-18.  This matter is scheduled before the

11   Court this morning on defendant PricewaterhouseCoopers,

12   PwC's, motion to dismiss the complaint pursuant to Rule

13   4:6-2(e) and Rule 4:5-8(a).

14          Let's begin with appearances of counsel.

15          MR. KANEFSKY:  Good morning, Your Honor.

16   Eric T. Kanefsky of Calcagni & Kanefsky of Newark,

17   local counsel on behalf of the Quinn Emanuel firm.

18   With me from that firm is Chad Johnson and Jesse

19   Bernstein.

20          Mr. Johnson will be arguing on behalf of

21   Hound Partners, and Hound Partners plaintiffs this

22   morning.  He has been admitted pro hac vice.

23          MR. JOHNSON:  Good morning, Your Honor.

24          MR. PEARLSON:  Good morning, Your Honor.

25   Ross Pearlson, P-E-A-R-L-S-O-N, of the law firm  Chiesa

1    litigation, the focus of which is based upon the same

2    series of events and accusations, the main difference

3    in each case being the plaintiffs.  PwC initially has

4    directed the Court to previous decisions made in the

5    federal cases for guidance and has some persuasive

6    authority for how the Court should move for -- on PwC's

7    motion.

8                        (Pause)

9            THE COURT:  Plain -- defendants -- defendant

10   moves for dismissal of Counts IV, V, and VI, the RICO

11   claims against PwC for racketeering, and conspiracy to

12   commit racketeering, and aiding and abetting

13   racketeering.

14           N.J.S.A. 2C:41-2c provides:  "It shall be

15   unlawful for any person employed by or associated with

16   any enterprise engaged in or activities of which affect

17   trade or commerce to conduct or participate, directly

18   or indirectly, in the conduct of the enterprise's

19   affairs through a pattern of racketeering activity or

20   collection of unlawful debt," id.

21           And similarly, 2C:41-2c provides:  "It shall

22   be unlawful for any person to conspire, as defined by

23   N.J.S.A. 2C:5-2, to violate any of the provisions of

24   this section."

25           Thus pursuant to N.J.S.A. 2C:41-2c, there

1    must be: one, an enterprise; two, association or

2    employment of a person with said enterprise; three, the

3    enterprise must engage in or the activities of which

4    affect trade or commerce; four, the person must conduct

5    or participate, directly or indirectly, in the conduct

6    of the enterprise's affairs; five, the person must do

7    so through a pattern of racketeering activity.

8    Furthermore, pursuant to the statute, 2C:41-2d,

9    conspiring to violate the statute suffices to meet the

10   standard.

11          The leading case interpreting the statute is

12   State v. Ball, 141 N.J. 142 (1995).  There the Supreme

13   Court held that the "conduct or participate" element of

14   subsection (c) requires that defendant "act

15   purposefully and knowingly in the affairs of the

16   enterprise in the sense of engaging in activities that

17   seek to further, assist, or help effectuate the goals

18   of the enterprise," id. at 175.

19          The Ball court also held that a conspiracy

20   under subsection (d) requires that the defendant act

21   "purposely, with knowledge of the unlawful objective of

22   the conspiracy and with intent to further its unlawful

23   objective," id. at (e).

24          PwC points out that here plaintiffs' summary

25   of scienter allegations is the ward of any factual

1    assertion specifically directed at PwC.  Additionally,

2    plaintiffs' allegations against PwC are inconsistent

3    with the required elements of the New Jersey RICO

4    statute.

5            Plaintiffs adopt the finding of the

6    independent investigation that certain Valeant officers

7    provided incorrect information to PwC, regarding the

8    Philidor -- Philidor transactions, that prompted

9    Valeant to restate its financial statements.  This is

10   evidence that PwC was deceived by Valeant just as the

11   plaintiffs were, not that they knowingly and

12   intentionally aided Valeant's enterprise.

13           PwC relies on a common-sense argument that

14   plaintiffs' pleaded allegations fail to explain why an

15   independent auditor with no financial interest in

16   Valeant's securities would purposefully and knowingly

17   join in an alleged criminal enterprise whose objective

18   "was to artificially inflate the value of Valeant's

19   securities".

20           There are several entities that obviously

21   violated the law.  It does not appear to the Court that

22   PwC was one of them.  And I should also say that this

23   is similar reasoning that was adopted and employed by

24

25           Plaintiffs' 200-plus page complaint details a

1    tale of extensive fraud with regards to Valeant and

2    Philidor and those individuals calling the shots for

3    those entities.  It details a variety of misconduct,

4    from lies told to the United States Congress down to

5    falsifying prescriptions in local pharmacies throughout

6    the country.

