# EXHIBIT 6

SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
DAVID R. BUCHANAN
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
   & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | )<br>)<br>) | Master No. 3:15-cv-07658-MAS-LHG<br><br>CLASS ACTION |
| This Document Relates To:<br><br>SECURITIES CLASS ACTION. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge Michael A. Shipp<br>Magistrate Judge Lois H. Goodman<br><br>Special Master Dennis M. Cavanaugh, U.S.D.J. (ret.)<br><br>REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................1

II.   ARGUMENT.........................................................................3

    A.    The Amendment Should Be Permitted Under Rule 15(a)(2)...............3

    B.    Rule 16's "Good Cause" Standard Does Not Apply...........................5

    C.    Even if Rule 16 Applied, Plaintiff Has Good Cause...........................7

    D.    The PSLRA Does Not Bar or Limit Amendments Based on Discovery.........................................................................11

    E.    PwC Concedes the Amendment Is Not Futile ....................................14

III.  CONCLUSION......................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Assadourian v. Harb*,
    430 F. App'x 79 (3d Cir. 2011) ..........................................................................11

*Belizan v. Hershon*,
    434 F.3d 579 (D.C. Cir. 2006) ..........................................................................13

*Dow Corning Corp. v. BB & T Corp.*,
    No. CIV. 09-5637 FSH PS,
    2010 WL 4860354 (D.N.J. Nov. 23, 2010) .......................................................12

*Graham v. Progressive Direct Ins. Co.*,
    271 F.R.D. 112 (W.D. Pa. 2010) ..........................................................................7

*Grasso v. Consol. Rail Corp.*,
    No. CIV.A. 12-398 KM, 2013 WL 3167761 (D.N.J. June 20, 2013) ...............10

*High 5 Games, LLC v. Marks*,
    No. CV 13-7161 (JMV), 2017 WL 349375 (D.N.J. Jan. 24, 2017) ..........5, 6, 10

*High 5 Games, LLC v. Marks*,
    No. CV 13-7161 (JMV), 2018 WL 2134038 (D.N.J. May 9, 2018) ...............2, 3

*In re Bristol-Myers Squibb Sec. Litig.*,
    228 F.R.D. 221 (D.N.J. 2005)........................................................................4, 14

*In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*,
    No. MDL 2415, 2015 WL 5770202 (D.N.J. Sept. 30, 2015) ..........................6, 7

*In re NAHC, Inc. Sec. Litig.*,
    306 F.3d 1314 (3d Cir. 2002) .......................................................................4, 13

*Lasermaster Int'l Inc. v. Netherlands Ins. Co.*,
    No. CV 15-7614 (CCC),
    2018 WL 6191901 (D.N.J. Nov. 28, 2018) ...................................................7, 10

**Page**

*Lord Abbett Inv. Tr.-Lord Abbett Short Duration Income Fund v.*
*Valeant Pharm. Int'l, Inc.*,
No. 17-cv-76375-MAS-LHG,
2018 WL 3637514 (D.N.J. July 31, 2018) ..........................................................8

*Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*,
576 F.3d 172 (4th Cir. 2009) .................................................................12

*Rooney v. EZCORP, Inc.*,
No. A-15-CA-00608-SS,
2018 WL 3596054 (W.D. Tex. July 26, 2018)..............................................9, 12

*Schwartz v. Avis Rent A Car Sys., LLC*,
No. CIV.A. 11-4052 JLL,
2013 WL 2182078 (D.N.J. May 20, 2013)...........................................................7

*Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*,
No. 1:12-CV-00993, 2020 WL 758834 (M.D. Pa. Feb. 14, 2020)....................11

*Smith v. Honeywell Int'l, Inc.*,
No. 10-CV-03345-ES-JAD,
2014 WL 301031 (D.N.J. Jan. 27, 2014)....................................................3, 6, 10

*Sportscare of Am., P.C. v. Multiplan, Inc.*,
No. CIV.A. 2:10-4414, 2011 WL 589955 (D.N.J. Feb. 10, 2011)....................14

*Stallings ex rel. Estate of Stallings v. IBM Corp.*,
No. CIV. 08-3121(RBK/JS),
2009 WL 2905471 (D.N.J. Sept. 8, 2009)..........................................................10

*Werner v. Werner*,
267 F.3d 288 (3d Cir. 2001) ...................................................................12, 14

*Winer Family Trust v. Queen*,
503 F.3d 319 (3d Cir. 2007) .............................................................................12

**Page**

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 15 ......................................................................................................*passim*
    Rule 16 ......................................................................................................*passim*

Plaintiff City of Tucson together with and on behalf of the Tucson Supplemental Retirement System ("Plaintiff") respectfully submits this reply brief in support of its Motion for Leave to Amend Complaint ("Motion").

