# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO ALL CASES | Master No.: 3:15-cv-07658-MAS-LHG |
| IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. THIRD-PARTY PAYOR LITIGATION | Civil Action No. 3:16-cv-03087-MAS-LHG<br><br>**STIPULATION AND [PROPOSED] ORDER GOVERNING PROTOCOL FOR FACT DEPOSITIONS** |

This stipulated deposition protocol ("Protocol") will govern all depositions of fact witnesses taken in (1) *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 15-cv-07658 (the "Securities Class Action"), and (2) the related direct actions listed on Exhibit A (the "Opt-Out Actions") (together with the Securities Class Action, the "Securities Actions"), and (3) depositions of certain fact witnesses (as described below) in *In re Valeant Pharmaceuticals International, Inc. Third-Party Payor Litigation*, No. 16-cv-03078 (the "Third-Party Payor Action") (collectively, the "Actions" and separately, any "Action"). This Protocol constitutes a stipulation of the parties to the Actions (collectively, the "Parties" and individually, any "Party") and is intended to be consistent with and to supplement but not modify the terms of the Joint Discovery Plan, so ordered on October 16, 2019 (ECF No. 148-1), and the Joint Stipulation and Order re: Discovery and Schedule in Securities Class Action and Opt-Out Litigations (No. 15-cv-07658, ECF No. 634). Expert witness depositions in the Actions and depositions of the

Plaintiffs and their representatives in the Third-Party Payor Action are not subject to this Protocol. The Parties agree to submit a proposed order concerning expert witness depositions no later than thirty (30) days before such depositions are to commence.

As of the date of this Protocol, the Special Master has issued a Report and Recommendation on Defendants' motions to dismiss in the Third-Party Payor Action. Valeant submitted an appeal of that Report and Recommendation on September 14, 2020. Subject to the terms below, the Third-Party Payor Action Plaintiffs have agreed to enter into this protocol for the purpose of efficiently facilitating the depositions of certain Valeant, Philidor, and third-party witnesses who are expected to be deposed in both the Securities Actions and the Third-Party Payor Action, and to avoid having such witnesses deposed multiple times.

The Securities Actions are coordinated for pretrial purposes pursuant to the Court's October 12, 2018 Case Management Order No. 1. (No. 15-cv-07658, ECF No. 369). The Actions are pending before special master Dennis M. Cavanaugh, U.S.D.J. (ret.) (the "Special Master") pursuant to the Court's September 10, 2019 Order. (No. 15-cv-07658, ECF No. 484).

## I.      PARTIES SUBJECT TO THIS PROTOCOL

The Parties subject to this Protocol are set forth below and as defined in Exhibit A:

1.      Parties to the Securities Class Action (the named plaintiff City of Tucson together with and on behalf of the Tucson Supplemental Retirement System (the "Securities Class Action Plaintiff") and defendant PricewaterhouseCoopers LLP ("PwC"))

2.      The Opt-Out Action Plaintiffs

3.      The Opt-Out Action Defendants

4.      The Parties to the Third-Party Payor Action (the "Third-Party Payor Action Plaintiffs" (including any plaintiffs and proposed representatives

that are not yet named) and the "Third-Party Payor Action Defendants"), subject to the exception that depositions involving the representatives of the Plaintiffs in the Third-Party Payor Action are not subject to the terms of this Protocol.[1]

For purposes of this Deposition Protocol, unless otherwise noted, (1) "Plaintiffs" include the Securities Class Action Plaintiff, the Opt-Out Action Plaintiffs, and Third-Party Payor Plaintiffs, and (2) "Defendants" include PwC, the Opt-Out Action Defendants, and Third-Party Payor Action Defendants.

## II.     DEPOSITIONS - GENERALLY

### A.     Scheduling Committee

The Parties shall create a Scheduling Committee of no more than nine (9) representatives: one (1) representative of the Securities Class Action Plaintiff, two (2) representatives of the Opt-Out Action Plaintiffs, one (1) representative of the Third-Party Payor Action Plaintiffs, one (1) representative of defendant Valeant, one (1) representative of defendant PwC, one (1) representative of the Opt-Out Action Defendants other than Defendant Valeant, and two (2) representatives of the Third-Party Payor Action Defendants other than Defendant Valeant.  The Scheduling Committee shall oversee the scheduling of all depositions.

Before the issuance of any notice of deposition, the Plaintiff representatives and the Defendant representatives shall confer in good faith among their respective Plaintiff-groups and Defendant-groups to identify and notify the Scheduling Committee of agreed-upon witnesses to be deposed subject to the limitations on the number of depositions set forth in Part II(I) below.

---

[1] Depositions of the Third-Party Payor Action Plaintiffs and their pharmacy benefit managers will be governed by a protocol to be established shortly.

The Scheduling Committee shall coordinate in good faith regarding the scheduling of all depositions. The Scheduling Committee shall create and maintain a master calendar of scheduled depositions that can be viewed online by any Party ("Master Deposition Scheduling Website"). The master calendar will be jointly maintained by the Scheduling Committee. All depositions will be posted to the master calendar at least two (2) weeks in advance.

Unless the Parties otherwise agree or the Court so orders, (a) no more than two (2) depositions per day shall be scheduled and (b) no more than five (5) depositions per week shall be scheduled. When possible, the Parties agree to make reasonable efforts to avoid scheduling two depositions on the same day or scheduling in-person depositions in different cities on consecutive dates.

**B.      Holidays**

No depositions may be scheduled on the day of an in-person Court hearing in any of the Actions, or any national or religious holidays. For purposes of this Deposition Protocol, such holidays are New Year's Day, Martin Luther King Jr.'s Birthday, Presidents' Day, Passover (2 days), Good Friday, Easter, Easter Monday, Eid al-Fitr (2 days), Memorial Day, Independence Day, Labor Day, Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans' Day, Thanksgiving (Wednesday, Thursday, and Friday), Christmas Eve, Christmas Day, and New Year's Eve.

**C.      Daily Schedule**

Depositions shall begin at 9:00 a.m. (time zone of deposition), unless otherwise agreed to by the Parties. Where necessary to avoid returning on a subsequent day, the Parties and the deponent shall attempt to complete the deposition by extending the deposition for up to one hour, or longer upon agreement.

**D.      Location of Deposition**

New York City is the preferred location for depositions.  The Parties will request that witnesses voluntarily agree to appear for depositions in New York City.  If a witness does not agree to appear in New York City, the location of the deposition will be set in accordance with the Federal Rules of Civil Procedure, and the Parties will make a good faith effort to conduct the deposition within a 25-mile radius of a major international airport.

The Parties will negotiate in good faith for depositions to be scheduled and taken within a reasonable time frame, whether remotely or in person. If multiple witnesses' depositions will take place in person in the same city (other than New York City), the Scheduling Committee shall make reasonable efforts, when possible, to schedule those depositions during the same week, and on consecutive days, in order to reduce the amount of travel required by the Parties and their counsel.

**E.      Scheduling**

The Parties shall work cooperatively with the Scheduling Committee after a deposition notice is issued to ensure a fair and orderly process for the scheduling of depositions and to select mutually agreeable dates for the deposition.  Depositions shall not be allowed, without leave of the Court or the Special Master or by agreement of the Parties, on less than twenty days' notice.

Counsel for Parties who seek depositions of witnesses other than current or former officers, directors, partners, or employees of the Parties (excluding the Third-Party Payor Plaintiffs and representatives of the Third-Party Payor Plaintiffs), or Securities Action Plaintiffs' investment advisors ("Non-Party Witnesses") shall notify the Scheduling Committee.  The Scheduling Committee shall meet and confer and contact the Non-Party

Witness in an attempt to voluntarily schedule the requested deposition within the time requested by counsel. If the Non-Party Witness does not consent to the request, the Scheduling Committee shall designate a day for the Non-Party Witness to be deposed. Once a date for the Non-Party Witness deposition has been designated, counsel shall serve a notice and subpoena on the Non-Party Witness pursuant to Rule 45 of the Federal Rules of Civil Procedure.

### F.       Noticing Depositions

Depositions shall be noticed pursuant to the Federal Rules of Civil Procedure, and all deposition notices shall be served on all Parties electronically and posted on the Master Deposition Scheduling Website. Deposition notices shall have the legal effect of a deposition notice in all Actions.

All Non-Party Witness subpoenas seeking deposition testimony shall comply with Federal Rule of Civil Procedure 45. A copy of this Protocol shall be attached to each Non-Party Witness subpoena issued or served in the Actions requesting deposition testimony.

### G.       Avoidance of Duplicative Depositions

Absent agreement of the Parties and the witness or an order of the Court or the Special Master, no witness should be deposed more than once in these proceedings.

### H.       Duration of Deposition

There are more than one hundred Parties in these coordinated actions. The Parties recognize that more than seven hours of time on the record may be required to allow the Parties to fairly examine certain witnesses. The Parties further recognize that certain Parties and/or witnesses have produced or may produce transcripts of such Party's or witness's testimony in the Canadian Actions or before the U.S. Securities and Exchange

6

Commission.[2]   The Parties have agreed to confer on certain steps to best minimize unnecessary duplication, while allowing Parties an opportunity to fairly examine witnesses.

