**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAVERICK NEUTRAL LEVERED FUND, LTD., ET AL. v. VALEANT PHARMACEUTICALS INTERNATIONAL, INC., ET AL. | **ORDER**<br><br>Civil Action No. 20-02190 (MAS) (LHG) |

This matter comes before the Court upon the Court's review of correspondence submitted by all parties in the above referenced matter. (No. 20-cv-02190, ECF No. 10). The correspondence confirmed Plaintiffs' and Defendants' consent to referring the above referenced matter to the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.) as special master (the "Special Master") pursuant to Federal Rule of Civil Procedure 53 ("Rule 53").[1] Based on the parties' consent, and the representation that the above referenced action is related to *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 15-cv-07658 (D.N.J.), the Court has found that appointment of the Special Master to oversee and manage the above referenced matter would be appropriate.

The Court therefore finds as follows:

1. Pursuant to Rule 53(a)(1)(A), the parties have consented to appointment of the Special Master, and pursuant to Rule 53(a)(1)(C), a special master is necessary to "address pretrial . . . matters that cannot be effectively and timely addressed by" the Court.

2. Judge Dennis M. Cavanaugh, U.S.D.J. (ret.), is well qualified for appointment as special master because he served the District of New Jersey as a District Judge for fourteen years and as a Magistrate Judge for seven years and is currently overseeing related litigation as Special Master pursuant to the Court's September 10, 2019 order.

---

[1] All references to a Rule herein are references to a Federal Rule of Civil Procedure.

3. In accordance with Rule 53(b)(3), Judge Cavanaugh submitted an affidavit to the Court attesting that pursuant to 28 U.S.C. § 455, no grounds for disqualification exist. (No. 20-cv-02190, ECF No. 23).

4. Based on Judge Cavanaugh's affidavit, the Court is satisfied that there are no grounds for disqualification under 28 U.S.C. § 455.

For the foregoing reasons, and other good cause shown,

**IT IS** on this 7th day of Dec. 2020, **ORDERED** as follows:

1. Judge Dennis M. Cavanaugh, U.S.D.J. (ret.), is hereby appointed as a Special Master in the action listed above.

2. The Special Master is appointed to complete the following tasks:

    a. address and resolve all pending and future discovery disputes;

    b. address all pending and future motions pursuant to Rules 12, 15, 23, 50, 56, and all other pre-trial motions; and

    c. when appropriate, facilitate settlement discussions among the parties.

3. The Special Master shall proceed with all reasonable diligence in completing the tasks assigned by this Order.

4. By **December 21, 2020**, the Special Master shall inform the parties of his and, if applicable, his Associate's rates.

5. The parties agree that this matter is related to *In re: Valeant Pharmaceuticals International, Inc., Securities Ligation*, Master No. 15-cv-7658 (D.N.J.) and therefore subject to Case Management Order No. 1 (ECF No. 369) therein, which provides that all related matters shall be coordinated with that action for pretrial purposes. The Clerk, accordingly, shall administratively terminate this matter. Upon an appropriate application, the Court will reopen this matter.

6. The Special Master, at his sole discretion, may coordinate with the Special Master in *Valeant Pharmaceuticals International, Inc. v. AIG Insurance Company of Canada*, No. 18-cv-00493 (D.N.J.), so long as said coordination does not violate the rights of any party or non-party.

7. The Special Master shall decide all discovery disputes and non-dispositive issues and issue appropriate written orders regarding the same. Pursuant to Rule 53(f)(1), (2), the parties may object to, move to adopt, or move to modify an order pursuant to this paragraph within 21 days of the day the order is entered on CM/ECF. Any party opposing the objection or motion shall file a responsive brief within 14 days of the day the objection or motion is filed. The moving party may file a reply to any opposition within seven days of the day the opposition was filed. The Honorable Lois H. Goodman, U.S.M.J., shall resolve any objections or motions pursuant to this paragraph. The parties may appeal any decision by Judge Goodman pursuant to this paragraph according to the procedures provided for in Local Civil Rule 72.1(c)(1).

