Jerome J. Froelich, Jr.
McKenney & Froelich
One Midtown Plaza, Suite 910
1360 Peachtree Street
Atlanta, Georgia  30309-2920
(404) 881-1111

*Counsel for Cathy Lochridge*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>This Document Relates TO:<br><br>Case No. 3:15-cv-07658-MAS-LHG | Master No. 3:15-cv-07658-MAS-LHG<br><br><u>CLASS ACTION</u><br><br>Judge Michael A. Shipp<br><br>Magistrate Judge Lois H. Goodman<br><br>Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.)<br><br>Motion Date: February 1, 2021 |

## LOCHRIDGE'S REPLY IN SUPPORT OF HER MOTION TO RECONSIDER DENIAL OF MOTION OF ATTORNEY ROBERT CLORE FOR PRO HAC VICE ADMISSION

TABLE OF CONTENTS

I.     Class counsels' opposition relies on objectively false statements. ....................1

II.    This case is unlike *Cole v. Nibco*. ....................................................................7

III.   Lochridge's objection cannot be construed as even approaching frivolous. .....8

IV.    The court overlooked controlling authority and other matters. .......................10

V. The Court should not entertain class counsels' proposed unauthorized fishing
   expedition. ......................................................................................................13

CONCLUSION ...........................................................................................................15

TABLE OF AUTHORITIES

<u>Cases</u>

*In re Equifax*, 1:17-md-08200, Dkts. 1027 (N.D. Ga. Mar. 17, 2020).....................5

*Chambers, et al. v. Whirlpool Corp.*, 214 F. Supp. 3d 877 (C.D. Cal. 2017) ................................................................................................................6

*Chambers, et al. v. Whirlpool Corp.*, 980 F.3d 645 (9th Cir. Nov. 10, 2020) ................................................................................................................6

*Cole v. Nibco*, No. 3-13-cv-07871, Dkt. 223 (D.N.J Apr. 5, 2019) .......................7

*Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190 (3d Cir.2000) ..........................9

*In re Baby Prod. Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013)................................9

*In re Cendant Corp. Prides Litig.*, 243 F.3d 722 (3d Cir. 2001).............................8

*In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir 2001) .........................................8

*In re Syngenta AG MIR 162 Corn Litig.*, 14-md-2591-JWL (D. Kan.), Dkt. 4278 at 3 ................................................................................................6

*Izzo v. Twp. of Raritan*, No. CV 15-1262(MAS)(TJB), 2015 WL 6524343 (D.N.J. Oct. 28, 2015)......................................................................10

*Kalmanovitz v. G. Heileman Brewing Co.*, 610 F. Supp. 1319 (D. Del. 1985) .........................................................................................................12

*Kohlmayer v. AMTRAK*, 124 F. Supp. 2d 877 (D.N.J. 2000)................................11

*Lazaridis v. Wehmer*, 591 F.3d 666 (3d Cir. 2010) ..............................................10

*Lehman v. Kornblau,* 206 F.R.D. 345 (E.D.N.Y.2001)..........................................14

*Messler v. Cotz*, No. 14-6043 (FLW), 2017 WL 1458196, at *3 (D.N.J. Apr. 24, 2017) ..................................................................................2

*Natl. W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, A-09-CA-711 LY, 2010 WL 5174366, at *2–4 (W.D. Tex. Dec. 13, 2010) ............................................15

*Nguyen v. Excel Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) ...................................14

*Peterson v. Farrakhan*, 2:03 CV 319, 2009 WL 1543600 (N.D. Ind. June 2, 2009)........................................................................................14

*Rohm & Haas Co. v. Am. Cyanamid Co.,* 187 F.Supp.2d 221 (D.N.J. 2001) ...........................................................................................................10

*Sowers v. Freightcar Am., Inc.*, CIV. A. 3:2007-201, 2008 WL 4949039 (W.D. Pa. Nov. 19, 2008) ...................................................................14

*Taggart v. Wells Fargo Home Mortg., Inc.*, 10-CV-00843, 2012 WL
    4462633 (E.D. Pa. Sept. 27, 2012) ....................................................14

*Theriot v. Parish of Jefferson,* 185 F.3d 477, 491 (5th Cir. 1999) .........................14

*Wyeth v. Abbott Labs.*, 692 F. Supp. 2d 453 (D.N.J. 2010)....................................12

## Rules

N.J. L. Civ. R. 7.1 ..........................................................................................10

Model R. Prof'l Cond. 5.5 .............................................................................3

## Other Authorities

Ryan Boysen, Ex-NFLers Blast Seeger Weiss for Concussion
    Holdback Fees, Law360 (July 30, 2020)............................................11

Sheilla Dingus, Why Does Chris Seeger Sound More Like a
    Mouthpiece for the NFL than Advocate for Players in the
    Concussion Settlement, Advocacy for Fairness in Sports (Apr. 6,
    2018) .................................................................................................11

Class counsels' opposition of Ms. Lochridge's counsel illustrates why Ms. Lochridge's choice of counsel is so important. Class counsel will do anything to protect their oversized $157.3 million fee, including lodging a tirade of false statements about Ms. Lochridge and her counsel, Mr. Froelich and Mr. Clore. Many of their attacks are not responsive to arguments in Lochridge's motion, nor were they part of the Court's order denying attorney Clore's admission. They serve only to malign Ms. Lochridge and her counsel and distract from the legitimate issues raised in the motion. Class counsel's purpose is to intimate Ms. Lochridge and the counsel of her choice.

## I. Class counsels' opposition relies on false statements.

The following statements in class counsels' opposition are clearly false and support counsel's position that class counsel is trying to prevent Ms. Lochridge from hiring experienced, successful and effective counsel. Class counsel's misrepresentations are flagrant.

**Misrepresentation # 1:** "Clore does not dispute that he is acting as a conduit for Bandas. See Mot. at 10."[1]

**Actual Facts:** That statement is objectively false and class counsel knew it when they made it. Mr. Clore's declaration provides as follows: "Along with Jerome J. Froelich, Jr., I represent class member Cathy Lochridge in the above-

---

[1] Class counsel cite the motion for reconsideration, which was filed by Froelich on behalf of Lochridge.

styled litigation. The representation agreement with Ms. Lochridge indicates that <u>I am her attorney</u>, and further indicates that Mr. Froelich has been retained as local counsel and that <u>we each agree to assume joint responsibility for her representation, which we both have</u>. Both Mr. Froelich and I have conferred with Ms. Lochridge in support of her objection, and together we have worked diligently in preparing the papers supporting her objection." Dkt. 565 ¶ 2 (emphasis added). Mr. Froelich also testified that "Mr. Clore and I are working closely together on behalf of Ms. Lochridge in support of her objection and <u>are not acting at the direction of anyone</u>." Dkt. 566 at 3 (emphasis added); *see also* Dkt. 644-2 ¶ 2. As noted in the motion for reconsideration, "the undisputed evidence" is "that Mr. Froelich and Mr. Clore, *not Mr. Bandas*, are directing Ms. Lochridge's representation. Dkt. 566 at 3…. Mr. Clore drafted the objection, while Mr. Froelich reviewed, edited, and made additions to it along with all papers filed on behalf of Lochridge. Dkt. 566 at 3. There is no evidence to the contrary." Dkt. 644 at 3 (emphasis original). Neither Mr. Clore nor Mr. Froelich are acting as a conduit for Mr. Bandas, and there is no reasonable way to read the testimony as anything other than an outright denial of class counsels' false allegation.

**Misrepresentation # 2:** "Clore's failure to explain Bandas's role or distinguish those cases is a concession that Bandas is operating through Clore to engage in the unauthorized practice of law. *See* ECF No. 558 at 21-26 (raising

Bandas's failure to seek admission); ECF No. 571 at 1-2 (same); *Messler v. Cotz*, No. 14-6043 (FLW), 2017 WL 1458196, at *3 (D.N.J. Apr. 24, 2017) (holding that by failing to respond, party "concedes this point."), *aff'd*, 784 F. App'x 70 (3d Cir. 2019)." Opp. at 8.

**Actual Facts:** As noted *supra*, Lochridge's motions and Mr. Clore and Mr. Froelich's declarations make clear that they, and not Mr. Bandas, are directing Lochridge's representation. Dkt. 565 ¶ 2; Dkt. 566 at 3; Dkt. 644 at 3. There is no evidence to the contrary. Lochridge's pleadings and supporting evidence explain that Bandas is not directing the litigation, and they refute the false allegations class counsel continue to make. The undisputed evidence is that Mr. Clore and Mr. Froelich are directing Lochridge's representation and have prepared and were responsible for all paperwork in the case. *Id.*

There was no concession, affirmative or by omission, that Mr. Bandas is operating through Mr. Clore to engage in the unauthorized practice of law as class counsel recklessly state.[2] Ms. Lochridge has refuted that specious allegation repeatedly. Dkt. 564 at 2-3; Dkt. 572 at 1-4; Dkt. 604 at 4-5. Class counsel's failure even to cite the applicable rule, and certainly to grapple with it, continues to expose the argument as baseless. Model R. Prof'l Cond. 5.5(c)(1),(2) (allowing

---

[2] Of course, since the court's order denying admission did not make any finding of unauthorized practice of law, there was no obligation for Lochridge to refute the baseless allegation again.

attorney from another jurisdiction to provide legal services on a temporary basis that are "undertaken with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter" or "if the lawyer or a person the lawyer is assisting, is authorized by law or order to appear in such proceeding or reasonably expects to be so authorized"). As a reminder, class counsel submitted lodestar from multiple attorneys who did not seek admission *pro hac vice* and are not admitted to the District of New Jersey. Dkt. 564 at 3-4; Dkt. 572 3-4. For example, Frank Johnson of Johnson Fistel, who is not admitted in the District of New Jersey and did not move for *pro hac vice* admission before this Court, billed 85.2 hours in the case. Dkt. 539-47. Class counsel say he is excused "because he is not running this case and his firm's work has been at the direction of Court-appointed Lead Counsel." Dkt. 567-1 at 3. Here, the undisputed evidence is that Mr. Clore and Mr. Froelich are jointly running this case and their work has been at their own direction. Dkt. 565 ¶ 2; Dkt. 566 at 3; Dkt. 644 at 3.

Under class counsels' own logic, every attorney making up class counsel either engaged in the unauthorized practice of law or aided and abetted in it. Of course, the Court's order denying admission did not indicate Bandas engaged in the unauthorized practice of law. Rightly so. He didn't.

Further, Lochridge *did* distinguish cases critical of Mr. Bandas. As explained in the motion, this is not a case where it can be said that the Bandas Law Firm is

hiding behind local counsel. Mr. Clore is attempting to put himself before the Court.

**Misrepresentation #3:** Class counsels' statement that Mr. Froelich has been involved with filing "meritless objections" before. Opp. at 8**.**

**Actual Facts:** That is false. No court has ever found that Mr. Froelich has filed a frivolous objection. Including Ms. Lochridge's objection, the four objections Mr. Froelich has filed on behalf of class members have all been good-faith, meritorious objections. Not only did the court in *Cross v. Wells Fargo* not find the objection meritless, but it reduced class counsel's excessive request for attorney's fees consistent with the objection of the client. No. 1:15-cv-01270, Dkt. 103 at 7 (N.D. Ga. Feb. 10, 2017). Though the district court overruled the objection in *Markos v. Wells Fargo Bank NA*, it never found the objection "meritless." No. 1:15-cv-01156, Dkt. 90 (N.D. Ga. Jan. 30, 2017). The court in *Equifax* found that *every* objection filed by class members represented by counsel (there were many) lacked merit, and in some cases were made in bad faith. The objection filed by Froelich was not one found to be in bad faith. And the court even removed critical language against Mr. Clore from the order while leaving it in as against other counsel. *In re Equifax*, 1:17-md-08200, Dkt. 1027 (N.D. Ga. Mar. 17, 2020) (granting motion to amend); Dkt. 1029 (removing language critical of Mr. Clore contained on p. 111 of Dkt. 956). Further, one of the bases of the client's

appeal in *Equifax* (still pending in the Eleventh Circuit) is that the district court ostensibly adopted verbatim the proposed order drafted by class counsel, including *ad hominem* language against the objectors. *Huang v. Spector*, Appeal No. 20-10249-RR, Appellant's Brief filed by Mr. Clore (Sept. 4, 2020). Mr. Clore and Mr. Froelich believe that the Eleventh Circuit will vacate the district court's order in *Equifax* just as the Ninth Circuit recently vacated the *Whirlpool* opinion cited by this Court in its order denying Mr. Clore's admission. Order at 7 (citing *Chambers, et al. v. Whirlpool Corp.*, 214 F. Supp. 3d 877, 891 (C.D. Cal. 2017), reversed by *Chambers, et al. v. Whirlpool Corp.*, 980 F.3d 645, 657-669 (9th Cir. Nov. 10, 2020).

**Misrepresentation #4:** Class counsel represent that Mr. Froelich concealed Mr. Clore's affiliation with the Bandas Law Firm in a meet and confer letter regarding the motion for *pro hac vice* admission. Opp. at 9

**Actual Facts:** That is false. Around five months before Mr. Froelich's May 2020 letter, Mr. Seeger argued that Mr. Clore and the Bandas Law Firm provided both monetary and non-monetary benefits to a settlement class in a case in which Mr. Seeger served as class counsel in the District of Kansas. *In re Syngenta AG MIR 162 Corn Litig.*, 14-md-2591-JWL (D. Kan. Dec. 9. 2019), Dkt. 4278 at 3, 6. Mr. Froelich was aware of this fact when he wrote to class counsel and knew that class counsel knew that Mr. Clore was a member of the Bandas Law Firm. They

also would have known about the injunction in the *Edelson v. Bandas* case, to which Mr. Clore was not a party, because, as Mr. Seeger has done in this case, he cited it in *Syngenta* to obfuscate a meritorious objection. *Syngenta*, Dkt. 3798 at 13 n. 3.

Meanwhile, class counsel informed Mr. Froelich they would oppose the motion, and the motion for admission advised the Court of the same. Dkt. 551 at 2. The motion for Mr. Clore's admission attached and disclosed the injunction and disclosed the prior denial of Mr. Clore's admission *pro hac vice*. Dkt. 551-1 at 5, 7 & Ex. A. With class counsel fully aware of Mr. Clore's employment with the Bandas Law Firm and his successful record in defeating excessive attorneys' fees awards, class counsel's vigorously opposed his admission to enhance their chances of winning excessive attorney fees.[3]

## II.   This case is unlike *Cole v. Nibco.*

Class counsel suggest the one instance of a court denying Mr. Clore's *pro hac vice* admission supports the denial here. The denial in *Cole v. Nibco* was based on prior judicial criticisms of Mr. Bandas and an omission from a list of objections required in that case. Dkt. 551-1, Ex. A. Even though Mr. Clore started working for the firm in 2016 and the omitted objection was filed in 2012 and was no longer a part of the firm's records, the court found the error cause for concern given the

---

[3] Mr. Clore disclosed this Court's December 21, 2020 order denying his *pro hac vice* admission to the New Jersey Board of Law Examiners.

criticisms against Mr. Bandas. *Cole v. Nibco*, No. 3-13-cv-07871, Dkt. 223 (D.N.J Apr. 5, 2019); *see also* Dkt. 214-1 at 3-4.

There was no similar omission here nor is there any legitimate argument that the 21-page objection replete with Third Circuit authority is meritless or brought in bad faith. Dkt. 546. Class counsel cannot dispute that since the objection only challenges fees, and not the settlement itself, it is indisputably *not* part of a pattern of "obstruct[ing] settlements." Order at 8; *see also* Settlement, Dkt. 539-5 at ¶ 6.4 (segregating settlement approval from attorneys' fees). The only thing that can come from Mr. Clore's admission is more settlement proceeds flowing to the class. Nor can class counsel dispute that any objector attorneys' fees can only come through written order approved by this Court under amended Rule 23(e)(5).

### III.   Lochridge's objection cannot be construed as even approaching frivolous.

To be sure, when the Special Master overruled Lochridge's objection,[4] he did not find it to be frivolous or brought in bad faith. Dkt. 575 at 27. In fact, he declined to reach the personal attacks lodged by class counsel and addressed the merits of Lochridge's complaint, albeit erroneously. *Id.*

Class counsel continue to falsely assert that Lochridge's objection called for application of the lodestar method. Dkt. 650 at 9-10. Not true. She called for

---

[4] The Special Master, relying on class counsels' mischaracterization, also erroneously believed Lochridge called for application of the lodestar method. Dkt. 575 at 27.

emphasis on the lodestar as a cross-check to the percentage, which is something the Third Circuit finds significant in the context of large class action settlements. Dkt. 546 at 13 (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 285 (3d Cir 2001); *In re Cendant Corp. Prides Litig.*, 243 F.3d 722, 742 (3d Cir. 2001)). Lochridge brought the *American Realty* opinion to the Court's attention not to advocate the fee methodology applied in the Southern District of New York, but to put the $157.3 million fee request in context. Dkt. 546 1-2, 7-10. Because there are a limited number of billion-dollar securities settlements, it was imperative for the Court to be aware of a recent and comparable settlement in which Robbins Geller received a far lesser fee for better results. *Id*. at 1-3.

The fact that *American Realty* was in the Second Circuit is beside the point. Certainly, class counsel cited opinions from the Second Circuit liberally where they have supported their positions. Dkt. 539-2 (class counsel citing 10 opinions from either the Southern District of New York or the Second Circuit in support of their fee motion). Considering *Gunter* factor 7 requires consideration of "awards in similar cases"[5] and there are a limited number of billion-dollar securities settlements, it was inexcusable for class counsel not to cite *American Realty* to the Court. Their suggestion that Lochridge's counsel did something improper by bringing it to the Court's attention is abject irony.

---

[5] *In re Baby Prod. Antitrust Litig.*, 708 F.3d 163, 177 (3d Cir. 2013) (citing *Gunter v. Ridgewood Energy Corp.,* 223 F.3d 190, 195 n. 1 (3d Cir.2000)).

9

Nor does the fact that the case is still in litigation make Lochridge's argument regarding the lodestar incurred for this settlement any less meritorious. The lodestar class counsel reference is not in furtherance of *this* settlement. Their future lodestar will be compensated if and when they reach a settlement or judgment on the remaining claims.

## IV.   The court overlooked controlling authority and other matters.

Class counsel misleadingly claims reconsideration is only appropriate where the Court overlooked controlling decisions. Dkt. 650 at 1. That is not true. Under Local Rule 7.1(i), the Objector was required to set forth "the matter *or* controlling decisions" which the Court overlooked. L. Civ. R. 7.1(i) (emphasis added).

Here, the court overlooked controlling authority and other matters, which resulted in clear errors of law and fact, and amounted to a manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). In relying on allegations against a different attorney in different cases, and with no evidence of impropriety by Mr. Clore in this case and given Mr. Clore's outstanding track record in defeating excessive attorneys' fees in class action settlements, the Court disregarded the evidentiary burden required before disqualifying an attorney.

Disqualification of an attorney is a harsh remedy that is disfavored in New Jersey and requires **a heavy burden of proof** along with consideration of "a client's right to freely choose his counsel." *Izzo v. Twp. of Raritan*, No. CV 15-

1262(MAS)(TJB), 2015 WL 6524343, at *2 (D.N.J. Oct. 28, 2015); *see also Rohm & Haas Co. v. Am. Cyanamid Co.,* 187 F.Supp.2d 221, 226 (D.N.J. 2001) ("It is well settled that because motions to disqualify can have such drastic consequences, courts disfavor such motions and grant them only when absolutely necessary.") (internal quotation marks omitted). There is no evidence that Mr. Clore or Mr. Froelich will hinder the litigation process as in *Kohlmayer v. AMTRAK*, 124 F. Supp. 2d 877, 882 (D.N.J. 2000). The facts are to the contrary. They drafted and filed a perfectly valid objection to an enormous fee for the lowest ever return in a billion-dollar securities class action settlement.

It is particularly important that Lochridge be afforded her choice of counsel with a proven record of defeating overreaching fee requests in class action settlements and that Mr. Seeger not be allowed to "silence dissenting attorneys" in pursuit of his next gargantuan pay day at the expense of class members. *See* Sheilla Dingus, Why Does Chris Seeger Sound More Like a Mouthpiece for the NFL than Advocate for Players in the Concussion Settlement, Advocacy for Fairness in Sports (Apr. 6, 2018)[6] (noting that "Seeger indeed attempted to coerce and silence dissenting attorneys as the case progressed" and questioning "why is a lawyer abandoning his own clients' interest in favor of the opposition? Money appears to

---

[6]    Accessible    at    https://advocacyforfairnessinsports.org/nfl-concussion-settlement/recent-law-firm-report-details-how-false-actuarials-are-being-used-to-derail-nfl-concussion-settlement-claims/.

be the answer to that question."); Ryan Boysen, Ex-NFLers Blast Seeger Weiss for Concussion Holdback Fees, Law360 (July 30, 2020)[7] (discussing other law firms "raising alarms over Seeger Weiss LLP's request to levy a 5% fee on injured players' payouts to fund its future work on the case, calling it a cynical cash grab that's unsupported by the facts" and noting accusations of "the firm burning through the lion's share of a $112 million attorney fee fund with hardly any oversight"). The Court overlooked that under New Jersey law, Mr. Seeger's opposition "must be viewed" as "part of the tactics of an adversary proceeding." *Kalmanovitz v. G. Heileman Brewing Co.*, 610 F. Supp. 1319, 1323 (D. Del. 1985); *see Wyeth v. Abbott Labs.*, 692 F. Supp. 2d 453, 458–59 (D.N.J. 2010) ("a court must 'exercise extreme caution not to act under the misguided belief that disqualification raises the standard of legal ethics and the public's respect; the opposition effect is just as likely—encouragement of vexatious tactics, which increase public cynicism about the administration of justice.").

Aside from overlooking controlling authority and failing to require a heavy burden of proof, the court overlooked that none of the cases it cited for imputing attorney misconduct involved allegations against a different attorney from years earlier in different litigation. Order, at 10. The court also overlooked the fact that

---

[7]  Accessible at https://www.law360.com/articles/1296438/ex-nflers-blast-seeger-weiss-for-concussion-holdback-fees.

Lochridge's objection is undeniably not part of a pattern of "obstruct[ing] settlements" since the objection only challenges fees, and not the settlement itself. Order at 8; *see also* Settlement, Dkt. 539-5 at ¶ 6.4 (segregating settlement approval from attorneys' fees).

The court also intimated impropriety with respect to Ms. Lochridge herself even though it is undisputed that she is a class member. She has filed two prior objections,[8] neither of which were found frivolous or made in bad faith.[9] Certainly, the court did not discredit the settlement or requested fee even though the same class counsel also previously used TIAA as the client in the *American Realty* case that class counsel failed to cite. Each of these errors is grounds for granting Lochridge's motion for reconsideration and allowing her the counsel of her choice.

## V. The Court should not entertain class counsels' proposed unauthorized fishing expedition.

Apparently realizing that there is no evidence to support the denial of Mr. Clore's *pro hac vice* admission, class counsel propose to manufacture some now. Class counsel made the same allegations in May 2020 when they opposed Mr. Clore's *pro hac vice* admission and responded to Lochridge's objection. They chose not to seek evidence before the fairness hearing. And they again chose not to

---

[8] *Swift v. DirectBuy, Inc.*, No. 2:11-cv-00401-PPS-PRC, Dkt. 176 (N.D. Ind. Aug. 13, 2013); *Nwabueze v. AT&T Inc.*, No. 3:09-cv-01529-SI, Dkt. 213 (N.D. Cal. Aug. 29, 2013). There was no suggestion of impropriety in either objection.

[9] There is also nothing improper about Mr. Bandas having previously represented Lochridge's son on two prior occasions.

seek it when Lochridge objected to the Special Master's Report. It would be completely inappropriate to allow class counsel to inject new evidence for the first time in response to a motion for reconsideration. Not surprisingly, they cite no authority suggesting that it would be appropriate, on reconsideration, to require a non-party objector or an attorney who is not her attorney of record in the case to give testimony. *See generally Sowers v. Freightcar Am., Inc.*, CIV. A. 3:2007-201, 2008 WL 4949039, at *1 (W.D. Pa. Nov. 19, 2008) ("objectors are not parties in the case *sub judice*); *In re NASDAQ Mkt.-Makers Antitrust Litig.*, 184 F.R.D. 506, 511 (S.D.N.Y. 1999) ("[objecting class member] is a non-party in this action"); *Taggart v. Wells Fargo Home Mortg., Inc.*, 10-CV-00843, 2012 WL 4462633, at *2 (E.D. Pa. Sept. 27, 2012) ("Discovery of nonparties must be conducted by subpoena pursuant to FRCP 45") (citing *Lehman v. Kornblau,* 206 F.R.D. 345, 346 (E.D.N.Y.2001)); *Peterson v. Farrakhan*, 2:03 CV 319, 2009 WL 1543600, at *3 (N.D. Ind. June 2, 2009) ("[w]hen the target of the discovery is a non-party to the litigation, 'the proper procedure for obtaining the jurisdiction necessary ... is the issuance of a subpoena pursuant to Federal Rule of Civil Procedure 45'") (quotation omitted); *see also Theriot v. Parish of Jefferson,* 185 F.3d 477, 491 (5th Cir. 1999) (noting that "federal courts have disfavored the practice of taking the deposition of a party's attorney; instead, the practice should be employed only in limited circumstances."), *cert denied,* 529 U.S. 1129 (2000); *Nguyen v. Excel*

*Corp.*, 197 F.3d 200, 209 (5th Cir. 1999) ("[t]aking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation"); *Natl. W. Life Ins. Co. v. W. Nat. Life Ins. Co.*, A-09-CA-711 LY, 2010 WL 5174366, at *2–4 (W.D. Tex. Dec. 13, 2010) (refusing to allow deposition of outside legal counsel, who was not counsel of record in the case).

In view of Mr. Seeger baseless ad hominem attack on Mr. Froelich, there is nothing unseemly that the Court check with the District Court about Mr. Froelich's reputation.  The only thing unseemly is Mr. Seeger's attack on Mr. Froelich's reputation.

Mr. Froelich will address any concerns the Court might have at a hearing on the motion for reconsideration, which again, he urges the Court to allow.

## CONCLUSION

Objector renews her request for the Court to reconsider its order denying *pro hac vice* admission to Mr. Clore and that it grant oral argument on the same. Objector further requests that the Court enter sanctions against class counsel for the objectively false statements in their opposition to Lochridge's motion for reconsideration.

DATED:  January 29, 2021       Respectfully submitted,

                             /s/ *Jerome J. Froelich, Jr.*
                             Jerome J. Froelich, Jr.
                             Admitted, District of New Jersey
                             McKenney & Froelich
                             One Midtown Plaza, Suite 910
                             1360 Peachtree Street
                             Atlanta, Georgia  30309-2920
                             (404) 881-1111

                             Robert W. Clore
                             Motion for Reconsideration of Denial of Pro
                             Hac Vice Admission Pending
                             Bandas Law Firm, P.C.
                             500 North Shoreline, Suite 1020
                             Corpus Christi, TX 78401
                             Tel: (361) 698–5200
                             Fax: (361) 698-5200
                             rclore@bandaslawfirm.com

                             *Counsel for Cathy Lochridge*

**Certificate of Service**

The undersigned certifies that today he filed the foregoing document on ECF

which will send electronic notification to all attorneys registered for ECF-filing.

DATED:  January 29, 2021


/s/ *Jerome J. Froelich, Jr.*
Jerome J. Froelich, Jr.