SEEGER WEISS LLP
CHRISTOPHER A. SEEGER
JENNIFER R. SCULLION
55 Challenger Road, 6th Floor
Ridgefield Park, NJ  07660
Telephone:  212/584-0700
212/584-0799 (fax)

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ
FRANK A. RICHTER
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

Lead Counsel for Plaintiffs

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No. 3:15-cv-07658-MAS-LHG |
| | <u>CLASS ACTION</u> |
| | Judge Michael A. Shipp |
| | Magistrate Judge Lois H. Goodman |
| This Document Relates To: | Special Master Hon. Dennis M. Cavanaugh, U.S.D.J. (Ret.) |
| Case No. 3:15-cv-07658-MAS-LHG. | **ORDER AND FINAL JUDGMENT** |

On the 27th day of May, 2020, a hearing having been held before the Special Master Dennis M. Cavanaugh, U.S.D.J. (Ret.), to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 15, 2019 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants[1] in the complaint now pending in this Court in the above-captioned action (the "Litigation") and the Former Defendants[2], including the release of the Released Persons, but not as to defendant PricewaterhouseCoopers LLP ("PwC") against whom the Litigation continues, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants (which does not include PwC) and Former Defendants herein and as against all persons or entities

---

[1]   "Defendants" refers to Valeant Pharmaceuticals International, Inc. ("Valeant") (n/k/a Bausch Health Companies Inc.); J. Michael Pearson; Howard B. Schiller; Robert L. Rosiello; Deborah Jorn; Ari S. Kellen; Tanya Carro; Jeffrey W. Ubben; Robert A. Ingram; Ronald H. Farmer; Colleen Goggins; Anders Lönner; Theo Melas-Kyriazi; Robert N. Power; Norma Provencio; Katharine B. Stevenson; Deutsche Bank Securities Inc.; HSBC Securities (USA) Inc.; MUFG Securities Americas Inc. f/k/a Mitsubishi UFJ Securities (USA) Inc.; DNB Markets, Inc.; Barclays Capital Inc.; Morgan Stanley & Co. LLC; RBC Capital Markets, LLC; Suntrust Robinson Humphrey, Inc.; ValueAct Capital Management, L.P.; VA Partners I, LLC; ValueAct Holdings, L.P.; ValueAct Capital Master Fund, L.P.; and ValueAct Co-Invest Master Fund, L.P.

[2]   "Former Defendants" refers to Goldman Sachs & Co. LLC f/k/a Goldman Sachs & Co.; J.P. Morgan Securities LLC; Merrill Lynch, Pierce, Fenner & Smith Inc.; CIBC World Markets Inc.; Citigroup Global Markets Inc.; DBS Bank Ltd.; TD Securities (USA) LLC; BMO Capital Markets Corp.; and SMBC Nikko Securities America, Inc.

- 1 -

who are Members of the Class herein who have not timely and validly requested exclusion therefrom; (3) whether the Class should be finally certified for purposes of settlement; (4) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Members of the Class; (5) whether and in what amount to award Lead Counsel fees and charges and expenses; and (6) whether and in what amount to award Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Class; the Court having considered all matters submitted to the Special Master at the hearing and otherwise; it appearing that a notice of the hearing substantially in the form approved by the Court was provided to all individuals and entities, reasonably identifiable, who purchased or otherwise acquired Valeant Securities between January 4, 2013 and March 15, 2016, inclusive, as shown by the records compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Class (the "Order") as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray; the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and charges and expenses requested by Lead Counsel and the request for awards to

Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); and all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation.

On the 15th day of June, 2020, the Special Master issued the Report and Recommendation of the Special Master (ECF No. 575), which has been adopted in its entirety by the Court by separate order dated January 31, 2021.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.     This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.     The Court has jurisdiction over the subject matter of this Litigation, the Lead Plaintiff, all Class Members, and Defendants.

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its determinations in the Order and finally certifies for purposes of settlement only a Class defined as all Persons who purchased or otherwise acquired Valeant Securities between January 4, 2013 and March 15, 2016, inclusive. Excluded from the Class are Defendants and Former Defendants, present and former executive officers of Defendants and Former Defendants, and members of their immediate families, present and former directors of Defendants and Former Defendants, and members of their immediate families, any entity in which a Defendant or current or former director of a Defendant has control and/or a majority ownership interest, and

the legal representatives, heirs, successors or assigns of any such excluded party.  For the avoidance of doubt, this exclusion does not extend to: (1) any investment company or pooled investment fund in which a Defendant or Former Defendant may have a direct or indirect interest, or as to which its affiliates may act as an advisor, but of which a Defendant or Former Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest; or (2) any employee benefit plan as to which a Defendant or Former Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary; provided, however, that membership in the Class by such investment company, pooled investment fund or employee benefit plan is limited to transactions in Valeant Securities made on behalf of, or for the benefit of, persons other than persons that are excluded from the Class by definition.  In other words, Defendants and Former Defendants cannot make a claim on their own behalf for their ownership share in any of the above entities.  The Class also excludes: (1) any person or entity which during the Class Period purchased or otherwise acquired Valeant Securities and has been promised or received a payment from or on behalf of the Valeant Defendants related to or arising from litigation related to its Class Period transactions in Valeant Securities other than a payment of attorneys' fees or costs to counsel for such person or entity; (2) any Class Member on Exhibit A hereto that validly and timely requested exclusion in accordance with the requirements set by the Court in the Notice of Pendency and Proposed Settlement of Class Action; and

(3) anyone on Exhibit B hereto who has filed an individual action and not dismissed their claim and sought to be included in the Class.

4.     This Court hereby affirms its determinations in the Order and finds, for the purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) Class Representatives and Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Members of the Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of settlement only, the Court hereby affirms its determinations in the Order and finally appoints Lead Plaintiff TIAA together with named plaintiffs City of Tucson together with and on behalf of Tucson Supplemental Retirement System ("Tucson") and IBEW Local Union 481 Defined Contribution Plan and Trust ("IBEW") as Class Representatives for the Class and Robbins Geller Rudman & Dowd LLP as Class Counsel for the Class.

6. Notice of the pendency of this Litigation and the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation and the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all individuals and entities entitled thereto.

7. Pursuant to Federal Rule of Civil Procedure 23(e)(2), the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate having considered and found that: (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's length; (c) the relief provided for the Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(2); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.

- 6 -

8.     Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who (1) during the Class Period purchased or otherwise acquired Valeant Securities and have been promised or received a payment from or on behalf of the Valeant Defendants related to or arising from litigation related to their Class Period transactions in Valeant Securities other than a payment of attorneys' fees or costs to counsel for such Persons; (2) who have validly and timely requested exclusion from the Class (identified in Exhibit A attached hereto); or (3) filed an individual action and has not dismissed their claim and sought to be included in the Class (identified in Exhibit B attached hereto), the Court hereby dismisses all Released Claims of the Class, as against the Released Persons, with prejudice.  The Settling Parties are to bear their own costs, except as to and to the extent provided in the Stipulation and herein.

9.     The releases as set forth in ¶¶4.1-4.5 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.41 relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.

10.    Upon the Effective Date, each of the Releasing Plaintiff Parties will be forever barred and enjoined from commencing, instituting, prosecuting, or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration

tribunal, or administrative forum, asserting the Released Claims against any of the Released Persons. Claims to enforce the terms of the Stipulation are not released.

11.    Upon the Effective Date, Lead Plaintiff shall, and each and every Releasing Plaintiff Party shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed each and every one of the Released Claims (including Unknown Claims) against each and every one of the Released Persons and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Released Persons, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.  Lead Plaintiff and each Releasing Plaintiff Party are bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.  The Released Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Persons on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment. Claims to enforce the terms of the Settlement are not released.

12.    Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, the Class and Plaintiffs' Counsel from all

Released Defendants' Claims (including Unknown Claims).  Claims to enforce the terms of the Stipulation are not released.

13.     Upon the Effective Date, to the fullest extent permitted by law, (i) all Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any of the Released Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to or concerning any acts, facts, statements or omissions that were or could have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; and (ii) all Released Persons shall be permanently enjoined, barred and restrained from commencing, instituting, prosecuting, or maintaining any claims, actions, or causes of action for contribution, indemnity or otherwise against any Persons seeking as damages or otherwise the recovery of all or part of any liability, judgment or settlement which they pay or are obligated to pay or agree to pay to the Releasing Plaintiff Parties arising out of, relating to, or concerning any acts, facts, statements or omissions that were or could

- 9 -

have been alleged in the Litigation, both known and Unknown Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, third-party claims or otherwise, in the Court or any other federal, state, or foreign court, or in any arbitration proceeding, administrative agency proceeding, tribunal, or any other proceeding or forum; *provided that* clauses (i) and (ii) of this Paragraph shall not be construed to modify, amend, or supersede any agreements between or among the Released Persons with respect to claims between or among those Released Persons, including, without limitation, any claims for contractual or other indemnification rights, nor limit the Valeant Defendants' ability to pursue insurance recoveries against their insurers for claims relating to this Litigation, including the Settlement Amount and legal fees and costs incurred in connection with the Litigation.

14.     Any final verdict or judgment that may be obtained by or on behalf of the Class against any person or entity subject to the bar order set forth in paragraph 13 above shall, pursuant to 15 U.S.C. §78u-4(f)(7)(B), be reduced by the greater of (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount paid by or on behalf of Defendants and Former Defendants to the Class or a Class Member for common damages.

15.     Defendants and Former Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Litigation, and Defendants and Former Defendants have represented that they entered into the Settlement because it

- 10 -

would be beneficial to avoid the burden, inconvenience, and expense associated with continuing the Litigation and the uncertainty and risks inherent in any litigation. Neither this Order and Final Judgment, the Stipulation, nor any of their respective terms and provisions, nor any of the negotiations, discussions, or proceedings connected with them, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the documents or statements referred to therein, nor any payment or consideration provided for therein, shall be:

(a)     offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons with respect to the truth of any of the allegations in the Litigation or the validity of any claim that has been or could have been asserted against any of the Released Persons in the Litigation or in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, action, or proceeding, whether civil, criminal, or administrative in any court, administrative agency, or other tribunal, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Persons;

(b)     offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Persons, or against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff;

(c)     offered or received against the Released Persons, Lead Plaintiff, or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons, Lead Plaintiff, or any Member of the Class with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Persons, Lead Plaintiff, or any Member of the Class in any other litigation, action, or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, or other tribunal, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Order and Final Judgment; provided, however, that the Released Persons, Lead Plaintiff, and any Member of the Class may refer to them to effectuate the liability protection granted them hereunder;

(d)     offered or received against any Defendant or Former Defendant as evidence of a presumption, concession, or admission that any class, however defined or constituted and whether under Rule 23 of the Federal Rules of Civil Procedure or

- 12 -

otherwise, should be certified in the Litigation or in any other civil action or proceeding, except with respect to the certification of the Class for purposes of the Settlement only; or

       (e)    offered or received against any of the Released Persons as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Persons that the Settlement Amount represents the amount which could or would have been recovered after trial; or

       (f)    offered or received against Lead Plaintiff or any Member of the Class as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Member of the Class that any of their claims are without merit, or that any defenses asserted by the Defendants or Former Defendants in the Litigation have any merit, or that damages recoverable in the Litigation would not have exceeded the Settlement Fund.

      16.    The Released Persons may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

      17.    The Court finds that Defendant Valeant has satisfied or will satisfy its financial obligations under the Stipulation by paying or causing to be paid

$1,210,000,000.00 plus any accrued interest from January 10, 2020 until deposited with the Escrow Agent to the Settlement Fund, in accordance with ¶¶2.2 and 2.3 of the Stipulation.

18.     The Court finds and concludes that the Lead Plaintiff, Plaintiffs' Counsel, Defendants, Former Defendants and Defendants' and Former Defendants' Counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, dispositive motion, or other filing.

19.     The portion of the Report and Recommendation, adopted by the Court, granting final approval of the Plan of Allocation submitted by Lead Counsel and granting Lead Counsel's application for an award of attorneys' fees and expenses and awards to Plaintiffs shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20.     The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Members of the Class under the Stipulation.

21.     Any appeal or any challenge affecting the approval of (a) the Plan of Allocation submitted by Lead Counsel and/or (b) this Court's approval regarding any

attorneys' fee and expense applications, including any awards to Plaintiffs, shall in no way disturb or affect the finality of the other provisions of this Order and Final Judgment nor the Effective Date of the Settlement.

22.     Without affecting the finality of this Judgment in any way, jurisdiction is hereby retained over Defendants, Plaintiffs and Class Members for all matters relating to the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, including administering and distributing the settlement proceeds to the Members of the Class.

23.     In the event that the Effective Date does not occur in accordance with the terms of the Stipulation, or the Settlement is terminated pursuant to ¶2.17 of the Stipulation, ¶¶7.4, 7.5 and 7.6 of the Stipulation shall apply and this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity, and each party shall be restored to his, her or its respective position as it existed prior to November 21, 2019.

24.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

25.     Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

26.    The Litigation shall continue as to PwC, but the Litigation and all Released Claims against the Released Persons are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or this Order and Final Judgment.

27.    There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

DATED: _2/5/21_____        _____
                          THE HONORABLE MICHAEL A. SHIPP
                          UNITED STATES DISTRICT JUDGE

- 16 -

**EXHIBIT A**

| EXCLUSION NUMBER | NAME |
|---|---|
| VLS_EXCL00001 | Forsta AP-Fonden |
| VLS_EXCL00003 | Bloombergsen Partners Fund LP and Bloombergsen Master Fund LP |
| VLS_EXCL00004 | Equity Trustees Limited as Responsible Entity For T. Rowe Price Global Equity Fund, Voya Partners, Inc., on behalf of VY® T. Rowe Price Growth Equity Portfolio, JNL Series Trust, JNL Strategic Income Fund LLC, Jackson Variable Series Trust, Dow Corning Employee Retirement Plan Master Trust, The Milliken Retirement Plan, Penn Series Funds, Inc., Foreign & Colonial Investment Trust PLC, Minnesota Life Insurance Company, Securian Funds Trust, ConAgra Foods Retirement Income Savings Plan, ConAgra Foods Retirement Income Savings Plan for Hourly Rate Production Employees, City of Tallahassee Pension Plan, and Teacher Retirement System of Texas |
| VLS_EXCL00005 | The Regents of the University of California |
| VLS_EXCL00006 | T. Rowe Price Funds; T. Rowe Price Growth Stock Fund, Inc.; T. Rowe Price Blue Chip Growth Fund, Inc.; T. Rowe Price Institutional Large-Cap Growth Fund, a series of T. Rowe Price Institutional Equity Funds, Inc.; T. Rowe Price Health Sciences Fund, Inc.; T. Rowe Price Growth Stock Trust; T. Rowe Price Blue Chip Growth Trust; T. Rowe Price Value Fund, Inc.; T. Rowe Price Institutional Large-Cap Core Growth Fund, a series of T. Rowe Price Institutional Equity Funds, Inc.; T. Rowe Price Funds SICAV on behalf of its subfund, T. Rowe Price Funds SICAV-US Large Cap Growth Equity Fund; T. Rowe Price Blue Chip Growth Portfolio, a series of T. Rowe Price Equity Series, Inc.; T. Rowe Price Health Sciences Portfolio, a series of T. Rowe Price Equity Series, Inc.; T. Rowe Price U.S. Equities Trust; T. Rowe Price New America Growth Fund; T. Rowe Price Funds SICAV on behalf of its subfund, T. Rowe Price Funds SICAV-US Blue Chip Equity Fund; T. Rowe Price U.S. Value Equity Trust; T. Rowe Price Balanced Fund, Inc.; T. Rowe Price Personal Strategy Growth Fund, a series of T. Rowe Price Personal Strategy Funds, Inc.; T. Rowe Price Personal Strategy Balanced Fund, a series of T. Rowe Price Personal Strategy Funds, Inc.; T. Rowe Price Personal Strategy Income Fund, a series of T. Rowe Price Personal Strategy Funds, Inc.; T. Rowe Price Funds SICAV on behalf of its subfund, T. Rowe Price Funds SICAV-Global Growth Equity Fund; T. Rowe Price Institutional Global Growth Equity Fund, a series of T. Rowe Price Institutional International Funds, Inc.; T. Rowe Price U.S. Large-Cap Core Growth Equity Pool; T. Rowe Price Global Growth Stock Fund, a series of T. Rowe Price International Funds, Inc.; T. Rowe Price Personal Strategy Balanced Portfolio, a series of T. Rowe Price Equity Series, Inc.; T. |

- 1 -

| EXCLUSION NUMBER | NAME |
|---|---|
| | Rowe Price New America Growth Portfolio, a series of T. Rowe Price Equity Series, Inc.; T. Rowe Price Global Growth Equity Pool; Alleghany Corporation; Alleghany Insurance Holdings LLC; Capitol Indemnity Corporation; Capitol Specialty Insurance Corporation; Pacific Compensation Insurance Company; Platte River Insurance Company; RSUI Indemnity Company; and Transatlantic Reinsurance Company |
| VLS_EXCL00007 | Lord Abbett Investment Trust - Lord Abbett Short Duration Income Fund; Lord Abbett Investment Trust - Lord Abbett High Yield Fund; Lord Abbett Investment Trust - Lord Abbett Inflation Focused Fund; Lord Abbett Investment Trust - Total Return Fund; Lord Abbett Investment Trust - Lord Abbett Income Fund; Lord Abbett Passport Portfolios plc - Lord Abbett Short Duration Income Fund; Lord Abbett Passport Portfolios plc - Lord Abbett High Yield Fund; Lord Abbett Passport Portfolios plc - Lord Abbett Multi Sector Income Fund;  Lord Abbett Passport Portfolios plc - Lord Abbett Strategic Income Fund; Lord Abbett Passport Portfolios plc - Lord Abbett Total Return Fund; Lord Abbett Series Fund - Total Return Portfolio; Lord Abbett Series Fund - Bond Debenture Portfolio; Lord Abbett Series Fund - Short Duration Income Portfolio; Lord Abbett Bond-Debenture Fund, Inc.; Lord Abbett Short Duration Credit Trust |
| VLS_EXCL00008 | State Board of Administration of Florida |
| VLS_EXCL00009 | Pentwater Equity Opportunities Master Fund Ltd., Pentwater Event Driven Cayman Fund Ltd., Pentwater Merger Arbitrage Master Fund Ltd., PWCM Master Fund Ltd., Oceana Master Fund Ltd. and LMA SPC for and on behalf of Map 98 Segregated Portfolio |
| VLS_EXCL00010 | Principal Funds, Inc. and Principal Variable Contracts Funds, Inc. |
| VLS_EXCL00011 | Alfred Coen |
| VLS_EXCL00013 | Bharat Ahuja |
| VLS_EXCL00014 | Valiant Investment Fund, LP |
| VLS_EXCL00015 | James Oliver Emerson |
| VLS_EXCL00016 | Michael Ferweda |
| VLS_EXCL00017 | Ron Franklin |
| VLS_EXCL00018 | Jody Gronowetter |
| VLS_EXCL00019 | Adam Palance |
| VLS_EXCL00020 | Allan Hakko |
| VLS_EXCL00021 | Lance Heitz |
| VLS_EXCL00022 | Badarinath Kidambi |
| VLS_EXCL00023 | Huaxin Li |
| VLS_EXCL00024 | Robert Lieberman |

| EXCLUSION NUMBER | NAME |
|---|---|
| VLS_EXCL00025 | Sky Lucas |
| VLS_EXCL00026 | Davis C. Hemingway Memorial Scholarship Foundation, Inc. |
| VLS_EXCL00027 | Matthew Masiello |
| VLS_EXCL00028 | Jenish Patel |
| VLS_EXCL00029 | Frank Rossi |
| VLS_EXCL00030 | Harry Silverglide |
| VLS_EXCL00031 | William J Spedding Jr |
| VLS_EXCL00032 | Benjamin Stroh |
| VLS_EXCL00033 | A Line EDS, Inc. |
| VLS_EXCL00034 | Joseph Sussman as Administrator of Sussman Sales Co. Inc. Profit Sharing Plan |
| VLS_EXCL00035 | Steven Sussman |
| VLS_EXCL00036 | Geoffrey Vlach |
| VLS_EXCL00037 | Jiakai Wang |
| VLS_EXCL00038 | Amy Whited |
| VLS_EXCL00039 | Bahaa Aly |
| VLS_EXCL00040 | Tina Davis |
| VLS_EXCL00041 | Philip Garland |
| VLS_EXCL00042 | Erinch Ozada |
| VLS_EXCL00043 | Colonial First State Investments Limited As Responsible Entity for Commonwealth Global Shares Fund 1 |
| VLS_EXCL00044 | Colonial First State Investments Limited as Responsible Entity for Commonwealth Global Shares Fund 13 |
| VLS_EXCL00045 | Colonial First State Investments Limited as Responsible Entity for Commonwealth Specialist Fund 34 |
| VLS_EXCL00052 | Hound Partners Offshore Fund, LP |
| VLS_EXCL00053 | Hound Partners Long Master, LP |
| VLS_EXCL00054 | Hound Partners Concentrated Master, LP |
| VLS_EXCL00055 | Levi and Jan Wollmann |
| VLS_EXCL00058 | Okumus Opportunistic Value Fund, Ltd. |
| VLS_EXCL00059 | David D. Christy |
| VLS_EXCL00061 | Maverick Selected Fund, LTD |
| VLS_EXCL00062 | Maverick Neutral Levered Fund, LTD |
| VLS_EXCL00063 | Maverick Long Fund, LTD |
| VLS_EXCL00064 | Maverick Long Enhanced Fund, LTD |
| VLS_EXCL00065 | Maverick Fund, L.D.C. |

4815-7956-1660.v2

| EXCLUSION NUMBER | NAME |
|---|---|
| VLS_EXCL00066 | Maverick Fund II, LTD |
| VLS_EXCL00067 | Maverick Fund USA, LTD |
| VLS_EXCL00068 | Maverick Selected Fund, LTD |
| VLS_EXCL00069 | Maverick Neutral Levered Fund, LTD |
| VLS_EXCL00070 | Maverick Long Fund, LTD |
| VLS_EXCL00071 | Maverick Long Enhanced Fund, LTD |
| VLS_EXCL00072 | Maverick Fund, L.D.C. |
| VLS_EXCL00073 | Maverick Fund II, LTD |
| VLS_EXCL00074 | Maverick Fund USA, LTD |
| VLS_EXCL00075 | Kathryn Doris Charles, Countess De Stowell |
| VLS_EXCL00077 | Discovery Global Citizens Master Fund, Ltd. |
| VLS_EXCL00078 | Discovery Global Focus Master Fund, Ltd. |
| VLS_EXCL00079 | Discovery Global Macro Master Fund, Ltd. |
| VLS_EXCL00080 | Discovery Global Opportunity Master Fund, Ltd. |
| VLS_EXCL00081 | Brahman Partners II, L.P. |
| VLS_EXCL00082 | Brahman Partners III, L.P. |
| VLS_EXCL00083 | Brahman Partners II Offshore, Ltd. |
| VLS_EXCL00084 | Brahman Institutional Partners, L.P. |
| VLS_EXCL00085 | Brahman C.P.F. Partners, L.P. |
| VLS_EXCL00086 | Brahman Partners IV, L.P. |
| VLS_EXCL00087 | Brahman Partners IV (Cayman), Ltd. |
| VLS_EXCL00088 | BH Investments Fund, L.L.C. |
| VLS_EXCL00089 | East 71, Ltd. |
| VLS_EXCL00090 | Janus Aspen Series |
| VLS_EXCL00091 | Janus Capital Funds plc |
| VLS_EXCL00092 | Janus Investment Fund |
| VLS_EXCL00093 | Janus Capital Group Inc. |
| VLS_EXCL00094 | MSD Torchlight Partners, L.P. |
| VLS_EXCL00095 | MSD Torchlight Partners (MM), L.P. |
| VLS_EXCL00096 | Incline Global Master LP |
| VLS_EXCL00097 | Incline Global ELS LP |
| VLS_EXCL00098 | Blue Mountain Credit Alternatives Master Fund L.P. |
| VLS_EXCL00099 | BlueMountain Foinaven Master Fund L.P. |
| VLS_EXCL00100 | BlueMountain Guadalupe Peak Fund L.P. |
| VLS_EXCL00101 | BlueMountain Kicking Horse Fund L.P. |

4815-7956-1660.v2

| EXCLUSION NUMBER | NAME |
|---|---|
| VLS_EXCL00102 | BlueMountain Logan Opportunities Master Fund L.P. |
| VLS_EXCL00103 | BlueMountain Long/Short Equity Master Fund L.P. |
| VLS_EXCL00104 | BlueMountain Montenvers Master Fund SCA SICAV-SIF |
| VLS_EXCL00105 | BlueMountain Timberline Ltd. |
| VLS_EXCL00106 | 2012 Dynasty UC LLC |
| VLS_EXCL00107 | Flinn Investments, LLC (FILLC-SNC) |
| VLS_EXCL00108 | Flinn Investments, LLC (FILLC-UBS) |
| VLS_EXCL00109 | Lawrence Flinn, Jr. 1975 Trust FBO Adriane S. Flinn (ASF-SNC) |
| VLS_EXCL00110 | Lawrence Flinn, Jr. 1975 Trust FBO Adriane S. Flinn (ASP-UBS) |
| VLS_EXCL00111 | Lawrence Flinn, Jr. 1975 Trust FBO Lawrence Flinn III (LFIII-SNC) |
| VLS_EXCL00112 | Lawrence Flinn, Jr. 1975 Trust FBO Lawrence Flinn III (LFIII-UBS) |
| VLS_EXCL00113 | LFJR 2010 GRAT Remainder Trust (LFJR 2010-SNC) |
| VLS_EXCL00114 | LFJR 2010 GRAT Remainder Trust (LFJR 2010-UBS) |
| VLS_EXCL00115 | LFJR 2012 Dynasty LLC- Series A (LFJR 2012 DYNASTY LLC A-SNC) |
| VLS_EXCL00116 | LFJR 2012 Dynasty LLC- Series A (LFJR 2012 DYNASTY LLC A-UBS) |
| VLS_EXCL00117 | Lawrence Flinn, Jr. 1975 Trust FBO Marion Flinn Moulton (MFM-SNC) |
| VLS_EXCL00118 | Lawrence Flinn, Jr. 1975 Trust FBO Marion Flinn Moulton (MFM-UBS) |
| VLS_EXCL00119 | Stephanie and Lawrence Flinn, Jr. Charitable Trust |
| VLS_EXCL00120 | Stephanie S. Flinn Master Partnership (SSFMP-SNC) |
| VLS_EXCL00121 | Stephanie S. Flinn Master Partnership (SSFMP-UBS) |
| VLS_EXCL00122 | Northwestern Mutual Series Fund, Inc. |
| VLS_EXCL00123 | Northwestern Mutual Life Insurance Co. |
| VLS_EXCL00124 | GMO Alpha Only Fund |
| VLS_EXCL00125 | GMO Benchmark Free Fund |
| VLS_EXCL00126 | GMO Developed World Stock Fund |
| VLS_EXCL00127 | GMO Event-Driven Master Portfolio |
| VLS_EXCL00128 | GMO Global Equity Trust |
| VLS_EXCL00129 | GMO Global Equity Allocation Investment Fund |
| VLS_EXCL00130 | GMO International Equity Fund |
| VLS_EXCL00131 | GMO Implementation Fund |
| VLS_EXCL00132 | GMO International Large/Mid Cap Equity Fund |
| VLS_EXCL00133 | GMO Mean Reversion Fund (Onshore) |

| EXCLUSION NUMBER | NAME |
|---|---|
| VLS_EXCL00134 | GMO Mean Reversion Special Solutions Fund |
| VLS_EXCL00135 | GMO Global Real Return (UCITS) Fund |
| VLS_EXCL00136 | GMO Tax Managed Global Balanced Fund |
| VLS_EXCL00137 | GMO Tax Managed International Equities Fund |
| VLS_EXCL00138 | GMO World Equity Allocation Investment Fund |
| VLS_EXCL00139 | Peter A.R. Sharman Rev Trust, Peter A.R. Sharman Trustee |
| VLS_EXCL00140 | Tim Lao |
| VLS_EXCL00141 | Donna T. Sharman Rev Trust, Donna T. Sharman Trustee |
| VLS_EXCL00142 | Tsong-Toh Yang |
| VLS_EXCL00143 | James M. Templeton Rev Trust, James M. Templeton Trustee |
| VLS_EXCL00145 | Seasons Series Trust |
| VLS_EXCL00146 | SunAmerica Income Funds |
| VLS_EXCL00147 | SunAmerica Senior Floating Rate Fund, Inc. |
| VLS_EXCL00148 | SunAmerica Series Trust |
| VLS_EXCL00149 | VALIC Company I |
| VLS_EXCL00150 | VALIC Company II |
| VLS_EXCL00151 | GIC Private Limited |
| VLS_EXCL00152 | Pacific Funds Series Trust and Pacific Selected Fund C/O Pacific Life Fund Advisors LLC |
| VLS_EXCL00153 | Stitching PGGM Depositary |
| VLS_EXCL00154 | Contra Costa County Employees' Retirement Association |
| VLS_EXCL00155 | Stichting Bedrijfstakpensioenfonds voor het Schilders - Afwerkings en Glaszetbedrijf C/O PGGM Vermogensbeheer B.V. |
| VLS_EXCL00156 | USAA Mutual Funds Trust |
| VLS_EXCL00157 | Internationale Kapitalanlagegesellschaft mbH |
| VLS_EXCL00158 | Office of the Treasurer as Trustee for the State of Connecticut Retirement Plans and Trust Funds |
| VLS_EXCL00159 | Massachusetts Pension Reserves Investment Management Board |
| VLS_EXCL00160 | Delaware Public Employees' Retirement System |
| VLS_EXCL00161 | The Boeing Company Employee Retirement Plans Master Trust |
| VLS_EXCL00162 | The Boeing Company Employee Savings Plans Master Trust |
| VLS_EXCL00163 | Public Employees' Retirement System of Mississippi |
| VLS_EXCL00164 | Employees' Retirement System of the State of the Hawaii |
| VLS_EXCL00165 | The Prudential Insurance Company of America |
| VLS_EXCL00166 | Advanced Series Trust |
| VLS_EXCL00167 | Prudential Investment Portfolios 16 |

4815-7956-1660.v2

| EXCLUSION NUMBER | NAME |
|---|---|
| VLS_EXCL00168 | Prudential Investment Portfolios 3 |
| VLS_EXCL00169 | Prudential Investment Portfolios, Inc. |
| VLS_EXCL00170 | Prudential Investment Portfolios, Inc. 15 |
| VLS_EXCL00171 | Prudential Investment Portfolios, Inc. 17 |
| VLS_EXCL00172 | Prudential Jennison Blend Fund, Inc. |
| VLS_EXCL00173 | Prudential Jennison Mid-Cap Growth Fund, Inc. |
| VLS_EXCL00174 | Prudential Sector Funds,  Inc. |
| VLS_EXCL00175 | Prudential Trust Company |
| VLS_EXCL00176 | Prudential Retirement Insurance and Annuity Company |
| VLS_EXCL00177 | The Prudential Series Fund |
| VLS_EXCL00178 | Prudential Legacy Insurance Company of New Jersey |
| VLS_EXCL00179 | The Target Portfolio Trust |
| VLS_EXCL00311 | Vailsburg Fund LLC |

4815-7956-1660.v2

# EXHIBIT B

## OPT OUT ACTIONS

| NO. | CASE NAME AND DOCKET NUMBER |
|-----|------------------------------|
| 1. | *T. Rowe Price Growth Stock Fund, Inc. v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-05034 (D.N.J. filed Aug. 15, 2016) |
| 2. | *Equity Trs. Ltd. as Responsible Entity for T. Rowe Price Glob. Equity Fund v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-06127 (D.N.J. filed Sept. 26, 2016) |
| 3. | *Principal Funds, Inc. v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-06128 (D.N.J. filed Sept. 27, 2016) |
| 4. | *Bloombergsen Partners Fund LP v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07212 (D.N.J. filed Oct. 13, 2016) |
| 5. | *Bluemountain Foinaven Master Fund L.P. v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07328 (D.N.J. filed Oct. 14, 2016) |
| 6. | *Discovery Glob. Citizens Master Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07321 (D.N.J. filed Oct. 14, 2016) |
| 7. | *MSD Torchlight Partners, L.P. v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07324 (D.N.J. filed Oct. 14, 2016) |
| 8. | *Incline Glob. Master LP v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07494 (D.N.J. filed Oct. 18, 2016) |
| 9. | *Janus Aspen Series v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07497 (D.N.J. filed Oct. 18, 2016) |
| 10. | *Valic Co. I v. Valeant Pharm. Int'l, Inc.*, No. 3:16-cv-07496 (D.N.J. filed Oct. 18, 2016) |
| 11. | *Lord Abbett Inv. Tr. – Lord Abbett Short Duration Income Fund v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-06365 (D.N.J. filed Aug. 23, 2017) |
| 12. | *Okumus Opportunistic Value Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-06513 (D.N.J. filed Aug. 29, 2017) |
| 13. | *Pentwater Equity Opportunities Master Fund Ltd. v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-07552 (D.N.J. filed Sept. 27, 2017) |

| NO. | CASE NAME AND DOCKET NUMBER |
|---|---|
| 14. | *Pub. Emps.' Ret. Sys. of Miss. v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-07625 (D.N.J. filed Sept. 28, 2017) |
| 15. | *The Boeing Co. Emp. Ret. Plans Master Tr. v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-07636 (D.N.J. filed Sept. 28, 2017) |
| 16. | *Första AP-Fonden v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-12088 (D.N.J. filed Nov. 27, 2017) |
| 17. | *State Bd. of Admin. of Fla. v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-12808 (D.N.J. filed Dec. 7, 2017) |
| 18. | *The Regents of the Univ. of Cal. v. Valeant Pharm. Int'l, Inc.*, No. 3:17-cv-13488 (D.N.J. filed Dec. 21, 2017) |
| 19. | *N.Y. City Emps.' Ret. Sys. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-00032 (D.N.J. filed Jan. 2, 2018) |
| 20. | *GMO Tr. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-00089 (D.N.J. filed Jan. 3, 2018) |
| 21. | *Hound Partners Offshore Fund LP v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-08705 (D.N.J. filed Jan. 4, 2018) |
| 22. | *Blackrock Glob. Allocation Fund, Inc. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-00343 (D.N.J. filed Jan. 9, 2018) |
| 23. | *Colonial First State Invs. Ltd. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-00383 (D.N.J. filed Jan. 10, 2018) |
| 24. | *Ahuja v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-00846 (D.N.J. filed Jan. 19, 2018) |
| 25. | *Brahman Partners II, L.P. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-00893 (D.N.J. filed Jan. 22, 2018) |
| 26. | *The Prudential Ins. Co. of Am. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-01223 (D.N.J. filed Jan. 29, 2018) |
| 27. | *2012 Dynasty UC LLC v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-08595 (D.N.J. filed Apr. 30, 2018) |
| 28. | *Catalyst Dynamic Alpha Fund v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-12673 (D.N.J. filed Aug. 10, 2018) |

| NO. | CASE NAME AND DOCKET NUMBER |
|-----|-----------------------------|
| 29. | *Hound Partners Offshore Fund, LP v. Valeant Pharm. Int'l, Inc.*, No. MER-L-2185-18 (Mercer County Sup. Ct., Law Division filed Oct. 19, 2018) |
| 30. | *Nw. Mut. Life Ins. Co. v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-15286 (D.N.J. filed Oct. 24, 2018) |
| 31. | *Aly v. Valeant Pharm. Int'l, Inc.*, No. 3:18-cv-17393 (D.N.J. filed Dec. 19, 2018) |
| 32. | *Del. Pub. Emps.' Ret. Sys. v. Valeant Pharm. Int'l, Inc.*, No. 3:19-cv-18475 (D.N.J. filed Sept. 27, 2019) |
| 33. | *Office of the Treasurer as Tr. for the Conn. Ret. Plans & Tr. Funds v. Valeant Pharm. Int'l, Inc.*, No. 3:19-cv-18473 (D.N.J. filed Sept. 27, 2019) |
| 34. | *Maverick Neutral Levered Fund, Ltd. v. Valeant Pharm. Int'l, Inc.*, No. 3:20-cv-02190 (D.N.J. filed Feb. 28, 2020) |
| 35. | *Templeton v. Valeant Pharm. Int'l, Inc.*, No. 3:20-cv-05478 (D.N.J. filed May 3, 2020) |

4834-3469-5869.v1