

Michael Hampson
Partner

1251 Avenue of the Americas
New York, NY 10020
212.597.2847
mhampson@rksllp.com

March 15, 2021

**VIA ECF**

Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.)
Special Master
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Ave
Morristown, NJ 07962

Re:   *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, Master No. 15-cv-7658-MAS-LHG

Dear Judge Cavanaugh:

We write on behalf of the Plaintiffs in the securities direct actions (the "Direct Action Plaintiffs" to the "Direct Actions"),[1] to respond to the March 15, 2021 letter submitted by Defendants regarding *Maverick Select Fund, Ltd., et al. v. Valeant Pharmaceuticals International, Inc., et al.*, No. 20-cv-02190-MAS-LHG (the "*Maverick* Action"). (ECF No. 710.)  Defendants' letter represents another baseless attempt to delay the progress of the Direct Actions and, accordingly, any resolution of them.  It does so by mischaracterizing the positions taken by the Direct Action Plaintiffs and misrepresenting Defendants' own knowledge of the *Maverick* Action.

Having been turned back on their prior efforts to delay, Defendants are now trying to use the *Maverick* Action to halt the progress of the Direct Actions.  Defendants previously attempted to leverage PricewaterhouseCoopers LLP ("PwC")'s motions in the class action to obtain an extension of discovery.  Your Honor rejected that attempt. (ECF No. 653.)  Not to be deterred, Defendants are taking the position that by serving discovery on the plaintiffs in the *Maverick* Action – *a case that Your Honor has already recommended be dismissed as time-barred* – they should be awarded an extension of discovery in the Direct Actions.  Defendants clearly do not intend to actually take discovery in the *Maverick* Action – they are doing so only to attempt to set up a roadblock to the Direct Actions.  If Defendants wanted the *Maverick* Action to continue and remain coordinated with the Direct Actions, they could have sought to proceed with plaintiff-side discovery in the *Maverick* Action notwithstanding their motion to dismiss.  That Defendants elected not to do so is telling.  The very purpose of their motion to dismiss was to discontinue the litigation.  Having lost their attempt to extend discovery based on PwC's motions, they have now seized on the dismissal of the *Maverick* Action to try and slow down the Direct Actions where motions to dismiss were resolved, in some cases more than three years ago.  Defendants' latest delay tactic should be swiftly rejected.

---

[1] The Direct Action Plaintiffs are parties to the following case nos.:  16-cv-07321; 16-cv-07324; 16-cv-07494; 16-cv-07496; 16-cv-07497; 17-cv-06513; 17-cv-07636; 17-cv-12088; 18-cv-00089; 18-cv-00343; 18-cv-00383; 18-cv-00846; 18-cv-00893; 18-cv-01223; 18-cv-08595; 18-cv-08705; 18-cv-15286; 20-cv-07460; and 20-cv-07462.

Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.)     Page 2
March 15, 2021

Defendants are well aware that the *Maverick* Action has not been proceeding together with the Direct Actions. The Direct Action Plaintiffs are a large group of investment managers and institutional investors – representing pensions, charities, foundations and others – who have been actively litigating their cases against Defendants, in many instances for several years. The law firms representing the different Direct Action Plaintiffs have been coordinating with each other for a significant period of time in order to coordinate and streamline discovery across their separate matters. The identity of the members of this group and their counsel are well known to Defendants, who have actively been engaged in discovery with this group. Over the past several months, Defendants have defended depositions taken by the Direct Action Plaintiffs, taken the depositions of numerous Direct Action Plaintiffs, engaged in meet-and-confers with the Direct Action Plaintiffs, and participated in a weekly deposition scheduling committee call with the Direct Action Plaintiffs. As Defendants are aware, the *Maverick* Action is not, and never has been, part of the Direct Actions, and the plaintiffs to the *Maverick* Action have not been party to any of the aforementioned interactions between the Direct Action Plaintiffs and Defendants. Defendants' professed lack of clarity about whether the *Maverick* Action is part of the Direct Actions group is entirely unsubstantiated and belied by their own firsthand interactions with the Direct Action Plaintiffs.

Defendants' letter likewise mischaracterizes the Direct Action Plaintiffs' prior representations to the Court. The Direct Action Plaintiffs have never represented to the Court that they were speaking on behalf of the plaintiffs to the *Maverick* Action. At the time of the January 27, 2021 scheduling conference, Your Honor had already issued a Report and Recommendation dismissing the *Maverick* Action. During that conference, counsel for Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.) ("Valeant") told Your Honor that a majority of the parties actively litigating the securities cases supported the extension request. (Hearing Tr. at 16:4-7 (Jan. 27, 2021) ("MR. WALDMAN: So, I actually – I think three parties or three of the four parties in the securities action support a 60-day extension.").) Because there are scores of Direct Action Plaintiffs, and all of them opposed the extension, counsel for some of the Direct Action Plaintiffs clarified that a majority of the parties did not in fact support the extension. (*Id.* at 22:25-23:17 ("MR. HAMPSON: I would like to correct something that Mr. Waldman just said, which is that three-quarters of the parties to the securities cases approve of the 60-day extension, or consent to the 60-day extension. That is not true. . . . [T]he majority of the parties to the securities cases do not want this 60-day extension . . . .").) Although this statement did not purport to include the unknown and unexpressed view of the plaintiffs to the *Maverick* Action, it remains true even if the plaintiffs to the *Maverick* Action supported Defendants' extension request (which apparently even they do not). (ECF No. 708.) Accordingly, Defendants' misguided effort to use the *Maverick* Action to thwart the progress of the Direct Actions should be denied.

Respectfully submitted,

*/s/ Michael J. Hampson*

Michael J. Hampson

cc: All Counsel of Record