June 11, 2021

**VIA ECF**

Hon. Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

>   Re:  *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, Master No. 15-cv-7658-MAS-LHG
>        Securities Direct Actions

Dear Judge Shipp:

The undersigned represent the plaintiffs in twenty-one actions (the "Direct Action Plaintiffs" to the "Direct Actions") seeking billions of dollars in damages arising from a securities fraud committed by Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.) ("Valeant") and its former executives between 2013 and 2016.[1]  With fact discovery and expert discovery ending this fall, and final briefing on summary judgment expected to be completed by January 2022, we respectfully request that a trial date be scheduled in this matter.  We believe setting a trial date is the only way to lead these cases to resolution and forestall (or at least minimize) Defendants' repeated efforts to delay the proceedings.  To that end, as well as to address additional matters that require Your Honor's attention, we respectfully request a case management conference at the Court's earliest convenience.  We have previously discussed this request with the Special Master, the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.), as well as counsel for Defendants, who do not object to such a conference.

We are mindful that over the past few years the District of New Jersey has been left shorthanded by several judicial vacancies, and that the Judges of this District have been asked to go above and beyond their regular duties to manage their congested dockets.  This challenge has been undertaken in the face of substantial disruptions to daily life caused by the onset of a global pandemic.  Despite the lack of resources, the combined efforts of Your Honor, Judge Goodman, and Special Master Cavanaugh have allowed the large number of Direct Actions to move through motions to dismiss, as well as fact discovery involving the production of millions of pages of documents and the depositions of dozens of witnesses.

While the parties have made considerable progress in these cases, the Direct Actions have now reached a point where – absent further action from Your Honor – Defendants have sought an indefinite delay of these proceedings.  Specifically, Defendants have sought to use the Order Appointing Judge Cavanaugh as Special Master in combination with a Coordination Order entered

---

[1] The Direct Action Plaintiffs are parties to the following cases:  16-cv-07321; 16-cv-07324; 16-cv-07494; 16-cv-07496; 16-cv-07497; 17-cv-06513; 17-cv-07636; 17-cv-12088; 18-cv-00089; 18-cv-00343; 18-cv-00383; 18-cv-00846; 18-cv-00893; 18-cv-01223; 18-cv-08595; 18-cv-08705; 18-cv-15286; 18-cv-17393; 20-cv-05478; 20-cv-07460; and 20-cv-07462.

Hon. Michael A. Shipp, U.S.D.J.                                                                                                                       Page 2
June 11, 2021

by Judge Goodman – which were designed to *encourage* the speedy resolution of the claims – to *halt* the forward progress of the Direct Actions. In particular, Valeant has cited several unresolved appeals before this Court as a basis for unlimited delay. Accordingly, the Direct Action Plaintiffs respectfully request that Your Honor schedule a case management conference so that a final path forward can be cleared for the Direct Actions to proceed to trial.

I.      **Case Background and Update**

In the wake of revelations beginning in fall 2015 of misconduct at Valeant, several putative securities class actions were filed in this District against the Company, its former and present directors and officers, PricewaterhouseCoopers LLP ("PwC"), and the investment banks that marketed Valeant's securities to investors. These putative class actions were consolidated as *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 15-cv-07658 (the "Class Action"), and were settled in 2019 for more than $1 billion against all defendants other than PwC. The Direct Action Plaintiffs – consisting largely of investment funds managed on behalf of investors including pensions, foundations, charities, and individuals – have been leading the litigation efforts against Valeant and the individual defendants, while the Class Action remains pending against PwC.

On October 12, 2018, Judge Goodman entered a Case Management Order coordinating the Class Action and the Direct Actions for pretrial purposes (the "Coordination Order"). (Case No. 15-cv-07658, Dkt. No. 369.) The purpose of the Coordination Order was to "promote efficiency and judicial economy" by coordinating discovery among the Class Action and the Direct Actions. (*Id.*)

In September 2019, the parties agreed to the appointment of Judge Cavanaugh as Special Master to oversee discovery and to decide pretrial matters, and this Court entered an Order accordingly (the "Special Master Order"). (Case No. 15-cv-07658, Dkt. No. 484.) Under the Special Master Order, it is Judge Cavanaugh's province to "decide all discovery disputes and non-dispositive issues" and to "issue proposed findings of fact and reports and recommendations (collectively, 'R&R') on all dispositive issues." (*Id.* ¶¶ 9-10.) The parties have the right to object to Judge Cavanaugh's decisions on discovery and non-dispositive issues to Judge Goodman, and the further right to appeal any decision by Judge Goodman to Your Honor. (*Id.* ¶ 9.) The parties also have the right to object to or move to adopt/modify an R&R directly to Your Honor. (*Id.* ¶ 10.)

With significant fact discovery conducted and the fact-discovery deadline fast approaching, the natural course of this litigation would be to proceed to expert discovery, followed by motions for summary judgment. But outstanding objections to Judge Cavanaugh's pleading rulings with respect to PwC – which was named as a party in only one Direct Action, on a claim Judge Cavanaugh has recommended be dismissed – threaten to hold up the proceedings indefinitely. Specifically, PwC moved for judgment on the pleadings, and on May 20, 2020, Judge Cavanaugh issued an R&R denying PwC's motion. (Case No. 15-cv-07658, Dkt. No. 563.) PwC then filed an objection to that R&R ("PwC's Objection"), which was fully briefed as of June 29, 2020, and has been pending before Your Honor for approximately one year. (Case No. 15-cv-07658, Dkt. Nos. 573, 591.) Despite the pendency of its objection, PwC has fully participated in discovery in

Hon. Michael A. Shipp, U.S.D.J.                                                                Page 3
June 11, 2021

the Direct Actions based on the Coordination Order. At the same time, PwC has taken the position that its own witnesses cannot be deposed due to the combined effect of the purported discovery stay under the Private Securities Litigation Reform Act of 1995 ("PSLRA") – which, if it applies at all, applies only in the *Class Action* – and the Coordination Order, which contemplates all cases proceeding on the same pretrial schedule.[2]

The lack of a resolution of PwC's Objection has triggered a cascading set of positions that threaten to grind this litigation to a halt. Valeant has taken the position that PwC is a material witness in its defense. Because Valeant cannot depose PwC's witnesses, it has requested an indefinite delay in the proceedings. We believe a case management conference before Your Honor is the most efficient way to address this untenable situation.

II.     **A Case Management Conference Will Promote the Resolution of the Direct Actions**

A case management conference would allow Your Honor to address, and possibly resolve, certain issues that are impeding the progress of the Direct Actions. The Direct Action Plaintiffs would request that Your Honor consider the following points during the conference:

1. <u>Set a Trial Date for the Direct Actions</u>. Without a firm trial date on the calendar, these cases will languish on the Court's docket for years, as Defendants' only incentive is to delay. The Court should set a date certain by when these cases will be tried. Until a trial is imminent, the sad reality is that (given the size of the claims) it will be cheaper for Valeant to litigate the Direct Actions than to resolve them.

2. <u>Resolve PwC's Objection</u>. Although PwC is not a defendant in the Direct Actions, it contends its witnesses cannot be deposed until its pending objection to Judge Cavanaugh's May 20, 2020 R&R is resolved. And Valeant has exploited PwC's position by arguing that the Direct Actions must be delayed until the deposition of PwC's witnesses takes place. PwC's Objection can readily be resolved by summarily affirming Judge Cavanaugh's well-reasoned R&R, which would allow these proceedings to move forward.[3]

---

[2] The overwhelming majority of the Direct Action Plaintiffs sued only Valeant and its former officers. With respect to the Direct Action Plaintiff (Hound Partners) that also sued PwC, Judge Cavanaugh recommended the dismissal of PwC in 2020 on statute of limitations grounds. (Case No. 15-cv-07658, Dkt. No. 590.) Hound Partners filed an objection to that R&R, which has been fully briefed and pending since August 2020. With respect to the *Hound Partners* matter, PwC is a defendant solely for the Securities Act claim, and PwC has been free to participate in discovery of Hound Partners throughout discovery. Indeed, PwC asked questions during all three of the depositions taken of Hound Partners, and PwC had the ability to seek additional documents from Hound Partners in the event that it believed it could not "meaningfully participate in a deposition." (Case No. 15-cv-07658, Dkt. No. 634, ¶¶ (e), (g) & n.1.)

[3] With respect to *Hound Partners*, to the extent that the pending objection has not been resolved by August 12, 2021, when expert discovery commences, then Hound Partners' Security Act claims can be severed and the remaining claims (under the Exchange Act) should proceed to expert discovery and summary judgment along with the rest of the Coordinated Direct Action Plaintiffs' cases. Hound Partners understands that

Hon. Michael A. Shipp, U.S.D.J.  Page 4
June 11, 2021

3. <u>Amend the Special Master Objection Process</u>.  Valeant also has used the objection/appeal process in the Special Master Order to seek delay.  Valeant has appealed all adverse discovery rulings issued by Special Master Cavanaugh, even those relating solely to case scheduling.  We propose that the Special Master Order be revised so that there is only one level of appeal on discovery/non-dispositive decisions issued by the Special Master.  Currently, Valeant has the option to appeal Judge Goodman's denials of its objection to Judge Cavanaugh's discovery rulings to Your Honor.  That is a waste of judicial resources – indeed, it frustrates the very purpose of having a special master.

4. <u>De-Coordinate the Class Action from the Direct Actions</u>.  When the Coordination Order was entered in 2018, the Class Action was designated as the lead case against Valeant and its former executives.  But Valeant settled the Class Action in 2019, and the only remaining defendant in the Class Action is PwC.  Further, the Class Action against PwC has not been certified, so the Class Action will need to go through a certification procedure that is inapplicable to the Direct Actions.  Accordingly, there is now greater inefficiency and delay in attempting to coordinate the Direct Actions with the Class Action.  The plaintiffs to the Class Action have informed the Special Master that they anticipate the need for de-coordination, and the Direct Action Plaintiffs agree.

It is more than five years since investors suffered tens of billions of dollars in losses as a result of Defendants' securities fraud.  Defendants are now using various tactics to delay the resolution of the Direct Actions in contravention of the Federal Rules of Civil Procedure the Local Civil Rules of this District, and the spirit of the Court's prior orders.  They should not be allowed to further delay the resolution of these claims.  In order to prevent further prejudice to the Direct Actions stemming from Defendants' conduct, we respectfully request that the Court schedule a case management conference to address the above issues.

\* \* \* \*

We appreciate Your Honor's attention to these matters.

---

both PwC and Valeant are in agreement with respect to this proposal.  Under the current case schedule, reply expert reports are not due to be filed until November 11, 2021, followed by expert depositions and then summary judgment briefing.  Thus, in the event that Your Honor grants Hound Partners' pending objection, there is ample time for Hound Partner's Security Act claims to "catch up" with the current case schedule.

Hon. Michael A. Shipp, U.S.D.J.  Page 5
June 11, 2021

Respectfully submitted,

| | |
|---|---|
| **ROLNICK KRAMER SADIGHI LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| /s/ *Lawrence M. Rolnick* | /s/ *Rollo C. Baker* |
| Lawrence M. Rolnick | Robert S. Loigman |
| Marc B. Kramer | Rollo C. Baker |
| Sheila A. Sadighi | Kathryn Bonacorsi |
| Michael J. Hampson | Jesse Bernstein |
| 1251 Avenue of Americas | 51 Madison Avenue |
| New York, NY 10020 | New York, NY 10010 |
| Telephone: (212) 597-2800 | Telephone: (212) 849-7000 |
| Facsimile: (212) 597-2801 | Facsimile: (212) 849-7100 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |
| Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07494, 16-cv-07496, 16-cv-07497, 18-cv-00089, 18-cv-00893, and 18-cv-01223 | Case No. 18-cv-08705 |
| | **CALCAGNI & KANEFSKY, LLP** |
| | /s/ *Eric T. Kanefsy* |
| | Eric T. Kanefsky |
| | Samuel S. Cornish |
| | One Newark Center |
| | 1085 Raymond Boulevard, 14th Floor |
| | Newark, NJ 07102 |
| | Telephone: (862) 772-8149 |
| | Facsimile: (862) 902-5458 |
| | *Local Counsel for Plaintiffs* |
| | Case No. 18-cv-08705 |

Hon. Michael A. Shipp, U.S.D.J.  Page 6
June 11, 2021

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

*/s/ Michael J. Miarmi*
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
Sharon M. Lee (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.: (212) 355-9500
Fax: (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
slee@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
Bruce W. Leppla (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com

*Counsel for Plaintiffs*
Case No. 18-cv-00343

**BRESSLER, AMERY & ROSS, P.C.**

*/s/ David J. Libowsky*
David J. Libowsky
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Tel.: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs*
Case No. 18-cv-00343

**DIETRICH SIBEN THORPE LLP**

*/s/ David A. Thorpe*
David A. Thorpe *(pro hac vice)*
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (310) 300-8450
Facsimile: (310) 300-8041
david@dstlegal.com

Matthew P. Siben *(pro hac vice)*
500 Australian Avenue South, Ste. 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883
matthew@dstlegal.com

*Counsel for Plaintiff*
Case No. 17-cv-06513

**FLEISCHMAN BONNER & ROCCO LLP**

*/s/ Patrick L. Rocco*
Patrick L. Rocco
447 Springfield Ave., Second Floor
Summit, NJ 07901
Telephone: (908) 516-2043
Facsimile: (908) 516-2049
procco@fbrllp.com

*Local Counsel for Plaintiff*
Case No. 17-cv-06513

Hon. Michael A. Shipp, U.S.D.J.   Page 7
June 11, 2021

**LABATON SUCHAROW LLP**

/s/ Corban S. Rhodes
Michael P. Canty
Corban S. Rhodes
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Plaintiffs*
Case Nos. 17-cv-07636, 18-cv-08595, 18-cv-15286

**KASOWITZ BENSON TORRES LLP**

/s/ Stephen W. Tountas
Stephen W. Tountas
One Gateway Center
Suite 2600
Newark, NJ 07102
Telephone: (973) 645-9462
Fax: (973) 643-2030

*Local Counsel for Plaintiffs*
Case Nos. 17-cv-07636, 18-cv-08595, and 18-cv-15286

**MOTLEY RICE LLC**

/s/ Serena P. Hallowell
Serena P. Hallowell
777 Third Ave., 27th Floor
New York, NY 10017
Telephone: (212) 577-0040
Fax: (212) 577-0054

*Counsel for Plaintiffs*
Case Nos. 18-cv-08595 and 18-cv-15286

**GRANT & EISENHOFER, P.A.**

/s/ Daniel L. Berger
Daniel L. Berger (admitted *pro hac vice*)
Caitlin M. Moyna (admitted *pro hac vice*)
Jonathan D. Park (admitted *pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500

*Counsel for Plaintiffs*
Case Nos. 17-cv-12088, 20-cv-07460, and 20-cv-04762

**LITE DEPALMA GREENBERG & AFANDOR, LLC**

/s/ Bruce D. Greenberg
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858

*Local Counsel for Plaintiffs*
Case Nos. 17-cv-12088, 20-cv-07460, and 20-cv-04762

Hon. Michael A. Shipp, U.S.D.J.  Page 8
June 11, 2021

**HUNG G. TA, ESQ. PLLC**

*/s/ JooYun Kim*
JooYun Kim
Hung G. Ta
250 Park Avenue, Seventh Floor
New York, NY 10177
Tel: (646) 453-7288

*Counsel for Plaintiffs*
Case Nos. 18-cv-00383, 18-cv-00846,
18-cv-17393, and 20-cv-05478


**SAFIRSTEIN METCALF LLP**

*/s/ Peter Safirstein*
Peter Safirstein
Elizabeth Metcalf (*pro hac vice* forthcoming)
1250 Broadway, 27th Floor
New York, NY 10001
Tel: (212) 201-2845

*Counsel for Plaintiffs*
Case No. 18-cv-00846, 18-cv-17393 and
20-cv-05478


cc: Hon. Lois H. Goodman, U.S.M.J. (via ECF)
    Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.) (via e-mail)
    All Counsel of Record (via ECF and e-mail)