July 27, 2021

**VIA ECF**

Hon. Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, **Master No. 15-cv-7658-MAS-LHG**
           **Securities Direct Actions**

Dear Judge Shipp:

The undersigned represent the plaintiffs in twenty-two actions (the "Direct Action Plaintiffs" to the "Direct Actions") asserting claims of ***over $3 billion*** arising from a securities fraud committed by Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.) ("Valeant") and its former executives.[1]  We write to follow up on our written request to Your Honor, dated June 11, 2021, requesting that the Court, among other things, schedule a trial date. (ECF No. 773.) As further explained below, we believe that Valeant is exploiting the Court's congested docket to delay these cases while publicly downplaying the amount of its potential legal exposure to the Direct Action Plaintiffs, and in the interim is seeking to effectuate a corporate transaction that appears intended to, and will, frustrate the Direct Action Plaintiffs from collecting on their judgments.

The Direct Action Plaintiffs are investors – consisting largely of investment funds managed on behalf of investors including pensions, foundations, charities, and individuals – who purchased Valeant securities between 2013 and 2016 when the prices of those securities were artificially inflated by Defendants' fraud.  According to the damages model approved by the Court for the $1.2 billion settlement reached by Valeant to resolve the securities class action, the Direct Action Plaintiffs have recognized losses of over $3 billion as a result of this fraud.  Given the magnitude of the individual losses, the Direct Action Plaintiffs opted out of the class action and have been pursuing their own securities fraud claims against Valeant, in some cases for almost five years.

Recently, Valeant announced that it intends to spin-off its cash-rich vision health business ("Bausch + Lomb") into a new public company.  The remaining company ("Bausch Pharma") will consist of the other business units of Valeant.  However, after the transaction is complete, the two companies are expected to have materially different creditworthiness.  For Bausch + Lomb, the net ratio of debt to cash flow is expected to be 2.5x, whereas for Bausch Pharma, the net ratio is expected to be 6.5x-6.7x.  Perhaps not surprisingly, Valeant's current CEO and CFO have

---

[1] The Direct Action Plaintiffs are parties to the following cases:  16-cv-07321; 16-cv-07324; 16-cv-07494; 16-cv-07496; 17-cv-06513; 17-cv-07636; 17-cv-12088; 18-cv-00089; 18-cv-00343; 18-cv-00383; 18-cv-00846; 18-cv-00893; 18-cv-01223; 18-cv-08595; 18-cv-08705; 18-cv-15286; 18-cv-17393; 20-cv-02190; 20-cv-05478; 20-cv-07460; and 20-cv-07462.

Hon. Michael A. Shipp, U.S.D.J.                                                                                          Page 2
July 27, 2021

announced they will leave Valeant to lead the asset-rich spin-off. In other words, Valeant has stated that it intends to effectuate a corporate spin-off of its most valuable assets to be managed by current senior executives after they depart Valeant, while leaving behind a company burdened with a heavy debt load.

The Direct Action Plaintiffs are concerned that the transfer of substantial assets to a new spin-off will be extremely detrimental to the Direct Action Plaintiffs' ability to collect on the judgments they are pursuing in these litigations. If Valeant's more-than-$3-billion contingent liability to the Direct Actions is left with Bausch Pharma, the Direct Action Plaintiffs will be faced with a claim against a company that has divested some of its most valuable assets and is over-levered. Indeed, one major investment bank that follows Valeant has estimated that the present value of Bausch Pharma's future cashflows falls below its target net debt – meaning that Bausch Pharma will have a ***negative equity value*** based on the 6.5x-6.7x expected net leverage multiple. It appears that Bausch Pharma does not have sufficient cash to satisfy these judgments.[2]

Moreover, it appears that Valeant is substantially downplaying its potential legal exposure to the Direct Action Plaintiffs. For example, at a recent healthcare conference, Valeant CEO Joseph Papa told investors that Valeant's securities litigation was essentially wrapped by the class action settlement and that there are "just a couple of opt-outs" left. At the Barclays Global Healthcare Conference on March 9, 2021, Papa told the audience:

> So we've already put the – maybe a little bit [of] background just for everybody is that we had a stock drop litigation. We settled that stock drop litigation for $1.2 billion. We have already taken that value of that cash. We've inserted into an escrow account and that is awaiting the judge's final decision on the allocation of that cash to the respective parties. But that's already been taken care of. That's behind us as a so-called risk. And we still have a couple of opt outs that we have to work our way through but that particular $1.2 billion has been fully funded. It's sitting in escrow just awaiting the judge's final decision on allocation. So we're in good shape with that.

(Ex. A at 11.) This was incorrect. The Direct Action Plaintiffs are not just a "couple of opt outs" – they are twenty-two opt-outs with over $3 billion in recognized losses under the class settlement model. Thus, the Direct Action Plaintiffs believe that Papa inaccurately portrayed Valeant's actual securities opt-out exposure – and it raises serious questions as to whether Valeant's management and market participants are pursuing the planned spin-off transaction notwithstanding understated company liabilities.

---

[2] Given these serious concerns, the Direct Action Plaintiffs requested information from Valeant regarding the planned spin-off and which entity will hold the contingent liability related to the Direct Actions after the spin-off. Valeant has refused to provide any of the requested information.

Hon. Michael A. Shipp, U.S.D.J.  Page 3
July 27, 2021

Valeant has attempted to delay monetization of its liabilities by putting up roadblocks prohibiting the Direct Actions from moving forward.  In September 2019, Your Honor appointed the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.) as Special Master to oversee pretrial proceedings in the Direct Actions and other Valeant-related actions. (ECF. No. 484.)  Judge Cavanaugh has done an excellent job managing discovery and resolving the numerous dispositive and non-dispositive motions presented to him.  However, Valeant has sought to exploit the special-master appeals process by refusing to move forward until its objections to routine discovery rulings issued by Judge Cavanaugh have gone through two levels of judicial review and approval – first by Magistrate Judge Louis H. Goodman and then by Your Honor.  For example, just recently, Valeant refused to produce its CEO for a deposition, even though Judge Cavanaugh denied Valeant's motion for a protective order and ordered that the witness be produced for deposition within 45 days of his July 7, 2021 Order.  (ECF No. 788 at 26.)  Valeant has taken this position notwithstanding law in this District that a party seeking a stay of a special master's order must make a separate application to the special master for such relief.  *In re Mercedes-Benz Emissions Litig.*, 2019 WL 5800270 (D.N.J. Nov. 7, 2019); *see also* L. Civ. R. 72.1(c)(1)(B) ("[T]he filing of such a motion or cross-motion to appeal does not operate to stay the order pending appeal to a Judge.  A stay of a Magistrate Judge's order pending appeal must be sought in the first instance from the Magistrate Judge whose order had been appealed, upon due notice to all interested parties.").

Valeant has been able to manufacture delay because of the absence of a firm trial date.  Indeed, during the most recent conference before Judge Cavanaugh, Valeant argued that continued delays are not prejudicial *precisely because there is no trial date scheduled*.  (Ex. B at 48:21-49:6 ("60 days is not very much time.  And Your Honor, no trial date has been set in any of the 20 opt-out cases.  *The opt-outs sought to get a trial date from Judge Shipp.  A conference hasn't been scheduled before Judge Shipp yet.  So there is no trial date and there will be no overall delay to the cases at all* because of the proposal that I have just put forward." (emphasis added)).)  Setting a trial date is necessary to end Valeant's attempt to take advantage of delay to allow it to divest itself of assets that should be used to satisfy a judgment.

The Direct Action Plaintiffs have substantially completed fact discovery and expect to be ready for trial by mid-2022.  Accordingly, the Direct Action Plaintiffs again respectfully request that the Court schedule a case management conference to set a trial date in mid-2022.

We appreciate Your Honor's attention to these matters.

Hon. Michael A. Shipp, U.S.D.J.  Page 4
July 27, 2021

Respectfully submitted,

| **ROLNICK KRAMER SADIGHI LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| /s/ *Lawrence M. Rolnick* | /s/ *Rollo C. Baker* |
| Lawrence M. Rolnick | Robert S. Loigman |
| Marc B. Kramer | Rollo C. Baker |
| Sheila A. Sadighi | Kathryn Bonacorsi |
| Michael J. Hampson | Jesse Bernstein |
| 1251 Avenue of Americas | 51 Madison Avenue |
| New York, NY 10020 | New York, NY 10010 |
| Telephone: (212) 597-2800 | Telephone: (212) 849-7000 |
| Facsimile: (212) 597-2801 | Facsimile: (212) 849-7100 |

*Counsel for Plaintiffs*
Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07494, 16-cv-07496, 18-cv-00089, 18-cv-00893, and 18-cv-01223

*Counsel for Plaintiffs*
Case No. 18-cv-08705

**CALCAGNI & KANEFSKY, LLP**

/s/ *Eric T. Kanefsy*
Eric T. Kanefsky
Samuel S. Cornish
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, NJ 07102
Telephone: (862) 772-8149
Facsimile: (862) 902-5458

*Local Counsel for Plaintiffs*
Case No. 18-cv-08705

Hon. Michael A. Shipp, U.S.D.J.  Page 5
July 27, 2021

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

*/s/ Michael J. Miarmi*
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
Sharon M. Lee (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.: (212) 355-9500
Fax: (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
slee@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
Bruce W. Leppla (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com

*Counsel for Plaintiffs*
Case No. 18-cv-00343

**BRESSLER, AMERY & ROSS, P.C.**

*/s/ David J. Libowsky*
David J. Libowsky
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Tel.: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs*
Case No. 18-cv-00343

**DIETRICH SIBEN THORPE LLP**

/s/ *David A. Thorpe*
David A. Thorpe *(pro hac vice)*
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (310) 300-8450
Facsimile: (310) 300-8041
david@dstlegal.com

Matthew P. Siben *(pro hac vice)*
500 Australian Avenue South, Ste. 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883
matthew@dstlegal.com

*Counsel for Plaintiff*
Case No. 17-cv-06513

**FLEISCHMAN BONNER & ROCCO LLP**

*/s/ Patrick L. Rocco*
Patrick L. Rocco
447 Springfield Ave., Second Floor
Summit, NJ 07901
Telephone: (908) 516-2043
Facsimile: (908) 516-2049
procco@fbrllp.com

*Local Counsel for Plaintiff*
Case No. 17-cv-06513

Hon. Michael A. Shipp, U.S.D.J.  Page 6
July 27, 2021

| | |
|---|---|
| **LABATON SUCHAROW LLP** | **GRANT & EISENHOFER, P.A.** |
| /s/ *Corban S. Rhodes* | /s/ *Daniel L. Berger* |
| Michael P. Canty | Daniel L. Berger (admitted *pro hac vice*) |
| Corban S. Rhodes | Caitlin M. Moyna (admitted *pro hac vice*) |
| 140 Broadway | Jonathan D. Park (admitted *pro hac vice*) |
| New York, NY 10005 | 485 Lexington Avenue |
| Telephone: (212) 907-0700 | New York, NY 10017 |
| Fax: (212) 818-0477 | Tel: (646) 722-8500 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |
| Case Nos. 17-cv-07636, 18-cv-08595, and 18-cv-15286 | Case Nos. 17-cv-12088, 20-cv-07460, and 20-cv-07462 |
| **KASOWITZ BENSON TORRES LLP** | **LITE DEPALMA GREENBERG & AFANDOR, LLC** |
| /s/ *Stephen W. Tountas* | /s/ *Bruce D. Greenberg* |
| Stephen W. Tountas | Bruce D. Greenberg |
| One Gateway Center | 570 Broad Street, Suite 1201 |
| Suite 2600 | Newark, NJ 07102 |
| Newark, NJ 07102 | Telephone: (973) 623-3000 |
| Telephone: (973) 645-9462 | Fax: (973) 623-0858 |
| Fax: (973) 643-2030 | |
| *Local Counsel for Plaintiffs* | *Local Counsel for Plaintiffs* |
| Case Nos. 17-cv-07636, 18-cv-08595, and 18-cv-15286 | Case Nos. 17-cv-12088, 20-cv-07460, and 20-cv-07462 |

**MOTLEY RICE LLC**

/s/ *Serena P. Hallowell*
Serena P. Hallowell
777 Third Ave., 27th Floor
New York, NY 10017
Telephone: (212) 577-0040
Fax: (212) 577-0054

*Counsel for Plaintiffs*
Case Nos. 18-cv-08595 and 18-cv-15286

Hon. Michael A. Shipp, U.S.D.J.  Page 7
July 27, 2021

**HUNG G. TA, ESQ. PLLC**

*/s/ JooYun Kim*
JooYun Kim
Hung G. Ta
250 Park Avenue, Seventh Floor
New York, NY 10177
Tel: (646) 453-7288

*Counsel for Plaintiffs*
Case Nos. 18-cv-00383, 18-cv-00846,
18-cv-17393, and 20-cv-05478


**SAFIRSTEIN METCALF LLP**

*/s/ Peter Safirstein*
Peter Safirstein
Elizabeth Metcalf (*pro hac vice* forthcoming)
1250 Broadway, 27th Floor
New York, NY 10001
Tel: (212) 201-2845

*Counsel for Plaintiffs*
Case Nos. 18-cv-00846, 18-cv-17393 and
20-cv-05478

**KIRBY McINERNEY LLP**

*/s/ Karen M. Lerner*
Karen M. Lerner
Ira M. Press (admitted *pro hac vice*)
Daniel Hume (admitted *pro hac vice*)
Meghan J. Summers (admitted *pro hac vice*)
250 Park Avenue, Suite 820
New York, NY 10177
Tel: (212) 371-6600


**MARK A. STRAUSS LAW, PLLC**
Mark A. Strauss, Esq.
555 Madison Avenue, 5th Flr.
New York, NY 10022
Tel: (212) 729-9496

*Counsel for Plaintiffs*
Case No. 20-cv-02190


cc: Hon. Lois H. Goodman, U.S.M.J. (via ECF)
    Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.) (via e-mail)
    All Counsel of Record (via ECF and e-mail)