UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Case No.: 3:15-CV-07658-MAS-LHG<br><br>**REPORT & RECOMMENDATION OF THE SPECIAL MASTER** |

This matter comes before the Special Master by way of correspondence submitted by Defendant Valeant Pharmaceuticals International, Inc. n/k/a Bausch Health Companies Inc. ("Valeant") dated July 26, 2021, requesting a briefing schedule concerning the process for obtaining review of discovery rulings by the Special Master. Specifically, Valeant sought confirmation that pursuant to Federal Rule of Civil Procedure 53[1] and the September 10, 2019, Order, of the Honorable Michael A. Shipp, U.S.D.J., referring these actions to the Special Master ("Referral Order"), the parties are not required to take action on the Special Master's Reports and Recommendations ("R&Rs") until such time as the District Court adopts, modifies, or reverses the R&Rs. The Direct Action Plaintiffs submitted a correspondence in response, also dated July 26, 2021, arguing that the parties are not required to move to adopt the Special Master's R&Rs for them to take effect and an appeal of the Special Master's R&Rs does not create an automatic stay of that particular ruling. The Special Master directed the parties to submit letter briefs on the issue. On July 30, 2021, Valeant and the Direct Action Plaintiffs submitted letter briefs. Also, on July 30, 2021, Defendant PricewaterhouseCoopers LLP ("PwC") submitted a correspondence on the issue. After considering the submissions of the parties, prevailing case law, the Referral Order, and the Court Rules, and based upon the following, it is the opinion of the Special Master that (1) the

---

[1] All subsequent references to a Rule herein are references to a Federal Rule of Civil Procedure.

1

parties are not required to move to adopt Special Master's orders or R&Rs for them to take effect; (2) the fact that a party files an objection or appeal of the orders or R&Rs does not create an automatic stay of the rulings contained therein; and (3) with respect to the Special Master's R&R concerning the production of FTI documents and the deposition of Joseph Papa, the parties are directed to proceed with such discovery during the pendency of the appeal before the District Court.

## BACKGROUND

The Court has previously summarized many of the factual allegations at issue in this matter and the Special Master assumes the parties' familiarity with those allegations. *See e.g.*, *In re Valeant Pharm. Int'l, Inc. Sec. Litig. (In re Valeant)*, No. 15-7658, 2017 WL 1658822 (D.N.J. Apr. 28, 2017), *reconsideration denied*, No. 15-7658, 2017 WL 3880657 (D.N.J. Sept. 5, 2017). Thus, the Special Master only recounts the factual background and procedural history necessary to decide the instant matter.

On September 10, 2019, Judge Shipp issued an order (the "Referral Order") referring the matters *In re: Valeant Pharmaceuticals International, Inc., Securities Litigation*, No. 15-7658 (MAS) (LHG) and *In re: Valeant Pharmaceuticals International, Inc., Thrid-Party Payor Litigation*, No. 16-3087 (MAS) (LHG) to the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.) to serve as Special Master. The Court found that the parties had consented to the appointment of a Special Master for discovery purposes pursuant to Rule 53(a)(1)(A) and the Court found that the appointment of a Special Master was necessary to address pretrial matters that "cannot be effectively and timely addressed by the Court." (ECF 484, at pp. 2-3.) Thus, the Court appointed the Special Master to complete the following tasks: "(a) address and resolve all pending and future discovery disputes; (b) address all pending and future motions pursuant to Rules 12, 15,

2

23, 50, 56, and all other pre-trial motions; and (c) when appropriate, facilitate settlement discussions among the parties." (*Id.* at p. 3.) The Court further ordered that:

> (9) The Special Master shall decide all discovery disputes and non-dispositive issues and issue appropriate written orders regarding the same. Pursuant to Rule 53(f)(1), (2), the parties <u>may</u> object to, move to adopt, or move to modify an order pursuant to this paragraph within 21 days of the day the order is entered on CM/ECF. Any party opposing the objection or motion shall file a responsive brief within 14 days of the day the objection or motion is filed. The moving party may file a reply to any opposition within seven days of the day the opposition was filed. The Honorable Lois H. Goodman, U.S.M.J., shall resolve any objections or motions pursuant to this paragraph. The parties may appeal any decision by Judge Goodman pursuant to this paragraph according to the procedures provided for in Local Civil Rule 72.1(c)(1).

[(*Id.* at p. 4) (emphasis added).]

On June 24, 2021, the Special Master issued an R&R in connection with Direct Action Plaintiffs' motion to overrule certain privilege and work product claims by Valeant in connection with the document production of third-party FTI Consulting (the "FTI R&R"). (ECF No. 780.) The Special Master found that the FTI documents were not privileged and ordered their production.

Thereafter, on July 7, 2021, the Special Master issued an R&R in connection with Valeant's motion seeking a protective order precluding the Direct Action Plaintiffs from taking the deposition of Joseph C. Papa, Valeant's current Chief Executive Officer (the "Papa R&R"). (ECF No. 788.) The Special Master found that Papa "possesses superior or unique information relevant to the issues being litigated and that the information cannot be obtained by a less intrusive method," and that Valeant failed to meet the heavy burden of establishing that good cause exists for the issuance of a protective order under Rule 26(c)(1). Thus, the Special Master directed that Direct Action Plaintiffs may conduct the deposition of Papa within 45 days.

3

On July 26, 2021, Valeant submitted a letter to the Special Master requesting a briefing schedule "regarding the process for obtaining review of discovery rulings issued by the Special Master." Specifically, Valeant sought confirmation that "there is no action necessary" on the FTI R&R or the Papa R&R "until these R&Rs are adopted, modified, or reversed by the District Court." Valeant argued that it had already objected to the FTI R&R and intended to object to the Papa R&R and therefore, a "stay" was in effect by virtue of the appeals. Valeant further argued that its appellate rights would be rendered meaningless if it were required to produce Papa for a deposition, or produce allegedly privileged documents from FTI, before its objections are heard. Valeant contends that D.N.J. Local Civil Rule 72.1 and *In re Mercedes-Benz Emissions Litigation*, 2019 WL 5800270 (D.N.J. Nov. 7, 2019) are inapplicable as they pertain to the authority of a Magistrate Judge under Rule 72 and not a Special Master under Rule 53.

On the same day, Direct Action Plaintiffs submitted a correspondence to the Special Master arguing that the R&Rs become effective upon issuance and Valeant should have requested a stay pending appeal if it did not want to abide by the Special Master's R&Rs (which it did not do). Direct Action Plaintiffs also argue that neither the text of Rule 53 nor the Referral Order mandate that a party must move to adopt the Special Master's R&Rs for them to take effect, or that a stay automatically applies pending an appeal of the R&Rs. Direct Action Plaintiffs contend that to read Rule 53 and the Referral Order in such a way would effectively render the Special Master's rulings a nullity. Direct Action Plaintiffs argue that directing Valeant to comply with the R&Rs does not obviate Valeant's appellate rights as the District Court could fashion an appropriate remedy should it reverse the Special Master's rulings. Direct Action Plaintiffs rely on *In re Mercedes-Benz Emissions Litigation*, in which the Special Master denied the defendants' motion for a stay of a prior ruling regarding sensitive information pending

4

appeal. Direct Action Plaintiffs contend that there is nothing in that ruling which indicates that the reasoning was limited to appointments under Rule 72.

On July 30, 2021, at the direction of the Special Master, both Valeant and Direct Action Plaintiffs submitted further correspondence on the above-referenced issues. In addition to the arguments set forth above, Valeant argues that this dispute affects its procedural due process rights to have its objection to an R&R heard and resolved by the District Court. Valeant further argues that producing the subject discovery now (the FTI documents and deposition of Papa) would irreparably prejudice Valeant's rights. Specifically, Valeant contends that preparing for and having Mr. Papa appear for a deposition would impose an undue burden on him, which was rejected by the Special Master, but if it is reversed by the District Court, having Mr. Papa appear for a deposition while the appeal is pending would essentially moot the appeal. Valeant also argues that by producing the documents from FTI that it contends are privileged, despite the Special Master finding to the contrary, before the District Court rules on its objections would also vitiate its appeal. Valeant also denies that it filed objections to the R&Rs to further delay this matter and contends that allowing the Court to resolve the two aforementioned objections will not hold up the overall case schedule.

The Direct Action Plaintiffs further argue that Valeant consented to the appointment of a Special Master to oversee discovery matters and now attempts to diminish the Special Master's authority under the Referral Order, which specifically directs the Special Master to "address and resolve all future discovery disputes." If a party were required to move to adopt every R&R, the Special Master's rulings would be nothing more than advisory. The Direct Action Plaintiffs contend that Valeant should have moved for a stay of the R&Rs pending appeal, but it did not, and any attempt to do so now would be untimely. Additionally, Valeant could not satisfy the

5

demanding test for obtaining a stay. The Direct Action Plaintiffs do not dispute that Valeant has a right to appeal the R&Rs and to the extent the Court reverses them, it can fashion the appropriate relief, such as precluding Plaintiffs from using the subject documents or testimony at trial. The Direct Action Plaintiffs argue that Valeant should not be permitted to hold up important discovery by filing serial objections to the Special Master's rulings and take advantage of the extended delay in rulings on those objections due to the Court's overburdened docket. The purpose of the Court's appointment of a Special Master was to alleviate that burden and facilitate the efficient prosecution and potential resolution of these matters.

PwC also submitted a correspondence to the Special Master, dated July 30, 2021, in which it joins in the arguments set forth by Valeant. PwC contends that although it is not directly involved in the discovery dispute between Valeant and Direct Action Plaintiffs, any ruling on this issue "has broad implications for any party's right to have its objections to Your Honor's recommendations or orders heard and resolved before they become enforceable[.]" PwC contends that any ruling on the issue will affect its right to object to any Special Master order involving de-coordination of the cases, lifting the PSLRA stay, or ordering discovery of PwC. PwC contends that both Rule 53 and the Referral Order afford the parties the opportunity to object to the Special Master's rulings and to have that objection ruled upon before the rulings become effective.

## DISCUSSION

Initially, the Special Master finds that there is no requirement for a party to move to adopt every R&R or order of the Special Master for that ruling to become effective. Rule 53 provides that the Referral Order must outline the Special Master's duties and "any limits on the master's authority under Rule 53(c)[.]" Unless the Referral Order provides otherwise, the Special

Master is authorized to "regulate all proceedings" and "take all appropriate measures to perform the assigned duties fairly and efficiently[.]" Rule 53(c)(1)(A) and (B). Rule 53 further provides that in acting on the Special Master's order, report or recommendations, the court (1) must give the parties notice and an opportunity to be heard; (2) may receive evidence; and (3) <u>may</u> adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions. The Rule also provides that a party <u>may</u> file objections to or a motion to adopt or modify the Special Master's order, report, or recommendations.

Moreover, the Referral Order explicitly states that the Special Master "shall decide all discovery disputes and non-dispositive issues and issue appropriate written orders regarding the same." The Referral Order further provides that the parties "<u>may</u> object to, move to adopt, or move to modify an order pursuant to this paragraph[.]" (ECF 484, at p.4, ¶ 9 (emphasis added).) The Referral Order does not state that the Special Master's rulings are ineffective unless and until a party moves to adopt the order or R&R. Neither Valeant nor PwC cite to any case law that supports this argument. The Special Master recognizes that there will almost always be at least one dissatisfied party as a result of any order or R&R. To further conclude that no action is necessary on the Special Master's order or R&R until the Court resolves an almost inevitable objection by the dissatisfied party would run afoul of the purpose for appointing a Special Master – to assist in handling matters that cannot be effectively and timely addressed by the Court. Here, the parties are permitted to appeal the Special Master's recommendations to the Magistrate Judge, and are then permitted to appeal the Magistrate Judge's decision to the District Judge. To conclude otherwise would create an even greater backlog and delay in these proceedings than if the parties simply proceeded through discovery within the Court system itself.

Valeant argues that Rule 53 contains language that suggests the Court must take action on the Special Master's rulings for them to become effective – specifically, the Rule provides "[i]n acting on a master's order, report, or recommendations, the court must give the parties notice and an opportunity to be heard; may receive evidence; and may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Valeant contends that because the Rule states "[i]n acting on[,]" it means that none of the Special Master's rulings are effective absent action by the Court. However, Valeant also recognizes that the Advisory Committee Notes for Rule 53 state that "[i]f no party asks the court to act on a master's report, the court is free to adopt the master's action or to disregard it at any relevant point in the proceedings." Thus, inherent in the Advisory Committee Notes is that the parties are not required to move to adopt the Special Master's rulings for them to become effective. However, if they do, or ask the Court to act otherwise, such as by filing objections to the rulings, then the Court must give the parties notice and an opportunity to be heard. Thus, the Special Master disagrees that a party is required by either Rule 53 or the Referral Order to move to adopt the Special Master's rulings for them to take effect.

Furthermore, the Special Master finds that a party's objections to the Special Master's order or R&R does not stay enforcement of that order or R&R pending appeal. Initially, neither Rule 53 nor the Referral Order permits an automatic stay of the Special Master's rulings pending objections by a party. Were that the case, it would be nearly impossible for the Special Master to move the cases expeditiously, as there is almost always a dissatisfied party as a result of a ruling. Allowing that party to stunt the progress of the case by filing an appeal of every adverse ruling, thereby bogging down the case with stays and overburdening the Court's docket, would defeat

the purpose of a Special Master. If the parties wish to stay a ruling pending appeal, they should make the appropriate application to the Special Master.

The Special Master finds that the case law which Valeant cites to support its argument that courts have repeatedly protected a party's right to appeal a special master's rulings by requiring that such orders only take effect "absent timely objection" are inapposite. In *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 WL 1687592, *1 (D. Colo. Apr. 18, 2013), the aggrieved party moved for a stay of the Court's order pending resolution of its objections to the Special Master's report. In connection with that motion, the Court found that the aggrieved party did not have an opportunity to file objections to the Special Master's report pursuant to Rule 53 prior to entry of the Court's Order dated April 12, 2013. Were the Court to require the parties to act on its April 12 Order, it would have rendered the aggrieved party's right to appeal a nullity. The Court found it appropriate to stay the April 12 Order pending resolution of the objections to the special master's report. Although the court found it appropriate to stay the effect of the April 12 Order pending resolution of the aggrieved party's objections to the Special Master's ruling, it was in the context of the aggrieved party's motion for a stay of the April 12 Order. Likewise, the fact that the Special Master in *Gates Corporation v. CRP Industries, Inc.*, 2018 WL 4697326, at *2 (D. Colo. Aug. 10, 2018) was willing to impose a 21-day stay of his order, to the extent it would call for publication of certain allegedly privileged documents to permit the parties an opportunity to object pursuant to Rule 53 does not translate to a stay of the order pending resolution of the objections. Indeed, the Special Master was only providing a 21-day stay to allow the objections to be filed. Pursuant to Rule 53, the parties have 21 days to file objections to a ruling of the Special Master. There is no indication in the opinion that the Special Master was staying his order pending resolution of the appeal.

Similarly, the other cases cited by Valeant are also inapposite. *H.B. by Bartolini v. Abbott Lab'ys, Inc.*, 2016 WL 2868424 (S.D. Ill. July 5, 2017), *Howe v. City of Akron*, 17 Supp. 3d 690 (N.D. Ohio 2014), *aff'd as modified*, 801 F.3d 718 (6th Cir. 2015), and *Sibley v. Sprint Nextel Corp.*, 298 F.R.D. 683 (D. Kan. 2014), all pertain to the order of appointment of a Special Master. All three cases contain the same language: "Absent timely objection, the orders, findings, reports, rulings, and recommendations of the [Special Master] shall be deemed approved, accepted, and ordered by the Court, unless the Court explicitly provides otherwise." *H.B. by Bartolini*, 2016 WL 2868424, at *3; *Howe*, 17 Supp. 3d at 693; *Sibley*, 298 F.R.D. at 687. The fact that these Courts held that if no party objected to the Special Master's rulings they would be deemed approved, accepted and ordered by the Court does not equate to the Court finding that absent a motion to adopt, the Special Master's rulings have no effect.

Finally, the Special Master disagrees that Valeant's procedural due process rights are adversely affected by this ruling. Initially, there is no dispute that Valeant has the right to file objections to the Special Master's rulings. Both Rule 53 and the Referral Order provide that a party may file objections to the Special Master's orders and R&Rs within 21 days to the Magistrate Judge. The Referral Order also provides that the parties may appeal the Magistrate Judge's decisions to the District Judge. No one disputes that Valeant has a right to file objections to the Special Master's orders and R&Rs. To the extent Valeant believes that abiding by the terms of the FTI R&R and Papa R&R pending resolution of its objections to those rulings, it should have sought a stay of the rulings. The fact that abiding by the R&Rs pending resolution of the objections might render the appeals moot does not necessarily constitute irreparable harm. *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.3d 653, 658 (3d Cir. 1991). In the event the Court reverses the FTI R&R or the Papa R&R, it can structure the appropriate relief.

10

For example, if the Court concludes that the FTI documents are privileged and reverses the Special Master's R&R, it can bar any use of the documents at trial or any deposition testimony based on the documents. Furthermore, if the Court concludes that Papa need not appear for a deposition, it can bar the use of the deposition testimony at trial. The Special Master is not convinced that Papa's appearance at a deposition during the pendency of Valeant's objections to the Papa R&R is irreparable harm. As set forth in the Papa R&R, Mr. Papa is the current Chief Executive Officer of Valeant. He possesses superior or unique knowledge relevant to the issues being litigated and the information cannot be obtained by a less intrusive method. (ECF No. 788, at pp. 22-23.).

## CONCLUSION

For the reasons previously set forth, the Special Master finds that a party need not move to adopt the Special Master's order or R&R for the rulings contained therein to become effective. The Special Master further finds that there is no automatic stay of the Special Master's rulings by virtue of a party filing objections to an order or R&R.

Date: August 17, 2021

_____
DENNIS M. CAVANAUGH
Special Master