UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>3:18-CV-00089 (MAS) (LHG) (GMO Trust) | Civil Action No. 15-7658<br><br>JUDGE MICHAEL A. SHIPP<br>JUDGE LOIS H. GOODMAN<br><br>JUDGE DENNIS CAVANAUGH, RET.<br>SPECIAL MASTER |

## ORDER GRANTING CONSOLIDATED MOTION TO SEAL

Defendant in the above-captioned action Valeant Pharmaceuticals International, Inc. ("Valeant"), having filed a Motion to Seal certain exhibits to its Motion to Compel The Production of Certain Documents By The GMO Plaintiffs (3:15-cv-07658 Dkt. No. 746, "Brief"), The GMO Plaintiffs' Memorandum of Law In Opposition To Valeant's Motion to Compel Certain Documents (3:15-cv-07658, Dkt. No. 763, "Opposition Brief") and Valeant's Reply Brief in Further Support of Its Motion to Compel The Production of Certain Documents By The GMO Plaintiffs (3:15-cv-07658 Dkt. No. 769, "Reply Brief"), the court-appointed Special Master in the above-captioned action makes the following findings of fact and conclusions of law, pursuant to Local Rule 5.3(c):

1. The Special Master finds that there are Stipulations and Confidentiality Orders entered by the Court in these matters ("Confidentiality Orders"), which allow the Producing Party to use a confidentiality designation for, among other things, "any Discovery Material . . . if such party in good faith believes that such Discovery Material contains . . . commercially sensitive information that requires the protections in this Stipulation and Order."

2. The Special Master further finds that Confidential documents and deposition testimony as marked by Valeant and Plaintiffs contain confidential and sensitive information as defined by the Confidentiality Orders and were properly designated as such.

3. The Special Master agrees that the information sought to be sealed as contained in the Confidential documents and testimony is confidential and sensitive in nature as it reveals, among other things, commercially sensitive business information.

4. The Special Master further finds that revealing to the public sensitive and confidential information sought to be sealed would harm the Parties' legitimate interests in protecting their business model, policies, and procedures.

5. Plaintiffs do not object to Valeant's request to seal the Confidential documents. The Special Master is not aware of any other party or nonparty who opposes this motion.

6. Accordingly, the Special Master finds, under the considerations set forth in Local Civil Rule 5.3(c), that good cause exists to permanently seal the temporarily sealed Exhibits 5-9 attached to the Brief, Exhibits A-K attached to the Opposition Brief and Exhibits 1-2 attached to the Reply Brief.

7. Further, the Special Master finds, under the considerations set forth in Local Civil Rule 5.3(c), that good cause exists to permanently redact the temporarily redacted Brief and Opposition Brief. The Special Master therefore permits the Redacted Documents to remain redacted.

_____
HON. DENNIS CAVANAUGH, RET.
SPECIAL MASTER