October 6, 2021

**Via ECF**

Hon. Michael A. Shipp, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

    Re:    *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, Master No. 15-cv-7658-MAS-LHG
            Securities Direct Actions

Dear Judge Shipp:

The undersigned represent the plaintiffs in twenty-one actions (the "Direct Action Plaintiffs" in the "Direct Actions") seeking billions of dollars in damages as a result of securities fraud committed by Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.) ("Valeant") and others between 2013 and 2016.[1] We write in response to the Court's invitation to the parties to propose changes to the September 10, 2019 Order appointing the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.) as Special Master (Dkt. No. 484, the "Special Master Order").

The Special Master Order was entered by the Court to promote the prompt and efficient management of these lawsuits consistent with the speedy and inexpensive resolution of claims, particularly in light of the judicial emergency facing this District. Contrary to these objectives, Valeant and PricewaterhouseCoopers LLP ("PwC") have seized upon the Special Master's appointment as a device to engender indefinite delay and to create an unnecessary backlog on this Court's already congested docket. Among other things, Valeant and PwC have appealed nearly every ruling they have lost and have refused to recognize the enforceability of basic discovery rulings issued by Judge Cavanaugh until they have been reviewed and adopted by Judge Goodman (and potentially also by Your Honor, should Valeant seek a stay of unfavorable rulings by Judge Goodman). Although Valeant and PwC now consent to just one level of review for such rulings, they are still refusing to comply with Judge Cavanaugh's orders. Meanwhile, the Direct Actions have been pending for as long as five years and defrauded investors continue to incur millions of dollars seeking to recover the losses they suffered as a result of Defendants' misconduct going back almost a decade.

Accordingly, the Direct Action Plaintiffs respectfully submit that the Court make three modest changes to the Special Master Order that will advance the forward progress of this complex and long-running litigation:

---

[1] The Direct Action Plaintiffs are parties to the following cases: 16-cv-07321; 16-cv-07324; 16-cv-07494; 16-cv-07496; 17-cv-06513; 17-cv-07636; 17-cv-12088; 18-cv-00089; 18-cv-00343; 18-cv-00383; 18-cv-00846; 18-cv-00893; 18-cv-01223; 18-cv-08595; 18-cv-08705; 18-cv-15286; 18-cv-17393; 20-cv-02190; 20-cv-05478; 20-cv-07460; and 20-cv-07462.

Hon. Michael A. Shipp, U.S.D.J.                                                                                                                 Page 2
October 6, 2021

*First*, the Court should make it clear that Judge Cavanaugh's rulings on discovery and other non-dispositive matters are immediately enforceable even if a party files an objection to the order with the Court, and that any party seeking a stay of enforcement pending an objection must promptly seek such relief from Judge Cavanaugh. Alternatively, the Court should expressly direct that Judge Cavanaugh's authority – which the Special Master Order already defines expansively – is coextensive with that of a Magistrate Judge. Incorporating either of those amendments would facilitate the forward progress of these cases, in line with the aim of the Special Master Order, and would resolve any question regarding the enforceability of the Special Master's discovery and other non-dispositive rulings.

*Second*, orders issued by Judge Cavanaugh resolving motions arising under Rules 26 through 37 of the Federal Rules of Civil Procedure should be subject to review by Judge Goodman only, and not subject to a second level of review by Your Honor.

*Third*, the Court should administratively reopen the Direct Actions, including setting a preliminary date by which the Direct Actions should be placed on the Court's trial calendar, to occur promptly after final submission of summary judgment briefing in the fourth quarter of 2022.

If adopted, these changes will address Valeant's and PwC's dilatory tactics and will relieve the Court of some of the burden that the special master process was intended to alleviate. Moreover, administratively reopening the cases and setting a trial date will promote resolution of this matter – whether through judgment or voluntary resolution. Indeed, the practical reality is that securities claims are rarely tried; setting a preliminary date by when the Direct Actions should be placed on the Court's trial calendar is the surest way to remove these cases from an already congested docket.

**I.**         **<u>History of the Direct Actions and Defendants' Attempts to Delay Them</u>**

In the wake of revelations beginning in fall 2015 of misconduct at Valeant, several putative securities class actions were filed in this District against Valeant, its former and present directors and officers, PwC, and the investment banks that marketed Valeant's securities to investors. These putative class actions were consolidated as *In re Valeant Pharmaceuticals International, Inc. Securities Litigation*, No. 15-cv-07658 (the "Class Action," and together with the Direct Actions, the "Valeant Securities Litigation"), and were settled in 2019 for more than $1 billion against all defendants other than PwC. Since then, the Direct Action Plaintiffs – consisting largely of investment funds managed on behalf of investors including public and private pensions, foundations, charities, and individuals – have been leading the litigation efforts against Valeant and the individual defendants. The Class Action remains pending only against PwC.

On October 12, 2018, Judge Goodman entered a Case Management Order coordinating the Class Action and the Direct Actions for pretrial purposes. (Dkt. No. 369, the "Coordination Order".) In September 2019, the parties agreed to the appointment of Judge Cavanaugh as Special Master to oversee discovery and to decide pretrial matters, and this Court entered the Special Master Order. Under the Special Master Order, Judge Cavanaugh is to "decide all discovery disputes and non-dispositive issues" and to "issue proposed findings of fact and reports and recommendations (collectively, 'R&R') on all dispositive issues." (Dkt. No. 484 ¶¶ 9-10.) Currently, the parties

Hon. Michael A. Shipp, U.S.D.J.                                                                            Page 3
October 6, 2021

have the right to object to Judge Goodman regarding Judge Cavanaugh's decisions on discovery and non-dispositive issues, and the further right to appeal any decision by Judge Goodman to Your Honor. (*Id.* ¶ 9.) The parties also have the right to object to or move to adopt or modify an R&R regarding dispositive matters directly to Your Honor. (*Id.* ¶ 10.)

Following Judge Cavanaugh's appointment, the parties conducted extensive fact discovery, with the Direct Action Plaintiffs taking over 50 depositions of Defendants, other present and former Valeant personnel, and various third parties. During the course of discovery, disputes arose regarding certain documents and testimony. Judge Cavanaugh issued numerous orders to resolve these disputes.

But Valeant has objected to nearly every adverse discovery ruling, including an order temporarily denying an extension of the case schedule. (Dkt. Nos. 666, 756, 791, 801, 816.) Moreover, Valeant has refused to comply with Judge Cavanaugh's rulings. In order to stop the cases from moving forward, Valeant and PwC have taken the position that Judge Cavanaugh's rulings have no force and effect if the aggrieved party files an objection to that ruling with the Court. Because of the untenable situation created by Valeant's and PwC's position, Judge Cavanaugh invited the parties to brief this issue. On August 17, 2021, Judge Cavanaugh issued an order finding that Valeant and PwC were required to promptly comply with his discovery orders. (Dkt. No. 821.)

Consistent with its tactic of filing serial objections to Judge Cavanaugh's thorough and well-reasoned decisions, Valeant filed an application to this Court for "emergency relief" from Judge Cavanaugh's August 17, 2021 Order. (Dkt. No. 822.) On August 27, 2021, Judge Goodman denied that request, finding that Valeant had "not met the burden of establishing the factors warranting a stay in this matter." (Dkt. No. 834 at 2.) But Judge Goodman also determined that "[g]iven the short timing of the Emergent Application," the deadlines "should be extended to allow the parties to fully brief the underlying objections and for [Judge Goodman] to consider the arguments in an orderly fashion, rather than on an emergent basis." *Id.* The Court thus extended the time for compliance with Judge Cavanaugh's rulings for an additional 60 days. (*Id.* at 3.)

In addition to their refusal to comply with discovery orders, Valeant and PwC have relied on the existence of pending objections to R&Rs issued by Judge Cavanaugh in the Class Action in mid-2020 to prevent discovery of PwC from proceeding in the Direct Actions. Specifically, PwC has taken the position that because there is purportedly a stay of discovery in the Class Action under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), and because the Class Action is coordinated with the Direct Actions for purposes of pretrial proceedings, the parties to the Direct Actions cannot obtain discovery from PwC. In turn, Valeant has taken the position that PwC is a material witness in its defense, and because Valeant cannot depose PwC's witnesses, it has requested an indefinite delay of the Direct Actions.

Judge Cavanaugh attempted to remove some of this logjam by issuing an order on October 4, 2021, which held that, among other things: (1) the Direct Actions and the Class Action shall remain coordinated at this time; and (2) discovery of PwC is permitted to proceed in the Direct Actions. (Dkt. No. 860.) Judge Cavanaugh also issued a revised discovery schedule with the following dates:

Hon. Michael A. Shipp, U.S.D.J.  Page 4
October 6, 2021

| Action | New Deadline |
|---|---|
| Deadline for service of interrogatories, requests for admissions, and requests for production on and by PwC | 10/11/21 |
| Responses to written discovery served by and on PwC | 11/10/21 |
| Fact Discovery Cutoff | 1/3/22 |
| Deadline to serve affirmative expert reports | 2/2/22 |
| Deadline to serve rebuttal expert reports | 4/4/22 |
| Deadline to serve reply expert reports | 5/2/22 |
| Expert Discovery Cutoff | 6/1/22 |
| Deadline to file Dispositive Motions | 7/1/22 |
| Deadline to file Oppositions to Dispositive Motions | 8/19/22 |
| Deadline to file Reply in support of Dispositive Motions | 9/14/22 |

### II. Proposed Changes to the Special Master Order

The Direct Action Plaintiffs propose the following changes to the Special Master Order, which are reflected in the redline of the Special Master Order attached hereto as Exhibit A. A clean version of the proposed amended Special Master Order is attached hereto as Exhibit B.

#### A. Clarify that the Special Master's Discovery and Other Non-Dispositive Rulings Are Enforceable

As set forth in the Direct Action Plaintiffs' brief on this issue (Dkt. No. 852), Valeant's and PwC's position that the Special Master's orders on discovery issues are not enforceable until any objections are resolved lacks merit. The right to object to the Special Master's rulings does not authorize the objecting party to refuse to comply with them pending appeal. There is no automatic stay of Judge Cavanaugh's discovery and procedural rulings. Instead, if the losing party believes a stay is warranted, it must make the requisite application to Judge Cavanaugh. Valeant's argument that it will be prejudiced without an automatic stay is meritless. The same argument could be advanced by any litigant who loses a motion. This Court is well equipped to fashion a remedy in the event the adverse Special Master rulings are overturned. Further, Judge Cavanaugh correctly recognized that "[a]llowing th[e] [losing] party to stunt the progress of the case by filing an appeal of every adverse ruling, thereby bogging down the case with stays and overburdening the Court's docket, would defeat the purpose of a Special Master." (Dkt. No. 821 at 8-9.)

To remove any doubt concerning the enforceability of Judge Cavanaugh's rulings and to make sure Defendants promptly comply with those rulings, the Direct Action Plaintiffs request that the Court amend the Special Master Order to make clear that a party must comply with Judge Cavanaugh's rulings on discovery and other non-dispositive matters – consisting of scheduling issues and other administrative matters (such as the process or format for briefing any motions or other requests for relief) – even it files an objection to or appeal from those orders. If a party wishes to seek relief from compliance with an order, it must make an application for a stay to Judge Cavanaugh, satisfying the established legal elements, i.e., "(1) a likelihood of success on

the merits; (2) that [the movant] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the non-moving party; and (4) that the public interest favors such relief." *In re Mercedes-Benz Emissions Litig.*, 2019 WL 5800270, at *2 (D.N.J. Nov. 7, 2019) (alteration in original) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)).

Alternatively, the Court should expressly provide in the Special Master Order that Judge Cavanaugh's authority as Special Master is coextensive with that of a Magistrate Judge, whose rulings on discovery or other non-dispositive matters are indisputably not subject to an automatic stay pending an objection. *See* Local Civ. R. 72.1. Indeed, Valeant repeatedly has acknowledged that if the Special Master Order contained such language, there would be no dispute as to the enforceability of Judge Cavanaugh's rulings on discovery or other non-dispositive matters pending an objection. (*See, e.g.*, Dkt. No. 843 at 8 n.2 (arguing that Judge Cavanaugh's decision as special master in *Mercedes-Benz*, denying motion for stay of prior discovery ruling, "is distinguishable" because "[u]nlike here, Judge Cavanaugh was specifically appointed in that case to serve with authority coextensive to that of a Magistrate Judge pursuant to Local Civil Rule 72.1").)

Including this language in the Special Master Order would be consistent with the Order's objectives of facilitating prompt resolution of these cases and alleviating the heavy burden on the Court. Indeed, Judge Cavanaugh's mandate under the Special Master Order as issued is expansive, including the authority to issue R&Rs on dispositive matters in addition to the power to "decide" all discovery and other non-dispositive issues. Adding language expressly directing that his authority is coextensive with that of a Magistrate Judge would essentially maintain the status quo – with Judge Goodman continuing to preside over objections to discovery and other non-dispositive rulings by the Special Master – and would render Valeant's and PwC's attempts to circumvent the Special Master Order moot.

### B.     Remove the Second Tier of Review for Discovery Orders

Under the Special Master Order, it is Judge Cavanaugh's province to "decide all discovery disputes and non-dispositive issues." (Dkt. No. 484 ¶ 9.) Currently, however, the parties have the right to object to Judge Cavanaugh's decisions on discovery and other non-dispositive issues to Judge Goodman, and the further right to appeal any decision by Judge Goodman to Your Honor. (*Id.*) The Direct Action Plaintiffs respectfully submit that the current two-level review process impedes the efficiencies the Special Master Order seeks to promote.

The parties have agreed to remove the second level of review with respect to discovery orders by the Special Master. 28 U.S.C. § 636(c) allows a court to authorize a magistrate judge to be the sole arbiter of "any or all" pretrial matters, including review of a special master's rulings, if the parties consent. The parties to the Valeant Securities Litigation accordingly have agreed to the amendment of the Special Master Order as specified in Paragraphs 7(a) and 7(b) of Exhibit A, providing that all objections to, or motions to adopt or modify, rulings by the Special Master with respect to motions arising under Rules 26 through 37 will be decided by Judge Goodman alone, with no further review by Your Honor, while preserving the parties' appellate rights.

Hon. Michael A. Shipp, U.S.D.J.                                                                                           Page 6
October 6, 2021

### C.     Administratively Reopen the Direct Actions and Set a Trial Date in Late 2022

When the Court issued the Special Master Order, it directed the Clerk of the Court to administratively close the Direct Actions and the other Valeant actions. As reflected in Judge Cavanaugh's most recent scheduling order, the Direct Actions are being actively litigated, and will continue to be actively litigated throughout 2022.

We are mindful that over the past few years the District of New Jersey has been burdened by several judicial vacancies, and that the Judges of this District have been asked to go above and beyond their regular duties to manage their congested dockets. This challenge has been undertaken in the face of substantial disruptions to daily life caused by the onset of a global pandemic. Despite the lack of resources, the combined efforts of Your Honor, Judge Goodman, and Special Master Cavanaugh have allowed the large number of Direct Actions to move through motions to dismiss, as well as fact discovery involving the production of millions of pages of documents and the depositions of dozens of witnesses. We respectfully submit that the Direct Actions are fully active with billions of dollars at stake, and their active status should be reflected on the docket.

Additionally, in connection with administratively reopening these cases, the Court should set the Direct Actions for trial. Without setting a preliminary date by when the Direct Actions will be placed on the Court's trial calendar, Defendants will continue to delay the case schedule – rather than move the case forward – because, given the size of the claims, it is far cheaper for Valeant to "litigate" the Direct Actions than to resolve them. This, in turn, will continue to congest the Court's crowded docket for years.

The timing is particularly apt for the Court to set a trial date, as Judge Cavanaugh recently issued a modified scheduling order, which provides deadlines for all remaining discovery and pretrial dispositive motions, ending in September 2022. The Court should accordingly set a date certain in late 2022 by which the Direct Actions will be tried. In the attached proposed amendments to the Special Master Order, the Direct Action Plaintiffs have included an insert for the Court to provide a date when the Direct Actions will be placed on the Court's trial calendar.

* * * *

We appreciate Your Honor's attention to these matters.[2]

---

[2] In its October 6, 2021 submission, Valeant asserts it has not received adequate "notice" or "an opportunity to be heard" regarding the Direct Action Plaintiffs' proposed amendments (other than the consented-to amendment discussed above). (Dkt. No. 864 at 2.) That is incorrect. The Court's September 29, 2021 Order provided all parties with notice and an opportunity to be heard regarding any proposed amendments to the Special Master Order. (Dkt. No. 857.) Further, the parties already have submitted voluminous briefing and letters to the Special Master and the Court regarding the issues discussed in this submission. While Valeant would no doubt prefer to endlessly litigate these issues – causing even further delay – they are ripe for the Court's consideration. Finally, contrary to the baseless assertion in PwC's October 6, 2021 submission, the parties' "consent" is not required to amend the Special Master Order. (Dkt. No. 865 at 6.) The Direct Action Plaintiffs sought and obtained the other parties' consent with respect to the proposed amendment to the objection-review process because under 28 U.S.C. § 636(c), the Court could not make that particular amendment without the parties' consent.

Hon. Michael A. Shipp, U.S.D.J.  Page 7
October 6, 2021

Respectfully submitted,

| **ROLNICK KRAMER SADIGHI LLP** | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
|---|---|
| /s/ *Lawrence M. Rolnick* | /s/ *Rollo C. Baker* |
| Lawrence M. Rolnick | Robert S. Loigman |
| Marc B. Kramer | Rollo C. Baker |
| Sheila A. Sadighi | Kathryn Bonacorsi |
| Michael J. Hampson | Jesse Bernstein |
| 1251 Avenue of Americas | 51 Madison Avenue |
| New York, NY 10020 | New York, NY 10010 |
| Telephone: (212) 597-2800 | Telephone: (212) 849-7000 |
| Facsimile: (212) 597-2801 | Facsimile: (212) 849-7100 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |
| Case Nos. 16-cv-07321, 16-cv-07324, 16-cv-07494, 16-cv-07496, 18-cv-00089, 18-cv-00893, and 18-cv-01223 | Case No. 18-cv-08705 |

Hon. Michael A. Shipp, U.S.D.J. Page 8
October 6, 2021

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

*/s/ Michael J. Miarmi*
Steven E. Fineman (admitted *pro hac vice*)
Daniel P. Chiplock (admitted *pro hac vice*)
Michael J. Miarmi (admitted *pro hac vice*)
Sharon M. Lee (admitted *pro hac vice*)
250 Hudson Street, 8th Floor
New York, NY 10013-1413
Tel.: (212) 355-9500
Fax: (212) 355-9592
sfineman@lchb.com
dchiplock@lchb.com
mmiarmi@lchb.com
slee@lchb.com

Richard M. Heimann (admitted *pro hac vice*)
Bruce W. Leppla (admitted *pro hac vice*)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: (415) 956-1000
Fax: (415) 956-1008
rheimann@lchb.com
bleppla@lchb.com

*Counsel for Plaintiffs*
Case No. 18-cv-00343

**BRESSLER, AMERY & ROSS, P.C.**

*/s/ David J. Libowsky*
David J. Libowsky
325 Columbia Turnpike, Suite 301
Florham Park, NJ 07932
Tel.: (973) 514-1200
Fax: (973) 514-1660

*Local Counsel for Plaintiffs*
Case No. 18-cv-00343

**CALCAGNI & KANEFSKY, LLP**

*/s/ Eric T. Kanefsy*
Eric T. Kanefsky
Samuel S. Cornish
One Newark Center
1085 Raymond Boulevard, 14th Floor
Newark, NJ 07102
Telephone: (862) 772-8149
Facsimile: (862) 902-5458

*Local Counsel for Plaintiffs*
Case No. 18-cv-08705

**DIETRICH SIBEN THORPE LLP**

*/s/ David A. Thorpe*
David A. Thorpe *(pro hac vice)*
9595 Wilshire Blvd., Ste. 900
Beverly Hills, CA 90212
Telephone: (310) 300-8450
Facsimile: (310) 300-8041
david@dstlegal.com

Matthew P. Siben *(pro hac vice)*
500 Australian Avenue South, Ste. 637
West Palm Beach, FL 33401
Telephone: (561) 820-4882
Fax: (561) 820-4883
matthew@dstlegal.com

*Counsel for Plaintiff*
Case No. 17-cv-06513

**FLEISCHMAN BONNER & ROCCO LLP**

*/s/ Patrick L. Rocco*
Patrick L. Rocco
447 Springfield Ave., Second Floor
Summit, NJ 07901
Telephone: (908) 516-2043
Facsimile: (908) 516-2049
procco@fbrllp.com

Hon. Michael A. Shipp, U.S.D.J.                                           Page 9
October 6, 2021

**LABATON SUCHAROW LLP**

 /s/ Corban S. Rhodes
Michael P. Canty
Corban S. Rhodes
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477

*Counsel for Plaintiffs*
Case Nos. 17-cv-07636, 18-cv-08595, and 18-cv-15286

**KASOWITZ BENSON TORRES LLP**

 /s/ Stephen W. Tountas
Stephen W. Tountas
One Gateway Center
Suite 2600
Newark, NJ 07102
Telephone: (973) 645-9462
Fax: (973) 643-2030

*Local Counsel for Plaintiffs*
Case Nos. 17-cv-07636, 18-cv-08595, and 18-cv-15286

**MOTLEY RICE LLC**

 /s/ Serena P. Hallowell
Serena P. Hallowell
777 Third Ave., 27th Floor
New York, NY 10017
Telephone: (212) 577-0040
Fax: (212) 577-0054

*Counsel for Plaintiffs*
Case Nos. 18-cv-08595 and 18-cv-15286

*Local Counsel for Plaintiff*
Case No. 17-cv-06513

**GRANT & EISENHOFER, P.A.**

 /s/ Daniel L. Berger
Daniel L. Berger (admitted *pro hac vice*)
Caitlin M. Moyna (admitted *pro hac vice*)
Jonathan D. Park (admitted *pro hac vice*)
485 Lexington Avenue
New York, NY 10017
Tel: (646) 722-8500

*Counsel for Plaintiffs*
Case Nos. 17-cv-12088, 20-cv-07460, and 20-cv-07462

**LITE DEPALMA GREENBERG & AFANDOR, LLC**

 /s/ Bruce D. Greenberg
Bruce D. Greenberg
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
Fax: (973) 623-0858

*Local Counsel for Plaintiffs*
Case Nos. 17-cv-12088, 20-cv-07460, and 20-cv-07462

Hon. Michael A. Shipp, U.S.D.J.            Page 10
October 6, 2021

| **HUNG G. TA, ESQ. PLLC** | **KIRBY McINERNEY LLP** |
|---|---|
| */s/ JooYun Kim* | */s/ Karen M. Lerner* |
| JooYun Kim | Karen M. Lerner |
| Hung G. Ta | Ira M. Press (admitted *pro hac vice*) |
| 250 Park Avenue, Seventh Floor | Daniel Hume (admitted *pro hac vice*) |
| New York, NY 10177 | Meghan J. Summers (admitted *pro hac vice*) |
| Tel: (646) 453-7288 | 250 Park Avenue, Suite 820 |
| | New York, NY 10177 |
| *Counsel for Plaintiffs* | Tel: (212) 371-6600 |
| Case Nos. 18-cv-00383, 18-cv-00846, | |
| 18-cv-17393, and 20-cv-05478 | **MARK A. STRAUSS LAW, PLLC** |
| | Mark A. Strauss, Esq. |
| | 555 Madison Avenue, 5th Flr. |
| **SAFIRSTEIN METCALF LLP** | New York, NY 10022 |
| | Tel: (212) 729-9496 |
| */s/ Peter Safirstein* | |
| Peter Safirstein | *Counsel for Plaintiffs* |
| Elizabeth Metcalf (*pro hac vice* forthcoming) | Case No. 20-cv-02190 |
| 1250 Broadway, 27th Floor | |
| New York, NY 10001 | |
| Tel: (212) 201-2845 | |
| | |
| *Counsel for Plaintiffs* | |
| Case Nos. 18-cv-00846, 18-cv-17393 and | |
| 20-cv-05478 | |

cc: Hon. Lois H. Goodman, U.S.M.J. (via ECF)
     All Counsel of Record (via ECF)