**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Civil Action No. 15-7658 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on review of its docket. On September 29, 2021, the Court provided all parties notice and an opportunity to be heard regarding potential amendment to the Court's September 10, 2019 Order appointing the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.) (the "Order"). (ECF No. 857.) Four parties responded: the Valeant Defendants (ECF No. 864), Defendant PricewaterhouseCoopers ("PwC") (ECF No. 865), Class Plaintiff City of Tucson (ECF No. 866), and the Direct Action Plaintiffs (ECF No. 867). The Court has carefully reviewed the parties' submissions and determines that amendment to the Order is necessary to expedite these proceedings.

As a threshold matter, the Court has ample authority to amend the Order. Under Federal Rule of Civil Procedure 53, the Court may amend the order appointing a Special Master "at any time after notice to the parties and an opportunity to be heard." Fed. R. Civ. P. 53(b)(4). The Court provided that notice and opportunity through its September 29, 2021 Order. (*See* ECF No. 857; Fed. R. Civ. P. 53(b) advisory committee note (2003) ("The hearing requirement can be satisfied by an opportunity to make written submissions . . . .").) Defendants dispute this, suggesting that the Court cannot amend the Order until every party consents to the amendment. (Valeant Letter 2, ECF No. 864; PwC Letter 2, 6, ECF No. 865.) The Court disagrees. The plain text of Rule 53(b)(4) demands notice and an opportunity to be heard only. Notably, although Rule 53 provides that the

parties can appoint special masters by consent (*see* Fed. R. Civ. P. 53(a)(1)(A)), the drafters of the Federal Rules saw fit to omit any consent requirement for amendments. *Cf. PEG Bandwidth PA, LLC v. Salsgiver, Inc.*, No. 16-178, 2017 WL 2992219, at *3 (W.D. Pa. July 13, 2017) ("If the drafters of the Federal Rules saw fit to include an automatic-waiver provision in Rule 33 and to omit such a provision from Rule 34, that implies that there is no automatic waiver of an untimely objection under Rule 34." (quoting *Ashford v. City of Milwaukee*, 304 F.R.D. 547, 549 (E.D. Wis. 2015))). The Court thus finds that no consent is necessary for amendment so long as the parties have had notice and an opportunity to be heard.[1]

The Court further finds amendment necessary to expedite the course of this litigation. This litigation has been ongoing for six years and concerns events from well before then. (*See generally* Compl., ECF No. 1.) When the Court consolidated these cases before a Special Master, it did so because the Special Master could perform "time consuming or detailed tasks that the district court judge or a magistrate judge would be less efficient in accomplishing" and "oversee and facilitate complex discovery." *Borough of Edgewater v. Waterside Constr., LLC*, 2017 WL 1758062, at *3 (D.N.J. May 3, 2017) (citations omitted). And, consistent with Rule 53 and its constitutional obligations, the Court imposed a two-step appeals process to ensure adequate review of the Special Master's rulings. *See* Fed. R. Civ. P. 53(f); 28 U.S.C. § 636(b). Unfortunately, however, the Court's appointment of the Special Master has not resulted in the desired efficiency gains. That appears to be because Defendants have made exuberant use of the appellate process laid out in the Court's Order to avoid complying with the Special Master's discovery orders. While appealing

---

[1] The parties undoubtedly have had that notice and opportunity. Even before the Court's September 29, 2021 Order, the parties already submitted several briefs and much correspondence regarding the Court's Order and the Special Master's authority. (*See, e.g.*, ECF Nos. 773, 774, 775, 776, 777, 779, 800, 802, 843, 844, 851, 852, 855, 856.)

virtually every non-dispositive ruling from the Special Master (*see* ECF Nos. 609, 666, 756, 792, 801, 817), Defendants assert that the Special Master's discovery orders are unenforceable during the pendency of any appeal. (Valeant Letter 2; PwC Letter 5.) Said another way, according to Defendants, Judge Cavanaugh's rulings are legal nullities until two different judges rule otherwise.

These delay tactics frustrate the purpose of Rule 53 and this Court's Order. The Court thus amends its Order to clarify that the Special Master's orders on non-dispositive matters are enforceable once issued.[2] As is the normal course of appellate procedure, appealing parties may move to stay enforcement of the Special Master's orders before the Special Master. *Cf.* 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3954 (5th ed. Supp. 2021) ("The taking of an appeal does not by itself suspend the operation or execution of a district-court judgment or order during the pendency of the appeal. Thus, the appellant who desires a stay of the lower federal court's action while the appeal is pending must seek an independent stay or injunctive order." (footnotes omitted)); 11 *id.* § 2904 (3d ed. Supp. 2021) ("There is no automatic stay in actions for injunctions; in those actions a judgment, whether interlocutory or final, may be stayed only by court order."); *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("Unless a court issues a stay, a trial court's judgment (say, dismissing a case) normally takes effect despite a pending appeal." (citations omitted)). The filing of any of the following does not serve to automatically stay the Special Master's orders on non-dispositive matters: motions to adopt, motions to object, motions to modify, and motions to stay (including motions for injunctive relief). To be clear, that means that all parties must comply with the Special Master's discovery orders once they are filed.

---

[2] The Court also recognizes that the parties have agreed to a single-step appeals procedure for discovery motions under Rule 26 through Rule 37. (*See* Valeant Letter 2.) The Court adopts the parties' consented-to provision into its amended Order.

The Court further rejects Defendants' contention that Rule 53's inclusion of motions to adopt, modify, or object morphs the Special Master's orders into recommendations awaiting mandatory sign-off from this Court. To the contrary, Rule 53 provides that a reviewing court "*may* adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1) (emphasis added). And, tellingly, Rule 53 is silent regarding the enforceability of a Special Master's orders, and Defendants point to zero authority supporting their interpretation that the Special Master's discovery orders are unenforceable unless adopted. Indeed, the Court doubts the drafters of the Federal Rules intended the Special Master's discovery orders to serve as mere dress rehearsal for the Court to consider months later. *See* Fed. R. Civ. P. 53(c)(1)(A)-(B) (noting that Special Master should "regulate all proceedings" and "take all appropriate measures to perform the assigned duties *fairly and efficiently*" (emphasis added)).

The Court thus amends its Order. For the foregoing reasons, and other good cause shown,

**IT IS**, on this 14th day of October 2021, **ORDERED** as follows:

1. The Court adopts the following paragraphs from its September 10, 2019 Order in full: Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23.

2. The Court amends its September 10, 2019 Order (ECF No. 484) by adding Paragraph 24:

    "24. Notwithstanding the appellate procedure described in Paragraph 9, pursuant to 28 U.S.C. § 636(c), the parties consent to have the Honorable Lois H. Goodman, U.S.M.J., rule on all currently pending and future objections to, as well as all motions to adopt or modify, any ruling by the Special Master on motions arising under Federal Rules of Civil Procedure 26 through 37. This includes consent to have Magistrate Judge Goodman rule on motions to reconsider decisions made on such motions or objections and waiver of the right to further review of such decisions by the District Judge pursuant to Local Civil Rule 72.1(c)(1). Rulings of Magistrate Judge Goodman on such motions and objections will be appealable directly and without review by the District Judge to the United States Court of Appeals for the Third Circuit as authorized by 28 U.S.C. §§ 1291 and 1292. For the avoidance of doubt, the partial consent set forth in this paragraph does not extend to dispositive motions or to non-dispositive motions not arising under Federal Rules

      of Civil Procedure 26 through 37, including but not limited to motions concerning trial procedures or the admissibility of expert testimony or other evidence."[3]

3.     The Court amends its September 10, 2019 Order by adding Paragraph 25:

"25. Notwithstanding any timely objections, motions to adopt, motions to modify, motions to stay, or motions for injunctive relief, the Special Master's orders issued under Paragraph 9 are enforceable upon issuance. Enforcement of the Special Master's orders under Paragraph 9 are not stayed unless so ordered by the Special Master, Judge Goodman, or the Undersigned."

4.     For the convenience of the parties, the Court issues an amended order (ECF No. 871) concurrent with this Memorandum Order.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[3] For the avoidance of doubt, the Court considers Rule 37 motions for sanctions seeking dismissal dispositive motions that do not fall under Paragraph 24.

5