

October 26, 2021

VIA ECF

Hon. Lois H. Goodman, U.S.M.J.
U.S. District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 E. State Street, Room 7E
Trenton, NJ  08608

      Re:    *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*,
               Case No. 3:15-cv-07658-MAS-LHG (D.N.J.)

Dear Judge Goodman:

      We write on behalf of Class Plaintiff City of Tucson, together with and on behalf of the Tucson Supplemental Retirement System ("Class Plaintiff").  On October 22, 2021, defendant PricewaterhouseCoopers LLP ("PwC") submitted a reply letter in support of its request for a stay of Special Master Cavanaugh's order permitting discovery against PwC in the opt-out cases.  *See* ECF No. 876.  While discovery is stayed in our case (the class action), we are writing to respond to inaccurate claims that PwC continually tries to inject into the present dispute with the opt-outs regarding the class case, so that our silence is not mistaken as agreement.

      In attempting to evade responsibility for dragging out this litigation, PwC erroneously claims that "[t]he main impediment to the coordinated progress of these actions has been Class Plaintiff's decision to wait two years to seek leave to amend to add a securities fraud claim against PwC."  ECF No. 876 at 1.  The suggestion that Class Plaintiff has delayed this case is false for two reasons.

      First, while it is improper for PwC to attempt to re-litigate the issue before Your Honor, Judge Cavanaugh already rejected PwC's argument and held that Class Plaintiff timely filed the amendment in a comprehensive Report and Recommendation.  ECF No. 602.  Class Plaintiff did not "wait" two years to seek leave to amend; it reviewed millions of pages of documents produced by PwC and other parties.  *See* ECF No. 610-1 at 6-7; ECF No. 610-6 at 8-10.  The amendment was filed just one month after PwC's latest "rolling" production of documents.  ECF No. 610-6 at 8. During that time, Class Plaintiff not only analyzed the documents as they were received, but PwC and Class Plaintiff agreed to a five-month tolling agreement and the case was subject to additional stays, including a court-ordered stay of certain discovery for six months due to the related criminal trial against former PwC employee, Gary Tanner, who was convicted of engaging in an illegal kickback scheme while employed at Valeant.  *See id.* at 8-10; ECF No. 610-1 at 5-6; ECF No. 610-2, ¶567.  The amendment was promptly filed.  PwC is just frustrated that Class Plaintiff did not move to amend prior to receiving the audit workpapers because PwC was able to dismiss a securities

Hon. Lois H. Goodman, U.S.M.J.
October 26, 2021
Page 2

fraud claim brought by an opt-out plaintiff before document discovery. *See Lord Abbett Inv. Tr.- Lord Abbett Short Duration Income Fund v. Valeant Pharms. Int'l, Inc.*, No. 17-6365 (MAS) (LHG), 2018 WL 3637514 (D.N.J. July 31, 2018) (holding plaintiffs did not adequately plead scienter).

Second, PwC is insisting on a stay of discovery in the class action, not Class Plaintiff. There are victims in this case, but PwC is not one of them. There would be no lawsuit for any party to complain of if PwC had done its job. Investors lost billions of dollars when Valeant collapsed after admitting its financial statements were inaccurate. PwC issued a false opinion on those financial statements which it had to withdraw. ECF No. 610-2, ¶565. This is not the first time PwC bungled an audit and caused investors massive harm. *See id.*, ¶580; Floyd Norris, *PricewaterhouseCoopers to Pay Tyco Investors $225 Million*, N.Y. Times, July 7, 2007, https://www.nytimes.com/2007/07/07/business/07tyco.html (reporting PwC's $225 million settlement in *Tyco* and that the PwC audit partner for Tyco was banned by the SEC).

Far from delay, Class Plaintiff has litigated this case efficiently and has settled with all the (over 25) other defendants. Yet PwC remains because it has succeeded in delaying the case repeatedly by: (1) filing a motion to dismiss, which was denied; (2) filing a motion for judgment on the pleadings, which was denied; (3) objecting to the Special Master's denial of its motion for judgment on the pleadings to Judge Shipp, who overruled the objection; (4) opposing the motion to amend the complaint, which was granted; and (5) objecting to the Special Master's granting of the motion to amend. *See* ECF Nos. 216, 563, 602, 609, 848. Judge Shipp has noted PwC's (and all defendants') tactic of appealing each time they lose. *See* ECF No. 870 at 2; ECF No. 848 at 5. PwC's latest objection to the Special Master's granting of the motion to amend has further delayed discovery in the class action, but it should not be used to hold up the opt-out actions any longer.

Respectfully submitted,

Christopher A. Seeger
*Local Counsel for Lead Plaintiff*

cc: Counsel of Record

4866-0709-5809.v1