# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Master No. 3:15-cv-07658-MAS-LHG |
| | JUDGE MICHAEL A. SHIPP |
| | JUDGE LOIS H. GOODMAN |
| THIS DOCUMENT RELATES TO: | **ORDER & OPINION** |
| | **OF THE SPECIAL MASTER** |
| ALL ACTIONS | **JUDGE DENNIS CAVANAUGH, RET.** |

The application before the Special Master is a motion filed by Direct Action Plaintiffs ("Plaintiffs"). The motion requests that the Special Master enter an Order precluding Defendant, Valeant Pharmaceuticals International, Inc. and the individual defendants ("Valeant" or "Valeant defendants") from asserting affirmative defenses based upon advice of counsel "or otherwise invoking the advice of counsel in contesting Plaintiffs' claims."

In deciding this motion, the Special Master has reviewed the following submissions: Plaintiffs' Memorandum of Law and exhibits in support of the motion [ECF 782]; Valeant's Opposition and exhibits [ECF 796]; and Plaintiffs' Reply [ECF 806].

After considering all of the submissions, and based upon the following analysis, it is the opinion of the Special Master that Plaintiffs' motion is **GRANTED to the extent set forth in this Order & Opinion**.

I.      **Factual and Procedural Background**

The Special Master again assumes the parties' deep familiarity with the factual and procedural background of this litigation and will limit his discussion to those facts and procedural events directly relevant to analyzing this motion.

The motion arises out of Plaintiffs' claim that Defendants failed to disclose critical aspects of Valeant's business to investors including, as an important component, Valeant's relationship with Philidor – purchasing an option to acquire that company, exercising an unusual amount of control over it and increasingly relying upon Philidor as a "sales channel."

As a consequence of statements made by Defendants during the course of written discovery and during depositions of the individual Defendants and key witnesses, Plaintiffs assert Defendants are putting forth a vague affirmative defense that they relied on the "involvement" of counsel or advice of counsel in making determinations about the substance of Valeant disclosures – disclosures which Plaintiffs assert were false and misleading.

As a result, on Plaintiffs' impetus, the parties exchanged correspondence addressed at whether Defendants were, in fact, asserting a defense of advice of counsel.  In a series of letters and emails between August 7, 2020 and June 3, 2021, the parties tackled this issue.  [See ECF 782, Plaintiffs' Exhibits A, B, D, E and F.]  In Plaintiffs' letter of August 7, 2020 [Exhibit A], counsel for Valeant and the individual Defendants were requested to "state in clear and unambiguous terms whether [Defendants] are asserting as a defense…their reliance on counsel, including whether they are relying on the advice of counsel as to whether to disclose to investors Valeant's relationship with Philidor prior to October 2015."

Further exchanges of correspondence followed.  Without belaboring the point, in response to this request, Defendants provided a response that "None of the Defendants has asserted a reliance of counsel defense" but also asserted that "the Company [meaning Valeant] has not waived, and does not intend to waive, any privilege or other protection from disclosure that belongs to the Company."  Defendants further stated: "Defendants, however, reserve the right to (1) develop facts in discovery that may establish the involvement of counsel, among others, in the Company's governance and disclosure processes and (2) rely on such evidence as a factor that can undermine a finding of scienter."  [See Letter of September 24, 2020, ECF 782, Plaintiffs' Exhibit B.]

In subsequent correspondence, Defendants' position on this issue remained unchanged. It is this state of affairs which leads to the motion at hand.

## II.     Plaintiffs' Arguments

The crux of Plaintiffs' argument is that Defendants are attempting to have things both ways, meaning while the individual Defendants and Valeant witnesses have testified that they relied on the advice of counsel as to the adequacy of disclosures, Valeant has not waived and will not waive the attorney-client privilege.  Now, despite this refusal, and with the close of fact discovery, Defendants are "changing course" – refusing to permit discovery of communications and documents relating to advice of counsel but at the same time maintaining the right to argue that "involvement of counsel" indicates that Defendants were acting in good faith.  Moreover, Plaintiffs contend, Defendants' response to a direct question about their reliance on advice of counsel has produced a confusing, inconsistent response that handicaps Plaintiffs' efforts to prove their cause of action.  That is, while Defendants state that they are not asserting – for now at least – reliance on advice of counsel as a defense, they still reserve the right to insist that

counsel's involvement demonstrated good faith while also refusing to waive "any privilege or other protection from disclosure that belongs to Valeant."  [Letter of May 28, 2021, ECF 782, Exhibit E.]

Plaintiffs assert that Defendants cannot use  attorney-client privilege as both a "shield and a sword."  Relying principally on *Tetris Holding, LLC v. Joe XIO Interactive*, 2011 WL 13141049 (D.N.J. June 20, 2011), Plaintiffs argue that this court has discretion to preclude Defendants from relying on advice of counsel when the reliance would be prejudicial to Plaintiffs.  The prejudice here, says Plaintiffs, is the inability to conduct meaningful discovery as to privileged communications which are the basis for Defendants' good faith defense.  Plaintiffs ask the court to rule that Valeant and the individual Defendants should be precluded from relying on the advice of counsel (or, as it is sometimes phrased, "involvement of counsel") and otherwise invoking the advice of counsel in contesting Plaintiffs' claims going forward – during the course of expert discovery and summary judgment practice.  As an alternative, Plaintiffs ask for an order compelling Defendants to produce documents relating to the advice on which Defendants have or will rely.  [See, Plaintiffs' Memorandum of Law, ECF 782, p. 6.]

In further support of their position, Plaintiffs point to deposition testimony of key Valeant personnel – Howard Schiller (former CFO) and Laurie Little (former VP of investor relations).  When deposed, each witness repeatedly referenced the fact that they had received assistance of counsel or information from counsel (both internal and external) when determining what was material information to be provided to investors, undermining Defendants' position that they are not asserting advice of counsel as a defense.  Adding to this, fact discovery is closed, "leaving Plaintiffs with no opportunity to conduct discovery into the substance of the discussions with counsel."  [Plaintiffs' Memorandum of Law, ECF 782 p. 8.]

4

Citing case law, Plaintiffs maintain that when a party asserts a defense of good faith and offers testimony that the party consulted with their attorney as to factual support for this defense, counsel's advice is now at issue, thereby waiving privilege.  Here, by asserting that counsel's advice could support a good faith defense and is also evidence "that can undermine a finding of scienter" (meaning intent or knowledge of wrongdoing), then Defendants have placed the advice at issue and have waived privilege.

In summary, given the circumstances, Plaintiffs ask for an Order precluding an advice of counsel defense or, alternatively, compelling Defendants to produce any documents relating to advice on which Defendants have or will rely.

## III.    Defendant's Argument

Valeant opposes Plaintiffs' motion and grounds its opposition upon the proposition that this case concerns a corporation's decisions as to how to disclose certain issues relating to its business and that those decisions were made by officers and directors under "policies and procedures that involved internal and external counsel, as well as other corporate advisors such as auditors."  [Defendants' opposition, ECF 796, p. 9.]

Valeant emphasizes that it is the sole holder of the attorney-client privilege, that it has consistently defended its privilege throughout litigation and that Plaintiffs were aware of this position for nearly a year and before a single witness was deposed.  Over a large chunk of that time, approximately eight months, while individuals were deposed, Plaintiffs failed to ask for clarification of that position but instead filed this motion.  Now, Valeant says, Plaintiffs – during questioning by their counsel of witnesses – referenced the witnesses' "purported reliance on the advice of counsel" in connection with Valeant disclosures as the basis for relief.  Defendants argue that this position is misplaced.

5

Defendants say that the cited testimony shows that the witnesses did nothing more than accurately recount the participation of lawyers, an act which did not place attorney-client communications at issue or constitute a waiver.  Secondly, the testimony was offered in response to Plaintiffs' own questioning and, as such, cannot form the grounds for an implied waiver.  That is, the witnesses were repeatedly probed by Plaintiffs' counsel as to Valeant's counsels' role "and witnesses simply responded to those questions."

Further, Defendants assert that deposition testimony in and of itself does not place attorney-client communications at issue because the deponent is "not before a decision maker or factfinder".

Addressing Plaintiffs' request for a preclusion order as to evidence of "involvement of counsel," Valeant asserts that such an order is both premature and improper.  Defendants say that Plaintiffs' request "that an entire category of unspecified evidence" (attorneys' involvement in Valeant's governments and disclosure processes) is overly broad and a request for preclusion cannot be properly determined at this time.  Effectively, this is a motion *in limine* and one not properly decided during discovery and in the abstract.  Should Valeant offer expert opinion or seek summary judgment based upon evidence that implicates the substance of attorney-client communications, at that point, Plaintiffs can object to the proffered materials.

Next, Valeant says that evidence concerning "involvement of counsel" does not implicate an advice of counsel defense or otherwise place the advice at issue.  Principally citing *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F. 3d 851 (3d Cir. 1994), Valeant maintains that advice of counsel is placed in issue only "where the client asserts a claim or defense, and attempts to prove that claim or defense by disclosing or describing an attorney-client communication."  Defendant maintains that *Rhone-Poulenc* as well as other cases allow parties

6

to introduce evidence regarding an attorney's participation in corporate processes "as evidence of their good faith without placing attorney advice at issue."   In other words, according to Defendants, it is appropriate for a party to assert that he or she consulted with counsel to establish a good faith defense, but the content of that advice itself is not in issue and therefore "a party's assertion or indication of consultation with counsel as evidence of good faith 'does not impliedly waive the privilege'."   [Defendants' Opposition, ECF 796, p. 11 (citing *Postx Corp. v. Secure Data in Motion, Inc.*, 2004 WL 2663518, at *5 (N.D.Cal. 2004))].   Given that Valeant's internal processes involved consultations with internal and external individuals and entities, including attorneys, Defendants and their witnesses cannot accurately describe what took place without acknowledging the events involved counsel.   Therefore, this is not a scenario where the Defendants have actively placed advice of counsel at issue *intentionally*.

Finally, as to Plaintiffs' alternative request to compel document production of privileged materials, the Defendants say this should be denied.   First, as already argued, the Valeant defendants have not asserted an advice of counsel defense; hence this would be a warrantless disclosure of privileged information.   Secondly, knowing Defendant's position since September 2020 but then proceeding with "deposing dozens of witnesses" – without seeking a ruling – Plaintiffs' request for such relief is inappropriate.   Finally, according to Defendants, Plaintiffs have failed to identify any privileged information they allege is at issue.   Therefore, no documents or testimony are before the Special Master for decision.

## IV.   Plaintiffs' Reply

Briefly stated, Plaintiffs, in further support of their motion and in reply, argue the following:

7

- In opposition to Defendants' argument that the motion is premature, Plaintiffs maintain that it is timely because Defendants must decide *during discovery* whether and to what extent they will rely on advice of counsel.  That is, when a party intends to rely on advice of counsel, that party must make full disclosure during discovery and cannot wait until it is strategically convenient to do so.

- In response to Defendants' assertion that Plaintiffs have not provided "a detailed list of evidence they seek to preclude, [and therefore] this motion is premature," Plaintiffs point out that Valeant defendants have asserted privilege over *all* communications from counsel.  Given this categorical refusal, "blanket preclusion from relying upon the advice of counsel is appropriate" and an order preventing Defendants from asserting defenses that make use of these communications is not premature.

- Plaintiffs again emphasize that Defendants and witnesses have repeatedly testified as to counsel's role in assessing the adequacy of disclosures that form the basis of this lawsuit.  Plaintiffs stress that Defendants are not required to directly say that counsel was relied upon, but a reliance on the "advice of counsel" defense may also arise from "indirect evidence."  A witness or defendant need not expressly say that he or she relied on an attorney's advice, but invoking the fact that a decision was made as a consequence of an attorney's input, is functionally the same.

- Plaintiffs next turn to Defendants' intention to introduce evidence of counsel's involvement as support for their good faith defenses.  According to Plaintiffs, Defendants intend to argue that they involved counsel "in assessing disclosures to investors, and that based upon counsels' involvement, Defendants acted in good faith in making such disclosures."  Plaintiffs counter by saying:

  > But that inference can only be true *if* the advice received was based on adequate information provided to counsel and *if* counsel's advice supported the disclosures that were made; if the advice was contrary to the disclosures, or if defendants withheld relevant information from counsel, then the involvement of counsel actually demonstrates bad faith.  [Plaintiffs' reply brief, ECF 806, p. 9. (emphasis in original).]

## V.    Findings

In terms of the issue now before the Special Master, we have come to a peculiar posture in this case.  The Valeant defendants have stated, and as it appears to the Special Master have consistently stated, that none of them are relying upon the advice of attorneys as an element of their defenses in this matter.  Yet, at the same time, they reserve the right to develop facts that

may establish "the involvement of counsel" as to Valeant's decisions regarding disclosure to investors of certain aspects of the company's business and particularly its relationship with Philidor. Asserting attorney-client privilege, Valeant, which holds the privilege, has precluded discovery of communications with its attorneys as to this issue although Defendants say they have not asserted (to date at least) an advice of counsel defense.

Further to this position, the Valeant defendants seem to argue that the mere fact attorneys were consulted during this "process," supports their position that decisions were made in good faith, but that the substance of those consultations is off limits to Plaintiffs.

In summary, the Valeant defendants' position seems to be as follows: We are not relying on the advice of counsel, but our decision as to what to disclose to investors was based (at least in part) on consultations with our attorneys. This shows we acted in good faith. But we have no intention of providing any discovery as to our communications with counsel since those communications are privileged.

It is the opinion of the Special Master that the Valeant defendants have not adequately made a distinction between "advice of counsel" and "involvement of counsel." Instead, they are effectively asserting an affirmative defense based on the former while simultaneously immunizing themselves from providing discovery.

In reviewing the litigants' submissions in support of or in opposition, it is evident that neither party seriously disagrees as to the legal standards around which the outcome revolves. That is, while communications between an attorney and that attorney's client are normally privileged and undiscoverable, there is abundant authority for the proposition that a party waives the attorney-client privilege by asserting claims or defenses that put an attorney's advice in issue. *Rhone-Poulenc Rorer Inc. v. The Home Indemnity Company*, 32 F. 3d 851, 863 (3d Cir. 1994).

Further, "a defendant may also waive the privilege by asserting reliance on the advice of counsel as an affirmative defense." *Id*. Given this, the central issue as to the existence of a waiver is whether "the client has made a conscious decision to inject the advice of counsel as an issue in the litigation." *Glenmede Trust Company v. Thompson*, 56 F. 3d 476, 486 (3d Cir. 1995). While this "injection" might be an overt statement that a party intends to rely upon advice of counsel either in prosecuting or defending an action, a party's actions may impliedly raise this issue especially under circumstances where a state of mind (scienter, good faith) is an element of a claim or defense. That is, courts have found that when a party offers an affirmative defense involving state of mind "that is in some way predicated on the advice of counsel, such an action may waive by implication the attorney-client privilege as to the subject matter of such advice." *Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 486 (E.D. Mich. 2008), *citing United States v. Bilzerian*, 926 F. 2d 1285 (2d Cir. 1991).

There is sound logic for waiving attorney-client privilege when a party injects advice of counsel, logic grounded in fundamental fairness. As the court stated in *Glenmede:*

> The party opposing the defense…must be able to test what information had been conveyed by the client to counsel and vice versa regarding that advice – whether counsel was provided with all the material facts in rendering their advice, whether counsel gave a well-informed opinion and whether that advice was heeded by the client.

[*Id.* at 486.]

Our courts have tackled this issue in a number of contexts although none with a nearly identical factual scenario to this matter. Generally, however, in determining the outcome, the courts assessed the statements and actions of the party asserting privilege in circumstances where a litigant either directly or indirectly relied upon communications from counsel as part of its strategy, particularly in defense of a claim. In each case where the courts found that a party had

"injected" this issue causing a waiver, consequences followed – disclosure of attorney-client communications; deadlines for providing definitive statements as to whether a party is, in fact, relying on advice of counsel defense; and/or preclusion of such a defense.

For example, in *Glenmede,* a suit relating to a charitable trust, the trustee affirmatively raised a defense of advice of counsel but conceded that the attorney's opinion letter and communications pertaining to that letter were discoverable.   However, the trustee argued additional documents relating to a buyback transaction were still privileged.   In ruling that the entirety of the attorneys' files were discoverable, the court distinguished and limited *Rhone-Poulenc,* a case relied upon by the Valeant defendants, and stated:

> Although we recognize these propositions in *Rhone-Poulenc*, our holding of that case – that a party does not lose the privilege to protect attorney-client communications from disclosure in discovery when his or her state of mind is placed at issue – was premised upon the unique facts of that case… In *Rhone-Poulenc*, advice of counsel was not raised as an affirmative defense *nor were there any acts evincing a clear intent to waive the attorney-client privilege by placing at issue reliance on advice of counsel*. Here, Glenmede raised reliance…as an affirmative defense to the…claims and voluntarily produced the Opinion Letter in a draft of it in response to discovery requests.

> [*Id.* at 486 (emphasis added).]

Given this, the court went on to emphasize that there was an inherent risk in permitting a party, asserting an advice of counsel defense, "to define the parameters of the waiver."   In other words, a party should not be permitted "to define selectively the subject matter of the advice of counsel on which it relied in order to limit the scope of the waiver" and therefore the scope of discovery.  *Id.* at 486.

*Henry v. Quicken Loans,* cited by Plaintiffs, presents a somewhat similar factual scenario to this matter and specifically addresses the Valeant defendants' argument that its witnesses,

when deposed, had no choice but to testify that they had consulted counsel when making pivotal decisions, but by doing so had not waived attorney-client privilege.

*Henry* was a suit that arose out of a Fair Labor Standards Act (FLSA) overtime collection action.  Defendant had filed a summary judgment motion based on a good faith defense and had submitted the deposition transcript of a corporate designee.  The designee in response to questioning testified he had consulted with in-house counsel and also testified he had reached his determination on the wage issue (requiring a willful violation of the Act) based on ongoing consultations with the company's legal and HR department.  *Id*. at 462.  The plaintiffs argued that by asserting a good faith defense and by submitting a declaration and the deposition testimony with a motion, Quicken waived attorney-client privilege.  The Magistrate Judge found Quicken's acts had crossed the line into waiver while the District Court, in analyzing these findings, concluded:

> [t]hat by asserting [the corporate designee] had 'confirmed his understanding' of the sources for his decision on the exempt status question with in house and outside counsel, the defendants 'reveal[ed] by direct implication the *content* of those communications'. . . . By doing so. . .Quicken made the decision and took the affirmative step to make the content of the privileged communications a basis of its defense and thereby waived the privilege as to such communications.

> [*Id*. at 464 (emphasis added).]

The court went on to say that when a party asserts a defense of good faith or reasonableness, offers testimony that the party consulted with an attorney in support of the defense "and when counsel's advice in some way supports the defendant's good faith belief, the defendant has put his counsel's advice 'at issue' and thereby waives the attorney-client privilege on the subject matter of those communications."  *Id*. at 469.  In essence, the court said, that by including consultations with counsel as evidence of its good faith, the defendant had

12

"transformed the defense of good faith into a 'good faith reliance on counsel' defense." *Id*. at 470.

In *Tetris Holding LLC v. Xio Interactive*, 09-cv-6115, 2011 WL 13141049 (D.N.J. June 20, 2011), the defendant, like the Valeant defendants here, repeatedly asserted it was not relying on an advice of counsel defense to stave off a document demand and avoid waiver of attorney-client privilege. The plaintiff sought to compel the production of documents reflecting Xio's communication with attorneys or alternatively to preclude the defendant from relying on any evidence in support of its innocent infringement defense to rebut an allegation of willful infringement. *Id*. at *1. This was a patent case in which the principle defense was that Xio had no reason to believe that its product infringed upon one produced by the plaintiff. The plaintiff sought clearance memorandum and opinion letters of counsel supporting defendant's claim to be an innocent infringer. *Id*. at *2. Despite asserting that it was not relying on advice of counsel and had not obtained an opinion letter, the defendant inadvertently submitted privileged documents including a legal analysis and notes of conversations with counsel. A clawback request followed. *Id*. at *2.

Defendant went as far as to sign a stipulation that stated it would not assert an advice of counsel defense to support its innocent infringer status or to rebut a claim of willful infringement; that it would not rely on any communications from counsel; and that it would not rely on facts that it communicated with counsel "except to the extent to rebut…that defendant did not consult counsel and therefore acted in bad faith." *Id*. at *5. The court nevertheless found this wide ranging stipulation insufficient stating:

> Although defendant may not be using communications it had with attorneys regarding intellectual property law affirmatively, defendant seeks to utilize positions and legal analyses developed…
> – when it first began communicating with attorneys – to rebut

13

> plaintiffs' argument that it acted in bad faith by demonstrating that defendant consulted with attorneys…The court finds that defendant has waived attorney-client privilege with respect to its communications with attorneys before the commencement of this lawsuit…Relying on the principle that a litigant cannot at one and the same time make use of those privileged communications which support his position while hoping to maintain the privilege as to those communications which undercut his legal position. …Despite the fact that defendant is not relying on an advice of counsel defense, without full disclosure of the communications between defendant and various attorneys…neither the court nor a jury can fully assess plaintiffs' allegations of willful infringement and defendant's defenses thereto…

> [*Id*. at *17.]

Plaintiffs here argue – and the Valeant defendants acknowledge – that while those defendants are not asserting an advice of counsel defense, they do not intend to waive any privilege or protection from disclosure and further reserve the right to develop facts in discovery "that may establish the involvement of counsel" and rely on such evidence "as a factor that can undermine a finding of scienter."   Plaintiffs say this equivocal and contradictory position presents a conundrum and improperly hampers prosecution of the claim.

Our courts have addressed litigants who failed to make clear definitive statements as to defenses during discovery and have compelled the reluctant litigants to timely announce their position or face consequences.

For example, in *Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181 (D.N.J. 2012), this District Court was required to decide whether a defendant's attorney, in a bad faith insurance loss claim, could be deposed under circumstances in which the carrier had not clearly stated it was relying on an advice of counsel, but rather "that it *may* rely on the defense."  *Id*. at 184-85 (emphasis in original).  Plaintiff argued that this was a delay tactic and urged that the defendant be directed to disclose whether it intended to rely on such a defense.  *Id*. at 184-85.  In reaching

its decision, the court stated that North Pointe had not asserted such a defense but had "left open the possibility of doing so in the future."  The court found that to indefinitely defer claiming such a defense would be prejudicial and could lead to unnecessary delay or expense and, therefore, entered a deadline for the defendant to state whether it intended to rely on such a defense.  *Id.* at 187.

Similarly, *In Re Buspirone Antitrust Litigation*, 208 F.R.D. 516 (S.D.N.Y. 2002) implicated a situation in which a party failed to adequately declare its position as to whether (and to what extent) it was relying on an advice of counsel defense.  This antitrust action centered on defendant Bristol-Myers Squibb (BMS) whose adversary sought to compel the company "to elect whether it intended to assert a good faith or reliance of counsel defense."  *Id.* at 517.  BMS acknowledged that it was required to make such an election during discovery but, in a vein similar to the Valeant defendants here, argued that such an election was premature and should be delayed until a point following the close of expert discovery.  *Id.* at 521-522.  In analyzing the motion, the court emphasized that a party must disclose during the discovery period whether it intends to rely on factual assertions and corresponding defenses that would require waiver of the attorney-client privilege, citing *Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 304 (S.D.N.Y. 2001).  BMS had given a "number of indications" that it intended to rely on such factual assertions or defenses having raised it in response contained in a prior motion briefing.  *Id.* at 522.  Significantly, as to the defendants request for an election timed to expert discovery, that is, a delay of the decision, the court emphasized that a District Court has discretion to make appropriate orders regarding the timing of discovery.  *Id.*  Given that discovery had been ongoing for in excess of nine months – allowing adequate time for defense counsel to carefully consider its defenses – and given that facts supporting such defenses were "completely within the

knowledge of [BMS] and thus are unlikely to be affected by any future discovery," the court set a deadline for the company to declare. *Id*. at 523. Moreover, the court ordered that the defendant begin preparing for an inspection of any documents that it would be required to produce should it elect to rely on such defenses. *Id*. at 526.

In a putative wage and hour class action, *Bennett v. Simplexgrinnell LP*, 11–cv–1854, 2013 WL 5781316 (N.D.Cal October 25, 2013), defendant argued that its actions in refusing to pay certain wages were done in good faith thus precluding an imposition of penalties. The defendant refused to provide responses to discovery demands as to the identity of the individuals who made the decision and documents relating to that decision. The defendant further argued that its communications with counsel were protected and that it had not alleged, nor would it, "that it relied upon a particular communication from a particular attorney." *Id*. at *2 (emphasis in original). The court pointed to the fact that the defendant had described all the reasons it would rely upon to establish its good faith defense, none of which referenced advice or communications with counsel, and found the defendant had not waived the attorney-client privilege. However, during discovery and in advance of trial, the court ordered that given the defendant's representation it would not rely on the advice of counsel defense, the court nevertheless precluded the defendant "from asserting the advice of counsel defense at trial" and it limited the defendant as part of its good faith dispute defense only to those reasons it articulated in a response to the interrogatory which had defined its defenses. *Id*. at *3. In short, the court preemptively precluded the defendant from raising an advice of counsel defense at trial and narrowed its good faith defense to discovery that defendant had provided.

Finally, in another matter where a defendant gave an equivocal answer as to the nature and extent of an advice of counsel defense, *United States v. Medicor Associates, Inc.*, 10-civ-

16

00245, 2014 WL 12588331 (W.D. Pa. June 16, 2014), *R&R adopted sub nom. United States ex rel. Emanuele v. Medicor Assocs., Inc.*, No. 10-cv-245, 2014 WL 12587074 (W.D. Pa. July 25, 2014), a court again compelled a litigant to take definitive action during discovery and clarify its defenses.  In this case, the realtor contended that the defendants, including a medical center (Hamot), had violated the Anti-Kickback Statute and False Claims Act.  Hamot objected to a contention interrogatory which inquired as to whether it had relied upon advice of counsel in forming a good faith belief that its actions complied with the statutes.  *Id*. at *1.  The realtor argued that if the medical center contended it believed the arrangements were legal, and relied on advice of counsel in forming that belief, then attorney-client privilege would be waived.  *Id.* at *2.

In response, while the defendant acknowledged it might be appropriate to compel discovery of otherwise privileged materials if it had asserted an advice of counsel defense, the defendant also argued that it had yet to contend that it possessed a good faith belief of compliance with the statutes at issue.  *Id*. at *5.  Both parties acknowledged that scienter was an important issue and that the realtor was entitled to discovery on that issue.  The court agreed that the realtor was entitled to know whether the defendant was relying on this defense and "important for realtor to know what Hamot's intentions are in time to allow for meaningful discovery." *Id*. at *5.  However, finding that Hamot had not yet put its good faith belief defense at issue, "no waiver of privilege has occurred as yet."  *Id*. at *8.  Given this, the special master recommended that the defendant declare whether it intended to rely upon advice of counsel in connection with a good faith belief defense and, should it do so, that the defendant be precluded from introducing evidence or relying on any claim or defense of advice of counsel at trial.  *Id*.

It is the finding of the Special Master that the underlying facts and the precedent cited previously entitle Plaintiffs to an opportunity to explore the foundations of such a defense through appropriate discovery.   The Special Master sees no substantive difference between asserting an "advice of counsel" defense and asserting what the Valeant defendants describe as an "involvement of counsel."   The end result is the same:   Defendants are supporting their position that they acted in good faith by attempting to show that they consulted with counsel and others before making a pivotal decision as to what they would disclose to investors about Valeant's business practices and, in particular, its relationship with Philidor.   Yet, at the same time, Defendants have blocked Plaintiffs from examining the validity of that defense by asserting attorney-client privilege.

As Plaintiffs emphasize, during the course of discovery in this matter, key witnesses and Defendants when deposed have readily raised the fact that the crucial decisions were made after consulting with counsel (and others) but those same witnesses and Defendants have been precluded from describing these consultations under the proposition that the communications were privileged.   Moreover, as also noted, four of those Defendants, including the corporate entity, have pled good faith as an affirmative defense in their pleadings.   [See, Plaintiffs' Memorandum of Law, ECF 782, p. 9, footnote 7.]   To quote from the answer to the class action complaint (incorporated into Valeant's answers in this litigation):

> "Defendants at all times acted in good faith and in reasonable reliance upon the representations, reports, expert opinions, and *advice of others*.   Defendants were entitled to, and did, rely upon representations, reports, expert opinions and *advice of others* in affixing their signatures to, and authorizing the public filings made in connection with the Securitizations.   They believed that those individuals upon whose representations, reports, expert opinions and advice they relied were, in fact, expert in their field and were competent to render the opinions they had provided…"

[See ECF 379, p. 178 (Emphasis added).]

Given that discovery in this case has shown that the "representation, reports, expert opinions and advice of others" included consultation with counsel, there can be no doubt that Defendants' "involvement of counsel" assertion is a disguised "advice of counsel" defense despite Defendants' representations to the contrary.   Or, as the court succinctly put it in *Henry*, Defendants here have "transformed the defense of good faith into a 'good faith reliance on counsel' defense."  263 F.R.D. at 470.

In short, the Special Master finds that the Valeant defendants, although reluctant to concede this, by their words and actions have, in fact, intentionally asserted a defense of advice of counsel, meaning they have made "a conscious decision to inject advice of counsel as an issue in the litigation." *Glenmede,* 56 F. 3d at 486.  Certainly, Defendants have had adequate, if not abundant time and opportunity to consider whether they are definitively relying on an advice of counsel defense and Defendants are solely in possession of facts sufficient to determine whether this defense is viable and could or should be employed.  It appears then that Defendants have effectively chosen an advice of counsel defense, but couched in the terms of "involvement of counsel" in an effort to preclude discovery.  This was a tactical decision but one which comes with consequences.

In regard to this, the Special Master finds that Defendants' assertion that this motion – seeking preclusion of this defense – is premature is unfounded.  Defendants by taking this position have prevented Plaintiffs from exploring this defense to test its validity.  As the cases previously cited emphasize, this is a decision which must be made with its attendant consequences, that is, to allow an adversary an adequate opportunity to explore the basis for such a defense.

19

Along these lines, it is fundamentally unfair to Plaintiffs to permit the Valeant defendants to elect the timing of discovery centered on information received from their attorneys, i.e., Defendants insistence that they "reserve the right to (1) develop facts in discovery that may establish the involvement of counsel…and the company's governance and disclosure processes and (2) reliance on such evidence as a factor that can undermine the finding of scienter."  As the court pointed out in *Memory Bowl* and *In Re Buspirone Antitrust Litigation*, to indefinitely defer claiming an advice of counsel defense (which the Special Master finds that Defendants are effectively doing) is prejudicial to Plaintiffs who have been unable to explore the veracity of this assertion.  As it stands now, Defendants seem to be asserting that it is their intention to complete the remaining discovery and motion processes – and indeed go to trial – putting forth a defense that they acted in good faith in part as a result of relying on their attorney's advice, without having to reveal what was said, thus giving a factfinder the impression that Defendants have followed this advice.  But, as Plaintiffs emphasize in their reply, what if the advice was ill-informed or, in fact, *contradictory* to Defendants' actions when making the disclosure?  Such actions would be in bad faith; not good.

Given this, the Special Master orders that within **7 days**, Defendants must unequivocally state whether or not they are relying on advice or "involvement" of counsel either as an affirmative defense or as evidence of good faith.  If so, Defendants must produce all documents and communications of any sort which support an advice of counsel defense or a defense of good faith.  Defendants must also identify witnesses knowledgeable about these communications and present them for depositions.

## VI.    Conclusion.

For the reasons and within the parameters previously set forth, Plaintiffs' motion is

**GRANTED to the extent set forth in this Order & Opinion.**


Date:    November 3, 2021            *Dennis M. Cavanaugh*
                                     DENNIS M. CAVANAUGH
                                     Special Master