**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Civil Action No. 15-7658 (MAS) (LHG)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Report and Recommendation (the "Report") of the Honorable Dennis M. Cavanaugh, U.S.D.J. (ret.) (the "Special Master"), recommending awarding $75,000 in fees to Entwistle & Cappucci LLP ("Entwistle"). (ECF No. 895.) Objector Cathy Lochridge ("Lochridge") objected to the Special Master's Report (ECF No. 908), and Entwistle and Class Counsel separately opposed Lochridge's objection (ECF No. 930, 931). Having considered the Special Master's Report and reviewed the parties' submissions, the Court decides this matter without oral argument under Local Civil Rule 78.1. For the reasons below, the Court adopts the Special Master's Report and awards Entwistle $75,000 in fees and costs.

**I.   BACKGROUND**

This matter concerns whether the Court should award $75,000 in fees to Entwistle for its work on behalf of Timber Hill LLC ("Timber Hill") in the class action. Notably, any fee award to Entwistle comes from a previously allocated award to Lead Counsel and not from the settlement class members.

In support of its request for fees, Entwistle submitted the declaration of Andrew J. Entwistle (the "Entwistle Declaration"), which detailed the thousands of hours Entwistle devoted to this litigation. (*See generally* Entwistle Decl., ECF No. 985.) The Entwistle Declaration

specifies that a group of five attorneys at Entwistle spent over 2000 billable hours in service of Timber Hill, representing a lodestar of over $2.8 million. (Entwistle Decl. Ex. A (Time Report), ECF No. 985-1.) Those hours were not in vain, as Entwistle's work ensured that derivatives investors (like Timber Hill) were included in the class action. (Entwistle Decl. ¶ 3.) The firm's work further included litigating the issue of a cap on derivatives investors' ultimate recovery—an issue ultimately rendered moot when Entwistle "received information that the cap would have no practical impact on the recovery of derivatives investors under the Settlement." (*Id.*)

Entwistle's $75,000 request (less than three percent of its lodestar) spurred class action objector Cathy Lochridge into action. Although she stands to lose nothing from Entwistle's request, Lochridge argues that Entwistle's fees are unreasonable based on some undisclosed collusive agreement between Entwistle and Lead Counsel. (Objector's Resp. to Entwistle's Fees Mot. 1 ("Cass [sic] counsel have attempted to hide a secret deal to buy Timber Hill's appeals in the Third Circuit."), ECF No. 883.) Unsurprisingly, the Special Master found no support for this lawyer-driven collusion and ruled that Entwistle's request was reasonable. (R. & R. 3 ("The Special Master finds that Entwistle & Cappucci LLP devoted substantial time and resources to this litigation and that counsel's advocacy in this case has been substantial and of high quality."), ECF No. 895.)

Lochridge renewed her objection to the Special Master's Report, again arguing that the secret deal precluded an award of fees. The heart of Lochridge's argument is that Class Counsel agreed not to oppose Entwistle's fee award in exchange for Entwistle dropping an appeal before the Third Circuit. (*See* Objector's Br. to R. & R. 1-3, ECF No. 908.) As evidence, Lochridge points to another objection she filed in the Third Circuit requesting that Class Counsel and Entwistle "clarify whether there has been payment or promise of payment or other consideration in

connection with the requested dismissal." (Lochridge's Resp., *TIAA v. Valeant Pharms. Int'l, Inc.*, No. 21-1218 (3d Cir. Oct. 19, 2021), ECF No. 56.) Curiously, Lochridge does not explain how a concern over collusion between Class Counsel and Entwistle morphed into proof of collusion between the pair.[1] In any event, both Timber Hill and Class Counsel opposed Lochridge's objection. (ECF Nos. 930, 931.)[2]

## II.   STANDARD OF REVIEW

The Court reviews reports and recommendations from the Special Master's findings of fact and conclusions of law *de novo*. Fed. R. Civ. P. 53(f)(3)-(4); (Am. Order Appointing Special Master ¶ 11, ECF No. 871.). The Court "may adopt or affirm, modify, wholly or partly reject or reverse, or resubmit to the master with instructions." Fed. R. Civ. P. 53(f)(1); (Am. Order Appointing Special Master ¶ 10.)

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 23, the Court must approve an award of fees and costs in a class action settlement. Fed. R. Civ. P. 23(h). "[A] thorough judicial review of fee applications is required in all class action settlements." *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 333 (3d Cir. 1998) (alteration in original) (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 819 (3d Cir. 1995)). Even under this

---

[1] She attempts to do so by pointing to a cherrypicked statement by Class Counsel in the Third Circuit appeal that "Timber Hill intends to seek approval from the district court for, and lead counsel for Plaintiffs-Appellees has agreed that it will not oppose, a modest fee award." (Class Counsel's Reply to Lochridge's Resp. 2, *TIAA*, No. 21-1218, ECF No. 58.) She ignores the next two sentences: "However, no payment or consideration has been made, nor shall any be made, absent district court approval pursuant to Rule 23(e)(5)(B). Timber Hill's forthcoming request for district court approval does not impact this Court's authority to dismiss the appeal." (*Id.* at 2-3.)

[2] Lochridge also filed a motion for sur-reply. (ECF No. 894.) The Court has considered Lochridge's sur-reply in its decision today; the sur-reply does not change the Court's conclusion that Entwistle's fees are reasonable.

thorough review, "[c]ounsel for a class action is entitled to reimbursement of expenses that were adequately documented and reasonably and appropriately incurred in the prosecution of the class action." *Careccio v. BMW of N. Am. LLC*, No. 08-2619, 2010 WL 1752347, at *4 (D.N.J. Apr. 29, 2010) (quoting *In re Safety Components Int'l Sec. Litig.*, 166 F. Supp. 2d 72, 108 (D.N.J. 2001)).

## IV.   DISCUSSION

The Special Master recommended awarding Entwistle $75,000 in fees and costs out of Lead Counsel's fee award. (R. & R. 3-4.) The Court agrees.

Courts assess fee awards under two approaches: the percentage-of-recovery approach and the lodestar approach. The former awards fees based on a specified percentage of a fund, while the latter multiples the number of hours billed by reasonable billing rates. As a starting point, the Third Circuit "generally favor[s]" the percentage-of-recovery approach in settlement fund cases. *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 330 (3d Cir. 2011) (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)). It instructs courts to next "cross-check the reasonableness of a percentage-of-recovery fee award" through the lodestar approach. *See id.* (quoting *In re AT&T Corp.*, 455 F.3d 160, 164 (3d Cir. 2006)). In addition, the Third Circuit mandates that district courts consider the following, called the *Gunter-Prudential* factors:

> (1) the size of the fund created and the number of beneficiaries, (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel, (3) the skill and efficiency of the attorneys involved, (4) the complexity and duration of the litigation, (5) the risk of nonpayment, (6) the amount of time devoted to the case by plaintiffs' counsel, (7) the awards in similar cases, (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations, (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained, and (10) any innovative terms of settlement.

*In re Diet Drugs*, 582 F.3d 524, 541 (3d Cir. 2009) (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000); *In re Prudential Ins. Co.*, 148 F.3d at 336-40).

Unquestionably, under either approach, Entwistle's fees are reasonable and supported with adequate documentation. The Court has reviewed the Entwistle Declaration and the supporting billing records; it finds nothing unreasonable about awarding fees amounting to less than 3% of the firm's $2.8 million lodestar. The Court further agrees with the Special Master's assessment of the *Gunter-Prudential* factors. Specifically, the Special Master correctly found that the settlement fund substantially benefitted settlement class members, that few objectors objected to the class action settlement, and that this litigation was complex. (R. & R. 4.) Undoubtedly as well, "[t]he skill and efficiency of Entwistle & Cappucci LLP as well as the significant time devoted to this litigation by Entwistle & Cappucci LLP further supports the requested fee." (*Id.*) As stated above, Entwistle helped ensure that derivatives investors had maximal recovery in the class action settlement. Entwistle's fees request is thus eminently reasonable.

## V.   CONCLUSION

The Court adopts the Special Master's Report and approves the $75,000 award of fees to Entwistle. It rejects Lochridge's objections as unfounded. An order consistent with this Memorandum Opinion will follow.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE