

Lawrence Rolnick
Partner

1251 Avenue of the Americas
New York, NY 10020
212.597.2838
lrolnick@rksllp.com

November 14, 2022

**VIA ECF**

Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.)
Special Master
McElroy, Deutsch, Mulvaney & Carpenter LLP
1300 Mount Kemble Ave
Morristown, NJ 07962

> Re:   *In re Valeant Pharms. Int'l, Inc. Sec. Litig.,* **Master No. 15-cv-7658-MAS-LHG**
>         **Securities Direct Actions**

Dear Judge Cavanaugh:

We write on behalf of the Direct Action Plaintiffs[1] in response to Defendants Valeant Pharmaceuticals International, Inc. and J. Michael Pearson's November 10, 2022 letter seeking to strike the Direct Action Plaintiffs' Reply Statement of Undisputed Facts (the "56.1 Reply"). (ECF No. 1062-1.)

While Local Civil Rule 56.1 imposes some mandatory response requirements, there is nothing in the rule that *prohibits* a moving party from replying to an adversary's responses to a statement of undisputed material facts. Indeed, in amending the rule in 2008, the Court made clear that replies are permitted:

> The Court prefers, but does not require, that the movant incorporate the movant's statement, the opponent's statement, ***and the movant's reply*** into a single combined document, on a paragraph-by-paragraph basis, to be submitted at the time of movant's reply brief. Similarly, the movant should also incorporate the opponent's supplemental statement of disputed material facts, if any, and the movant's response thereto, into a single document, on a paragraph-by-paragraph basis.

L. Civ. R. 56.1, Comment 2(c) (2017) (quoting 2008 amendments) (emphasis added). That is precisely what the Direct Action Plaintiffs did here.

Since the underlying purpose of the local rule is to help the court identify which facts are – or are not – genuinely in dispute, a reply can be of assistance to the court and that is why judges in this

---

[1] The Direct Action Plaintiffs are parties to the following cases: 16-cv-07321; 16-cv-07324; 16-cv-07494; 16-cv-07496; 17-cv-06513; 17-cv-07636; 17-cv-12088; 18-cv-00089; 18-cv-00343; 18-cv-00383; 18-cv-00846; 18-cv-00893; 18-cv-01223; 18-cv-08595; 18-cv-08705; 18-cv-15286; 18-cv-17393; 20-cv-02190; 20-cv-05478; 20-cv-07460; and 20-cv-07462.

Hon. Dennis M. Cavanaugh, U.S.D.J. (ret.)            Page 2
November 14, 2022

District routinely consider such replies to aid in their assessment of the issues on summary judgment. *See, e.g.*, *Duardo v. City of Hackensack*, 2022 WL 10487207, at *1 n.1 (D.N.J. Oct. 18, 2022) (Martini, J.); *Conlon v. Rutgers*, 2021 WL 2905744, at *1 n.1 (D.N.J. Mar. 26, 2021) (Martinotti, J.); *Geissler v. Catanio*, 2018 WL 3141832, at *1 n.2 (D.N.J. June 27, 2018) (Simandle, J.); *O'Connell v. N.J. Turnpike Auth.*, 2015 WL 1567477, at *1 n.2 (D.N.J. Apr. 7, 2015) (Salas, J.), *vacated and remanded on other grounds*, 649 F. App'x 280 (3d Cir. 2016).

Here, the Direct Action Plaintiffs believed that Defendants' reply was misleadingly attempting to create an issue of fact where there clearly was none. In many instances where Defendants claimed that a fact was "disputed," they failed to cite any record evidence to contradict the evidence cited by the Direct Action Plaintiffs, which was improper. *See Marsh v. GGB, LLC*, 455 F. Supp. 3d 113, 118 n.2 (D.N.J. 2020) (finding facts undisputed where nonmovant asserted that fact was disputed but did not cite any evidentiary support); *Barker v. Our Lady of Mount Carmel Sch.*, 2016 WL 4571388, at *1 n.1 (D.N.J. Sept. 1, 2016) (same); *see e.g.*, 56.1 Reply ¶¶ 3, 11, 63, 102. Accordingly, the Direct Action Plaintiffs believed it was both necessary and appropriate to reply to Defendants' assertions, which do not change the undisputed fact that Defendants have admitted that their statements concerning Valeant's revenue recognition and internal controls were materially false and misleading, and that the Direct Action Plaintiffs are therefore entitled to partial summary judgment.

We appreciate Your Honor's continued time and attention to these matters.

Respectfully submitted,

Lawrence Rolnick

cc: All Counsel of Record (via ECF)