# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>16-cv-07321 (MAS) (LHG)<br>16-cv-07324 (MAS) (LHG)<br>16-cv-07494 (MAS) (LHG)<br>16-cv-07496 (MAS) (LHG)<br>16-cv-07497 (MAS) (LHG)<br>17-cv-06513 (MAS) (LHG)<br>17-cv-07636 (MAS) (LHG)<br>17-cv-12088 (MAS) (LHG)<br>18-cv-00089 (MAS) (LHG)<br>18-cv-00343 (MAS) (LHG)<br>18-cv-00383 (MAS) (LHG)<br>18-cv-00846 (MAS) (LHG)<br>18-cv-00893 (MAS) (LHG)<br>18-cv-01223 (MAS) (LHG)<br>18-cv-08595 (MAS) (LHG)<br>18-cv-08705 (MAS) (LHG)<br>18-cv-15286 (MAS) (LHG)<br>18-cv-17393 (MAS) (LHG)<br>20-cv-02190 (MAS) (LHG)<br>20-cv-07460 (MAS) (LHG)<br>20-cv-07462 (MAS) (LHG) | Civil Action No. 15-7658<br><br>JUDGE MICHAEL A. SHIPP<br><br>JUDGE RUKHSANAH L. SINGH<br><br>SPECIAL MASTER DENNIS M. CAVANAUGH (RET.)<br><br>FILED UNDER SEAL |

**DEFENDANT J. MICHAEL PEARSON'S OPPOSITION TO THE DIRECT ACTION PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Matthew J. Petrozziello
Bruce E. Yannett (*pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 909-6000
Fax: (212) 909-6836

Jonathan R. Tuttle (*pro hac vice*)
Debevoise & Plimpton LLP
801 Pennsylvania Avenue, NW
Washington, D.C. 20004
Telephone: (202) 383-8000
Fax: (202) 383-8118

*Attorneys for J. Michael Pearson*

**TABLE OF CONTENTS**

                                                                                                                          **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT ......................................................................................................................... 3

I.      PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO THE FALSITY OF VALEANT'S 2014 AND 2015 FINANCIAL REPORTS AND PEARSON'S ACCOMPANYING CERTIFICATIONS .......................................... 3

      A.    Valeant's 2014 and 2015 Financial Reports ............................................. 4

      B.    Pearson's SOX Certifications ................................................................... 6

CONCLUSION ...................................................................................................................... 7

## **TABLE OF AUTHORITIES**

**Cases**

*C.D.T.S. No. 1 & A.T.U. Local 1321 Pension Plan v. UBS AG*, 2013 WL 6576031
    (S.D.N.Y. Dec. 13, 2013) ................................................................................................4

*In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314 (3d Cir. 2002) ............................................................4

*In re Sanofi Sec. Litig.*, 155 F. Supp. 3d 386 (S.D.N.Y. 2016) ........................................................6

Defendant J. Michael Pearson ("Pearson") respectfully submits this Memorandum of Law in Opposition to the Direct Action Plaintiffs' ("Plaintiffs") Motion for Partial Summary Judgment.

## PRELIMINARY STATEMENT

Pearson adopts in full and incorporates by reference the facts and arguments set forth in Defendants' Memorandum of Law in Opposition to the Direct Action Plaintiffs' Motion for Partial Summary Judgment ("Defendants' Opposition"), which was submitted by Valeant Pharmaceuticals International, Inc. ("Valeant" or the "Company"). Pearson submits this supplemental opposition to raise issues that specifically bear on his personal knowledge regarding the alleged misstatements at issue.

Plaintiffs seek summary judgment with respect to, among other issues, the alleged falsity of certain statements made by Pearson in connection with Valeant's 2014 and 2015 financial reports, which he signed, as well as his accompanying certifications the Sarbanes-Oxley Act of 2002 ("SOX"). In support of their motion, Plaintiffs rely solely on Valeant's 2016 restatement to contend that Pearson "admitted" these statements were false. However, as explained in Valeant's Opposition, to prevail on this motion, Plaintiffs would need to establish as a matter of undisputed fact that Pearson knew the statements at issue were false when he made them. Plaintiffs do not come close to meeting this threshold burden. Their post hoc evidence entirely fails to establish such contemporaneous knowledge, much less demonstrate the absence of disputed material facts. To the contrary, the record shows that Pearson made the statements at issue in reasonable reliance on the Company's robust disclosure framework and, in particular, after multiple discussions with internal and external accounting, finance, investor relations, and disclosure experts, including the Company's external auditors, PricewaterhouseCoopers LLP ("PwC"), and the Company's board of directors and Audit and Risk Committee ("ARC"). This

1

evidence alone establishes a material factual dispute as to the falsity of the statements at issue. Accordingly, Plaintiffs' motion for partial summary judgment should be denied.

## FACTUAL BACKGROUND

Pearson was Valeant's Chief Executive Officer ("CEO"). He is not an accountant. SDF ¶ 1. During his tenure as CEO, Pearson reasonably believed, based on his discussions with, and assurances from, Valeant's internal and external accounting, finance, investor relations, and disclosure experts that the Company's financial reporting and public disclosures were appropriate, accurate, and complete. SDF ¶ 5. Valeant's board of directors, the ARC, and PwC were central to this process. SDF ¶ 2. Each quarter, Valeant's financial statements and related disclosures were drafted, reviewed, discussed, and approved by accounting, finance, business unit, compliance, investor relations, and other Valeant personnel. SDF ¶ 3. Various drafts of the financial statements were also shared with the ARC and PwC throughout each quarter for their review and discussion prior to filing, including with respect to relevant accounting and disclosure issues. SDF ¶ 4. None of these internal or external professionals or directors informed Pearson that the financial statements, disclosures, and certifications at issue here could not, or should not, be filed, or that they were inaccurate or incomplete in any way.

During the relevant time period, Pearson met with PwC's engagement partner, Jon Hirschfeld, nearly every quarter to ensure that PwC was comfortable with Valeant's filings prior to submission. SDF ¶ 6. PwC performed an integrated audit of Valeant's consolidated financial statements for the year ended December 31, 2014 and issued an unqualified opinion, opining that Valeant's financial statements presented fairly, in all material respects, the Company's financial position, in conformity with generally accepted accounting principles. SDF ¶ 10. PwC also opined that Valeant had maintained, in all material respects, effective internal control over financial reporting as of December 31, 2014. *Id.* PwC's opinion was included in Valeant's 2014

Form 10-K, which Pearson signed and certified when it was filed on February 25, 2015. SDF ¶¶ 10, 11, 12 .

On April 29, 2016, Valeant filed its 2015 Form 10-K, which adjusted the timing of recognition of approximately $58 million in revenue that the Company had recognized from certain transactions with a specialty pharmacy, Philidor Rx Services ("Philidor") in the months leading up to its acquisition of an option to purchase Philidor (the "Restatement"). SDF ¶ 18. Valeant concluded that it had incorrectly recognized $12.9 million of revenue in the third quarter of 2014 and $44.6 million of revenue in the fourth quarter of 2014, and that it should have instead recognized this revenue in the first quarter of 2015 when Philidor delivered the underlying products to customers. SDF ¶ 19. As a result, Valeant revised the amount of revenue recognized in the third quarter of 2014 and restated its financial statements for the periods ending December 31, 2014, March 31, 2015, June 30, 2015 and September 30, 2015 to properly reflect the timing of this revenue recognition. *Id*. The Restatement also concluded that Valeant had not maintained effective disclosures controls and procedures internal control over financial reporting as of such dates. SDF ¶ 20. Pearson signed and certified the Restatement when it was filed in April 2016 after an ad hoc committee of the Company's board of directors completed an investigation into Valeant's relationship with Philidor. SDF ¶¶ 21, 22.

## ARGUMENT

**I.     PLAINTIFFS ARE NOT ENTITLED TO SUMMARY JUDGMENT AS TO THE FALSITY OF VALEANT'S 2014 AND 2015 FINANCIAL REPORTS AND PEARSON'S ACCOMPANYING CERTIFICATIONS**

Plaintiffs' contend that they are entitled to summary judgment as to the falsity of Valeant's 2014 and 2015 financial reports and Pearson's accompanying SOX certifications because the Restatement acknowledged that such statements were incorrect. However, the Restatement alone does not demonstrate the absence of a genuine issue of material fact with

3

respect to the falsity of the statements at issue. As explained in Valeant's Opposition, "[t]o be actionable, a statement or omission must have been misleading at the time it was made; liability cannot be imposed on the basis of subsequent events." *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1330 (3d Cir. 2002). "Falsity is a failure to be truthful—it is not a misapprehension, misunderstanding, or mistake of fact at the time a statement was made." *C.D.T.S. No. 1 & A.T.U. Local 1321 Pension Plan v. UBS AG*, 2013 WL 6576031, at *3 (S.D.N.Y. Dec. 13, 2013) (quotation omitted). The record is clear that Pearson reasonably believed Valeant's financial reports and his accompanying SOX certifications were true at the time they were issued. Accordingly, significant factual disputes exist that preclude summary judgment as to the falsity of these statements.

### A. Valeant's 2014 and 2015 Financial Reports

Plaintiffs offer no evidence, let alone undisputed evidence, that Pearson was aware prior to the Restatement that Valeant had not properly accounted for revenues from Philidor or that the Company's internal controls were ineffective. For example, they offer no evidence that anyone advised Pearson that Valeant needed to account for Philidor differently, or that the Company's internal controls were deficient, because such evidence does not exist. Instead, Plaintiffs rely solely on the Restatement, which they characterize as an "admission" of falsity, and completely ignore the quantum of evidence demonstrating that Pearson reasonably believed Valeant's financial reports were accurate at the time they were filed. Pl. Br. at 11-12. This evidence demonstrates multiple genuine issues of material fact as to the falsity of the statements at issue that should be reserved for trial.

Pearson was not an accountant and was therefore not involved with the Company's detailed accounting decisions. Instead, as the CEO of a multinational corporation, he reasonably relied on others to ensure that Valeant's accounting determinations were appropriate before he

4

signed the Company's financial statements. *See* SDF ¶¶ 1, 5, 6, 7, 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. With respect to Valeant's accounting for revenue from Philidor in particular, Pearson testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Instead, recognizing his relative lack of expertise, Pearson relied on accounting professionals, such as PwC and members of Valeant's finance department and ARC, to ensure that Valeant's accounting was proper. *See* SDF ¶ 8 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Pearson understood at the time the original financial statements were filed that there was consensus amongst Valeant's internal and external accounting experts, including PwC, that Valeant's accounting for Philidor was appropriate. In particular, he testified at his deposition that, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Indeed, on October 26, 2015, approximately six months prior to the Restatement, Valeant's lead independent director explained in a joint statement with Pearson that "[t]he audit and risk committee of the board and the full board have reviewed the company's accounting for the Philidor relationship and have confirmed the appropriateness of the company's revenue

5

recognition and accounting treatment." SDF ¶ 16.  Pearson testified that  Factual disputes clearly preclude summary judgment as to the falsity of these financial reports.

      **B.**    **Pearson's SOX Certifications**

Plaintiffs also fail to present evidence, much less undisputed evidence, to demonstrate that Pearson knew his SOX certifications were false when made.  When asked about the certifications in his deposition, Pearson clearly testified that, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiffs ignore not only this evidence, but also the critical fact that, as explained in Valeant's Opposition, Pearson's SOX certifications by their own terms were clearly qualified by his personal knowledge. *See, e.g.,* SDF ¶ 13 ("***Based on my knowledge***, the financial statements, and other financial information included in this report, fairly present in all material respects the financial condition, results of operations and cash flows of the Company as of, and for, the periods presented in this report.") (emphasis added).  This qualification alone should preclude summary judgment for Plaintiffs given that they have not presented any contemporaneous evidence of Pearson's knowledge. *See In re Sanofi Sec. Litig.*, 155 F. Supp. 3d 386, 402 (S.D.N.Y. 2016) (where certification was qualified by the phrase "[b]ased on my knowledge," "the falsity of the statement is entirely dependent on what [the executive] knew, not on what was objectively true at the time of the statement").  Again, Plaintiffs' sole reliance on the fact of the Restatement is insufficient to meet their threshold

6

burden here. The record clearly presents disputed factual issues regarding Pearson's certifications that should be resolved by the jury at trial.

## **CONCLUSION**

For the foregoing reasons, as well as those set forth in Defendants' Memorandum of Law in Opposition to the Direct Action Plaintiffs' Motion For Partial Summary Judgment, the Direct Action Plaintiffs' motion for partial summary judgment should be denied.

| | |
|---|---|
| DATED: September 28, 2022 | **DEBEVOISE & PLIMPTON LLP** |
| | /s/ Matthew J. Petrozziello |
| | Matthew J. Petrozziello |
| | Bruce E. Yannett (*pro hac vice*) |
| | 919 Third Avenue |
| | New York, NY 10022 |
| | Telephone: (212) 909-6000 |
| | Fax: (212) 909-6836 |
| | |
| | Jonathan R. Tuttle (*pro hac vice)* |
| | 801 Pennsylvania Avenue, NW |
| | Washington, D.C. 20004 |
| | Telephone: (202) 383-8000 |
| | Fax: (202) 383-8118 |
| | |
| | *Attorneys for J. Michael Pearson* |