# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Case No.: 3:15-CV-07658-MAS-LHG<br><br>**ORDER & OPINION<br>OF THE SPECIAL MASTER** |

This matter comes to the Special Master by way of a January 18, 2023 correspondence from defendant PricewaterhouseCoopers ("PwC") requesting that the November 30, 2022 Report and Recommendation (ECF 1077) be sealed or withdrawn from the docket to allow PwC to propose redactions in accordance with the Stipulation and Confidentiality Order. By correspondence dated January 19, 2023, Lead Plaintiff objected to PwC's request. After considering the submissions of the parties, based upon the following, PwC's request is DENIED.

PWC points out that the parties filed their respective briefs under seal in accordance with the Confidentiality Order because the briefs contained confidential maters. PwC argues that the Report & Recommendation likewise contains confidential material protected from disclosure by the Confidentiality Order.

Lead Plaintiff argues that the Report & Recommendation was publicly filed in November and could not have just "come to [PwC's] attention." Lead Plaintiff argues that PwC's inaction constitutes waiver. *See generally LaSalle Bank Nat. Ass'n v. Merrill Lynch Mortg. Lending, Inc.*, 2007 WL 2324292, at *3 (S.D.N.Y. Aug. 13, 2007) (finding privilege waiver where party "waited one full month after learning of disclosure to retrieve the document"); Local Civ. R. 5.3(c)(1)-(2) (requiring that "[a]ny request by a party . . . [to] restrict public access to, any materials or judicial proceedings" shall be filed "within 14 days following the filing of the

pleading or letter to the Court sought to be sealed, or within 14 days following ECF notice of availability of the transcript of a court proceeding sought to be sealed").

Second, Lead Plaintiff argues that the information relating to PwC's eight-year-old audit is stale and does not meet the high standard for filing a judicial opinion under seal. *See, e.g., Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 663-664 (3d Cir. 1991) (denying motion to stay unsealing of material and holding that company's potential embarrassment, and purported harm based on outdated affidavits, failed to "outweigh the strong public interest in understanding why [the company] sought summary judgment and why the district court denied it"); *Net2Phone, Inc. v. Ebay, Inc.*, 2008 WL 8183817, at *23 (D.N.J. June 26, 2008); (denying motion to seal where the purportedly confidential information "relate[d] to matters that occurred several years ago"); *Zavala v. Wal-Mart Corp.*, 2007 WL 2688934, at *9-*10 (D.N.J. Sept. 12, 2007) (holding that documents relating to "'historical pricing structure'" and "'past contractual relationships'" were subject to public access because these "materials date back to more than three years ago, supporting the[ir] stale nature").

Third, Lead Plaintiff argues that PwC is far too late. The Report & Recommendation is publicly filed and has been published on both Westlaw and LexisNexis. *See In re Valeant Pharms. Int'l, Inc. Sec.* 2022 WL 17480933 (D.N.J. Nov. 30, 2022); *In re Valeant Pharms. Int'l, Inc. Sec. Litig.*, 2022 U.S. Dist. LEXIS 218031 (D.N.J. Nov. 30, 2022). Lead Plaintiff points out that the media also has posted the Report & Recommendation online. Thus, "the Court does not 'have the power, even were [it] of mind to use it, to make what has thus become public private again.'" *Janssen Prods., L.P. v. Lupin Ltd.*, 2014 WL 956086, at *3 (D.N.J. March 12, 2014) (citation omitted) (reversing magistrate judge's order sealing portions of public court opinion

2

because the opinion had been published, including in Westlaw and LexisNexis, and "[i]t is well established that once confidential information has been published, it is no longer confidential"); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 94 F.3d 110, 111 (3d Cir. 1996) (dismissing appeal seeking to stay public disclosure as moot because information had already been publicly disclosed, and "that disclosure cannot now be undone").

It is the opinion of the Special Master that PwC's request has come too late for the Court to provide any meaningful relief. The cat has been let out of the bag. The Report & Recommendation was publicly filed on the docket over sixty days ago and is publicly available on Westlaw and Lexis. The information PwC seeks to protect in the Report & Recommendation has been made publicly available and "the Court does not 'have the power, even were [it] of the mind to use it, to make what has thus become public private again.'" *Janssen Prod., L.P.*, 2014 WL 956086, at *3 (quoting *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004)). The Court does not have the power to put the genie back in the bottle, and as a result, portions of the Report & Recommendation cannot now be redacted and sealed after they were made publicly available. PwC's request that the November 30, 2022 Report and Recommendation (ECF 1077) be sealed or withdrawn from the docket to allow PwC to propose redactions in accordance with the Stipulation and Confidentiality Order is therefore DENIED.

Date:   January 31, 2023                    __/s/ Dennis Cavanaugh_____
                                            DENNIS M. CAVANAUGH
                                            Special Master

3