**RKS**
ROLNICK KRAMER SADIGHI

Lawrence Rolnick
Partner

1251 Avenue of the Americas
New York, NY 10020
212.597.2838
lrolnick@rksllp.com

July 10, 2024

**VIA ECF**

Hon. Rukhsanah L. Singh, U.S.M.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:   *In re Valeant Pharms. Int'l, Inc. Sec. Litig.,* **Master No. 15-cv-7658-MAS-RLS**

Dear Judge Singh:

We represent the Plaintiffs in the above-referenced action and write in response to Defendants' July 10, 2024 letter (ECF No. 1437), which seeks the Court's "guidance" about whether they should seek leave to file a motion *in limine* on the issue of Plaintiffs' trade data. Despite knowing that there was a dispute between the parties on this issue, Defendants did not include this motion as one of their "Contemplated Motions" *in limine* in the Final Pretrial Order. (*See* ECF No. 1426 at 5-9.) This is so even after Plaintiffs raised the parties' dispute over the authenticity of their trade data with the Court at the final pretrial conference on June 12, 2024. At that time, counsel for Plaintiffs requested, and the Court permitted, Plaintiffs to "call a witness to authenticate the document identified as Exhibit B hereto, if the parties are unable to resolve the authentication objection in advance of trial." (*Id.* at 40.) Defendants did not object to that, nor did they request permission to include a motion *in limine* on the issue in the Final Pretrial Order. This Court made it abundantly clear that both parties are bound by the Final Pretrial Order, and Defendants' eleventh-hour request "for guidance" on an issue it has known about for years should be rejected.[1]

Even if Defendants had filed the requisite motion to amend the Final Pretrial Order – and they did not – the untimeliness of Defendants' request dooms the relief they seek. Judge Shipp has ordered that all "*in limine* motions ***must be fully briefed*** no later than July 19, 2024." (ECF No. 1400 at 1 n.2 (emphasis in original).) Under Judge Shipp's April 22, 2024 Order, moving briefs are due this Friday, July 12, 2024, and oppositions to those briefs must be filed by no later than July 19, 2024. (*Id.* at 1.) Judge Shipp intentionally set this deadline – and could not have been clearer in doing so – in light of the impending September 3, 2024 trial date. It would be impossible for Defendants to move for leave, have that motion briefed and decided, and – if granted – have the new motion *in limine* fully briefed by July 19, 2024. Accordingly, it is hard to fathom what

---

[1] Plaintiffs produced the trade data to Defendants more than four years ago. As is detailed in Plaintiffs' June 20, 2024 email to Defendants (ECF No. 1437-2 (Ex. B. to Defs. Ltr.) at 5-7), Defendants have never before objected to its authenticity because, among other things, they authenticated it in deposition and also submitted it to the Court as undisputed evidence.

Hon. Rukhsanah L. Singh, U.S.M.J.　　　　　　　　　　　　　　　　　　　　　　　　　Page 2
July 10, 2024

"guidance" the Court could provide to Defendants – other than to comply with the Court's deadlines and Orders – given the belated timing of their request.

Even if the Court were to be generous and treat Defendants' letter as an eleventh-hour motion for leave to amend the Final Pretrial Order – which is essentially what they are seeking – they have not met the exacting requirements for doing so. The Final Pretrial Order is clear that "AMENDMENTS TO THIS PRETRIAL ORDER WILL NOT BE PERMITTED UNLESS THE COURT DETERMINES THAT MANIFEST INJUSTICE WOULD RESULT IF THE AMENDMENT IS DISALLOWED." (ECF No. 1426 at 80.) Defendants have not demonstrated the required "manifest injustice" that would result if their request to brief an additional undisclosed motion *in limine* is denied. Nor could Defendants make such a showing, given that they have been in possession of Plaintiffs' trade data for more than four years and never once challenged its authenticity before the parties began negotiating the Final Pretrial Order. To the contrary, the issue was raised by Plaintiffs, and in the Final Pretrial Order it was agreed that the parties would either resolve the authentication issue in advance of trial or Plaintiffs could call a witness to do so.

We appreciate Your Honor's continued attention to these matters.

Respectfully submitted,

Lawrence M. Rolnick