<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION | Civil Action No. 15-7658 (MAS) (RLS)<br><br>**MEMORANDUM ORDER** |

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court upon Plaintiffs Grantham, Mayo, Van Otterloo & Co. LLC[1] and affiliates (collectively "GMO" or "Plaintiffs") and Defendants Valeant Pharmaceuticals International, Inc. (n/k/a Bausch Health Companies Inc.) ("Valeant"), J. Michael Pearson ("Pearson"), and Howard B. Schiller's ("Schiller") (collectively "Defendants") submissions (ECF Nos. 1502-05) responsive to the Court's April 22, 2024 Scheduling Order (the "Order") (ECF No. 1400). After a review of the parties' submissions, the parties are instructed to meet and confer regarding their jointly-submitted jury instructions and verdict sheets.

      To be clear, on August 19, 2024, the parties submitted for the Court's consideration: (1) a 152-page document containing their proposed jury instructions and disputes regarding those instructions; and (2) two separate, and categorically divergent, proposed verdict forms. (ECF Nos. 1502-1, 1504, 1505-3.) While the Court appreciates that the parties are tasked with distilling a voluminous case to its core elements to prepare for trial, such difficult task is no excuse to submit unworkable materials like those they submitted to the Court. Moreover, various "reservations" in

---

[1] Plaintiffs consist of GMO and several affiliates including GMO Trust, several individual series of GMO Trust, and several GMO-related investment companies, funds, sub-funds, mutual funds, investment portfolios, investment schemes, and limited partnerships. *See* Civ. No. 18-89 (the "GMO Docket"), Compl. ¶¶ 18-37, ECF No. 1.

the parties' proposed trial schedule are cause for concern. (Joint Proposed Trial Schedule, ECF No. 1505-1.) As such, the Court has no choice but to: (1) require the parties to submit revised joint-proposed jury instructions; (2) require the parties to submit a single joint-proposed verdict form; and (3) require the parties to commit to certain decisions for trial.

First, the Order instructed that counsel submit actual numbered jury instructions and that counsel cannot rely on form instructions. (Order ¶ 10, ¶ 10 n.6.) The reason for this language in the Court's order is two-fold: (1) to simplify the instructions for the jury; and (2) to render the document navigable for the Court. While the parties, in a technical sense, numbered 31 jury instructions in their 152-page document, the parties did not meaningfully break up the document to achieve the goals of simplification and navigability. (*See generally* Proposed Jury Instructions, ECF No. 1504.) As such, a revision of the jury instructions form is in order.[2]

Of greater concern, however, is that much of the document is simply a recitation of the parties' unresolved disputes. Upon review of these disputes, the Court finds that the parties are more than capable of resolving a majority of the disputes outlined in the jury instructions. (*See, e.g.*, *id.* at 11-20 (detailing a resolvable dispute related to "proposed opening instruction No. 8" where the parties largely agree on language but disagree as to the inclusion of certain additional, and largely inconsequential, language).) Accordingly, the Court instructs the parties to meet and confer to resolve the majority of the outstanding disputes in their jury instructions.[3]

---

[2] To assist the parties to this end, the Court will provide a preferred form for its jury instructions. The parties must comply with this format in resubmitting their joint-proposed jury instructions.

[3] The Court also cautions that should the parties be unable to resolve certain disputes, they should rely on Third Circuit case law in presenting their positions regarding those disputes to the Court. (*See* Proposed Jury Instructions 26-28 (providing an example where both parties outline their dispute but rely exclusively on Ninth Circuit case law in stating their positions); *see also* Order ¶ 10 ("Failure to cite relevant authority may result in the Court's adoption of the opposing party's proposed instruction.").)

Second, the parties' disagreement as to the proposed verdict sheet is not ripe for this Court's consideration. Plaintiffs represent that hours prior to the Order's deadline to submit a joint-proposed verdict sheet, Defendants "sent Plaintiffs a revised proposed verdict form that [was] materially different from the one" Defendants "indicated they planned to submit to the Court." (Pls.' Correspondence, ECF No. 1505.) As such, Plaintiffs state they have not had "a meaningful opportunity to review and analyze Defendants' new proposed verdict form." (*Id.*) Based on Plaintiffs' representations and a preliminary review of Defendants' verdict form, the Court is confident the parties can find a compromise on a proposed verdict sheet. The parties must meet and confer, in good faith, and submit a single joint-proposed verdict sheet.

Third, and finally, the Court briefly notes the parties' "reservations" for trial mentioned in their joint proposed schedule. (*See, e.g.*, Joint Proposed Schedule 3-4 n.3, 5 n.4 (demonstrating that both Plaintiffs and Defendants attempt to "expressly reserve" a right to call a slew of witnesses in response to certain evidence that may be admitted at trial). There will be no non-evidentiary reservations. This is a civil trial, and as such, the parties are expected to commit to their positions. Accordingly, the Court instructs the parties to commit to fixed positions as to any non-evidentiary reservations they may have made in submissions to this Court, including in their joint proposed schedule.

For the reasons outlined above,

**IT IS** on this 21st day of August 2024, **ORDERED** as follows:

1. The parties must meet and confer and submit a joint proposed verdict sheet[4] no later than **August 23, 2024 at 5:00 PM.**

---

[4] Counsel shall electronically file the document. In addition, counsel shall submit a Word version directly to: Chambers_of_Judge_Michael_Shipp@njd.uscourts.gov.

3

2. The parties must meet and confer and submit revised joint-proposed jury instructions[5] no later than **August 26, 2024 at 5:00 PM.**

3. The parties may make no reservations for trial. On any non-evidentiary issue reserved on by the parties, the party must submit correspondence to the Court no later than **August 26, 2024 at 5:00 PM** committing to a position and informing the Court of the same.

                                                                           *[signature]*
                                                                           **MICHAEL A. SHIPP**
                                                                           **UNITED STATES DISTRICT JUDGE**

---

[5] Counsel shall electronically file the document. In addition, counsel shall submit a Word version directly to: Chambers_of_Judge_Michael_Shipp@njd.uscourts.gov.