## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re VALEANT PHARMACEUTICALS INTERNATIONAL, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>SECURITIES CLASS ACTION | Master No. 15-cv-7658 (MAS) (RLS) |

### MEMORANDUM OPINION AND ORDER
### ON MOTION TO STAY

**PRESENTLY** before the Court is the Motion by Defendant PricewaterhouseCoopers LLP ("PwC") to Stay Enforcement of the Special Master's April 21, 2026 Order & Opinion Denying Defendants' Consolidated Motion to Seal (Doc. No. 1750) (the "April 21 Order"), pending the undersigned's review of PwC's objections (the "Motion to Stay"). (Doc. No. 1753). Lead Plaintiff City of Tucson, together with and on behalf of the Tucson Supplemental Retirement System, (collectively, "Plaintiff") oppose the Motion. (Doc. No. 1757). The Court has fully considered the parties' written submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, the Court **GRANTS** PwC's Motion to Stay.

1

## I.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The parties are familiar with the background and procedural history of this matter, and the Court does not recite it at length herein.  PwC has moved for summary judgment, which Plaintiff opposes.  (*See* Doc. Nos. 1712-1715, 1720-1726, 1729-1732).  PwC moved to seal the submissions related to its motion for summary judgment (the "Motion to Seal"), to which Plaintiff opposed.  (*See* Doc. No. 1739).  On April 21, 2026, Special Master Dennis M. Cavanaugh, U.S.D.J., ret., entered an Order and Opinion (the "April 21, 2026 Order") that denied PwC's Motion to Seal.  (Doc. No. 1750).

On May 5, 2026, PwC filed the instant Motion to Stay enforcement of the April 21, 2026 Order, together with a supporting declaration from outside counsel.  (Doc. Nos. 1753 and 1753-1).  PwC thereafter filed timely objections to the April 21, 2026 Order as to 20 of the 328 exhibits originally at issue.[1]  (Doc. No. 1756).  Plaintiff filed its opposition to the Motion to Stay on May 18, 2026, contending that PwC has not shown that a stay is warranted.  (Doc. No. 1757).

---

[1]  PwC's Objections to the April 21, 2026 Order are pending before the undersigned pursuant to the Amended Order Appointing Special Master.  (*See* Doc. No. 871 at ¶ 9).

## II.    APPLICABLE LEGAL STANDARD

"A stay does not make time stand still, but does hold a ruling in abeyance to allow an appellate court the time necessary to review it." *Nken v. Holder*, 556 U.S. 418, 421 (2009).  The Court exercises discretion in determining whether to stay an order pending appeal based on the facts and circumstances presented, and the movant bears the burden of showing a stay is appropriate.  *Id.* at 433-34.  A court exercises that discretion by considering four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"  *Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The first two factors "are the most critical."  *Id.*  To meet the first factor, "a sufficient degree of success for a strong showing exists if there is 'a reasonable chance, or probability, of winning.'"  *In re Revel AC, Inc.*, 802 F.3d 558, 568-69 (3d Cir. 2015) (quoting *Singer Mgmt. Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) (*en banc*)).  As to the second factor, "the applicant must 'demonstrate that irreparable injury is *likely* [not merely possible] in the absence of a stay.'"  *Id.* at 569 (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (internal editing marks omitted)).  If these factors are met, then the Court balances the equities and public interests.  *Id.* (citing *Nken*, 556 U.S. at 435).

Nevertheless, in the context of an order denying a motion to seal, the Clerk of the Court shall unseal the material "following the 14-day period set forth in Local Civil Rule 72.1(c)(1)(C), **unless a notice of appeal is timely filed**."  L. Civ. R. 5.3(c)(8) (emphasis supplied).

## III.    DISCUSSION

Local Civil Rule 5.3(c)(8) precludes the Clerk of the Court from unsealing material following an order denying a motion to seal if a timely appeal has been filed. Here, PwC has filed timely objections to the April 21, 2026 Order.  As such, it would appear the Local Civil Rules provide PwC with the relief requested without the need for a Court order staying enforcement of the April 21, 2026 Order.  Nevertheless, the Local Civil Rule does not explicitly provide that the materials will remain sealed pending the resolution of any appeal.  Accordingly, the Court considers the factors relevant to granting a stay of an order pending its appeal.

First, as to likelihood of success on the merits, PwC must show that it has "a reasonable chance, or probability, of winning" in showing that the Special Master abused his discretion. *In re Revel*, 802 F.3d at 568-69.  In its objections to the April 21, 2026 Order, PwC challenges only 20 exhibits that it identifies as containing sensitive audit methodologies, internal billing rate data, and auditor performance review materials from the relevant period.  (*See* Doc. No. 1756).  Notably, the Special Master denied sealing in part because PwC did not submit a declaration from a knowledgeable

company employee detailing concrete harm from disclosure of this type of material. (*See* Doc. No. 1750 at pp. 15-16).

Plaintiff argues that PwC has waived the likelihood-of-success argument because it does not argue that in its moving submission. It further contends that PwC has engaged in bad faith by withdrawing from consideration 308 exhibits from its objections to the April 21, 2026 Order. Considering the context, the Court declines to find any bad faith on the part of PwC on this Motion to Stay. However, because PwC does not set forth any arguments as to its likelihood of success on its objections, the Court declines to find that this factor weighs in favor of or against the granting of a stay.

### B. IRREPARABLE HARM

Nevertheless, the irreparable harm factor weighs in favor of granting a stay, permitting the challenged documents to remain under seal. Indeed, public disclosure is irreversible. Once the 20 contested exhibits are filed on the public docket, no subsequent ruling by this Court or the District Court can restore confidentiality. This is not speculative harm; it is the certainty of permanent, unrecoverable disclosure. Indeed, for that very reason, the Local Civil Rules preclude the Clerk of the Court from unsealing material subject to a timely appeal of an order denying a motion to seal. *See* L. Civ. R. 5.3(c)(8).

Although, as Plaintiff points out, PwC proffers a declaration from outside counsel rather than a PwC employee, PwC need only show on a motion to stay that there is a likelihood of irreparable harm. The standard for a stay is distinct from the

standard required to seal materials from the public docket. The question at this stage is not whether PwC has established business harm to the degree required to obtain sealing, but whether the Court should preserve the appellate record by avoiding an irreversible act—public filing—before the objection process concludes. The inherent irreversibility of disclosure is sufficient to establish irreparable harm for purposes of granting a stay of an order denying a motion to seal. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991) ("Arguably, when the claim concerns unsealing of material that merits permanent shielding from public view, the mere disclosure of it pending appeal could cause irreparable injury."); *Berardino v. Prestige Mgmt. Servs., Inc.*, No. 14-cv-3451, 2018 WL 3159862, at *1 (D.N.J. Jan. 17, 2018) (finding a denial of a stay "would essentially moot the pending appeal"). As such, this factor weighs in favor of a stay.

### C.    BALANCING OF THE EQUITIES

The balance of equities also favors a stay. PwC faces the permanent loss of confidentiality over materials it designated as sensitive under the operative protective orders if the stay is denied and its objection is later sustained. Plaintiff, who has access to these materials in its capacity as a party to this litigation, faces only a brief delay in their public posting. That asymmetry—permanent loss on one side versus a temporary delay on the other—favors a stay.

The Court recognizes Plaintiff's contention that PwC has engaged in a pattern of objections that has increased litigation costs and caused delay. (Doc. No. 1757 at

6

pp. 5-6). Such dilatory practice is indeed not appropriate. However, on this particular application, the Court declines to find that PwC has engaged in bad faith to delay proceeding on the summary judgment motion or the appeal of the April 21, 2026 Order. Indeed, PwC has narrowed its appeal to 20 exhibits. The appeal is now pending before the undersigned, who is prepared to address it once fully briefed. Any "delay" would be modest. Accordingly, the balance of equities weighs in favor of granting a stay.

### D.    THE PUBLIC INTEREST

The public maintains an interest in access to judicial records, particularly involving a public auditor's actions relating to securities fraud allegations. However, the conduct challenged in this action occurred more than a decade ago, making the public's interest not as significant. Moreover, a stay of limited duration pending adjudication of PwC's objections is not inconsistent with the public's interest in ultimate access to judicial records; it simply defers that access briefly to permit orderly review. Accordingly, this factor does not weigh against entry of a stay.

### IV.    CONCLUSION

For the foregoing reasons, PwC has shown that a stay of the April 21, 2026 Order pending adjudication of its objections is warranted on these facts. Accordingly, for good cause shown,

**IT IS** on this **26th** day of **May 2026** hereby

7

**ORDERED** that PwC's Motion to Stay Enforcement of the April 21, 2026 Order & Opinion Denying Defendants' Consolidated Motion to Seal (Doc. No. 1753) is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall maintain the challenged documents subject to the April 21, 2026 Order under seal pending the Court's resolution of PwC's objections set forth in Docket Entry Number 1756; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Number 1753.

**SO ORDERED**.

_R. Singh_

**RUKHSANAH L. SINGH**
**United States Magistrate Judge**

8