7           Considering the breadth of the -- of the

8    factual allegations, however, the complaint states very

9    little about PwC.  Despite the overall complexity of

10   the case, the allegations against PwC are simplistic.

11   Plaintiffs informed the Court that PwC served as

12   Valeant's independent outside auditor throughout the

13   relevant period.

14          Independent auditors serve a vital role in

15   capital markets as they are the "public watchdog"

16   responsible for improving the reliability and

17   credibility of financial statements.  Accordingly,

18   Congress established the Public Company Accounting

19   Oversight Board, following Enron and WorldCom, to

20   oversee the audits of public companies and protect

21   investors.

22          As Valeant's independent auditor, PwC was

23   required to adhere to the standards and satisfy its

24   responsibilities thereunder.  And as part of its audit

25   of Valeant's financial statements, PwC certified, into

1    2013 and 2014, 10-Ks that have performed it audits of

2    Valeant's financials in accordance with the standards.

3           PwC's special role as independent auditor

4    meant that it -- meant that it could not blindly accept

5    Valeant's representations about its accounting

6    decisions, and it also meant that, in the case of

7    certain unusual or potentially problematic

8    arrangements, like Valeant's relationship with

9    Philidor, PwC had a heightened duty to ensure that

10   Valeant made the proper disclosures.

11          Plaintiffs cite a lengthy list of selected

12   PCAOB standards and then a 2014 audit report which

13   contains a generic statement by PwC confirming

14   Valeant's compliance.

15          Plaintiffs' argument appears to be that,

16   considering what we now know, it is clear that PwC's

17   2014 audit report was false, misleading, and purposely

18   omitted material facts to cover up Valeant's illegal

19   activity.

20          Plaintiffs persist in the allegation that PwC

21   either consciously disregarded its duty to inquire

22   further into the Philidor relationship, thus failing to

23   conduct its audit in accordance with GAAP or GAAS, or

24   PwC did inquire further and still approved Valeant's

25   accounting, certified its internal controls, knowingly

1    violating the accounting rules.

2          Plaintiffs claim that if PwC had acted

3    properly, it would have been compelled to require

4    Valeant to disclose the arrangement with Philidor.

5    Instead, PwC rubberstamped the arrangement, abdicating

6    its responsibilities as an independent auditor, thereby

7    knowingly and substantially assisting Valeant to

8    perpetuate its fraudulent scheme.

9          To reveal PwC's stake in the scheme,

10   plaintiffs state that PwC was paid above market fees

11   for its services.  Specifically, in 2013, 2014, and

12   2015, PwC was paid audit fees of $13.4 million, $12.5

13   million, and $20.5 million, respectively.

14         Plaintiffs believe that these fees are

15   suspiciously high and represent drastic overpayments

16   and establish proof of participation by PwC in the

17   illegal enterprise.

18         In response, PwC states that plaintiffs'

19   assertion of overpayment is based on nothing more than

20   an average of auditing fees that are of no relevance to

21   the accounting work it performed for Valeant.

22         PwC states that it did the work and the fees

23   were appropriate based on the complexity of the work

24   performed.  Plaintiffs claim that the payment figures

25   are evidence of collusion and misguided and in reality

1    are conclusory allegations that are insufficient to

2    survive a motion to dismiss.

3           PwC stresses that, when taking into account

4    all of plaintiffs' allegations against it, plaintiffs

5    merely make the argument that PwC conducted the audit

6    negligently.  Negligence is not one of the predicate

7    acts that constitute racketeering activity under the

8    New Jersey RICO statute.  Nor does an outside

9    professional's alleged negligence show purposeful and

10   knowing participation in a racketeering enterprise.

11   See O'Brien v. Price Waterhouse, 740 F Supp. 276, 281-

12   284 (S.D.N.Y. 1990), dismissing a federal RICO claim

13   because the alleged failure of the auditor to

14   investigate the factual representations made to it by

15   the other defendants, at best, states a claim for

16   negligence.

17          PwC asserts that plaintiffs explicitly

18   predicate their New Jersey RICO claims against PwC on

19   the assertion that PwC failed to comply with

20   professional auditing standards.  These are negligence

21   claims which are tied together with the completely

22   unsupported claim that PwC was paid to not comply with

23   the standards.

24          With regard to the aiding and abetting fraud

25   claim, which is Count II, to establish common-law

1   fraud, the plaintiffs must prove:  one, a material

2   misrepresentation of a presently existing or past fact;

3   two, knowledge or belief by the defendant of falsity;

4   three, an intention that the other person relied on the

5   statement; four, reasonable reliance thereon by the

6   other person; and five, resulting damages.  Banco

7   Popular North America v. Gandhi, 184 N.J. 161, 173

8   (2005).

9       Fraud is never presumed but must be

10   established by clear and convincing evidence.  Weil v.

11   Express Container Corp., 360 N.J. Super. 599, 613 (App.

12   Div.)(2003).

13       For aiding and abetting allegations, New

14   Jersey courts have traditionally found that a person is

15   liable with another if he "knows that the other's

16   conduct constitutes a breach of duty and gives

17   substantial assistance or encouragement to the other so

18   to conduct himself".  Judson v. Peoples Bank and Trust

19   Co., 25 N.J. 17, 29 (1957), quoting Restatement 2d of

20   Torts, Section 876(b).

21       Simply put, plaintiff must -- plaintiffs must

22   establish that the defendant knew of the fraud and, at

23   the very least, knowingly encouraged it.

24       PwC points out that, similar to the

25   "purposeful and knowing participation" requirement

1    under the New Jersey RICO statute, plaintiffs have

2    failed to plead any facts that demonstrate PwC knew of

3    Valeant's illegal conduct, and there has never been any

4    evidence of assistance or encouragement from PwC for

5    Valeant to deceive the public and drive up the stock

6    price.

7            Allegations of mere errors, mistakes, or

8    other negligence are insufficient to sustain a cause of

9    action for aiding and abetting.  Miller v. P.G. Lewis &

10   Associates, unpublished, 2007 WL 316446 at * 6 (D.N.J.

11   Jan. 30, 2007).

12           Plaintiffs continue to argue that all of the

13   mistakes that PwC made that could have halted Valeant's

14   misdeeds and prevented damages -- damages subsequently

15   suffered by plaintiffs are present.  However, just as

16   always have been, the allegations essentially just give

17   a detailed account of the allegation that PwC did a

18   poor job auditing Valeant.  It is basically an audit of

19   the audit and it explains all the things PwC should

20   have done, with the benefit of twenty-twenty hindsight.

21   It reads as negligence or simply laziness and

22   unprofessionalism as opposed to participation in a

23   racketeering scheme.

24           The federal court dismissed claims against

25   PwC for aiding and abetting racketeering in the Lord

1    Abbett case and aiding and abetting fraud in the NYCERS

2    case.   And for the same reasons, this Court grants the

3    motion to dismiss the complaints against PwC.

4            Additionally, plaintiffs rely upon New Jersey

5    v. Qwest.   And I have to agree with defendants' counsel

6    here that the facts in Qwest are remarkably different

7    than the facts before the Court in this case.

8            In Qwest, the trial court had dismissed the

9    complaint against Arthur Andersen and allowed a amended

10   complaint to be filed.   The plaintiff filed an amended

11   complaint, including allegations against Arthur

12   Andersen, and the Court dismissed the amended

13   complaint.   And on appeal, the Appellate Division

14   reversed the dismissal.   And the appellate court did

15   agree that there needed to be a showing of specifics

16   and particularity with regard to the allegations of the

17   complaint.   But much different than what we have here,

18   there was, in the complaint, detailed demonstration of

19   Arthur Andersen's involvement -- substantial

20   involvement in the allegations of fraud.

21           And just, for example, it was alleged -- and

22   this is at page 476 of Qwest.   It was alleged:

23           "Advising Qwest of the manner to structure

24   the illicit swap transactions and related accounting

25   activities designed to fraudulently inflate Qwest's

1    revenues and, correspondingly, the corporate share

2    price for the period 1999 to 2002.

3              "Directing the actual implementation of the

4    financial reporting of the scheme, then submitting its

5    audit opinion for the company's fiscal year-end

6    financial statements for 1999, 2000, and 2001,

7    certifying the accuracy of the financial disclosures as

8    a 'neutral outside auditor'.

9              "Preparing a series of 'White Papers' for

10   Qwest's use itemizing a step-by-step plan for Qwest to

11   immediately recognize revenue from the illicit swap

12   transactions, notwithstanding accounting guidelines

13   mandating a contrary reporting method of that revenue

14   stream.

15             "Providing accounting audit opinions, along

16   with tax and audit advice, which were included in SEC

17   filings and proxy statements, knowing the opinions

18   failed to disclose the illicit swap transactions.

19             "Participating in Qwest's plan to manipulate

20   corporate revenue by sanctioning the public release of

21   the financial reports, which included the improper

22   increased earnings, and failing to ensure that Qwest's

23   public financial reports disclosed the sham

24   transactions.

25             "Communicating with Qwest's management,

1    including the board of directors, through emails, Excel

2    programs and other reports, which approved and assisted

3    Qwest's in-house accounting staff to structure the

4    fraudulent transactions.

5            "Certifying Qwest's Form 10-K for calendar

6    years 2000 and 2001 despite Andersen's knowledge that

7    the reports contained fraudulent financial data and

8    overstated revenues."

9            As stated during argument, the one reference

10   concerning scienter of PwC was nothing more than an

11   allegation of constructive knowledge on the part of PwC

12   and that the complaint read that PwC should have known.

13   And that certainly is not sufficient for fraud or RICO.

14           In addition, when the Court asked plaintiffs'

15   counsel for specific references with regard to specific

16   allegations concerning PwC, the one reference that was

17   given was paragraph 435 of the complaint, which dealt

18   with a report that was generated by -- or memorandum

19   that was generated by PwC almost two years before the

20   December sale or purchase of Philidor.  And the other

21   paragraphs that were cited by plaintiffs did not

22   specifically reference PwC at all.

23           So I do find, for those reasons, that there

24   is a substantial difference between the facts that were

25   before the Court in New Jersey v. Qwest, and the facts

1     that are before the Court in this case, so I am going

2     to grant defendants' motion to dismiss the counts

3     against it.

4              Thank you, gentlemen.  Have a good day now.

5              IN UNISON:  Thank you.

6          (Proceedings concluded at 5:56 p.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

75

1                              CERTIFICATION

2       I, Dena Page, the assigned transcriber, do hereby
        certify the foregoing transcript of proceedings is
3       prepared in full compliance with the current Transcript
        Format for Judicial Proceedings and is a true and
4       accurate non-compressed transcript of the proceedings
        as recorded.

5

6

7

8

9

10      _____

11      DENA PAGE                    AAERT CET-D 629

12      ESCRIBERS, LLC

13
        Date:   June 21, 2019
14

15

16

17

18

19

20

21

22

23

24

25

A. Ross Pearlson, Esq. (NJ ID #041851994)
Melissa F. Wernick, Esq. (NJ ID #033642010)
CHIESA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ  07052
Tel:  (973) 325-1500
Fax:  (973) 325-1501

James J. Capra, Jr., Esq. (*pro hac vice* filed)
James P. Cusick, Esq. (*pro hac vice* filed)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: (212) 556-2100
Fax: (212) 556-2222

Kenneth Y. Turnbull, Esq. (*pro hac vice* filed)
1700 Pennsylvania Avenue, NW
Washington, DC 20006
Tel:  (202) 737-0500
Fax:  (202) 626-3737

*Attorneys for Defendant*
*PricewaterhouseCoopers LLP*

| | |
|---|---|
| HOUND PARTNERS OFFSHORE FUND, LP, HOUND PARTNERS LONG MASTER, LP, and HOUND PARTNERS CONCENTRATED MASTER, LP,<br><br>        Plaintiffs,<br><br>vs.<br><br>VALEANT PHARMACEUTICALS INTERNATIONAL, INC. (n/k/a BAUSCH HEALTH COMPANIES, INC.), J. MICHAEL PEARSON, HOWARD B. SCHILLER, ROBERT L. ROSIELLO, DEBORAH JORN, ARI S. KELLEN, TANYA CARRO, and PRICEWATERHOUSECOOPERS LLP,<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION MERCER COUNTY DOCKET NO. MER-L-2185-18<br><br>**ORDER DISMISSING PLAINTIFFS' COMPLAINT PURSUANT TO** *R*. **4:6-2(e) AND** *R*. **4:5-8(a)** |

This matter having been opened to the court by Chiesa Shahinian & Giantomasi PC,

together with King & Spalding LLP, counsel defendant PricewaterhouseCoopers LLP ("PwC"),

for the entry of an Order granting PwC's Motion to Dismiss plaintiffs' Complaint pursuant to

*R.* 4:6-2(e) and *R.* 4:5-8(a) with prejudice, and for such other and further relief the Court deems

just and proper, and the Court having considered said application, and the arguments of

counsel, if any; and for other and good cause having been shown;
 and for the reasons placed upon the record;

      **IT IS** on this 24th of _____June_____ , 2019,

      **ORDERED** that PwC's motion is hereby granted in its entirety; and it is

      **FURTHER ORDERED** that plaintiffs' Complaint is dismissed as against PwC ~~XXXX~~ without

prejudice; and it is

      **IT IS FURTHER ORDERED** that PwC shall serve a copy of this Order upon all

counsel of record within seven (7) days of receipt of this Order.

_____
Hon. Paul Innes, P.J. Ch.

Motion Unopposed _____
Motion Opposed  XXX_____