## I.   INTRODUCTION

Even though written and document discovery are not complete, no depositions have occurred, and fact discovery will not close until next year, Defendant PricewaterhouseCoopers LLP ("PwC") claims Plaintiff waited too long to amend the complaint. PwC's opposition ("Opp.") boils down to an argument that amendments should never be allowed. But discovery frequently results in the uncovering of additional claims and that is why the rules permit amendment. Since PwC cannot claim that depositions will need to be re-taken or expert reports will need to be amended, it has no basis to claim it will suffer any prejudice in defending the claim, much less that it would suffer "undue" prejudice.

Instead, PwC makes three meritless arguments. First, PwC argues that Federal Rule of Civil Procedure ("Rule") 16 applies to this Motion, but Rule 16 governs modifications of pretrial scheduling orders and the only scheduling order entered in this case had no deadline for amendment. PwC bases its argument on a proposed schedule but that proposal only had a deadline for amending by agreement of the parties *without* leave of Court. Since the present Motion is not seeking to

amend by consent nor modify the pretrial schedule, Rule 15(a)(2) applies and amendment should be "freely" granted.

Second, even if Rule 16 did apply, PwC is wrong to suggest there is no "good cause" to amend. That standard is easily met because the claim has merit, Plaintiff diligently sought amendment early in the litigation, and PwC will not be unduly prejudiced in defending the claim. Here, unlike the cases relied on by PwC, Plaintiff did not wait until the close of discovery to amend.

Third, PwC inaccurately suggests that the Private Securities Litigation Reform Act of 1995 ("PSLRA") bars Plaintiff from using discovery to amend the complaint. But PwC acknowledges there is no such prohibition in the statute. Rather, PwC argues that doing so is contrary to the policy behind the PSLRA. However, the PSLRA only bars discovery prior to a ruling on a motion to dismiss in order to spare defendants the costs of discovery in non-meritorious cases. It does not immunize defendants from liability for claims added based on discovery in cases that survive a motion to dismiss, and the overwhelming majority of courts have rejected PwC's policy argument. In short, the amendment is timely, PwC will suffer no undue prejudice in defending the §10(b) claim, and the Motion should be granted.

## II.   ARGUMENT

### A.   The Amendment Should Be Permitted Under Rule 15(a)(2)

Under Rule 15(a)(2), leave to amend should be "freely granted unless there is undue delay or prejudice, bad faith or dilatory motive, failure to cure deficiencies through previous amendment, or futility." *High 5 Games, LLC v. Marks*, No. CV 13-7161 (JMV), 2018 WL 2134038, at *3 (D.N.J. May 9, 2018) ("*Marks II*").  Here, PwC only argues that the amendment was "unreasonably delayed," it does not argue prejudice, bad faith, dilatory motive, failure to cure deficiencies, or futility. *See* Opp. at 11.  But, "[d]elay alone . . . is an insufficient ground to deny an amendment, unless the delay unduly prejudices the non-moving party."  Plaintiff's Brief ("Br.") at 11 (quoting *Marks II*, 2018 WL 2134038, at *3).  By failing to show undue prejudice, PwC's delay argument fails.

Moreover, the amendment was timely, not unreasonably delayed to gain a tactical advantage, and not brought at a time that would prejudice PwC's ability to defend the new claim. *See* Br. at 11-12; *infra* §II.C.  There is substantial factual overlap between the existing §11 claim and the new §10(b) claim as both are based on the same false and misleading statements that caused investors harm, with the §10(b) claim adding allegations supporting the additional element of scienter. *See* Br., Ex. A, ¶¶561-648.  The amendment is timely and PwC will not be prejudiced because depositions have not begun, fact discovery does not end until February

3

2021, expert reports are not due until March 2021, dispositive motions will not be fully briefed until late 2021, and a trial date has not been set.  Far from being too late, it is an early and ideal time to amend.  *See, e.g.*, *Smith v. Honeywell Int'l, Inc.*, No. 10-CV-03345-ES-JAD, 2014 WL 301031, at *8 (D.N.J. Jan. 27, 2014) (granting leave to amend because "courts have not found unfair prejudice when a party moves to amend while discovery is still open"); *see also* Br. at 9-11 (citing additional cases).

Against the many cases "freely" granting leave to amend in these circumstances, PwC relies on distinguishable cases where the amendment was sought on the eve of trial or would have been futile.  *See, e.g.*, Opp. at 11 (citing *In re NAHC, Inc. Sec. Litig.,* 306 F.3d 1314, 1332 (3d Cir. 2002) (affirming denial of amendment because claims were barred by the statute of limitations, amendment would be futile, and plaintiffs did not "specify what additional facts, if any, they would plead if given another opportunity"); *In re Bristol-Myers Squibb Sec. Litig.*, 228 F.R.D. 221, 228-29 (D.N.J. 2005) (finding undue prejudice and denying motion to amend filed on the eve of trial, nearly a year after the close of fact discovery, and after more than 40 fact depositions had been taken)).  Unlike those cases, Plaintiff attached the amended complaint to its motion to demonstrate the amendment would not be futile and moved to amend before depositions had been taken.

### B.   Rule 16's "Good Cause" Standard Does Not Apply

PwC incorrectly argues that Plaintiff must also satisfy Rule 16's "good cause" standard.  Opp. at 7-8.  But Rule 16 only applies to modifications of scheduling orders and states they "may be modified only for good cause."  Rule 16(b)(4).

Here, Rule 16 does not apply because the only scheduling order that had been entered in this case has no deadline for amending the pleadings so no modification is being sought.  *See* ECF No. 492.  PwC does not contest this, but incorrectly assumes that Rule 16 applies to a proposed schedule that was never entered (Opp. at 4, 8), which it does not.  *See High 5 Games, LLC v. Marks*, No. CV 13-7161 (JMV), 2017 WL 349375, at *3 (D.N.J. Jan. 24, 2017) ("*Marks I*") (granting leave to amend and noting that amendment deadline jointly proposed but never entered by court was not a Rule 16 deadline).

Moreover, Rule 16 would not apply to the proposed schedule because Plaintiff is not seeking to modify it.  PwC misstates the language of the proposed schedule by claiming that "[t]he parties agreed that September 21, 2018 was the last day for pleading amendments."  Opp. at 8.  That is not true.  The proposed schedule set a September 21, 2018 "[d]eadline to amend pleadings and/or join additional parties *without leave of Court*."  Opp., Exs. 3, 4 (emphasis added).  While the proposed deadline for amending by agreement has passed, the present Motion seeks to amend *with* leave of Court so no modification of the deadline for amending "*without leave*

of Court" is required.  The proposed schedule simply followed the Rules, which make clear that parties may agree on amendments without the need to seek court approval.  *See* Rule 15(a)(2) (permitting amendment "with the opposing party's written consent *or* the court's leave").  PwC's strained interpretation of the proposed schedule gives no meaning to the words "without leave of Court" and also makes no sense because the "final" amendment date would be too early in discovery to allow for any meaningful amendment.  *See, e.g.*, *Marks I*, 2017 WL 349375, at *3 (stating that "it has always been the Court's contemplation that, as in nearly every case, the deadline for the amendment of pleadings should be near the close of fact discovery"); *In re L'Oreal Wrinkle Cream Mktg. Practices Litig.*, No. MDL 2415, 2015 WL 5770202, at *3 (D.N.J. Sept. 30, 2015) (stating that "it makes zero sense to hold Plaintiffs to an amendment deadline of December 2014, when discovery may now remain open well into 2016").[1]  Thus, Rule 16 does not apply.

To be clear, in some cases, if a scheduling order "sets no amendment deadline, courts have looked to when discovery closes to determine whether the motion to amend is untimely under Rule 16."  *Honeywell*, 2014 WL 301031, at *5.  But courts

---

[1]  Equally unpersuasive is PwC's argument that Plaintiffs "acknowledged" September 21, 2018 as "the last day for pleading amendments" by filing the first amended complaint one day earlier.  Opp. at 8.  Rather, Plaintiff merely amended *without* seeking leave at that time just as they are now seeking to amend *with* leave, consistent with the proposed schedule.  *See* ECF Nos. 352, 366.

will only apply the Rule 16 "good cause" standard in cases with no explicit deadline where the amendment is sought near the end or after the close of discovery. *See id.* (finding motion to amend filed six months prior to close of discovery was "timely filed" and need not show "good cause"). Here, the motion to amend was filed over a year prior to the close of discovery so it is timely and not subject to Rule 16's "good cause" standard. *See Marks I*, 2017 WL 349375, at *2 (granting leave to amend and holding Rule 16 did not apply to amendment filed three months before close of discovery); *L'Oreal*, 2015 WL 5770202, at *3 (same, for amendment filed a year before close of discovery).[2]

### C.     Even if Rule 16 Applied, Plaintiff Has Good Cause

Even if Rule 16's "good cause" standard applied, it is easily met in this case. Under Rule 16, a party establishes good cause by "demonstrat[ing] diligence." *Schwartz v. Avis Rent A Car Sys., LLC*, No. CIV.A. 11-4052 JLL, 2013 WL 2182078, at *3 (D.N.J. May 20, 2013) (granting leave to amend). What constitutes good cause "necessarily varies with the circumstances of each case" and the Court

---

[2]   PwC relies on distinguishable cases that involve amendments sought near or after the close of discovery that would prejudice the defendant. *See, e.g.*, *Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, No. CV 15-7614 (CCC), 2018 WL 6191901, at *1, *4 (D.N.J. Nov. 28, 2018) (holding that Rule 16's "good cause" standard applied to amendment filed two years after the deadline for "*any* motion to amend" and two months before discovery cutoff); *Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 114 (W.D. Pa. 2010) (denying motion to amend after the close of discovery where the amendment would convert an individual action into a class action).

"therefore has 'great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement. . . .'" *Id.*

Plaintiff diligently analyzed millions of pages of documents produced by PwC, other defendants, and over 150 third parties, on a rolling basis, and then informed PwC of the specific basis for the amendment in July 2019.  At that time, Plaintiff and PwC entered into a tolling agreement.  On December 17, 2019, Plaintiff filed the present Motion seeking leave to amend, which was one day after the tolling agreement expired, prior to deposition and expert discovery, more than a year before the end of fact discovery, more than two years before trial, and even before completion of document and written discovery.

PwC's argument that Plaintiff should have sought to amend sooner is baseless.  PwC alone produced over 660,000 pages of documents in this action from July 2017 through November 2019.[3]  Plaintiff carefully analyzed the documents, while also consulting with experts and conducting legal research and analysis regarding a potential §10(b) claim against PwC.  Contrary to PwC's claim, Plaintiff was not required to base the amendment solely on the auditor workpapers produced in 2017.

---

[3]  *See* Declaration of Christopher A. Seeger In Support of Reply, Exs. 1-9. Specifically, PwC produced documents in July 2017 (over 70,000 pages), August 2017 (over 81,000 pages), October 2017 (over 111,000 pages), December 2017 (over 132,000 pages), January 2018 (over 31,000 pages), June 2018 (over 120,000 pages), August 2018 (over 71,000 pages), and November 2019 (over 41,000 pages).

Rather, Plaintiff was also entitled to review PwC's emails and did rely on them as support or corroboration for the allegations[4] including, for example, several produced in August 2018. Emails and technical workpapers take longer to analyze and all of the documents needed to be considered in light of Judge Shipp's order dismissing the §10(b) claims brought by opt-outs without the benefit of discovery. *See Lord Abbett Inv. Tr.-Lord Abbett Short Duration Income Fund v. Valeant Pharm. Int'l, Inc.*, No. 17-cv-76375-MAS-LHG, 2018 WL 3637514, at *1 (D.N.J. July 31, 2018). Having won that motion to dismiss, PwC cannot credibly suggest Plaintiff should have followed the same path to dismissal by amending prior to obtaining the documents necessary to allege what the opt outs could not: scienter. *See Rooney v. EZCORP, Inc.*, No. A-15-CA-00608-SS, 2018 WL 3596054, at *3-4 (W.D. Tex. July 26, 2018) (granting leave to amend and noting that plaintiff's decision to review discovery "[r]ather than submit an amended complaint based on incomplete information" ultimately "reduced the likelihood he might need to file yet another motion for leave to amend in order to incorporate information uncovered in the later document production" and was "a reasonable effort to avoid submitting duplicative and unnecessary filings").

---

[4]   *See, e.g.*, Br., Ex. A, ¶¶574, 577, 579, 586, 588, 593, 605, 611, 614, 621.

Far from delay, Plaintiff promptly sought to amend before completion of all document and written discovery and before the start of depositions and expert discovery.  Approximately one month after PwC's August 2018 production of emails and Judge Shipp's July 31, 2018 dismissal of the opt-out claim, another discovery stay went into effect from September 2018 through June 30, 2019.  Br. at 5-6. Shortly after that stay expired, Plaintiff specified the basis for the amendment to add the §10(b) claim and the parties agreed to a tolling agreement that lasted from July 19, 2019 to December 16, 2019.  Incredibly, PwC argues that the entire stay, and even the time under which they agreed to toll the claim, constituted "unreasonable delay."  *See* Opp. at 10-11.  On this record, it is clear that Plaintiff acted diligently, PwC will not be prejudiced, and there is good cause for the amendment.  *See, e.g.*, *Marks I*, 2017 WL 349375, at *3 & n.4 (granting leave to amend under Rule 16 sought three months before discovery cutoff); *Smith*, 2014 WL 301031, at *5 (same, where sought six months before discovery cutoff); *Grasso v. Consol. Rail Corp.*, No. CIV.A. 12-398 KM, 2013 WL 3167761, at *5-6 (D.N.J. June 20, 2013) (same, where sought four days before discovery cutoff and based on new evidence).[5]

---

[5]   Despite several stays and partial stays of discovery, Plaintiffs have been diligently litigating the case, against not just PwC but more than 20 other defendants, including drafting the first amended complaint to add insider trading claims against several new defendants, briefing motions to dismiss, briefing a motion for interlocutory appeal, meeting and conferring on various discovery disputes, briefing discovery motions, and engaging in settlement negotiations.  *See, e.g.*, ECF Nos. 279, 323, 335, 352, 386, 416, 493, 510.  Reflecting the diligence and exhausting

PwC failed to cite any case denying leave to amend under Rule 16 in similar circumstances and instead relies on cases where amendment was sought at a late and prejudicial stage of the litigation.  *See* Opp. at 9-10 (citing, *e.g.*, *Lasermaster*, 2018 WL 1891474, at *4 (D.N.J. Apr. 20, 2018) (finding no good cause where amendment sought two months[6] before discovery cutoff); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. CIV. 08-3121(RBK/JS), 2009 WL 2905471, at *16-17 (D.N.J. Sept. 8, 2009) (finding no good cause where amendment sought after the defendants "tipped their hand with dispositive motions that dispatched Plaintiffs' existing claims" and amendment would "most assuredly require re-opening of discovery"); *Assadourian v. Harb*, 430 F. App'x 79, 81 (3d Cir. 2011) (affirming denial of leave to amend where plaintiff tried to "inject a new theory into the case" weeks[7] after close of discovery).  Thus, Rule 16's "good cause" standard is met here.

## D.    The PSLRA Does Not Bar or Limit Amendments Based on Discovery

PwC appropriately relegated to third place in its brief its argument that amendments relying on discovery are barred or at least constrained by the "policies"

---

efforts to date, Plaintiffs settled this action as to all defendants except PwC for $1.21 billion – the ninth largest securities class action settlement in history.

[6]    *See* Letter Order, *Lasermaster*, No. 15-7614 (CCC) (D.N.J. Apr. 27, 2018), ECF No. 51 (setting fact discovery deadline).

[7]    *See* Order, *Assadourian*, No. 06-CIV-0896 (JAG) (MCA) (D.N.J. Nov. 8, 2007), ECF No. 61 (setting discovery cutoff date).

of the PSLRA.  Opp. at 11-12.  Courts have repeatedly rejected that argument and acknowledged that the text of the PSLRA does not prohibit using discovery to amend.  *See, e.g.*, *Se. Pa. Transp. Auth. v. Orrstown Fin. Servs., Inc.*, No. 1:12-CV-00993, 2020 WL 758834, at *19 (M.D. Pa. Feb. 14, 2020) (citing cases from various circuits and holding "the PSLRA discovery stay, explicitly directed at limiting the availability of discovery prior to a court sustaining the sufficiency of a complaint, does not bar the use of subsequently discovered evidence in support of a motion for leave to amend").

Notably, in *Werner v. Werner*, 267 F.3d 288 (3d Cir. 2001), the Third Circuit vacated a dismissal with prejudice to permit the plaintiff to amend based on new evidence uncovered in a related state court action.  *Id.*  The Third Circuit remanded with instructions to permit amendment, reasoning that "[w]*e will not add to the strict discovery restrictions* in the [PSLRA] by narrowly construing Rule 15 in this case, even at this late stage in the litigation" because "[g]iven the high burdens the PSLRA placed on plaintiffs, justice and fairness require that the plaintiffs before us be allowed an opportunity to amend their complaint to include allegations relating to the newly discovered [evidence]." *Id.* at 297, 300 (emphasis added).  Later, the Third Circuit again recognized, albeit in *dicta*, that the PSLRA does not preclude amendments based on discovery.  *See Winer Family Trust v. Queen*, 503 F.3d 319, 337 (3d Cir. 2007) (explaining that "[i]f a private securities case proceeds past the

12

pleadings stage against a corporation and discovery reveals individual culpability, a plaintiff may seek permission to amend the complaint to assert claims against individual defendants").[8]

Against the overwhelming authority in favor of allowing amendment based on discovery, PwC relies on three out-of-circuit cases (two from the same judge) and *dicta* from the Third Circuit that is taken out of context.  The out-of-circuit cases are not only in the minority, but are also distinguishable because they involved attempts to revive dismissed claims rather than assert a new claim.  *See* Opp. at 13-14.  But refusing unlimited bites at the apple on dismissed claims is not the same as barring one bite at the apple by using discovery to add a claim in the first instance.

In addition, PwC cannot rely on *dicta* from the Third Circuit that is taken out of context to argue that even if the PSLRA does not bar amendments based on

---

[8]  *See also Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (stating "[n]othing in the PSLRA affects the standards governing either the pre- or post-judgment amendment of pleadings"); *Dow Corning Corp. v. BB & T Corp.*, No. CIV. 09-5637 FSH PS, 2010 WL 4860354, at *9 n.5 (D.N.J. Nov. 23, 2010) (granting dismissal of securities fraud claim against one defendant but noting "[i]f discovery subsequently reveals a factual basis to re-join [the defendant], plaintiffs may seek leave to amend their complaint at that time . . ."); *Rooney*, 2018 WL 3596054, at *3 (granting leave to amend based on facts learned in discovery because the PSLRA does not "preclude parties from using legitimately obtained discovery to refine their case"); *Belizan v. Hershon*, 434 F.3d 579, 583-84 (D.C. Cir. 2006) (observing that "had the Congress wished to make dismissal with prejudice the norm, and to that extent supercede the ordinary application of Rule 15(a), we would expect the text of the PSLRA so to provide").

13

discovery it somehow "limits" them.  Opp. at 11.  In *NAHC*, 306 F.3d 1314*,* the Third Circuit was not addressing an amendment based on discovery obtained after the denial of a motion to dismiss.  Instead, the district court had dismissed the entire case with prejudice because amendment would have been futile, the claims were barred by the statute of limitations, and the plaintiff did not identify any facts that could cure the deficiencies.  *See id.* at 1332-33.  The Third Circuit affirmed under an abuse of discretion standard and, in doing so, quoted the district court's *dicta* that endless chances to replead would contravene the PSLRA policy of minimizing the burden of non-meritorious case.  *Id.*  The Third Circuit did not even comment on, much less hold, that permitting amendment based on discovery obtained after denial of a motion to dismiss would contravene the policy underlying the PSLRA.  *Id.*[9]

### E.    PwC Concedes the Amendment Is Not Futile

In its opening brief, Plaintiff asserted that the proposed amendment was more than sufficient to survive a motion to dismiss or even summary judgment and could therefore not be deemed "clearly futile" under Rule 15.  Br. at 13-17.  In response, PwC does not argue that the amendment would be futile.  Opp. at 14-19.  PwC's

---

[9]    PwC's reliance on *Bristol-Myers Squibb*, 228 F.R.D. 221, is also misplaced because the court held that amendment would be unduly prejudicial when it would require reopening discovery and delaying the trial because it was sought nearly a year after the close of discovery.  *Id.* at 228-29.  The court's subsequent *dicta* about the policy underlying the PSLRA was irrelevant to its holding and did not overrule *Werner* nor persuasively rebut the majority view on amending in PSLRA cases.

failure to argue futility means the argument has been waived.  *See supra* §II.A; *Sportscare of Am., P.C. v. Multiplan, Inc.*, No. CIV.A. 2:10-4414, 2011 WL 589955, at *1 (D.N.J. Feb. 10, 2011).

While not arguing futility, PwC "briefly responds" to foreshadow the arguments it will make on a motion to dismiss.  *See* Opp. at 15.  No reply is necessary, but Plaintiff notes that PwC is merely repeating arguments that it prevailed on in moving to dismiss the §10(b) claim asserted by opt-outs prior to discovery.  *Id.* at 14-19.  In doing so, PwC ignores that the proposed amendment is based on detailed allegations from PwC's internal workpapers and emails that show it knew the same facts when it signed its "clean" audit report on Valeant's financial statements in 2015 as it did when it later withdrew that audit report in 2016 and said Valeant's financial statements needed to be restated.  *See* Br., Ex. A, ¶¶561-648. Since the opt-out complaints were devoid of any such specifics, those dismissal opinions are irrelevant to the proposed amended complaint.

## III.   CONCLUSION

For the reasons above and in Plaintiff's Brief, the Motion should be granted.

DATED:  March 19, 2020          SEEGER WEISS LLP
                                CHRISTOPHER A. SEEGER
                                DAVID R. BUCHANAN


                                        */s/ Christopher A. Seeger*
                                CHRISTOPHER A. SEEGER

55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)
cseeger@seegerweiss.com
dbuchanan@seegerweiss.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DARREN J. ROBBINS
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
BRIAN E. COCHRAN
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
ROBERT J. ROBBINS
KATHLEEN B. DOUGLAS
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

Lead Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail on all counsel listed on the attached service list on this 19th day of March, 2020:


_/s/ Christopher A. Seeger_
CHRISTOPHER A. SEEGER

Service List
*In re Valeant Pharmaceuticals International, Inc. Securities Litigation*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.)

| | | |
|---|---|---|
| Darren J. Robbins<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br><br>James E. Barz<br>Brian E. Cochran<br>Frank A. Richter<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>200 South Wacker Drive,<br>31st Floor<br>Chicago, IL  60606<br>Telephone: 312/674-4674<br>312/674-4676 (fax)<br><br>Jack Reise<br>Robert J. Robbins<br>Kathleen B. Douglas<br>ROBBINS GELLER<br>  RUDMAN & DOWD LLP<br>120 East Palmetto Park Road,<br>Suite 500<br>Boca Raton, FL  33432<br>Telephone: 561/750-3000<br>561/750-3364 (fax) | *Lead Counsel for Plaintiffs* | Valeant@rgrdlaw.com |
| Christopher A. Seeger<br>David R. Buchanan<br>Jennifer Scullion<br>SEEGER WEISS LLP<br>55 Challenger Road, 6th Floor<br>Ridgefield Park, NJ  07660<br>Telephone: 973/639-9100<br>973/639-9393 (fax) | *Local Counsel for Plaintiffs* | cseeger@seegerweiss.com<br>dbuchanan@seegerweiss.com<br>jscullion@seegerweiss.com |

| | | |
|---|---|---|
| Richard Hernandez<br>Omar Bareentto<br>McCARTER & ENGLISH,<br>    LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102<br>Telephone: 973/622-4444<br>973/297-6615 (fax)<br><br>Paul C. Curnin<br>Jonathan K. Youngwood<br>Craig S. Waldman<br>Daniel J. Stujenske<br>Dean McGee<br>Kavitha S. Sivashanker<br>SIMPSON THACHER &<br>    BARTLETT LLP<br>425 Lexington Avenue<br>New York, NY  10017<br>Telephone: 212/455-2641<br>212/455-2502 (fax) | *Attorneys for Valeant<br>Pharmaceuticals<br>International, Inc., Robert<br>L. Rosiello, Ari S. Kellen,<br>Ronald H. Farmer,<br>Colleen Goggins, Robert<br>A. Ingram, Theo Melas-<br>Kyriazi, Robert N. Power,<br>Norma Provencio,<br>Katherine B. Stevenson<br>and Jeffrey Ubben* | List-Defendants-<br>Valeant@lists.stblaw.com |

| | | |
|---|---|---|
| James J. Capra, Jr.<br>Evan Claire Ennis<br>Christina M. Conroy<br>James P. Cusick<br>KING & SPALDING LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>Telephone: 212/556-2100<br>212/556-2222 (fax)<br><br>Kenneth Y. Turnbull<br>KING & SPALDING LLP<br>1700 Pennsylvania Avenue,<br>NW<br>Washington, DC  20006-4707<br>Telephone: 202/737-0500<br>202/626-3737 (fax)<br><br>A. Ross Pearlson<br>Ilana Levin<br>CHIESA SHAHINIAN &<br>  GIANTOMASI PC<br>One Boland Drive<br>West Orange, NJ  07052<br>Telephone: 973/325-1500<br>973/325-1501 (fax) | *Attorneys for Defendant*<br>*PricewaterhouseCoopers*<br>*LLP* | jcapra@kslaw.com<br>eennis@kslaw.com<br>kturnbull@kslaw.com<br>cconroy@kslaw.com<br>jcusick@kslaw.com<br>adepalma@kslaw.com<br>jcmccullough@kslaw.com<br>shosein@kslaw.com<br><br><br><br><br><br>rpearlson@csglaw.com<br>ilevin@csglaw.com |

| | | |
|---|---|---|
| Bruce E. Yannett<br>Matthew J. Petrozziello<br>DEBEVOISE & PLIMPTON<br>  LLP<br>919 Third Avenue<br>New York, NY  10022<br>Telephone: 212/909-6000<br>212/909-6836 (fax)<br><br>Jonathan R. Tuttle<br>Ada Fernandez Johnson<br>Anna Moody<br>Mark D. Flinn<br>Meredith E. Stewart<br>DEBEVOISE & PLIMPTON<br>  LLP<br>801 Pennsylvania Avenue<br>N.W.<br>Washington, D.C.  20004<br>Telephone: 202/383-8000<br>202/383-8118 (fax) | *Attorneys for Defendant J.*<br>*Michael Pearson* | beyannett@debevoise.com<br>mjpetrozziello@debevoise.com<br>afjohnson@debevoise.com<br>jrtuttle@debevoise.com<br>amoody@debevoise.com<br>mflinn@debevoise.com<br>mestewart@debevoise.com |
| Richard A. Rosen<br>Maxwell Kosman<br>William E. Freeland<br>PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON<br>  LLP<br>1285 Avenue of the Americas<br>New York, NY  10019-6064<br>Telephone: 212/373-3000<br>212/492-0305 (fax)<br><br>Mark A. Berman<br>Robin D. Fineman<br>Jeremy B. Stein<br>HARTMANN DOHERTY<br>  ROSA BERMAN &<br>  BULBULIA, LLC<br>65 Route 4 East<br>River Edge, New Jersey 07661<br>Telephone: 201/441-9056<br>201/441-9435 (fax) | *Attorneys for the Bank*<br>*Offering Defendants* | rrosen@paulweiss.com<br>mkosman@paulweiss.com<br>wfreeland@paulweiss.com<br><br><br><br><br><br>mberman@hdrbb.com<br>rfineman@hdrbb.com<br>jstein@hdrbb.com |

| | | |
|---|---|---|
| Barry A. Bohrer<br>Robert E. Griffin<br>SCHULTE ROTH & ZABEL<br>    LLP<br>919 Third Avenue<br>New York, NY  10022<br>Telephone: 212/756-2000<br>212/593-5955 (fax) | *Attorneys for Defendant*<br>*Deborah Jorn* | barry.bohrer@srz.com<br>robert.griffin@srz.com |
| Benjamin Sokoly<br>WINSTON & STRAWN LLP<br>200 Park Avenue<br>New York, NY  10166<br>Telephone: 212/294-6700<br>212/294-4700 (fax)<br><br>Robert Y. Sperling<br>Joseph L. Motto<br>Katherine Hundt<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, IL  60601<br>Telephone: 312/558-5600<br>312/558-5700 (fax) | *Attorneys for Defendant*<br>*Howard B. Schiller* | bsokoly@winston.com<br>jmotto@winston.com<br>rsperling@winston.com<br>khundt@winston.com |
| William J. Schwartz<br>Lauren Gerber Lee<br>Kaitland Kennelly<br>Sarah Lightdale<br>COOLEY LLP<br>1114 Avenue of the Americas<br>New York, NY  10036<br>Telephone: 212/479-6000<br>212/479-6275 (fax)<br><br>Richard Hernandez<br>Omar Bareentto<br>McCARTER & ENGLISH,<br>    LLP<br>Four Gateway Center<br>100 Mulberry Street<br>Newark, NJ  07102<br>Telephone: 973/622-4444<br>973/624-7070 (fax) | *Attorneys for Defendant*<br>*Tanya Carro* | wschwartz@cooley.com<br>lglee@cooley.com<br>kkennelly@cooley.com<br>slightdale@cooley.com<br><br><br><br><br>rhernandez@mccarter.com<br>obareentto@mccarter.com |

| | | |
|---|---|---|
| Jonathan Rosenberg<br>Allen Burton<br>Dimitri D. Portnoi<br>O'MELVENY & MYERS LLP<br>Times Square Tower<br>7 Times Square<br>New York, NY  10036-6537<br>Telephone: 212/326-2000<br>212/326-2061 (fax)<br><br>Margaret L. Carter<br>Dimitri D. Portnoi<br>Michael J. Simeone<br>O'MELVENY & MYERS LLP<br>400 South Hope Street<br>Los Angeles, CA  90071<br>Telephone: 213/430-6000<br>213/430-6407 (fax)<br><br>Kevin G. Walsh<br>Kate E. Janukowicz<br>GIBBONS P.C.<br>One Gateway Center<br>Newark, NJ  07102<br>Telephone: 973/596-4500<br>973/596-0545 (fax) | *Attorneys for Defendants ValueAct Capital Management L.P., ValueAct Capital Master Fund, L.P., ValueAct Co-Invest Master Fund, L.P., VA Partners I, LLC ValueAct Holdings, L.P. and Jeffrey W. Ubben* | jrosenberg@omm.com<br>aburton@omm.com<br>mcarter@omm.com<br>dportnoi@omm.com<br>msimeone@omm.com<br><br><br><br><br><br><br><br><br><br><br>kwalsh@gibbonslaw.com<br>kjanukowicz@gibbonslaw.com |