The deposition of a witness shall presumptively be two (2) days (defined as fourteen total hours of examination, seven (7) hours per day, excluding time taken for breaks, meals, and other reasons). In the event the deposition is cross-noticed, the Parties shall meet and confer in good faith with respect to any allocation of time among the noticing and cross-noticing parties, as well as with respect to whether additional day(s) of examination are required.   Notwithstanding the foregoing, direct examination of a witness by the witness's counsel shall be allowed for 15 additional minutes, beyond the seven (7) hour limit per day, for each day of the examination (i.e., 30 minutes at the conclusion of a two-day deposition, 45 minutes at the conclusion of a three-day deposition, etc.).

All the above provisions regarding deposition time limits and time sharing may be modified, as necessary, by agreement of the Parties or by order of the Special Master.  If disputes arise about the duration of an examination, the Parties may submit the dispute to the Special Master for resolution.  The Special Master shall have the authority to modify the duration of particular depositions for good cause shown.

I.        **Limitations on Number of Depositions**

Other than by agreement of the Parties or for good cause shown, the Parties agree to the following presumptive limits on the number of depositions that may be taken in these Actions:

---

[2] "Canadian Actions" refers to (a) *Catucci v. Valeant* (Court File No. 500-06-000783163) (Que. Super. Ct.); (b) *Blackrock Asset Management Canada Ltd. v. Valeant Pharmaceuticals International, Inc.* (Court File No. 500-17-103749-183) (Que. Super. Ct.); and (c) *California State Teachers Retirement System v. Bausch Health Companies, Inc.* (Court File No. 500-11-054155-185) (Que. Super. Ct.).

(a) Plaintiffs may collectively take seventy (70) depositions of Defendants, including depositions of current or former officers, directors, partners, or employees of Defendants and depositions pursuant to Federal Rule of Civil Procedure 30(b)(6);

(b)   Defendants in the Opt-Out Cases are permitted collectively to take four depositions, including Rule 30(b)(6) depositions, of each Opt-Out Plaintiff Group (defined as an individual Plaintiff or a group of individual Plaintiffs in the same action, which made the decision(s) to invest in Valeant securities themselves or through an investment advisor or manager that bears a corporate affiliation or other organizational relationship with the individual Plaintiff or group of Plaintiffs); except that, in the case of Opt-Out Plaintiff Groups in which the Opt-Out Plaintiffs represent that relevant Valeant investment decisions were made, in full or part, by an external investment advisor or manager (defined as an entity that bears no corporate affiliation or other organizational relationship with the respective Opt-Out Plaintiff Group), Defendants in the Opt-Out Cases are permitted collectively to take two depositions (including Rule 30(b)(6) depositions) of the Opt-Out Plaintiff Group, and the Opt-Out Plaintiffs agree not to oppose up to two depositions (whether a Rule 30(b)(6) deposition or otherwise) of each external investment advisor or manager who made the relevant Valeant investment decisions; provided that, where a witness for one Opt-Out Plaintiff Group is expected to provide testimony relevant to investment decision(s) made on behalf of one or more other Opt-Out Plaintiff Group(s), that witness will be subject to a single deposition, which will address the investment decisions with respect to each of those Opt-Out Plaintiff Groups.[3]

_____

[3] Notwithstanding the limitations in I.(a) and I.(b) above, the Parties acknowledge that certain Opt-Out Plaintiff Groups may be differently situated.  Plaintiffs believe that, for certain Opt-Out Plaintiff Groups, Defendants should be entitled to take fewer than the

(c) The Depositions of Third-Party Payor Plaintiffs and their representatives are not subject to this protocol.  A deposition protocol for the Third Party Payor Plaintiffs will be negotiated promptly after the motions to dismiss in that action are decided. [4]

(d) PwC is permitted to take two depositions of the Securities Class Action Plaintiff, including Rule 30(b)(6) depositions, and the Securities Class Action Plaintiff agrees not to oppose PwC taking up to two depositions of each external investment advisor or manager who made relevant Valeant investment decisions for the Securities Class Action Plaintiff.  After the stay in the Securities Class Action ends, PwC and the Securities Class Action Plaintiff agree to meet and confer on whether additional discovery relating to class certification issues, other than more than two depositions of the Securities Class Action Plaintiff, is needed.  If after meeting and conferring PwC and the Securities Class Action Plaintiff disagree on whether such additional discovery is needed, they shall raise the issue with the Special Master.

(e) Defendants, as a group, and Plaintiffs, as a group, may each take no more than fifty (50) depositions of Non-Party Witnesses.

---

number of depositions stated above.  Defendants believe that, in certain cases, Defendants should be entitled to take more than the number of depositions stated above. Defendants also believe that in certain circumstances the Opt-Out Plaintiffs should be entitled to take fewer than the number of depositions stated above.  The Parties will confer in good faith in such instances, and will present any disputes to the Special Master.

[4] If, after any appeal of the TPP R&R, the Third-Party Payor Action Defendants' motions to dismiss are granted in full by the Court, the Third-Party Payor Action Plaintiffs will not participate in depositions.

### J.      Disputes During Deposition

Disputes between the Parties shall be addressed to the Special Master in accord with ¶ 9 of the Referral Order (ECF No. 484).  The Parties may contact the Special Master during a deposition should a dispute arise that necessitates his involvement. The time necessary to raise the issue with the Special Master shall not be counted against the time of the deposition taker.  In the event the Special Master is unavailable by telephone, the deposition shall nevertheless continue to be taken as to matters not in dispute.  Nothing in this Order shall deny counsel the right to: (i) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); and (ii) file an appropriate motion with the Special Master after the deposition consistent with the procedures set forth in the Court's September 10, 2019 order appointing the Special Master (No. 15-cv-07658, ECF No. 484).

## III.      Rule 30(b)(6) Depositions

If a fact deponent is also designated by any Party as a Rule 30(b)(6) witness as to any topic pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (an "Overlapping Witness"), the Parties shall make reasonable efforts to ensure the Overlapping Witness's fact deposition and Rule 30(b)(6) deposition shall occur on the same day or days.  Unless otherwise agreed to by the Parties or ordered by the Court or Special Master, an Overlapping Witness shall not be deposed more than once as a fact deponent.

Not less than fourteen (14) calendar days before a Rule 30(b)(6) deposition, the Party producing the witness(es) shall identify the witness(es) to the Party or Parties taking the deposition.  Not less than ten (10) calendar days before a Rule 30(b)(6) deposition, the Party or Parties taking the deposition has/have the option to identify no more than thirty (30) documents (in the aggregate) that relate to the topic(s) on which the witness has been

designated to testify. The witness shall review those documents prior to the Rule 30(b)(6) deposition and be prepared to testify regarding those documents to the extent practicable. This section does not prohibit the Party or Parties taking the deposition from using additional exhibits during the deposition. Nor does this section supplant the requirements to prepare a Rule 30(b)(6) deponent, including on documents beyond those identified by the Party or Parties taking the deposition pursuant to this section.

## IV.    Witnesses Not Previously Deposed

Notwithstanding any of the foregoing limitations on the total number of depositions, Parties to the Securities Class Action, an Opt-Out Action, or the Third-Party Payor Action shall have the right to depose any witness designated to testify at a trial in such action who has not previously been deposed in the Actions.

## V.    Depositions of Former Officers, Directors, Employees and Partners

To the extent that a fact deponent is a former officer, director, partner or employee of a Party and is represented by counsel for one of the Parties, that counsel shall, subject to such fact deponent's consent and authorization, accept service of a subpoena on behalf of the former officer, director, partner or employee for a deposition on a date agreed to by the Parties in coordination with the Scheduling Committee. If a Party intends to take the deposition of a former officer, director, partner or employee of another Party, the Party seeking to take the deposition shall first, in coordination with the Scheduling Committee, determine whether the deponent is represented by counsel for one of the Parties, and, if so, whether such counsel is authorized to accept service on the deponent's behalf. The Parties agree to make reasonable efforts to facilitate the depositions of their former officers, directors, partners and employees. This paragraph also applies to former officers, directors, partners and employees of Plaintiffs' investment advisors. Nothing in this paragraph

precludes a Party from objecting to the deposition of a former officer, director, partner or employee.

## VI.   CONDUCT OF DEPOSITIONS

### A.   Designation of Counsel

Not later than three (3) calendar days before a deposition, Parties will disclose to the Scheduling Committee the expected attorney(s) to conduct questioning regarding common issues (the "Lead Attorney(s)") and the anticipated questioning time for each Lead Attorney(s).

### B.   Opt-Out Action Plaintiff Witnesses

For Opt-Out Action Plaintiff witnesses, Defendants as a group will confer among themselves in advance and designate for each deposition one or two Lead Attorney(s).  In advance of the deposition, counsel for Defendants will confer among themselves and coordinate with the Lead Attorney(s) examining the witness in an effort to make the deposition efficient and minimize any need for additional questioning on common issues. After the Lead Attorney(s)' examination is complete, counsel for other Parties will be entitled to ask the witness non-duplicative questions.  The Lead Attorney(s) will coordinate with counsel for other Parties to ensure the deposition does not exceed the allotted examination time under Section II.H.  For purposes of this Protocol, investment managers affiliated with a Plaintiff entity who made the relevant purchases of Valeant securities on behalf of that Plaintiff will be considered Plaintiff Witnesses.

### C.   Securities Class Action Plaintiff Witnesses

For Securities Class Action Plaintiff witnesses, PwC will examine the witness first. If any other Defendant believes it is entitled to ask questions at the deposition, counsel for that Defendant will meet and confer with counsel for the Securities Class Action Plaintiff

in advance of the deposition about the need for questioning by that Defendant.  If such parties are unable to agree, either party may submit the issue to the Special Master for resolution no later than three (3) business dates before the deposition.  For purposes of this Protocol, investment managers affiliated with a Securities Class Action Plaintiff entity who made the relevant purchases of Valeant securities on behalf of that Securities Class Action Plaintiff will be considered Securities Class Action Plaintiff Witnesses.

### D.      Valeant Witnesses

For depositions of Valeant witnesses, including current or former Valeant officers, directors, or employees, Plaintiffs as a group will designate one or two Lead Attorney(s) for that deposition, who will start the deposition and depose the witness on common issues and any issues unique to that attorney's clients.  After the Lead Attorney's examination is complete, counsel for the other Opt-Out Action Plaintiffs and counsel for the Securities Class Action Plaintiff (in the event counsel for the Securities Class Action Plaintiff is not one of the Lead Attorney(s)) will be entitled to ask the witness non-duplicative questions, followed by counsel for the Third-Party Payor Plaintiffs and then by counsel for PwC.  The Lead Attorney(s) will coordinate with all other examining counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

If the Securities Class Action Plaintiff, Third-Party Payor Plaintiffs or any Defendant believes that circumstances warrant that it be allowed to take the role of Lead Attorney for the deposition of a particular Valeant witness, such parties will meet and confer to discuss who will take the lead for that witness.  If they are unable to agree, such parties may submit the issue to the Special Master for resolution no later than three (3) business days before the deposition.

**E.    PwC Witnesses**

For depositions of PwC witnesses, including current or former PwC partners or employees, the default will be to have the Securities Class Action Plaintiff act as the Lead Attorney for that deposition, who will start the deposition and depose the witness on common issues and any issues unique to that attorney's clients.  After the Lead Attorney's examination is complete, counsel for Valeant, followed by the Opt-Out Action Plaintiffs, followed by counsel for other Opt-Out Action Defendants, followed by the Third-Party Payor Plaintiffs, will be entitled to ask the witness non-duplicative questions.  The Lead Attorney(s) will coordinate with all other examining counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

If counsel for the Plaintiffs, other than the Securities Class Action Plaintiff, believe that circumstances warrant that they be allowed to take the role of Lead Attorney for the deposition of a particular PwC witness, such parties will meet and confer to discuss who will take the lead for that witness.  If they are unable to agree, such parties may submit the issue to the Special Master for resolution no later than three (3) business dates before the deposition.

**F.    Third-Party Payor Action Defendant Witnesses Other than Valeant**

For depositions of Third-Party Payor Action Defendant witnesses, other than Valeant witnesses, including current or former officers, directors, or employees of Philidor Rx Services, the default will be to have the Third-Party Payor Action Plaintiffs act as the Lead Attorney for that deposition, who will start the deposition and depose the witness on common issues and any issues unique to that attorney's clients.  After the Lead Attorney's examination is complete, the Securities Class Action Plaintiffs, followed by the Opt-Out

Action Plaintiffs, Counsel for Valeant, and counsel for PwC will be entitled to ask the witness non-duplicative questions. The Lead Attorney(s) will coordinate with all other examining counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

### G.      Non-Party Witnesses

For Non-Party Witnesses, the Party noticing the deposition will depose the witness, unless otherwise ordered by the Court or the Special Master or agreed to by the Parties. If the Opt-Out Action Plaintiffs notice the deposition, they as a group will designate a Lead Attorney to take the lead in examining the witness. After the Lead Attorney's examination is complete, counsel for the Class Plaintiff, followed by the Third-Party Payor Plaintiffs, one designated attorney for the Opt-Out Action Defendants, one designated attorney for PwC, and one designated attorney for the Third-Party Payor Action Defendants will be entitled to ask the witness non-duplicative questions. The Lead Attorney will coordinate with all other examining counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

If the Securities Class Action Plaintiff notices the deposition, after its examination is complete, one designated attorney for the Opt-Out Plaintiffs, followed by one designated attorney for the Third-Party Payor Plaintiffs, PwC, one designated attorney for the Opt-Out Action Defendants, and one designated attorney for the Third-Party Payor Action Defendants will be entitled to ask non-duplicative questions. Counsel for Securities Class Action Plaintiff will coordinate with all other examining counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

If the Third-Party Payor Action Plaintiffs notice the deposition, they as a group will designate a Lead Attorney to take the lead in examining the witness. After the Lead

Attorney's examination is complete, one designated attorney for the Opt-Out Plaintiffs, followed by the Class Plaintiff, one designated attorney for the Opt-Out Action Defendants, one designated attorney for the Third-Party Payor Action Defendants, and PwC, will be entitled to ask the witness non-duplicative questions.  The Lead Attorney will coordinate with all examining counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

If one or more Defendants notice the deposition, Defendants as a group will designate one or two Lead Attorney(s) to depose the witness.  After the Lead Attorney(s)' examination is complete, one designated attorney for the Opt-Out Plaintiffs, followed by the Class Plaintiff and then by the Third-Party Payor Plaintiffs will be entitled to ask the witness non-duplicative questions.  The Lead Attorney(s) will coordinate with Plaintiffs' counsel to ensure the deposition does not exceed the allotted examination time under Section II.H.

Unless otherwise agreed, if Plaintiffs and Defendants notice (or cross-notice) the deposition of the same Non-Party Witness, Plaintiffs and Defendants shall be entitled to equal time for their respective examinations.  For purposes of this Deposition Protocol, a Non-Party Witness does not include a current or former officer, director, partner or employee of a Party or investment advisor.

## VII.    Attendance at Depositions

### A.    Attendance in Person

Unless otherwise agreed to by the Parties or ordered by the Court or Special Master, attendance at depositions in person will be limited to no more than two (2) persons for each Party other than the Party being deposed (including counsel and any necessary non-attorney staff for such Party), the deponent, the deponent's counsel (which may

include more than two (2) attorneys or non-attorney assistants), and the court reporter and a videographer.

In the event that the current COVID-19 pandemic and/or related governmental orders continue to restrict travel and impede the parties' ability to hold depositions in person, the parties agree that they will confer regarding whether certain depositions may proceed remotely. If the parties are unable to agree, they will confer to develop a written protocol for facilitating the taking of depositions in light of restrictions or potential restrictions in place due to the COVID-19 pandemic. If disputes arise about whether deposition(s) should be held remotely or in person, the Parties will submit disputes to the Special Master for resolution.

For depositions taken and defended in person, counsel (including any necessary non-attorney staff) who are not taking or defending a deposition may attend by telephone or a similar service provided by the court-reporting service. Absent agreement of the Parties and witness's counsel, only those physically present onsite shall be permitted to examine the deponent. If counsel participating remotely believes that an objection not already made must be made on the record, such counsel shall identify themselves and state the objection.

**B.      Appearance on the Record**

Any person attending a deposition, either in person or by phone, for any Party must state an appearance on the record at the deposition. If any counsel participating remotely joins the deposition after it starts, that counsel shall identify himself or herself upon joining.

**C.      Notice**

Not less than three (3) calendar days before a deposition, Plaintiffs' and Defendants' counsel intending to attend the deposition, either physically or by telephone,

17

shall notify the Scheduling Committee, which will post a list of the counsel who are expected to attend on the Master Deposition Scheduling Website within two (2) calendar days of the deposition.

## VIII.   Deposition Questionnaire Shall Be Completed Before Each Deposition

With respect to a deponent who is a current officer, director, partner or employee of the Party asked to produce the witness, or a Rule 30(b)(6) designee, at least three (3) calendar days before a fact or Rule 30(b)(6) deposition, the Party affiliated with the fact witness shall provide the deposing Party or Parties a completed background questionnaire, a copy of which is attached hereto as Exhibit B, or, alternatively an up-to-date curriculum vitae or resume that includes information sufficient to answer the questionnaire.   With respect to deponents who are former officer, director, partner or employee of a Party, the Parties agree to make best efforts to have the deponent complete the questionnaire or, alternatively, provide an up-to-date curriculum vitae or resume prior to the deposition.

## IX.   Use of Documents for Depositions

### A.   Copies of Documents

For in-person depositions, the examining Party shall bring sufficient paper copies of each exhibit (for the witness, court reporter and defending counsel).   To obviate the need for multiple paper copies of potential exhibits, the examining Party or Parties may, not later than two (2) business days before a deposition, upload to a file transfer protocol ("FTP") site images in an electronic format of each document that counsel anticipates using or referring to in the deposition.   The examining Party shall upload no more than one hundred (100) possible exhibits (an exhibit may contain multiple pages, and an email with attachments shall be treated as a single exhibit).   The deponent and counsel for the deponent will agree not to access the documents available on the FTP site until the documents are

introduced at the deposition. Nothing herein shall prevent any Party from using any document of its choosing at a deposition or require it to disclose in advance any document it intends to use at a deposition, provided that any Party who does not pre-designate documents shall bring paper copies or copies on memory stick(s) of each document for all counsel that provide notice under Section VII.C of their intent to attend the deposition in person. To the extent depositions are conducted remotely, the parties shall meet and confer regarding the process for taking remote depositions and making documents available.

**B.      Deposition Exhibits**

The Scheduling Committee shall confer in good faith to agree on a single court reporting firm that will maintain a Master Exhibit List that will be circulated by e-mail periodically to all Parties or on a secure website. Unless otherwise agreed upon by the Parties, the examining Party will work with the court reporting service to update the Master Exhibit List so that every exhibit marked at a deposition is listed thereon within five (5) business days of the day it was first marked. The index of exhibits annexed to each deposition transcript shall contain, for each exhibit marked or referred to in the deposition, the document-production (Bates) number(s), the number for each exhibit marked for identification at the deposition, and a brief description of the exhibit. The court reporting service will be responsible for ensuring that all exhibits marked at depositions are accessible on a File Transfer Protocol site to all counsel within a reasonable time after being marked as deposition exhibits. To the extent that any exhibit is marked as "Confidential" or "Highly Confidential", it may be viewed only by those persons authorized to do so under the applicable confidentiality order as further described in Section XII.

C.      **Numbering of Deposition Exhibits.**

Exhibit numbers will be assigned by the court reporter service sequentially regardless of what Party marks the exhibit, and numbering of exhibits at each successive deposition will resume where the numbering at the preceding deposition ended.  The court reporting service will use 100 exhibit gaps when depositions are occurring on the same day.  Counsel will make their best efforts to use the previously marked exhibit number in subsequent depositions.

X.      **Objections During Depositions**

All counsel must refrain from making speaking objections and must state any objections in a nonargumentative and nonsuggestive manner.  Objections or other statements by counsel in the presence of the deponent made to suggest an answer to the deponent, such as (without limitation) "if you know" or "if you understand," are improper.  To avoid confusion, objections other than those with respect to privilege must be limited to the following: "Object to Form" or "Objection" or the like.  Any objection to the form of a question will be deemed to have been made on all grounds for a form objection, unless specified at the deposition by the objecting attorney in response to a request from the attorney taking the deposition seeking the specific basis for the form objection.  The objection by one Party will preserve objections to form for all other Parties attending the deposition.

XI.     **Court Reporter**

A.      **Duties**

The Scheduling Committee shall confer in good faith to agree on a single court reporting firm that will record, and where requested, videotape depositions taken under this Protocol.  The court-reporting firm will also provide to the Parties remote access, secure

real-time video streaming and LiveNote, as well as speaker phone capability (to be used for conferences with the Special Master) for all depositions. The court-reporting firm shall record all conference calls with the Special Master that occur during any deposition as part of that day's deposition transcript. The court-reporting firm shall maintain a secure website on which it will deposit transcripts as soon as practicable and on which transcripts will be preserved.

The court-reporting firm shall keep record of the time for all depositions. During each fact deposition, the court reporter will inform the Parties when the time limit has been reached.

**B.     Video Depositions and Real-Time**

All depositions will be recorded stenographically by a court reporter who will make available, upon request, to any Party attending the deposition a "real-time" transcription of the deposition. All depositions also will be recorded by audio-visual means by the court reporting service.

**C.     Correction and Signing of Deposition Transcripts**

Upon completion of the transcription of a deposition session, the court reporter will send the final transcript to the deponent (care of his or her counsel, if the deponent is represented by counsel) for review, correction, and signature under penalty of perjury. The deponent will have thirty (30) days from the date of receipt within which to review, make any corrections, and sign the transcript under penalty of perjury. If no corrections are made during this time, the transcript will be presumed accurate.

If for any reason an original transcript is lost, misplaced, not returned by a witness or counsel, not signed, or otherwise unavailable, a certified copy may be used in lieu of the

original for all purposes.  The court reporting service otherwise is relieved of any statutory duties.

### D.    Cost of Depositions

Unless otherwise agreed among the parties, the costs of the deposition will be paid by the noticing Party or, if other Parties cross-notice the deposition, shall be divided equally among all noticing Parties (including cross-noticing Parties).  Deponents' counsel and all other Parties shall pay for their own copies of transcripts and videotapes of depositions.

## XII.   Confidentiality

The use of documents at depositions and testimony taken at all depositions will be governed pursuant to the applicable confidentiality orders in these actions.[5]  Counsel for Parties may designate as Confidential or Highly Confidential any portion of a deposition transcript deemed to contain Confidential Information or Highly Confidential Information following the procedures set forth in the applicable confidentiality orders.

---

[5] 15-cv-7658-MAS-LHG (ECF No. 244); 16-cv-03087-MAS-LHG (ECF No. 162); 16-cv-5034-MAS-LHG (ECF No. 89); 16-cv-6127-MAS-LHG (ECF No. 85); 16-cv-6128-MAS-LHG (ECF No. 83); 16-cv-7212-MAS-LHG (ECF No. 82); 17-cv-7552-MAS-LHG (ECF No. 42); 16-cv-7321-MAS-LHG (ECF No. 74); 16-cv-7324-MAS-LHG (ECF No. 74); 16-cv-7328-MAS-LHG (ECF No. 74); 16-cv-7494-MAS-LHG (ECF No. 75); 16-cv-7496-MAS-LHG (ECF No. 75); 16-cv-7497-MAS-LHG (ECF No. 80); 17-cv-6513-MAS-LHG (ECF No. 48); 17-cv-7625-MAS-LHG (ECF No. 69); 17-cv-7636-MAS-LHG (ECF No. 71); 17-cv-6365-MAS-LHG (ECF No. 70); 17-cv-12808-MAS-LHG (ECF No. 19); 17-cv-13488-MAS-LHG (ECF No. 19); 18-cv-15286-MAS-LHG (ECF No. 62-1); 18-cv-8705-MAS-LHG (ECF No. 200-1); 18-cv-00089-MAS-LHG (ECF No. 53); 18-cv-00893-MAS-LHG (ECF No. 55); 18-cv-01223-MAS-LHG (ECF No. 36); 17-cv-12088-MAS-LHG (ECF No. 67); 18-cv-00383-MAS-LHG (ECF No. 78); 18-cv-00846-MAS-LHG (ECF No. 76); 18-cv-08595-MAS-LHG (ECF No. 79); 18-cv-00032-MAS-LHG (ECF No. 42); 18-cv-00343-MAS-LHG (ECF No. 39); 20-cv-02190-MAS-LHG (ECF No. 15).

## XIII.   Reservation of Rights

Agreement to this Protocol does not constitute in any way an agreement or concession that a Party is entitled to the discovery requested, that any particular notice, cross-notice, or subpoena of a deposition is proper, or that any particular deposition is appropriate and relevant to the subject matter of any Action (or reasonably calculated to lead to the discovery of admissible evidence); and does not constitute a waiver of any objections regarding such notices, the admissibility of evidence, or any defense. Furthermore, the admissibility of any deposition testimony at trial remains subject to all applicable laws and court rules, including the Federal Rules of Evidence and the Federal Rules of Civil Procedure, and the Parties expressly reserve all objections on all grounds regarding the admissibility of such testimony.

The Parties will meet and confer and in good faith and attempt to reach agreement on all other deposition issues that are not specifically addressed in this Protocol.  Any issue not covered in this Protocol shall be governed by the Federal Rules of Civil Procedure and local rules, although the Parties reserve the right to seek a modification of those rules for good cause shown.

## XIV.   Amendments and modifications

This Protocol may be modified by the agreement of counsel for all the Parties to the Protocol or by order of the Court or Special Master for good cause shown.

Dated: November 24, 2020

**SEEGER WEISS LLP**

*/s/ Christopher A. Seeger*
Christopher A. Seeger
David R. Buchanan
55 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100
Fax: (973) 639-9393

*Local Counsel for Plaintiffs in Case No. 15-cv-07658*

**ROBBINS GELLER RUDMAN & DOWD LLP**

*/s/ James E. Barz*
James E. Barz
Frank A. Richter
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: (312) 674-4674
Fax: (312) 674-4676

Darren J. Robbins
Robert R. Henssler
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423

Robert J. Robbins
Kathleen B. Douglas
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Telephone: (561) 750-3000
Fax: (561) 750-3364

*Counsel for Plaintiffs in Case No. 15-cv-07658*

**McCARTER & ENGLISH LLP**

*/s/ Richard Hernandez*
Richard Hernandez
100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 848-8615
Fax: (973) 297-6615

*Local Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, Ari S. Kellen, and Tanya Carro*

**SAUL EWING ARNSTEIN & LEHR LLP**

*/s/ Francis X. Riley III*
Francis X. Riley III
650 College Road East, Suite 4000
Princeton, NJ 08540
Telephone: (609) 452-3145
Fax: (609) 452-3122

*Local Counsel for Valeant Pharmaceuticals International, Inc. in Case No. 18-cv-01223*

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

*/s/ James E. Cecchi*
James E. Cecchi
5 Becker Farm Road
Roseland, NJ 07068
Telephone: (973) 994-1700
Fax: (973) 994-1744

*Local Counsel for Plaintiffs in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06365, 17-cv-07552, 17-cv-12808, 17-cv-13488*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Salvatore J. Graziano*
Salvatore J. Graziano
Jonathan D. Uslaner
Richard D. Gluck
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA 90067
Telephone: (310) 819-3472

*Counsel for Plaintiffs in Case Nos. 16-cv-05034, 16-cv-06127, 16-cv-06128, 16-cv-07212, 17-cv-06365, 17-cv-07552, 17-cv-12808, 17-cv-13488*

**ROLNICK KRAMER SADIGHI LLP**

*/s/ Lawrence M. Rolnick*
Lawrence M. Rolnick
Marc B. Kramer
Sheila A. Sadighi
Michael J. Hampson
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 597-2800

**SIMPSON THACHER & BARTLETT LLP**

*/s/ Paul C. Curnin*
Paul C. Curnin (admitted *pro hac vice*)
Craig S. Waldman (admitted *pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Telephone: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Valeant Pharmaceuticals International, Inc., Robert L. Rosiello, and Ari S. Kellen*

**COOLEY LLP**

*/s/ William J. Schwartz*
William J. Schwartz (admitted *pro hac vice*)
Sarah Lightdale (admitted *pro hac vice*)
55 Hudson Yards
New York, NY 10001
Telephone: (212) 479-6000
Fax: (212) 479-6275

*Counsel for Tanya Carro*

**DEBEVOISE & PLIMPTON LLP**

*/s/ Matthew Petrozziello*
Matthew Petrozziello
Bruce E. Yannett (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (admitted *pro hac vice*)
Ada Fernandez Johnson (admitted *pro hac vice*)
801 Pennsylvania Ave. NW

*Counsel for Plaintiffs in Case Nos.
16-cv-07321, 16-cv-07324, 16-cv-07328,
16-cv-07494, 16-cv-07496, 16-cv-07497,
18-cv-00089, 18-cv-00893, 18-cv-01223*

**KASOWITZ BENSON TORRES LLP**

*/s/ Stephen W. Tountas*
Stephen W. Tountas
One Gateway Center
Suite 2600
Newark, NJ 07102
Telephone: (973) 645-9462
Fax: (973) 643-2030

*Local Counsel for Plaintiffs in Case Nos.
17-cv-07636, 18-cv-08595, 18-cv-15286*

*Counsel for Plaintiffs in Case Nos.
17-cv-07625 and 18-cv-12673*

**LABATON SUCHAROW LLP**

*/s/ Serena P. Hallowell*
Serena P. Hallowell
Jonathan Gardner
Eric J. Belfi
Thomas W. Watson
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Plaintiffs in Case Nos.
17-cv-06365, 17-cv-07625, 17-cv-07636,
18-cv-08595, 18-cv-15286*

**FLEISCHMAN BONNER & ROCCO
LLP**

*/s/ Patrick L. Rocco*
Patrick L. Rocco
447 Springfield Avenue, Second Floor
Summit, NJ 07901
Telephone: (908) 516-2045

Washington, D.C. 20004
Telephone: (202) 383-8036
Fax: (202) 383-8118

*Counsel for J. Michael Pearson*

**MENZ BONNER KOMAR &
KOENIGSBERG LLP**

*/s/ Patrick D. Bonner, Jr.*
Patrick D. Bonner, Jr.
125 Half Mile Road, Suite 200
Red Bank, NJ 07701
Telephone: (732) 933-2757
Fax: (914) 997-4117

*Counsel for J. Michael Pearson in Case No.
18-cv-01223*

**CHIESA SHAHINIAN & GIANTOMASI
PC**

*/s/ A. Ross Pearlson*
A. Ross Pearlson
One Boland Drive
West Orange, NJ 07052
Telephone: (973) 530-2100
Fax: (973) 530-2300

*Local Counsel for PricewaterhouseCoopers
LLP*

**KING & SPALDING LLP**

*/s/ James P. Cusick*
James P. Cusick (admitted *pro hac vice*)
Christina M. Conroy (admitted *pro hac vice*)
1185 Avenue of the Americas
New York, NY 10036-4003

Fax: (908) 516-2049

*Local Counsel for Plaintiffs in Case No.*
*17-cv-06513*

Telephone:  (212) 556-2100
Fax: (212) 556-2222

Kenneth Y. Turnbull (admitted *pro hac vice*)
1700 Pennsylvania Avenue, NW
Washington, DC 20006-4707
Telephone:  (202) 737-0500
Fax:  (202) 626-3737

*Counsel for PricewaterhouseCoopers LLP*

**DIETRICH SIBEN THORPE LLP**

/s/ *Matthew P. Siben*
Matthew P. Siben
500 Australian Avenue South, Suite 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883

David A. Thorpe
Shawn M. Hayes
9595 Wilshire Blvd., Suite 900
Beverly Hills, CA 90212
Telephone:  (310) 300-8450
Facsimile:  (310) 300-8041

*Counsel for Plaintiffs in Case No.*
*17-cv-06513*

**SCHULTE ROTH & ZABEL LLP**

/s/ *Robert E. Griffin*
Robert E. Griffin
Barry A. Bohrer (admitted *pro hac vice*)
919 Third Avenue
New York, NY  10022
Telephone: (212) 756-2000
Fax: (212) 593-5955

*Counsel for Deborah Jorn*

**LITE DEPALMA GREENBERG, LLC**

/s/ *Bruce D. Greenberg*
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858

*Local Counsel for Plaintiffs in Case Nos.*
*17-cv-12088, 20-cv-07460, 20-cv-07462*

**WINSTON & STRAWN LLP**

/s/ *Benjamin Sokoly*
Benjamin Sokoly
200 Park Avenue
New York, NY 10166
Telephone: (212) 294-6700
Fax: (212) 294-4700

Robert Y. Sperling (admitted *pro hac vice*)
Joseph L. Motto (admitted *pro hac vice*)
35 West Wacker Drive
Chicago, Illinois  60601
Telephone:  (312) 558-5600

**GRANT & EISENHOFER P.A.**

/s/ Daniel L. Berger
Jay W. Eisenhofer
Daniel L. Berger
Caitlin M. Moyna
Jonathan D. Park
485 Lexington Avenue
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501

*Counsel for Plaintiffs in Case Nos. 17-cv-12088, 20-cv-07460, 20-cv-07462*

**COHEN MILSTEIN SELLERS & TOLL PLLC**

/s/ Michael B. Eisenkraft
Michael B. Eisenkraft
88 Pine Street 14th Floor
New York, NY 10005
Telephone: (212) 838-7797

Steven J. Toll
Julie Goldsmith Reiser
S. Douglas Bunch
1100 New York Avenue, N.W. 5th Floor
Washington, D.C. 20005
Telephone: (202) 408-4600

*Counsel for Plaintiffs in Case No. 18-cv-00032*

*Counsel for Plaintiff New York Hotel Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund in Case No. 16-cv-03087*

**BRESSLER, AMERY & ROSS, P.C.**

/s/ David J. Libowsky
David J. Libowsky

*Counsel for Howard B. Schiller other than in Case Nos. 18-cv-00383 and 20-cv-07462*

**ROBINSON MILLER LLC**

/s/ Keith J. Miller
Keith J. Miller, Esq.
Justin T. Quinn, Esq.
110 Edison Place, Suite 302
Newark, NJ 07102
Telephone: (937) 690-5400

*Counsel for Defendant Howard B. Schiller in Case No. 18-cv-00383 and 20-cv-07462*

**FERRARA LAW GROUP, P.C.**

/s/ Ralph S. Ferrara
Ralph S. Ferrara
Aaron Peskin
One State Street Square
50 W. State Street, Suite 1100
Trenton, NJ 08608
Telephone: (609) 571-3738

*Counsel for Philidor Rx Services, LLC, Andrew Davenport and the Estate of Matthew Davenport*

325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Telephone: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs in Case No.
18-cv-00343*

**LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP**

*/s/ Michael J. Miarmi*
Steven E. Fineman
Daniel P. Chiplock
Michael J. Miarmi
Sharon M. Lee
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone: (212) 355-9500
Fax: (212) 355-9592

Richard M. Heimann
Bruce W. Leppla
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone: (415) 956-1000
Fax: (415) 956-1008

*Counsel for Plaintiffs in Case No.
18-cv-00343*

**SKOLOFF & WOLFE, P.C.**

*/s/ Jonathan W. Wolfe*
Jonathan W. Wolfe
293 Eisenhower Parkway
Livingston, NJ 07039
Telephone: (973) 992-0900

*Local Counsel for Plaintiffs in Case No.
18-cv-00383*

**HUNG G. TA, ESQ. PLLC**

*/s/ Hung G. Ta*

29

Hung G. Ta
JooYun Kim
Natalia D. Williams
250 Park Avenue, Seventh Floor
New York, NY 10177
Telephone: (646) 453-7288
Fax: (973) 994-1744

*Counsel for Plaintiffs in Case Nos.*
*18-cv-00383, 18-cv-00846, 20-cv-05478*

**SAFIRSTEIN METCALF LLP**

*/s/ Peter Safirstein*
Peter Safirstein
Elizabeth Metcalf
1250 Broadway, 27th Floor
New York, NY 10001
Telephone: (212) 201-2845

*Local Counsel for Plaintiffs in Case No.*
*18-cv-00846*

**KYROS LAW, PC**

*/s/ Konstantine*
Konstantine Kyros
17 Miles Road
Hingham, MA 02043
Telephone: (800) 934-2921

*Counsel for Plaintiffs in Case No.*
*18-cv-00846*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

*/s/ Rollo Baker*
Robert S. Loigman
Rollo Baker
Kathryn Bonacorsi
Jesse Bernstein
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000

*Counsel for Plaintiffs in Case No.* 18-cv-08705

**CALCAGNI & KANEFSKY, LLP**

*/s/ Eric T. Kanefsky*
Eric T. Kanefsky
Samuel S. Cornish
One Newark Center
1085 Raymond Blvd., 14th Floor
Newark, NJ 07102
Telephone: (862) 397-1796

*Counsel for Plaintiffs in Case No. 18-cv-08705*

**KIRBY McINERNEY LLP**

*/s/ Karen M. Lerner*
Karen M. Lerner
Daniel Hume (*pro hac vice* admission pending)
Ira M. Press (admitted *pro hac vice*)
Meghan J. Summers (*pro hac vice* admission pending)
250 Park Ave., Suite 820
New York, N.Y. 10177
Telephone: (212) 371-6600

Mark A. Strauss (admitted *pro hac vice*)
**Mark A. Strauss Law, PLLC**
555 Madison Ave, Fifth Floor
New York, NY  10022
Tel: (212) 729-9496
Fax: (212) 202-6443

*Counsel for Plaintiffs in Case No.* 20-cv-02190

**CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.**

*/s/ James E. Cecchi*
James E. Cecchi
5 Becker Farm Road

Roseland, NJ 07068
Telephone: (973) 994-1700
Fax: (973) 994-1744

*Local Counsel for Plaintiffs in Case No.
16-cv-03087*

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**

*/s/ James A. Harrod*
James A. Harrod
Jai Chandrasekhar
James M. Fee
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400

*Counsel for Plaintiffs AirConditioning
and Refrigeration Industry Health and
Welfare Trust Fund, Fire and Police
Health Care Fund, San Antonio, and
Plumbers Local Union No. 1 Welfare
Fund in Case No. 16-cv-03087*

**BARRACK, RODOS & BACINE**

*/s/ Robert A. Hoffman*
Robert A. Hoffman
Julie B. Palley
One Gateway Center, Suite 2600
Newark, NJ 07102
Telephone: (973) 297-1484

Jeffrey W. Golan
Jeffrey A. Barrack
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600

*Counsel for Plaintiff the Detectives
Endowment Association of New York City
in Case No. 16-cv-03087*

**[PROPOSED] ORDER**

IT IS SO ORDERED.

DATED:  12-1-20

**Exhibit A: Parties Subject to the Deposition Protocol**

1) **Securities Class Action**

   a) Plaintiff

      i) City of Tucson together with and on behalf of the Tucson Supplemental Retirement System

   b) Defendant

      i) PricewaterhouseCoopers LLP

2) **Opt-Out Actions**

   a) Plaintiffs

      i) 2012 Dynasty UC LCC, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-08595 (D.N.J. Apr. 30, 2018)

         2012 Dynasty UC LLC

         Flinn Investments, LLC

         Lawrence Flinn Jr. 1975 Trust FBO Adriane S. Flinn

         Lawrence Flinn Jr. 1975 Trust FBO

         LFJR 2010 GRAT Remainder Trust

         LFJR 2012 Dynasty LLC – Series A

         Lawrence Flinn, Jr. Trust FBO Marion Flinn Moulton

         Stephanie and Lawrence Flinn, Jr. Charitable Trust

         Stephanie S. Flinn Master Partnership

      ii) Bharat Ahuja, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-00846 (D.N.J. Jan. 19, 2018)

         Bharat Ahuja

         Valiant Investment Fund, L.P.

         James Oliver Emerson

         Michael Ferweda

Ron Franklin

Jody Gronowetter

Adam Palance

Allan Hakko

Lance Heitz

Badarinath Kidambi

Huaxin Li

Robert Lieberman

Sky Lucas

Davis C. Hemingway Memorial Scholarship Foundation, Inc.

Matthew Masiello

Jenish Patel

Frank Rossi

Harry Silverglide

William J. Spedding Jr.

Benjamin Stroh

A-Line Eds, Inc.

Joseph Sussman As Administrator of Sussman Sales Co. Inc. Profit Sharing Plan

Steven Sussman

Geoffrey Vlach

Jiakai Wang

Amy Whited

iii) Blackrock Global Allocation Fund, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-00343 (D.N.J. Jan. 9, 2018)

BlackRock Global Allocation Fund, Inc.

BlackRock Global Allocation V.I. Fund (US)

BlackRock Global Allocation Fun (Aust) – Acrive

Global Multi-cap Equity Fund B

BGF Global Allocation Fund – (US Portfolio)

BGF Global Dynamic Equity Fund

BGF Global Opportunities

BGF World Healthscience Fund

MassMutual Select BlackRock Global Allocation Fund

BlackRock Global Allocation Collective Fund

BlackRock Global Allocation Portfolio of BlackRock Series Fund Inc.

BlackRock Funds, BlackRock Global Long/Short Credit Fund

BlackRock Alternative Capital Strategies Fund

BlackRock Balanced Capital Portfolio

BlackRock Bank Loan Fund

BlackRock Core Bond Trust

BlackRock Corporate High Yield Fund, Inc.

BlackRock Credit Allocation Income Trust

BlackRock Credit Alpha Master Fund, L.P.

BlackRock Managed Income Fund

BlackRock Multi-Asset Income Portfolio of BlackRock Funds II

BlackRock Credit One Fund

BlackRock Credit Strategies Fund, Inc.

BlackRock Debt Strategies Fund, Inc.

BlackRock Defined Opportunity Credit Trust

Fixed Income GlobalAlpha Master Fund Ltd.

BlackRock Floating Rate Income Portfolio

BlackRock Floating Rate Income Strategies Fund, Inc.

BlackRock Floating Rate Income Trust

BlackRock Funds II, High Yield Bond Portfolio

BlackRock Global Multi Asset Income Fund High Yield Portfolio

BlackRock High Yield Portfolio of BlackRock Series Fund, Inc.

BlackRock High Yield V.I. Fund

BlackRock Limited Duration Income Trust

BlackRock Multi-Sector Income Trust

BlackRock Senior Floating Rate Portfolio

BlackRock Short Duration High Income Fund

BlackRock Total Return Fund

BlackRock Total Return V.I. Portfolio

BlackRock Strategic Income Opportunities Portfolio

BlackRock Multi-Manager Alternative Strategies Fund

Multi-Strategy Master Fund Limited

HC NCBR Fund

Global Event Partners Master Ltd.

Fixed Income Fundamental Trading Fund Eleven

55 High Yield Income Strategy Fund

55 High Yield Income Strategy Fund Series 2

55 Multi Asset Strategy Fund (HY sleeve)

AlphaCredit High Yield Bond Fund B

Alpha Credit High Yield Bond Portfolio

BGF Fixed Income Global Opportunities Fund

BGF Global High Yield Bond Fund

BGF Global Multi-Asset Income Fund Global High Yield

BGF US Dollar Bond Fund

BGF US Dollar High Yield Bond Fund

BGIS Income Strategies Portfolio

iShares $ High Yield Corporate Bond UCITS ETF

iSahres 0-5 Year High Yield Corporate Bond ETF

iShares B – Ca Rated Corporate Bond ETF

iShares Core 10+ Year USD Bond ETF

iSahres Core 1-5 Year USD Bond ETF

iShares Core Total USD Bond Market ETF

iShares Edge U.S. Fixed Income Balanced Risk ETF

iShares Global High Yield Corp Bond CHF Hedged UCITS ETF

iShares Global High Yield Corp Bond GBP Hedged UCITS ETF

iShares Global High Yield Corp Bond UCITS ETF

iShares iBoxx $ High Yield Corporate Bond ETF

iShares Short Duration High Income ETF (CAD-Hedged)

iShares U.S. High Yield Bond Index ETF (CAD-Hedged)

iShares U.S. High Yield Fixed Income Index ETF (CAD-Hedged)

iShares USD Short Duration High Yield Corporate Bond UCITS ETF

iShares US & Intl High Yield Corp Bond ETF

Master Total Return Portfolio of Master Bond LLC

Multi-Color Fund (Exclusively for Qualified Institutional Investors with Re-sale Restriction for the Japanese Investors)

Obsidian Fund (Ireland)

R3 Capital partners Master, L.P.

Relative Value Trading Account

Strategic Income Opportunities Bond Fund

U.S. Core Plus Bond Fund

U.S. High Yield Bond Index Non-Lendable Fund B

U.S. Long Corporate Bond Fund

U.S. Long Credit Bond Fund

iv) BloombergSen Partners Fund LP and BloombergSen Master Fund LP v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-07212 (D.N.J. Oct. 13, 2016)

BloombergSen Partners Fund LP

BloombergSen Master Fund LP

v) BlueMountain Foinaven Master Fund L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al., No 3:16-cv-07328 (D.N.J. Oct. 14, 2016)

BlueMountain Foinaven Master Fund L.P.

BlueMountain Guadalupe Peak Fund L.P.

BlueMountain Logan Opportunities Master Fund L.P.

BlueMountain Montenvers Master Fund SCA Sicav-Sif

BlueMountain Credit Alternatives Master Fund L.P.

BlueMountain Kicking Horse Fund L.P.

BlueMountain Long/Short Equity Master Fund L.P.

BlueMountain Timberline Ltd.

vi) The Boeing Company Employee Retirement Plans Master Trust and the Boeing Company Employee Savings Plan Master Trust v. Valeant

Pharmaceuticals International, Inc., et al., No. 3:17-cv-07636 (D.N.J. Sept. 28, 2017)

The Boeing Company Employee Retirement Plans Master Trust

The Boeing Company Employee Savings Plan Master Trust

vii) Brahman Partners II, L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-00893 (D.N.J. Jan. 22, 2018)

Brahman Partners II, L.P.

Brahman Capital Corp.

BH Investment Fund, L.L.C.

Brahman Partners II Offshore, Ltd.

Brahman Institutional Partners, L.P.

Brahman Partners III, L.P.

Brahman Partners IV, L.P.

Brahman C.P.F. Partners, L.P.

Brahman Partners IV (Cayman), Ltd.

East 71, Ltd.

viii)   Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Shares Fund 1, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-00383 (D.N.J. Jan. 10, 2018)

Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Shares Fund 1

Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Share Fund 13

Colonial First State Investments Limited As Repsonsible Entity for Commonwealth Specialist Fund 34

ix) Discovery Global Citizens Master Fund, Ltd., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-07321 (D.N.J. Oct. 14, 2016)

Discovery Global Citizens Master Fund, Ltd.

Discovery Global Focus Master Fund, Ltd.

Discovery Global Macro Master Fund, Ltd.

Discovery Global Opportunity Master Fund, Ltd.

x) Equity Trustees Limited as Responsible Entity for T. Rowe Price Global
Equity Fund v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-
cv-06127 (D.N.J. Sept. 26, 2016)

Equity Trustees Limited as Responsible Entity for T. Rowe Price Global
Equity Fund

Voya Partners, Inc., On Behalf of Vy T. Rowe Price Growth Equity
Portfolio

Jnl Series Trust

Jnl Strategic Income Fund LLC

Jackson Variable Series Trust

Dow Corning Employee Retirement Plan Master Trust

The Milliken Retirement Plan

Penn Series Funds, Inc.

Foreign & Colonial Investment Trust Plc

Minnesota Life Insurance Company

Securian Funds Trust

Conagra Foods Retirement Income Savings Plan

Conagra Foods Retirement Income Savings Plan For Hourly Rate
Production Employees

City of Tallahassee Pension Plan

Teacher Retirement System of Texas

xi) Forsta AP-Fonden, et al. v. Valeant Pharmaceuticals International, Inc., et al.,
No. 3:17-cv-12088 (D.N.J. Nov. 27, 2017)

Forsta AP-Fonden

Stichting Bedrijfstakpensioenfonds voor het Schilders

Afwerkingsen Glaszetbedrijf

Stichting PGGM Depositary

Contra Costa County Employees Retirement Association

Pacific Select Fund

Pacific Funds Series Trust

xii) GMO Trust, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-00089 (D.N.J. Jan. 3, 2018)

GMO Trust

GMO Alpha Only Fund

GMO Benchmark Free Fund

GMO Implementation Fund

GMO Developed World Stock Fund

GMO International Large/Mid Cap Equity Fund

GMO International Equity Fund

GMO Tax-Managed International Equities Fund

GMO Funds PLC

GMO Global Equity Allocation Investment Fund

GMO World Equity Allocation Investment Fund PLC

GMO Global Real Return (UCITS) Fund

GMO Offshore Master Protfolios II Ltd.

GMO Event-Driven master Portfolio

GMO Global Equity Trust

GMO Master Portfolios (Onshore), L.P.

GMO Mean Reversion Fund (Onshore)

GMO Tax-Managed Global Balanced Portfolio

GMO Mean Reversion Special Solution Fund, L.P.

xiii)   Hound Partners Offshore Fund, LP, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-08705 (Filed S.D.N.Y. Jan. 4, 2018; transferred D.N.J. April 24, 2018)

Hound Partners Offshore Fund, LP

Hound Partners Long Master, LP

Hound Partners Concentrated Master, LP

xiv)   Incline Global Master LP, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-07494 (D.N.J. Oct. 18, 2016)

Incline Global Master LP

Incline Global ELS LP

xv) Janus Aspen Series, et al., v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-07497 (D.N.J. Oct. 18, 2016)

Janus Aspen Series

Janus Aspen Balanced Portfolio

Janus Aspen Forty Portfolio

Janus Aspen Global Research Portfolio

Janus Aspen Janus Portfolio

Janus Capital Funds PLC

Janus Capital Funds PLC Janus High Yield Fund

Janus Capital Funds PLC Janus Balanced Fund

Janus Capital Funds PLC Janus Global High Yield Fund

Janus Capital Funds PLC Janus Global Life Sciences Fund

Janus Capital Funds PLC Janus Global Research Fund

Janus Capital Funds PLC Janus US Fund

Janus Capital Funds PLC Janus US Twenty Fund

Janus Institutional Concentrated Growth Portfolio

Janus Investment Fund

Janus Balanced Fund

Janus Forty Fund

Janus Fund

Janus Global Life Sciences Fund

Janus Global Research Fund

Janus High-Yield Fund

Janus Capital Group Inc.

Concentrated Growth Management Account

Janus Global Life Sciences Managed Account

xvi)   Lord Abbett Investment Trust, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:17-cv-06365 (D.N.J. Aug. 23, 2017)

Lord Abbett Investment Trust - Lord Abbett Short Duration Income Fund

Lord Abbett Bond-Debenture Fund, Inc.

Lord Abbett Investment Trust - Lord Abbett high Yield Fund

Lord Abbett Series Fund - Bond Debenture Portfolio

Lord Abbett Investment Trust - Lord Abbett Inflation Focused Fund

Lord Abbett Investment Trust - Total Return Fund

Lord Abbett Investment Trust - Lord Abbett Income Fund

Lord Abbett Passport Portfolios Plc - Lord Abbett Short Duration Income Fund

Lord Abbett Passport Portfolios Plc - Lord Abbett High Yield Fund

Lord Abbett Series Fund - Total Return Portfolio

Lord Abbett Passport Portfolios Plc - Lord Abbett Multi Sector Income Fund

Lord Abbett Short Duration Credit Trust

Lord Abbett Series Fund - Short Duration Income Portfolio

Lord Abbett Passport Portfolios Plc - Lord Abbett Strategic Income Fund

Lord Abbett Passport Portfolios Plc - Lord Abbett Total Return Fund

xvii)   MSD Torchlight Partners, L.P., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-07324 (D.N.J. Oct. 14, 2016)

MSD Torchlight Partners, L.P.

MSD Torchlight Partners (MM), L.P.

xviii)   Northwestern Mutual Life Insurance Co., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:18-cv-15286 (D.N.J. Oct. 24, 2018)

Northwestern Mutual Life Insurance Co.

Northwestern Mutual Series Fund, Inc. – High Yield Bond Portfolio

Northwestern Mutual Series Fund, Inc. – Research International Core Portfolio

xix)   Okumus Opportunistic Value Fund, Ltd. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:17-cv-06513 (D.N.J. Aug. 29, 2017)

Okumus Opportunistic Value Fund, Ltd.

xx) Pentwater Equity Opportunities Master Fund Ltd., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:17-cv-07552 (D.N.J. Sept. 27, 2017)

Pentwater Equity Opportunities Master Fund Ltd

Pentwater Event Driven Cayman Fund Ltd

Pentwater Merger Arbitrage Master Fund Ltd

PWCM Master Fund Ltd

Oceana Master Fund Ltd

LMA SPC for an on behalf of MAP 98 Segregated Portfolio

xxi)   Principal Funds, Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-06128 (D.N.J. Sept. 27, 2016)

Principle Funds, Inc.

Principal Variable Contracts Funds, Inc.

xxii)   The Prudential Insurance Company of America, et al. v. Valeant
Pharmaceuticals International, Inc., et al., No. 3:18-cv-01223 (D.N.J. Jan. 29,
2018)

Prudential Financial, Inc.

The Prudential Insurance Company of America

Prudential Legacy Insurance Company of New Jersey

Pruco Life Insurance Company

Prudential Arizona Reinsurance Universal Company

Prudential Annuities Life Assurance Corporation

Pru Trust Company Collective Trust

Prudential Global Investment Management, Inc. (f/k/a Prudential
Investment Management, Inc.)

Advanced Series Trust

Prudential Investment Portfolios, Inc.

Prudential Investment Portfolios 3

Prudential Investment Portfolios, Inc. 10

Prudential Investment Portfolios, Inc. 15

Prudential Investment Portfolios 16

Prudential Investment Portfolios, Inc. 17

Prudential Investment Portfolios 18

Prudential Jennison Mid-Cap Growth Fund, Inc.

Prudential Sector Funds, Inc.

Prudential Jennison Blend Fund, Inc.

The Prudential Series Fund

Prudential Bank and Trust

Prudential Retirement Insurance and Annuity Company

Vailsburg Fund LLC

The Target Portfolio Trust

xxiii)   The Regents of the University of California v. Valeant Pharmaceuticals International, Inc., et al., No. 3:17-cv-13488 (D.N.J. Dec. 21, 2017)

The Regents of the University of California

xxiv)   State Board of Administration of Florida v. Valeant Pharmaceuticals International, Inc., et al., No. 3:17-cv-12808 (D.N.J. Dec. 7, 2017)

State Board of Administration of Florida

xxv)   T. Rowe Price Growth Stock Fund Inc., et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:16-cv-05034 (D.N.J. Aug. 15, 2016)

T. Rowe Price Growth Stock Fund, Inc.

T. Rowe Price Blue Chip Growth Fund, Inc.

T. Rowe Price Institutional Large-Cap Growth Fund, A Series of T. Rowe Price Institutional Equity Funds, Inc.

T. Rowe Price Health Sciences Fund, Inc.

T. Rowe Price Growth Stock Trust

T. Rowe Price Blue Chip Growth Trust

T. Rowe Price Value Fund, Inc.

T. Rowe Price Institutional Large-Cap Core Growth Fund, A Series Of T. Rowe Price Institutional Equity Funds, Inc.

T. Rowe Price Funds Sicav On Behalf of its Subfund, T. Rowe Price Funds Sicav-US Large Cap Growth Equity Fund

T. Rowe Price Blue Chip Gorwth Portfolio, a Series of T. Rowe Price Equity Series, Inc.

T. Rowe Price Health Sciences Portfolio, A Series of T. Rowe Price Equity Series, Inc.

T. Rowe Price U.S. Equities Trust

T. Rowe Price New America Growth Fund

T. Rowe Price Funds Sicav On Behalf of its Subfund, T. Rowe Price Funds Sicav-US Blue Chip Equity Fund

T. Rowe Price U.S. Value Equity Trust

T. Rowe Price Balanced Fund, Inc.

T. Rowe Price Personal Strategy Growth Fund, A Series of T. Rowe Price Personal Strategy Funds, Inc.

T. Rowe Price Personal Strategy Balanced Fund, A Series of T. Rowe Price Personal Strategy Funds, Inc.

T. Rowe Price Personal Strategy Income Fund, A Series of T. Rowe Price Personal Strategy Funds, Inc.

T. Rowe Price Funds Sicav On Behalf of its Subfund, T. Rowe Price Funds Sicav-Global Growth Equity Fund

T. Rowe Price Institutional Global Growth Equity Fund, A Series of T. Rowe Price Institutional International Funds, Inc.

T. Rowe Price U.S. Large-Cap Core Growth Equity Pool

T. Rowe Price Global Gorwth Stock Fund, a Series of T. Rowe Price International Funds, Inc.

T. Rowe Price Personal Strategy Balanced Portfolio, A Series of T. Rowe Price Equity Series, Inc.

T. Rowe Price New America Growth Portfolio, a Series of T. Rowe Price Equity Seires, Inc.

T. Rowe Price Global Growth Equity Pool

Alleghany Corporation

Alleghany Insurance Holdings LLC

Capitol Indemnity Corporation

Capitol Specialty Insurance Corporation

Pacific Compensation Insurance Company

Platte River Insurance Company

Rsui Indemnity Company

Transatlantic Reinsurance Company

xxvi)   VALIC Company I, et al. v. Valeant Pharmaceuticals International, Inc. et al., No. 3:16-cv-07496 (D.N.J. Oct. 18, 2016)

VALIC Company I

VALIC Company II

Sunamerica Senior Floating Rate Fund, Inc.

Garrett F. Bouton, Carl D. Covitz, Peter A. Harbeck, Jane Jelenko, Gilbert T. Ray, Allan L. Sher and Bruce G. Willison as trustees of the Sunamerica Series Trust and Seasons Series Trust

Dr. Judith L. Craven, William F. Devin, Richard W. Grant, Stephen J. Gutman and Peter A. Harbeck as trustees of Sunamerica Income Funds

xxvii)  Maverick Neutral Levered Fund, Ltd, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 3:19-cv-18473 (D.N.J. Feb. 28, 2020)

Maverick Neutral Levered Fund, Ltd.

Maverick Fund, L.D.C.

Maverick Fund II, Ltd.

Maverick Long Enhanced Fund, Ltd.

Maverick Long Fund, Ltd.

Maverick Select Fund, Ltd.

Maverick Fund USA, Ltd.

xxviii) James M. Templeton, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 20-cv-05478 (D.N.J. May 3, 2020)

James M. Templeton, individually and as trustee for the James M. Templeton Revocable Trust

Donna T. Sharman, individually and as trustee for the Donna T. Sharman Trust

Peter A. R. Sharman, individually and as trustee for the Peter A. R. Sharman Revocable Trust

Bahaa Aly

Tina Davis

Philip Garland

Erinch Ozada

Tim Lao

Tsong-Toh Yang

xxix)  GIC Private Ltd. v. Valeant Pharmaceuticals International, Inc., No. 2:20-cv-07460 (D.N.J. June 18, 2020)

GIC Private Ltd.

xxx)  USAA Mutual Funds Trust, et al. v. Valeant Pharmaceuticals International, Inc., et al., No. 2:20-cv-07462 (D.N.J. June 17, 2020)

USAA Mutual Funds Trust on behalf of its series USAA Aggressive Growth Fund, USAA Cornerstone Aggressive Fund, USAA Cornerstone Moderate Fund, USAA Cornerstone Moderately Aggressive Fund, USAA Moderately Conservative Fund, USAA Flexible Income Fund, USAA High Income Fund, USAA Income Fund, and USAA International Fund

Internationale Kapitalanlagegesellschaft mbH

b)  Defendants

i)  Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.)

ii)  J. Michael Pearson

iii) Howard Schiller

iv) Robert L. Rosiello

v)  Deborah Jorn

vi) Ari S. Kellen

vii) Tanya Carro

viii)   PricewaterhouseCoopers LLP

3)  **Third-Party Payor Action**

a)  Plaintiffs (subject to footnote 1, above)

      i)   AirConditioning and Refrigeration Industry Health and Welfare Trust Fund

      ii)  Fire and Police Health Care Fund, San Antonio

      iii) Plumbers Local Union No. 1 Welfare Fund

      iv) New York Hotel Trades Council & Hotel Association of New York City, Inc. Health Benefits Fund

      v)  Detectives Endowment Association of New York City

b) Defendants

      i)   Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.)

      ii)  Philidor Rx Services, LLC

      iii) Andrew Davenport

      iv) Estate of Matthew Davenport

**Exhibit B: Deposition Background Questionnaire**

Please answer the following questions completely and accurately to the best of your recollection.  If a question does not apply, please state "n/a".  Please do not leave any questions blank.  If you need extra space to answer any of the questions, please use additional sheets of paper and indicate the number and letter of the question you are answering.  If you wish, you may enclose a resume, professional biography, or curriculum vitae, and to the extent that document contains information answering some or all of any question, you may reference that document in answering the question instead of restating the information contained there.

1. Please provide the following information:

   A. Please state your name.

   B. Please state each post-secondary educational institution you attended, the degree(s), if any, you obtained from that institution, the year you received it, and any major, concentration, or specialization.

   C. Please list any professional license you hold or have held (including any accounting license, securities license, or admission to practice law in any jurisdiction); the licensing jurisdiction, and the dates you have held the license.

   D. Please list each full-time position you have held for at least one year, dating from your graduation from college or completion of pre-college education to the present, excluding any position held at any party entity or affiliate.  For each position, please state your dates of

employment, your employer, the city of your workplace, and each title you held.

2. Please answer the following questions for each position you held at any party entity or affiliate, in chronological order:

    A.    State the entity, department, business unit, operating segment and/or subsidiary you were employed by, and the location where you worked.

    B.    State your initial title and any changes in title thereafter.

    C.    State your dates of employment and the dates you held different titles.