8. The Special Master shall issue proposed findings of fact and reports and recommendations (collectively, "R&R") on all dispositive issues. Pursuant to Rule 53(f)(1), (2), a party or non-party may object to, move to adopt, or move to modify an R&R within 21 days of the day the R&R is entered on CM/ECF. The Undersigned shall perform a *de novo* review of those portions to which a specific objection is made and may accept, reject, or modify, in whole or in part, the R&R. Appeals of an order by the Special Master or an R&R shall be reviewed according to the following standards of review: findings of fact shall be reviewed *de novo*, conclusions of law shall be reviewed *de novo*, and rulings on procedural and non-dispositive matters shall be reviewed for abuse of discretion.

9. The Special Master shall maintain a complete record of the evidence considered in making or recommending findings of fact.

10. All substantive hearings before the Special Master shall be stenographically recorded by a court reporter, subject to the Special Master's preferences and the agreement of the parties. The court reporter shall provide the Special Master a copy of the transcript. The Special Master shall preserve the transcript and provide it to the Court upon the Court's request. Expenses related to the court reporter shall be considered expenses of the Special Master and reimbursed according to paragraph 18 below.

11. The Special Master may employ up to three Associates to assist in completion of the tasks assigned by this Order. Any Associates employed pursuant to this paragraph do not exercise the powers of the Special Master. Prior to beginning work on this matter, any Associate employed pursuant to this paragraph must submit a Declaration attesting that no grounds exist for disqualification pursuant to 28 U.S.C. § 455. Any Associate employed pursuant to this paragraph must be a member of the New Jersey Bar in good standing.

12. The parties shall provide the Special Master with any protective order and confidentiality order in force in the above referenced matter. The Special Master may consent to be bound by the same, and the Special Master's consent shall not be unreasonably withheld. Disclosure of privileged or protected information or materials to the Special Master or an Associate shall not be considered a waiver of any applicable privilege or confidentiality agreement in the above referenced matter or any other action or proceeding.

13. The Special Master and Associate(s) shall enjoy the same protections from being compelled to give testimony and from liability and damages as those enjoyed by other federal judicial adjuncts performing similar functions.

14. The Special Master shall have the sole discretion to determine the appropriate procedure for resolution of all assigned tasks and shall have the authority to take all appropriate measures to perform the assigned tasks. The Special Master's procedures shall comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and any applicable statute or regulation.

15. The Special Master may impose upon a party any sanction, other than contempt, provided for by Rules 37 or 45, and may recommend a contempt sanction against a party and a sanction against a non-party.

16. The parties and their counsel shall not engage in any *ex parte* communication with the Special Master and the Special Master shall not engage in *ex parte* communication with any of the parties or their counsel, except the Special Master, the parties or their counsel may communicate *ex parte* regarding administerial matters. These same restrictions apply to communications with an Associate working with the Special Master.

17. The Special Master may communicate *ex parte* with the Court at the Special Master's discretion and the Court may communicate *ex parte* with the Special Master at the Court's discretion.

18. The Special Master shall be paid at a reasonable rate per hour for work reasonably and efficiently complete pursuant to this Order. The Special Master shall be reimbursed for all reasonable expenses incurred. The Special Master shall keep contemporaneous records of time and services rendered, using 1/10-hour minimum billing units, and expenses. The records must identify for which matter the services were rendered or expenses incurred. The Special Master shall submit such reimbursement requests on a monthly basis, via e-mail message, beginning in February 2020, to the Court and to the parties in the format prescribed by Local Civil Rule 54.2. The parties shall have 10 days to file specific objections to any portion of the reimbursement request. If no objection is filed, the parties shall have 30 days from receipt of the request to reimburse the Special Master. If an objection is filed, the parties shall have 30 days from receipt of the reimbursement request to reimburse the Special Master for all uncontested portions of the reimbursement request. After providing the Special Master a reasonable opportunity to respond to the objections, the Undersigned will review any objections to a reimbursement request and enter an order determining the final amount of reimbursement. This paragraph shall also apply to any Associates employed by the Special Master.

19. The Plaintiffs shall pay 50% of the Special Master's monthly reimbursement request attributable to the above captioned action (and shall meet and confer with other plaintiffs' counsel regarding such reimbursement, as necessary), and the Defendants shall pay 50% of the Special Master's monthly reimbursement request. Valeant's counsel shall meet and confer with other defendants' counsel to apportion each defendant's share of the Special Master's monthly reimbursement request.

_____
HONORABLE MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE